## IN THE UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| IN RE:<br><br>**TERI G. GALARDI,**<br><br>Debtor. | **CHAPTER 11**<br><br>**CASE NO. 22-50035-JPS** |

**APPLICATION OF THE COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF JONES & WALDEN LLC AS THE COMMITTEE'S COUNSEL**

The Committee of Unsecured Creditors (the "**Committee**"), by and through the undersigned, hereby submits this application for an order approving and authorizing the employment and retention of Jones & Walden LLC (sometimes "**J&W**"), as the Committee's counsel. In support of this application, the Committee relies on the Declaration of Thomas T. McClendon (the "**McClendon Declaration**"), attached hereto as **Exhibit 1**, and respectfully represents as follows.

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief sought herein are §§ 105(a), 328, and 1103(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

1. On or about January 27, 2022, ("Petition Date"), Debtor filed a petition for relief under Subchapter V of Chapter 11 of Title 11, United States Code, 11 U.S.C. §§ 101 et seq. (the "Petition") (Doc. No. 1) initiating Case No. 22-50035 (the "Chapter 11 Case"). The largest creditor

constituency in the Chapter 11 Case consists of holders of claims under the Fair Labor Standards Act or the Florida Minimum Wage Act arising from the failure by Debtor and/or entities controlled by her to pay minimum wage as required by law.

2. On March 30, 2022, the Court entered an order under which Debtor consented to proceed in Chapter 11 under the provisions other than Subchapter V. (Doc. No. 64). Debtor subsequently amended her schedules to remove the Subchapter V election (Doc. No. 67).

3. On April 28, 2022, the Office of the United States Trustee for Region 21 notified the Court that it had appointed the Committee pursuant to 11 U.S.C. § 1102 to be composed of (i) Shadana Deleston c/o Mutepe Akemon, Esq. as Proxy Holder, (ii) Abrey Leahong c/o Mutepe Akemon, Esq. as Proxy Holder, and (iii) Addie Brooks, c/o Ainsworth Dudley, Esq., as Proxy Holder (Doc. No. 99).

4. On April 28, 2022, after notification of the appointment and at a scheduled meeting, the Committee resolved to seek approval from the Bankruptcy Court for the employment of Jones & Walden LLC to serve as its bankruptcy counsel in the Chapter 11 Case.

## RELIEF REQUESTED

5. By this application, the Committee requests entry of an order approving and authorizing the employment and retention of J&W to serve as counsel for the Committee pursuant to 11 U.S.C. §§ 105(a), 328, and 1103 and Bankruptcy Rule 2014.

6. The Committee desires that the Firm provide the Committee with legal advice with respect to its powers and duties as a Committee in connection with the affairs of the estate of the Debtor and to perform certain legal services for the Committee, as set forth hereunder, which may be necessary in this case.

7. The Committee selected the Firm to serve as counsel for the reason that attorneys

of the Firm have had substantial experience in insolvency matters. The Committee represents that the attorneys of the Firm are well qualified to represent the Committee in this case, and that it is necessary to employ the Firm and its attorneys in order to obtain such professional services.

8. The professional services to be rendered by the Firm to the Committee include:

(a) to provide the Committee with legal advice concerning its statutory powers and duties in connection with Debtor's Chapter 11 case;

(b) to assist the Committee in investigation of the acts, conduct, assets, liabilities, and financial condition and affairs of the Debtor and the operation of the Debtor's businesses;

(c) to participate in the formulation of a plan and analysis of proposals by the Debtor or others in connection with formulation or proposal of a plan;

(d) to advise and analyze any proposed disposition of assets of the Debtor outside of a plan; and

(e) to perform such other legal services as may be required and in the interest of the unsecured creditors of the estate.

9. The Committee shows that attorneys at J&W are admitted to practice in the United States District Court for the Middle District of Georgia, have knowledge and experience with regard to the matters in which J&W is to be engaged, and are well qualified to represent the Committee. All attorneys who will appear in this Court are admitted to practice in this Court.

10. The Committee desires to employ J&W at the firm's ordinary rates for comparable work, plus reasonable expenses, subject to review by the Court, during the pendency of this bankruptcy case. The firm has stated present fee rates of $225.00 to $400.00 per hour for attorneys and $100.00 to $150.00 per hour for paralegals. Rates may be adjusted from time-to-time.

11. Attached hereto and incorporated herein by reference as Exhibit "A" is J&W's Bankruptcy Rule 2014 Verification with regard to its qualifications and the terms and conditions

of its employment, including the basis upon which compensation and reimbursement of expenses will be sought. No compensation will be paid to J&W except upon application to and approval by the Bankruptcy Court after notice and hearing as required by law.

12. J&W represents that it has no interest adverse to the estate or any class of creditors. J&W has no relationship with the U. S. Trustee or any person employed in the Office of the U.S. Trustee.

**WHEREFORE,** the Committee prays for authority to retain and employ Jones & Walden LLC as counsel as set forth herein and for such other and further relief as may be just and proper.

Dated: May 2, 2022.

*/s/Mutepe Akemon*
Shadana Deleston
By: Mutepe Akemon, as Proxy Holder for Shadana Deleston
Member, Committee of Unsecured Creditors of Teri G. Galardi

*/s/Mutepe Akemon*
Abrey Leahong
By: Mutepe Akemon, as Proxy Holder for Abrey Leahong
Member, Committee of Unsecured Creditors of Teri G. Galardi

*/s/Ainsworth Dudley*
Addie Brooks
By: Ainsworth Dudley, as Proxy Holder for Addie Brooks
Member, Committee of Unsecured Creditors of Teri G. Galardi

## EXHIBIT "1"

## RULE 2014 VERIFICATION WITH REGARD TO
## EMPLOYMENT OF JONES & WALDEN LLC

The undersigned hereby declares under penalty of perjury:

1. I am an attorney in the law firm of Jones & Walden LLC (the "Firm") and in that capacity I have personal knowledge of, and authority to speak on behalf of, the Firm with respect to the matters set out herein. This Declaration is offered in support of the Application of the Unsecured Creditor Committee in the above-styled case to employ the Firm as the attorney for the Committee of Unsecured Creditors (the "Application"), and the matters set out herein are true and correct to the best of my knowledge, information and belief.

2. Attorneys practicing with J&W are attorneys at law duly admitted to practice in the State of Georgia and in the United States District Court, Middle District of Georgia. We have had substantial experience in practice before the United States Bankruptcy Court for the Middle District of Georgia and before other Bankruptcy Courts.

3. J&W has been asked to represent the Committee in this bankruptcy case as counsel. J&W has no professional, business, or other connections with the Debtor, its creditors, or any party-in-interest in this case except as follows:

    a. The Firm previously represented creditors in (i) Trop, Inc., Case No. 18-65726-jwc ("Trop"), (ii) Country Club, Inc. Case No. 18-66879-jwc ("Country Club"), (iii) Fly Low, Inc. ("Fly Low"), Case No. 18-66925-jwc, and (iv) Pony Tail, Inc., Case No. 18-68426-jwc ("Pony Tail"); each of these bankruptcy cases was for an entity owned by the Debtor. Plans of reorganization have been confirmed in the case of Trop and Country Club. The cases of Fly Low and Pony Tail were dismissed after

    each of the clubs forming the business of the respective entities closed. The case of Country Club is closed. The case of Trop, Inc. is currently open but only for substitution of Mr. McBryan by Cohen & Caproni, LLC as disbursing agent under that plan. J&W is not currently representing any creditors in connection with these bankruptcy cases and does not anticipate representing the interest of these creditors further in these cases.

    b.  The Firm has previously filed notices of appearances in this bankruptcy case for the following creditors: Shanice Bain, Yashica Bain, Netonia Bell, Yamilee Bennett, Maria Bush, Princess Callahan, Jessica Chatman, Quina Dopoe, Shadana Deleston, Shanrika Duhart, Belinda Harris, Crystyona Hartzog, Sasha Hollins, Kitrea Jackson, Ronika Jones, Abri Leahong, Queen Lewis, Montoyo Minnis, Tania Ramessar, Jennifer Ridley, Aida Simmons, Seleta Stanton, Aisha Taliaferro, Marsha Taylor, Brittany Walker, Keesah Weems, Africa Williams, Addie Brooks, Angela Milner, Krystall Wright, and Latoya Hughes. Each of the creditors would be constituents of the Committee.

4.    The Firm has no partners, associates or other professional employees who are related to the United States Trustee, any person employed in the office of the United States Trustee for the Middle District of Georgia, or with any of the Bankruptcy Judges sitting in the United States Bankruptcy Court for the Middle District of Georgia, except and provided that Mr. McClendon previously worked for Stone & Baxter, LLP, where Judge Smith has previously been employed prior to his appointment to this Court. Mr. McClendon and Judge Smith never worked together at the same time at Stone & Baxter, LLP.

5. Neither I nor the Firm have agreed to share any compensation or reimbursement under 11 U.S.C. § 503(b) for services rendered on behalf of the Committee with any other person except within the Firm. J&W will periodically file applications seeking approval of its fees and reimbursement of its expenses. J&W understands that all fees and expenses are subject to Court approval.

6. To the best of the undersigned's knowledge, information and belief, employment of the Firm as attorneys for the Committee would be appropriate under 11 U.S.C. § 327 and Bankruptcy Rules 2014 and 5002.

Date: May 2, 2022

*/s/Thomas T. McClendon*
Thomas T. McClendon

**IN THE UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| IN RE:<br><br>TERI G. GALARDI,<br><br>Debtor. | CHAPTER 11<br><br>CASE NO. 22-50035-JPS |

**CERTIFICATE OF SERVICE**

This is to certify that I have on this day electronically filed the foregoing Application using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of and an accompanying link to the Application to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing Program:

- **Evan Owens Durkovic**   ecfgamb@aldridgepite.com, edurkovic@ecf.courtdrive.com
- **Robert G. Fenimore**   robert.g.fenimore@usdoj.gov, Ustp.region21.mc.ecf@usdoj.gov
- **Elizabeth A. Hardy**   elizabeth.a.hardy@usdoj.gov, Ustp.region21.mc.ecf@usdoj.gov;elizabeth.hardy.collins@usdoj.gov
- **Roy E. Manoll**   kdd@fbglaw.com
- **Robert M. Matson**   GA69@ecfcbis.com;rmtrusteenotices@akin-webster.com
- **Robert M. Matson - Ch 11 Sub V**   GA69@ecfcbis.com;rmtrusteenotices@akin-webster.com
- **Louis G. McBryan**   lmcbryan@mcbryanlaw.com, alepage@mcbryanlaw.com
- **Ward Stone**   wstone@stoneandbaxter.com, mbelflower@stoneandbaxter.com;lford-faherty@stoneandbaxter.com;mcathey@stoneandbaxter.com;dbury@stoneandbaxter.com
- **U.S. Trustee - MAC**   Ustp.region21.mc.ecf@usdoj.gov

This 2nd day of May, 2022.

> **JONES & WALDEN LLC**
> /s/ *Thomas T. McClendon*
> Thomas T. McClendon
> Georgia Bar No. 431452
> 699 Piedmont Ave. NE
> Atlanta, Georgia 30308
> (404) 564-9300
> tmcclendon@joneswalden.com
> Attorney for Creditors