**SO ORDERED.**

**SIGNED this 3 day of August, 2022.**



_____
**James P. Smith
Chief United States Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| IN RE:<br><br>TERI G. GALARDI,<br><br>Debtors. | CHAPTER 11<br><br>CASE NO.  22-50035-JPS |

**ORDER GRANTING MOTION FOR AUTHORIZATION TO SELL REAL PROPERTY LOCATED AT 4730 FRONTAGE ROAD, FOREST PARK, GA AND STOCK INTEREST IN RED EYED, INC.**

This matter is before the Court on Debtor's *Motion for Authorization to Sell Real Property Located at 4730 Frontage Road, Forest Park, GA and Stock Interest in Red Eyed, Inc.*, filed on July 8, 2022 (the "Sale Motion") (Dkt. No. 132), for entry of an order authorizing the Contract for the Purchase and Sale of Real Property and Stock (the "Agreement"), between Debtor, as sole owner of 100% stock of Red Eye, Inc. and 100% membership interest of JGP&P, LLC, ("Seller") and NTKN Holdings, LLC ("Buyer").

The Court having granted Debtor's Motion to Expedite Hearing on the Sale Motion (Dkt.

1

No. 133) and having issued an Order and Notice of Hearing scheduling a hearing for August 2, 2022, at 11:00 A.M. (the "Sale Hearing") (Dkt. No. 138).

The Sale Hearing having been held as scheduled. Appearing at the hearing were Christopher W. Terry (counsel for the Debtor) and Leon S. Jones and Thomas T. McClendon (counsel for the Unsecured Creditor Committee); based upon the Court's review of the record in this case, including without limitation the Sale Motion, and upon consideration of the statements and arguments of counsel presented at the Sale Hearing, and there being good, sufficient and timely notice of the Sale Motion and the related hearings to all parties in interest, and after due deliberation and there being good cause for the relief sought through the Sale Motion, the Court hereby FINDS and ORDERS as follows:

The Court hereby FINDS as follows:

A. The Court has jurisdiction over the Sale Motion and the transactions contemplated pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b) (2) (A) and (N). Venue of this case and the Sale Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B. The statutory predicates for the relief sought in the Sale Motion are Sections 105, 363, and 1146(c) of 11 U.S.C. §§ 101 et. seq. (as amended, modified or supplemented, the "Bankruptcy Code"), and Bankruptcy Rules 2002, 6004, 6006, and 9014.

C. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities.

D. Debtor and NTKN Holdings, LLC (such entity or its permitted assignee, the "Buyer")

entered into a Contract for the Purchase and Sale of Real Estate and Stock (the "Agreement") for $2,800,000.00 for the real estate located at 4730 Frontage Road, Forest Park, Georgia, as further described in the Agreement (the "Real Property"), and $500,000.00 for the stock of Red Eyed, Inc. (the "Stock" and such Real Property and Stock collectively, the "Property") (such transaction, the "Sale").

E. The Debtor has all of the power and authority necessary to consummate the Sale of the Property to Buyer.

F. The Debtor has demonstrated and proven to the satisfaction of this Court good, sufficient, and sound business purpose and justification for the Sale and the other transactions contemplated by the related documents necessary to consummate the Sale, including without limitation a bill of sale for the personal assets related to the Property pursuant to Section 363(b) of the Bankruptcy Code, and the Sale and associated transactions are in the best interests of the Debtor, its estate and its creditors.

G. The consideration provided by the Buyer for the Property (i) is fair and reasonable, and (ii) is the highest and best offer for the Property.

H. The entry of this Sale Order and the approval of the Sale of the Property to the Buyer are necessary and appropriate to maximize the value of the Debtor's estate.

I. Cohen and Caproni, LLC, as Disbursing Agent under the Confirmed Plan of Reorganization of Trop, Inc. ("Cohen"), holds a first-priority properly perfected secured claim on behalf of certain claims as provided in Trop, Inc.'s confirmed plan of reorganization (Case No. 18-65726-JWC, Bankr. N.D. Ga.) (the "Trop

Plan of Reorganization"), which is secured by the Real Property to be sold (the "Trop Secured Claims"). The Trop Secured Claims are guaranteed by the Debtor.

J. Proof of claims for the Trop Secured Claims are filed in this Bankruptcy Case in the approximate amount of $1,373,930.10 by both Ainsworth Dudley and Cohen. A true and correct accounting of the outstanding balance due for the Trop Secured Claims shall be submitted by Cohen to the Debtor and Creditors Committee, at least three (3) days prior to closing, to allow time for the parties to confirm the outstanding balance due. The balance due on the Trop Secured Claims shall be disbursed to Cohen at closing in exchange for a full and final release of the Trop Secured Claims. In the event the parties are unable to agree on the outstanding balance due on the Trop Secured Claims, the amount of $1,373,930.10 shall be placed in escrow, along with the remaining Net Proceeds, identified below, until the parties reach an agreement on the balance due or upon the Court entering an order establishing the remaining amount of the Trop Secured Claims.

K. The transfer of the Property to the Buyer pursuant to the Agreement will be a legal, valid, and effective transfer of the Property, and will vest the Buyer with all right, title, and interest of the Debtor to the Property free and clear of the following (hereinafter "Interest"): all liens, claims, rights, interests and encumbrances of any kind or nature whatsoever, including but not limited to, those (i) that purport to give to any party a right or option to effect any forfeiture, modification, right of first refusal, or termination of the Debtor's interest in the Property, or any similar rights; (ii) relating to taxes arising under, out of, in connection with, or in any way relating to the Property prior

to the Closing; and (iii) (A) all mortgages, deeds of trust, security interests, conditional sale or other title retention agreements, pledges, liens, judgments, demands, encumbrances, rights of first refusal, or charges of any kind or nature, if any, including, but not limited to, any restriction of the use, transfer, receipt of income or other exercise of any attributes of ownership, and (B) all debts arising in any way in connection with any agreements, acts, or failures to act, of the Debtor, obligations, liabilities, demands, guarantees, options, rights, contractual or other commitments, restrictions, interests, and matters of any kind and nature, whether known or unknown, contingent or otherwise, whether arising prior to or subsequent to the commencement of this case pursuant to Chapter 11 of the Bankruptcy Code, and whether imposed by agreement, understanding, law, equity or otherwise, including but not limited to claims otherwise arising under doctrines of successor liability (collectively, the "Interests").

L. The Debtor may sell the Property to Buyer under the terms of the Sale Motion free and clear of all Interests of any kind or nature whatsoever because, in each case, one or more of the standards set forth in Section 363(b)(1)-(5) of the Bankruptcy Code has been satisfied;

M. Non-debtor parties with claims or Interests in the Property who did not object, or who withdrew their objections, to the Sale or the Sale Motion are deemed to have consented to the Sale, pursuant to Sections 363(b)(2) of the Bankruptcy Code.

N. The transfer of the Property (including, without limitation, both real and personal property) to the Buyer, and related transactions, are exempt under Section 1146(c) of the Bankruptcy Code from any documentary, transfer, stamp, sales, use or

similar tax or any "bulk-sale" law in all necessary jurisdictions related to the Sale and transfer of the Property to the Buyer.

O. Time is of the essence in closing the Sale.

For all of the foregoing reasons, and after due deliberation, the Court ORDERS, ADJUDGES, AND DECREES THAT:

1. The Sale Motion is GRANTED, as further described herein.

2. The Sale and all of the terms and conditions thereof and all related transactions are hereby approved in all respects.

3. Pursuant to Section 363(b) of the Bankruptcy Code, the Debtor is authorized to perform its obligations under, and comply with the terms of the Sale and consummate the Sale and the related transactions, pursuant to, and in accordance with, the terms and conditions of the Agreement.

4. In consideration of the Property, and upon the terms of the Agreement, the Buyer shall pay the purchase price as contemplated in the Agreement.

5. Pursuant to the terms of this Sale Order, the Sale must close no later than the date that falls forty-five (45) days after the Binding Agreement Date, as defined in the Agreement, such date being August 22, 2022 (the "Closing Deadline"), unless extended by agreement of the Debtor and Purchaser, with appropriate prior notice and opportunity to object by the Creditors' Committee.

6. The Debtor is authorized to execute and deliver, and empowered to perform under, consummate, and implement under the Agreement, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Sale and to take all further actions as may be reasonably requested by the Buyer for the

purpose of assigning, transferring, granting, conveying, and conferring to the Buyer or reducing to possession, the Property, or as may reasonably be necessary or appropriate to the performance of the obligations as contemplated by the Sale as consummated through the Agreement, specifically including the execution of documentation by JGP&P, LLC vesting the Real Property in Debtor and thereafter transferring the Real Estate from Debtor to Buyer.

7. This Sale Order shall be binding in all respects upon all creditors (whether known or unknown) of the Debtor, all successors and assigns of the Buyer, the Debtor, its members, officers, agents, affiliates, and subsidiaries including any individuals or entities asserting a right to such interest or status, (collectively, "the Debtor Parties"), the Property, and any subsequent trustee(s) appointed in the Debtor's Chapter 11 case or upon a conversion thereof to Chapter 7 under the Bankruptcy Code and shall not be subject to rejection.

8. Nothing contained in any Chapter 11 plan confirmed in this bankruptcy case or in the confirmation order confirming any such Chapter 11 plan shall conflict with or derogate from the provisions of the Sale or this Sale Order.

9. Except as expressly permitted or otherwise specifically provided for in this Sale Order, pursuant to Sections 105(a) and 363(f) of the Bankruptcy Code, the Property shall be transferred to the Buyer at, and subject to and conditioned upon, the Closing, and upon Closing shall be, free and clear of all Interests of any kind or nature whatsoever.

10. Except as expressly permitted or otherwise specifically provided by this Sale Order, all persons and entities, including, but not limited to, all debt security holders, governmental, tax, and regulatory authorities, lenders, employees, trade, and other creditors holding Interests of any kind or nature whatsoever against or in the Debtor or the Property

(whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), arising under, out of, in connection with, or in any way relating to, the Debtor, the Property, or the transfer of the Property to the Buyer, are forever barred, estopped, and permanently enjoined from asserting any such claims against the Buyer, its successors or assigns, its property, or the Property.

11. The consideration provided by the Buyer for the Property, pursuant to the Agreement, shall be deemed to constitute reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia.

12. This Sale Order shall be: (a) effective as a determination that, on the Closing, all Interests of any kind or nature whatsoever existing as to the Property, prior to the Closing, have been unconditionally released, discharged, and terminated, and that the conveyances described herein have been effected; and (b) binding upon and shall govern the acts of all entities including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Property.

13. This Court retains sole jurisdiction to enforce and implement the terms and provisions of this Sale Order and the Agreement, along with any amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection

therewith in all respects, including, but not limited to, retaining jurisdiction to: (a) compel delivery of the Property to the Buyer or performance of other obligations of Debtor under the Agreement; (b) resolve any disputes arising under or related to the Agreement, and (c) interpret, implement, and enforce the provisions of this Sale Order, however, in the event the Court abstains from exercising or declines to exercise such jurisdiction with respect to the Agreement or this Sale Order, such abstention, refusal, or lack of jurisdiction shall have no effect upon, and shall not control, prohibit, or limit the exercise of jurisdiction of any other court having competent jurisdiction with respect to any such matter.

14. The consideration provided by the Buyer for the Property under the Agreement is fair and reasonable and may not be avoided under Section 363(n) of the Bankruptcy Code.

15. The transactions contemplated by the Sale and by the Agreement are undertaken by Buyer in good faith, as that term is used in Section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale of the Property to Buyer, unless such authorization is duly stayed pending such appeal. Accordingly, Buyer is a purchaser in good faith of the Property and is entitled to all of the protections afforded by Section 363(m) of the Bankruptcy Code.

16. The Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto, in a writing signed by both parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment, or supplement does not have any adverse effect on the Debtor's estate or Buyer.

17. The transfer of the Property is a transfer pursuant to Section 1146(c) of the Bankruptcy Code, and accordingly, the transfer of the Property (including without limitation, both real and personal property) to Buyer does not and will not subject the Debtor or Buyer, their respective affiliates, or designees to any liability for any documentary, transfer, stamp, sales, use or similar tax or any "bulk-sale" laws to the fullest extent permitted by Section 1146(c) of the Bankruptcy Code. Each and every federal, state, and local government agency or department is directed to accept any and all documents and instruments necessary and appropriate to consummate the transfer of any of the Property, all without imposition or payment of any stamp tax, transfer tax, or similar tax.

18. The stay of orders authorizing the use, sale, or lease of property as provided for in Bankruptcy Rule 6004(g) shall not apply to this Sale Order, and this Sale Order is immediately effective and enforceable.

19. As provided by Bankruptcy Rule 7062, this Order shall be effective and enforceable immediately upon entry. Time is of the essence in closing the transactions contemplated by the Agreement, and the Debtor and Buyer intend to close the Sale and related transactions as soon as possible (but in any event, no later than the Closing Deadline). Therefore, any party objecting to this Sale Order must exercise due diligence in filing an appeal and pursuing a stay or risk their appeal being foreclosed as moot.

20. At Closing, Debtor shall pay all customary closing costs, if any, and the amount of the confirmed outstanding balance due on the Trop Secured Claims. All other proceeds after payment of the customary closing costs and allowed Trop Secured Claims shall be referred to as the "Net Proceeds".

21. Debtor shall open a separate Debtor-in-Possession escrow account and deposit

the Net Proceeds in such account or, in the alternative, deposit all Net Proceeds in the IOLTA account of either McBryan, LLC or Boyer Terry LLC.

22.　Except for the payment of professional fees, approved by an order of this Court, the Debtor shall not disburse any of the Net Proceeds without further order of the Court or pursuant to a confirmed and final Plan of Reorganization.

23.　Within three (3) days of the Closing, Debtor shall file a notice of sale with the Court, via the Court's CM/ECF electronic filing system, which shall include a copy of the final closing statement, itemize all closing costs and disbursements, and identify the recipients of any disbursements, including the account where the Net Proceeds and disputed amount of Trop Secured Claims, if any, are deposited.

END OF ORDER

*Order presented by:*

*/s/ Louis G. McBryan*
Louis G. McBryan
Georgia Bar No. 480993
6849 Peachtree Dunwoody Rd
Building B-3, Suite 100
Atlanta, GA 30328
Telephone (678) 733-9322
lmcbryan@mcbryanlaw.com
*Attorney for Debtor*

*/s/ Christopher W. Terry*
Christopher W. Terry
Georgia Bar No. 702484
BOYER TERRY LLC
348 Cotton Avenue, Suite 200
Macon, Georgia 31201
(478) 742-6481
chris@boyerterry.com
*Attorney for Debtor*

*Consented to by:*

*/s/ Thomas T. McClendon*
Thomas T. McClendon
Georgia Bar No. 431452
Jones & Walden, LLC
699 Piedmont Ave NE
Atlanta, Georgia 30308
(404) 564-9300
tmcmclendon@joneswalden.com
*Attorney for Unsecured Creditor Committee*