**SO ORDERED.**

**SIGNED this 27 day of December, 2022.**



_____
**James P. Smith**
**Chief United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| IN RE: | Chapter 11 |
| | Case No. 22-50035 JPS |
| Teri G. Galardi | |
| Debtor(s) | |

**ORDER AUTHORIZING AND DIRECTING MEDIATION**
**AND SCHEDULING SETTLEMENT CONFERENCE**

Whereas the parties have requested that they be authorized to participate in mediation with regard to the issues in this case, it appears that the most productive form of mediation is to designate a bankruptcy judge with no assignment or responsibility for this case as a settlement judge to serve as a neutral mediator and that Judge Mary Grace Diehl of the U.S. Bankruptcy Court for the Northern District of Georgia is qualified and suitable to serve in that capacity and that the parties have agreed that Judge Diehl is acceptable as a mediator,

It is hereby **ORDERED** that:

A Settlement Conference for the issues presented to the settlement judge will be scheduled for a time and location on which the parties and Judge Diehl agree; and it is further

**ORDERED** that:

1. The parties to this case shall mediate the issues and disputes presented in these proceedings. Judge Diehl is designated as a settlement judge with regard to this matter for the purpose of conducting mediation proceedings as the neutral mediator. Judge Diehl will write a follow up letter to each party detailing her expectations and any further scheduling, logistic, or other requirements.

2. Because Judge Diehl will be serving as the neutral mediator in this matter and because the nature of the mediation process requires *ex parte* contacts and communications between the neutral mediator and each of the sides, the prohibitions of Fed. R. Bankr. P. 9003 do not apply to communications among the parties, their attorneys, and Judge Diehl in connection with the mediation proceedings. The parties and their attorneys may, therefore, have *ex parte* communications with Judge Diehl in her capacity as the neutral mediator in connection with the mediation proceedings.

3. All communications made by the parties or their attorneys to each other or to Judge Diehl in connection with the mediation process, the conduct and demeanor of the parties and their counsel during the mediation, and any documents prepared or produced in connection with the mediation process, including Judge Diehl's notes or records, shall be confidential and shall not be admissible in evidence or the subject of any discovery in any proceeding (unless admissible or discoverable without regard to the mediation). The mediation sessions and any conferences or proceedings in connection therewith shall be treated as compromise negotiations

for purposes of the Federal Rules of Evidence, the Georgia Rules of Evidence, or any rules of evidence of any other jurisdiction. No record will be made of the mediation proceedings. Judge Diehl is disqualified from appearing as a witness in any matter, and shall not be called as a witness, with regard to the mediation or any matter arising out of or related thereto.

END OF DOCUMENT