# TRUST AGREEMENT

## *for the*

# GALARDI CREDITORS TRUST

**Dated as of _____, 2023**

*by and between*

*Teri G. Galardi*
*as Debtor and Debtor-in-Possession*

**AND**

**The Official Committee of Unsecured Creditors**
*as Liquidating Trustee*

# GALARDI CREDITORS TRUST AGREEMENT

This Trust Agreement (the "Trust Agreement"), dated as of [_____], 2023, by and between TERI G. GALARDI (the "Debtor") and THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, as Liquidating Trustee ("Liquidating Trustee"), is made and executed in connection with the *Debtor's Plan of Reorganization*, under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), dated January _, 2023 (as may thereafter be amended, the "Plan"), in the U.S. Bankruptcy Court for the Middle District of Georgia, Macon Division (the "Bankruptcy Court"), which Plan was confirmed by Order of the Bankruptcy Court dated [_____], 2023.

The Plan provides for the establishment of the "Galardi Creditor Trust" (hereinafter referred to as the "Creditors Trust") to liquidate certain assets of the Debtor and distribute the net proceeds of the trust in accordance with the terms and conditions of the Plan.

# R E C I T A L S

**WHEREAS**, Teri G. Galardi filed a voluntary petition on January 12, 2022 (the "Petition Date");

**WHEREAS**, on [_____], 2023, the Bankruptcy Court entered an order confirming the Plan (the "Confirmation Order"); and

**WHEREAS**, the Plan provides for the distributions of Cash from the Creditors Trust to the holders of Allowed Class 8 Unsecured Claims, as specifically provided for herein and in the Plan, which holders comprise one hundred percent (100%) of the holders of beneficial interests of the trust created hereby (the "Beneficiaries"); and

**WHEREAS**, the Plan provides for the creation of the trust to hold the Trust Assets in trust for the benefit of all Beneficiaries pursuant to the terms of this Creditors Trust and the Plan; and

**WHEREAS**, this Trust Agreement is executed to establish the Creditors Trust (as defined in Section 2 hereof) and to facilitate implementation of the Plan and fund of payments to holders of Allowed Class 8 Unsecured Claims under the Plan; and

**WHEREAS**, the primary purpose of the Creditors Trust is to liquidate the Trust Assets for the benefit of the Beneficiaries in accordance with Treasury Regulation Section 301.7701-4(d) and the Creditors Trust will not be operated with the objective of continuing or engaging in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Creditors Trust; and

**WHEREAS**, the Creditors Trust is intended to qualify as a liquidating trust that is treated as a "grantor trust" for federal income tax purposes and the Liquidating Trustee shall operate and maintain the Creditors Trust in compliance with Internal Revenue Service Revenue Procedure 94-45, 1994-2 C.B. 684, and Treasury Regulation Sections 1.671-4(a) and 301.7701-4(d) and all subsequent guidelines regarding liquidating trusts issued by the Internal Revenue Service; and

**WHEREAS**, the Beneficiaries desire to exchange their Allowed Class 8 Claims or Interests under the Plan for Beneficial Interests in the Creditors Trust.

# A G R E E M E N T S

**NOW THEREFORE**, for and in consideration of the premises, and the mutual promises and agreements contained in the Plan and the Creditors Trust, the receipt and sufficiency of which are hereby expressly acknowledged, the Debtor and Liquidating Trustee hereby agree as follows:

**SECTION I.** *DEFINITIONS*

**1.1** **Terms Defined in Recitals**. As used in this Liquidating Trust Agreement, each of the terms "Trust Agreement," "Debtor," "Liquidating Trustee," "Bankruptcy Code," "Plan," "Bankruptcy Court," "Petition Date," and "Confirmation Order" shall have the meanings set forth in the Plan.

**1.2** **Terms Defined in the Plan**. Capitalized terms used in this Trust Agreement without definition shall have the meanings assigned to them in the Plan. Terms defined in the Bankruptcy Code and not otherwise specifically defined in the Plan or herein shall, when used herein, have the meanings attributed to them in the Bankruptcy Code.

**SECTION II.** *AUTHORITY OF AND CERTAIN DIRECTIONS TO LIQUIDATING TRUSTEE: DECLARATION OF TRUST*

**2.1** **Creation of Creditors Trust**. Pursuant to the Plan and the Confirmation Order, and effective as of the Effective Date of the Plan, the Beneficiaries and Debtor hereby create the Creditors Trust, to be formally known as the "Galardi Creditors Trust," for the benefit of the Beneficiaries. Pursuant to the terms of the Plan, the Debtor executes this Trust Agreement and irrevocably transfers, absolutely assigns, conveys, sets over, and delivers to the Creditors Trust, and its successors and assigns, all right, title and interest of the Debtor in and to the Trust Assets (as defined herein), in trust, to and for the benefit of the Beneficiaries for the uses and purposes stated herein and in the Plan, except as may otherwise be specifically provided by the Plan. The Debtor shall execute and deliver such other instruments of sale, transfer, conveyance, assignment, and confirmation, and will cooperate and take such other actions as the Liquidating Trustee may deem reasonably necessary or desirable to transfer, convey, and assign all rights, title, and interests, in the Trust Assets to the Creditors Trust.

**2.2** **Purpose of Creditors Trust**. This Creditors Trust is created and organized for the sole purposes of collecting, holding, liquidating, and distributing the Trust Assets and administering, compromising, settling, withdrawing, objecting to Class 8 Unsecured Claims under the Plan, with no objective to engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Creditors Trust. In accordance with such express and limited purposes, as of the Effective Date, the Creditors Trust is hereby authorized and directed: (i) to take any and all steps necessary to maintain the Creditors Trust as a liquidating trust for federal income tax purposes in accordance with Treasury Regulation § 301.7701-4(d) and as a "grantor trust" subject to the provisions of Subchapter J, Subpart E of the IRC unless otherwise required; (ii) to take all reasonable and necessary actions to conserve and protect the Trust Estate; (iii) to administer, compromise, and settle Class 8 Unsecured Claims, (iv)

to the extent necessary and appropriate, and as provided in the Plan, object to any Class 8 Claims asserted against the Debtor's Estate and the Creditors Trust; and (v) to maintain, operate, or lease (for purposes of holding for sale), or sell or otherwise liquidate or dispose of the Trust Assets, in accordance with the terms of this Liquidating Trust Agreement, the Plan, and the Confirmation Order, and to distribute the net proceeds of such disposition to the Beneficiaries, in as prompt, efficient, and orderly a fashion as possible in accordance with the provisions hereof.

**2.3** **Title to Trust Assets**. Upon the transfer of the certain Assets of the Debtor, to the Creditors Trust as provided in the Plan, the Liquidating Trustee shall succeed to the Debtor's right, title, and interest in the Trust Assets and the Debtor will have no further interest in or with respect to the Trust Assets or the Creditors Trust. The **"Trust Assets"** shall consist of the Assets listed on **Exhibit "A"** attached hereto and incorporated herein by this express reference thereto.

**2.4** **Tax Treatment of Transfer of the Assets to the Creditors Trust**. For all federal income tax purposes, all parties (including, without limitation, the Debtor, the Liquidating Trustee, and the Beneficiaries) shall treat the transfer of the Trust Assets to the Creditors Trust, as set forth in Sections 2.1 and 2.3 of this Liquidating Trust Agreement and in accordance with the Plan, as a transfer of such Trust Assets to the Beneficiaries and a transfer by the Beneficiaries of such Trust Assets to the Creditors Trust. In all events, the Beneficiaries of the Creditors Trust shall be treated as the grantors and deemed owners of the Creditors Trust.

For the avoidance of any doubt, following the contribution of Trust Assets to the Creditors Trust pursuant to Article 4.1 and 4.3 of the Plan and Sections 2.1 and 2.3 hereof, the Liquidating Trustee shall have standing to administer the Trust Assets, and accept compromises and settle any Class 8 Unsecured Claims on behalf of the Creditors Trust.

**2.5** **Assignment and Assumption of Claims**. In accordance with Section 1141 of the Bankruptcy Code and Section 2.1 hereof, the Debtor hereby transfers and assigns the Trust Assets to the Creditors Trust free and clear of any Liens, Claims, interests, encumbrances, or any liability of any kind and the Liquidating Trustee, on behalf of the Creditors Trust, hereby assumes and agrees that all such Trust Assets will be transferred to the Creditors Trust free and clear of any Liens, Claims, interests, encumbrances, or any liability of any kind.

**2.6** **Property in the Creditors Trust**. The Creditors Trust shall hold the legal title to all property at any time constituting a part of the Trust Estate and shall hold such property in trust to be administered and disposed of by it pursuant to the terms of this Trust Agreement, the Plan, and the Confirmation Order for the benefit of the Beneficiaries. The Liquidating Trustee is authorized to make disbursements and payments from the Trust Estate in accordance with the provisions of Sections 5 and 6 of this Liquidating Trust Agreement and pursuant to the Plan.

**2.7** **Valuation of Trust Assets**. As soon as possible after the Effective Date, and within the time frame required by applicable Treasury Regulations, the Liquidating Trustee, based upon his good faith determination after consultation with his counsel and other professionals, shall inform the Beneficiaries in writing solely as to his estimate of the value of the Trust Assets transferred to the Creditors Trust. The valuation shall be used consistently by all parties (including, without limitation, the Debtor, the Liquidating Trustee, and the Beneficiaries) for federal income tax purposes; *provided, however*, that such valuation shall not be binding on the Liquidating

Trustee or any other party for any other purposes, including without limitation, in regard to the liquidation of the Trust Assets, whether by disposition, liquidation, litigation, settlement, or otherwise.

**2.8** **Continuation of the Automatic Stay**. In furtherance of the implementation of the Plan, except as otherwise provided in the Plan, all injunctions or stays provided for in the Bankruptcy Case, pursuant to Sections 105, 362, or 1141 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect and apply to all creditors and Beneficiaries holding claims against the Debtor, the Debtor's Estates, the Trust Assets, the Liquidating Trustee, and the Creditors Trust until the Final Distribution Date.

**SECTION III.** *BENEFICIAL INTERESTS.*

**3.1** **No Transfer or Exchange**. Unless the Liquidating Trustee determines otherwise, Beneficial Interests in the Creditors Trust shall not be transferable. In the event the Liquidating Trustee does authorize the transfer of Beneficial Interests, the Liquidating Trustee, with the advice of counsel, shall establish procedures to govern the registration and transfer of Beneficial Interests ("Permitted Transfer"). Once such procedures have been established, if ever, the Liquidating Trustee shall notify all holders of Beneficial Interests of such procedures. Notwithstanding the foregoing, a transfer of a Beneficial Interest shall be not be permitted by the Liquidating Trustee if such transfer would be contrary to maintaining the Creditors Trust as a liquidating trust for federal income tax purposes in accordance with Treasury Regulation § 301.7701-4(d) and as a "grantor trust" subject to the provisions of Subchapter J, Subpart E of the IRC.

**3.2** **No Certification**. Unless the Liquidating Trustee determines otherwise, the Beneficial Interests will not be certificated and no security of any sort will be distributed to the Beneficiaries with respect to their interest in the Creditors Trust. In the event the Liquidating Trustee does permit the certification of the Beneficial Interests, the Liquidating Trustee, with the advice of counsel, shall establish procedures to govern such certification. Once such procedures have been established, if ever, the Liquidating Trustee shall notify all Beneficiaries of such procedures.

**3.3** **Absolute Owners**. The Liquidating Trustee may deem and treat the persons who are Beneficiaries (as determined in accordance with the Plan) as the absolute owners of the Beneficial Interests in the Creditors Trust for the purpose of receiving distributions and payments thereof, or on account thereof, and for all other purposes whatsoever. Unless the Liquidating Trustee receives actual written notice of a Permitted Transfer from the duly authorized transferee not less than thirty (30) days prior to a distribution made pursuant to the terms of this Liquidating Trust Agreement, and subject to the applicable provisions of Bankruptcy Rule 3001(e), the Liquidating Trustee shall have no duty or obligation to make or direct any distributions or payments to such transferee of a Permitted Transfer.

**3.4** **Means of Payment**. Cash payable to Beneficiaries pursuant to Section 5 hereto will be paid by checks drawn on a domestic bank account maintained by the Creditors Trust or by wire transfer from a domestic bank account maintained by the Creditors Trust at the option of the Liquidating Trustee.

4

**3.5** **Amount of Payment**. The amount of Cash payments and distributions to Beneficiaries shall be made and calculated in accordance with the Plan, and the sole discretion of the Liquidating Trustee.

**3.6** **Acceptance of Conveyance**. The Liquidating Trustee is hereby directed to, and the Liquidating Trustee agrees that he will: (a) accept delivery of the Trust Assets on behalf of the Creditors Trust; (b) accept all bills of sale, deeds, assumptions and assignments, and all other instruments of conveyance required to be delivered by the Debtor or the Trustee with respect to the Trust Assets transferred to the Liquidating Trustee on behalf of the Creditors Trust pursuant to or in connection with the Plan, the Confirmation Order, or this Liquidating Trust Agreement; and (c) take such other action as may be required of the Creditors Trust hereunder, including the receipt and acceptance as part of the Trust Estate of any property or rights, including, without limitation, notes, other negotiable instruments, and claims belonging to the Debtor or her Estate.

**3.7** **Title**. On the Effective Date, legal title to the Trust Assets shall be vested in the Creditors Trust in accordance with and pursuant to the terms of the Plan and this Trust Agreement. Without limiting the foregoing, on the Effective Date, the Liquidating Trustee, on behalf of the Creditors Trust, shall be authorized to act as representative of the Debtor's Estate in respect of any and all Class 8 Unsecured Claims and be substituted as successor to Debtor and Reorganized Debtor in all actions and proceedings pending or thereafter commenced in the Bankruptcy Court or elsewhere in regarding any disputes over the allowance of an Unsecured Claim.

**SECTION IV.** *ADMINISTRATION OF TRUST ESTATE.*

**4.1** **Claims Reserves**.

a. As more particularly and definitively provided in the Plan, the Liquidating Trustee shall establish a reserve fund (the "<u>Disputed Claims Reserve</u>") for the payment by the Liquidating Trustee of all Disputed Class 8 Unsecured Claims participating in the Trust. Each time a distribution is made to any Class 8 Unsecured Claim so participating, the Liquidating Trustee shall deposit into the Disputed Claims Reserve an amount equal to the distribution that each holder of a participating Disputed Class 8 Unsecured Claim would have received were the face amount of its Disputed Class 8 Claim been an Allowed Claim. At the time a Person's Disputed Class 8 Unsecured Claim is allowed, in whole or in part, such Person shall receive from the Disputed Claims Reserve, a distribution equal to the distributions such Person would have received on account of its Allowed Class 8 Claim had it been an Allowed Class 8 Claim at the time of such prior distributions, with any surplus Cash held in the Disputed Claims Reserve on account of such Disputed Class 8 Claim becoming generally available for use by the Liquidating Trustee. Such Person shall also become a new Beneficiary of the Creditors Trust and such Person shall be deemed, at such time, to have received a distribution of assets of the Trust Estate equal to the amount of the Allowed Class 8 Claim immediately followed by a transfer by such Person to the Creditors Trust of such assets and said new Beneficiary shall be treated, at such time, as a new grantor and deemed owner and Beneficiary of the Creditors Trust to the extent of his Allowed Class 8 Claim.

**4.2** **Administrative Powers of the Liquidating Trustee**. During the Liquidating Trustee's administration of the Creditors Trust, and subject to: (i) all the other provisions of this

5

Liquidating Trust Agreement (including, but not limited to, Sections 4.3 and 4.4) and (ii) the Plan, the Liquidating Trustee may exercise the power:

   (i) To receive and hold all of the assets of the Trust Estate and to have exclusive possession and control thereof as permissible under applicable law;

   (ii) To manage, market, sell, and convert all or any portion of the assets in the Trust Estate to Cash and distribute the net distributable proceeds as specified in the Plan and this Trust Agreement;

   (iii) To enter into, perform, and exercise rights under contracts binding upon the Creditors Trust (but not upon the Liquidating Trustee in his respective individual or corporate capacity) which are reasonably incident to the administration of the Creditors Trust and which the Liquidating Trustee, in the exercise of his best business judgment, reasonably believes to be in the best interests of the Creditors Trust;

   (iv) To delegate his authority under this Creditors Trust to other persons, provided that such delegation must be made pursuant to a written agreement that has been approved by the Bankruptcy Court in conjunction with the confirmation of the Plan;

   (v) To establish and maintain accounts at banks and other financial institutions, in a clearly specified fiduciary capacity, into which Cash and property of the Trust may be deposited, and draw checks or make withdrawals from such accounts, and to pay or distribute such amounts of the Trust Estate, all as permitted or required under the Plan and this Trust Agreement;

   (vi) To employ attorneys, accountants, real estate agents, real estate brokers, appraisers, expert witnesses, insurance adjusters, or other persons whose services may be reasonably necessary or advisable in the sole judgment of the Liquidating Trustee to advise or assist him in the discharge of his duties as Liquidating Trustee, or otherwise in the exercise of any powers vested in the Liquidating Trustee, and to pay reasonable compensation to such attorneys, accountants, real estate agents, real estate brokers, appraisers, expert witnesses, insurance adjusters, or other persons out of the Trust Estate;

   (vii) Pursuant to Section 1123(a)(5)(D) of the Bankruptcy Code, to sell or otherwise dispose of, and liquidate or convert to Cash, any assets of the Trust Estate, either subject to or free of any Lien, or distribute all or any part of the property of the Trust Estate among those having an interest in such property of the Trust Estate;

   (viii) To pay any and all reasonable and necessary expenses attributable or relating to the management, maintenance, operation, preservation, or liquidation of the Trust Estate;

   (ix) Unless otherwise provided in the Plan, to investigate, file, compromise, settle, withdraw, or litigate in the Bankruptcy Court or on appeal (or pursuant to a withdrawal of the reference of jurisdiction) objections to Class 8 Claims filed against the Debtor's Estate, the Trust Estate, or the Creditors Trust;

(x)     To sue or be sued in connection with any matter arising from or related to the Plan or this Trust Agreement that affects in any way the rights or obligations of the Creditors Trust, the Liquidating Trustee, or the Beneficiaries;

(xi)    To represent the interests of the Beneficiaries with respect to any matters relating to the Plan, this Trust Agreement, or the Creditors Trust affecting the rights of such Beneficiaries;

(xii)   If the Creditors Trust shall become subject to federal or state income tax, the Liquidating Trustee shall have the power, exercisable at his reasonable discretion, to take any action reasonably necessary to minimize any adverse federal or state income tax consequences to the Beneficiaries resulting from any distribution made by the Creditors Trust to such Beneficiaries;

(xiii)  In general, without in any manner limiting any of the foregoing or the following, to deal with the Trust Assets or any part or parts thereof in all other ways as would be lawful for any person owning the same to deal therewith; *provided, however*, that the investment powers of the Liquidating Trustee, other than those reasonably necessary to maintain the value of the Trust Assets of the Creditors Trust and to further the liquidating purpose of the Creditors Trust, are limited by the terms herein;

(xiv)   To do any and all other things, not in violation of any other terms of the Plan, the Confirmation Order, and this Liquidating Trust Agreement, which, in the reasonable business judgment of the Liquidating Trustee, are necessary or appropriate for the proper liquidation, management, investment and distribution of the assets of the Trust Estate in accordance with the provisions of this Trust Agreement and the Plan;

(xv)    To file tax returns for the Creditors Trust.

**4.3     Limitations on Liquidating Trustee; Investments**.

a.    **No Trade or Business**.  The Liquidating Trustee shall carry out the purposes of the Creditors Trust and the directions contained herein and shall not at any time cause the Creditors Trust to enter into or engage in any business (except as may be consistent with the limited purposes of the Creditors Trust), including, without limitation, the purchase of any assets or property (other than such assets or property as are reasonably necessary to carry out the purposes of the Trust Agreement, on behalf of the Creditors Trust or the Beneficiaries).  The Liquidating Trustee is directed to take all reasonable and necessary actions to dispose of the Trust Estate in as prompt, efficient, and orderly a fashion as possible, to make timely distributions of the proceeds of the Trust Estate, and to otherwise not unduly prolong the duration of the Creditors Trust.

b.    **Investments**.  Except as otherwise provided in the Plan, the Liquidating Trustee shall invest any monies held at any time as part of this Trust Estate, and every other reserve or escrow fund established pursuant to the terms of this Trust Agreement, only in interest-bearing deposits or certificates of deposit issued by any federally insured banking institution or short-term investments, including short-term obligations of, or unconditionally guaranteed as to payment by, the United States of America and its agencies or instrumentalities, pending the need for the disbursement thereof in payment of costs, expenses, and liabilities of the Creditors Trust or in

7

making distributions pursuant to Section 5 of this Trust Agreement. The Liquidating Trustee shall be restricted to the collection and holding of such monies and any income earned on such monies and to the payment and distribution thereof (at least annually if such monies are not necessary to maintain the value of the Trust Estate or to satisfy Claims against the Trust Estate) for the purposes set forth in the Plan and this Trust Agreement, and to the conservation and protection of the Trust Estate in accordance with the provisions hereof.

**4.4    Bankruptcy Court Approval of Settlements Are Not Required**. Notwithstanding the provisions of the Plan, the Liquidating Trustee is authorized to compromise and settle any Unsecured Class 8 Claim regardless of the amount of such Unsecured Class 8 Claim without Bankruptcy Court approval.

**4.5    Transferee Liabilities**. If any liability shall be asserted against the Creditors Trust, as transferee of the Trust Estate, on account of any claimed liability of or through the Debtor, the Liquidating Trustee may use such part of the Trust Assets as may be necessary in contesting any such claimed liability and in payment, compromise, settlement, and discharge thereof on terms reasonably satisfactory to the Liquidating Trustee. In no event shall the Liquidating Trustee be required or obligated to use his own property, funds, or assets for any such purposes.

**4.6    Administration of Trust**. In administering the Creditors Trust, the Liquidating Trustee, subject to the express limitations contained herein, is authorized and directed to do and perform all such acts, to execute and deliver such deeds, bills of sale, instruments of conveyance, and other documents as he may deem reasonably necessary or advisable to carry out the purposes of the Creditors Trust.

**4.7    Payment of Expenses and Other Liabilities**. The Liquidating Trustee shall pay all reasonable expenses, charges, liabilities and obligations of the Creditors Trust, including without limiting the generality of the foregoing, such debts, liabilities, or obligations as may be payable from the Trust Estate, interest, taxes, assessments, and public charges of every kind and nature, and the costs, charges and expenses in connection with or arising out of the execution or administration of the Creditors Trust and the Trust Estate, and such other payments and disbursements as are provided for in this Trust Agreement or which may be reasonably determined by the Liquidating Trustee to be proper charges against the Creditors Trust and the Trust Estate, and the Liquidating Trustee, in his reasonable discretion and business judgment may determine to be necessary or advisable to meet or satisfy unascertained, unliquidated or contingent liabilities of the Creditors Trust. The Liquidating Trustee shall make such payments without application to or order of the Bankruptcy Court, except as otherwise herein expressly provided.

**4.8    Liquidating Trustee Fees**. The Liquidating Trustee is entitled to reasonable compensation for services performed pursuant to the terms of and in accordance with the terms of this Trust Agreement. The Liquidating Trustee will be paid at their standard hourly rate customarily charged to other clients or such other compensation arrangement approved by the Bankruptcy Court as a part of confirmation of the Plan.

**4.9    Fiscal Year**. The Creditors Trust's fiscal year shall end on December 31 of each year, unless the Liquidating Trustee deems it advisable to establish some other date on which the fiscal year of the Creditors Trust shall end.

**4.10** **Reports**. The Liquidating Trustee shall:

a. Prepare and file unaudited interim financial reports as may be required by regulatory authorities, applicable laws, rules or regulations or as the Liquidating Trustee deems advisable during the fiscal year;

b. Prepare, file and mail, within the time required by applicable law or regulation, necessary income tax information, tax returns or reports to the Beneficiaries and applicable taxing authorities, including, on an annual basis, the manner and calculation of the Creditors Trust's taxable gain or loss which the Creditors Trust would recognize if it were a separate taxable entity. In this connection, the Liquidating Trustee shall file returns for the Creditors Trust as a grantor trust pursuant to Treasury Regulation Section 1.671-4(a); and

c. As soon as practicable after each calendar quarter, and in no event later than thirty (30) days after the end of each quarter, the Liquidating Trustee shall submit to the United States Trustee, and any Beneficiary who requests copies of such quarterly report after the Confirmation Date, an unaudited written report and account showing:

(i) the assets and liabilities of the Creditors Trust;

(ii) any distributions made and expenses paid pursuant to the Plan and the Trust Agreement during that calendar quarter;

(iii) any changes in the Trust Assets that have not been previously reported; and,

(iv) any material action taken by the Liquidating Trustee in the performance of his or her duties under the Trust Agreement that has not been previously reported.

**4.11** **Abandonment of Assets**. The Liquidating Trustee may abandon or otherwise not accept any Trust Assets that the Liquidating Trustee believes, in good faith, has no value or will be unduly burdensome to the Liquidating Trust by filing a notice of abandonment on the Bankruptcy Court's docket in this case or serving a notice of such abandonment upon Debtor. Any Trust Assets that the Liquidating Trustee so abandons or otherwise does not accept shall cease to be Trust Assets.

**SECTION V.** *PAYMENTS AND DISTRIBUTIONS.*

**5.1** **Distributions to Beneficiaries**.

a. As often as in the reasonable discretion and judgment of the Liquidating Trustee there shall be available cash in an amount sufficient to render feasible a distribution of Cash to the Beneficiaries, the Liquidating Trustee shall transfer and pay, or cause to be transferred and paid, to the Beneficiaries (subject to the provisions of Section 3 hereof) such aggregate amount of Available Cash, if any, as shall then be held in the Creditors Trust, excluding reasonable amounts of Cash needed to pay the expenses, debts, charges, liabilities and obligations of the Creditors Trust (the "Distribution Amount"). The aggregate amounts required to be distributed to the Beneficiaries shall be determined by the Liquidating Trustee pursuant to and in accordance

with the terms of the Plan and this Trust Agreement. The Distribution Amount(s) shall be paid to the Beneficiaries at least annually so long as there are sufficient funds to make distributions and shall be determined by the Liquidating Trustee in his reasonable discretion and his determination shall be final and conclusive on all persons, in the absence of gross negligence or willful misconduct on the part of the Liquidating Trustee, and shall not be reviewed by the Bankruptcy Court. In determining the amount of any such distribution, the Creditors Trust may rely and shall be fully protected in relying upon the advice and opinion of independent public accountants or of counsel to the Creditors Trust.

b. All payments to be made hereunder to the Beneficiaries shall be made only from the Available Cash, and income and proceeds thereof, and only to the extent that the Liquidating Trustee shall have received sufficient Available Cash, income or proceeds thereof to make such payments in accordance with the terms of this Section 5. Each Beneficiary shall look solely to the assets, income and proceeds of the Creditors Trust available for distribution to such Beneficiary as herein provided.

**5.2** **Establishment of the Claim Accounts**. The Liquidating Trustee will establish on the Creditors Trust's books and records an account representing each Allowed or Disputed Unsecured Class 8 Claim as set forth on the official claims register maintained by the Clerk of the Bankruptcy Court to the extent that such claim is participating in the Creditors Trust (each, a "Claim Account"). It is expressly understood that the establishment of the Claim Accounts by the Liquidating Trustee or his agents is solely for administrative convenience, and that amounts allocable to such Claim Accounts need not be segregated and may be commingled for investment purposes as specified herein. The Liquidating Trustee may rely on the official claims register as correct.

**5.3** **Distributions from Trust Estate**. Distributions will be made to the Beneficiaries in accordance with the terms of the Plan and the Claim Accounts will be adjusted by the Liquidating Trustee to reflect such distributions.

**5.4** **Fractional Distributions**. No distribution in fractions of cents shall be issued. If the Distribution Amount allocated to an Allowed Class 8 Claim or Interest at the time of a distribution hereunder would include fractions of cents, the amount to be distributed shall be rounded down to the highest integral number of cents in the applicable Claim Account, but such rounding down shall not affect such allocation. The aggregate amount of the retained fractional distributions from the Distribution Amount shall be retained in the Creditors Trust by the Liquidating Trustee and shall remain part of the Trust Estate.

**5.5** **Final Distribution**. Upon the final collection or liquidation of all of the assets, rights and interests comprising the Trust Estate, and in any event prior to the Termination Date (as defined in Section 5.6 hereof), the Liquidating Trustee shall prepare a final accounting of any and all monies remaining in any accounts maintained by the Liquidating Trustee on behalf of the Creditors Trust (the "Final Cash"). Once the amount of the Final Cash has been determined, the Liquidating Trustee shall make the Final Distribution, in accordance with the Plan and this Trust Agreement.

**5.6** **Termination Date**. The Creditors Trust shall terminate on such date that all assets in the Trust Estate have been distributed (the "Termination Date"). However, the term of the Creditors Trust shall not exceed five (5) years from the Effective Date, provided that, upon a finding that an extension is necessary to the liquidating purpose of the Creditors Trust and upon approval by the Bankruptcy Court, the term may be extended for a finite term based on the particular facts and circumstances. Each such extension must be approved by the Bankruptcy Court within six (6) months of the beginning of the extended term. The Liquidating Trustee shall be released of all liabilities and discharged from his or her obligations under the Plan or this Trust Agreement once the Creditors Trust has terminated.

**SECTION VI.**   *OTHER DUTIES OF THE LIQUIDATING TRUSTEE.*

**6.1** **Management of Trust Estate**. With respect to the assets of the Trust Estate, the Liquidating Trustee may purchase and maintain in existence such insurance as the Liquidating Trustee deems reasonable and necessary or appropriate from time to time to protect the Creditors Trust, the Trust Assets, the Liquidating Trustee, and the Beneficiaries' interests in the assets of the Trust Estate or from any potential claims or liabilities relating thereto or the distribution thereof.

**6.2** **Tax and Related Matters**. Pursuant to and in accordance with the Plan, the Liquidating Trustee shall be responsible for all tax matters of the Trust Estate, including, but not limited to, the filing of all tax returns and other filings with governmental authorities on behalf of the Trust Estate for time periods ending on or before the final tax day, including the filing of tax returns for the Creditors Trust as a grantor trust pursuant to § 1.671-4(a) of the United States Income Tax Regulations, the filing of determination requests under Section 505(b) of the Bankruptcy Code, and responding to any tax audits of the Trust Estate. The Liquidating Trustee shall provide such information to the Beneficiaries as will enable them to properly file their separate tax returns and withhold and pay over any amounts required by tax law. The Liquidating Trustee is authorized to act as agent for the Trust Estate in withholding or paying over any amounts required by law (including tax law) to be withheld or paid with respect to the Trust Estate. The Creditors Trust shall file all income tax returns with respect to any income attributable to the Disputed Claims Reserve and shall pay the federal, state, and local income taxes attributable to the Disputed Claims Reserve, based on the items of income, deduction, credit, or loss allocable thereto. The Liquidating Trustee shall be entitled to deduct any federal or state withholding taxes from any payments made with respect to Allowed Unsecured Claims, as appropriate.

**6.3** **No Implied Duties**. The Liquidating Trustee shall not manage, control, use, sell, dispose, collect, or otherwise deal with the Trust Estate or otherwise take any action hereunder except as expressly provided herein, and no implied duties or obligations whatsoever of the Liquidating Trustee shall be read into this Trust Agreement.

**SECTION VII.**   *CONCERNING THE LIQUIDATING TRUSTEE.*

**7.1** **Acceptance by Liquidating Trustee**. The Liquidating Trustee accepts the Creditors Trust hereby created for the benefit of the Beneficiaries and agrees to act as Liquidating Trustee of the Creditors Trust pursuant to the terms of this Trust Agreement and the Plan. The Liquidating Trustee shall have and exercise the rights and powers herein granted and shall be charged solely with the performance of the duties herein declared on the part of Liquidating

Trustee.  The Liquidating Trustee also agrees to receive and disburse all monies actually received by him constituting part of the Trust Estate pursuant to the terms of this Trust Agreement and the Plan.

**7.2** **Discretionary Submission of Questions**.  Subject to the provisions of this Section 7, the Liquidating Trustee, in his sole discretion and reasonable business judgment, may, but shall not be required to, submit to the Bankruptcy Court, from time to time, any question or questions with respect to which the Liquidating Trustee may desire to have explicit approval of the Bankruptcy Court for the taking of any specific action proposed to be taken by the Liquidating Trustee with respect to the Trust Estate, or any part thereof, and the administration and distribution of the Trust Estate.  The written authorization of the Bankruptcy Court set forth in a Final Order shall constitute approval by the Bankruptcy Court of the proposed action to be taken by the Liquidating Trustee.  All costs and expenses incurred by the Creditors Trust in the exercise of any right, power, authority conferred by this Section 7.2 shall be costs and reasonable expenses of the Trust Estate.

**7.3** **Liability of the Liquidating Trustee**.

a. **Limitation on Liability**.  No provision of this Trust Agreement shall be construed to impart any liability upon the Liquidating Trustee unless it shall be proven that the Liquidating Trustee's actions or omissions constituted gross negligence or willful misconduct in the exercise of or failure to exercise any right or power vested in the Liquidating Trustee under this Trust Agreement.

b. **Reliance on Certificates or Opinions**.  In the absence of gross negligence or willful misconduct on the part of the Liquidating Trustee, the Creditors Trust may conclusively rely on the truth of the statements and correctness of the opinions expressed upon any certificates or opinions furnished to the Liquidating Trustee and conforming to the requirements of this Trust Agreement.

c. **Discretion of Liquidating Trustee**.  The Liquidating Trustee, within the limitations and restrictions expressed and imposed by this Trust Agreement, may act freely under all or any of the rights, powers and authority conferred hereby, in all matters concerning the Trust Estate, after forming his best reasonable business judgment based upon the circumstances of any particular question or situation as to the best course to pursue, without the necessity of obtaining the consent or permission or authorization of the Beneficiaries, the Bankruptcy Court, or of any official or officer; and the rights, powers and authority conferred on the Liquidating Trustee by this Trust Agreement are conferred in contemplation of such freedom of reasonable business judgment and action within the limitations and restrictions so expressed and imposed; *provided, however*, that the Liquidating Trustee shall not be liable for any error or exercise of judgment, unless it shall be proved that such Liquidating Trustee was grossly negligent or acted in a manner which constituted willful misconduct.

**7.4** **Reliance by Liquidating Trustee**.

a. **Genuineness of Documents**.  The Liquidating Trustee may rely and shall be protected in acting upon any resolution, certificate, statement, instrument, opinion, report,

12

notice, request, consent, objection, order, judgment, decree, or other paper or document reasonably believed by him to be genuine and to have been signed, made, entered or presented by the proper party, parties, official, officials, entity or entities.

        b.      **Retention of Counsel**.  The Liquidating Trustee may retain and consult with legal counsel, independent public accountants and other experts.  The Liquidating Trustee shall not be liable for any action taken or suffered by him or omitted to be taken by him without gross negligence or willful misconduct in reliance on any opinion or certification of such accountants or in accordance with the advice of such counsel or experts, provided that such accountants, counsel and experts were selected and retained with reasonable care.

        **7.5**      **Reliance on Liquidating Trustee**.  No person dealing with the Liquidating Trustee shall be obligated to see to the application of any monies, securities, or other property paid or delivered to them or to inquire into the expediency or propriety of any transaction or the right, power, or authority of the Liquidating Trustee to enter into or consummate the same upon such terms as the Liquidating Trustee may deem advisable.  Persons dealing with the Liquidating Trustee shall look only to the Trust Estate to satisfy any liability incurred by the Liquidating Trustee to such persons in carrying out the terms of this Trust Agreement, and, except as otherwise expressly provided herein, the Liquidating Trustee shall have no personal, individual or corporate obligation to satisfy any such liability.

        **7.6**      **Indemnification**.

        a.      **Indemnification of Liquidating Trustee and Agents**.  The Liquidating Trustee hereby agrees that the Creditors Trust will indemnify to the full extent of the Trust Estate any person or entity who was or is a party, or is threatened to be made a party to any threatened, pending, or completed action, suit or proceeding, whether civil, criminal, administrative, or investigative by reason of the fact that such person or entity is or was a Liquidating Trustee or an employee, attorney or agent of the Creditors Trust or Liquidating Trustee, from and against any and all expenses (including attorneys' fees), judgments, fines and amounts paid in settlement actually and reasonably incurred by such person or entity in connection with such action, suit or proceeding, including appeals thereof, if such person or entity acted without gross negligence and willful misconduct in the exercise and performance of any power or duties of such person or entity in accordance with this Trust Agreement.

        b.      **Payment of Expenses**.  Expenses (including attorneys' fees) incurred in defending any action, suit, or proceeding referred to in this Section 7.6 may be paid by the Creditors Trust from the Trust Assets in advance of the final disposition of such action, suit, or proceeding, upon an undertaking by the Liquidating Trustee or an employee or agent of the Creditors Trust entitled to be indemnified.

        c.      **Insurance**.  The Creditors Trust may maintain insurance during its existence and after its termination, at its expense, to protect itself and the Liquidating Trustee, and each of their officers, employees or agents of and from any liability, whether or not the Creditors Trust would have the legal power to directly indemnify the Liquidating Trustee and each of its officers, employees, or agents against such liability.  The terms "Liquidating Trustee," "employer"

or "agent" as used herein, where applicable, include the heirs, successors, executors, administrators, personal representatives, or estates of such persons or entities.

         d.    **Costs and Expenses of Liquidating Trustee**. Except as set forth in subsection c, the Liquidating Trustee shall pay out of the Trust Assets, on a monthly basis and without notice or application to the Bankruptcy Court, all reasonable costs, expenses, and obligations incurred by the Liquidating Trustee in carrying out his duties under the Liquidating Trust Agreement or in any manner connected, incidental, or related to the administration of the Creditors Trust, including, without limitation:

         (i)    Any reasonable, documented fees and out-of-pocket expenses of attorneys, accountants, investment advisors, expert witnesses, insurance adjusters, professionals, or other persons whom the Liquidating Trustee may reasonably deem advisable to employ in connection with the Creditors Trust in accordance with the terms of this Trust Agreement; and

         (ii)    Any taxes, charges and assessments which may be owed by, or levied or assessed against, the Trust Estate or any property held in trust pursuant to the Trust Agreement.

After the Effective Date of the Plan, any professionals who have received reimbursement of fees and expenses from the Creditors Trust shall apply to the Bankruptcy Court for approval of such fees and expenses no less than once every six (6) months.

    **7.7**    **Resignation and Removal**.

         a.    **Resignation**. The Liquidating Trustee may resign and be discharged from any future obligations and liabilities hereunder by giving written notice thereof to the Bankruptcy Court at least thirty (30) days prior to the effective date of such resignation. Such resignation shall become effective on the date specified in such notice.

         b.    **Removal**. The Liquidating Trustee may be removed at any time by order of the Bankruptcy Court upon motion by any party in interest, pursuant to the standard under applicable law for removal of a Chapter 7 trustee. Upon any such removal, such removed Liquidating Trustee shall be entitled to any reimbursement and indemnification set forth in this Trust Agreement which remain due and owing to such Liquidating Trustee at the time of such removal.

         c.    **Appointment of a Successor Liquidating Trustee**. If, at any time, the Liquidating Trustee shall give notice of his intent to resign pursuant to Section 7.7 hereof or be removed or shall become incapable of acting, counsel to the Liquidating Trustee shall provide notice thereof to the Bankruptcy Court. The Creditors Committee or the United States Trustee, with the approval of the Bankruptcy Court, shall designate a successor Liquidating Trustee to act under this Trust Agreement.

         d.    **Acceptance of Appointment by Successor Liquidating Trustee**. Any successor Liquidating Trustee appointed hereunder shall execute an instrument accepting such appointment hereunder and shall deliver counterparts thereof to the Bankruptcy Court. Thereupon, such successor Liquidating Trustee shall, without any further act, become vested with all of the

estates, properties, rights, powers, trusts, and duties of his predecessor in the Creditors Trust hereunder with like effect as if originally named herein.

        e.    **Trust Continuance**. The death, resignation, incompetency, or removal of the Liquidating Trustee shall operate neither to terminate the Creditors Trust created by this Trust Agreement nor to revoke any existing agency created pursuant to the terms of this Trust Agreement or invalidate in any action theretofore taken by such Liquidating Trustee. In the event of the resignation or removal of the Liquidating Trustee, such Liquidating Trustee shall (i) promptly execute and deliver any such documents, instruments, and other writing as maybe necessary to effect the termination of such Liquidating Trustee's capacity under this Trust Agreement and the conveyance of the Trust Estate then held by such Liquidating Trustee to the temporary or successor trustee; (ii) deliver to the temporary or successor trustee all documents, instruments, records, and other writings relating to the Creditors Trust or Trust Estate as may be in the possession of such Liquidating Trustee; and (iii) otherwise assist and cooperate in effecting the transfer and assumption of his obligations and functions by the temporary or successor trustee.

**SECTION VIII.** *SUPPLEMENTS AND AMENDMENTS TO THIS LIQUIDATING TRUST AGREEMENT.*

    **8.1**    **Supplements and Amendments**. Subject to the provisions of Sections 2, 8.2, and 8.3 hereof, at any time and from time to time, and subject to approval by the Bankruptcy Court if sought by the Liquidating Trustee pursuant to Section 7.2 of this Trust Agreement, the Liquidating Trustee may execute a supplement or amendment hereto for the purpose of adding provisions to, or changing or eliminating provisions of, this Trust Agreement, or amendments thereto; *provided, however*, that no such supplement or amendment shall (i) require any Beneficiary to furnish or advance funds to the Liquidating Trustee or shall entail any additional personal liability or the surrender of any individual right on the part of any Beneficiary except with the written consent of such Beneficiary, or (ii) without the consent of those Beneficiaries holding not less than seventy-five percent (in aggregate dollar amount) of the Beneficial Interests, change or modify any other provisions for distribution of the Trust Estate. In no event shall this Trust Agreement be amended so as to change the purposes of the Creditors Trust as set forth in Section 2 or the treatment of Claims under the Plan and this Trust Agreement.

    **8.2**    **Liquidating Trustee, Declining to Execute Documents**. If, in the reasonable opinion of the Liquidating Trustee, any document required to be executed pursuant to Section 8.1 hereof materially and adversely affects any immunity or indemnity in favor of the Liquidating Trustee under this Trust Agreement, the Liquidating Trustee may in his discretion decline to execute such document.

    **8.3**    **Notice of Form of Supplement and Amendments Requiring Vote or Consent**. A copy of each amendment or supplement (or a fair summary thereof) shall be furnished to the Beneficiaries, promptly after the execution thereof, except that with respect to any proposed amendment or supplement for which the consent of the Beneficiaries is required, the form of such proposed supplement or amendment (or a fair summary thereof) shall be furnished to the applicable Beneficiaries prior to the Liquidating Trustee seeking the approval thereof by vote or consent of such necessary parties.

**8.4    Notice and Effect of Executed Amendment**. Upon the execution of any declaration of amendment or supplement, this Trust Agreement shall be deemed to be modified and amended in accordance therewith and the respective rights, limitations of rights, obligations, duties and immunities under this Trust Agreement of the Liquidating Trustee and the Beneficiaries shall thereafter be determined, exercised and enforced hereunder subject in all respects to such modification and amendment, and all the terms and conditions of any such amendment or supplement shall be thereby deemed to be part of the terms and conditions of this Trust Agreement for any and all purposes.

**SECTION IX.    *MISCELLANEOUS*.**

**9.1    Title to Trust Estate**. No Beneficiary or any other party other than the Creditors Trust shall have title to any part of the Trust Estate.

**9.2    Sales of Assets of the Trust Estate**. Any sale or other conveyance of any assets of the Trust Estate, or part thereof, by the Liquidating Trustee made in accordance with the terms of this Trust Agreement shall bind the Beneficiaries and shall be effective to transfer or convey all right, title and interest of the Liquidating Trustee and the Beneficiaries in and to such asset of the Trust Estate.

**9.3    Notices**. Unless otherwise expressly specified or permitted by the terms of the Plan or this Trust Agreement, all notices shall be in writing and delivered by registered or certified mail, return receipt requested, or by a hand or facsimile transmission (and confirmed by mail), in any such case addressed as follows:

**If to the Liquidating Trustee**:

The Official Committee of Unsecured
Creditors, as Liquidating Trustee

_____
_____
_____


**If to any Beneficiary**:

addressed to its latest mailing address reflected on the Claims List.

**If to the Debtor**:

Teri G. Galardi
2146 Hwy 42 South
Flovilla, Georgia 30216

**With a copy to**:
Louis G. McBryan
McBryan, LLC
6849 Peachtree Dunwoody Road

Building B-3, Suite 100
Atlanta, Georgia 30328
lmcbryan@mcbryanlaw.com
Counsel for Debtor

And a copy to:
Christopher W. Terry
BOYER TERRY LLC
348 Cotton Avenue, Suite 200
Macon, Georgia 31201
chris@boyerterry.com
Counsel for Debtor

      **9.4**    **Severability**.  Any provision of this Trust Agreement which is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions thereof, and any such prohibition or unenforceability in any jurisdiction shall not invalidate or render unenforceable such provision in any other jurisdiction.

      **9.5**    **Counterparts**.  This Trust Agreement may be executed in multiple counterparts, each of which shall constitute an original, but all of which together shall constitute one and the same instrument.

      **9.6**    **Binding Agreement**.  All covenants and agreements contained herein shall be binding upon, and inure to the benefit of, the Debtor and her respective successors and assigns, the Liquidating Trustee and his respective successors and assigns and any successor Liquidating Trustee provided for in Section 7, his respective successors and assigns, and the Beneficiaries, and their respective personal representatives, successors and assigns.  Any request, notice, direction, consent, waiver or other instrument or action by any party hereto or any Beneficiary shall bind their respective heirs, personal representatives, successors and assigns.

      **9.7**    **No Personal Liability of Beneficiaries**.  The Beneficiaries will not incur any personal liability through their ownership or possession of their Beneficial Interests, except for taxes imposed on the Beneficiaries pursuant to applicable provisions of federal, state or local law with respect to the receipt of such Beneficial Interests or distributions from or transactions of the Creditors Trust and other charges specified herein.  Liabilities of the Creditors Trust are to be satisfied in all events (including the exhaustion of the Trust Estate) exclusively from the Trust Estate and such liabilities are not to attach to or be paid from any amounts distributed to the Beneficiaries, regardless of the time at which such distribution took place, or from the assets of the Beneficiaries.

      **9.8**    **Headings**.  The headings of the various Sections herein are for convenience of reference only and shall not define or limit any of the terms or provisions hereof.

      **9.9**    **Construction**.  Except where the context otherwise requires, words importing the masculine gender shall include the feminine and the neuter, if appropriate; words importing the

singular number shall include the plural number and vice versa; and words importing persons shall include partnerships, associations, and corporations.

      9.10    **Governing Law**.  This Trust Agreement, including all matters of construction, validity and performance hereof, shall in all respects be governed by, and construed and interpreted in accordance with the internal laws of the State of Georgia without reference to the choice of law provisions of the same.

      9.11    **Construction with the Plan**.  The Plan is hereby incorporated fully by reference and is made a part hereof for all purposes.  In the event of any inconsistency or conflict between the terms, conditions, definitions and provisions of this Trust Agreement and the terms, conditions and provisions of the Plan, the terms, conditions, definitions, and provisions of the Plan shall control.

      9.12    **Subject to Bankruptcy Court's Jurisdiction**.  The Bankruptcy Court shall retain jurisdiction over this Creditors Trust, the Trust Estate, the Liquidating Trustee, and the Debtor to issue all orders and to take other actions necessary to the implementation of this Trust Agreement, such jurisdiction to include, without limitation, the jurisdiction contemplated by Section 1142 of the Bankruptcy Code.

      9.13    **Intention of the Parties**.  The Debtor, the Beneficiaries and the Liquidating Trustee hereby express their intent to create and maintain the Creditors Trust as a liquidating trust for Federal income tax purposes in accordance with Treasury Regulation §301.7701-4(d) and as a "grantor trust" subject to the provisions of Subchapter J, Subpart E of the IRC, and the Liquidating Trustee further represents that the Creditors Trust shall not: (a) receive transfers of listed stocks or securities, any readily-marketable assets (other than those constituting the Trust Estate), or any assets of a going business; or (b) receive and will not retain Cash in excess of a reasonable amount to meet claims and contingent liabilities, determined in the reasonable discretion of the Liquidating Trustee in accordance with the provisions of Section 4 and 5 hereof.

      **IN WITNESS WHEREOF**, the parties have executed and have hereunto caused this Liquidating Trust Agreement to be duly executed, as of the day and year first written above.


| | |
|---|---|
| **Liquidating Trustee of the Galardi Creditors Trust** | **TERI G. GALARDI** |
| | |
| _____ | _____ |
| Title: Liquidating Trustee | **Teri G. Galardi, Debtor** |

# EXHIBIT "A"

GALARDI CREDITORS TRUST

**List of "Trust Assets"**

Cash:

| | | |
|---|---|---:|
| 1. | Capital Contribution from Teri G. Galardi: | $2,500,000.00 |
| 2. | Net Sale Proceeds - Red Eyed, Inc.: | $500,000.00 |
| 3. | Net Sale Proceeds - JGP&P, LLC: | $1,382,007.49 |
| 4. | Net Sale Proceeds - 2121 North Highlands, Las Vegas, NV: | $734,189.25 |
| 5. | Estimate Net Sale Proceeds - Tract B, Golf Course Frontage, Naples, FL: | $501,620.62 |

Real Property:

| | | |
|---|---|---:|
| 6. | 18511 Royal Hammock Blvd, Naples, Florida | Est. $640,000.00 |
| 7. | 4766 Frontage Road, Forest Park, Georgia | Est. $400,000.00 |
| 8. | 504-506 SE 11th Court, Fort Lauderdale, FL | Est. $835,000.00 |

Promissory Note:

| | | |
|---|---|---:|
| 9. | GCT Promissory Note from Teri G. Galardi: | Est. $2,343,200.00 |
| 10. | Adams Promissory Note assigned from Teri G. Galardi: | $249,456.18 |

2