**IN THE UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| **TERI G. GALARDI.** | CASE NO.22-50035-JPS |
| Debtor. | |

_____

**OBJECTION TO JOINT CHAPTER 11 PLAN OF REORGANIZATION OF TERI G. GALARDI AND THE COMMITTEE OF UNSECURED CREDITORS**

Secured Creditor, Wells Fargo Bank, N.A. (herein "Wells Fargo"), hereby files its Limited Objection to the Joint Chapter 11 Plan of Reorganization of Teri G.Galardi and the Committee of Unsecured Creditors (the "Plan"). (*See*, Dkt. No.299).

## I.    STATEMENT OF FACTS

**A.    LOAN HISTORY**

1. On September 15, 2008, Debtor Teri G. Galardi, and Non-Debtor, Michael A. Porter ("Co-Borrower") executed a promissory note in the principal sum of $525,000 (the "Note") that was made payable to Wachovia Mortgage, FSB ("Lender"). A copy of the Note is attached to Wells Fargo's Proof of Claim on file in this matter, Claim No.111-1, and incorporated herein by this reference. (See, Proof of Claim 111-1).

2. The Note is secured by a recorded Mortgage (the "Mortgage") encumbering the real property located at 15820 SW 53rd Court, Southwest Ran, FL 33331 ("Property"). (*See*, Proof of Claim No.111-1). The Note and Deed of Trust may be referred to collectively hear in as the "Loan."

3. Subsequently, all of the Lender's interest in the Loan was assigned and transferred to Wells Fargo. (See, Proof of Claim No.111-1).

B.    THE BANKRUPTCY CASE

5.    On January 1, 2022, the Debtor filed a voluntary petition for relief pursuant to Chapter 11 of the United States Bankruptcy Code and was assigned bankruptcy case number 22-50035-JPS (the "Bankruptcy Case"). (*See* Dkt. No. 1).

6.    Wells Fargo filed its Proof of Claim against the Debtor's estate asserting a Secured Claim in the amount of $502,384.28, secured by the Property, with pre-petition arrears in the amount of $34,802.24. (*See*, Claim No.111-1).

7.    On October 12, 2022, the Committee of Unsecured Creditors ("Committee") filed a Motion for Authority to Allow the Committee to file Avoidance Actions on Behalf of the Debtor's Estate ("Motion to Authorize") related to certain pre-petition transfers by Debtor of various identified property, including the Wells Fargo Property. (*See*, Dkt. No.210). It appears the Debtor and Co-Borrower/Co-owner/Non-Debtor, Michael Porter, transferred their interest in the Property to the Jackson Galardi & Grace Galardi Trust for their Grandchildren on or about November 29, 2017. (Id). The Committee recently Noticed this Motion to Authorize for hearing in connection with the Confirmation Hearing. (*See*, Dkt. No.312)

8.    On February 16, 2022, the Debtor and Committee filed a Joint Chapter 11 Plan of Reorganization with the Court that has also been set for Conformation ("Plan"). (*See,* Dkt. Nos.299 and 309, *respectively*). The Plan identifies Wells Fargo's Claim as a Class 4A Unimpaired Claim on the Property. The Plan provides that the Class 4A Secured Claim of Wells Fargo shall be paid in full in accordance with the existing loan documents through equal monthly installment payments of $4,674.66. The Debtor and her husband, Michael Porter, shall continue making such monthly installment payments on the same date of each consecutive month until paid in full. Wells Fargo shall retain its lien and security interest in its collateral to the same extent, validity and priority as

such existed on the filing date pursuant to 11 U.S.C. § 1129(b)(2)(A). The underlying loan documents shall remain in effect, *except as expressly modified herein*, until the Debtor and her husband have paid Wells Fargo's Class 4A Secured Claim in full. The Debtor shall guaranty adequate insurance and payment of all property taxes as the same become due in connection with Well Fargo's Collateral during the pendency of this Plan.

9.  The Plan treatment similarly provided the following default provisions. A failure by Reorganized Debtor to make a payment under Class 4A, pursuant to the terms of the Plan, shall be an event of default as to the holder of the Class 4A Claim. In the event of a default under Class 4A, the holder of the Class 4A Claim must send written notice ("Default Notice") to Reorganized Debtor. Such Default Notice must contain the reason for the default and if such default is monetary, the amount of the default and amount necessary to cure the default, as well as notice that Reorganized Debtor has fifteen (15) days from receipt by Debtor and Debtor's counsel of the Default Notice (or the following business day if the fifteenth (15th) day does not fall on a business day) to cure such default (and the address for payment, which will accept overnight deliveries, in the event of a monetary default).. In the event of an uncured default following proper Default Notice procedures, the holder of a Class 4A defaulting claim may (a) enforce the entire amount of its Class 4A Claim; (b) exercise any and all rights and remedies it may have under applicable non-bankruptcy law; and (c) seek such relief as may be appropriate in the Bankruptcy Court.

10.  Wells Fargo is filing this Objection out of an abundance of caution as it seeks clarification as to the treatment of its claim.

## II. ARGUMENT

11.  11 U.S.C. § 1129(a)(1) provides that a court shall confirm a plan only if it complies

with the applicable provisions of the bankruptcy code. In order for a chapter 11 plan to be confirmed, the plan proponent must demonstrate, *by a preponderance of the evidence*, that the requirements of 11 U.S.C. § 1129 are satisfied. *United States v. Arnold & Baker Farms,* 177 B.R. 648, 654 (9th Cir.BAP1994), *aff'd,* 85 F.3d 1415 (9th Cir.1996), *cert. denied* 519 U.S. 1054 (1997)(emphasis added). Further, a Court has an independent duty to determine if a Chapter 11 Plan is confirmable, even if no objection to said plan has been filed. *See, In re Future Entergy Corp.*, 83 B.R. 470, 484 (BC SD OH 1988); *In re Coastal Equities, Inc.*, 33 B.R. 898, 906 (BC SD CA 1983). The burden of proof is on the debtor to provide sufficient evidence that a Chapter 11 Plan is confirmable. *See, In re Lennox*, 909 F.2d 737, 739 (9th Cir. 1990).

### A. WELLS FARGO OBJECTS TO THE PLAN AND SEEKS TO CLARIFY THAT ITS CLAIM IS TRULY UNIMPAIRED AS CERTAIN LANGUAGE AND/OR PROVISIONS IN THE PLAN ARE UNCLEAR.

12. Pursuant to 11 U.S.C. §1123(a), a proposed chapter 11 plan ***shall*** designate classes of claims, identify impaired or unimpaired claims, and if claim is impaired, the treatment of that claim. See, 11 U.S.C. §1123(a)(1), (2) and (3) [emphasis added]. *See, In re Polytherm Indus., Inc.* (33 B.R. 823, 929 (Bankr. WDWI 1983) (Denying confirmation where unimpaired classes not specified). This is important because it identifies who is entitled to vote on the Chapter 11 Plan. *See*, 11 U.S.C. §1126(a), (f).

13. In the present matter, the Debtor and Committee's Plan expressly states that Wells Fargo's claim is "unimpaired" and thus not entitled to vote on the Plan. (See, Dkt. No.299 (Sections 3.2.4, 4A 7.2)

14. 11 USC §1124, provides in pertinent that a class of claims or interests is impaired under the Plan:

> "… *unless* with respect to said claim or interest, the plan leaves unaltered the legal, equitable and contractual rights to which such claim or interest entitles the holder of such claim or interest or…. A) cures any such default that occurred before or

after commencement of the case under this title, other than a default of a kind specified in section 365(b)(2) or of a kind that section 365(b)(2) expressly does not require to be cured, (B) reinstates the maturity of such claim or interest as existed before such default, (C) compensates the creditor for any damages incurred as a result of any reasonable reliance on such contractual provisions or applicable law…..and (E) does not otherwise alter the legal, equitable or contractual rights to which such claim or interest entitles the creditor."   See, 11 U.S.C. §1124(1), (2) [emphasis added].  See, 11 U.S.C. §1124[emphasis added]

15. Generally, any alteration of rights constitutes impairment, even if the value of the rights is enhanced.  *See, In re Wabash Valley Power Ass'n*, 72 F.3d 1305, 34 C.B.C2d 877 (7th Cir. 1995), *cert. denied*, 519 U.S. 965, 117 S.Ct 389, 136 L.Ed.2d 305 (1996); *Accord, In re L&J Anaheim Assoc.*, 995 F.2d 940, 942-943 (9th Cir. 1993); *but see, In re Boston Post Road, Ltd. Partnership*, 154 B.R. 617 (D. Conn. 1993), aff'd, 21 F.3d 477, 30 C.B.C2d 1528 (2nd Cir. 1994), *cert., denied*, 513 U.S. 1109, 115 S. Ct. 897, 130 L.Ed 2d 782 (1995).  The burden is squarely upon the debtor to demonstrate that a plan leaves a creditor's rights unaltered.  *See, In re Reuter*, 427 B.R. 727 (Bankr. W.D. Mo. 2010), decision aff'd, 443 B.R. 427, 54 Bankr. Ct. Dec. (CRR) 68, Blue Sky L. Rep (CCH) P 74899 (B.A.P. 8th Cir. 2011).

12. If a debtor is seeking to "cure" a default under §1124 and remain unimpaired said cure must be completed by the effective date of the plan and in accordance with the loan documents.  See, 11 U.S.C. 1123(d); *In re Tri-Growth Centre City, Ltd*., 136 B.R. 848, 852 (BC SD CA 1992) (Proposed cure of default by Chapter 11 Plan must be made by the effective date of the plan); *In re Schatz*, 426 B.R. 24, 27 (BC D. N.H. 2009) ("It seems then that cure under §1124(2) must occur, in full, prior to or on the effective date of the plan in order to restore the parties to their pre-default state"); *In re Jones*, 32 B.R. 951

(BC D. Utah 1983) (Cure and compensation required by section of Bankruptcy Code governing impairment of claims or must be completed by effective date of plan if impairment is to be avoided). Indeed, a debtor cannot take advantage of the power to reinstate other than pursuant to a plan. *See, In re Bedford Dr. Corp*. 778 F.2d 1374, 1380, (9th Cir. 1985).

13. Initially, the Plan does not reference or mention the fact that any contractual arrears on Wells Fargo's claim would be cured on the Effective Date, which would be more appropriate given Wells Fargo's Proof of Claim did reflect pre-petition arrears in excess of $34,000. (*See*, Claim No.111-1). Nonetheless, Wells Fargo can confirm that the Loan has been brought current and it is currently contractually due for the April 1, 2023 payment and the contractual monthly payment of principal, interest and escrow is $5,516.50. Thus, the Plan does have the incorrect payment amount, but payments are being made.

14. However, Wells Fargo has concerns about certain language in the Plan. Specifically, "…The underlying loan documents shall remain in effect, *except as expressly modified herein*, until the Debtor and her husband have paid Wells Fargo's Class 4A Secured Claim in full."

15. If Wells Fargo's Claim is unimpaired in accordance with Section 1124, the Loan documents cannot be modified or altered, including with respect to what constitutes a default under the Loan, notices required thereunder and/or time periods to cure such default. In light of the same, and to avoid any confusion, Wells Fargo respectfully requests that "*except as expressly modified herein*" language simply be stricken to avoid any confusion. Otherwise, Wells Fargo has concerns about what the scope of the "modification herein" truly is under the Plan. Is the Plan referring to the treatment solely set forth in Section 3.2.4, or in the Plan as a whole? Certainly Wells Fargo has concerns if "herein" is

referring to the Plan as there are other provision in the Plan that would substantively conflict with the Loan Documents.

16. For example, the Property securing Wells Fargo's claim is in Florida. Ultimately, state substantive law controls the rights of note and lienholders in bankruptcy proceedings. *See United States v. Butner*, 440 U.S. 48, 54-55 (1979) (nature and extent of property interests in bankruptcy are determined by applicable state law). However, Section 10.11 of the Plan related to governing law says that the rights and obligations arising under the Plan would be construed under the laws of Georgia. This could be construed as a conflict with the Loan Documents. This is meant to be illustrative of why Wells Fargo wants the language in question to be stricken to avoid any confusion.

17. Further, there is another important reason Wells Fargo's claim should remain clearly unimpaired. That is because the Debtor is only a co-borrower on the Loan. The other Co-Borrower, Mr. Michael Porter, is not a debtor in this bankruptcy proceeding. Wells Fargo objects to confirmation of the Plan to the extent it violates 11 U.S.C. § 524(e) as it would to discharge the liability of a non-filing party or seek to modify the non-debtor's obligations under the Loan in any way. 11 U.S.C. § 524(a)(2) states that the effect of a discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." 11 U.S.C. § 524(a)(2). In other words, section 524(a) provides for the discharge of personal liability on certain debts of the Debtor. Section 524 does not, however, provide for the release of personal liability for a third party non-debtor. To the contrary, 11 U.S.C. § 524(e) provides

that a "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt." 11 U.S.C. § 524(e

18. Wells Fargo understands it may need to file a Motion for Relief from the Automatic Stay in the event of a post-confirmation default prior the closing of the case or Final Decree; however, it should be permitted to follow the Loan documents with respect to what constitutes a default, related notices and timing to cure such default.

19. Accordingly, Wells Fargo expressly requests that language be stricken to avoid confusion and ensure Wells Fargo's claim is unimpaired under the Plan, and .that Loan Documents should govern what constitutes a default, and default notice requirements, not the Plan.

20. Wells Fargo is also seeking confirm the Loan remains escrowed for property taxes and/or insurance.  At the time of the Bankruptcy Filing, the claim was clearly escrowed for property taxes and/or insurance. (*See*, Claim No.111-1). The Plan contains the following; however, "[t]he Debtor shall guaranty adequate insurance and payment of all property taxes as the same become due in connection with Well Fargo's Collateral during the pendency of this Plan."  What does this mean exactly?  If the Debtor merely seeks to leave the account escrowed and continue to make the payment with the necessary escrow portion, it could simply state that.  Is the Debtor intending to de-escrow the loan?  If so, that's an impairment, and Wells Fargo Objects to the same.  It would prefer the Loan remain escrowed.

21. Accordingly, Wells Fargo respectfully requests the Court deny confirmation of the Plan, or require the Plan be amended to strike the language in question, clarify that default shall be governed in accordance with the Loan Documents, and that the Loan

shall remain escrowed for Property taxes and insurance to avoid any confusion post-confirmation. Counsel for Wells Fargo will reach out to the parties' respective counsel to try and resolve this Objection prior to time of hearing

**B.    WELLS FARGO SEEKS CLARIFICATION AS TO THE COMMITTEE'S AVOIDANCE ACTION MOTION.**

22.    Wells Fargo is aware of the Committee's Motion for Authority seeks to claw-back the various pre-petition property transfers, including that related to the Wells Fargo's Property. Generally, Wells Fargo has no objection to the Motion for Authority, but it does seek clarification as to what the Committee's or estate's authority is here, and with respect to the results of the unwinding of the transaction. Wells Fargo understands that prior to the unauthorized transfer to the Trust, the Property was jointly titled in the name of the Debtor and her husband, Non-Debtor/Co-Borrower Michael A. Porter. (*See*, Proof of Claim No.111-1).

23.    11 U.S.C. § 541(a)(1) provides that property of the Bankruptcy Estate are those legal or equitable interests of the *Debtor* in property as of the commencement of the Debtor's case. See, 11 U.S.C. § 541(a)(1)[emphasis added]. 11 U.S.C. § 506(a)(1) provides in pertinent part "…that an allowed claim of a creditor secured by a lien on property in which *the estate has an interest*…." See, 11 U.S.C. § 506(a)(1)[emphasis added]/

24.    28 U.S.C. § 1334(e) prescribes: "(e) The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction— (1) of all the property, wherever located, **of the debtor** as of the commencement of such case, and of property of the estate; and (2) over all claims or causes of action that involve construction of section 327 of title 11, United States Code, or rules relating to disclosure requirements

under section 327." Further, 28 U.S.C. § 157(a) provides that "[e]ach district court may provide that ant and all cases under title 11 and any or all proceedings arising under title 11, or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district. As such, the Court's subject matter jurisdiction then is limited only to "property . . . of the debtor . . . and of property of the estate."

25. If the transfer to the Trust is being unwound, would the Property then be titled once again in the name of the Debtor and the non-debtor, Co-Borrower, Michael Porter, or is the Committee only able or seeking to claw back the Debtor's interest from the Trust? This is not completely clear to Wells Fargo or discussed thoroughly in the Motion for Authority given the Debtor did not have a full interest in the Property prior to the pre-petition transfer to the Trust. Perhaps some clarification here is needed.

**ALDRIDGE PITE, LLP**

Dated: March 28, 2023

*/s/ Brian K. Jordan*
Brian K. Jordan, Bar No.: 113008
Attorney for Wells Fargo Bank, N.A.
Aldridge Pite, LLP
Six Piedmont Center
3525 Piedmont Road, N.E.
Suite 700
Atlanta, GA 30305
Phone: (404) 994-7400
Fax: (619) 590-1385
Email: bjordan@aldridgepite.com

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a true and correct copy of the foregoing *Objection* was served electronically or via U.S. Mail, first-class postage prepaid, to:

Teri G. Galardi
2146 Highway 42 South
Flovilla, GA 30216

Christopher W. Terry
Boyer Terry LLC
348 Cotton Avenue
Suite 200
Macon, GA 31201
t: 478-742-6481
chris@boyerterry.com

Louis G. McBryan
McBryan, LLC
6849 Peachtree Dunwoody Road
Building B-3, Suite 100
Atlanta, GA 30328
t: 678-733-9322
f: 678-498-2709
lmcbryan@mcbryanlaw.com

U.S. Trustee – MAC
440 Martin Luther King Jr. Boulevard
Suite 302
Macon, GA 31201
Ustp.region21.mc.ecf@usdoj.gov

Elizabeth A. Hardy
Office of U.S. Trustee
440 Martin Luther King Jr. Blvd
Suite 302
Macon, GA 31201
elizabeth.a.hardy@usdoj.gov

Robert G. Fenimore
Office of U.S. Trustee
440 Martin Luther King Jr. Boulevard
Suite 302
Macon, GA 31201
robert.g.fenimore@usdoj.gov

Leon Strickland Jones
Jones & Walden, LLC
699 Piedmont Avenue, N.E.
Atlanta, GA 30308
ljones@joneswalden.com

Thomas McClendon
Jones & Walden LLC
699 Piedmont Avenue, NE
Atlanta, GA 30308
tmcclendon@joneswalden.com

| | |
|---|---|
| Dated: March 28, 2023 | */s/ Brian K. Jordan* |
| | Brian K. Jordan, Bar No.: 113008 |
| | Attorney for Wells Fargo Bank, N.A. |
| | Aldridge Pite, LLP |
| | Six Piedmont Center |
| | 3525 Piedmont Road, N.E. |
| | Suite 700 |
| | Atlanta, GA 30305 |
| | Phone: (404) 994-7400 |
| | Fax: (619) 590-1385 |
| | Email: bjordan@aldridgepite.com |