UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| In re: | CHAPTER 11 |
| TERI G. GALARDI, | CASE NO. 22-50035-JPS |
| Debtor. | Judge James P. Smith |

### Creditor's Objection to Plan Confirmation

Now comes Mr. Joseph Guernsey dba Red Shield Funding ("Creditor") (claim #110) and states confirmation should be denied for the following reasons.

**I.     Debtor did not comply with the Court Order (DE 261) and file a Notice of Sale.**

Debtor filed a motion to sell her membership interest in JGP&P, LLC and stock interest in Red Eyed, Inc. (DE 219) for cash. The Court entered a consent order that contained the following language:

> Within three (3) days of the Closing, Debtor shall file a notice of sale with the Court, via the Court's CM/ECF electronic filing system, which shall include a copy of the final closing statement, itemize all closing costs and disbursements, and identify the recipients of any disbursements, including the account where the Net Proceeds are deposited.
> (DE 261, pg. 11)

The notice of sale has never been filed on the docket even though the sale has been completed according to the Ch. 11 plan. The sale was consummated and Debtor extending financing, something that was never contemplated in the motion to sell or the corresponding order. The pertinent language states:

> As part of the closing for the sale of the membership interests in JGP&P, LLC and the stock of Red Eyed, Inc, the Debtor took a secured promissory note in the amount of $249,456.18 from JGP&P, LLC, Red Eyed, Inc., KOD Atlanta, LLC, and Akinyele Adams (the "Adams Secured Note"). Such note has a balloon payment due as of March 24, 2023.
> (DE 299, pg. 18)

Confirmation should be denied for failure to comply with the Court Order.

**II.    Assets of Debtor are not Valued Adequately in the Liquidation Analysis.**

The majority of Debtor's real property is valued using the local county taxing authority assessment for the prior tax year but the formula used by each county tax collector's office to arrive at a value is not disclosed. Without this pertinent information it is impossible to judge whether the values attributed to the real property bear any relation to "market value". The disclosure statement must contain adequate information to enable a typical voting creditor to make an informed decision whether to accept or reject a plan of reorganization. Confirmation should be denied on this basis.

**III.   Debtor Improperly Scheduled the Claim as Class 8 Unsecured.**

The claim is secured by a judgment lien certificate filed within 90 days of case initiation. On information and believe Debtor was solvent during the 90 days preceding bankruptcy therefore an avoidance action is unavailable. The claim should be scheduled as secured.

WHEREFORE, Creditor objects to confirmation of the Plan due to failure to comply with a Court Order, noncompliance with the Bankruptcy Code with respect to the Disclosure Statement, improper scheduling of the claim and further request such relief as is just and proper.

*Date: April 3, 2023*

Signature: /s/ Joseph Guernsey

dba Red Shield Funding (A South Carolina Company)

Address:   1616 Ocean Drive
#101
Vero Beach, FL 32963