UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| TERI G. GALARDI, | : | Case No. 22-50035-JPS |
| | : | |
| Debtor. | : | Judge James P. Smith |
| | : | |

**DECLARATION IN SUPPORT OF
CONFIRMATION OF JOINT CHAPTER 11 PLAN OF REORGANIZATION**

TERI G. GALARDI, the above-captioned Debtor and Debtor-in-Possession herein (the "Debtor"), respectfully submits this Declaration in Support of Confirmation of the Amended Joint Chapter 11 Plan of Reorganization of Teri G. Galardi and the Committee of Unsecured Creditors (the "Joint Plan"):

**I.     THE JOINT PLAN MEETS ALL APPLICABLE REQUIREMENTS FOR CONFIRMATION UNDER 11 U.S.C. § 1129.**

The Court shall confirm a Chapter 11 Plan if the requirements of 11 U.S.C. §§ 1129(a)(1) - (16) of the Bankruptcy Code are satisfied. The Debtor addresses each of the requirements as set forth herein.

  **A.     The Joint Plan Satisfies Section 1129(a)(1).**

Section 1129(a)(1) requires that a plan comply with the "applicable provisions" of the Bankruptcy Code. In determining whether the Plan satisfies § 1129(a)(1), the Court must consider: (i) Section 1123(a), which sets forth certain items that a plan must contain; (ii) Section 1122, which governs the classification of claims; and (iii) Section 510, which governs subordination of claims. Each is addressed below.

1. **The Joint Plan Properly Designates Classes of Claims and Interests (Sections 1123(a)(1) and 1122).**

Section 1122 of the Bankruptcy Code requires that:

(a) Except as provided in subsection (b) of this section, a plan may place a claim or an interest in a particular class only if such claim or interest is substantially similar to the other claims or interests of such class.

(b) A plan may designate a separate class of claims consisting only of every unsecured claim that is less than or reduced to an amount that the court approves as reasonable and necessary for administrative convenience.

11 U.S.C. § 1122.  Subject to § 1122 of the Bankruptcy Code, § 1123(a)(1) of the Bankruptcy Code requires that a plan designate classes of claims and interests.  11 U.S.C. § 1123(a)(1).

A plan proponent has significant flexibility in classifying claims under § 1122 of the Bankruptcy Code, so long as there is a reasonable basis for the classification and all claims within a particular class are substantially similar.

The Joint Plan properly classifies Secured Claims separately from Unsecured Claims. The Joint Plan places each Secured Claim in a separate class.  The Secured Claims are represented in Classes 2, 3, 4(A) and 4(B), 6, and 7.  The Joint Plan provides for 3 separate classes of Unsecured Claims.  The Unsecured Claims are represented in Classes 5, 8, and 9.

Section 1123(a)(1) requires that a plan classify all claims (with the exception of certain administrative and priority claims) and interests, and that such classification complies with § 1122.  Here, the Joint Plan designates discreet classes of Claims and Interests.  Consistent with § 1123(a)(1), the Plan also provides for Administrative Claims, Priority Tax Claims, and Non-Tax Priority Claims.

  **2.**  **Specification of Unimpaired Classes (Section 1123(a)(2)).**

Section 1123(a)(2) requires that the Plan "specify any class of claims or interests that is not impaired under the plan." Here, the Joint Plan clearly states whether the Class is impaired or not. Holders of Claims in Classes 2, 3, 4A, 4B, 5, and 7 are not impaired under the Joint Plan. As a result, any holder of a Claim or Interest can readily determine whether its Claim or Interest is impaired under the Plan. Accordingly, the Plan satisfies this requirement by identifying each unimpaired class.

  **3.**  **Treatment of Impaired Classes (Section 1123(a)(3)).**

Section 1123(a)(3) requires that the Joint Plan "specify the treatment of any class of claims or interest that is impaired under the plan." The Joint Plan clearly identifies which Classes are impaired and sets forth, with specificity, the treatment afforded to claims within those classes. Holders of Claims in Classes 6, 8, and 9 are impaired under the Joint Plan. As a result, any holder of an impaired Claim or Interest can readily determine how its Claim or Interest will be treated under the Plan. Accordingly, the Plan satisfies this requirement by setting forth the treatment of each impaired Class.

  **4.**  **Equal Treatment Within Classes (Section 1123(a)(4)).**

Section 1123(a)(4) requires that the Joint Plan "provide the same treatment for each claim or interest of a particular class, unless the holder of a particular claim or interest agrees to a less favorable treatment of such particular claim or interest." The Joint Plan provides for equal treatment of the Claims contained in each particular Class. Holders of Allowed Claims and Allowed Interests will receive the same percentage recoveries under the Plan as other Allowed Claims and Allowed Interests within their respective Classes.

### 5. Means for Implementation (Section 1123(a)(5)).

Section 1123(a)(5) requires that the Joint Plan provide "adequate means" for its implementation. The Joint Plan satisfies this requirement by setting forth the primary provisions necessary to implement the Plan, including the retention by the Debtor of part of the property of the estate, the continued operation by the Debtor of her businesses, the sale of part of the property of the estate, the modification of certain liens against property of the estate, and the funding of a liquidating trust for the benefit of unsecured creditors. The Joint Plan also contains: (i) provisions governing distributions; (ii) procedures for resolving disputed, contingent, and unliquidated Claims; and (iii) provisions specifying the treatment of executory contracts and unexpired leases. Together, these provisions provide "adequate means" for the implementation of the Joint Plan.

### 6. Charter Provisions (Section 1123(a)(6)).

This provision is not applicable to the individual Debtor. Section 1123(a)(6) requires the inclusion of provisions in charters of the entities described therein that: (i) prohibit the issuance of nonvoting equity securities; and (ii) provide for an "appropriate distribution" of voting power among those securities possessing voting power.

### 7. Officers and Directors (Sections 1123(a)(7).

Section 1123(a)(7) and 1129(a)(5) are not applicable to the individual Debtor. The Joint Plan provides that Teri G. Galardi will act as the Reorganized Debtor.

Section 1123(a)(7) requires provisions with respect to the manner of selection of any director, officer, or trustee, or any successor thereto, be "consistent with the interests of creditors and equity security holders and with public policy …"

**B.    The Proponents of the Joint Plan have Satisfied Section 1129(a)(2).**

Section 1129(a)(2) requires that a plan proponent comply with the applicable provisions of the Bankruptcy Code. The principal purpose of § 1129(a)(2) is to ensure that a plan proponent has complied with § 1125 in soliciting acceptances of the plan. The Debtor and Committee have submitted a Disclosure Statement for approval by the Court.

**C.    The Joint Plan was Proposed in Good Faith (Section 1129(a)(3)).**

Section 1129(a)(3) of the Bankruptcy Code requires that a plan be "proposed in good faith and not by any means forbidden by law." The term "good faith" is not explicitly defined in the Bankruptcy Code. Generally, this request is met when a "plan is proposed with the legitimate and honest purpose to reorganize and has a reasonable hope of success."

The Debtor and Committee have proposed the Joint Plan in good faith and not by any means forbidden by law, thereby satisfying § 1129(a)(3).

**D.    The Joint Plan Provides for Court Approval of Payments for Services and Expenses (Section 1129(a)(4)).**

Section 1129(a)(4) of the Bankruptcy Code requires that any payment of professionals' fees from assets of a debtor's estate be approved by or subject to the approval of the Bankruptcy Court. The Joint Plan provides that all applications for compensation by such professionals for pre-confirmation services must be filed with and approved by the Court. Accordingly, the Joint Plan satisfies the requirements of section 1129(a)(4) of the Bankruptcy Code.

**E.    The Joint Plan Discloses All Necessary Information Regarding Directors, Officers and Insiders (Section 1129(a)(5)).**

This provision is not applicable to the individual Debtor. However, the Joint Plan does set forth that Teri G. Galardi will act as the Reorganized Debtor and continued to carry out her duties under the Joint Plan and that Thomas T. McClendon, former counsel to the Official

Committee of Unsecured Creditors, will carry out the duties of the Liquidating Trustee in accordance with the terms of the liquidating trust established for the benefit of unsecured creditors.

Section 1129(a)(5) requires that the plan proponent disclose the identity of certain individuals who will be retained by the reorganized Debtor after confirmation of the Plan. Under § 1129(a)(5)(A)(i), the proponent of a plan must disclose the "identity and affiliations of any individual proposed to serve, after confirmation of the plan, as a director, officer or voting trustee of the debtor, . . . or a successor to the debtor under the plan." Section 1129(a)(5)(A)(ii) further requires that the service of such individuals be "consistent with the interests of creditors and equity security holders and with public policy." Section 1129(a)(5)(B) requires that the plan proponent disclose the "identity of any insider that will be employed or retained by the reorganized debtor, and the nature of any compensation for such insider."

### F. The Joint Plan Does Not Contain Rate Changes Subject to Jurisdiction of Any Governmental Regulatory Commission (Section 1129(a)(6)).

The requirements of § 1129(a)(6) of the Bankruptcy Code are no applicable to the individual Debtor. The Debtor does not operate in an industry where rates are regulated by the government. Section 1129(a)(6) of the Bankruptcy Code requires, with respect to a debtor whose rates are subject to governmental regulation following confirmation, that appropriate governmental approval be obtained for any rate change provided in the plan or that such rate change be expressly conditioned on such approval.

### G. The Joint Plan Satisfies the "Best Interests of Creditors" Test (Section 1129(a)(7)).

Section 1129(a)(7) of the Bankruptcy Code provides protection to creditors and interest holders whose claims are impaired under a plan and who have not voted to accept such plan by

imposing a "best interests of creditors" requirement. Under the "best interest of creditors" requirement, holders of impaired claims and interest who do not vote to accept the plan must:

> receive or retain under the plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 [of the Bankruptcy Code] on such date.

11 U.S.C. § 1129(a)(7)(A)(ii).

The Joint Plan satisfies the "best interest of creditors" test. Holders of impaired claims in Classes 6 (IRS Secured Claim) and Class 9 (General Unsecured Creditor Claims) have voted to accept the Joint Plan. Holders of impaired claims in Classes 9 (the "Jack Jr. Claims") and 10 (Red Shield Funding) have not accepted the Joint Plan. However, the Joint Plan provides for distributions to holders of claims in Classes 9 and 10 in an amount that is not less than the amount they would receive if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code. The Debtor and Committee have provided a liquidation analysis in the Joint Disclosure Statement, served on all creditors along with the Joint Plan, which estimates the amount of $2,343,243.81 would be available for payment of unsecured claims through liquidation, while the Joint Plan provides for distributions to unsecured creditors of an amount in excess of $10,000,000.00. Accordingly, the Joint Plan satisfies the "best interest of creditors" test because no impaired, nonconsenting class member will receive less under the Joint Plan than it would in liquidation under Chapter 7.

   **H.** **The Joint Plan has been Accepted by an Impaired Classes and does not discriminate unfairly, and is fair and equitable, in accordance with § 1129(b). (Section 1129(a)(8) and 1129(b)).**

Subject to the exceptions contained in § 1129(b), § 1129(a)(8) of the Bankruptcy Code requires that each class of claims or interests must either have accepted the plan or be unimpaired

under the Plan. As to any class that does not meet this requirement, the Plan must satisfy the cramdown requirements of section 1129(b).

The only impaired classes of claims that have not voted to accept the Joint Plan are Classes 9 (Jack Jr. Claims) and Class 10 (Red Shield Funding). The Joint Plan does not discriminate unfairly and proposes to treat holders of claims in Classes 9 and 10 fairly and equitably. The Joint Plan proposes to pay the holders of impaired claims, not accepting the Joint Plan, an amount equal to, and potentially more than, the estimated percentage of recovery provided for general unsecured creditors under the Joint Plan.

The Joint Plan provides for payment of all secured claims in full and pays unsecured claims according to the priorities set forth in § 507 of the Bankruptcy Code. Property retained by the Debtor under the Joint Plan is subject to liens and encumbered by security interests securing the loans to fund payments to unsecured creditors under the liquidating trust. Furthermore, the Debtor is contributing an additional $2,500,000.00 in new value to the Joint Plan, through contributions from non-insider third parties, to fund the liquidating trust for payment of unsecured claims. Accordingly, the Plan satisfies the requirements of section 1129(a)(8) and 1129(b) of the Bankruptcy Code.

### I. The Joint Plan Provides for Payment in Full of Allowed Priority Claims (Section 1129(a)(9)).

Section 1129(a)(9) of the Bankruptcy Code contains requirements concerning the payment of priority claims. The Plan provides for the payment in full, in cash, of all allowed non-tax priority claims and provides for the consensual payment of priority tax claims. The Joint Plan, with the agreement of the IRS and Georgia Department of Revenue, provides for the payment of priority tax claims in full through regular annual installment payments, with interest,

within 5 years of the effective date of the Joint Plan.  Accordingly, the Plan satisfies the requirements of section 1129(a)(9) of the Bankruptcy Code.

    **J.**    **The Joint Plan Has Been Accepted by at Least One Impaired Class Entitled to Vote (Section 1129(a)(10)).**

Section 1129(a)(10) of the Bankruptcy Code requires the affirmative acceptance of a plan by at least one impaired class, "determined without including any acceptance of the plan by any insider."  The Joint Plan, as amended, has been accepted by impaired Classes 6 (IRS) and 8 (General Unsecured Creditors).  Accordingly, the Joint Plan satisfies the requirements of section 1129(a)(10) of the Bankruptcy Code.

    **K.**    **The Joint Plan is Feasible (Section 1129(a)(11)).**

Section 1129(a)(11) of the Bankruptcy Code requires that the court must confirm a feasible plan.  Specifically, the Bankruptcy Court must determine that:

> Confirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed under the plan.

The Joint Plan is feasible.  The Debtor, through the sale of property of the estate and the continued operation of her businesses, will generate sufficient revenue to fund the payments required under the Joint Plan.  Accordingly, the Plan satisfies the requirement of section 1129(a)(11) of the Bankruptcy Code.

    **L.**    **The Joint Plan Satisfies the Requirements Concerning the Payment of Certain Fees (Section 1129(a)(12)).**

Section 1129(a)(12) of the Bankruptcy Code requires that a plan provide for payment of all fees payable under § 1930 of Title 28 of the U.S.C., as determined by the Court at the hearing on confirmation of the plan.  The Joint Plan provides for payment of such fees.  The Debtor will pay the fees owed to the United States Trustee in full in cash on the later of the Effective Date or

thirty (30) days after the date such Administrative Claim becomes an Allowed Claim. Accordingly, the Joint Plan satisfies the requirement of § 1129(a)(12) of the Bankruptcy Code.

    **M.**    **The Joint Plan Satisfies the Requirements Concerning Retiree Benefits (Section 1129(a)(13)).**

This section is not applicable to the individual Debtor. Teri G. Galardi does not provide retiree benefits. Section 1129(a)(13) of the Bankruptcy Code requires that a plan "provides for the continuation after its effective date of payment of all retiree benefits."

    **N.**    **The Joint Plan Satisfies 11 U.S.C. § 1129(a)(4) Concerning Domestic Support Obligations.**

This section is inapplicable to the Debtor as she has no such domestic support obligations.

    **O.**    **The Joint Plan Satisfies 11 U.S.C. § 1129(a)(15) Concerning Certain Individual Debtors.**

Section 1129(a)(15) provides, in a case in which the debtor is an individual and in which the holder of an allowed unsecured claim objects to the confirmation of the plan, the value to be distributed under the plan is not less than the projected disposable income of the debtor (as defined in section 1325(b)(2)) to be received during the 5-year period beginning on the date that the first payment is due under the plan, or during the period for which the plan provides for payments, whichever is longer. No holder of an allowed unsecured claim has filed an objection to confirmation of the Joint Plan. Furthermore, the projected disposable income to be received by the Debtor over the term of the Joint Plan is no more than $3,300,000.00, as shown by the disposable income analysis attached to the Joint Disclosure Statement. As such, the Joint Plan also satisfies the requirement of § 1129(a)(15), as the Joint Plan proposes to distribute more than $10,000,000.00 to holders of unsecured claims, which is significantly more than the projected disposable income to be received during the term of the Joint Plan.

    **P.**    **The Joint Plan Satisfies 11 U.S.C. § 1129(a)(16) Concerning Certain Transfers.**

Section 1129(a)(16) is not applicable to the individual Debtor. Section 1129(a)(16) deals with transfers by a corporation or trust that is not moneyed, business, or commercial corporation or trust. All transfers of property under the Joint Plan will be made in accordance with any applicable provisions of non-bankruptcy law governing the transfer of property generally.

**II.**    **CONCLUSION**

The Joint Plan is confirmable under the provisions of the Bankruptcy Code.

The undersigned makes this declaration in support of confirmation of the Joint Plan.

                                                      **TERI G. GALARDI**

                                                      */s/ Teri G. Galardi*
                                                      Teri G. Galardi, Debtor

This 11th day of April 2023.

                                                      */s/ Christopher W. Terry*
                                                      Christopher W. Terry
                                                      Georgia Bar No. 702484

BOYER ∥ TERRY LLC
348 Cotton Avenue
Suite 200
Macon, Georgia 31201
(478) 742-6481
chris@boyerterry.com                               Counsel for Debtor.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| TERI G. GALARDI, | : | Case No. 22-50035-JPS |
| | : | |
| Debtor. | : | Judge James P. Smith |
| | : | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the *Declaration in Support of Confirmation of the Joint Chapter 11 Plan Of Reorganization* via the Court's electronic notification system this 11th day of April 2023.

**BOYER TERRY LLC**
*/s/ Christopher W. Terry*
Christopher W. Terry
Georgia Bar No. 702484
348 Cotton Avenue, Suite 200
Macon, Georgia 31201
(478) 742-6481
chris@boyerterry.com
Counsel for Debtor.