**SO ORDERED.**

**SIGNED this 14 day of April, 2023.**



_____
**James P. Smith**
**United States Bankruptcy Judge**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| In re | : | CHAPTER 11 |
| | : | |
| TERI G. GALARDI, | : | CASE NO. 22-50035-JPS |
| | : | |
| Debtor. | : | Judge James P. Smith |
| | : | |

**ORDER CONFIRMING JOINT PLAN OF REORGANIZATION**

The above-captioned bankruptcy case came before the Court for hearing April 11, 2023, at 11:00 am (the "**Confirmation Hearing**") to consider approval of the Disclosure Statement and confirmation of the Plan.

On February 16, 2023, Teri G. Galardi (the "**Debtor**") and the Official Committee of Unsecured Creditors (the "**Committee**") filed their *Joint Chapter 11 Plan of Reorganization* (Doc. No. 299) which was amended on April 10, 2023, pursuant to the *Amended Joint Chapter 11 Plan of Reorganization* (Doc. No. 401) (as amended or modified, the "**Plan**"). Also, on February 16,

2023, Debtor and the Committee filed their *Joint Disclosure Statement for Joint Chapter 11 Plan of Reorganization* (Doc. No. 300).

On January 12, 2023, the Court entered an *Order Establishing (1) Deadline for Filing Objections to the Disclosure Statement and Plan, (2) Deadline for Voting on Plan and (3) Scheduling Combined Hearing on Approval of Disclosure Statement and Confirmation of Plan* (Doc. No. 309) (the "**Solicitation Order**"). The Solicitation Order set a deadline of March 31, 2023 for creditors and parties in interest to (i) object to the Disclosure Statement or Plan and (ii) file ballots to either accept or reject the plan. The Solicitation Order also scheduled the Confirmation Hearing. The Confirmation Hearing commenced on April 11, 2023 at 11:00 a.m.

On February 21, 2023, Ag South Farm Credit, ACA filed an objection to the Disclosure Statement and the Plan (Doc. No. 303) (the "**Ag South Objection**").

On March 13, 2023, the Georgia Department of Revenue filed a limited objection to the Plan (Doc. No. 321) (the "**GADOR Objection**").

On March 28, 2023, Wells Fargo Bank, N.A. filed an objection to the Plan (Doc. No. 377) (the "**Wells Fargo Objection**").

On March 31, 2023, Power Financial Credit Union filed a "Cautionary and Preliminary Objection to Confirmation." (Doc. No. 387) (the "**Power Financial Objection**").

On April 3, 2023, Joseph Guernsey dba Red Shield Funding filed an objection to the Plan (Doc. No. 393) (the "**Red Shield Funding Objection**"). Such objection was after the March 31, 2023 deadline as provided by the Solicitation Order.

At the Confirmation Hearing, Christopher W. Terry and Louis G. McBryan appeared on behalf of Debtor. Teri G. Galardi, as the Debtor, appeared. Leon S. Jones and Thomas T. McClendon appeared on behalf of the Committee. Mutepe Akemon appeared as committee

member by proxy. Elizabeth Hardy appeared on behalf of the United States Trustee. Christina Lanier appeared on behalf of the Internal Revenue Service. Jim Silver appeared on behalf of Power Financial Credit Union.

At the Confirmation Hearing, Debtor and Committee announced that they had reached resolution of the Ag South Objection, the Wells Fargo Objection, and the GADOR Objection pursuant to the *Amended Joint Plan of Reorganization* (Doc. No. 401). The Power Financial Objection was overruled by the filing of the Amended Joint Plan of Reorganization. The Red Shield Funding Objection was overruled because it was untimely, no one appeared to prosecute the objection, and the objections raised therein lacked merit.

The Court has taken judicial notice of the entire record in this case including all proofs of claim.

The Court has considered the entire record at the Confirmation Hearing including but not limited to the Plan, Ballot Report (as defined below), argument of counsel and the evidence proffered at the Confirmation Hearing. Accordingly, the Court has determined:

(a)    Debtor and Committee timely and properly: (i) filed the Plan (ii) solicited the Plan; and (iii) provided due notice of the Confirmation Hearing to Holders of Claims and Interests against Debtor and parties in interest, all in compliance with the Bankruptcy Code, Local Rules, and Solicitation Order.

(b)    Debtor and Committee filed the *Ballot Certification and Summary of the Voting on Debtor's Plan of Reorganization as Modified or Amended* (the "**Ballot Report**") (Doc. No. 399) describing the results of voting with respect to the Plan. As announced at the Confirmation hearing, Classes 2, 6 and 8 voted to accept the Plan as a Class.

3

(c)    The notice provided regarding the Confirmation Hearing and opportunity for any party in interest to object to confirmation of the Plan have been adequate and appropriate and no further notice was required.

(d)    The legal and factual bases set forth at the Confirmation Hearing and in the entire record in this Case establish just cause for the relief granted at the Confirmation Hearing.

(e)    After due deliberation and good and sufficient cause appearing therefore, and based upon the Court's acceptance of the unopposed evidentiary proffer of testimony and evidence made at the Confirmation Hearing, and further based upon the entire record in this case and the Court's findings of fact and conclusions of law made on the record at the Confirmation Hearing which are adopted herein pursuant to Federal Rules of Bankruptcy Procedure 7052 and 9014, the Plan should be confirmed, and further based upon the following determinations by the Court:

1.    The Court has jurisdiction over this Chapter 11 Case and confirmation of the Plan pursuant to 28 U.S.C. § 1334.  Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (L), and (O), and the Court has jurisdiction to enter a final order with respect thereto.  Debtor is eligible to be a debtor under § 109 of the Bankruptcy Code.  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.    The Disclosure Statement contains "adequate information" within the meaning of § 1125 of the Bankruptcy Code, and no further information is necessary.

3.    Following entry of the Solicitation Order, in compliance with the Bankruptcy Code and the Bankruptcy Rules, as evidenced by Certificates of Service (Doc. Nos. 310 and 311), Debtor and Committee effectuated filing and service on all Creditors, Holders of Claims and Interests and parties in interest of the Solicitation Order containing notice of the Confirmation Hearing and

4

relevant deadlines and a ballot for voting on the Plan, the Plan, the Disclosure Statement, and modifications or amendments to the Plan (collectively the "**Solicitation Materials**").

4. As described in the Solicitation Order and Certificates of Service: (a) service of the Solicitation Materials was adequate and sufficient under the circumstances and (b) adequate and sufficient notice of the Confirmation Hearing and other requirements, deadlines, hearings, and matters described in the Solicitation Order: (i) was timely and properly provided; and (ii) provided due process and opportunity to appear and be heard to all parties in interest. Because of the foregoing transmittals, notice and service were adequate and sufficient, and no other or further notice is necessary or shall be required.

5. The Debtor, Committee, and their attorneys have solicited votes on the Plan in good faith and in compliance with applicable provisions of the Bankruptcy Code and are entitled to the protections afforded by § 1125(e) of the Bankruptcy Code.

6. As evidenced by the Ballot Report and submissions at the Confirmation Hearing, three impaired classes of claims (determined without including any acceptance by an insider of Debtor) voted to accept the Plan. Specifically, Class 2, the Secured Claim of Ag South ACA, Class 6, the Secured Claim of the Internal Revenue Service, and Class 8, the General Unsecured Creditors, vote to accept the Plan. Not all Classes of the Plan voted to accept the Plan. Therefore, the Debtor and Committee were required to establish, and the Court so finds, that Plan satisfies the requirements of 11 U.S.C 1129(b) with respect to such non-accepting classes.

7. As evidenced by the Ballot Report and submissions at the Confirmation Hearing, the impaired classes of claims either: (a) voted to accept the Plan or (b) their treatment under the Plan satisfies the requirements of the Bankruptcy Code, including § 1129(b).

8. The Plan's provisions are appropriate and consistent with the applicable provisions

of the Bankruptcy Code, including without limitation the treatment of unsecured claims, priority claims and secured claims, and counterparties under executory contracts. Accordingly, it is hereby

**ORDERED** that the foregoing determinations including those enumerated in Paragraphs 1 through 8 above are hereby incorporated into this Confirmation Order as if fully set forth herein. It is further

**ORDERED** that the Power Financial Objection is *overruled* by the filing of the Amended Joint Plan of Reorganization (Doc. No. 401).

**ORDERED** that the Red Shield Funding Objection is *overruled* in its entirety as untimely filed and further as based on the Court's findings as stated on the record at the Confirmation Hearing. It is further

**ORDERED** that the Plan is *confirmed* pursuant to 11 U.S.C. §1129. All provisions of the Plan shall bind Debtor, entities receiving property under the Plan, and creditors whether or not the claims of such creditors are impaired under the Plan and whether or not such creditors have accepted the Plan. It is further

**ORDERED** that upon the Effective Date, the Official Committee of Unsecured Creditors shall be dissolved and of no further force and effective; however, notwithstanding such dissolution, the Committee and its Professionals shall be entitled to apply for approval by the Bankruptcy Court of their Fee Claims and any other amounts requested for payment by the Debtor after the Effective Date. It is further

**ORDERED** that notwithstanding Bankruptcy Code § 1141(b), Debtor's assets to be contributed to the Liquidating Trust, as described in the Plan, including Sections 3.2.8 and 4.3 of the Plan, shall vest in the Liquidating Trust, under the exclusive control of the Liquidating Trustee

free and clear of any lien, except for the lien of Power Financial Credit Union on 18511 Royal Hammock Boulevard shall be treated as provided for under the Plan, and including but not limited to property taxes through the date of the transfer of such property to the Liquidating Trust, which Debtor shall satisfy or otherwise provide for. It is further

**ORDERED** that, as of the Effective Date, Thomas T. McClendon is approved and appointed as Liquidating Trustee of the Galardi Creditors Trust and is authorized to execute the Galardi Creditors Trust Agreement on or before the Effective Date of the Plan. It is further

**ORDERED** that any objection to a proof of claim classified in a class other than Class 8, shall be filed by the Debtor on or before the one hundred and twentieth day (120th) day after the Effective Date, or such later deadline for objection to claims as may be fixed by an order of this Bankruptcy Court upon motion by the Debtor prior to such deadline. It is further

**ORDERED** that any objection to a proof of claim classified in Class 8, shall be filed by the Liquidating Trustee on or before the one hundred and twentieth day (120th) day after the Effective Date, or such later deadline for objection to claims as may be fixed by an order of this Bankruptcy Court upon motion by the Liquidating Trustee prior to such deadline. It is further

**ORDERED** that this Order shall act as a permanent injunction against any Person: (a) commencing or continuing any action, (b) employing any process, or (c) any acting to collect, offset, or recover any Claim except as provided for in the Plan against: (1) Debtor, (2) against any property of Debtor, (3) the Galardi Creditors Trust, or (4) property conveyed to the Galardi Creditor's Trust. Such injunction shall survive the closure of this bankruptcy case and this Court shall retain jurisdiction to enforce such injunction. It is further

**ORDERED** that notwithstanding anything to the contrary in the Plan, this Court retains jurisdiction in this case: (a) for the purposes set forth in the Plan and to interpret and enforce the

Plan, any attachments to the Plan, including but not limited to the Galardi Creditors Trust Agreement, and this Order, and (b) to resolve any disputes regarding the same, including claim objections whether brought as a contested matter or adversary proceeding. It is further

**ORDERED** that Counsel for Debtor shall serve this Order on all creditors and parties-in-interest listed on the mailing matrix in this case via ECF or U.S. Mail and file a certificate of service within three (3) days of the entry of this Order.

**[End of Order]**

| *Consented to by:* | *Prepared and Presented By:* |
|---|---|
| **BOYER TERRY LLC** | **JONES & WALDEN LLC** |
| */s/ Christopher Terry* | */s/ Thomas T. McClendon* |
| Christopher Terry | Thomas T. McClendon |
| Georgia Bar No. 702484 | Georgia Bar No. 431452 |
| 348 Cotton Avenue, Suite 200 | 699 Piedmont Avenue NE |
| Macon, Georgia 31201 | Atlanta, Georgia 30308 |
| (487) 742-6481 | (404) 564-9300 |
| chris@boyerterry.com | tmcclendon@joneswalden.com |
| *Attorney for Debtor* | *Counsel for Committee* |