### IN THE UNITED STATES BANKRUPTCY COURT
### MIDDLE DISTRICT OF GEORGIA
### MACON DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| **TERI G. GALARDI,** | **CASE NO.  22-50035-JPS** |
| Reorganized Debtor. | |
| **THOMAS T. MCCLENDON, AS LIQUIDATING TRUSTEE OF THE GALARDI CREDITORS TRUST,** | |
| Movant, | **CONTESTED MATTER** |
| v. | |
| **JOCELYN JOHNSON,** | |
| Respondent. | |

### NOTICE OF OBJECTION TO CLAIM

THOMAS T. MCCLENDON, AS LIQUIDATING TRUSTEE OF THE GALARDI CREDITORS TRUST ("LIQUIDATING TRUSTEE") HAS FILED AN OBJECTION TO YOUR CLAIM IN THIS BANKRUPTCY CASE.

**<u>Your claim may be reduced, modified, or eliminated.</u> You should read these documents carefully and discuss them with your attorney, if you have one in this bankruptcy case. <u>If you do not have an attorney, you may wish to consult one.</u>**

If you do not want the court to eliminate or change your claim, then you or your attorney shall file with the court a written response to the objection on or before **June 1, 2023.** If you are receiving this notice by mail, you may add 3 days to the response date, in accordance with FRBP 9006(f). The objection or response should be sent to:

> Clerk, U.S. Bankruptcy Court
> Middle District of Georgia
> P.O. Box. 1957
> Macon, Georgia 31202
> 478-752-3506

**If a response if filed, a hearing on the objection to your claim shall be held on: June 21, 2023 at 11:00 a.m. in Courtroom A at the U.S. Courthouse, 433 Cherry Street, Macon, Georgia 31201.**

If you mail your response to the Court for filing, you shall send it early enough so that the court will **receive** the response on or before the response date stated above.

Any response shall also be served on the Liquidating Trustee.

**If you or your attorneys do not take these steps, the court may decide you do not oppose the objection to your claim.**

This notice is sent by the undersigned pursuant to LBR 9004-1.

This 2nd day of May, 2023.

_/s/ Thomas T. McClendon_
Thomas T. McClendon
Georgia Bar. No. 431452
699 Piedmont Ave NE
Atlanta, Georgia 30308
(404) 564-9300
tmcclendon@joneswalden.com
Liquidating Trustee

## IN THE UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| **TERI G. GALARDI,** | **CASE NO.  22-50035-JPS** |
| **Reorganized Debtor.** | |
| **THOMAS T. MCCLENDON, AS LIQUIDATING TRUSTEE OF THE GALARDI CREDITORS TRUST,** | |
| **Movant,** | **CONTESTED MATTER** |
| **v.** | |
| **JOCELYN JOHNSON,** | |
| **Respondent.** | |

## LIQUIDATING TRUSTEE'S OBJECTION TO
## CLAIM NO. 99 OF JOCELYN JOHNSON

Thomas T. McClendon, as liquidating trustee of the Galardi Creditors Trust ("Liquidating Trustee"), Liquidating Trustee in the above-captioned case, files this objection ("Objection") to the claim asserted by Jocelyn Johnson ("Respondent") and respectfully shows this Court as follows:

### BACKGROUND

1.      On January 12, 2022 ("Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§101 et seq. ("Bankruptcy Code"), in the United States Bankruptcy Court for the Middle District of Georgia, Macon Division ("Court").

2.      On April 14, 2023, the Court entered an Order Confirming the Joint Plan of Reorganization (Doc. No. 410) (the "Confirmation Order").

3.      The Effective Date of the Plan under the Confirmation Order is April 28, 2023.

4.      Pursuant to the Confirmation Order, any objection to a proof of claim classified in Class 8 shall be filed by the Liquidating Trustee on or before the 120th day after the Effective Date.

5.      On March 21, 2022, Jocelyn Johnson filed proof of claim number 99, asserting a claim for $116,644.80 as an unsecured claim (the "Claim").

6.      Such Claim was classified in Class 8 of the Plan.

7.      Respondent was a plaintiff in *Milner v. Galardi*, Case No. 20-23230 (S.D. Fla. 2020). However, Respondent and two other plaintiffs had their claims dismissed with prejudice for failure to appear at a Court-ordered mediation on August 19, 2021. The order dismissing such claims with prejudice is attached as "**Exhibit A**."

8.      Such dismissal with prejudice was appealed to the Eleventh Circuit Court of Appeals. The Notice of Appeal filed by Respondent is attached as "**Exhibit B**."

9.      The Eleventh Circuit has not ruled on such appeal. The docket for the appeal is attached as "**Exhibit C**."

## **DISCUSSION**

10.     Correctly filed proofs of claim constitute prima facie evidence of the validity and amount of the claim.

11.     To overcome this prima facie evidence, an objecting party must come forward with evidence which, if believed, would refute at least one of the allegations essential to the claim.

12.     If an objecting party provides such evidence, then the burden shifts to the claimant to prove by a preponderance of the evidence that under applicable law the claim should be allowed.

13.     Respondent's Claim has been dismissed with prejudice; thus the claim is bared by res judicata.

14.     Under the doctrine of res judicata, a claim is barred by prior litigation if: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Griswold v. Cty. of Hillsborough*, 598 F.3d 1289, 1292 (11th Cir. 2010).

15.     There was a final judgment on the merits. "Dismissal of a complaint with prejudice satisfies the requirement that there be a final judgment on the merits." *Baldwin v. Ocwen Loan Servicing*, 2019 U.S. Dist. LEXIS 140966 at *20-21 (N.D. Ga. May 28, 2019).

16.     The decision was rendered by the court with jurisdiction over the claim: the U.S. District Court for the Southern District of Florida.

17.     The parties are the same: Respondent and Ms. Galardi.

18.     The same cause of action is involved: a claim under the Florida Minimum Wage Act.

19.     It is true that the District Court's Order is appealed to the Eleventh Circuit and that such appeal is currently pending. However, the fact of an appeal does not negate the effects of res judicata.

20.     Previous courts have dismissed claims filed after dismissal with prejudice, even if the dismissal was currently pending on appeal. *See In re MF Global Holdings, Ltd.*, 2014 Bankr. LEXIS 3067 (Bankr. S.D.N.Y. July 17, 2014). After reviewing the elements of res judicata, the Court explained:

> Further, the pendency of an appeal does not affect a decision's finality for *res judicata* purposes. *See Huron Holding Corp. v. Lincoln Mine Operating Co.*, 312 U.S. 183, 189, 61 S. Ct. 513, 85 L. Ed. 725 (1941) ("In the federal courts the general rule has long been recognized that while appeal with proper supersedeas stays execution of the judgment, it does not—until and unless reversed—detract from its decisiveness and finality.").

*Id.*, 2014 Bankr. LEXIS 3067, at \*11. The *MF Global Holdings* court sustained the objections to claims.

21.    Thus, Respondent's Claim has been dismissed with prejudice and this Objection to her Claim should be sustained.

**WHEREFORE,** the Liquidating Trustee requests the following relief:

(a) That this Objection be sustained;

(b) That the Claim be disallowed; and

(c) That the Court awards the Liquidating Trustee such other and further relief as is just and proper.

Respectfully submitted this 2nd day of May, 2023.

*/s/ Thomas T. McClendon*
Thomas T. McClendon
Georgia Bar. No. 431452
699 Piedmont Ave NE
Atlanta, Georgia 30308
(404) 564-9300
tmcclendon@joneswalden.com
Liquidating Trustee

# Exhibit "A"

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 20-23230-CIV-CANNON/Otazo-Reyes**

**ANGELA MILNER, et al.,**

　　　　Plaintiffs,

v.

**TERI GALARDI,**

　　　　Defendant.

_____/

**ORDER GRANTING IN PART DEFENDANTS' SECOND MOTION FOR SANCTIONS
AND DISMISSING CERTAIN PLAINTIFFS**

**THIS MATTER** comes before the Court following the Hearing held on September 8, 2021

[ECF No. 111], and the Second Motion for Sanctions filed by Defendant on September 2, 2021

[ECF No. 106]. For the reasons discussed in open court and set forth below, the Second Motion

for Sanctions [ECF No. 106] is hereby **GRANTED IN PART AND DENIED IN PART**.

The Court entered its initial Order Scheduling Mediation in this matter on October 8, 2020,

and scheduled mediation for May 3, 2021 [ECF No. 22]. On May 6, 2021, Plaintiffs filed a Notice

Resetting Court Ordered Mediation Date on the ground that Counsel for Plaintiffs experienced the

death of an immediate family member less than a week before the Court ordered mediation was

scheduled to take place on May 3, 2021 [ECF No. 51]. In light of the extraordinary circumstances

presented in Plaintiffs' Notice, the Court entered an Order Rescheduling Mediation from May 3,

2021, to May 20, 2021 [ECF No. 54]. On May 21, 2021, Neil Flaxman filed his Mediator's Report,

in which he reported that the mediation hearing was adjourned because Plaintiffs failed to make

an appearance at the mediation hearing [ECF No. 56]. The Court thereafter entered an Order to

Show Cause [ECF No. 59], which directed Plaintiffs to show written cause for their failure to make

an appearance at a Court scheduled mediation.  Plaintiffs then filed a Response to the Order to
Show Cause explaining that certain Plaintiffs were unable to connect to the zoom mediation due
to "reasons not known" [ECF No. 64].  The Court scheduled a status conference hearing to discuss
Plaintiffs' failure to appear at the May 20, 2021 mediation hearing [ECF No. 54].  Following the
Status Conference Hearing on June 3, 2021, the Court entered its Second Amended Scheduling
Order [ECF No. 72], which provided the parties until June 9, 2021, to file a fully compliant
proposed mediation order with the Court.[1]

On June 8, 2021, Plaintiffs filed a motion requesting that the Court appoint a mediator on
because the parties reached an impasse during their selection of a mediator [ECF No. 73].  The
Court granted Plaintiffs' request—providing the parties with an additional ten days following the
Clerk's appointment of a mediator to select a mediator [ECF No. 76].  Despite these repeated
enlargements, Plaintiffs again sought an enlargement of the deadline to file a notice of mediator
selection [ECF No. 83].  The Court again granted Plaintiffs' request, resetting the deadline for the
filing of a mediation order to June 24, 2021 [ECF No. 84].  In yet another violation of a Court
Order, on June 24, 2021, Plaintiffs filed an improper unilateral notice of mediator selection
[ECF No. 88], after which the Court had to direct the parties to file another notice by June 25, 2021
[ECF No. 89].  Finally, on June 25, 2021, the parties filed a proper notice of mediator selection
[ECF No. 90], after which the Court entered an Order Scheduling Mediation for August 19, 2021
[ECF No. 91].

Notwithstanding the above history of noncompliance and repeated extensions related to
mediation, on August 19, 2021, Mediator Bruce Blitman filed a Report in which he indicated that

---

[1] Separately, on May 6, 2021, Defendant filed a motion for sanctions due to Plaintiffs' failure to
comply with a Court discovery Order [ECF No. 52]. Magistrate Judge Otazo-Reyes granted the
motion in part and awarded attorneys' fees to Defendant [ECF Nos. 48, 63].

the following three plaintiffs did not make an appearance at the mediation: Shakir Williams, Jocelyn Johnson, and Jammie Parker [ECF No. 101]. The Court then scheduled a hearing for September 8, 2021, advising Plaintiffs to be prepared to explain why dismissal of certain Plaintiffs was not warranted in light of those Plaintiffs' failure to appear at the August 19, 2021 mediation [ECF No. 102]. Defendant then moved for sanctions, this time seeking dismissal of Plaintiffs Shakir Williams, Jocelyn Johnson, and Jammie Parker on the basis of their failure to appear at the mediation hearing, and also seeking dismissal of Plaintiffs Angela Milner and Tiffany Thompson for failing to appear at scheduled depositions [ECF No. 106].

On September 8, 2021, the Court held a hearing to discuss the foregoing. Counsel for Plaintiffs explained that Plaintiffs Shakir Williams, Jocelyn Johnson, and Jammie Parker each had separate medical and personal reasons for failing to appear, including oversleeping due to prescription medication and pregnancy. Plaintiffs' counsel acknowledged that Plaintiffs at no point advised the Court of any reason to reschedule the already rescheduled mediation—a mediation that originally was scheduled for May 3, 2021 and finally got rescheduled more than three months later after a pattern of noncompliance by Plaintiffs and various extensions and allowances granted by the Court.

Based on the foregoing, and for the additional reasons discussed in court on September 8, 2021, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant's Second Motion for Sanctions [ECF No. 106] is **GRANTED IN PART AND DENIED IN PART**.

2. The Clerk is directed to **DISMISS** Plaintiffs Shakir Williams, Jocelyn Johnson, and Jammie Parker from this action.

3

CASE NO. 20-23230-CIV-CANNON/Otazo-Reyes

3. Defendant's Second Motion for Sanctions is **DENIED** to the extent it seeks an Order dismissing Plaintiffs Tiffany Thompson and Angela Milner from this action.

4. With respect to Plaintiff Tiffany Thompson's deposition, Plaintiff will have until **September 13, 2021**, to file a motion to appear remotely at her deposition, but any such motion will be considered **only** if it explains in detail, and with supporting documentation, why Ms. Thompson cannot travel due to her probationary status and/or whether she has sought permission to so travel.

5. On or before **September 15, 2021**, Defendant shall file a Statement of Reasonable Costs and Fees in Support of its Second Motion for Sanctions [ECF No. 106]. Defendant's Statement of Reasonable Costs and Fees must be limited to the content in its Second Motion for Sanctions and otherwise conform to the scope of the Court's ruling in this Order [ECF No. 106].

**DONE AND ORDERED** in Fort Pierce, Florida this 8th day of September 2021.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record

4

# Exhibit "B"

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 20-23230–CIV–CANNON\Otazo-Reyes

**ANGELA MILNER**, *et al.*,

     Plaintiffs,

v.

**TERI GALARDI**,

     Defendant.

_____/

### PLAINTIFF SHAKIR WILLIAMS AND
### JOCELYN JOHNSON'S NOTICE OF APPEAL

Notice is hereby given that Plaintiffs Shakir Williams and Jocelyn Johnson hereby appeal to the United States Court of Appeals for the Eleventh Circuit from the Order denying their Rule 59 motion to alter or amend the Court's Order of dismissal entered on September 21, 2021 [ECF 119] and from the Order dismissing each above named Plaintiff from the case with prejudice as a sanction entered on September 9, 2021 [ECF 113].

Respectfully submitted this 21st day of October, 2021.

/s/ Astrid E. Gabbe, Esq.
FL Bar #635383
The Law Office of Astrid E. Gabbe, P.A.
P.O. Box 4216
Hollywood, FL, 33083
954-303-9882
Email: astridgabbe@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Notice of Appeal was served by the Clerk of the Court using the NextGen CM/ECF filing system, on October 21, 2021, on all counsel or parties of record on the service list.

<u>/s/ Astrid E. Gabbe, Esq.</u>
FL Bar #635383
The Law Office of Astrid E. Gabbe, P.A.
P.O. Box 4216
Hollywood, FL,
33083 954-303-9882
Email: <u>astridgabbe@gmail.com</u>

Case 22-50033-JPS Doc 410 Filed 05/02/23 Entered 05/02/23 10:27:45 Desc Main

# Exhibit "C"

**General Docket**
**United States Court of Appeals for the Eleventh Circuit**

| | |
|---|---|
| **Court of Appeals Docket #:** 21-13696 | **Docketed:** 10/22/2021 |

**Nature of Suit:** 4790 Other Labor Litigation
Shakir Williams, et al v. Teri Galardi
**Appeal From:** Southern District of Florida
**Fee Status:** Fee Paid

**Case Type Information:**
  **1)** Private Civil
  **2)** Diversity
  **3)** -

**Originating Court Information:**
  **District:** 113C-1 : 1:20-cv-23230-AMC
  **Court Reporter:** Diane M. Miller
  **Civil Proceeding:** Aileen Cannon, U.S. District Judge
  **Secondary Judge:** Alicia M. Otazo-Reyes, U.S. Magistrate Judge
  **Date Filed:** 08/04/2020
  **Date NOA Filed:**
  10/21/2021

**Prior Cases:**
  None

**Current Cases:**

| | Lead | Member | Start | End |
|---|---|---|---|---|
| Associated | 21-13608 | 21-13696 | 10/11/2022 | |
| Related | 21-13608 | 21-14090 | 11/22/2021 | |

| | | |
|---|---|---|
| SHAKIR WILLIAMS | Plaintiff - Appellant | Astrid Evelyn Gabbe<br>Direct: 954-303-9882<br>[COR LD NTC Retained]<br>Law Office of Astrid Gabbe, PA<br>Firm: 954-303-9882<br>PO BOX 4216<br>HOLLYWOOD, FL 33083<br><br>Ainsworth Dudley<br>[NTC Retained]<br>Attorney at Law<br>Firm: (770) 992-8700<br>4200 NORTHSIDE PKWY NW STE 200<br>ATLANTA, GA 30327-3054 |
| JOCELYN JOHNSON | Plaintiff - Appellant | Astrid Evelyn Gabbe<br>Direct: 954-303-9882<br>[COR LD NTC Retained]<br>(see above)<br><br>Ainsworth Dudley<br>[NTC Retained]<br>(see above) |
| versus | | |
| TERI GALARDI | Defendant - Appellee | Gerald J. Tobin<br>Direct: 305-858-9020<br>[COR LD NTC Retained]<br>Gerald Tobin, PA<br>4551 PONCE DE LEON BLVD<br>CORAL GABLES, FL 33146<br><br>Howard Brodsky<br>Direct: 305-858-9020 |

[NTC Retained]
Gerald Tobin, PA
4551 PONCE DE LEON BLVD
CORAL GABLES, FL 33146

Christopher J. Lynch
Direct: 305-443-6200
[NTC Retained]
Law Office of Christopher J. Lynch, PA
6915 SW 57 AVE STE 208
MIAMI, FL 33143

ANGELA MILNER, et al.,

                                        Plaintiffs,

SHAKIR WILLIAMS,
JOCELYN JOHNSON,

                                        Plaintiffs - Appellants,

versus

TERI GALARDI,

                                        Defendant - Appellee.

| 10/22/2021 | ☐ 1<br>7 pg, 320.56 KB | CIVIL APPEAL DOCKETED. Notice of appeal filed by Appellants Jocelyn Johnson and Shakir Williams on 10/21/2021. Fee Status: Fee Not Paid. Awaiting Appellant's Certificate of Interested Persons due on or before 11/05/2021 as to Appellant Jocelyn Johnson. Awaiting Appellee's Certificate of Interested Persons due on or before 11/19/2021 as to Appellee Teri Galardi. [Entered: 10/25/2021 12:24 PM] |
| --- | --- | --- |
| 10/25/2021 | ☐ 2<br>1 pg, 61.51 KB | Appellate fee was paid on 10/22/2021 as to Appellant Jocelyn Johnson. [Entered: 10/25/2021 12:27 PM] |
| 11/04/2021 | ☐ 3<br>1 pg, 294.37 KB | APPEARANCE of Counsel Form filed by Gerald J. Tobin for Teri Galardi. [21-13696] (ECF: Gerald Tobin) [Entered: 11/04/2021 04:13 PM] |
| 11/04/2021 | ☐ 4<br>1 pg, 104.81 KB | APPEARANCE of Counsel Form filed by Ms. Astrid Evelyn Gabbe for Jocelyn Johnson and Shakir Williams. [21-13696] (ECF: Astrid Gabbe) [Entered: 11/04/2021 08:40 PM] |
| 11/04/2021 | ☐ 5<br>1 pg, 130.86 KB | TRANSCRIPT INFORMATION FORM SUBMITTED by Attorney Ms. Astrid Evelyn Gabbe for Appellants Jocelyn Johnson and Shakir Williams. All necessary transcript(s) are on file. [21-13696] (ECF: Astrid Gabbe) [Entered: 11/04/2021 08:45 PM] |
| 11/05/2021 | ☐ 6<br>1 pg, 105.52 KB | Certificate of Interested Persons and Corporate Disclosure Statement filed by Attorney Ms. Astrid Evelyn Gabbe for Appellants Jocelyn Johnson and Shakir Williams. On the same day the CIP is served, any filer represented by counsel must also complete the court's web-based stock ticker symbol certificate at the link here http://www.ca11.uscourts.gov/web-based-cip or on the court's website. See 11th Cir. R. 26.1-1(b). [21-13696] (ECF: Astrid Gabbe) [Entered: 11/05/2021 10:58 AM] |
| 11/08/2021 | ☐ 7<br>1 pg, 98.45 KB | Briefing Notice issued to Appellants Jocelyn Johnson and Shakir Williams. The appellants' brief is due on or before 12/01/2021. The appendix is due no later than 7 days from the filing of the appellants' brief. [Entered: 11/08/2021 11:29 AM] |
| 11/09/2021 | ☐ 8<br>1 pg, 97.5 KB | Attorney Ms. Astrid Evelyn Gabbe for Appellants Shakir Williams and Jocelyn Johnson has been notified that upon expiration of fourteen (14) days from this date, this appeal will be dismissed by the clerk without further notice unless the required Civil Appeal Statement has been received. A motion to file the Civil Appeal Statement out of time should also be filed at this time. [Entered: 11/09/2021 10:08 AM] |
| 11/15/2021 | ☐ 9<br>2 pg, 166.62 KB | Certificate of Interested Persons and Corporate Disclosure Statement filed by Attorney Gerald J. Tobin for Appellee Teri Galardi. On the same day the CIP is served, any filer represented by counsel must also complete the court's web-based stock ticker symbol certificate at the link here http://www.ca11.uscourts.gov/web-based-cip or on the court's website. See 11th Cir. R. 26.1-1(b). [21-13696] (ECF: Gerald Tobin) [Entered: 11/15/2021 04:25 PM] |
| 11/19/2021 | ☐ 13<br>4 pg, 922.82 KB | Returned Mail was received for Attorney Gerald J. Tobin for Appellee Teri Galardi. IN RE: Docketing Letter [Entered: 11/25/2021 09:23 AM] |
| 11/22/2021 | ☐ 10<br>7 pg, 201.89 KB | *MOTION for leave to file Civil Appeal Statement out of time filed by Jocelyn Johnson and Shakir Williams. Opposition to Motion is Unknown. [10]--[Edited 11/22/2021 by BWH] (ECF: Astrid Gabbe) [Entered: 11/22/2021 05:06 PM]* |
| 11/23/2021 | ☐ 11 | ORDER: Motion for Leave to File Civil Appeal Statement Out of Time filed by Ms. Astrid Evelyn Gabbe and Appellants Shakir Williams and Jocelyn Johnson is GRANTED by clerk. [10] [Entered: 11/23/2021 03:15 PM] |
| 11/23/2021 | ☐ 12<br>2 pg, 150.87 KB | Civil Appeal Statement filed by Attorney Ms. Astrid Evelyn Gabbe for Appellants Shakir Williams and Jocelyn Johnson. [Entered: 11/23/2021 03:16 PM] |
| 12/01/2021 | ☐ 14<br>4 pg, 52.43 KB | *MOTION for extension of time to file appellant's brief to 01/14/2022 filed by Jocelyn Johnson and Shakir Williams. Motion is Unopposed. [14] [21-13696] (ECF: Astrid Gabbe) [Entered: 12/01/2021 04:07 PM]* |
| 12/03/2021 | ☐ 15<br>1 pg, 50.22 KB | ORDER: Motion for extension to file appellant brief filed by Appellants Shakir Williams and Jocelyn Johnson is GRANTED. [14] Appellants brief due on 01/14/2022, with the appendix due seven days from the filing of the brief. JP (See attached order for complete text) [Entered: 12/03/2021 09:24 AM] |
| 12/09/2021 | ☐ 16<br>0 pg, 0 KB | Notice to Counsel of Record. **Counsel of Record must be logged in to CM/ECF and Pacer to access this document.** This is the only notice you will receive regarding this matter. Please print a copy for your file. [Entered: 12/09/2021 01:08 PM] |
| 01/13/2022 | ☐ 17<br>4 pg, 53.91 KB | *MOTION for extension of time to file appellant's brief to 01/21/2022 filed by Jocelyn Johnson and Shakir Williams. Opposition to Motion is Unknown. [17] [21-13696] (ECF: Astrid Gabbe) [Entered: 01/13/2022 09:14 AM]* |
| 01/14/2022 | ☐ 18<br>22 pg, 639.2 KB | *MOTION to stay lower court proceedings, to stay further appellate proceedings, to stay pending appeal filed by Teri Galardi. Opposition to Motion is Unknown. [18] [21-13696] (ECF: Gerald Tobin) [Entered: 01/14/2022 02:42 PM]* |
| 01/21/2022 | ☐ 19<br>1 pg, 49.94 KB | ORDER: Motion for extension to file appellant brief filed by Appellants Shakir Williams and Jocelyn Johnson is GRANTED. [17] Appellants brief due on 01/21/2022, with the appendix due seven days from the filing of |

the brief. JP (See attached order for complete text) [Entered: 01/21/2022 04:13 PM]

| | | |
|---|---|---|
| 02/01/2022 | ☐ **20**<br>2 pg, 75.75 KB | ORDER: On January 14, 2022, Appellee filed, in appeal nos. 21-13608, 21-13696, and 21-14090, "Appellee Teri Galardi's Notice of Bankruptcy and Automatic Stay," regarding Appellee's filing of a Chapter 11 bankruptcy petition on January 12, 2022, in Case No. 22-50035, In re: Teri G. Galardi, in the U.S. Bankruptcy Court for the Middle District of Georgia. Accordingly, appeal nos. 21-13608, 21-13696, and 21-14090 are hereby STAYED pending further order of the bankruptcy court and this Court. See 11 U.S.C. § 362(a). Counsel for Appellee is DIRECTED to file, by the 15th of each month, monthly status reports with this Court in each appeal. [9575781-2] [18] [9575794-2] [9575781-3] [18] [9575794-3] [9575781-4] [18] [9575794-4] JP (See attached order for complete text) [21-13608, 21-14090, 21-13696] [Entered: 02/01/2022 11:01 AM] |
| 02/15/2022 | ☐ **21**<br>9 pg, 323.04 KB | Notice of filing bankruptcy court docket filed by Attorney Gerald J. Tobin for Appellee Teri Galardi. [21-13696] (ECF: Gerald Tobin) [Entered: 02/15/2022 12:01 PM] |
| 03/15/2022 | ☐ **22**<br>5 pg, 225.2 KB | Status report filed as to Attorney Gerald J. Tobin for Appellee Teri Galardi. Status of case is unchanged [21-13696] (ECF: Gerald Tobin) [Entered: 03/15/2022 04:02 PM] |
| 04/19/2022 | ☐ **23**<br>1 pg, 83.34 KB | Status report overdue as to Attorney Gerald J. Tobin for Appellee Teri Galardi. [Entered: 04/19/2022 09:27 AM] |
| 04/19/2022 | ☐ **24**<br>5 pg, 225.05 KB | Status report filed as to Attorney Gerald J. Tobin for Appellee Teri Galardi. Status of case is unchanged [21-13696] (ECF: Gerald Tobin) [Entered: 04/19/2022 09:49 AM] |
| 05/11/2022 | ☐ **25**<br>5 pg, 224.27 KB | Status report filed as to Attorney Gerald J. Tobin for Appellee Teri Galardi. Status of case is unchanged [21-13696] (ECF: Gerald Tobin) [Entered: 05/11/2022 04:28 PM] |
| 06/14/2022 | ☐ **26**<br>3 pg, 170.06 KB | Status report filed as to Attorney Gerald J. Tobin for Appellee Teri Galardi. Status of case is unchanged [21-13696] (ECF: Gerald Tobin) [Entered: 06/14/2022 11:49 AM] |
| 07/13/2022 | ☐ **27**<br>3 pg, 169.53 KB | Status report filed as to Attorney Gerald J. Tobin for Appellee Teri Galardi. Status of case is unchanged [21-13696] (ECF: Gerald Tobin) [Entered: 07/13/2022 03:13 PM] |
| 08/05/2022 | ☐ **28**<br>4 pg, 163.02 KB | Status report filed as to Attorney Gerald J. Tobin for Appellee Teri Galardi. Status of case is unchanged [21-13696] (ECF: Gerald Tobin) [Entered: 08/05/2022 10:32 AM] |
| 09/06/2022 | ☐ **29**<br>4 pg, 162.87 KB | Status report filed as to Attorney Gerald J. Tobin for Appellee Teri Galardi. Status of case is unchanged [21-13696] (ECF: Gerald Tobin) [Entered: 09/06/2022 01:25 PM] |
| 10/11/2022 | ☐ **30**<br>4 pg, 324.03 KB | Status report filed as to Attorney Gerald J. Tobin for Appellee Teri Galardi. Status of case is unchanged [21-13696] (ECF: Gerald Tobin) [Entered: 10/11/2022 09:56 AM] |
| 11/10/2022 | ☐ **31**<br>4 pg, 162.76 KB | Status report filed as to Attorney Gerald J. Tobin for Appellee Teri Galardi. Status of case is unchanged [21-13696] (ECF: Gerald Tobin) [Entered: 11/10/2022 11:49 AM] |
| 12/07/2022 | ☐ **32**<br>4 pg, 162.83 KB | Status report filed as to Attorney Gerald J. Tobin for Appellee Teri Galardi. Status of case is unchanged [21-13696] (ECF: Gerald Tobin) [Entered: 12/07/2022 04:06 PM] |
| 01/13/2023 | ☐ **33**<br>4 pg, 162.75 KB | Status report filed as to Attorney Gerald J. Tobin for Appellee Teri Galardi. Status of case is unchanged [21-13696] (ECF: Gerald Tobin) [Entered: 01/13/2023 01:11 PM] |
| 02/01/2023 | ☐ **34**<br>4 pg, 162.78 KB | Status report filed as to Attorney Gerald J. Tobin for Appellee Teri Galardi. Status of case is unchanged [21-13696] (ECF: Gerald Tobin) [Entered: 02/01/2023 01:41 PM] |
| 03/01/2023 | ☐ **35**<br>4 pg, 162.68 KB | Status report filed as to Attorney Gerald J. Tobin for Appellee Teri Galardi. Status of case is unchanged [21-13696] (ECF: Gerald Tobin) [Entered: 03/01/2023 10:49 AM] |
| 04/06/2023 | ☐ **36**<br>4 pg, 162.75 KB | Status report filed as to Attorney Gerald J. Tobin for Appellee Teri Galardi. Status of case is unchanged [21-13696] (ECF: Gerald Tobin) [Entered: 04/06/2023 09:15 AM] |
| 04/27/2023 | ☐ **37**<br>4 pg, 162.69 KB | Status report filed as to Attorney Gerald J. Tobin for Appellee Teri Galardi. Status of case is unchanged [21-13696] (ECF: Gerald Tobin) [Entered: 04/27/2023 04:22 PM] |

Clear All

● **Documents and Docket Summary**
○ **Documents Only**

☐ **Include Page Numbers**

**Selected Pages:** 0    **Selected Size:** 0 KB
**Totals reflect accessible documents only and do not include unauthorized restricted documents.**

View Selected

---

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 05/02/2023 09:17:19 | | | |
| **PACER Login:** | leonjones | **Client Code:** | Galardi - trustee atty |
| **Description:** | Docket Report (filtered) | **Search Criteria:** | 21-13696 |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **IN RE:** | **CHAPTER 11** |
| **TERI G. GALARDI,** | **CASE NO.  22-50035-JPS** |
| **Reorganized Debtor.** | |
| **THOMAS T. MCCLENDON, AS LIQUIDATING TRUSTEE OF THE GALARDI CREDITORS TRUST,** | |
| **Movant,** | |
| **v.** | **CONTESTED MATTER** |
| **JOCELYN JOHNSON,** | |
| **Respondent.** | |

**<u>CERTIFICATE OF SERVICE</u>**

This is to certify that I have on this day electronically filed the foregoing *Debtor's Objection to Claim of Jocelyn Johnson* (the "Objection") using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of and an accompanying link to the Objection to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing Program:

- **Michael Akemon**   mutepe.akemon@richardslegal.com
- **Ainsworth G Dudley**   adudleylaw@gmail.com
- **Evan Owens Durkovic**   ecfgamb@aldridgepite.com, edurkovic@ecf.courtdrive.com
- **Robert G. Fenimore**   robert.g.fenimore@usdoj.gov, Ustp.region21.mc.ecf@usdoj.gov
- **Will Bussell Geer**   wgeer@rlkglaw.com, notices@nextchapterbk.com; willgeer@ecf.courtdrive.com;2836@notices.nextchapterbk.com;6717577420@filings.docketbird.com;geer.willb117921@notify.bestcase.com;emiller@rlkglaw.com
- **Whitney Warnke Groff**   wgroff@law.ga.gov
- **Elizabeth A. Hardy**   elizabeth.a.hardy@usdoj.gov, Ustp.region21.mc.ecf@usdoj.gov;elizabeth.hardy.collins@usdoj.gov
- **Brian K. Jordan**   ecfgamb@aldridgepite.com, bjordan@ecf.courtdrive.com
- **Christina T. Lanier**   christina.t.lanier@usdoj.gov, southern.taxcivil@usdoj.gov
- **Jonathan Loegel**   jonathan@loegel.com
- **Roy E. Manoll**   kdd@fbglaw.com
- **Louis G. McBryan**   lmcbryan@mcbryanlaw.com, alepage@mcbryanlaw.com

- **Garrett A. Nail**   gnail@pgnlaw.com
- **James D. Silver**   jsilver@kklaw.com, raldama@kklaw.com
- **Ward Stone**   wstone@stoneandbaxter.com, lford@stoneandbaxter.com;
  mcathey@stoneandbaxter.com;dbury@stoneandbaxter.com;lchapman@stoneandbaxter.
  com;amoses@stoneandbaxter.com
- **Christopher W. Terry**   chris@boyerterry.com, terrycr40028@notify.bestcase.com
- **U.S. Trustee - MAC**   Ustp.region21.mc.ecf@usdoj.gov

I further certify that I served a true and correct copy of the foregoing Objection on all parties referenced below via United States First Class Mail, postage prepaid:

Jocelyn Johnson
c/o Astrid Evelyn Gabbe, Esq.
P.O. Box 4216
Hollywood, FL 33083

This 2nd day of May, 2023.

*/s/ Thomas T. McClendon*
Thomas T. McClendon
Georgia Bar. No. 431452
699 Piedmont Ave NE
Atlanta, Georgia 30308
(404) 564-9300
tmcclendon@joneswalden.com
Liquidating Trustee