**IN THE UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **IN RE:** | **CHAPTER 11** |
| **TERI G. GALARDI,** | **CASE NO.  22-50035-JPS** |
| **Reorganized Debtor.** | |
| **THOMAS T. MCCLENDON, AS LIQUIDATING TRUSTEE OF THE GALARDI CREDITORS TRUST,** | |
| **Movant,** | **CONTESTED MATTER** |
| **v.** | |
| **ASTRID E. GABBE,** | |
| **Respondent.** | |

### NOTICE OF OBJECTION TO CLAIM

THOMAS T. MCCLENDON, AS LIQUIDATING TRUSTEE OF THE GALARDI CREDITORS TRUST ("LIQUIDATING TRUSTEE") HAS FILED AN OBJECTION TO YOUR CLAIM IN THIS BANKRUPTCY CASE.

**Your claim may be reduced, modified, or eliminated.** You should read these documents carefully and discuss them with your attorney, if you have one in this bankruptcy case. **If you do not have an attorney, you may wish to consult one.**

If you do not want the court to eliminate or change your claim, then you or your attorney shall file with the court a written response to the objection on or before **June 9, 2023.** If you are receiving this notice by mail, you may add 3 days to the response date, in accordance with FRBP 9006(f). The objection or response should be sent to:

> Clerk, U.S. Bankruptcy Court
> Middle District of Georgia
> P.O. Box. 1957
> Macon, Georgia 31202
> 478-752-3506

**If a response if filed, a hearing on the objection to your claim shall be held on: June 21, 2023 at 11:00 a.m. in Courtroom A at the U.S. Courthouse, 433 Cherry Street, Macon, Georgia 31201.** *Parties should consult the Court's website (www.gamb.uscourts.gov) concerning*

*whether the hearing will be in-person, telephonic, or virtual. Please refer to Administrative Order #145 for more guidance.*

If you mail your response to the Court for filing, you shall send it early enough so that the court will **receive** the response on or before the response date stated above.

Any response shall also be served on the Liquidating Trustee.

**If you or your attorneys do not take these steps, the court may decide you do not oppose the objection to your claim.**

This notice is sent by the undersigned pursuant to LBR 9004-1.

This 10th day of May, 2023.

*/s/ Thomas T. McClendon*
Thomas T. McClendon
Georgia Bar. No. 431452
699 Piedmont Ave NE
Atlanta, Georgia 30308
(404) 564-9300
tmcclendon@joneswalden.com
Liquidating Trustee

## IN THE UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| **TERI G. GALARDI,** | **CASE NO.  22-50035-JPS** |
| **Reorganized Debtor.** | |
| **THOMAS T. MCCLENDON, AS LIQUIDATING TRUSTEE OF THE GALARDI CREDITORS TRUST,** | |
| **Movant,** | **CONTESTED MATTER** |
| **v.** | |
| **ASTRID E. GABBE,** | |
| **Respondent.** | |

### LIQUIDATING TRUSTEE'S OBJECTION TO CLAIM NO. 105 OF ASTRID E. GABBE

Thomas T. McClendon, as liquidating trustee of the Galardi Creditors Trust ("Liquidating Trustee") in the above-captioned case, files this objection ("Objection") to the claim asserted by Astrid E. Gabbe ("Respondent") and respectfully shows this Court as follows:

### BACKGROUND

1.     On January 12, 2022 ("Petition Date"), Teri G. Galardi ("Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§101 et seq. ("Bankruptcy Code"), in the United States Bankruptcy Court for the Middle District of Georgia, Macon Division ("Court").

2.     On April 14, 2023, the Court entered an Order Confirming the Joint Plan of Reorganization (Doc. No. 410) (the "Confirmation Order").

3.     The Effective Date of the Plan under the Confirmation Order is April 28, 2023.

4.      Pursuant to the Confirmation Order, any objection to a proof of claim classified in Class 8 shall be filed by the Liquidating Trustee on or before the 120th day after the Effective Date.

5.      On March 22, 2022, Astrid E. Gabbe filed proof of claim number 105, asserting a claim for $67,170.77 as an unsecured claim ("Claim No. 105"). A true and correct copy of Claim No. 105 is attached hereto as **Exhibit "A"**.

6.      Such claim is for "contingency fee in the Claim of Jenisee Long." Claim No. 105 at 2.

7.      Claim No. 105 was classified in Class 8 of the Plan.

## DISCUSSION

8.      Respondent represented Jenisee Long as an unnamed class member/creditor of the Debtor in the lawsuit styled *Espinoza* et al. *v. Galardi*, Case No. 1:14-cv-21244, in the United States District Court for the Northern District of Florida (the "District Court") involving violations of the Florida Minimum Wage Act, Florida Code Ann. § 448.110 ("FMWA"). As reflected in the proof of claim, Respondent asserts she represented Ms. Long on a contingency basis.

9.      On March 22, 2022, Respondent filed proof of claim number 104 in the amount of $191,916.48 as an unsecured claim ("Claim No. 104"). Such claim reflected Jenisee Long's "Florida Minimum Wage Act Claim." Claim No. 104 at 2. A true and correct copy of Claim No. 104 is attached hereto as **Exhibit "B"**

10.     Respondent filed Claim No. 105 on March 22, 2022. Such claim reflects 35% of Ms. Long's FMWA claim against the Debtor as filed in Claim No. 104.

11.     On March 23, 2022, Jenisee Long filed proof of claim number 115 in the amount of $383,832.96 ("Claim No. 115"). Claim No. 115 reflects the full amount of Ms. Long's FMWA

claim against the Debtor, which would include all contingency fees due an attorney. A true and correct copy of Claim No. 115 is attached hereto as **Exhibit "C"**.

12.     Respondent filed a notice of withdrawal of Claim No. 104 on February 28, 2023 (Doc. No. 307). However, Respondent did not file a notice of withdrawal of Proof of Claim No. 105.

13.     Thus, Claim No. 115 (reflecting 100% of the judgment against Debtor) and Claim No. 105 (reflecting 35% of the judgment against Debtor) remain on the claims register.

14.     As Respondent's contingency fees claim would be included in the Claim No. 115 filed by Jenisee Long, Respondent's Claim No. 105 is duplicative and should be disallowed in its entirety.

        **WHEREFORE,** the Liquidating Trustee requests the following relief:

(a)     That this Objection be sustained;

(b)     That Claim No. 105 be disallowed;

(c)     That the Court awards the Liquidating Trustee such other and further relief as is just and proper.

        Respectfully submitted this 10th day of May, 2023.

                                    */s/ Thomas T. McClendon*
                                    Thomas T. McClendon
                                    Georgia Bar. No. 431452
                                    699 Piedmont Ave NE
                                    Atlanta, Georgia 30308
                                    (404) 564-9300
                                    tmcclendon@joneswalden.com
                                    Liquidating Trustee

# Exhibit "A"

**Fill in this information to identify the case:**

Debtor 1   Teri Galardi

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court   **Middle District of Georgia**

Case number:  **22–50035**

FILED

**U.S. Bankruptcy Court**
**Middle District of Georgia**

3/22/2022

**Kyle George, Clerk**

## Official Form 410
## Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| **Part 1:** | **Identify the Claim** |
|---|---|

| | |
|---|---|
| 1. **Who is the current creditor?** | Astrid E. Gabbe |
| | Name of the current creditor (the person or entity to be paid for this claim) |
| | Other names the creditor used with the debtor |
| 2. **Has this claim been acquired from someone else?** | ☑ No ☐ Yes. From whom? |
| 3. **Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?** |
| | Astrid E. Gabbe |
| | Name |
| | P.O. Box 4216 Hollywood, FL 33083 |
| | Contact phone   9543039882 |
| | Contact email   astridgabbe@gmail.com |
| | Uniform claim identifier for electronic payments in chapter 13 (if you use one): |
| | **Where should payments to the creditor be sent?** (if different) |
| | Name |
| | Contact phone |
| | Contact email |
| 4. **Does this claim amend one already filed?** | ☑ No ☐ Yes. Claim number on court claims registry (if known)   Filed on ___ MM / DD / YYYY |
| 5. **Do you know if anyone else has filed a proof of claim for this claim?** | ☑ No ☐ Yes. Who made the earlier filing? |

Official Form 410            Proof of Claim            page 1

**Part 2:** Give Information About the Claim as of the Date the Case was Filed

| | |
|---|---|
| **6. Do you have any number you use to identify the debtor?** | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ |

| | | |
|---|---|---|
| **7. How much is the claim?** | $ 67170.77 | **Does this amount include interest or other charges?**<br>☑ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as healthcare information.

Contingency Fee in the Claim of Jenisee Long
_____

**9. Is all or part of the claim secured?**

☑ No
☐ Yes. The claim is secured by a lien on property.

**Nature of property:**
☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410–A) with this *Proof of Claim*.
☐ Motor vehicle
☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $ _____

**Amount of the claim that is secured:** $ _____

**Amount of the claim that is unsecured:** $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $ _____

**Annual Interest Rate** (when case was filed) _____ %

☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☑ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____

**11. Is this claim subject to a right of setoff?**

☑ No
☐ Yes. Identify the property: _____

---

Official Form 410         Proof of Claim         page 2

| 12. | Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No ☐ Yes. *Check all that apply:* | | Amount entitled to priority |
|---|---|---|---|---|

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).   $ _____

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).   $ _____

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).   $ _____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).   $ _____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).   $ _____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(_) that applies   $ _____

\* Amounts are subject to adjustment on 4/1/22 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.**

Check the appropriate box:

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    3/22/2022
MM / DD / YYYY

/s/ Astrid E. Gabbe

Signature

Print the name of the person who is completing and signing this claim:

Name    Astrid E. Gabbe
First name    Middle name    Last name

Title    Attorney

Company    The Law Office of Astrid E. Gabbe
Identify the corporate servicer as the company if the authorized agent is a servicer

Address    P.O. Box 4216
Number   Street
Hollywood, FL 33083
City   State   ZIP Code

Contact phone    9543039882    Email    astridgabbe@gmail.com

THE RICHARDS LAW GROUP, LLC

P.O. Box 360295
Decatur, Georgia 30036
www.RichardsLegal.com
Office: 404.289.6816
Fax: 404.795.0727

July 30, 2019

By E-Mail and USPS Certified Mail
Fly Low, Inc
MBJG Corp, Inc.
LVA Management and Consulting, Inc.
Teri L. Galardi



EXHIBIT
15

c/o Dean R. Fuchs, Esq.
Schulten, Ward, Turner & Weiss, LLP
260 Peachtree Street N.W.
Atlanta, Ga., 30303

Re:     **Pre-Suit Notice: Jenisse Long v. Fly Low, Inc.** *Et al* 1 **Pursuant to Florida Code §448.110**

Dear Dean:

I write to you as attorney for the above referenced entities and individuals pursuant to Florida Code Ann. §448.110(6)(a).

The purpose of my letter is to advise you of certain legal claims which my client intends to initiate against her "employers" (i.e, the entities and persons identified above) under the Florida Minimum Wage Act, Florida Code Ann. §448.110 ("FMWA"). Specifically, Ms. Long claims that her employers committed willful violations of the Act by failing to pay her minimum wages required under the FMWA, and by extracting unlawful kickbacks.

Ms. Long was employed as a Dancer-Entertainer at the King ff Diamonds from 2012 until 2018. She possesses no time records documenting the dates/times that she worked and can therefore offer only an approximation concerning the number of hours and shifts she worked. We currently estimate that she worked an average of six shifts and 32 hours per week. She was also required to pay to or on behalf of the Club "house fees" of between an average of $125 per shift, plus an additional 10% of the amounts she earned during each shift (average of $50 per shift) She was also required to "tip-out" Club personnel such as the Housemom, Security, and DJ (average of $50 per shift).

Ms. Long was an un-named class member in the case of Espinoza et al v. Galardi et al, No. 1:14-cv-21244 (N.D. Fl), in which FMWA claims are being pressed as a Rule 23 class action. Espinoza was filed on April 8, 2014. Her FMWA claims, therefore, have been "tolled" since that time. Willful violations of the FMWA are subject to a five-year statute of limitations. Based on materials that have been previously provided to me in the matter of Geter et. al v

*Attorneys licensed in Georgia and Maryland*

Galardi South Inc et al., Ms. Long agreed to arbitrate her claims under the AAA Employmemt Rules that your clients drafted. We will be filing a demand for arbitration within thirty (30) days of receipt of this notice.

**2012**
48 weeks x 7.67 /hr 6 days a week at 8 hours per shift
Regular hours 2304 x 7.67/hr= $17,671.68.
Fees 48 weeks x 6 shifts/wk ($50 house fee, $100 10%, $50 housemom, dj security)=288 x 200= $57,600

**2013**
48 weeks x 7.79/hr 6 days a week at 8 hours per shift
Regular hours-2304 x 7.79=$17,948.16
Fees 48 weeks x 6 shifts/wk ($50 house fee, $100 10%, $50 housemom, dj security)= 288 x200=$57,600

**2014**
26 weeks x 7.93/hr 6 days a week at 8 hours per shift
Regular hours 1248 x 7.93/hr=9,896.64
Fees- 26 weeks x 6 shifts/wk ($50 house fee, $100 10%, $50 housemom, dj security)=156 shifts x 200= $31,200

**TOTAL WAGES: $45,516.48**

**TOTAL DAMAGES: $191,916.48**

Obviously, this figure does not take into account your clients' potential liability for liquidated damages and attorney's fees.

Pursuant to §448.110, your clients are entitled to 15 calendar days in which to resolve this matter by agreement. Should they fail to do so, Ms. Long will initiate the appropriate legal proceedings.

Very Truly Yours,

THE RICHARDS LAW GROUP, LLC

By:/s/Mutepe Akemon
Mutepe Akemon

# Exhibit "B"

**Fill in this information to identify the case:**

Debtor 1  Teri Galardi

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court  **Middle District of Georgia**

Case number:  **22–50035**

FILED

**U.S. Bankruptcy Court
Middle District of Georgia**

3/22/2022

**Kyle George, Clerk**

## Official Form 410
## Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

### Part 1:  Identify the Claim

| | |
|---|---|
| 1. **Who is the current creditor?** | Jenisee Long<br><br>Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor |
| 2. **Has this claim been acquired from someone else?** | ☑ No<br>☐ Yes. From whom? |
| 3. **Where should notices and payments to the creditor be sent?**<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br><br>Jenisee Long<br><br>Name<br><br>c/o Astrid Evelyn Gabbe, Esq.<br>P.O. Box 4216<br>Hollywood, FL 33083<br><br>Contact phone      9543039882<br><br>Contact email      astridgabbe@gmail.com<br><br>Uniform claim identifier for electronic payments in chapter 13 (if you use one):<br><br>**Where should payments to the creditor be sent?** (if different)<br><br>Name<br><br>Contact phone<br><br>Contact email |
| 4. **Does this claim amend one already filed?** | ☑ No<br>☐ Yes. Claim number on court claims registry (if known)      Filed on        MM / DD / YYYY |
| 5. **Do you know if anyone else has filed a proof of claim for this claim?** | ☑ No<br>☐ Yes. Who made the earlier filing? |

Official Form 410            Proof of Claim            page 1

**Part 2:** Give Information About the Claim as of the Date the Case was Filed

| | |
|---|---|
| **6. Do you have any number you use to identify the debtor?** | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ |

| | | |
|---|---|---|
| **7. How much is the claim?** | $ 191916.48 | **Does this amount include interest or other charges?**<br>☑ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

| | |
|---|---|
| **8. What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as healthcare information.<br><br>Florida Minimum Wage Act Claim |

| | |
|---|---|
| **9. Is all or part of the claim secured?** | ☑ No<br>☐ Yes. The claim is secured by a lien on property.<br>　　**Nature of property:**<br>　　☐ Real estate.　If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410–A) with this *Proof of Claim.*<br>　　☐ Motor vehicle<br>　　☐ Other. Describe: _____<br><br>　　**Basis for perfection:** _____<br><br>　　Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>　　**Value of property:** $ _____<br><br>　　**Amount of the claim that is secured:** $ _____<br><br>　　**Amount of the claim that is unsecured:** $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>　　**Amount necessary to cure any default as of the date of the petition:** $ _____<br><br>　　**Annual Interest Rate** (when case was filed) _____ %<br><br>　　☐ Fixed<br>　　☐ Variable |

| | |
|---|---|
| **10. Is this claim based on a lease?** | ☑ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____ |

| | |
|---|---|
| **11. Is this claim subject to a right of setoff?** | ☑ No<br>☐ Yes. Identify the property: _____ |

Official Form 410 　　　　　　　　　　Proof of Claim 　　　　　　　　　　page 2

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No<br>☐ Yes. *Check all that apply:* | Amount entitled to priority |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies | $ _____ |
| | * Amounts are subject to adjustment on 4/1/22 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

| **The person completing this proof of claim must sign and date it. FRBP 9011(b).**<br><br>If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.<br><br>**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**<br>**18 U.S.C. §§ 152, 157 and 3571.** | Check the appropriate box: |
|---|---|

Check the appropriate box:

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    3/22/2022

MM / DD / YYYY

/s/ Astrid E. Gabbe

Signature

Print the name of the person who is completing and signing this claim:

Name      Astrid E. Gabbe

First name    Middle name    Last name

Title      Attorney

Company      The Law Office of Astrid E. Gabbe

Identify the corporate servicer as the company if the authorized agent is a servicer

Address      P.O. Box 4216

Number   Street

Hollywood, FL 33083

City   State   ZIP Code

Contact phone    9543039882      Email    astridgabbe@gmail.com

# THE RICHARDS LAW GROUP, LLC

P.O. Box 360295
Decatur, Georgia 30036
www.RichardsLegal.com
Office: 404.289.6816
Fax: 404.795.0727

July 30, 2019

By E-Mail and USPS Certified Mail
Fly Low, Inc
MBJG Corp, Inc.
LVA Management and Consulting, Inc.
Teri L. Galardi



c/o Dean R. Fuchs, Esq.
Schulten, Ward, Turner & Weiss, LLP
260 Peachtree Street N.W.
Atlanta, Ga., 30303

Re:    **Pre-Suit Notice: Jenisse Long v. Fly Low, Inc.** *Et al* 1 **Pursuant to Florida Code §448.110**

Dear Dean:

I write to you as attorney for the above referenced entities and individuals pursuant to Florida Code Ann. §448.110(6)(a).

The purpose of my letter is to advise you of certain legal claims which my client intends to initiate against her "employers" (i.e, the entities and persons identified above) under the Florida Minimum Wage Act, Florida Code Ann. §448.110 ("FMWA"). Specifically, Ms. Long claims that her employers committed willful violations of the Act by failing to pay her minimum wages required under the FMWA, and by extracting unlawful kickbacks.

Ms. Long was employed as a Dancer-Entertainer at the King ff Diamonds from 2012 until 2018. She possesses no time records documenting the dates/times that she worked and can therefore offer only an approximation concerning the number of hours and shifts she worked. We currently estimate that she worked an average of six shifts and 32 hours per week. She was also required to pay to or on behalf of the Club "house fees" of between an average of $125 per shift, plus an additional 10% of the amounts she earned during each shift (average of $50 per shift) She was also required to "tip-out" Club personnel such as the Housemom, Security, and DJ (average of $50 per shift).

Ms. Long was an un-named class member in the case of Espinoza et al v. Galardi et al, No. 1:14-cv-21244 (N.D. Fl), in which FMWA claims are being pressed as a Rule 23 class action. Espinoza was filed on April 8, 2014. Her FMWA claims, therefore, have been "tolled" since that time. Willful violations of the FMWA are subject to a five-year statute of limitations. Based on materials that have been previously provided to me in the matter of Geter et. al v

*Attorneys licensed in Georgia and Maryland*

Galardi South Inc et al., Ms. Long agreed to arbitrate her claims under the AAA Employmemt Rules that your clients drafted. We will be filing a demand for arbitration within thirty (30) days of receipt of this notice.

**2012**
48 weeks x 7.67 /hr 6 days a week at 8 hours per shift
Regular hours 2304 x 7.67/hr= $17,671.68.
Fees 48 weeks x 6 shifts/wk ($50 house fee, $100 10%, $50 housemom, dj security)=288 x 200= $57,600

**2013**
48 weeks x 7.79/hr 6 days a week at 8 hours per shift
Regular hours-2304 x 7.79=$17,948.16
Fees 48 weeks x 6 shifts/wk ($50 house fee, $100 10%, $50 housemom, dj security)= 288 x200=$57,600

**2014**
26 weeks x 7.93/hr 6 days a week at 8 hours per shift
Regular hours 1248 x 7.93/hr=9,896.64
Fees- 26 weeks x 6 shifts/wk ($50 house fee, $100 10%, $50 housemom, dj security)=156 shifts x 200= $31,200

**TOTAL WAGES: $45,516.48**

**TOTAL DAMAGES: $191,916.48**

Obviously, this figure does not take into account your clients' potential liability for liquidated damages and attorney's fees.

Pursuant to §448.110, your clients are entitled to 15 calendar days in which to resolve this matter by agreement. Should they fail to do so, Ms. Long will initiate the appropriate legal proceedings.

Very Truly Yours,

THE RICHARDS LAW GROUP, LLC

By:/s/Mutepe Akemon
Mutepe Akemon

# Exhibit "C"

**Fill in this information to identify the case:**

Debtor 1   Teri Galardi

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court   **Middle District of Georgia**

Case number:  **22–50035**

FILED

**U.S. Bankruptcy Court**
**Middle District of Georgia**

3/23/2022

**Kyle George, Clerk**

Official Form 410
# Proof of Claim

04/19

**Read the instructions before filling out this form.** This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1:  Identify the Claim

| | |
|---|---|
| **1. Who is the current creditor?** | Jenisee Long<br><br>Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor |
| **2. Has this claim been acquired from someone else?** | ☒ No<br>☐ Yes. From whom? |
| **3. Where should notices and payments to the creditor be sent?**<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br><br>Jenisee Long<br><br>Name<br><br>2107 Center Street<br>Covington, KY 41014<br><br>Contact phone   513–551–9825<br><br>Contact email   longjenisee@gmail.com<br><br>Uniform claim identifier for electronic payments in chapter 13 (if you use one):<br><br>            **Where should payments to the creditor be sent?** (if different)<br><br>Name<br><br>Contact phone<br><br>Contact email |
| **4. Does this claim amend one already filed?** | ☒ No<br>☐ Yes. Claim number on court claims registry (if known) _____   Filed on _____<br>                                          MM / DD / YYYY |
| **5. Do you know if anyone else has filed a proof of claim for this claim?** | ☐ No<br>☒ Yes. Who made the earlier filing?   Astrid Gabbe claim #104 I fired her and she still filed the claim when she said she wouldn't |

**Part 2:** Give Information About the Claim as of the Date the Case was Filed

| | |
|---|---|
| **6. Do you have any number you use to identify the debtor?** | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ |

| | | |
|---|---|---|
| **7. How much is the claim?** | $ _____ 383832.96 | **Does this amount include interest or other charges?**<br>☐ No<br>☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as healthcare information.

did not pay minimum wages at KOD and liquidated damages– former attorney would not give me my documents

**9. Is all or part of the claim secured?**

☑ No
☐ Yes. The claim is secured by a lien on property.

**Nature of property:**
☐ Real estate.    If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410–A) with this *Proof of Claim*.
☐ Motor vehicle
☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $ _____

**Amount of the claim that is secured:** $ _____

**Amount of the claim that is unsecured:** $ _____    (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $ _____

**Annual Interest Rate** (when case was filed)    _____ %

☐ Fixed
☐ Variable

| | |
|---|---|
| **10. Is this claim based on a lease?** | ☑ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____ |

| | |
|---|---|
| **11. Is this claim subject to a right of setoff?** | ☑ No<br>☐ Yes. Identify the property: _____ |

Official Form 410    Proof of Claim    page 2

| 12. | Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No ☐ Yes. *Check all that apply:* | | Amount entitled to priority |
|---|---|---|---|---|

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).  $_____

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).  $_____

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).  $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).  $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).  $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(_) that applies  $_____

\* Amounts are subject to adjustment on 4/1/22 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3:   Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
**18 U.S.C. §§ 152, 157 and 3571.**

Check the appropriate box:

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   3/23/2022
_____
MM / DD / YYYY

/s/  Jenisee Long
_____
Signature

Print the name of the person who is completing and signing this claim:

Name   Jenisee Long
_____
First name        Middle name        Last name

Title   _____

Company   _____
Identify the corporate servicer as the company if the authorized agent is a servicer

Address   _____
Number   Street
,
_____
City   State   ZIP Code

Contact phone   _____   Email   _____

THE RICHARDS LAW GROUP, LLC

P.O. Box 360295
Decatur, Georgia 30036
www.RichardsLegal.com
Office: 404.289.6816
Fax: 404.795.0727

July 30, 2019

By E-Mail and USPS Certified Mail
Fly Low, Inc
MBJG Corp, Inc.
LVA Management and Consulting, Inc.
Teri L. Galardi

c/o Dean R. Fuchs, Esq.
Schulten, Ward, Turner & Weiss, LLP
260 Peachtree Street N.W.
Atlanta, Ga., 30303

Re:     **Pre-Suit Notice: Jenisse Long v. Fly Low, Inc.** *Et al* 1 **Pursuant to Florida
Code §448.110**

Dear Dean:

I write to you as attorney for the above referenced entities and individuals pursuant to
Florida Code Ann. §448.110(6)(a).

The purpose of my letter is to advise you of certain legal claims which my client intends
to initiate against her "employers" (i.e, the entities and persons identified above) under the
Florida Minimum Wage Act, Florida Code Ann. §448.110 ("FMWA"). Specifically, Ms. Long
claims that her employers committed willful violations of the Act by failing to pay her minimum
wages required under the FMWA, and by extracting unlawful kickbacks.

Ms. Long was employed as a Dancer-Entertainer at the King ff Diamonds from 2012
until 2018. She possesses no time records documenting the dates/times that she worked and can
therefore offer only an approximation concerning the number of hours and shifts she worked. We
currently estimate that she worked an average of six shifts and 32 hours per week. She was also
required to pay to or on behalf of the Club "house fees" of between an average of $125 per shift,
plus an additional 10% of the amounts she earned during each shift (average of $50 per shift)
She was also required to "tip-out" Club personnel such as the Housemom, Security, and DJ
(average of $50 per shift).

Ms. Long was an un-named class member in the case of Espinoza et al v. Galardi et al,
No. 1:14-cv-21244 (N.D. Fl), in which FMWA claims are being pressed as a Rule 23 class
action. Espinoza was filed on April 8, 2014. Her FMWA claims, therefore, have been "tolled"
since that time. Willful violations of the FMWA are subject to a five-year statute of limitations.
Based on materials that have been previously provided to me in the matter of Geter et. al v

*Attorneys licensed in Georgia and Maryland*

Galardi South Inc et al., Ms. Long agreed to arbitrate her claims under the AAA Employmemt Rules that your clients drafted. We will be filing a demand for arbitration within thirty (30) days of receipt of this notice.

**2012**
48 weeks x 7.67 /hr 6 days a week at 8 hours per shift
Regular hours 2304 x 7.67/hr= $17,671.68.
Fees 48 weeks x 6 shifts/wk ($50 house fee, $100 10%, $50 housemom, dj security)=288 x 200= $57,600

**2013**
48 weeks x 7.79/hr 6 days a week at 8 hours per shift
Regular hours-2304 x 7.79=$17,948.16
Fees 48 weeks x 6 shifts/wk ($50 house fee, $100 10%, $50 housemom, dj security)= 288 x200=$57,600

**2014**
26 weeks x 7.93/hr 6 days a week at 8 hours per shift
Regular hours 1248 x 7.93/hr=9,896.64
Fees- 26 weeks x 6 shifts/wk ($50 house fee, $100 10%, $50 housemom, dj security)=156 shifts x 200= $31,200

**TOTAL WAGES: $45,516.48**

**TOTAL DAMAGES: $191,916.48**

Obviously, this figure does not take into account your clients' potential liability for liquidated damages and attorney's fees.

Pursuant to §448.110, your clients are entitled to 15 calendar days in which to resolve this matter by agreement. Should they fail to do so, Ms. Long will initiate the appropriate legal proceedings.

Very Truly Yours,

THE RICHARDS LAW GROUP, LLC

By:/s/Mutepe Akemon_____
Mutepe Akemon

From: **Astrid E. Gabbe** <astridgabbe@aol.com>
Date: Sun, Mar 13, 2022 at 7:52 PM
Subject: Re:
To:  <longjenisee@gmail.com>


Ms Long,

Please be advised that there are three deadlines in the bankruptcy case.

Neither I nor Mr. Dudley will file anything for you.

1. File proof of claim  March 23, 2022
2. Objection to discharge April 1, 2022
3. Objection to subchapter 5 March 18, 2022

Please have your attorney contact me and we will send you this individual all information needed.

Sincerely,,

Astrid E. Gabbe
The Law Office of Astrid E. Gabbe, P.A.
P.O. Box 4216
Hollywood, FL, 33083
954-303-9882

This message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information that is exempt from public disclosure. Any unauthorized review, use, disclosure, or distribution is prohibited. If you have received this e-mail message and are not the intended recipient, please contact the sender (by phone or reply e-mail )and destroy all copies of the original message. Sent from AOL Desktop


In a message dated 3/13/2022 10:39:40 AM Eastern Standard Time, longjenisee@gmail.com  writes:

> Ms Gabbe I need my client file to give to another lawyer.  Please send it to me by email as soon as possible. and how much do I owe out of my settlement to your law firm?

 Gmail

From: **Ainsworth Dudley** <adudleylaw@gmail.com>
Date: Fri, Mar 18, 2022 at 9:06 AM
Subject: Re:
To: jenisee long <longjenisee@gmail.com>

Ms. Long:

I received your termination letter, and will take no further action on your case. As I have indicated to you earlier, you are personally responsible for filing your proof of claim with the bankruptcy court by the deadline. If you miss the deadline, your claim will be barred.

If you need to speak with Ms. Gabbe, direct communications to her not me.

No one has filed any "false claims" on behalf of anyone.

Thank you.

**Ainsworth G. Dudley**
**4200 Northside Parkway**
**Building 1, Suite 200**
**Atlanta, GA 30327**
**404.687.8205**

On Thu, Mar 17, 2022 at 4:07 PM jenisee long <longjenisee@gmail.com> wrote:

Hey I'm just clarifying that you (Astrid )and Dubley  are fired and no longer on my case
. I heard you guys are filing false Claims against the other clients , if I find out anything
is being claimed under my name I will pursue legal actions between you and Dubley .

From: **jenisee long** <longjenisee@gmail.com>
Date: Tue, Mar 22, 2022 at 1:19 PM
Subject:
To: <astridgabbe@aol.com>


why would you file my bankruptcy papers as my attorney when I fired you ?

**IN THE UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **IN RE:** | **CHAPTER 11** |
| **TERI G. GALARDI,** | **CASE NO.  22-50035-JPS** |
| **Reorganized Debtor.** | |
| **THOMAS T. MCCLENDON, AS LIQUIDATING TRUSTEE OF THE GALARDI CREDITORS TRUST,** | |
| **Movant,** | |
| **v.** | **CONTESTED MATTER** |
| **ASTRID E. GABBE,** | |
| **Respondent.** | |

**CERTIFICATE OF SERVICE**

This is to certify that I have on this day electronically filed the foregoing *Debtor's Objection to Claim of Astrid E. Gabbe* (the "Objection") using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of and an accompanying link to the Objection to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing Program:

- **Michael Akemon**    mutepe.akemon@richardslegal.com
- **Ainsworth G Dudley**    adudleylaw@gmail.com
- **Evan Owens Durkovic**    ecfgamb@aldridgepite.com, edurkovic@ecf.courtdrive.com
- **Robert G. Fenimore**    robert.g.fenimore@usdoj.gov, Ustp.region21.mc.ecf@usdoj.gov
- **Will Bussell Geer**    wgeer@rlkglaw.com, notices@nextchapterbk.com; willgeer@ecf.courtdrive.com;2836@notices.nextchapterbk.com;6717577420@filings.docketbird.com;geer.willb117921@notify.bestcase.com;emiller@rlkglaw.com
- **Whitney Warnke Groff**    wgroff@law.ga.gov
- **Elizabeth A. Hardy**    elizabeth.a.hardy@usdoj.gov, Ustp.region21.mc.ecf@usdoj.gov; elizabeth.hardy.collins@usdoj.gov
- **Brian K. Jordan**    ecfgamb@aldridgepite.com, bjordan@ecf.courtdrive.com
- **Christina T. Lanier**    christina.t.lanier@usdoj.gov, southern.taxcivil@usdoj.gov
- **Jonathan Loegel**    jonathan@loegel.com

- **Roy E. Manoll**   kdd@fbglaw.com
- **Louis G. McBryan**   lmcbryan@mcbryanlaw.com, alepage@mcbryanlaw.com
- **Garrett A. Nail**   gnail@pgnlaw.com
- **James D. Silver**   jsilver@kklaw.com, raldama@kklaw.com
- **Ward Stone**   wstone@stoneandbaxter.com, lford@stoneandbaxter.com; mcathey@stoneandbaxter.com;dbury@stoneandbaxter.com;lchapman@stoneandbaxter.com;amoses@stoneandbaxter.com
- **Christopher W. Terry**   chris@boyerterry.com, terrycr40028@notify.bestcase.com
- **U.S. Trustee - MAC**   Ustp.region21.mc.ecf@usdoj.gov

I further certify that I served a true and correct copy of the foregoing Objection on all parties referenced below via United States First Class Mail, postage prepaid:

Astrid E. Gabbe
The Law Office of Astrid E. Gabbe P.A.
P.O. Box 4216
Hollywood, FL 33083

This 10th day of May, 2023.

/s/ Thomas T. McClendon
Thomas T. McClendon
Georgia Bar. No. 431452
699 Piedmont Ave NE
Atlanta, Georgia 30308
(404) 564-9300
tmcclendon@joneswalden.com
Liquidating Trustee