B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br><br>TERI G. GALARDI, DEBTOR | DEFENDANTS<br>ALEXIS KING, JOSEPH GUERNEY dba RED SHIELD<br>FUNDING, as Transferee of Claim No. 110-1, and<br>ASTRID GABBE |
|---|---|

| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>BOYER TERRY LLC<br>Christopher W. Terry<br>348 Cotton Avenue, Suite 200<br>Macon, Georgia 31201 | ATTORNEYS (If Known) |
|---|---|

| PARTY (Check One Box Only)<br>■ Debtor      □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor   □ Other<br>□ Trustee | PARTY (Check One Box Only)<br>□ Debtor      □ U.S. Trustee/Bankruptcy Admin<br>■ Creditor   □ Other<br>□ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint to Avoid Judicial Lien as Preferential Transfer under 11 U.S.C. Section 547.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- [ ] 11-Recovery of money/property - §542 turnover of property
- [ ] 12-Recovery of money/property - §547 preference
- [ ] 13-Recovery of money/property - §548 fraudulent transfer
- [ ] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- [x] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- [ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- [ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- [ ] 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- [ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- [ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- [ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
- [ ] 61-Dischargeability - §523(a)(5), domestic support
- [ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
- [ ] 63-Dischargeability - §523(a)(8), student loan
- [ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- [ ] 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- [ ] 71-Injunctive relief – imposition of stay
- [ ] 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- [ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- [ ] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- [ ] 01-Determination of removed claim or cause

**Other**
- [ ] SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
- [ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

Avoidance of Judicial Lien as Preferential Transfer

**B1040 (FORM 1040) (12/15), Page 2**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>TERI G. GALARDI | BANKRUPTCY CASE NO.<br>22-50035-JPS | |
| DISTRICT IN WHICH CASE IS PENDING<br>MIDDLE DISTRICT OF GEORGIA | DIVISION OFFICE<br>MACON | NAME OF JUDGE<br>JAMES P. SMITH |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>5/31/2023 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Christopher W. Terry | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| **IN RE:** | : | **CHAPTER 11** |
| | : | |
| **TERI G. GALARDI,** | : | **CASE NO. 22-50035-JPS** |
| | : | |
| **Debtor.** | : | **JUDGE JAMES P. SMITH** |
| _____ | : | |
| | : | |
| **TERI G. GALARDI,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **ADVERSARY PROCEEDING** |
| **v.** | : | **CASE NO. _____** |
| | : | |
| **ALEXIS KING, JOSEPH GUERNSEY** | : | |
| **dba RED SHIELD FUNDING, as** | : | |
| **Transferee of Claim No. 110-1, and** | : | |
| **ASTRID E. GABBE,** | : | |
| | : | |
| **Defendants.** | : | |

---

### COMPLAINT SEEKING AVOIDANCE OF JUDGMENT LIEN

TERI G. GALARDI, as Debtor and Debtor-in-Possession (the "Debtor"), files this Complaint Seeking Avoidance of Judgment Lien (the "Complaint") against ALEXIS KING, JOSEPH GUERNSEY dba RED SHIELD FUNDING, as Transferee of Claim No. 110-1, and ASTRID GABBE, as an interest party, pursuant to 11 U.S.C. § 547(b), to avoid the underlying judgment lien recorded in favor of Alexis King and against the property of the Debtor as a preferential transfer. In support thereof, the Debtor shows the Court the following.

1.

This is an Adversary Proceeding and is governed by Federal Rules of Bankruptcy Procedure 7001 *et seq.*

2.

This Court has jurisdiction over this civil proceeding, which arises under Title 11 of the

United States Code (the "Bankruptcy Code") and is related to the Chapter 11 proceedings of the

Debtor (the "Bankruptcy Case") pursuant to 28 U.S.C. § 1334(b) and 11 U.S.C. §§ 544 and 547.

This adversary proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A),

(F), (K) and (O).  The Debtor consents to entry of final orders and judgment by the Bankruptcy

Court in this adversary proceeding case.

3.

Venue is proper pursuant to 28 U.S.C. § 1409.  This adversary proceeding arises out of

and relates to the Debtor's Bankruptcy Case.

4.

Teri G. Galardi filed her voluntary petition for reorganization under Chapter 11 of the

United States Bankruptcy Code on January 12, 2022, initiating the above captioned Bankruptcy

Case (the "Petition Date").

5.

On April 14, 2023, the Court entered an Order confirming the Joint Plan of

Reorganization (Doc. Nos. 401 and 410) (the "Plan").

6.

The Effective Date of the Plan was April 28, 2023.

7.

Defendant Alexis King ("King") filed Proof of Claim No. 110-1, on March 22, 2022,

asserting a claim for $468,446.62 as a secured claim ("Claim No. 110").  A true and correct copy

of Claim No. 110 is attached hereto as Exhibit "A."

8.

Claim No. 110 arises from a final judgment entered in favor of King and against the Debtor in the District Court case styled *Darden v. Fly Low, Inc. and Teri Galardi*, United States District Court, Southern District of Florida, Case No. 20-CV-20592-MGC (the "*Fly Low Lawsuit*"). Claim No. 110 is classified in Class 10 of the Plan.

9.

Defendant Joseph Guernsey dba Red Shield Funding ("Red Shield Funding") is the current holder of Claim No. 110. King transferred Claim No. 110 to Red Shield Funding, on March 13, 2023, and a Transfer of Claim was filed with the Bankruptcy Court (Doc. No. 325). A true and correct copy of the Transfer of Claim is attached hereto as Exhibit "B."

10.

Defendant Astrid Gabbe ("Gabbe") represented King, as plaintiff/creditor of the Debtor, in the *Fly Low Lawsuit*. Gabbe asserts that she represented King on a contingency basis and is entitled to a percentage of any recovery for Claim No. 110. Gabbe also filed Proof of Claim No. 57, on March 17, 2022, asserting a claim for $163,956.32 as a secured claim against the Debtor based on her contingency fee ("Claim No. 57"). A true and correct copy of Claim No. 57 is attached hereto as Exhibit "C."

11.

King obtained a final judgment against the Debtor in the *Fly Low Lawsuit* in the amount of $468,446.62 (the "Judgment") and the Clerk of the Court issued a writ of execution on September 21, 2021 (the "Writ of Execution"). Neither the Judgment nor the Writ of Execution was recorded in the lien records or property records for any county in Florida. True and correct copies of the Judgment and Writ of Execution are attached hereto as Exhibit "D".

12.

Under Florida law, the filing of a certified copy of a judgment with the Florida

Department of State is required to perfect a judgment creditor's lien against property of a

judgment debtor. *Fla Stat. § 55.10.*

13.

A judgment lien certificate was recorded with the Florida Department of State to perfect

the Judgment and create a lien against the Debtor's property located in Florida on October 26,

2021 (the "Judgment Lien Certificate"). A true and correct copy of the Judgment Lien

Certificate is attached hereto as part of Exhibit "E."

14.

The timing of a judgment's entry and recording is important in an avoidance action

because "[w]hen a transfer is 'made' for § 547(b)(4)(A) purposes depends on when it is

perfected." *Gordon v. Novastar Mortg., Inc. (In re Hedrick)*, 524 F.3d 1175, 1180 (11th Cir.

2008).

15.

The recording of the Judgment Lien Certificate, on October 26, 2021, was a transfer of an

interest in property of the Debtor's by the creation of a judicial lien under 11 U.S.C. § 547(b)

(the "Transfer").

16.

The Transfer was made for the benefit of King as a creditor of the Debtor. The recording

of the Judgment Lien Certificate perfected the Judgment and created a lien against the Debtor's

real and personal property in favor of King.

17.

The Transfer was made for and on account of an antecedent debt owed by the Debtor to King before the Transfer was made.

18.

The Debtor was insolvent at the time of the Transfer.

19.

The Transfer was made within ninety (90) days of the Petition Date.  The Judgment was perfected by recording of the Judgment Lien Certificate during the preference period.

20.

The Transfer improved King's position as a creditor in this case by allowing King to receive more than she would have received if (a) the case was a Chapter 7 case; (b) the Transfer had not been made; and (c) King received payment of her debt to the extent provided for by the provisions of the Bankruptcy Code.

21.

Based on the foregoing, perfection of the judgment and creation of the judicial lien may be avoided under Section 547(b) of the Bankruptcy Code, and the Debtor requests that the Court so order.

WHEREFORE, the Debtor prays for judgment as follows:

1.  that summons issue in terms of law;

2.  that the Court enter an order finding that perfection of the judicial lien in favor of King within ninety (90) days of the Petition Date was a preferential transfer under Section 547(b) of the Bankruptcy Code;

3.  that the Court enter an order avoiding and setting aside the judicial lien;

4.  that the Court enter an order requiring King or Red Shield Funding, as holder of

    Claim No. 110, to direct the Florida Department of State to cancel the judicial

    lien of record,

5.  that the Court enter an order finding that Claim No. 110 is an unsecured claim

    and reclassifying Claim No. 110 as a Class 8 Unsecured Claim under the

    Debtor's confirmed Plan;

6.  that the Court enter an order awarding all costs of this action to Debtor and

    against Defendants; and

7.  that this Court grant such further and other relief as is deemed just and equitable.

Respectfully submitted, this 31st day of May 2023.

                                        /s/ Christopher W. Terry
                                        Christopher W. Terry
                                        Georgia Bar No. 702484

BOYER I TERRY LLC
348 Cotton Avenue
Suite 200
Macon, Georgia 31201
(478) 742-6481
chris@boyerterry.com                    Counsel for Debtor.

# EXHIBIT "A"

### (Proof of Claim No. 110)

In re: TERI G. GALARDI, Chapter 11 Bankruptcy
MDGA Case No. 22-50035-JPS
Adversary Proceeding

Complaint Seeking Avoidance of Judgment Lien

<table>
<tr><td colspan="2">

**Fill in this information to identify the case:**

Debtor 1   Teri Galardi

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court   **Middle District of Georgia**

Case number:  **22–50035**

</td><td>

**FILED**

**U.S. Bankruptcy Court
Middle District of Georgia**

3/22/2022

**Kyle George, Clerk**

</td></tr>
</table>

Official Form 410

# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
|---|---|

| 1. Who is the current creditor? | Alexis King |
|---|---|
| | Name of the current creditor (the person or entity to be paid for this claim) |
| | Other names the creditor used with the debtor _____ |

| 2. Has this claim been acquired from someone else? | ☑ No<br>☐ Yes. From whom? _____ |
|---|---|

| 3. Where should notices and payments to the creditor be sent?<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br><br>Alexis King<br>Name<br><br>1361 Arlene Valley Lane<br>Lawrenceville, GA 30043<br><br><br><br>Contact phone _____678–681–4397_____<br>Contact email ___alexisking717@icloud.com___<br><br>Uniform claim identifier for electronic payments in chapter 13 (if you use one):<br>_____ | **Where should payments to the creditor be sent? (if different)**<br><br>Name<br><br><br><br><br><br>Contact phone _____<br>Contact email _____ |
|---|---|---|

| 4. Does this claim amend one already filed? | ☑ No<br>☐ Yes. Claim number on court claims registry (if known) _____  Filed on _____<br>                                                            MM / DD / YYYY |
|---|---|

| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☑ No<br>☐ Yes. Who made the earlier filing? _____ |
|---|---|

Official Form 410                                Proof of Claim                                page 1

**Part 2:** **Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ |

| | |
|---|---|
| 7. **How much is the claim?** | $   468446.62   **Does this amount include interest or other charges?**<br>☑ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

| | |
|---|---|
| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as healthcare information.<br><br>Court judgment |

| | |
|---|---|
| 9. **Is all or part of the claim secured?** | ☐ No<br>☑ Yes. The claim is secured by a lien on property.<br>**Nature of property:**<br>☐ Real estate.   If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410–A) with this *Proof of Claim*.<br>☐ Motor vehicle<br>☑ Other. Describe:   personal property<br><br>**Basis for perfection:**   Lien Certificate<br><br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:**   $ _____<br>**Amount of the claim that is secured:**   $   468446.62<br>**Amount of the claim that is unsecured:**   $   0.00   (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:**   $ _____<br><br>**Annual Interest Rate** (when case was filed)   0.08   %<br>☐ Fixed<br>☑ Variable |

| | |
|---|---|
| 10. **Is this claim based on a lease?** | ☑ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____ |

| | |
|---|---|
| 11. **Is this claim subject to a right of setoff?** | ☑ No<br>☐ Yes. Identify the property: _____ |

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No ☐ Yes. *Check all that apply:* | | Amount entitled to priority |
|---|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | | $ _____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | | $ _____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | | $ _____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | | $ _____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | | $ _____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(_) that applies | | $ _____ |
| | * Amounts are subject to adjustment on 4/1/22 and every 3 years after that for cases begun on or after the date of adjustment. | | |

## Part 3:  Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.**

Check the appropriate box:

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date        3/22/2022

MM / DD / YYYY

/s/ Alexis King

Signature

Print the name of the person who is completing and signing this claim:

Name        Alexis King

First name        Middle name        Last name

Title

Company

Identify the corporate servicer as the company if the authorized agent is a servicer

Address

Number    Street

,                                                         ,

City    State    ZIP Code

Contact phone _____        Email _____

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 20-cv-20592-COOKE/O'SULLIVAN

PORSCHE DARDEN, *et al.*,

     Plaintiffs,

vs.

FLY LOW, INC., and TERI GALARDI,

     Defendants.

_____/

## FINAL JUDGMENT

Following an arbitration hearing, an Arbitrator issued an award in favor of Plaintiff Alexis King in the amount of $468,446.62. The Court confirmed the award without modification. *See* ECF 35. The Court now enters final judgment in favor of Plaintiff Alexi King and against Defendant Teri G. Galardi.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that a Final Judgment is entered for Plaintiff Alexis King and against Defendant Teri G. Galardi in the amount of $468,446.62, for which sum let execution issue.

The Court retains jurisdiction of this matter for the purpose of enforcing the final judgment pursuant to Federal Rules of Civil Procedure 69 and for a determination of fees and costs.

**DONE** and **ORDERED** in chambers, at Miami, Florida, this 20th day of September 2021.

MARCIA G. COOKE
United States District Judge

# ELECTRONIC JUDGMENT LIEN CERTIFICATE

FOR PURPOSES OF FILING A JUDGMENT LIEN, THE FOLLOWING INFORMATION IS SUBMITTED IN ACCORDANCE WITH s. 55.203, F.S..

**JUDGMENT DEBTOR (DEFENDANT) NAME(S) AS SHOWN ON JUDGMENT LIEN:**

GALARDI, TERI G
2146 HIGHWAY 42
FLOVILLA, GA. 30216

**J21000543052**
**FILED**
**Oct 26, 2021 01:43 P.M.**
**Secretary of State**
SLWILSON

**JUDGMENT CREDITOR (PLAINTIFF) NAME AS SHOWN ON JUDGMENT LIEN OR CURRENT OWNER OF JUDGMENT IF ASSIGNED:**

ALEXIS KING
P.O. BOX 4216
HOLLYWOOD, FL 33083
DOS DOCUMENT#: N/A

**NAME AND ADDRESS TO WHOM ACKNOWLEDGMENT/CERTIFICATION IS TO BE MAILED:**

ASTRID E. GABBE, ESQ.
ATTORNEYGABBE@PROTONMAIL.COM

---

AMOUNT DUE ON MONEY JUDGMENT: 468,446.62
APPLICABLE INTEREST RATE: 0.08%
NAME OF COURT: SOUTHERN DISTRICT OF FLORIDA
CASE NUMBER: CASE NO. 20-CV-20592
DATE OF ENTRY: 09/20/21
WAS A WRIT OF EXECUTION DOCKETED ON THIS JUDGMENT LIEN WITH ANY SHERIFF PRIOR TO OCTOBER 1, 2001?
    ( ) YES  (IF YES, A "CREDITOR AFFIDAVIT CERTIFICATION" FORM MUST BE ATTACHED TO THIS CERTIFICATE.)
    (X) NO

---

UNDER PENALTY OF PERJURY, I hereby certify that: (1) The judgment above described has become final and there is no stay of the judgment or its enforcement in effect; (2) All of the information set forth above is true, correct, current and complete; (3) I have not previously filed a Judgment Lien Certificate regarding the above judgment with the Department of State; and, (4) I have complied with all applicable laws in submitting this Electronic Judgment Lien Certificate for filing.

Electronic Signature of Creditor or Authorized Representative: ASTRID E. GABBE - ATTORNEY FOR PLAINTIFF

# EXHIBIT "B"

### (Transfer of Claim No. 110)

In re: TERI G. GALARDI, Chapter 11 Bankruptcy
MDGA Case No. 22-50035-JPS
Adversary Proceeding

Complaint Seeking Avoidance of Judgment Lien

B 2100A (Form 2100A) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Middle District of Georgia   ▾

In re Galardi _____,   Case No.  Case 22-50035-JPS

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| | |
|---|---|
| **RED SHIELD FUNDING** | **ALEXIS KING** |
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:
**Red Shield Funding**
**1616 S. Ocean Drive #101**
**Vero Beach, FL 32963**

Court Claim # (if known): ___110-1___
Amount of Claim: ___$468,446.62___
Date Claim Filed: ___03/22/2022___

Phone: redshieldfunding@gmail.com
Last Four Digits of Acct #: _____

Phone: 470-519-7637
Last Four Digits of Acct. #: _____

Name and Address where transferee payments should be sent (if different from above):

same as above

Phone: _____
Last Four Digits of Acct #:_____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:/s/ R Guernsey _____   Date: 03/13/2023 _____
Transferee/Transferee's Agent

By: /s/ Alexis King _____   Date: 3-13-2023 _____
Alexis King/Transferor

*Penalty for making a false statement* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

# EXHIBIT "C"

**(Proof of Claim No. 57)**


In re: TERI G. GALARDI, Chapter 11 Bankruptcy
MDGA Case No. 22-50035-JPS
Adversary Proceeding

Complaint Seeking Avoidance of Judgment Lien

**Fill in this information to identify the case:**

Debtor 1 __Teri Galardi__

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court __Middle District of Georgia__

Case number: __22-50035__

FILED

**U.S. Bankruptcy Court**
**Middle District of Georgia**

3/17/2022

**Kyle George, Clerk**

## Official Form 410
## Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

Astrid E. Gabbe

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Astrid E. Gabbe

Name

P.O. Box 4216
Hollywood, FL 33083

Contact phone __954-303-9882__
Contact email __astridgabbe@gmail.com__

Uniform claim identifier for electronic payments in chapter 13 (if you use one):
_____

Where should payments to the creditor be sent? (if different)

Name

Contact phone _____
Contact email _____

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____  Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

Official Form 410    Proof of Claim    page 1

**Part 2:** **Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ |

| | |
|---|---|
| 7. **How much is the claim?** | $ _____163956.32_____    **Does this amount include interest or other charges?**<br>☑ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

| | |
|---|---|
| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as healthcare information.<br><br>Contingency Fees earned from the attached Final Judgment from Darden v Fly Low and Galardi Case No. 20-cv-20592-MGC |

| | |
|---|---|
| 9. **Is all or part of the claim secured?** | ☑ No<br>☐ Yes. The claim is secured by a lien on property.<br>  **Nature of property:**<br>  ☐ Real estate.  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*<br>  ☐ Motor vehicle<br>  ☐ Other. Describe: _____<br><br>  **Basis for perfection:** _____<br><br>  Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>  **Value of property:** $ _____<br>  **Amount of the claim that is secured:** $ _____<br>  **Amount of the claim that is unsecured:** $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>  **Amount necessary to cure any default as of the date of the petition:** $ _____<br><br>  **Annual Interest Rate** (when case was filed) _____ %<br>  ☐ Fixed<br>  ☐ Variable |

| | |
|---|---|
| 10. **Is this claim based on a lease?** | ☑ No<br>☐ Yes. Amount necessary to cure any default as of the date of the petition. $ _____ |

| | |
|---|---|
| 11. **Is this claim subject to a right of setoff?** | ☑ No<br>☐ Yes. Identify the property: _____ |

| 12. | Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☒ No | |
|---|---|---|---|
| | | ☐ Yes. *Check all that apply:* | **Amount entitled to priority** |

| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
|---|---|---|
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies | $ _____ |
| | * Amounts are subject to adjustment on 4/1/22 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
18 U.S.C. §§ 152, 157 and 3571.

Check the appropriate box:

☒ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    3/17/2022
_____
MM / DD / YYYY

/s/  Astrid E. Gabbe
_____
Signature

Print the name of the person who is completing and signing this claim:

| Name | Astrid E. Gabbe |
|---|---|
| | First name    Middle name    Last name |
| Title | |
| Company | The Law Office of Astrid E. Gabbe P.A. |
| | Identify the corporate servicer as the company if the authorized agent is a servicer |
| Address | P.O. Box 4216 |
| | Number  Street |
| | Hollywood, FL 33083 |
| | City  State  ZIP Code |
| Contact phone | 954-303-9882    Email    astridgabbe@gmail.com |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

### Case No. 20-cv-20592-COOKE/O'SULLIVAN

PORSCHE DARDEN, *et al.*,

     Plaintiffs,

vs.

FLY LOW, INC., and TERI GALARDI,

     Defendants.

_____/

### FINAL JUDGMENT

Following an arbitration hearing, an Arbitrator issued an award in favor of Plaintiff Alexis King in the amount of $468,446.62. The Court confirmed the award without modification. *See* ECF 35. The Court now enters final judgment in favor of Plaintiff Alexi King and against Defendant Teri G. Galardi.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that a Final Judgment is entered for Plaintiff Alexis King and against Defendant Teri G. Galardi in the amount of $468,446.62, for which sum let execution issue.

The Court retains jurisdiction of this matter for the purpose of enforcing the final judgment pursuant to Federal Rules of Civil Procedure 69 and for a determination of fees and costs.

**DONE** and **ORDERED** in chambers, at Miami, Florida, this 20th day of September 2021.

MARCIA G. COOKE
United States District Judge

# EXHIBIT "D"

## (Judgment and Writ of Execution)

In re: TERI G. GALARDI, Chapter 11 Bankruptcy
MDGA Case No. 22-50035-JPS
Adversary Proceeding

Complaint Seeking Avoidance of Judgment Lien

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 20-cv-20592-COOKE/O'SULLIVAN

PORSCHE DARDEN, *et al.*,

    Plaintiffs,

vs.

FLY LOW, INC., and TERI GALARDI,

    Defendants.

_____/

### FINAL JUDGMENT

Following an arbitration hearing, an Arbitrator issued an award in favor of Plaintiff Alexis King in the amount of $468,446.62. The Court confirmed the award without modification. *See* ECF 35. The Court now enters final judgment in favor of Plaintiff Alexi King and against Defendant Teri G. Galardi.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that a Final Judgment is entered for Plaintiff Alexis King and against Defendant Teri G. Galardi in the amount of $468,446.62, for which sum let execution issue.

The Court retains jurisdiction of this matter for the purpose of enforcing the final judgment pursuant to Federal Rules of Civil Procedure 69 and for a determination of fees and costs.

**DONE** and **ORDERED** in chambers, at Miami, Florida, this 20th day of September 2021.

          *Marcia G. Cooke*

          MARCIA G. COOKE
          United States District Judge

DC 11 (Rev. 11 2002) Writ of Execution

## WRIT OF EXECUTION

| UNITED STATES DISTRICT COURT | DISTRICT | Southern District of Florida |
|---|---|---|

| TO THE MARSHAL OF   Southern District of Florida | 20 CV 20592 |
|---|---|

YOU ARE HEREBY COMMANDED, that of the goods and chattels, lands and tenements in your district belonging to:

NAME

Teri G. Galardi

you cause to be made and levied as well a certain debt of:  $468,446.62

| DOLLAR AMOUNT | | DOLLAR AMOUNT |
|---|---|---|
| Four Hundred Sixty Eight Thousand Four Hundred Forty Six Dollars | and | Sixty Two Cents |

in the United States District Court for the   Southern   District of   Florida   .

before the Judge of the said Court by the consideration of the same Judge lately recovered against the said.

Teri G. Galardi

and also the costs that may accrue under this writ.

And that you have above listed moneys at the place and date listed below; and that you bring this writ with you.

| PLACE   15820 Southwest 53rd Court | DISTRICT   Ft. Lauderdale |
|---|---|
| CITY   Southwest Ranches | DATE   9-21-21 |

Witness the Honorable   _Marcia G. Cooke_
(United States Judge)

| DATE   9-21-21 | CLERK OF COURT   Angela E. Noble |
|---|---|
| | (BY) DEPUTY CLERK   _Suzanne Curtis_ |

## RETURN

| DATE RECEIVED | DATE OF EXECUTION OF WRIT |
|---|---|
| | |

This writ was received and executed.

| U.S. MARSHAL | (BY) DEPUTY MARSHAL |
|---|---|
| | |

# EXHIBIT "E"

### (Judgment Lien Certificate)

In re: TERI G. GALARDI, Chapter 11 Bankruptcy
MDGA Case No. 22-50035-JPS
Adversary Proceeding

Complaint Seeking Avoidance of Judgment Lien

# ELECTRONIC JUDGMENT LIEN CERTIFICATE

FOR PURPOSES OF FILING A JUDGMENT LIEN, THE FOLLOWING INFORMATION IS SUBMITTED IN ACCORDANCE WITH s. 55.203, F.S..

**JUDGMENT DEBTOR (DEFENDANT) NAME(S) AS SHOWN ON JUDGMENT LIEN:**

GALARDI, TERI G
2146 HIGHWAY 42
FLOVILLA, GA. 30216

**J21000543052**
**FILED**
**Oct 26, 2021 01:43 P.M.**
**Secretary of State**
SLWILSON

**JUDGMENT CREDITOR (PLAINTIFF) NAME AS SHOWN ON JUDGMENT LIEN OR CURRENT OWNER OF JUDGMENT IF ASSIGNED:**

ALEXIS KING
P.O. BOX 4216
HOLLYWOOD, FL 33083
DOS DOCUMENT#: N/A

**NAME AND ADDRESS TO WHOM ACKNOWLEDGMENT/CERTIFICATION IS TO BE MAILED:**

ASTRID E. GABBE, ESQ.
ATTORNEYGABBE@PROTONMAIL.COM

AMOUNT DUE ON MONEY JUDGMENT: 468,446.62
APPLICABLE INTEREST RATE: 0.08%
NAME OF COURT: SOUTHERN DISTRICT OF FLORIDA
CASE NUMBER: CASE NO. 20-CV-20592
DATE OF ENTRY: 09/20/21
WAS A WRIT OF EXECUTION DOCKETED ON THIS JUDGMENT LIEN WITH ANY SHERIFF PRIOR TO OCTOBER 1, 2001?
    ( ) YES  (IF YES, A "CREDITOR AFFIDAVIT CERTIFICATION" FORM MUST BE ATTACHED TO THIS CERTIFICATE.)
    (X) NO

UNDER PENALTY OF PERJURY, I hereby certify that: **(1)** The judgment above described has become final and there is no stay of the judgment or its enforcement in effect; **(2)** All of the information set forth above is true, correct, current and complete; **(3)** I have not previously filed a Judgment Lien Certificate regarding the above judgment with the Department of State; and, **(4)** I have complied with all applicable laws in submitting this Electronic Judgment Lien Certificate for filing.

Electronic Signature of Creditor or Authorized Representative: ASTRID E. GABBE - ATTORNEY FOR PLAINTIFF



Previous on List        Next on List        Return to List

Debtor Name Search
[ Submit ]

# Judgment Lien Detail

**Processed Thru** 05/25/2023

**To determine if a writ of execution on a final judgment was docketed with a sheriff prior to October 1, 2001, view the filing image.**

## Filing Information

**Document Number**    J21000543052    [ View image in PDF format ]

| | |
|---|---|
| **Status** | ACTIVE |
| **Case Number** | CASE NO. 20-CV-20592 |
| **Name of Court** | SOUTHERN DISTRICT OF FLORIDA |
| **File Date** | 10/26/2021 |
| **Date of Entry** | 09/20/2021 |
| **Expiration Date** | 10/26/2026 |
| **Amount Due** | $468,446.62 |
| **Interest Rate** | 00.08 % |

## Name And Address of Judgment Creditor (Plaintiff)

ALEXIS KING
P.O. BOX 4216
HOLLYWOOD, FL 33083

## Name And Address of Judgment Debtor(s) (Defendant(s))

GALARDI , TERI G
2146 HIGHWAY 42
FLOVILLA, GA 30216

## Events

**There are no events for this filing.**

Previous on List        Next on List        Return to List

Debtor Name Search
[ Submit ]