FILED
U.S. Bankruptcy Court
JUN 0 5 2023
Middle District of Georgia

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF GEORGIA

In re:                                                              Case No. 22-50035-JPS

Teri Galardi,                                                       Chapter 11

      Debtor,
_____/

THOMAS T. MCCLENDON,
AS LIQUIDATING TRUSTEE
OF THE GALARDI CREDITORS TRUST,            Contested Matter

      Movant,

v.

SHAKIR WILLIAMS,

      Respondent.
_____/

### AFFFIDVIT IN OPPOSITION TO LIQUIDATING TRUSTEE'S OBJECTION TO CLAIM NO. 98 OF SHAKIR WILLIAMS [ECF 417]

I, Shakir Williams, state:

1.    That I am over the age of 18.

2.    That I have personal knowledge of the facts contained in this affidavit and the Objection to Claim No. 98 [ECF 417].

3.    That on March 21, 2022, my proof of claim no. 98 was filed.

4.    That I was an entertainer who worked at the King of Diamonds in Miami-Dade County Florida.

5. That I was a plaintiff in the case of *Milner et. al. v. Teri Galardi* Case No. 20-23230-AMC. The other plaintiffs are also entertainers who worked at King of Diamonds and also filed proofs of claim in this bankruptcy. [*See* Claims 38, 39, 40, 41, 95, 99 and 100].

6. That I was dismissed as a Plaintiff in the case of *Milner et. al. v. Teri Galardi* because I accidentally missed the mediation. I did not willfully violate any court order, did not willfully miss the mediation and only missed the mediation because of a medical emergency. I filed a timely notice of appeal of my dismissal order to the 11th Circuit but my appeal was stayed by filing of this bankruptcy.

7. The issue raised on appeal is whether the dismissal of my case with prejudice should be reversed. According to binding 11th Circuit case law, my dismissal with prejudice will be reversed because the District Court failed to find that I willfully violated any court order and failed to find that a lesser sanction would not be sufficient.

8. My appeal relies on the following 11th Circuit cases: Because dismissal with prejudice "is considered a drastic sanction, a district court may only implement it, as a last resort, when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *World Thrust Films v. Int'l Family Entm't, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995). "We rigidly require the district courts to make these findings precisely because the sanction of dismissal with prejudice is so unsparing . . .." *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1339 (11th Cir. 2005) (quotations and citation omitted). *Lopez v. De Vito*, No. 18-12363 (11th Cir. Aug. 11, 2020).

9. A cursory review of the dismissal order, attached to the objection as Exhibit A, clearly shows that the District Court failed to find that I willfully violated any court order, failed to find that I willfully failed to attend the mediation and failed to find specifically that a lesser

sanction would not be sufficient. As such a reversal by the 11th Circuit would be forthcoming if the automatic stay were lifted and the appeal proceeds. Indeed, the reversal by the 11th would have already occurred had my appeal not been stayed by this bankruptcy.

10. As for the argument about *res judicata,* it relies on Second Circuit case law which is not binding on the 11th Circuit in which this bankruptcy court sits. "Under the established federal legal system the decisions of one circuit are not binding on other circuits. "[I]t is common knowledge that the decisions of the court of appeals for one circuit are not binding upon the courts of appeals for other circuits."" 1B J. Moore, Federal Practice ¶ 04.02[1] (1980). *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981). Obviously the Liquidating Trustee could not find an 11th Circuit case to bolster his position because his position is untenable.

11. Moreover, the Liquidating Trustee should not be able to use the automatic stay and the delay in the adjudication of my appeal to advance an argument that there was a final decision on the merits by the District Court. Had I known that the Liquidating Trustee were going to make such an argument, I would have already moved for relief from the automatic stay for the purposes of adjudicating my appeal so that I could be paid through the Confirmed Plan. However, this is counter to a primary purpose of bankruptcy to consolidate all creditor claims in one forum and avoid piecemeal litigation.

12. There are at least 90 other similarly situated entertainers who are part of class 8 whose claims are to be paid through the Confirmed Plan. It is patently unfair to me that all the other entertainers will be paid but I will not, when we all worked as entertainers in the Debtor's clubs and none of us were paid minimum wage, hence the creditor claims against the Debtor.

13. A fundamental goal of the federal bankruptcy laws enacted by Congress is to give debtors a financial "fresh start" from burdensome debts. The Supreme Court made this point about

the purpose of the bankruptcy law in a 1934 decision: [I]t gives to the honest but unfortunate debtor…a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt. *Local Loan Co. v. Hunt*, 292 U.S. 234, 244 (1934).

14. Allowing the Liquidating Trustee to object and disallow any entertainers' claims will delay or even prohibit Debtor Galardi's fresh start because she will have to defend claims because the pending appeal in the 11th Circuit is against Debtor Galardi, not the Liquidating Trust. It is hard to believe that the Debtor bargained for this when she funded $10 million to the Liquidating Trust to pay these specific creditor claims. The Debtor will not receive her fresh start if she has to continue to defend claims for which she has already funded the Liquidating Trust thereby not achieving the fundamental purpose of bankruptcy.

15. There is no prejudice to the other entertainers and severe prejudice to me and the Debtor if my claim is not paid as a Class 8 claim.

16. That I want everyone entertainer who worked for the Debtor to be paid through the Confirmed Plan and I am certain that all the other entertainers also want everyone to be paid. We all suffered from the Debtor's workplace practices and deserve to be compensated.

17. That the Court should overrule the objection, include Claim 98 as a Class 8 unsecured claim and order that it be paid immediately and accordingly through the Liquidating Trust just like every other Class 8 unsecured claim.

**FURTHER AFFIANT SAYETH NAUGHT**

**Pursuant to Fla. Stat. 92.525, 28 U.S. Code § 1746 and under penalty of perjury, I declare that I have read the foregoing Affidavit and the Objection [ECF 418] and that the facts are true, correct and based on my personal knowledge.**

*/s/ Shakir Williams*
Shakir Williams

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**

In re:                                                              Case No. 22-50035-JPS

Teri Galardi,                                                       Chapter 11

    Debtor,
_____/

THOMAS T. MCCLENDON,
AS LIQUIDATING TRUSTEE
OF THE GALARDI CREDITORS TRUST,        Contested Matter

    Movant,
v.

SHAKIR WILLIAMS,

    Respondent.
_____/

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 1st day of June 2023 a true and correct copy of the foregoing was mailed to the Clerk of Court for electronic filing, which will electronically serve a copy of the foregoing document on all parties of record and was emailed directly to parties of record by the undersigned.

                                                                          Respectfully submitted,

                                                                          /s/ Astrid E. Gabbe
                                                                          The Law Office of Astrid E. Gabbe, P.A.
                                                                          Florida Bar No. 635383
                                                                          P.O. Box 4216
                                                                          Hollywood, FL 33083
                                                                          Tel. (954) 303-9882
                                                                          Fax. (954) 983-1427
                                                                          astridgabbe@gmail.com

**SERVICE LIST**

**Via CM/ECF/EMAIL**

All parties of record

Page 5 of 5
