UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| In re: | Case No. 22-50035-JPS |
| **TERI GALARDI,** | Chapter 11 |
|     Debtor, | |
| ——————————————/ | |
| **THOMAS T. MCCLENDON,**<br>**AS LIQUIDATING TRUSTEE**<br>**OF THE GALARDI CREDITORS TRUST,** | Contested Matter |
|     Movant, | |
| v. | |
| **JAMMIE PARKER,** | |
|     Respondent. | |
| ——————————————/ | |

### MEMORANDUM OF LAW IN OPPOSITION TO THE LIQUIDATING TRUSTEE'S OBJECTION TO JAMMIE PARKER'S PROOF OF CLAIM

Comes now, JAMMIE PARKER, by and through her undersigned counsel, and files this Memorandum of Law in Opposition to the Liquidating Trustee's Objection to her Proof of Claim as follows:

On June 21, 2023, this Court held a hearing on the Objection of Liquidating Trustee, Thomas McClendon [Doc. 418] to Respondent Jammie Parker's Proof of Claim. In his Objection, the Liquidating Trustee, Thomas McClendon, (herein "Trustee") argues Respondent's claim should be disallowed because it has been dismissed with prejudice, and therefore barred by res judicata. The Trustee further argues that the fact Respondent filed a timely appeal does not negate the effects of res judicata. Respondent disagrees with this premise. At the hearing, the Court gave the parties an opportunity to brief the applicable law.

Generally, res judicata is the principle that a cause of action may not be relitigated once it has been judged on the merits. Res judicata encourages "finality" when a court renders a final judgment

on the merits. Res judicata is not applicable here as Respondent is not seeking to relitigate her cause of action.

Under 11 U.S.C. § 501, Respondent is permitted to file a proof of claim. Respondent is a "creditor" who holds a "claim" as those terms are defined under 11 U.S.C. § 101(10) and (5)(A) respectively. Admittedly, the claim has not been liquidated, and is in litigation in the 11th Circuit Court of Appeals. Despite these realities, Respondent holds a valid proof of claim.

Parties may object to a proof of claim under 11 U.S.C. § 502 wherein numerous grounds are set forth which, if applicable, call for the Court to disallow a Proof of Claim. Res judicata is not one of those grounds. It therefore does not apply to warrant the disallowance of Respondent's Proof of Claim.

Trustee's Objection employs a semantic argument to bootstrap a cause of action on appeal into the realm of res judicata. The problem is, the Trustee is unable to cite any cases where claims under litigation while on appeal are disallowed under the premise they are barred as res judicata. When considering what constitutes a claim, or who is a creditor, the Bankruptcy Code employs the "broadest possible definition" of "claim," H.R. Rep. No. 595, 95th Cong., 2d Sess. 309, reprinted in 1978 U.S. Code Cong. & Admin. News 5963, 6266; S. Rep. No. 989, 95th. In re Abijoe Realty Corp 943 F.2d 121 *; 1991 U.S. App. LEXIS 20239. A contorted interpretation of res judicata does not override these definitions.

Wherefore, Trustee's Objection to Respondent's Proof of Claim should be denied.

Dated: July 11, 2023

                                            */s/ Jason M. Orenstein*
                                            JASON M. ORENSTEIN
                                            State Bar # 554302
                                            Attorney for Respondent

1922 Forsyth Street
P.O. Box 4086
Macon, GA 31208-4086
(478) 743-6300
jmopclaw@yahoo.com