**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| **TERI G. GALARDI,** | : | CASE NO. 22-50035-JPS |
| | : | |
| Debtor. | : | JUDGE JAMES P. SMITH |
| | : | |
| **TERI G. GALARDI,** | : | |
| | : | |
| Movant, | : | |
| | : | |
| v. | : | CONTESTED MATTER |
| | : | |
| **ASTRID E. GABBE,** | : | |
| | : | |
| Respondent. | : | |

**NOTICE OF OBJECTION TO CLAIM**

TERI G. GALARDI ("MOVANT") HAS FILED AN OBJECTION TO AMENDED CLAIM NO. 57 FILED BY ASTRID E. GABBE IN THIS BANKRUPTCY CASE.

<u>**Your claim may be reduced, modified, or eliminated.**</u> **You should read these documents carefully and discuss them with your attorney, if you have one in this bankruptcy case. <u>If you do not have an attorney, you may wish to consult one.</u>**

If you do not want the court to eliminate or change your claim, then you or your attorney shall file with the court a written response to the objection on or before **<u>August 11, 2023</u>.** If you receive this notice by mail, you may add 3 days to the response date, in accordance with FRBP 9006(f). The objection or response should be sent to:

Clerk, U.S. Bankruptcy Court
Middle District of Georgia
P.O. Box. 1957
Macon, Georgia 31202
478-752-3506

**If a response if filed, a hearing on the objection to your claim shall be held on:**

**August 23, 2023 at 11:00 A.M**
**U.S. Bankruptcy Court**

**Macon - Courtroom A**
**433 Cherry Street**
**Macon, Georgia 31201**

*Parties should consult the Court's website (www.gamb.uscourts.gov) concerning whether the hearing will be in-person, telephonic, or virtual. Please refer to Administrative Order #145 for more guidance.*

If you mail your response to the Court for filing, you shall send it early enough so that the court will **receive** the response on or before the response date stated above.

Any response shall also be served on counsel for the Debtor and the Liquidating Trustee.

**If you or your attorneys do not take these steps, the court may decide you do not oppose the objection to your claim.**

This notice is sent by the undersigned pursuant to LBR 9004-1.

This 12th day of July 2023.

/s/ Christopher W. Terry
Christopher W. Terry
Georgia Bar No. 702484

BOYER Ⅱ TERRY LLC
348 Cotton Avenue
Suite 200
Macon, Georgia 31201
(478) 742-6481
chris@boyerterry.com            Counsel for Debtor.

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| TERI G. GALARDI, | : | CASE NO. 22-50035-JPS |
| | : | |
| Debtor. | : | JUDGE JAMES P. SMITH |
| | : | |
| TERI G. GALARDI, | : | |
| | : | |
| Movant, | : | |
| | : | |
| v. | : | CONTESTED MATTER |
| | : | |
| ASTRID E. GABBE, | : | |
| | : | |
| Respondent. | : | |

## DEBTOR'S OBJECTION TO AMENDED CLAIM OF ASTRID E. GABBE
## POC 57

Teri G. Galardi ("Debtor" and "Movant") in the above-captioned case, files this objection ("Objection") to Amended Claim No. 57 asserted by Astrid E. Gabbe ("Respondent") and respectfully shows this Court as follows:

### BACKGROUND

1. On January 12, 2022 ("Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§101 et seq. ("Bankruptcy Code"), in the United States Bankruptcy Court for the Middle District of Georgia, Macon Division ("Court").

2. On April 14, 2023, the Court entered an Order Confirming the Joint Plan of

Reorganization (Doc. No. 410) (the "Confirmation Order").

3. The Effective Date of the Plan under the Confirmation Order is April 28, 2023.

4. On March 17, 2022, Astrid E. Gabbe filed proof of claim number 57 (POC 57-1), asserting a claim for $163,956.32 as an unsecured claim ("Claim No. 57"). A true and correct copy of Claim No. 57 is attached hereto as **Exhibit "A"**.

5. On May 23, 2023, Astrid E. Gabbe filed an amended proof of claim number 57-2, to amend her original unsecured Claim No. 57 to a secured claim ("Amended POC 57"). A true and correct copy of Amended POC 57 (POC 57-2) is attached hereto as **Exhibit "B"**.

6. Such claim is for "contingency fees earned from the attached Final Judgment from Darden v. Fly Low and Galardi Case No. 20-cv-20592-MGC."

7. The original claim filed by Astrid E. Gabbe, Claim No. 57, was classified as an unsecured claim in Class 8 of the Plan.

## DISCUSSION

8. Respondent Astrid E. Gabbe represented Alexis King as plaintiff/creditor of the Debtor in the lawsuit styled *Darden* et al. *v. Fly Low, Inc. and Galardi*, Case No. 20-cv-20592-MGC, in the United States District Court for the Southern District of Florida (the "District Court"). As reflected in the proof of claim, Respondent asserts she represented Ms. King on a contingency basis.

9. On September 20, 2021, the District Court entered a Final Judgment against Debtor in favor of Ms. King in the total amount of $468,446.62.

10. Respondent filed Claim No. 57 as an unsecured claim on March 17, 2022. Such claim is described as "Contingency Fees earned from the attached Final Judgment from Darden v. Fly Low and Galardi Case No. 20-cv-20592-MGC".

11. On May 23, 2023, after confirmation of the Plan, Respondent filed her Amended POC 57 seeking to reclassify her claim as a secured claim.

12. The law is clear that confirmation of a reorganization plan acts as a final judgment. Thus, the doctrine of res judicata should preclude post-confirmation amendments absent some compelling reason. *In re Winn-Dixie Stores, Inc.*, 639 F.3d 1053 (11th Cir. 2011).

13. No compelling reason exists to allow the post-confirmation Amended POC 57.

14. The underlying basis for filing the Amended POC 57 was the secured status of Proof of Claim No. 110 held by Red Shield Funding ("POC 110"), upon which Respondent claims she holds a charging lien for attorney fees.

15. The Debtor has filed an adversary proceeding to avoid the secured status of POC 110 and to reclassify POC 110 as an unsecured Class 8 claim under the Plan.

16. The secured status of POC 110 is based on a final judgment entered against the Debtor on September 21, 2021. The judgment was not perfected against property of the Debtor, until October 21, 2021, within 90 days of the Petition date. Accordingly, perfection of the judgment lien against property of the Debtor is an avoidable preference.

17. Upon the Court entering an order in favor of the Debtor in Adversary Proceeding No. 23-05013 and reclassifying POC 110 as an unsecured Class 8 claim under the Plan, Respondent loses her basis for asserting that her Amended POC 57 is a secured claim.

18. A claim based on a charging lien against an unsecured claim is a unsecured claim.

19. Furthermore, the post-confirmation amendment of her claim from unsecured to secured for no compelling reason is prohibited by the doctrine of res judicata.

**WHEREFORE,** the Movant requests the following relief:

(a) That this Objection be sustained;

(b)     That Claim No. 57 be disallowed in its entirety or classified as an unsecured claim and treated as an unsecured Class 8 claim under the Plan;

(c)     That the Court awards the Debtor such other and further relief as is just and proper.

Respectfully submitted this 12th day of July 2023.

/s/ Christopher W. Terry
Christopher W. Terry
Georgia Bar No. 702484

BOYER ‖ TERRY LLC
348 Cotton Avenue
Suite 200
Macon, Georgia 31201
(478) 742-6481
chris@boyerterry.com                    Counsel for Debtor.

# Exhibit "A"

**Fill in this information to identify the case:**

Debtor 1   Teri Galardi
Debtor 2
(Spouse, if filing)
United States Bankruptcy Court   **Middle District of Georgia**
Case number:  **22-50035**

FILED
U.S. Bankruptcy Court
Middle District of Georgia

3/17/2022

Kyle George, Clerk

# Official Form 410
# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. **Do not use this form to make a request for payment of an administrative expense.** Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) **that you received.**

## Part 1: Identify the Claim

| | |
|---|---|
| 1. Who is the current creditor? | Astrid E. Gabbe <br> Name of the current creditor (the person or entity to be paid for this claim) <br><br> Other names the creditor used with the debtor |
| 2. Has this claim been acquired from someone else? | ☑ No <br> ☐ Yes. From whom? |
| 3. Where should notices and payments to the creditor be sent? <br><br> Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?** <br> Astrid E. Gabbe <br> Name <br> P.O. Box 4216 <br> Hollywood, FL 33083 <br><br> Contact phone ____954-303-9882____ <br> Contact email ____astridgabbe@gmail.com____ <br><br> Uniform claim identifier for electronic payments in chapter 13 (if you use one): _____ | **Where should payments to the creditor be sent?** (if different) <br><br> Name <br><br><br> Contact phone _____ <br> Contact email _____ |
| 4. Does this claim amend one already filed? | ☑ No <br> ☐ Yes. Claim number on court claims registry (if known) _____    Filed on _____  MM / DD / YYYY |
| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☑ No <br> ☐ Yes. Who made the earlier filing? _____ |

Official Form 410                                                    Proof of Claim                                                    page 1

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

| 6. Do you have any number you use to identify the debtor? | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ |
|---|---|
| 7. How much is the claim? | $ 163956.32    **Does this amount include interest or other charges?**<br>☑ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as healthcare information.<br><br>Contingency Fees earned from the attached Final Judgment from Darden v Fly Low and Galardi Case No. 20-cv-20592-MGC |
| 9. Is all or part of the claim secured? | ☑ No<br>☐ Yes. The claim is secured by a lien on property.<br>**Nature of property:**<br>☐ Real estate.  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:**    $ _____<br>**Amount of the claim that is secured:**    $ _____<br>**Amount of the claim that is unsecured:**    $ _____    (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:**    $ _____<br><br>**Annual Interest Rate** (when case was filed)    ____ %<br>☐ Fixed<br>☐ Variable |
| 10. Is this claim based on a lease? | ☑ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____ |
| 11. Is this claim subject to a right of setoff? | ☑ No<br>☐ Yes. Identify the property: _____ |

Official Form 410    Proof of Claim    page 2

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No<br>☐ Yes. *Check all that apply*: | Amount entitled to priority |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(_) that applies | $ |
| | * Amounts are subject to adjustment on 4/1/22 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.**

Check the appropriate box:

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    3/17/2022
                    MM / DD / YYYY

/s/ Astrid E. Gabbe
Signature

Print the name of the person who is completing and signing this claim:

Name        Astrid E. Gabbe
            First name    Middle name    Last name

Title

Company     The Law Office of Astrid E. Gabbe P.A.
            Identify the corporate servicer as the company if the authorized agent is a servicer

Address     P.O. Box 4216
            Number    Street
            Hollywood, FL 33083
            City    State    ZIP Code

Contact phone   954-303-9882    Email    astridgabbe@gmail.com

Official Form 410    Proof of Claim    page 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-20592-COOKE/O'SULLIVAN

PORSCHE DARDEN, *et al.*,

Plaintiffs,

vs.

FLY LOW, INC., and TERI GALARDI,

Defendants.
_____/

## FINAL JUDGMENT

Following an arbitration hearing, an Arbitrator issued an award in favor of Plaintiff Alexis King in the amount of $468,446.62. The Court confirmed the award without modification. *See* ECF 35. The Court now enters final judgment in favor of Plaintiff Alexi King and against Defendant Teri G. Galardi.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that a Final Judgment is entered for Plaintiff Alexis King and against Defendant Teri G. Galardi in the amount of $468,446.62, for which sum let execution issue.

The Court retains jurisdiction of this matter for the purpose of enforcing the final judgment pursuant to Federal Rules of Civil Procedure 69 and for a determination of fees and costs.

**DONE and ORDERED** in chambers, at Miami, Florida, this 20th day of September 2021.

MARCIA G. COOKE
United States District Judge

1

# Exhibit "B"

| Fill in this information to identify the case: |
|---|
| Debtor 1   Teri Galardi |
| Debtor 2 |
| (Spouse, if filing) |
| United States Bankruptcy Court   Middle District of Georgia |
| Case number:  22-50035 |

FILED
U.S. Bankruptcy Court
Middle District of Georgia
5/23/2023

Kyle George, Clerk

# Official Form 410
## Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

### Part 1:  Identify the Claim

| 1. Who is the current creditor? | Astrid E. Gabbe |
|---|---|
| | Name of the current creditor (the person or entity to be paid for this claim) |
| | Other names the creditor used with the debtor      The Law Office of Astrid E. Gabbe |

| 2. Has this claim been acquired from someone else? | ☑ No<br>☐ Yes. From whom? |
|---|---|

| 3. Where should notices and payments to the creditor be sent?<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br><br>Astrid E. Gabbe<br>Name<br><br>P.O. Box 4216<br>Hollywood, FL 33083<br><br><br>Contact phone _____9543039882_____<br>Contact email ___astridgabbe@gmail.com___<br><br>Uniform claim identifier for electronic payments in chapter 13 (if you use one):<br>_____ | **Where should payments to the creditor be sent?** (if different)<br><br>_____<br>Name<br><br><br><br><br><br>Contact phone _____<br>Contact email _____ |
|---|---|---|

| 4. Does this claim amend one already filed? | ☐ No<br>☑ Yes. Claim number on court claims registry (if known) ___57___   Filed on  03/17/2022<br>                                                                                                     MM / DD / YYYY |
|---|---|

| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☑ No<br>☐ Yes. Who made the earlier filing? _____ |
|---|---|

Official Form 410                                              Proof of Claim                                              page 1

**Part 2:** Give Information About the Claim as of the Date the Case Was Filed

| 6. Do you have any number you use to identify the debtor? | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ |
|---|---|
| 7. How much is the claim? | $ 163956.32    **Does this amount include interest or other charges?**<br>☑ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as healthcare information.<br><br>Contingency Fees earned from the Final Money Judgment - Bain et.al. v. Fly Low and Galardi Case No. 20cv20592MGC |
| 9. Is all or part of the claim secured? | ☐ No<br>☑ Yes. The claim is secured by a lien on property.<br>**Nature of property:**<br>☑ Real estate.  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:**   Final Judgment 9/20/21<br><br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:**    $ 1692100.00<br>**Amount of the claim that is secured:**    $ 163956.32<br>**Amount of the claim that is unsecured:**    $ 0.00    (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:**    $ 163956.32<br><br>**Annual Interest Rate** (when case was filed)    .08 %<br>☑ Fixed<br>☐ Variable |
| 10. Is this claim based on a lease? | ☑ No<br>☐ Yes. Amount necessary to cure any default as of the date of the petition. $ _____ |
| 11. Is this claim subject to a right of setoff? | ☑ No<br>☐ Yes. Identify the property: _____ |

Official Form 410                    Proof of Claim                    page 2

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No<br>☐ Yes. *Check all that apply:* | Amount entitled to priority |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(_) that applies | $ _____ |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152, 157 and 3571.

Check the appropriate box:

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    5/23/2023
                    MM / DD / YYYY

/s/ Astrid E. Gabbe

Signature

Print the name of the person who is completing and signing this claim:

Name        Astrid E. Gabbe
            First name    Middle name    Last name

Title

Company     The Law Office of Astrid E. Gabbe
            Identify the corporate servicer as the company if the authorized agent is a servicer

Address     P.O. Box 4216
            Number  Street
            Hollywood, FL 33083-4216
            City   State   ZIP Code

Contact phone  9543039882    Email  astridgabbe@gmail.com

Official Form 410    Proof of Claim    page 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-20592-COOKE/O'SULLIVAN

PORSCHE DARDEN, *et al.*,

    Plaintiffs,

vs.

FLY LOW, INC., and TERI GALARDI,

    Defendants.
_____/

## FINAL JUDGMENT

Following an arbitration hearing, an Arbitrator issued an award in favor of Plaintiff Alexis King in the amount of $468,446.62. The Court confirmed the award without modification. *See* ECF 35. The Court now enters final judgment in favor of Plaintiff Alexi King and against Defendant Teri G. Galardi.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that a Final Judgment is entered for Plaintiff Alexis King and against Defendant Teri G. Galardi in the amount of $468,446.62, for which sum let execution issue.

The Court retains jurisdiction of this matter for the purpose of enforcing the final judgment pursuant to Federal Rules of Civil Procedure 69 and for a determination of fees and costs.

**DONE** and **ORDERED** in chambers, at Miami, Florida, this 20th day of September 2021.

_____
MARCIA G. COOKE
United States District Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| **TERI G. GALARDI,** | : | CASE NO. 22-50035-JPS |
| | : | |
| Debtor. | : | JUDGE JAMES P. SMITH |
| | : | |
| **TERI G. GALARDI,** | : | |
| | : | |
| Movant, | : | |
| | : | |
| v. | : | CONTESTED MATTER |
| | : | |
| **ASTRID E. GABBE,** | : | |
| | : | |
| Respondent. | : | |

## CERTIFICATE OF SERVICE

This is to certify that I have on this day electronically filed the foregoing *Debtor's Objection to Claim of Astrid E. Gabbe Amended POC 57* (the "Objection") using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of and an accompanying link to the Objection to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing Program:

Michael Akemon      mutepe.akemon@richardslegal.com

Ainsworth G Dudley   adudleylaw@gmail.com

Evan Owens Durkovic   ecfgamb@aldridgepite.com, edurkovic@ecf.courtdrive.com

Robert G. Fenimore    robert.g.fenimore@usdoj.gov, Ustp.region21.mc.ecf@usdoj.gov

Will Bussell Geer     wgeer@rlkglaw.com,
notices@nextchapterbk.com;willgeer@ecf.courtdrive.com;2836@notices.nextchapterbk.com;6717577420@filings.docketbird.com;geer.willb117921@notify.bestcase.com;emiller@rlkglaw.com

Whitney Warnke Groff   whitney.groff@cobbcounty.org

Elizabeth A. Hardy    elizabeth.a.hardy@usdoj.gov,
Ustp.region21.mc.ecf@usdoj.gov;elizabeth.hardy.collins@usdoj.gov

| | |
|---|---|
| Leon Strickland Jones | ljones@joneswalden.com, arich@joneswalden.com,lpitts@joneswalden.com,ewooden@joneswalden.com,cparker@joneswalden.com,jwdistribution@joneswalden.com |
| Brian K. Jordan | ecfgamb@aldridgepite.com, bjordan@ecf.courtdrive.com |
| Christina T. Lanier | christina.t.lanier@usdoj.gov, southern.taxcivil@usdoj.gov |
| Jonathan Loegel | jonathan@loegel.com |
| Roy E. Manoll, III | kdd@fbglaw.com |
| Louis G. McBryan | lmcbryan@mcbryanlaw.com, alepage@mcbryanlaw.com |
| Thomas McClendon | tmcclendon@joneswalden.com, jwdistribution@joneswalden.com |
| Garrett A. Nail | gnail@pgnlaw.com |
| Jason M. Orenstein | jmopclaw@yahoo.com |
| James D. Silver | jsilver@kklaw.com, raldama@kklaw.com |
| Christopher W. Terry | chris@boyerterry.com, terrycr40028@notify.bestcase.com |
| U.S. Trustee – MAC | Ustp.region21.mc.ecf@usdoj.gov |

Respectfully submitted this 12th day of July 2023.

/s/ *Christopher W. Terry*
Christopher W. Terry
Georgia Bar No. 702484

BOYER ‖ TERRY LLC
348 Cotton Avenue
Suite 200
Macon, Georgia 31201
(478) 742-6481
chris@boyerterry.com                    Counsel for Debtor.