# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF GEORGIA

FILED
U.S. BANKRUPTCY COURT
2023 JUL 14 PM 1: 33
MIDDLE DISTRICT
OF GEORGIA
MACON

In re:                                                            Case No. 22-50035-JPS

Teri Galardi,                                                     Chapter 11

      Debtor,
_____/

THOMAS T. MCCLENDON,
AS LIQUIDATING TRUSTEE
OF THE GALARDI CREDITORS TRUST,                                   Contested Matter

      Movant,

v.

SHAKIR WILLIAMS,

      Respondent.
_____/

## MEMORANDUM OF LAW

    Respondent Shakir Williams, through her assignee, hereby answers the legal issue raised at the hearing on June 21, 2023. The Objection of Liquidating Trustee, Thomas McClendon [Doc. 417] argues in paragraph 13 that "Respondent's claim has been dismissed with prejudice; thus the claim is bared by res judicata" and paragraph 19 argues "the fact of an appeal [was filed] (*sic*) does not negate the effects of res judicata".

    However, an appeal **does** negate the effects of res judicata. "Federal courts will apply the law of the state in which they sit with respect to the doctrine of res judicata". *See Wesch v. Folsom*, 6 F.3d 1465, 1471 (11th Cir. 1993). cert. denied, *Sinkfield v. Wesch*, 510 U.S. 1046, 114 S.Ct. 696, 126 L.Ed.2d 663 (1994); *Mantling v. City of Auburn*, 953 F.2d 1355, 1358 (11th Cir. 1992); *N.A.A.C.P. v. Hunt*, 891 F.2d 1555, 1560 (11th Cir. 1990); *McDonald v. Hillsborough*

*County School Board*, 821 F.2d 1563, 1565 (11th Cir. 1987); *Diaz v. Moore*, 861 F. Supp. 1041 (N.D.Fla. 1994).

"It is the general rule that a judgment sought to be used as a basis for the application of the doctrine of res judicata (or collateral estoppel) must be a final judgment. In Georgia a judgment is suspended when an appeal is entered within the time allowed. And the judgment is not final as long as there is a right to appellate review." *Greene v. Transport Ins. Co.*, 169 Ga. App. 504, 506, 313 S.E.2d 761 (1984). *See also* OCGA § 9-12-20.

Because Respondent Williams filed a timely appeal to the 11th Circuit of the dismissal order, which appeal has been stayed by the filing of this bankruptcy, the dismissal order cannot be used as the basis for a res judicata argument.

Additionally, under Florida law, "the [res judicata] doctrine will not be invoked where it will work an injustice. . . ." *deCancino v. Eastern Airlines, Inc.*, 283 So.2d 97 (Fla. 1973) (footnote omitted. *see also Universal Construction Co. v. City of Fort Lauderdale*, 68 So.2d 366, 369 (Fla. 1953) ("Indeed, this very Court, among others, has announced the salutary principle that the doctrine of res judicata should not be so rigidly applied as to defeat the ends of justice."); *Wallace v. Luxmoore*, 156 Fla. 725, 24 So.2d 302, 304 (1946).

There are 78 claimants in the Class 8 unsecured class and Respondent Williams is one of three claimants who received objections. The 75 other claimants are all similarly situated, 6 of whom are plaintiffs in the same case of *Milner v. Galardi*, SDFL case number 20-23230-AMC, all worked for Debtor Galardi at her clubs and all are scheduled to be paid as Class 8 unsecured claimants. Application of *res judicata* against these three claimants will work precisely the type of injustice cautioned against. The Court correctly concluded at the last hearing that the automatic stay should not to be used a "club".

The Court should overrule the objection, include Claim 98 as a Class 8 unsecured claim and order that it be paid immediately by the Liquidating Trust just like every other Class 8 unsecured claim.

Respectfully submitted,

_____
Chris Kosachuk
*As Pro Se Assignee of Respondent Shakir Williams*
854 Pheasant Run Rd.
West Chester, PA 19382-8144
(305) 490-5700
chriskosachuk@gmail.com

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF GEORGIA

In re:  Case No. 22-50035-JPS

Teri Galardi,  Chapter 11

    Debtor,
_____/

THOMAS T. MCCLENDON,
AS LIQUIDATING TRUSTEE
OF THE GALARDI CREDITORS TRUST,  Contested Matter

    Movant,
v.

SHAKIR WILLIAMS,

    Respondent.
_____/

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of July 2023, a true and correct copy of the foregoing was mailed to the Clerk of Court which will electronically file and serve a copy of the foregoing document on all parties of record.

Respectfully submitted,

_____
Chris Kosachuk
*As Pro Se Assignee of Respondent Shakir Williams*
854 Pheasant Run Rd.
West Chester, PA 19382-8144
(305) 490-5700
chriskosachuk@gmail.com

## SERVICE LIST

**Via CM/ECF/EMAIL**

All parties of record