## IN THE UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| IN RE:<br><br>**TERI G. GALARDI,**<br><br>Reorganized Debtor. | **CHAPTER 11**<br><br>**CASE NO. 22-50035-JPS** |
| **THOMAS T. MCCLENDON, AS LIQUIDATING TRUSTEE OF THE GALARDI CREDITORS TRUST,**<br><br>Movant,<br><br>v.<br><br>**SHAKIR WILLIAMS,**<br><br>Respondent. | **CONTESTED MATTER** |
| **THOMAS T. MCCLENDON, AS LIQUIDATING TRUSTEE OF THE GALARDI CREDITORS TRUST,**<br><br>Movant,<br><br>v.<br><br>**JOCELYN JOHNSON,**<br><br>Respondent. | **CONTESTED MATTER** |
| **THOMAS T. MCCLENDON, AS LIQUIDATING TRUSTEE OF THE GALARDI CREDITORS TRUST,**<br><br>Movant,<br><br>v.<br><br>**JAMMIE PARKER,**<br><br>Respondent. | **CONTESTED MATTER** |

**TRUSTEE'S REPLY IN SUPPORT OF OBJECTIONS TO CLAIMS 95, 98, AND 99**

Thomas T. McClendon, as liquidating trustee of the Galardi Creditors Trust ("Liquidating Trustee"), Liquidating Trustee in the above-captioned case, files this reply in support of the Liquidating Trustee's objections to Claim No. 95 asserted by Jammie Parker ("Parker"), Claim No. 98 asserted by Shakir Williams ("Williams"), and Claim No. 99 asserted by Jocelyn Johnson ("Johnson" and collectively with Parker and Williams, "Respondents") and respectfully shows this Court as follows:

1. The Court held a hearing on June 21, 2023, at which time the Court invited further briefing on the issue of whether res judicata applies to Respondents' proof of claims because the District Court for the Southern District of Florida dismissed their claims with prejudice under Federal Rule of Civil Procedure 41(b), notwithstanding Respondents' pending appeal to the Eleventh Circuit of the dismissal with prejudice.

2. By docket entry, the Court set a response deadline for claimants of July 11, 2023. The Liquidating Trustee was given until July 18, 2023 to file a reply. *See* docket entry dated 6/21/2023.

3. Parker filed a response on July 11, 2023 (Doc. No. 493).

4. The docket does not reflect a response filed by Johnson.

5. A notice of transfer of claim and a response by "Respondent Shakir Williams, through her assignee" Christopher Kosachuk was untimely filed on July 14, 2023.[1]

6. The Court has previously disallowed transfers of Proofs of Claims that are categorized in Class 8 of the Joint Plan of Reorganization because such transfers were

---

[1] As the Court knows, Mr. Kosachuk acknowledged at the June 21, 2023, hearing that he was not a lawyer and not authorized to represent either Ms. Williams or Ms. Johnson. The Trustee notes that Mr. Kosachuk had represented that Ms. Johnson had likewise transferred her claim to him personally, but there appears no evidence of this asserted transfer. The Trustee will leave to the Court's determination whether Mr. Kosachuk can file responses as "Respondent Shakir Williams, through her assignee" without purporting to represent Ms. Williams. On its face, Mr. Kosachuk's pleading (as a non-lawyer) appears to be made on behalf of someone else (Shakir Williams).

unauthorized under the confirmed Plan. *See* Doc. No. 495. The Liquidating Trustee will be filing an objection to the transfer contemporaneously with this reply.

## Reply to Parker

7. Parker points out that a party may only object to a proof of claim under numerous grounds set for 11 U.S.C. § 502 and asserts that "res judicata is not one of those grounds." To the contrary, 11 U.S.C. § 502(b)(1) provides for an objection "to the extent such claim is unenforceable against the debtor and property of the debtor under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." The point of the doctrine of res judicata is to prevent a second attempt to impose liability on a defendant, and thus is renders the "claim . . . unenforceable against the debtor and property of the debtor under . . . applicable law." *See In re City of Detroit*, 531 B.R. 171, 173-175 (Bankr. E.D. Mich. 2015) (applying the doctrine of res judicata to bar a creditor's claim under 11 U.S.C. § 502(b)(1)).

8. Parker asserts that "the Trustee is unable to cite any cases where claims under litigation while on appeal are disallowed under the premise they are barred as res judicata." This is simply incorrect. The primary case the Trustee cited was *In re MF Global Holdings, Ltd.*, 2014 Bankr. LEXIS 3067 (Bankr. S.D.N.Y. July 17, 2014). After reviewing the elements of res judicata, that court explained:

> Further, the pendency of an appeal does not affect a decision's finality for *res judicata* purposes. *See Huron Holding Corp. v. Lincoln Mine Operating Co.*, 312 U.S. 183, 189, 61 S. Ct. 513, 85 L. Ed. 725 (1941) ("In the federal courts the general rule has long been recognized that while appeal with proper supersedeas stays execution of the judgment, it does not—until and unless reversed—detract from its decisiveness and finality.").

*In re MF Global Holdings, Ltd.*, 2014 Bankr. LEXIS 3067 at *11. In both *MF Global Holdings* and this case, the underlying claim was dismissed, but on appeal. In the interim, a proof of claim was filed and objected to. The *MF Global* court dismissed the proof of claim notwithstanding the appeal based on the doctrine of res judicata. *Id.* This Court should do likewise.

**Reply to Untimely Response by Williams**

9. The response by Williams was untimely as it was filed three days late. Therefore, it should not be considered by the Court. *See In re Aguila, Inc.*, No. 21-11776(MG), 2022 Bankr. LEXIS 2384, at *4 (Bankr. S.D.N.Y. Aug. 30, 2022) (court did not consider a creditor's response to debtor's claim objection as it was untimely filed, "[n]o explanation for the late filing was given and no request for permission to make the late filing was made.")

10. Even if the merits of the Williams Response is addressed, the Liquidating Trustee's objection should still be granted.

[reply continues on following page]

11.     Williams asserts that "an appeal does negate the effects of res judicata. Federal courts will apply the law of the state in which they sit with respect to the doctrine of res judicata." This second sentence appears to be a quotation from *Wesch v. Folsom*, 6 F.3d 1465 (11th Cir. 1993), which is cited by Williams.[2]

12.     Regardless of the general rule, as applied to these particular facts, the Eleventh Circuit has expressly held that federal common law applies when deciding whether res judicata applies to a judgment by a federal court sitting based on diversity, and the judgment dismissed the claim with prejudice under Federal Rule of Civil Procedure 41(b).

---

[2] This statement appears to be incorrect as a general matter of law, as well as the law as applied to these particular facts. As a later Bankruptcy Court (which is listed by Lexis as questioning *Wesch*) noted:

> The Eleventh Circuit's leading case is *Precision Air* which cites many cases that hold that federal common law is the claim preclusion law to be applied whenever a federal judgment is being construed, regardless of the court construing the judgment. Earlier cases with the same holding included *In re Merrill*, 594 F.2d 1064 (5th Cir. 1979); and *Dorey v. Dorey*, 609 F.2d 1128 (5th Cir. 1980). Then, in *McDonald v. Hillsborough County School Bd.*, 821 F.2d 1563, 1565 (11th Cir. 1987) the Eleventh Circuit stated "A federal court must apply the law of the state in which it sits with respect to the doctrine of res judicata." No authority for this proposition was cited. That statement was correct as applied to that case because the judgment being construed was a state court judgment. The statement itself was wrong. The statement itself was an incomplete statement of the law. In a subsequent opinion, without any analysis, the court cites the misstatement when construing a prior federal judgment. See, e.g., *Wesch v. Folsom*, 6 F.3d 1465 (11th Cir. 1993). In each of these cases, however, there was no apparent difference between federal and state law on this issue, so the comments were dicta. Moreover, this sentence is at odds with the great weight of authority from the Eleventh Circuit and is not the law.

*Am. Gen. Fin. v. Tippins (In re Tippins)*, 221 B.R. 11, 19 n.8 (Bankr. N.D. Ala. 1998).

13. The Eleventh Circuit in *Tuitama v. Bank of America*, 552 Fed Appx. 881 (11th Cir. 2014) addressed appellant's argument that "the [United States District Court for the Central District of California]'s dismissal for failure to prosecute was not a decision on the merits in light of California state law. However, contrary to [appellant's] assertion, federal law controls." *Id.* at 883.

14. As the Eleventh Circuit explained,

Although the federal common law that governs the claim-preclusive effect of a dismissal by a federal court sitting in diversity may in some instances incorporate state law, **it does not do so in the instant case because no state substantive rights were at issue in the California court's ruling.** See Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 508-09, 121 S. Ct. 1021, 149 L. Ed. 2d 32 (2001). **Rather, the California court dismissed [appellant's] claim for failure to prosecute and failure to comply with the court's orders, reasons that concern the court's "interest in the integrity of [its] own processes."** *Id.* at 509; see also Vasquez v. Bridgestone/Firestone, Inc., 325 F.3d 665, 678-79 (5th Cir. 2003) ("The district court, although exercising diversity jurisdiction, dismissed on federal procedural grounds, thus distinguishing *Semtek*.").

We therefore need not consult California law and **can instead rely exclusively on federal law, which clearly dictates that dismissal for failure to prosecute or for noncompliance with a court order is a judgment on the merits with claim-preclusive effect.** Bank of America points to Federal Rule of Civil Procedure 41(b), which states that dismissal for failure to prosecute or to comply with a court order "operates as an adjudication on the merits." However, this rule is not always dispositive of the "adjudication on the merits" element of res judicata. *Semtek*, 531 U.S. at 503 ("In short, it is no longer true that a judgment 'on the merits' is necessarily a judgment entitled to claim preclusive effect; and there are a number of reasons for believing that the phrase 'adjudication on the merits' does not bear that meaning in Rule 41(b)."). Nevertheless, numerous decisions support the conclusion that a dismissals like the one at issue are preclusive. *See, e.g., Bierman v. Tampa Elec. Co.*, 604 F.2d 929, 930-31 (5th Cir. 1979); *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776-77 (6th Cir. 2009); *Kimmel v. Tex. Commerce Bank*, 817 F.2d 39, 40-41 (7th Cir. 1987); *see also* 18A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4435 (2d ed. 2002) ("[D]ismissals for failure of the plaintiff to prosecute or to comply with . . . any order of the court . . . operate as an adjudication on the merits unless the court specifies otherwise . . . . Ordinarily no difficulty is encountered in this area.").

*Tuitama v. Bank of Am.*, 552 F. App'x 881, 883 (11th Cir. 2014) (emphasis added). Thus, putting aside any confusion as to the general rule, the clear rule on these facts is that federal law applies to a dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

15. Should there be any remaining confusion as to whether federal law applies, *Harun v. Geor. Dep't of Juvenile Justice,* 2022 U.S. Dist. LEXIS 92392 (M.D. Ga. May 23, 2022) eliminates it. There, Judge Self stated:

> Dismissals for failure to prosecute or to comply with the rules or orders of a court operate as an adjudication on the merits. See Fed. R. Civ. P. 41(b). "However, this rule is not always dispositive of the 'adjudication on the merits' element of res judicata." *Tuitama v. Bank of Am., N.A.*, 552 F. App'x 881, 883 (quoting *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 503, 121 S. Ct. 1021, 149 L. Ed. 2d 32 (2001)). Though Rule 41 may not always mandate a dismissal under it as an adjudication on the merits, Eleventh Circuit precedent (emanating from the former Fifth Circuit) does. Its binding case law dictates that any dismissal for failing to prosecute one's case serves as an adjudication on the merits with preclusive effect. *Id.* (citing *Bierman v. Tampa Elec. Co.*, 604 F.2d 929, 930-31 (5th Cir. 1979)).

*Id.* at *4-5. Judge Self applies res judicata.

16. Thus, federal law applies to the issue of whether the dismissal with prejudice triggers the doctrine of res judicata in this bankruptcy case. Thus, the citations to Georgia and Florida law raised by Williams are irrelevant.

17. The Liquidating Trustee has already cited the Eleventh Circuit in *Griswold v. Cty. of Hillsborough*, 598 F.3d 1289, 1292 (11th Cir. 2010) on the elements of res judicata and the application of those facts to these claims. The Liquidating Trustee respectfully incorporates by reference paragraphs 14 – 21 of each of the objections (Doc. Nos. 416, 417, and 418).

18. The Liquidating Trustee respects the fact that if this objection is granted, these creditors will not share in the distributions from the Trust even though they have an appeal pending with the Eleventh Circuit of the dismissal with prejudice by the District Court.

19. However, these particular creditors were found by the District Court to have not complied with their obligations in the underlying lawsuit and had their claims dismissed with

prejudice as a result. The other creditors have complied with their obligations in prosecuting their claims against Ms. Galardi in the underlying cases and arbitrations. If the Liquidating Trustee's objection is overruled and these claims are included in the distributions, then the distributions to the creditors who complied with their obligations will be diluted.

20. The Liquidating Trustee suggests that to the extent the equities of these objections need to be considered, such equities weigh in favor of the creditors who complied with their obligations in the underlying litigation rather than those whom the District Court found did not comply with their obligations.

21. Res judicata does apply even if the case is on appeal. *See Huron Holdings Corp. v. Lincoln Mine Operating Co.*, 312 U.S. 183, 189 (1941) ("To the same effect, in the federal courts the general rule has long been recognized that while appeal with proper supersedeas stays execution of the judgment, it does not – until and unless reversed – detract from its decisiveness and finality."); *In re MF Glob. Holdings, Ltd.*, 2014 Bankr. LEXIS 3067, at *11 (Bankr. S.D.N.Y. July 17, 2014) (applying res judicata to disallow a claim currently on appeal and citing *Huron*). Neither Parker nor Williams even mentions these cases which were cited in the Liquidating Trustee's objections.

**WHEREFORE,** the Liquidating Trustee requests the following relief:

(a) That the Objections be sustained;

(b) That the Claims be disallowed; and

(c) That the Court awards the Liquidating Trustee such other and further relief as is just and proper.

Respectfully submitted this 18th day of July, 2023.

/s/ Thomas T. McClendon
Thomas T. McClendon, Georgia Bar. No. 431452
699 Piedmont Ave NE, Atlanta, Georgia 30308
(404) 564-9300 | tmcclendon@joneswalden.com
Liquidating Trustee

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| IN RE:<br><br>**TERI G. GALARDI,**<br><br>　Reorganized Debtor. | **CHAPTER 11**<br><br>**CASE NO. 22-50035-JPS** |
| **THOMAS T. MCCLENDON, AS LIQUIDATING TRUSTEE OF THE GALARDI CREDITORS TRUST,**<br><br>　Movant,<br><br>v.<br><br>**SHAKIR WILLIAMS,**<br><br>　Respondent. | **CONTESTED MATTER** |
| **THOMAS T. MCCLENDON, AS LIQUIDATING TRUSTEE OF THE GALARDI CREDITORS TRUST,**<br><br>　Movant,<br><br>v.<br><br>**JOCELYN JOHNSON,**<br><br>　Respondent. | **CONTESTED MATTER** |
| **THOMAS T. MCCLENDON, AS LIQUIDATING TRUSTEE OF THE GALARDI CREDITORS TRUST,**<br><br>　Movant,<br><br>v.<br><br>**JAMMIE PARKER,**<br><br>　Respondent. | **CONTESTED MATTER** |

## CERTIFICATE OF SERVICE

　This is to certify that I have on this day electronically filed the foregoing *Trustee's Reply in Support of Objections to Claims 95, 98, and 99* (the "Reply") using the Bankruptcy Court's Electronic

Case Filing program, which sends a notice of and an accompanying link to the Reply to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing Program:

- **Michael Akemon**     mutepe.akemon@richardslegal.com
- **Ainsworth G Dudley**     adudleylaw@gmail.com
- **Evan Owens Durkovic**     ecfgamb@aldridgepite.com, edurkovic@ecf.courtdrive.com
- **Robert G. Fenimore**     robert.g.fenimore@usdoj.gov, Ustp.region21.mc.ecf@usdoj.gov
- **Will Bussell Geer**     wgeer@rlkglaw.com, notices@nextchapterbk.com; willgeer@ecf.courtdrive.com;2836@notices.nextchapterbk.com;6717577420@filings.docketbird.com;geer.willb117921@notify.bestcase.com;emiller@rlkglaw.com
- **Whitney Warnke Groff**     wgroff@law.ga.gov
- **Elizabeth A. Hardy**     elizabeth.a.hardy@usdoj.gov, Ustp.region21.mc.ecf@usdoj.gov;elizabeth.hardy.collins@usdoj.gov
- **Brian K. Jordan**     ecfgamb@aldridgepite.com, bjordan@ecf.courtdrive.com
- **Christina T. Lanier**     christina.t.lanier@usdoj.gov, southern.taxcivil@usdoj.gov
- **Jonathan Loegel**     jonathan@loegel.com
- **Roy E. Manoll**     kdd@fbglaw.com
- **Louis G. McBryan**     lmcbryan@mcbryanlaw.com, alepage@mcbryanlaw.com
- **Garrett A. Nail**     gnail@pgnlaw.com
- **James D. Silver**     jsilver@kklaw.com, raldama@kklaw.com
- **Ward Stone**     wstone@stoneandbaxter.com, lford@stoneandbaxter.com; mcathey@stoneandbaxter.com;dbury@stoneandbaxter.com;lchapman@stoneandbaxter.com;amoses@stoneandbaxter.com
- **Christopher W. Terry**     chris@boyerterry.com, terrycr40028@notify.bestcase.com
- **U.S. Trustee – MAC**     Ustp.region21.mc.ecf@usdoj.gov

I further certify that I served a true and correct copy of the foregoing Reply on all parties referenced below via United States First Class Mail, postage prepaid:

Jocelyn Johnson
c/o Astrid Evelyn Gabbe, Esq.
P.O. Box 4216
Hollywood, FL 33083

Jammie Parker
c/o Astrid Evelyn Gabbe, Esq.
P.O. Box 4216
Hollywood, FL 33083

Shakir Williams
c/o Astrid Evelyn Gabbe, Esq.
P.O. Box 4216
Hollywood, FL 33083

Christopher Kosachuk
854 Pheasant Run Rd.
West Chester, PA 19382

This 18th day of July, 2023.

/s/ Thomas T. McClendon
Thomas T. McClendon
Georgia Bar. No. 431452
699 Piedmont Ave NE
Atlanta, Georgia 30308
(404) 564-9300
tmcclendon@joneswalden.com
Liquidating Trustee