IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| IN RE: <br><br> TERI G. GALARDI, <br><br> Reorganized Debtor. | CHAPTER 11 <br><br> CASE NO. 22-50035-JPS |
| THOMAS T. MCCLENDON, AS LIQUIDATING TRUSTEE OF THE GALARDI CREDITORS TRUST, <br><br> Movant, <br><br> v. <br><br> ALEXIS KING and RED SHIELD FUNDING, <br><br> Respondents. | CONTESTED MATTER |

**NOTICE OF OBJECTION TO CLAIM**

THOMAS T. MCCLENDON, AS LIQUIDATING TRUSTEE OF THE GALARDI CREDITORS TRUST ("LIQUIDATING TRUSTEE") HAS FILED AN OBJECTION TO YOUR CLAIM IN THIS BANKRUPTCY CASE.

**Your claim may be reduced, modified, or eliminated. You should read these documents carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

If you do not want the court to eliminate or change your claim, then you or your attorney shall file with the court a written response to the objection on or before **September 5, 2023.** If you are receiving this notice by mail, you may add 3 days to the response date, in accordance with FRBP 9006(f). The objection or response should be sent to:

> Clerk, U.S. Bankruptcy Court
> Middle District of Georgia
> P.O. Box. 1957
> Macon, Georgia 31202
> 478-752-3506

**If a response if filed, a hearing on the objection to your claim shall be held on: September 27, 2023 at 11:00 a.m. in Courtroom A at the U.S. Courthouse, 433 Cherry Street,**

**Macon, Georgia 31201.** *Parties should consult the Court's website (www.gamb.uscourts.gov) concerning whether the hearing will be in-person, telephonic, or virtual. Please refer to Administrative Order #145 for more guidance.*

If you mail your response to the Court for filing, you shall send it early enough so that the court will **receive** the response on or before the response date stated above.

Any response shall also be served on the Liquidating Trustee.

**If you or your attorneys do not take these steps, the court may decide you do not oppose the objection to your claim.**

This notice is sent by the undersigned pursuant to LBR 9004-1.

This 4th day of August, 2023.

                                                  */s/ Thomas T. McClendon*
                                                  Thomas T. McClendon
                                                  Georgia Bar No. 431452
                                                  699 Piedmont Ave NE
                                                  Atlanta, Georgia 30308
                                                  (404) 564-9300
                                                  tmcclendon@joneswalden.com
                                                  Liquidating Trustee

# IN THE UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| TERI G. GALARDI, | CASE NO. 22-50035-JPS |
| Reorganized Debtor. | |
| THOMAS T. MCCLENDON, AS LIQUIDATING TRUSTEE OF THE GALARDI CREDITORS TRUST, | |
| Movant, | |
| v. | CONTESTED MATTER |
| ALEXIS KING and RED SHIELD FUNDING, | |
| Respondents. | |

### LIQUIDATING TRUSTEE'S OBJECTION TO CLAIM NO. 110 OF ALEXIS KING AS TRANSFERRED TO RED SHIELD FUNDING

Thomas T. McClendon, as liquidating trustee of the Galardi Creditors Trust ("Liquidating Trustee") in the above-captioned case, files this objection ("Objection") to the claim asserted by Alexis King ("King"), as transferred to Red Shield Funding ("Red Shield") and respectfully shows this Court as follows:

### BACKGROUND

1.  On January 12, 2022 ("Petition Date"), Teri G. Galardi ("Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§101 et seq. ("Bankruptcy Code"), in the United States Bankruptcy Court for the Middle District of Georgia, Macon Division ("Court").

2. On April 14, 2023, the Court entered an Order Confirming the Joint Plan of Reorganization (Doc. No. 410) (the "Confirmation Order").

3. On March 17, 2022, Astrid E. Gabbe filed proof of claim number 57, asserting a claim for $163,956.32 as an unsecured claim ("Claim No. 57").

4. Such claim is for "contingency fees earned from the attached Final Judgment from Darden v. Fly Low and Galardi Case No. 20-cv-20592-MGC." Claim No. 57 at 2.

5. On March 21, 2022, Astrid E. Gabbe filed proof of claim number 101 in the name of Alexis King and in the amount of $304,490.30 as an unsecured claim ("Claim No. 101"). Such claim reflected "65% Interest in the Final Judgment" awarded to Ms. King. Claim No. 101 at 2. Such claim was subsequently withdrawn on February 28, 2023 (Dkt. 306).

6. On March 22, 2022, Alexis King, individually, filed proof of claim number 110 in the amount of $468,446.62 ("Claim No. 110"). Claim No. 110 reflects the full amount of the judgment against the Debtor, which would include any contingency fees due to Ms. Gabbe.[1] A true and correct copy of Claim No. 110 is attached hereto as **Exhibit "A"**.

7. Claim No. 110 was transferred to "Red Shield Funding" (Dkt. 325).

8. Claim No. 57 was classified in Class 8 of the Plan.[2]

9. The Liquidating Trustee objected to Claim No. 57 as duplicative of Claim No. 110 on May 10, 2023 (Dkt. 428).

10. Ms. Gabbe filed an affidavit in response (Dkt. 444). Such objection is currently scheduled for August 23, 2023, at 11 a.m.

---

[1] The Liquidating Trustee is taking no position whether any contingency fees are in fact due to Ms. Gabbe, but observes that this will need to be resolved by the Court.

[2] While Claim No. 57 was amended post-confirmation to assert a secured status, its secured status has been disallowed. *Galardi v. King, Guernsey and Gabbe*, Adv. Proc. 23-5013, Dkt. 13.

11.     Claim No. 110 was classified in Class 10 of the Plan of Reorganization as a secured claim subject to an adversary proceeding to be filed by the Debtor seeking to avoid the judgment lien supporting such secured status as a preference.

12.     Debtor filed the Adversary Proceeding, assigned Case No. 23-5013, on May 31, 2023.

13.     Debtor, Ms. Gabbe, Red Shield, and the Liquidating Trustee entered into a Consent Order entered August 2, 2023, which avoided the judgment lien and Claim No. 57's claim of secured status, rendering both as unsecured claims subject to administration by the Liquidating Trustee in accordance with the Chapter 11 Plan. 23-5013, Dkt. 13.

14.     The Plan provides that "The Liquidating Trustee shall have the right (but not the obligation) to object to the King Claim within 120 days of any Final Order from this Court setting aside the filing of the judgment lien as a preference." Plan, Dkt. 401 at 21. Thus, this Objection is timely.

## DISCUSSION

15.     Claim No. 110 (reflecting 100% of the judgment against Debtor) and Claim No. 57 (reflecting 35% of the judgment against Debtor) remain on the claims register.

16.     Ms. Gabbe's affidavit in response to the Objection to Claim No. 57 (Dkt. 444) argues that the Court should instead disallow a portion of Claim No. 110 instead.

17.     The Liquidating Trustee requests that the Court should disallow either Claim No. 57 or part of Claim No. 110 such that the total of both claims equals the judgment amount, $468,446.62.

18.     Without such relief from the Court, the Liquidating Trustee will be paying duplicative claims.

**WHEREFORE,** the Liquidating Trustee requests the following relief:

(a) That this Objection be sustained;

(b) That either (i) Claim No. 57, or (ii) a portion of Claim No. 110, or (iii) portions of both claims be disallowed such that the combined total of such claims is $468,446.62;

(c) That the Court awards the Liquidating Trustee such other and further relief as is just and proper.

Respectfully submitted this 4th day of August, 2023.

                                                         */s/ Thomas T. McClendon*
                                                         Thomas T. McClendon
                                                         Georgia Bar No. 431452
                                                         699 Piedmont Ave NE
                                                         Atlanta, Georgia 30308
                                                         (404) 564-9300
                                                         tmcclendon@joneswalden.com
                                                         Liquidating Trustee

# Exhibit "A"

**Fill in this information to identify the case:**

Debtor 1   Teri Galardi
Debtor 2
(Spouse, if filing)
United States Bankruptcy Court   **Middle District of Georgia**
Case number:  **22–50035**

FILED
**U.S. Bankruptcy Court
Middle District of Georgia**
3/22/2022
**Kyle George, Clerk**

# Official Form 410
## Proof of Claim

04/19

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

### Part 1: Identify the Claim

**1. Who is the current creditor?**
Alexis King
Name of the current creditor (the person or entity to be paid for this claim)
Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**
☑ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**
Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?
Alexis King
Name
1361 Arlene Valley Lane
Lawrenceville, GA 30043

Contact phone   678–681–4397
Contact email   alexisking717@icloud.com

Where should payments to the creditor be sent? (if different)
Name

Contact phone
Contact email

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

**4. Does this claim amend one already filed?**
☑ No
☐ Yes. Claim number on court claims registry (if known)    Filed on ___ MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes. Who made the earlier filing?

Official Form 410                Proof of Claim                page 1

**Part 2: Give Information About the Claim as of the Date the Case Was Filed**

| | | |
|---|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ | |
| 7. **How much is the claim?** | $ 468446.62 | **Does this amount include interest or other charges?**<br>☑ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as healthcare information.<br><br>Court judgment | |
| 9. **Is all or part of the claim secured?** | ☐ No<br>☑ Yes. The claim is secured by a lien on property.<br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410–A) with this *Proof of Claim*.<br>☐ Motor vehicle<br>☑ Other. Describe: personal property<br><br>**Basis for perfection:** Lien Certificate<br><br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:** $ _____<br>**Amount of the claim that is secured:** $ 468446.62<br>**Amount of the claim that is unsecured:** $ 0.00 (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $ _____<br><br>**Annual Interest Rate** (when case was filed) 0.08 %<br>☐ Fixed<br>☑ Variable | |
| 10. **Is this claim based on a lease?** | ☑ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____ | |
| 11. **Is this claim subject to a right of setoff?** | ☑ No<br>☐ Yes. Identify the property: _____ | |

Official Form 410            Proof of Claim            page 2

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No<br>☐ Yes. *Check all that apply*: | **Amount entitled to priority** |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(_) that applies | $ |
| | * Amounts are subject to adjustment on 4/1/22 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.**

Check the appropriate box:

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  3/22/2022
MM / DD / YYYY

/s/ Alexis King

Signature

Print the name of the person who is completing and signing this claim:

Name  Alexis King
First name    Middle name    Last name

Title

Company
Identify the corporate servicer as the company if the authorized agent is a servicer

Address
Number   Street
,
City   State   ZIP Code

Contact phone                    Email

Official Form 410         Proof of Claim         page 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-20592-COOKE/O'SULLIVAN

PORSCHE DARDEN, *et al.*,

    Plaintiffs,

vs.

FLY LOW, INC., and TERI GALARDI,

    Defendants.

_____/

### FINAL JUDGMENT

    Following an arbitration hearing, an Arbitrator issued an award in favor of Plaintiff Alexis King in the amount of $468,446.62. The Court confirmed the award without modification. *See* ECF 35. The Court now enters final judgment in favor of Plaintiff Alexi King and against Defendant Teri G. Galardi.

    Accordingly, it is hereby **ORDERED** and **ADJUDGED** that a Final Judgment is entered for Plaintiff Alexis King and against Defendant Teri G. Galardi in the amount of $468,446.62, for which sum let execution issue.

    The Court retains jurisdiction of this matter for the purpose of enforcing the final judgment pursuant to Federal Rules of Civil Procedure 69 and for a determination of fees and costs.

    **DONE** and **ORDERED** in chambers, at Miami, Florida, this 20th day of September 2021.

*[signature: Marcia G. Cooke]*
MARCIA G. COOKE
United States District Judge

1

# ELECTRONIC JUDGMENT LIEN CERTIFICATE

FOR PURPOSES OF FILING A JUDGMENT LIEN, THE FOLLOWING INFORMATION IS SUBMITTED IN ACCORDANCE WITH s. 55.203, F.S..

**JUDGMENT DEBTOR (DEFENDANT) NAME(S) AS SHOWN ON JUDGMENT LIEN:**

GALARDI, TERI G
2146 HIGHWAY 42
FLOVILLA, GA. 30216

**J21000543052**
**FILED**
**Oct 26, 2021 01:43 P.M.**
**Secretary of State**
SLWILSON

**JUDGMENT CREDITOR (PLAINTIFF) NAME AS SHOWN ON JUDGMENT LIEN OR CURRENT OWNER OF JUDGMENT IF ASSIGNED:**

ALEXIS KING
P.O. BOX 4216
HOLLYWOOD, FL 33083
DOS DOCUMENT#: N/A

NAME AND ADDRESS TO WHOM ACKNOWLEDGMENT/CERTIFICATION IS TO BE MAILED:

ASTRID E. GABBE, ESQ.
ATTORNEYGABBE@PROTONMAIL.COM

---

AMOUNT DUE ON MONEY JUDGMENT: 468,446.62
APPLICABLE INTEREST RATE: 0.08%
NAME OF COURT: SOUTHERN DISTRICT OF FLORIDA
CASE NUMBER: CASE NO. 20-CV-20592
DATE OF ENTRY: 09/20/21
WAS A WRIT OF EXECUTION DOCKETED ON THIS JUDGMENT LIEN WITH ANY SHERIFF PRIOR TO OCTOBER 1, 2001?
( ) YES  (IF YES, A "CREDITOR AFFIDAVIT CERTIFICATION" FORM MUST BE ATTACHED TO THIS CERTIFICATE.)
(X) NO

UNDER PENALTY OF PERJURY, I hereby certify that: (1) The judgment above described has become final and there is no stay of the judgment or its enforcement in effect; (2) All of the information set forth above is true, correct, current and complete; (3) I have not previously filed a Judgment Lien Certificate regarding the above judgment with the Department of State; and, (4) I have complied with all applicable laws in submitting this Electronic Judgment Lien Certificate for filing.

Electronic Signature of Creditor or Authorized Representative: ASTRID E. GABBE - ATTORNEY FOR PLAINTIFF

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| IN RE: <br><br> **TERI G. GALARDI,** <br><br> Reorganized Debtor. | CHAPTER 11 <br><br> CASE NO.  22-50035-JPS |
| **THOMAS T. MCCLENDON, AS LIQUIDATING TRUSTEE OF THE GALARDI CREDITORS TRUST,** <br><br> Movant, <br><br> v. <br><br> **ALEXIS KING and RED SHIELD FUNDING,** <br><br> Respondents. | <br><br><br><br><br><br> CONTESTED MATTER |

## **CERTIFICATE OF SERVICE**

This is to certify that I have on this day electronically filed the foregoing *Liquidating Trustee's Objection to Claim of Alexis King as Transferred to Red Shield Funding* (the "Objection") using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of and an accompanying link to the Objection to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing Program:

- **Michael Akemon**    mutepe.akemon@richardslegal.com
- **Ainsworth G Dudley**    adudleylaw@gmail.com
- **Evan Owens Durkovic**    ecfgamb@aldridgepite.com, edurkovic@ecf.courtdrive.com
- **Robert G. Fenimore**    robert.g.fenimore@usdoj.gov, Ustp.region21.mc.ecf@usdoj.gov
- **Will Bussell Geer**    wgeer@rlkglaw.com, notices@nextchapterbk.com; willgeer@ecf.courtdrive.com;2836@notices.nextchapterbk.com;6717577420@filings.docketbird.com;geer.willb117921@notify.bestcase.com;emiller@rlkglaw.com
- **Whitney Warnke Groff**    wgroff@law.ga.gov
- **Elizabeth A. Hardy**    elizabeth.a.hardy@usdoj.gov, Ustp.region21.mc.ecf@usdoj.gov; elizabeth.hardy.collins@usdoj.gov
- **Brian K. Jordan**    ecfgamb@aldridgepite.com, bjordan@ecf.courtdrive.com
- **Christina T. Lanier**    christina.t.lanier@usdoj.gov, southern.taxcivil@usdoj.gov

- **Jonathan Loegel**   jonathan@loegel.com
- **Roy E. Manoll**   kdd@fbglaw.com
- **Louis G. McBryan**   lmcbryan@mcbryanlaw.com, alepage@mcbryanlaw.com
- **Garrett A. Nail**   gnail@pgnlaw.com
- **James D. Silver**   jsilver@kklaw.com, raldama@kklaw.com
- **Ward Stone**   wstone@stoneandbaxter.com, lford@stoneandbaxter.com; mcathey@stoneandbaxter.com;dbury@stoneandbaxter.com;lchapman@stoneandbaxter.com;amoses@stoneandbaxter.com
- **Christopher W. Terry**   chris@boyerterry.com, terrycr40028@notify.bestcase.com
- **U.S. Trustee - MAC**   Ustp.region21.mc.ecf@usdoj.gov

I further certify that I served a true and correct copy of the foregoing Objection on all parties referenced below via United States First Class Mail, postage prepaid:

Alexis King
1361 Arlene Valley Lane
Lawrenceville, GA 30043

Red Shield Funding
4681 Carvel Court
Myrtle Beach, SC 29588

Alexis King
3328 Fall Branch Ln
Buford, GA 30519

This 4th day of August, 2023.

*/s/ Thomas T. McClendon*
Thomas T. McClendon
Georgia Bar No. 431452
699 Piedmont Ave NE
Atlanta, Georgia 30308
(404) 564-9300
tmcclendon@joneswalden.com
Liquidating Trustee