UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| In re: | Case No. 22-50035-JPS |
| TERI GALARDI, | Chapter 11 |
| Debtor, | |
| _____/ | |
| THOMAS T. MCCLENDON, AS LIQUIDATING TRUSTEE OF THE GALARDI CREDITORS TRUST, | Contested Matter |
| Movant, | |
| v. | |
| JAMMIE PARKER, | |
| Respondent, | |
| _____/ | |

## MOTION TO RECONSIDER ORDER DISALLOWING CLAIM (DOC. 506)

Comes now, JAMMIE PARKER, Respondent herein, by and through her undersigned counsel, and pursuant to FRBP 3008 and 9023, hereby files this Motion to Reconsider this Court's Order Disallowing Claim (Doc. 506) follows:

In filing this Motion, Respondent contends that the Court incorrectly relied upon In re MF Global Holdings, Ltd., 2014 Bankr. LEXIS 3067 (Bankr. S.D.N.Y. July 17, 2014), which can be distinguished from this case. In MF Global, employees asserted claims against the debtor under applicable federal and state provisions of the WARN Act in multiple adversary proceedings.[1] The adversary proceedings sought to establish the liability of the debtor and liquidate the claims. At the same time, the employees filed Proofs of Claim asserting liability of the debtor for unpaid vacation. Eventually the Bankruptcy Court dismissed the adversary proceedings, and the WARN Act claimants appealed. Meanwhile the debtor objected to the employee claims for unpaid vacation. The parties

---

[1] The WARN Act requires large employers give advance written notice of a mass layoff to employees, and provides for penalties for failing to do so.

agreed that the WARN Act claims on appeal were res judicata. Therefore, that issue was not in question and was dicta. The opinion in MF Global focused on the employee claims for unpaid vacation. The MF Global court disallowed the unpaid vacation claims because, "[d]espite repeated requests from the court, Claimants failed to offer any proof that they were employed by the Chapter 11 debtors." Id at p. 8, Res judicata was not the MF Global court's basis for disallowing the unpaid vacation claims. As such, this Court's reliance upon MF Global is incorrect.

In the alternative, should this Court stand by its decision to disallow Respondent's claim, Respondent requests that the Order Disallowing Claim (Doc. 506) be amended so as to give Respondent 14 days to move to lift the automatic stay and pursue her appeal from the decision of the United States District Court in Florida pending in the 11th Circuit Court of Appeals.

WHEREFORE, Respondent requests that this Court reconsider its decision.

This 9th day of August, 2023

                                                                         */s/ Jason M. Orenstein*
                                                                        JASON M. ORENSTEIN
                                                                        State Bar # 554302
                                                                        Attorney for Respondent

1922 Forsyth Street
Macon, GA 31201
(478) 743-6300
jason@jmolaw.com

## CERTIFICATE OF SERVICE

This is to certify that I have on this day electronically filed the foregoing *Motion to Reconsider* using the Bankruptcy Court's Electronic Case Filing program, which serves the same upon all participants therein who have appeared in the case. In addition, the counsel for Respondent has mailed to a copy of the foregoing *Motion to Reconsider* to Red Shield Funding at 1616 S. Ocean Drive #101, Vero Beach, FL 32963; Joseph Guernsey at 4681 Carvel Court, Myrtle Beach, SC 29588; Alexis King at 1361 Arlene Valley Lane, Lawrenceville, GA 30043.

This 9th day of August, 2023.

                                                */s/ Jason M. Orenstein*
                                                JASON M. ORENSTEIN
                                                State Bar # 554302
                                                Attorney for Respondent

1922 Forsyth Street
Macon, GA 31201
(478) 743-6300
jason@jmolaw.com