**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**

FILED
U.S. Bankruptcy Court
AUG 18 2023
Middle District of Georgia

| | |
|---|---|
| In re: | Case No. 22-50035-JPS |
| Teri Galardi, | Chapter 11 |
| Debtor, / | |
| THOMAS T. MCCLENDON, AS LIQUIDATING TRUSTEE OF THE GALARDI CREDITORS TRUST, | Contested Matter |
| Movant, | |
| v. | |
| SHAKIR WILLIAMS, | |
| Respondent. / | |

**RESPONSE IN OPPOSITION TO MOTION TO DISALLOW TRANSFER OF CLAIM 98 FOR LIQUIDATING TRUST PURPOSES [DOC. 500]**

Respondent Shakir Williams, by and through her assignee, hereby responds in opposition to the Motion to Disallow Transfer of Claim 98 For Liquidating Trust Purposes. [Doc. 500]. Respondent respectfully states:

Federal Bankruptcy Rule 3001(e)(2) governs the transfer of a proof of claim and reads:

(2) *Transfer of Claim Other than for Security after Proof Filed.* If a claim other than one based on a publicly traded note, bond, or debenture has been transferred other than for security after the proof of claim has been filed, evidence of the transfer shall be filed by the transferee. The clerk shall immediately notify the alleged transferor by mail of the filing of the evidence of transfer and that objection thereto, if any, must be filed within 21 days of the mailing of the notice or within any additional time allowed by the court. If the alleged transferor files a timely objection and the court finds, after notice and a hearing, that the claim has been transferred other than for security, it shall enter an order substituting the transferee for the transferor. If a timely objection is not filed by the alleged transferor, the transferee shall be substituted for the transferor.

According to the plain language of rule, there are no restrictions on the transfer of claims. If Congress intended to restrict the transfer of claims, they would have codified it here. Moreover, Trustee McClendon has no standing to challenge the assignment of a proof of claim. Only the Transferor has standing to challenge the assignment and Ms. Williams has made no such challenge and will not make such a challenge. Because, the transferor Williams has not filed an objection, the transferee Kosachuk should be substituted for the transferor Williams on proof of claim 98.

Additionally, Bankruptcy Rule 3001 was amended in 1991 to significantly curtail court oversight of claims transfers. *See Preston Trucking Co. v. Liquidity Solutions, Inc. (In re Preston Trucking Co.)*, 333 B.R. 315 (Bankr. D. Md. 2005); *see generally* Collier on Bankruptcy ¶ 3001.08 (16th ed. 2018).

While Trustee McClendon attempts to rely on the Confirmed Plan and The Trust Agreement for his authority to file the Motion, "interested parties and bankruptcy courts in each case are [not] free to tweak the law to fit their preferences". *In re Adelphia Communications Corp.* 441 B.R. 6 (Bankr. S.D.N.Y. 2010). Simply put, restrictions on the transfer of claims are a violation of the bankruptcy code.

Under § 1123(b)(6) of the Bankruptcy Code, plans may "include any ... appropriate provision not inconsistent with the applicable provisions of [the Bankruptcy Code]." 11 U.S.C. § 1123(b)(6). Thus, a provision is permissible only if it is both "appropriate" and "not inconsistent with" any applicable provision of the Bankruptcy Code. At minimum, these requirements imply that § 1123(b)(6) does not authorize plan provisions that override, undermine, or rewrite relevant Bankruptcy Code provisions. *Cf. RadLAX Gateway Hotel, LLC v. Amalgamated Bank,* —— U.S. – ——, 132 S.Ct. 2065, 2070–71, 182 L.Ed.2d 967 (2012) (holding that general authorizations in the Bankruptcy Code cannot be used to avoid specific statutory provisions); *In re Smart World Techs.,*

*LLC,* 423 F.3d 166, 184 (2d Cir.2005) (holding that the bankruptcy court's authority to make "necessary or appropriate" orders does not allow the bankruptcy court to "overstep" "statutory limitations"); "Inconsistent," *The Oxford English Dictionary Online* (2013), http:// www. oed. com/ view/ Entry/ 93864 (defining "inconsistent," when used in "inconsistent with," to mean "[n]ot consisting; not agreeing in substance, spirit, or form; not in keeping; not consonant or in accordance; at variance, discordant, incompatible, incongruous"). The bankruptcy court held that section 6.7 is not inconsistent with the Bankruptcy Code—including § 503(b)—and therefore is permissible under § 1123(b)(6). Appellees urge the Court to affirm that holding. The UST, however, argues that § 503(b) forbids payment of official committee members' professional fee expenses and that § 1123(b)(6) therefore could not authorize such payments. For the reasons set forth below, the Court finds that section 6.7 is invalid. *Davis v. Elliot Mgmt. Corp. (In re Lehman Bros. Holdings Inc.)*, 508 B.R. 283 (S.D.N.Y. 2014). Restricting the rights of a claimant to transfer or assign a proof of claim is in direct conflict with the bankruptcy code, unenforceable and should be declared an invalid provision of the confirmed plan.

The Court must deny the Motion, declare the undersigned as the rightful owner of Claim 98 and declare any restrictions on the assignments of proofs of claims contained in the confirmed plan or the trust agreement as invalid.

Dated July 29, 2023                    Respectfully submitted,

_____
Chris Kosachuk
*As Pro Se Assignee of Respondent Shakir Williams*
854 Pheasant Run Rd.
West Chester, PA 19382-8144
(305) 490-5700
chriskosachuk@gmail.com

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**

| | |
|---|---|
| In re: | Case No. 22-50035-JPS |
| Teri Galardi, | Chapter 11 |
| Debtor, / | |
| THOMAS T. MCCLENDON,<br>AS LIQUIDATING TRUSTEE<br>OF THE GALARDI CREDITORS TRUST, | Contested Matter |
| Movant,<br>v. | |
| SHAKIR WILLIAMS, | |
| Respondent. / | |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 29th day of July 2023, a true and correct copy of the foregoing was mailed to the Clerk of Court which will electronically file and serve a copy of the foregoing document on all parties of record and was served via email on Thomas McClendon, as Liquidating Trustee of the Galardi Creditors Trust and Chris Terry on behalf of Debtor Teri Galardi.

Respectfully submitted,

Chris Kosachuk
*As Pro Se Assignee of Respondent Shakir Williams*
854 Pheasant Run Rd.
West Chester, PA 19382-8144
(305) 490-5700
chriskosachuk@gmail.com

## SERVICE LIST

**Via CM/ECF/EMAIL**

All parties of record

Thomas McClendon,
as Liquidating Trustee of the Galardi Creditors Trust
tmcclendon@joneswalden.com

Chris Terry
on behalf of Debtor Teri Galardi
chris@boyerterry.com

FROM: (706) 733-1002  
FedEX Office  

262 Robert C Daniel Jr Pkwy  

Augusta GA 30909  
US  

SHIP DATE: 17AUG23  
ACTWGT: 1.00 LB  
CAD: 251115902 WSXI3600  

BILL 3rd PARTY  

TO Clerk of Court

433 Cherry Street

Macon GA 31201  
(305) 490-5700         REF:  
INV:  
PO:               DEPT:

 

TRK# 7826 0981 2362

31201



9622 04

0312    FRI 08/18   07:45 SM-2D 6775884  
CLERK OF COURT  
433 CHERRY ST              G  
MACON GA        31201-7919-99

353-3017

ETP: 1    SP:PD:100:Y  
962204173000:24239480078260981 2362