**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

**In re:**

**TERI GALARDI,**

    **Debtor.**      Case No. 22-50035-JPS

                               /      Chapter 11

**ASTRID E. GABBE**      Contested Matter

    **Movant.**

**v.**

**ALEXIS KING and JOSEPH ROBERT**
**GUERNSEY d/b/a RED SHIELD**
**FUNDING, as assignee**

    **Respondents.**

                               /

### RED SHIELD FUNDING'S RESPONSE TO MS. ASTRID GABBE'S OBJECTION TO PROOF OF CLAIM NO. 110 (DOC 513)

Now Comes Red Shield Funding, Assignee of Alexis King for claim No. 110 and files this response showing the Court:

**1.** Bankruptcy Rule 3001(f), a proof of claim "executed and filed in accordance with these rules" constitutes *prima facie* evidence of both the validity and amount of the claim.

**2.** Claim No. 110 meets the minimum requirements and enjoys *prima facie* status.

**3.** A proof of claim conforming to the rules of court serves as both a pleading and as trial evidence, even in the face of an objection to the claim. See *In re O'Brien*, 440 B.R. 654, 664 & n.14–15 (Bankr. E.D. Pa. 2010)

**4.** Ms. Gabbe has the burden of introducing evidence sufficient to rebut the presumption of validity. *In re Henry*, 546 B.R. 633, 634–35 (Bankr. E.D. Pa. 2016)

**5.** The only grounds for objecting to a claim are those listed in 11 U.S.C. § 502(b)1-9. *In re Today's Destiny, Inc.*, 2008 Bankr. LEXIS 3577 (Bankr. S.D. Tex. 2008)

**6.** The nine grounds set forth in § 502(b) for a claim's disallowance are exclusive. *B-Line, LLC v. Kirkland (In re Kirkland),* 379 B.R. 341, 345 (B.A.P. 10th Cir. 2007). *See also Travelers Casualty Surety Co. of America v. Pacific Gas Elec. Co.,* 549 U.S. 443, 127 S.Ct. 1199, 1204, 167 L.Ed.2d 178 (2007)

**7.** When a party in interest files an objection, the claim will be allowed unless one of nine exceptions set forth in § 502(b) applies. (In re Shank, 315 B.R. 799,812 (Bankr. N.D. Ga. 2004)( "At a minimum, the bankruptcy rules must be interpreted as requiring that a challenge to a proof of claim assert a basis for its disallowance or reduction under 11 U.S.C. § 502(b)")

**8.** To be proper, an objection to a claim must allege facts that, when accepted as true, are sufficient to overcome the prima facie validity of a proof of claim. 9-3007 Collier on Bankruptcy ¶ 3007.01 (16th ed. rev.) (Objection to claim should, "at a minimum, allege those facts necessary to support the objection.").

**9.** Ms. Gabbe does not cite the code section she relies upon and generally argues claim No. 110 should be reduced by $163,965.32 because Alexis King owes attorney fees to her for the same amount based on a case arising out of the Southern District of Florida court system. This is not a proper objection.

**10.** Ms. Gabbe filed Exhibit "1" with her objection that shows Alexis King was the judgment holder and the legal owner of the entire claim when the bankruptcy petition was filed.

**11.** Ms. Gabbe references a contingency fee agreement in her objection but does not submit that in support of the objection. The objection should be overruled.

**12.** Ms. Gabbe could also have cross-claimed against Ms King for her claim for attorney fees she says is owed. She did not do so and consented to judgment. *Galardi v. King, Guernsey and Gabbe*, Adv. Proc. 23-5013, Consent Judgment, DOC 13. The objection is barred by claim preclusion because it could have been raised in the adversary proceeding.

The objections should be overruled.

Date:  8-27-2023

Signature: /s/ Joseph Guernsey

Address:  1616 Ocean Drive, #101
Vero Beach, FL 32963

## Certificate of Service

This is to certify that I have electronically filed the foregoing response to **OBJECTION TO PROOF OF CLAIM NO. 110** using the Bankruptcy Court's ECF system that will notify all parties of record.

Alexis King was mailed a copy at:

1361 Arlene Valley Lane,
Lawrenceville, GA 30043

DATE: 8-27-2023

Signature: /s/ Joseph Guernsey