IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| In re:<br><br>**TERI GALARDI,**<br><br>    Debtor.<br>_____/ | Case No. 22-50035-JPS<br><br>Chapter 11 |
| **ASTRID E. GABBE**<br><br>    Movant.<br><br>v.<br><br>**ANGELA MILNER**<br><br>    Respondent.<br>_____/ | Contested Matter |

## NOTICE OF OBJECTION TO ALLOWANCE OF CLAIM NUMBER 38

ASTRID E. GABBE HAS FILED AN OBJECTION TO YOUR CLAIM IN THIS CASE.

<u>Your claim may be reduced, modified, or eliminated.</u> You should read these documents carefully and discuss them with your attorney, if you have one in this bankruptcy case. <u>If you do not have an attorney, you may wish to consult one.</u> If not served with this notice in accordance with the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure, a copy of the objection may be obtained upon written request to counsel for the debtor or at the Clerk's office.

If you do not want the court to eliminate or change your claim, then you or your attorney shall file with the court a written response to the objection on or before **September 27, 2023.**

Clerk, U. S. Bankruptcy Court
Middle District of Georgia
P. O. Box 1957
Macon, Georgia 31202

**If a response is filed, a hearing on the objection to your claim shall be held on:
November 1, 2023 at 11:00 a.m. at the United States Bankruptcy Court
Courtroom A, 433 Cherry Street, Macon, Georgia 31201.**

If you mail your response to the court for filing, you shall send it early enough so the court will **receive** the response on or before the response date stated above.

Any response shall also be served on the objecting party.

**If you or your attorney does not take these steps, the court may decide that you do not oppose the objection to your claim.**

**Parties should consult the Court's website (www.gamb.uscourts.gov) concerning whether the hearing will be in-person, telephonic, or virtual. Please refer to Administrative Order #145 for more guidance.**

This notice is sent by the undersigned pursuant to L.B.R. 3007-1.

DATED: August 28, 2023.

Jason M. Orenstein
Attorney for Astrid Gabbe
1922 Forsyth Street
Macon, Georgia 31208-4086
(478) 743-6300
jmopclaw@yahoo.com

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**

| | |
|---|---|
| In re:<br><br>**TERI GALARDI,**<br><br>    Debtor.<br>_____/ | Case No. 22-50035-JPS<br><br>Chapter 11 |
| **ASTRID E. GABBE**<br><br>    Movant.<br><br>v.<br><br>**ANGELA MILNER**<br><br>    Respondent.<br>_____/ | Contested Matter |

## OBJECTION TO PROOF OF CLAIM NO. 38

Creditor and Interested Party in the above matter, ASTRID E. GABBE (herein "Gabbe"), hereby files this Objection to Proof of Claim No. 38 asserted by Angela Milner, (herein "Respondent" or "Ms. Milner") respectfully shows this Court as follows:

1. On January 12, 2022 debtor filed a voluntary petition for relief under Chapter 11. Gabbe and Respondents are creditors/interested parties holding claims against the debtor in the above bankruptcy case.

2. In the years preceding the filing of the debtor's bankruptcy petition, Gabbe provided legal representation pursuant to a contingency fee agreement with several adult entertainers who worked for the debtor and suffered damages under the Florida Minimum Wage Act and other related statutes. Ms. Milner was one of the Plaintiffs in an action styled *Milner* et al. *v. Galardi*, Case No. 20-cv-20592-MGC, (the "Milner Litigation"), in the United States District Court for the Southern District of Florida (the "District Court").

3. During the course of Gabbe's representation of the adult entertainers, Gabbe

regularly associated other attorneys to provide assistance. One such attorney was Ainsworth G. Dudley, Jr. (herein "Dudley")

4. Pursuant to the original contingency fee agreement between Gabbe and Ms. Milner, Gabbe was entitled to a 35% contingency fee interest in Respondent's claim against debtor. However, when Dudley became involved, Gabbe and Dudley agreed to evenly split the 35% contingency fee.

5. In 2020, Gabbe and Dudley initiated the Milner Litigation described in Paragraph 2 above as co-counsel. While the Milner Litigation was pending, Galardi filed her Chapter 11 bankruptcy petition.

6. Georgia attorney Tom McClendon (herein "McClendon") represented several adult entertainers to advocate their interests in collecting from the debtor on a 10% contingency fee basis. McClendon eventually became the counsel for the Committee for Unsecured Creditors.

7. While the Chapter 11 proceeding was underway Dudley and McClendon asked that Ms. Milner execute a second contingency fee agreement whereby an additional 10% contingency payment would be made to Jones & Walden. On or about February 10, 2022, Dudley and McClendon drafted the second contingency fee agreement, emailed it to Gabbe and asked her to have Ms. Milner execute it which she did, and returned it directly to Mr. Dudley. Attached hereto as Exhibit 1 is the second contingency fee agreement.

8. On March 8, 2022, Dudley prepared and filed Proof of Claim No. 38 on behalf of Ms. Milner as an unsecured claim. On the Proof of Claim, Mr. Dudley directed that notices should be sent to Gabbe's office, and that payment was to be sent to Dudley's office. [*See* Claim #38 p. 1].

9. Gabbe never authorized payments for Ms. Milner to go directly to Dudley. On or about July 19, 2023, Gabbe discovered that McClendon made an initial distribution to Ms.

Milner in an amount believed to be $174,256 to Mr. Dudley at which time Gabbe learned that Dudley directed that he was to receive disbursements. This amount disbursed was calculated by multiplying 20.78% (the initial distribution percentage) x $838,576 (Milner's proof of claim amount). In effort to confirm, Gabbe requested McClendon and/or Dudley to provide a copy of the Milner distribution letter, and both have not done so. Rather, McClendon suggested Gabbe to seek payment from Dudley.

10. In accordance with Florida law, on August 28, 2023 Gabbe filed a charging lien to enforce and perfect her 17.5% contingency attorney fee interest. Said filing is reflected in the Milner docket and a copy is attached hereto as Exhibit 2.

11. Ms. Milner's proof of claim should be modified to protect Gabbe's contingency fee interest in Ms. Milner's claim as set forth below. WHEREFORE, the Movant requests the following relief:

(a) That this Objection be sustained;

(b) That Gabbe's Charging Lien in the amount of $58,700 is to be paid as part of Milner's Claim 38;

(c) That Mr. Dudley is ordered to pay $58,700 to Gabbe immediately;

(d) That Claim No. 38 is reduced by $58,700;

(e) That the Court awards Movant such other and further relief as is just and proper.

This 28th day of August, 2023.

/s/ Jason M. Orenstein
JASON M. ORENSTEIN
State Bar # 554302
Attorney for Astrid E. Gabbe

1922 Forsyth Street
Macon, GA 31201
(478) 743-6300
jason@jmolaw.com

## **CERTIFICATE OF SERVICE**

This is to certify that I have on this day electronically filed the foregoing Objection to Proof of Claim No. 38 using the Bankruptcy Court's Electronic Case Filing program which serves the same upon all participants therein who have appeared in the case. In addition, the counsel for Plaintiff has emailed and/or mailed a copy of the foregoing Objection to Proof of Claim No. 38 to Angela Milner, at 4200 Northside Parkway, Building 1, Suite 200, Atlanta, GA 30327, angelamilner35@gmail.com and to Ainsworth Dudley at 4200 Northside Parkway, Building 1, Suite 200, Atlanta, GA 30327 and adudleylaw@gmail.com.

This 28th day of August, 2023.

*/s/ Jason M. Orenstein*
JASON M. ORENSTEIN
State Bar # 554302
Attorney for Astrid E. Gabbe

1922 Forsyth Street
Macon, GA 31201
(478) 743-6300
jason@jmolaw.com

## CONTRACT FOR LEGAL SERVICES

**Client: ANGELA MILNER**
**Telephone No.:**
**Email:**
**Address:**
**Emergency Contact:**

You have retained Astride E. Gabbe ("Gabbe"), Dudley Law, LLC ("Dudley Law") and Jones & Walden LLC ("Jones Walden"), attorneys at law, and the attorneys employed by those Firms to represent you regarding your claims under Article X of the Florida Constitution and the FMWA. (Such three law firms are referred to in this Agreement as the "Firms").

The terms of this contract, inclusive of signatures, are set out below.

1. You have retained Gabbe and Dudley Law to represent you in *Milner et al. v. Galardi*, Civil Action No. Civil Action File No. 20-23230-CIV-CANNON/Otazo-Reyes filed in the Southern District of Florida and for the minimum wage or other FLSA related claims in *In Re Galardi*, Bankruptcy Case No. 22-50035, filed in the Middle District of Georgia (the "Bankruptcy Case" and together with the Florida action, the "Litigation").

2. You have retained Jones Walden to file proof of claim and represent you as bankruptcy counsel in the Bankruptcy Case.

3. You will be responsible for actual costs and expenses, including but not limited to, postage fees, court costs, witness fees, expert witness fees, medical record costs, deposition costs, computer research costs, investigative costs, long distance telephone and/or facsimile costs, filing costs, transportation and travel costs, out-of-town hotel expenses, and other like and similar costs. Any counsel of any of the Firms is authorized to expend these costs as needed in your behalf by advancing such costs as is necessary. There are no costs due at this time. All costs which are outstanding at the end of this representation shall be deducted from your net recovery at the time of the disbursement of any funds and shall not serve to reduce or lower any compensation due to counsel. If there is no recovery of money in this matter there shall be no money due whatsoever by the client under this fee agreement.

4. Your assistance and cooperation is a material part of this Contract for Services. If at any time any of the Firms make a determination that this cooperation is inadequate, or that a potential or actual conflict exists between you and such Firm, or that the merits of the case or claim limit the right of recovery or prevent a recoverable likelihood of prevailing, then each of the Firms has your consent to withdraw in a timely fashion, recognizing counsel's obligations under any rules of court and of the Georgia Canons of Professional Conduct. A Firm may also choose to withdraw for any breaches of this contract for failure to timely pay any invoices or bills. Upon such Firm's election to

        withdraw, you agree to cooperate in executing any necessary consent forms permitting voluntary withdrawal upon reasonable notice from counsel to you.

5.      The Firms are authorized to utilize the assistance of investigators, paralegals, law students, or associates licensed to practice law in Georgia, in their sole discretion. Any costs incurred for such assistance will be billed as costs or fees, as is consistent with this contract.

6.      You understand that the Firms cannot guarantee any particular outcome. Any discussion of the potential chances of a favorable negotiation or judgment is understood by you to be expressions of opinion by us and is not intended to guarantee or otherwise assert that you will or will not prevail in this matter. If at any time, any of the Firms conclude that further prosecution of this matter is unwarranted, such that withdrawal is required or indicated, either by law or by fact, a Firm may, in their sole discretion, withdraw from your further representation.

7.      The parties agree to a contingent fee structure rather than a charge directly to the client of hourly rates for payment of services, unless counsel withdraws from your further representation, or you discharge counsel, in which case each Firm has the option of seeking fees pursuant to the provisions of paragraph 9 below.

        The fee to be charged for work performed will be a contingency agreement whereby the contingency amount to be paid to Gabbe and Dudley Law shall be 35% of the gross amount of any recovery, and the contingency paid to Jones Walden shall be 10% of the gross amount of any recovery.

        This contract does not obligate any of the Firms to file and pursue any appeal of any order, verdict or judgment. Any such representation is subject to a separate contract and separate terms of compensation. Additional compensation is contemplated for any appeal of your matter, as the terms of compensation set out here are based upon work just at the trial court and bankruptcy court level.

8.      The contingency amounts set out above will be calculated as the greater of the following two alternatives in the event that you prevail on certain claim wherein there is a right to recover attorneys' fees under applicable statutory provisions. By this engagement agreement you agree that in the event that there is a separate award of attorney's fees, this firm's contingency fee shall be 35% for Gabbe/Dudley Law and 10% for Jones Walden of the combination of the amount awarded to clients and the amount awarded as attorneys' fees. In other words, these two awards will be added together and attorneys fee will be 35% of the combined number for Gabbe/Dudley Law and 10% for Jones Walden. Alternatively, each of the Firms may elect to accept 100% of the amount awarded in the litigation as their attorney's fees rather than the percentages set forth.

        Any attorney fee award against the Defendants (or their counsel) for any of the Firms' time and costs of the Litigation shall be utilized to repay and offset the Firms' bills for time and costs expended on your behalf. Such awards are not a recovery to your benefit under this engagement agreement unless you have been paying this firm based on bills generated by the firm, and upon that event, your interest in that attorney fee award is

limited to reimbursement of the actual fees or costs you have paid for which an award is granted and recovered.

9. In the event any recovery or settlement arises from any annuity or structured settlement, with any portion of the compensation to be paid or made available in the future, then the amounts due the Firms under this contract shall be calculated by applying the contingency percentage(s) to the amounts or value of all current payments, less the allocation cash value of the annuity, by establishing the cash value of such an annuity contract from a life insurance company having at least an A+ rating according to A.M. Best Company. Counsel shall have a right to current compensation based upon this formula and need not await receipt of any future annuity payments.

10. In the event it becomes necessary for a Firm to withdraw, or in the event you exercise any rights you may have to dismiss counsel, it is agreed that each Firm retains an interest and the right to recover fees, which shall be calculated based upon a combined hourly and contingent fee structured, as described below, as well as to recover expenses. This right is notwithstanding the right to compensation under any attorneys' fees statute and further, the Firms' interest in any contingency recovery shall be deemed to have vested by the expenditure of time under this contract. Such interest shall be regulated by the Code of Professional Ethics.

    The Firms' interest shall be defined as a right to a pro rata share of any future contingency recovery. The interest shall be calculated as follows:

    The "gross attorneys' fee" shall be determined according to the percentages of your recovery, as outlined in this agreement, plus any award or separate calculation of hourly attorneys' fees. The Firms shall be entitled to that percentage of the gross attorneys' fee which represents their pro rata share of the total attorneys' fees, calculated on a "lodestar" basis, then accrued by all counsel. Such right is not reduced or diminished by any actions taken by subsequent counsel or any other contract you may sign as to this claim or claims. To more fully explain this, if you replace the undersigned counsel and sign a new contingency contract, your obligations to the undersigned do not end but continue as a property interest held by the Firms in any award, including any verdict, judgment, or sums paid pursuant to a settlement agreement in the claim or case, or in any related matter which impairs the claim or case. In addition, you acknowledge that by this contract, the Firms have independent interests in petitioning for attorneys' fees even if they have been replaced, and you agree and permit them to so petition the court, without any diminution in the contingency amounts available to the Firms or, alternatively, to the fee amount entitled to the Firms based upon an hourly fee structure, or as described herein, and without any challenge to their petition made by you or by any subsequent counsel of yours.

    If you determine it necessary to terminate any of the Firms then, in lieu of their retention of rights as described above, the Firms may elect in their sole discretion, that you fully compensate them for any interests they have and for their time and efforts, by the payment to them of all fees earned, computed on an hourly basis of $500.00 for Ainsworth Dudley, $350.00 for Astrid Gabbe, $400.00 for Leon Jones, and $325.00 for Tom McClendon hour for attorneys' time, and a reasonable rate for paralegal and other

Page 3 of 6

attorney time, for all time they have expended plus full payment of all costs incurred to date in your behalf. These hourly rates are chosen as rates reasonably within an available range of rates to resolve this impasse and to protect your interests. They are not identified as of rate counsel would seek from you or any quantum meruit claim or as a fee award from the court.

11. If you accept a settlement offer which is not recommended by the Firms, then the Firms, in each of their sole discretion, may elect to take as their fees payment for all hours expended by them under this contract at their full hourly rates, in lieu of any contingency amounts. If you reject a settlement offer recommended by the Firms, then each of the Firms, in their sole discretion, may elect to take as fees, in lieu of payment for hours expended, 35% for Gabbe/Dudley and 10% for Jones Walden of the amount offered as settlement. Counsel retains this right as to that amount as alternative payment even if you thereafter dismiss counsel or counsel withdraws.

12. In the review and acceptance of a settlement offer, the Defendants, or their insurers, may attempt to require that you settle and resolve both your damage claim and the attorneys' fee and costs claim at the same time in a lump-sum settlement. If such an offer is made, the Firms shall identify for you their accrued costs and their time multiplied by their hourly rate, so that you may evaluate the fees owed to the Firms in making your decision concerning the settlement offer. In any settlement, counsel shall be entitled to their full compensation, that is, compensation as identified as to time/rate <u>and</u> contingency amounts as set forth in this Contract.

13. The terms of this contract are severable. Should any term of this contract be held or declared unenforceable or invalid for any reason, then such a holding does not alter or impair any other obligation under this contract.

14. In the event your account carries any balance for more than sixty (60) days, counsel may charge interest at the rate of 1% per month, applied to principal only. This may or may not be reflected on your bills. Failure to charge interest to you is not a waiver of that right as to the then-due amounts, or any future amounts which may be incurred. This applies to all costs and to all vested fees or fees due and payable under this Contract.

Document    Page 10 of 14

15. This contract is made in Fulton County and by the terms of this contract, you hereby expressly and voluntarily consent to venue in Fulton County in the event there is ever any dispute over the terms of the contract or collection of the amount owed.

16. In the event interest is awarded for fees and/or costs and/or on the contingency award amount, such interest shall be allocated and paid to the Firms on a pro rata basis, with counsel recovering interest on all items and amounts to which the Firm receives payment or reimbursement under this contract.

17. In the event collection of a judgment extends over several events of collection, then as to each amount received, it shall be used first to pay all outstanding costs and expenses, and to be distributed between counsel and you on a pro rata basis.

18. Unless otherwise agreed by the parties all monies recovered on behalf of client shall be deposited in the attorney trust account of Astrid E. Gabbe or Jones Walden, as applicable, and then distributed to the clients and attorneys as described hereunder unless the payments are separately made to the clients and attorneys.

19. *Creditor's Committee.* Defendant Teri Galardi has filed the Bankruptcy Case set forth above. The Bankruptcy Court may authorize the formation of a committee for certain types of creditors. For example, the Bankruptcy Court may approve a committee for all unsecured creditors or a committee for all FLSA claimants (in any event, a "Committee"). If formed, a Committee serves the role of representing the entire class of represented creditors and not just you individually. Therefore the duties of any attorneys that represent the Committee include a duty to all the creditors (as a whole group) within the represented class. All parties agree that in the event that a Committee is formed, Jones Walden may be employed as attorneys for the Committee and that this will not change the terms of this Contract. However, if Jones Walden is employed by such a Committee, then Jones Walden will be entitled to seek recovery of its attorney fees and expenses incurred on behalf of the Committee. Further, Jones Walden may seek payment of such Committee-related fees and expenses as an administrative expense in the Bankruptcy Case in which case only Galardi's bankruptcy estate will be responsible for payment of the same. In this event, Jones Walden still will be entitled to recovery of all its fees and expenses under this Contract. But the hourly fees and costs related to the Committee representation will be charged to the Committee, and the hourly fees and costs related to representing you individually will be charged to your account. In other words, Jones Walden will not "double dip" on its hourly fees and costs. All parties to this Contract also agree that if a Committee is formed, then Ainsworth Dudley, Astride Gabbe, or both of them, may serve as a member of the Committee on your behalf and/or on behalf of other similarly situated clients, and therefore Mr. Dudley and/or Ms. Gabbe may make votes and take actions as Committee member(s).

20. *Waiver of Conflict of Interest.* By executing this engagement letter, you confirm your understanding and agreement to waive any conflict of interest or potential conflict of interest in the Firms' representation of you together with other claimants against the Defendants. The material risks of such joint representation are that a conflict of interest

could arise if you have a dispute concerning your position and the positions of the other clients in the Litigation. The Client also understands that the Client will be seeking recovery (from funds or assets) just as the other clients of the Firms. So to the extent that funds or assets are not available to pay all claims in full, a conflict exists between the clients in that regard. The Client has the right and opportunity to consult with other counsel about this representation and this conflict waiver. If any additional conflict does arise concerning this matter or if the Client becomes concerned with the Firms' joint representation of all the clients in the Litigation, Client obviously retains the right to consult or hire other separate counsel.

21. *Joint Defense Privilege.* The Client agrees that all communications between the Firms' clients in the Litigation and each of the Firms, and between the Firms and any other attorneys for any of the other clients, shall be subject to the attorney-client privilege under the joint interests doctrine.

22. *Electronic and Counterpart Signatures.* This contract may be executed in separate counterparts, each of which shall constitute an original, but all of which together shall be deemed to be one and the same agreement. The parties agree that, in accordance with the Electronic Signature in Global National Commerce Act (15 U.S.C. § 7000, *et seq.*) and the Georgia Uniform Electronic Transactions Act, (O.C.G.A. § 10-12-1- *et seq.*), emailed electronic pdf and/or fax transmissions of signatures of the parties delivered by and between them and/or their legal counsel shall be effective to the fullest extent allowed by law and shall be enforced as if such signatures were originals and physically delivered as between the parties, their attorneys or agents. Without limitation, this Contract may be executed by DocuSign, or some other such similar electronic signature platform.

I have read, understand, and agree to the foregoing terms of representation and the contractual relationship between the parties.

I have had the opportunity to review this contract. I have also been afforded the opportunity to have it reviewed by another attorney or adviser of my choice.

**This contract amends and supersedes any other prior contract between client and counsel herein. I acknowledge and accept the terms of representation set forth herein. This contract may be accepted and agreed to through electronic communication and such acceptance shall be treated as if signed below in ink.**

Client:_____

Date: _____

Dudley Law, LLC
By: _____

Jones & Walden LLC
By: _____

_____

Astride E. Gabbe

Case 22-50035-JPS    Doc 540    Filed 08/28/23    Entered 08/28/23 21:00:37    Desc Main
Document    Page 12 of 14

Page 7 of 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 20-23230-CIV-CANNON-OTAZO-REYES

ANGELA MILNER, ET. AL,

    Plaintiffs

v.

TERI GALARDI,

    Defendant

_____/

**NOTICE OF FILING AND ASSERTING CHARGING LIEN
BY THE LAW OFFICES OF ASTRID E. GABBE, P.A.
FOR ATTORNEYS' FEES AND COSTS**

**NOTICE IS GIVEN** that The Law Office of Astrid E. Gabbe, P.A. ("AG") asserts an attorney's charging lien on any claim, judgment, settlement or award against Defendant Teri Galardi in favor of Plaintiff Angela Milner ("Milner") on all money due from defendant on any such claim, judgment, settlement or award, and any and all assets, property, money or proceeds retained, received or recovered by Milner, on her behalf or any of her assigns in connection with this claim, judgment, settlement or award. This charging lien claims attorneys' fees and costs due AG for legal services rendered to Milner with respect to Teri Galardi. To date, nothing has been paid to the undersigned counsel and the total amount due of $58,700.

Dated: August 28, 2023

| | |
|---|---|
| **Attorneys for Plaintiff** | **Interested Party** |
| **Angela Milner** | |
| Astrid E. Gabbe | Astrid E. Gabbe |
| /s/ Astrid E. Gabbe | /s/ Astrid E. Gabbe |
| The Law Office of Astrid E. Gabbe, P.A. | The Law Office of Astrid E. Gabbe, P.A. |
| Florida Bar No. 635383 | Florida Bar No. 635383 |
| P.O. Box 4216 | P.O. Box 4216 |
| Hollywood, FL 33083 | Hollywood, FL 33083 |
| Tel. (954) 303-9882 | Tel. (954) 303-9882 |
| Fax. (954) 983-1427 | Fax. (954) 983-1427 |
| astridgabbe@gmail.com | astridgabbe@gmail.com |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of foregoing was served via CM/ECF, email and/or First Class U.S. Mail to the parties on the attached service list as indicated on this 28th day of August 2023.

Astrid E. Gabbe
/s/ Astrid E. Gabbe
The Law Office of Astrid E. Gabbe, P.A.
Florida Bar No. 635383
P.O. Box 4216
Hollywood, FL 33083
Tel. (954) 303-9882
Fax. (954) 983-1427
astridgabbe@gmail.com

## SERVICE LIST

***Served via CM/ECF***

All Parties of Record

***Served via Email and First Class Mail***

Angela Milner
angelamilner35@gmail.com
4200 Northside Parkway, Building 1, Suite 200, Atlanta, GA 30327