IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

**In re:**

**TERI GALARDI,**

    Debtor.

_____/

Case No. 22-50035-JPS

Chapter 11

**ASTRID E. GABBE**

    Movant.

v.

**KRYSTALL WRIGHT**

    Respondent.

_____/

Contested Matter

### NOTICE OF OBJECTION TO ALLOWANCE OF CLAIM NUMBER 116

ASTRID E. GABBE HAS FILED AN OBJECTION TO YOUR CLAIM IN THIS CASE.

<u>Your claim may be reduced, modified, or eliminated.</u> You should read these documents carefully and discuss them with your attorney, if you have one in this bankruptcy case. <u>If you do not have an attorney, you may wish to consult one.</u> If not served with this notice in accordance with the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure, a copy of the objection may be obtained upon written request to counsel for the debtor or at the Clerk's office.

If you do not want the court to eliminate or change your claim, then you or your attorney shall file with the court a written response to the objection on or before **September 27, 2023.**

Clerk, U. S. Bankruptcy Court
Middle District of Georgia
P. O. Box 1957
Macon, Georgia 31202

**If a response is filed, a hearing on the objection to your claim shall be held on:
November 1, 2023 at 11:00 a.m. at the United States Bankruptcy Court
Courtroom A, 433 Cherry Street, Macon, Georgia 31201.**

If you mail your response to the court for filing, you shall send it early enough so the court will **receive** the response on or before the response date stated above.

Any response shall also be served on the objecting party.

**If you or your attorney does not take these steps, the court may decide that you do not oppose the objection to your claim.**

**Parties should consult the Court's website (www.gamb.uscourts.gov) concerning whether the hearing will be in-person, telephonic, or virtual. Please refer to Administrative Order #145 for more guidance.**

This notice is sent by the undersigned pursuant to L.B.R. 3007-1.

DATED: August 28, 2023.

Jason M. Orenstein
Attorney for Astrid Gabbe
1922 Forsyth Street
Macon, Georgia 31208-4086
(478) 743-6300
jmopclaw@yahoo.com

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **In re:** | |
| **TERI GALARDI,** | Case No. 22-50035-JPS |
| Debtor. | Chapter 11 |
| _____/ | |
| **ASTRID E. GABBE** | Contested Matter |
| Movant. | |
| v. | |
| **KRYSTALL WRIGHT** | |
| Respondent. | |
| _____/ | |

## OBJECTION TO PROOF OF CLAIM NO. 116

Creditor and Interested Party in the above matter, ASTRID E. GABBE (herein "Gabbe"), hereby files this Objection to Proof of Claim No. 116 asserted by Krystal Wright, (herein "Respondent" or "Ms. Wright") respectfully shows this Court as follows:

1. On January 12, 2022 debtor filed a voluntary petition for relief under Chapter 11. Gabbe and Respondents are creditors/interested parties holding claims against the debtor in the above bankruptcy case.

2. In the years preceding the filing of the debtor's bankruptcy petition, Gabbe provided legal representation to adult entertainers seeking damages under the Florida Minimum Wage Act and related statutes in both state and federal court as well as before the American Arbitration Association.

3. During the course of Gabbe's representation of the adult entertainers, Gabbe regularly associated other attorneys to provide assistance. One such attorney was Ainsworth G. Dudley, Jr. (herein "Dudley")

4. At no time did Gabbe represent Ms. Wright. However, based upon information and belief, Ms. Wright retained Dudley.

5. On April 11, 2022, Dudley filed Proof of Claim No. 116 on behalf of Ms. Wright as an unsecured claim in the amount of $328,108 and attached a pre-suit notice dated April 11, 2022 demanding unpaid wages going back to 2011. Attached hereto as Exhibit 1 is Ms. Wright's Proof of Claim No. 116.

6. All or part of Ms. Wright's claim is barred under the applicable statute of limitations, particularly with respect to unpaid wages earned from 2011 to 2014. Dudley is an experienced attorney with expertise in FMWA claims. His Proof of Claim does not provide an explanation as to how the five-year statute of limitations for FMWA violation claims is somehow tolled.

7. The Ms. Wright pre-suit notice prepared by Dudley and attached to the Proof of Claim was prepared post petition and is therefore a nullity and invalid in that it was either not delivered, or in violation of the automatic stay.

WHEREFORE, the Movant requests the following relief:

(a) That this Objection be sustained and rystall Wright's Claim No. 116 be denied in its entirety;
   (a) That, in the event that Ms. Wright has been paid already any distribution that she is ordered to return the funds to the Liquidating Trustee within 3 business days.
   (b) That, in the event that Attorney Ainsworth Dudley has been paid already for the Wright Claim, he is ordered to return the funds to the Liquidating Trustee within 3 business days;
   (c) That the Court awards Movant such other and further relief as is just and proper.

This 28th day of August, 2023.

                                                          */s/ Jason M. Orenstein*
                                                          JASON M. ORENSTEIN
                                                          State Bar # 554302
                                                          Attorney for Astrid E. Gabbe

1922 Forsyth Street
Macon, GA 31201
(478) 743-6300
jason@jmolaw.com

## **CERTIFICATE OF SERVICE**

This is to certify that I have on this day electronically filed the foregoing Objection to Proof of Claim No. 116 using the Bankruptcy Court's Electronic Case Filing program which serves the same upon all participants therein who have appeared in the case. In addition, the counsel for Plaintiff has emailed and first-class mailed a copy of the foregoing Objection to Proof of Claim No. 116 to Attorney Ainsworth Dudley at adudleylaw@gmail.com, 4200 Northside Parkway, Building 1, Suite 200, Atlanta, GA 30327 and Krystal Wright, 4200 Northside Parkway, Building 1, Suite 200, Atlanta, GA 30327.

This 28th day of August, 2023.

*/s/ Jason M. Orenstein*
JASON M. ORENSTEIN
State Bar # 554302
Attorney for Astrid E. Gabbe

1922 Forsyth Street
Macon, GA 31201
(478) 743-6300
jason@jmolaw.com

**Fill in this information to identify the case:**

Debtor 1    Teri Galardi

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court    **Middle District of Georgia**

Case number:    **22–50035**

**FILED**
U.S. Bankruptcy Court
Middle District of Georgia

4/11/2022

**Kyle George, Clerk**

## Official Form 410
# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

### Part 1: Identify the Claim

**1. Who is the current creditor?**

Krystall Wright

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Krystall Wright
Name

4200 Northside Parkway
Building 1, Suite 200
Atlanta, GA 30327

Contact phone     404–680–8961

Contact email     adudleylaw@gmail.com

Where should payments to the creditor be sent? (if different)

Name

Contact phone

Contact email

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known)     Filed on _____
                                                                                                                                                                MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing?

Official Form 410                                                   Proof of Claim                                                      page 1

**Part 2:** Give Information About the Claim as of the Date the Case Was Filed

| | | |
|---|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ | |

| | | |
|---|---|---|
| 7. **How much is the claim?** | $ 328108.00 | **Does this amount include interest or other charges?**<br>☑ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

| | |
|---|---|
| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as healthcare information.<br><br>Violation of Florida Minimum Wage Act and Article X of the Florida Constitution |

| | |
|---|---|
| 9. **Is all or part of the claim secured?** | ☑ No<br>☐ Yes. The claim is secured by a lien on property.<br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410–A) with this *Proof of Claim*.<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:** $ _____<br>**Amount of the claim that is secured:** $ _____<br>**Amount of the claim that is unsecured:** $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $ _____<br><br>**Annual Interest Rate** (when case was filed) _____ %<br>☐ Fixed<br>☐ Variable |

| | |
|---|---|
| 10. **Is this claim based on a lease?** | ☑ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____ |

| | |
|---|---|
| 11. **Is this claim subject to a right of setoff?** | ☑ No<br>☐ Yes. Identify the property: _____ |

Official Form 410                                   Proof of Claim                                   page 2

| 12. | Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No<br>☐ Yes. *Check all that apply*: | | **Amount entitled to priority** |
|---|---|---|---|---|
| | A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | | $ |
| | | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | | $ |
| | | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | | $ |
| | | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | | $ |
| | | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | | $ |
| | | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(_) that applies | | $ |
| | | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | | |

### Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.**

Check the appropriate box:

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   4/11/2022
                   MM / DD / YYYY

/s/ Ainsworth G. Dudley
Signature

Print the name of the person who is completing and signing this claim:

Name      Ainsworth G. Dudley
          First name   Middle name   Last name

Title     Attorney

Company   Dudley Law LLC
          Identify the corporate servicer as the company if the authorized agent is a servicer

Address   4200 Northside Parkway, 1–200
          Number  Street
          Atlanta, GA 30327
          City   State   ZIP Code

Contact phone   404–680–8961   Email   adudleylaw@gmail.com

## PROOF OF CLAIM
### ATTACHMENT 1
#### Part 2, Item 7: Claim amount

Creditor worked for Debtor as an entertainer. Debtor (i) misclassified her as an "independent contractor"; (ii) failed to pay her the minimum wage required by the Florida Minimum Wage Act, Florida Code Ann. §448.110 ("FMWA") and Article X Florida Constitution ("Article X"); (iii) made her work for tips paid by Debtor's customers; and (iv) required that she pay various fees and expenses to work each shift in violation of Article X and the FMWA.[1]

The Court, jury and/or Arbitrators have previously determined that Debtor violated the minimum wage provisions of the FLSA, FMWA and/or Article X with respect to her entertainers in the following similar cases and arbitration proceedings: (i) *Espinoza et al v. Fly Low, Inc., and Teri Galardi*, Civil Action File No. 1:14-CV-21244-Goodman (Southern District of Florida, Miami Division); *Bain v. Galardi*, Circuit Court of the Eleventh Judicial District and for Miami-Dade, Florida Case No. 18-29725-CA-01; *Breonna Beck v. Teri Galardi* AAA Case No. 01-17-0006-6372 (2019); *Kenyotta Clay v. Teri Galardi* AAA Case No. 01-17-0006-6369 (2019); *Ashley Delgado v. Teri Galardi* AAA Case No. 01-16-0000-3955 (2019); *Whitney Hairston v. Teri Galardi* AAA Case No. 01-17-0006-6360 (2019); *Jordan Hargraves v. Teri Galardi* AAA Case No. 01-16-0000-3958 (2019); *Krystal Wright v. Teri Galardi* AAA Case No. 01-16-0000-6560 (2019); *Apetsiwa Taylor v. Teri Galardi* AAA Case No.: 01-17-0006-6359 (2019); *Shavonne Moore v. Teri Galardi* AAA Case No. 01-16-0000-6518 (2019); *Espinoza et al. v. Teri Galardi*, No. 18-14371 (11th Cir. 2019)(unpublished); and *Alexis King v. Teri Galardi AAA Case No.:* 01-20-0005-4236 (2021).

Based on the foregoing decisions, the Debtor is collaterally estopped from relitigating her liability under the FLSA, FMWA and Article X. *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322 (1979); *Berry v. Great American Dream*, 2014 WL 5822691 (N.D. Ga. 2014)(applying offensive non-mutual collateral estoppel against employer of exotic dancers who previously litigated and lost the "employment" issue.); *Jones v. Shac, LLC*, 2019 WL 4246681 (D. Nv. 2019); The

---

[1] Article X and the FMWA explicitly adopt and incorporate the pertinent portions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. See, *In Re Advisory Opinion To the Attorney General Re: Florida Minimum Wage Amendment*, 880 So.2d 636, 641-42 (Fla. 2004)(the proposed amendment… incorporates a reference to the entire body of law under the FLSA…the amendment includes both the definition of employee, found in section 203 of the FLSA, the exemptions found in section 213 of the FLSA, and any other relevant provision within the FLSA or its implementing regulations."); *Martinez v. Ford Midway*, 59 So.3d 168 (District Court of Appeal, 3rd District, 2011)("…the Florida Statutes expressly adopt the FLSA, as interpreted and implemented by federal law…")(applying FLSA case law as determinative of FMWA requirements); *Anagnos v. Nelson Residence*, 721 Fed. Appx. 901, 903-04 (11th Cir. 2018) ("The Wage Amendment makes plain that employees receive the same protection under state law that they enjoy under the Fair Labor Standards Act. Its subsection (b) gives its "terms 'Employer,' 'Employee' and 'Wage' … the meanings established under the federal Fair Labor Standards Act (FLSA) and its implementing regulations."); *Axel v. Fields Motorcars*, 711 Fed. Appx. 942, 944, n.2 (11th Cir. 2017))(noting that the legal standards applicable as to FLSA minimum wage claims and minimum wage claims brought under Florida law are the precisely the same); *Pollock v. Move4all, Inc.*, 2019 WL 6134566 (M.D. Fla, 2019)("Plaintiff established the necessary elements to prevail on a claim for unpaid minimum wages under the FLSA, and, thus, also under the FMWA."); *Groeschel v. Casey Key Fish House*, 2018 WL 7264407 (M.D. Fla. 2018)(same)..

arbitration awards are entitled to the same preclusive effect as the judicial proceedings. *Greenblatt v. Drexel* Burnham, 763 F.2d 1352, 1360 (11th Cir. 1985). ("When an arbitration proceeding affords basic elements of adjudicatory procedure, such as an opportunity for presentation of evidence, the determination of issues in an arbitration proceeding should generally be treated as conclusive in subsequent proceedings, just as determination of a court would be treated."); *Freecham Ltd. v. Atlas Wealth Holdings*, 499 Fed. Appx. 941 (11th Cir. 2011) (arbitral award entitled to preclusive effect).

Creditor is entitled to three types of damages under the FMWA and Article X: (i) unpaid wages; (ii) liquidated damages; and (iii) attorneys' fees and costs. Florida Code Ann. §448.110 ("FMWA") and Article X Florida Constitution ("Article X").

**UNPAID MINIMUM WAGES/UNLAWFUL KICK-BACKS:**

Creditor is owed the following minimum wage per hour annually under Article X and the FMWA:

2009:  $7.25
2010:  $7.25
2011:  $7.31
2012:  $7.67
2013:  $7.79
2014:  $7.93

As part of her wage loss, Creditor also is entitled to reimbursement of the fees and expenses she paid each shift as unlawful "Kick-Backs" to the employer under 29 C.F.R. 531.35, which reads:

The wage requirements of the [FLSA] will not be met where the employee 'kicks-back' directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee. This is true whether the 'kick-back' is made in cash or in any way other than cash . . . . [T]here would be a violation of the [FLSA] in any work week when the cost . . . by the employee cuts into the minimum or overtime wage required to be paid . . . under the Act.

The House fees, other fees and tip-outs paid by Creditor each shift are unlawful "kick-backs" under the FMWA and Article X and recoverable as part of her wage loss. see *Reich v. Priba Corp.*, 890 F.Supp. 586, 595 (N.D.Tex. 1995); *Reich v. Circle C. Investments, Inc.*, 998 F.2d 324, 330 (5th Cir. 1993); *Hart v. Rick's Cabaret International, Inc.*, 60 F.Supp. 3d 447, 477 (S.D.N.Y. 2014); *Roger Wilson v. 1400 Northside Drive, Inc.*, Civil Action No. 1:15-CV-4453-SCJ, * 21 (N.D.Ga. June 15, 2017); *Hurst v. WBY, Inc.*, Civil Action File No. 1:15-CV-3560-MLB, ECF 167 * 14 (N.D.Ga. Dec. 26, 2019); *Smith et al. v. WBY, Inc. et al.*, Civil Action File No. 1:16-CV-4017-MLB, ECF 33 at 8 (N.D.Ga. Nov. 19, 2019).

Creditor maintained no records of the hours worked by Creditor and the amounts p[aid by Creditor as unlawful "kick-backs". Creditor calculates her unpaid wages using her own good faith reasonable estimate of the days and hours she worked, and the amounts she paid to work each shift. Creditor need not submit her own documentary proof to make a claim for her wage loss. An employee may prove her wage loss based on her recollection of time worked if an employer fails to maintain records of the time worked. See *Tyson Foods, Inc. v. Bouaphakeo*, 136 S.Ct. 1036, 1047 (2016)(citing *Anderson v. Mt. Clemons Pottery*, 328 U.S. 680, 687-88 (1946). Here, Debtor failed to maintain records as required by law, and her unrefuted recollection is sufficient to establish her wage loss.

The amount of Creditor's wage loss per year is contained in **Attachment 2** and **Attachment 3** (Creditor's Pre-Suit Notice to Debtor).

**LIQUIDATED (DOUBLE) DAMAGES:**

Article X and the FMWA provide for an award of "liquidated damages" in an amount equal to her wage loss. Creditor is entitled to an award of liquidated damages unless Debtor establishes that she acted in good faith and her good faith was objectively reasonable. The issue of good faith is a matter of law to be determined by the Court.

Debtor is collaterally estopped from relitigating the issue of good faith. The U.S. District Court for the Southern District of Florida and the Circuit Court of the Eleventh Judicial Circuit for Miami-Dade already determined that Debtor did not act in good faith in identical claims asserted during the same time period and awarded liquidated damages against Galardi. See *Espinoza v. Galardi et al.*, Civil Action File No. 1:14-CV-21244-Goodman, (S,D.Fla.); *Bain v. Galardi*, Circuit Court of the Eleventh Judicial District and for Miami-Dade, Florida Case No. 18-29725-CA-01. Several AAA arbitrators rendered similar decisions. See *Breonna Beck v. Teri Galardi* AAA Case No. 01-17-0006-6372 (2019); *Kenyotta Clay v. Teri Galardi* AAA Case No. 01-17-0006-6369 (2019); *Ashley Delgado v. Teri Galardi* AAA Case No. 01-16-0000-3955 (2019); *Whitney Hairston v. Teri Galardi* AAA Case No. 01-17-0006-6360 (2019); *Jordan Hargraves v. Teri Galardi* AAA Case No. 01-16-0000-3958 (2019); *Krystal Wright v. Teri Galardi* AAA Case No. 01-16-0000-6560 (2019); *Apetsiwa Taylor v. Teri Galardi* AAA Case No.: 01-17-0006-6359 (2019); *Alexis King v. Teri Galardi AAA Case No.:* 01-20-0005-4236 (2021).

The amount of Creditor's liquidated damages is contained in **Attachment 2.**

**ATTORNEYS' FEES, EXPENSES AND COSTS:**

Article X and the FMWA require the prevailing party to recover a reasonable fee and costs. 29 U.S.C. § 216(b). "[F]ee awards are mandatory for prevailing plaintiffs in FLSA cases." *Picado v. Lafise Corp.*, 2014 WL 4471391 (S.D. Fla. 2014) *citing Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987)("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases.").

Creditor is entitled to pre-petition and post-petition attorneys' fees and costs.

**POST-JUDGMENT INTEREST:**

Creditor seeks post-judgment and pre-judgment interest to the extent permitted by Florida law.

# PROOF OF CLAIM
### ATTACHMENT 2
### Part 2, Item 7: Claim amount
### Damage Estimates: Krystall Wright

| | |
|---|---|
| Approximate Employment Start Date: | August 2011 |
| Approximate Employment End Date: | July 2014 |
| Good Faith Estimate of Unpaid Wages: | $164,054 |
| Good Faith Estimate of Liquidated Damages: | $164,054 |
| Reasonable Attorneys' Fees and Costs: | |
| Good Faith Estimate of Total Claim: | $328,108 |

The method for calculating Creditor's claim is set forth on the attached Pre-Suit Notice to Debtor. Creditor reserves the right to amend her proof of claim to assert additional damages to the extent that additional facts are established in discovery and to assert additional attorneys' fees and litigation costs incurred in connection with litigation of Creditor's claim.

**DUDLEY LAW LLC**
ATTORNEYS AT LAW

April 11, 2022

Teri Galardi
c/o Louis McBryan
McBryan LLC
6849 Peachtree Dunwoody Road
Building B, 3 Peachtree Dunwoody Road
Atlanta, GA 30328

      Re:    Pre-Suit Notice: Krystal Wright v. Teri Galardi

Dear Mrs. Galardi and Mr. McBryan:

    This letter serves as Krystal Wright ("Wright") pre-suit notice of claims against Teri Galardi ("Galardi") in the amount of $328,108. This letter is written under the Florida Minimum Wage Act ("FMWA"), Florida Code Ann. § 448.110(6)(a).

    Ms. Wright was employed as an entertainer at the King of Diamonds Club in Miami, Florida ("KOD"), from August 2011 to July 15, 2014. Mrs. Galardi is the owner of KOD and the joint employer of Wright. Mrs. Wright possesses no time records documenting the dates and times that she worked. However, based on her recollection, Ms. Wright typically worked about 44 hours per week (4 shifts per week), for which she was not paid any wages. In addition, Ms. Wright paid approximately $200 per shift as mandatory fees/tip-outs to KOD and its staff. Accordingly, Ms. Wright' unpaid wages at the applicable rate, unlawful "kick-backs" and liquidated damages for each calendar year are:

2011    Unpaid Wages -    $ 6,433
        Unlawful Kick-Backs:    $16,000
        Liquidated Damages: $22,433

2012    Unpaid Wages -    $16,199
        Unlawful Kick-Backs:    $38,400
        Liquidated Damages: $54,599

2013    Unpaid Wages -    $16,452
        Unlawful Kick-Backs:    $38,400
        Liquidated Damages: $54,852

2014    Unpaid Wages -    $ 9,770
        Unlawful Kick-Backs:    $22,400

**4200 Northside Parkway**
**Building One, Suite 200**
**Atlanta, GA 30327**
**Tel 404.687.8205 Ext 3326**
**Cell 404.680.8961 / Fax 404.237.2150**
**adudleylaw@gmail.com**

**EMPLOYMENT LAW & LITIGATION**

  Liquidated Damages:  $32,170

  Pursuant to § 448.110, Galardi has 15 calendar days to resolve this claim. If this matter is not timely resolved, the FMWA permits Ms. Wright to pursue claims for unpaid wages, liquidated damages and attorneys' fees and costs as a result of Galardi's willful violation of the FMWA.

             Sincerely Yours,

             Ainsworth G. Dudley

AGD: jc
Client: email only

**4200 Northside Parkway**
**Building One, Suite 200**
**Atlanta, GA 30327**
**Tel 404.687.8205 Ext 3326**
**Cell 404.680.8961 / Fax 404.237.2150**
**adudleylaw@gmail.com**

**EMPLOYMENT LAW & LITIGATION**