IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| In re: | |
| **TERI GALARDI,** | Case No. 22-50035-JPS |
| Debtor. | Chapter 11 |
| _____/ | |
| **ASTRID E. GABBE** | Contested Matter |
| Movant. | |
| v. | |
| **MARISSA WALKER** | |
| Respondent. | |
| _____/ | |

### NOTICE OF OBJECTION TO ALLOWANCE OF CLAIM NUMBER 103

ASTRID E. GABBE HAS FILED AN OBJECTION TO YOUR CLAIM IN THIS CASE.

<u>Your claim may be reduced, modified, or eliminated.</u> You should read these documents carefully and discuss them with your attorney, if you have one in this bankruptcy case. <u>If you do not have an attorney, you may wish to consult one.</u> If not served with this notice in accordance with the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure, a copy of the objection may be obtained upon written request to counsel for the debtor or at the Clerk's office.

If you do not want the court to eliminate or change your claim, then you or your attorney shall file with the court a written response to the objection on or before **September 27, 2023.**

Clerk, U. S. Bankruptcy Court
Middle District of Georgia
P. O. Box 1957
Macon, Georgia 31202

**If a response is filed, a hearing on the objection to your claim shall be held on:
November 1, 2023 at 11:00 a.m. at the United States Bankruptcy Court
Courtroom A, 433 Cherry Street, Macon, Georgia 31201.**

If you mail your response to the court for filing, you shall send it early enough so the court will **receive** the response on or before the response date stated above.

Any response shall also be served on the objecting party.

**If you or your attorney does not take these steps, the court may decide that you do not oppose the objection to your claim.**

**Parties should consult the Court's website (www.gamb.uscourts.gov) concerning whether the hearing will be in-person, telephonic, or virtual. Please refer to Administrative Order #145 for more guidance.**

This notice is sent by the undersigned pursuant to L.B.R. 3007-1.

DATED: August 28, 2023.

Jason M. Orenstein
Attorney for Astrid Gabbe
1922 Forsyth Street
Macon, Georgia 31208-4086
(478) 743-6300
jmopclaw@yahoo.com

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **In re:** | |
| **TERI GALARDI,** | Case No. 22-50035-JPS |
| Debtor. | Chapter 11 |
| _____/ | |
| **ASTRID E. GABBE** | Contested Matter |
| Movant. | |
| v. | |
| **MARISSA WALKER** | |
| Respondent. | |
| _____/ | |

## OBJECTION TO PROOF OF CLAIM NO. 103

Creditor and Interested Party in the above matter, ASTRID E. GABBE (herein "Gabbe"), hereby files this Objection to Proof of Claim No. 103 asserted by Marissa Walker, (herein "Respondent" or "Ms. Walker") respectfully shows this Court as follows:

1. On January 12, 2022 debtor filed a voluntary petition for relief under Chapter 11. Gabbe and Respondents are creditors/interested parties holding claims against the debtor in the above bankruptcy case.

2. In the years preceding the filing of the debtor's bankruptcy petition, Gabbe provided legal representation pursuant to a contingency fee agreement with several adult entertainers who are Class 8 Unsecured Claimants. At no time did Gabbe represent Ms. Walker.

3. Based upon information and belief, Ms. Walker retained Attorney Mutepe Akemon. On March 21, 2022, Mr. Akemon filed Proof of Claim No. 103 on behalf of Ms. Walker in the amount of $840,296, and attached a pre-suit notice demanding unpaid wages going back to 2011. Attached hereto as Exhibit 1 is Ms. Walker's Claim No. 103.

4. In the pre-suit notice, Mr. Akemon addressed the issue of statute of limitations

with regard to wages due from 2011 to 2014 by including the following statement: *"Ms. Walker was an un-named class member in the case of Espinoza et al v. Galardi et al, No. 1:14-cv-21244 (N.D. Fl), in which FMWA claims are being pressed as a Rule 23 class action. Espinoza was filed on April 8, 2014. Her FMWA claims, therefore, have been "tolled" since that time. Willful violations of FMWA are subjection to a five-year statute of limitations".*

5.  Ms. Walker's claim should be denied in its entirely based upon the statute of limitations having expired in 2019.

6.  Ms. Walker's pre-suit notice is defective and time-barred. "Allowing a cause of action to proceed under the Amendment without meeting the notice requirement renders Section 448.110(10) and the FMWA meaningless. Id. Thus, any claim brought pursuant to Fla. Const. art. X, § 24 must comply with the pre-suit notice requirements of Fla. Stat. § 448.110(6). Id. *Nichols v. Lab. Corp. of Am.*, 2014 U.S. Dist. LEXIS 26780 (M.D. Fla. Mar. 1, 2014).

WHEREFORE, the Movant requests the following relief:

(a)  That this Objection be sustained;

(b)  That Marissa Walker's Claim 103 be denied in its entirety;

(c)  That, in the event that Ms. Walker has been paid already any distribution that she is ordered to return the funds to the Liquidating Trustee within 3 business days.

(d)  That, in the event that Mr. Akemon has been paid already on Ms. Walker's claim, he is ordered to return the funds to the Liquidating Trustee within 3 business days;

(e)  That the Court awards Movant such other and further relief as is just and proper.

This 28th day of August, 2023.

                                                */s/ Jason M. Orenstein*
                                                JASON M. ORENSTEIN
                                                State Bar # 554302
                                                Attorney for Astrid E. Gabbe

1922 Forsyth Street
Macon, GA 31201
(478) 743-6300
jason@jmolaw.com

## CERTIFICATE OF SERVICE

This is to certify that I have on this day electronically filed the foregoing Objection to Proof of Claim No. 103 using the Bankruptcy Court's Electronic Case Filing program which serves the same upon all participants therein who have appeared in the case. In addition, the counsel for Plaintiff has emailed and first class mailed a copy of the foregoing Objection to Proof of Claim No. 103 to Attorney Mutepe "Michael" Akemon at mutepe.akemon@richardslegal.com, P.O. Box 360925 Decatur, GA 30036 and Marissa Walker P.O. Box 360925 Decatur, GA 30036.

This 28th day of August, 2023.

                                                 */s/ Jason M. Orenstein*
                                                 JASON M. ORENSTEIN
                                                 State Bar # 554302
                                                 Attorney for Astrid E. Gabbe

1922 Forsyth Street
Macon, GA 31201
(478) 743-6300
jason@jmolaw.com

| Fill in this information to identify the case: | |
|---|---|
| Debtor 1 Teri Galardi | |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court **Middle District of Georgia** | |
| Case number: **22–50035** | |

**FILED**
**U.S. Bankruptcy Court**
**Middle District of Georgia**
3/21/2022
**Kyle George, Clerk**

Official Form 410
# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1: Identify the Claim

**1. Who is the current creditor?**
Marissa Walker
Name of the current creditor (the person or entity to be paid for this claim)
Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**
☑ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?
Marissa Walker
Name
P.O. Box 360295
30036
Decatur, GA 30036
Contact phone  4042896816
Contact email  mutepe.akemon@richardslegal.com

Where should payments to the creditor be sent? (if different)
Name
Contact phone
Contact email

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

**4. Does this claim amend one already filed?**
☑ No
☐ Yes. Claim number on court claims registry (if known) _____ Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes. Who made the earlier filing?

Official Form 410                Proof of Claim                page 1

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

| 6. | **Do you have any number you use to identify the debtor?** | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ |
|---|---|---|
| 7. | **How much is the claim?** | $ 840296.00   **Does this amount include interest or other charges?**<br>☑ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. | **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as healthcare information.<br><br>Violations of the FMWA |
| 9. | **Is all or part of the claim secured?** | ☑ No<br>☐ Yes. The claim is secured by a lien on property.<br>**Nature of property:**<br>☐ Real estate.   If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410–A) with this *Proof of Claim*.<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:** $ _____<br>**Amount of the claim that is secured:** $ _____<br>**Amount of the claim that is unsecured:** $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $ _____<br><br>**Annual Interest Rate** (when case was filed)   ____ %<br>☐ Fixed<br>☐ Variable |
| 10. | **Is this claim based on a lease?** | ☑ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____ |
| 11. | **Is this claim subject to a right of setoff?** | ☑ No<br>☐ Yes. Identify the property: _____ |

Official Form 410                                    Proof of Claim                                    page 2

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No <br> ☐ Yes. *Check all that apply*: | | **Amount entitled to priority** |
|---|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | | $ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | | $ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | | $ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | | $ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | | $ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(_) that applies | | $ |
| | * Amounts are subject to adjustment on 4/1/22 and every 3 years after that for cases begun on or after the date of adjustment. | | |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.**

Check the appropriate box:

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  3/21/2022
MM / DD / YYYY

/s/ Mutepe Akemon
Signature

Print the name of the person who is completing and signing this claim:

Name: Mutepe Akemon
First name  Middle name  Last name

Title:

Company: The Richards Law Group
Identify the corporate servicer as the company if the authorized agent is a servicer

Address: P.O. Box 360295
Number  Street
Decatur, GA 30036
City  State  ZIP Code

Contact phone: 4042896816  Email: mutepe.akemon@richardslegal.com

**THE RICHARDS LAW GROUP, LLC**

P.O. Box 360295
Decatur, Georgia 30036
www.RichardsLegal.com
Office: 404.289.6816
Fax: 404.795.0727

July 16, 2021

By E-Mail and USPS Certified Mail
Fly Low, Inc
MBJG Corp, Inc.
LVA Management and Consulting, Inc.
Teri L. Galardi
2146 Highway 42 S,
Flovilla, Georgia 30216

c/o Dean R. Fuchs, Esq.
Schulten, Ward, Turner & Weiss, LLP
260 Peachtree Street N.W.
Atlanta, Ga., 30303

c/o Howard Brodsky, Esq.
Gerald Tobin, P.A.
4551 Ponce de Leon Boulevard
Coral Gables, Florida 33146

Re: **Pre-Suit Notice: Marissa Walker v. Fly Low, Inc. *Et al* ₁ Pursuant to Florida Code §448.110**

Dear Ms. Galardi:

I write to you as attorney for the above referenced entities and individuals pursuant to Florida Code Ann. §448.110(6)(a).

The purpose of my letter is to advise you of certain legal claims which my client intends to initiate against her "employers" (i.e, the entities and persons identified above) under the Florida Minimum Wage Act, Florida Code Ann. §448.110 ("FMWA"). Specifically, Ms. Walker claims that her employers committed willful violations of the Act by failing to pay her minimum wages required under the FMWA, and by extracting unlawful kickbacks.

Ms. Walker was employed as a Dancer-Entertainer at the King of Diamonds from 2012 until 2016. She possesses no time records documenting the dates/times that she worked and can therefore offer only an approximation concerning the number of hours and shifts she worked. We currently estimate that she worked an average of five shifts and 8 hours per shift. She was also required to pay to or on behalf of the Club "house fees" of between an average of $100 per shift, plus an additional 10% of the amounts she earned during each shift (average of $50 per shift)

*Attorneys licensed in Georgia and Maryland*

She was also required to "tip-out" Club personnel such as the Housemom, Security, and DJ (average of $70 per shift).

Ms. Walker was an un-named class member in the case of Espinoza et al v. Galardi et al, No. 1:14-cv-21244 (N.D. Fl), in which FMWA claims are being pressed as a Rule 23 class action. Espinoza was filed on April 8, 2014. Her FMWA claims, therefore, have been "tolled" since that time. Willful violations of the FMWA are subject to a five-year statute of limitations. Based on materials that have been previously provided to me in the matter of Geter et. al v Galardi South Inc et al., Ms. Walker agreed to arbitrate her claims under the AAA Employment Rules that your clients drafted. We will be filing a demand for arbitration within thirty (30) days of receipt of this notice.

**2011**
40 weeks x 7.31/hr 5 days a week at 8 hours per shift
Regular hours 1600 x 7.31/hr= $11,696.00
Fees- 40 weeks x 5 shifts/wk ($100 house fee, $50 10%, $70 housemom, dj security)= 200 shifts x 220 per shift=$44,000

**2012**
48 weeks x 7.67 /hr 5 days a week at 8 hours per shift
Regular hours 1920 x 7.67/hr= $14,726.40.
Fees 48 weeks x 5 shifts/wk ($100 house fee, $50 10%, $70 housemom, dj security)=240 x 220= $52,800

**2013**
48 weeks x 7.79/hr 5 days a week at 8 hours per shift
Regular hours-1920 x 7.79=$14,956.8
Fees 48 weeks x 5 shifts/wk ($100 house fee, $50 10%, $70 housemom, dj security)= 240 x 220=$52,800

**2014**
26 weeks x 7.93/hr 5 days a week at 8 hours per shift
Regular hours 1040 x 7.93/hr=8,247.2
Fees- 26 weeks x 5 shifts/wk ($100 house fee, $50 10%, $70 housemom, dj security)=130 shifts x 220= $28,600

**TOTAL WAGES: $49,626.40**

**TOTAL DAMAGES: $420,148.00**

Obviously, this figure does not take into account your clients' potential liability for liquidated damages and attorney's fees.

Pursuant to §448.110, your clients are entitled to 15 calendar days in which to resolve this matter by agreement. Should they fail to do so, Ms. Smith will initiate the appropriate legal proceedings.

Very Truly Yours,

THE RICHARDS LAW GROUP, LLC


By: /s/Mutepe Akemon
Mutepe Akemon