**IN THE UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| IN RE: | **CHAPTER 11** |
| **TERI G. GALARDI,** | **CASE NO.  22-50035-JPS** |
| Debtor. | |

**MOTION FOR AUTHORITY TO ENTER INTO**
**FORBEARANCE AGREEMENT WITH TERI G. GALARDI ON**
**PROMISSORY NOTE HELD BY GALARDI CREDITORS TRUST**

Thomas T. McClendon, as Liquidating Trustee of the Galardi Creditors Trust (the "Liquidating Trustee"), hereby moves the Court for an order authorizing him to enter into a Forbearance Agreement with Teri G. Galardi, Reorganized Debtor, regarding a $3,003,722.65 Promissory Note, and show the Court as follows:

1.     The Court has jurisdiction over this motion pursuant to Article 9.1(m) (retention of jurisdiction over all matters regarding or related to the administration of the Galardi Creditors Trust) and Section 7.2 of the Liquidating Trust Agreement.

2.     On January 12, 2022 (the "Petition Date"), Teri G. Galardi ("Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in this Court (Doc. No. 1).

3.     On April 14, 2023, the Court entered an *Order Confirming Joint Plan of Reorganization* (Doc. No. 410) (the "Confirmation Order"). Pursuant to the Confirmation Order, the Liquidating Trustee was appointed to oversee the Galardi Creditors Trust for the benefit of unsecured creditors under Class 8 of the Plan.

4.      As part of the substantial consummation of the Plan, Ms. Galardi executed a

Promissory Note in the amount of $3,003,722.65. A true and correct copy of the Promissory Note

is attached as **Exhibit "A".**

5.      The Promissory Note was secured by Deeds to Secure Debt on: (i) 760 Piedmont

Avenue, Atlanta, Fulton County, Georgia, (ii) 1837 Corporate Blvd, Atlanta, Dekalb County,

Georgia, and (iii) 2608 Metropolitan Parkway, Atlanta, Fulton County, Georgia (the "Deeds to

Secure Debt").

6.      The due date of the Promissory Note is August 28, 2023. Ms. Galardi has not made

the payment due under that Note.

7.      However, counsel for Ms. Galardi has provided the Liquidating Trustee a loan

commitment and requested that the Liquidating Trustee not issue a notice of foreclosure or

otherwise take action to foreclose on the Deeds to Secure Debt.

8.       Counsel for the Reorganized Debtor and the Liquidating Trustee have conferred

and reached an agreement as to a forbearance agreement, subject to either: (i) the approval of the

Court or (ii) a determination by the Court that no approval is needed. The material terms of the

forbearance agreement are: (i) Ms. Galardi will pay $50,000.00 as a forbearance fee, and (ii)

interest will accrue at ten percent after August 28, 2023. A true and correct copy of the forbearance

agreement is attached as **Exhibit "B"**.

9.      The Liquidating Trustee requests that the Court enter an order approving the

Liquidating Trustee's execution of the forbearance agreement on an ex parte basis or, if the Court

determinates that the matter requires a hearing, on an emergency basis.

## **BASIS FOR RELIEF**

10.    Under the Liquidating Trust Agreement, the Liquidating Trustee is authorized to

take the following actions:

**4.2 Administrative Powers of the Liquidating Trustee**.  During the Liquidating Trustee's administration of the Creditors Trust, and subject to: (i) all the other provisions of this Liquidating Trust Agreement (including, but not limited to, Sections 4.3 and 4.4) and (ii) the Plan, the Liquidating Trustee may exercise the power:

(i)  To receive and hold all of the assets of the Trust Estate and to have exclusive possession and control thereof as permissible under applicable law;

(ii)  To manage, market, sell, and convert all or any portion of the assets in the Trust Estate to Cash and distribute the net distributable proceeds as specified in the Plan and this Trust Agreement;

(iii) To enter into, perform, and exercise rights under contracts binding upon the Creditors Trust (but not upon the Liquidating Trustee in his respective individual or corporate capacity) which are reasonably incident to the administration of the Creditors Trust and which the Liquidating Trustee, in the exercise of his best business judgment, reasonably believes to be in the best interests of the Creditors Trust;

. . .

(xiii)       In general, without in any manner limiting any of the foregoing or the following, to deal with the Trust Assets or any part or parts thereof in all other ways as would be lawful for any person owning the same to deal therewith; *provided, however*, that the investment powers of the Liquidating Trustee, other than those reasonably necessary to maintain the value of the Trust Assets of the Creditors Trust and to further the liquidating purpose of the Creditors Trust, are limited by the terms herein;

(xiv)       To do any and all other things, not in violation of any other terms of the Plan, the Confirmation Order, and this Liquidating Trust Agreement, which, in the reasonable business judgment of the Liquidating Trustee, are necessary or appropriate for the proper liquidation, management, investment and distribution of the assets of the Trust Estate in accordance with the provisions of this Trust Agreement and the Plan;

11.    As cited above, the Liquidating Trust gives the Liquidating Trustee the authority

to:

- "receive and hold" the Trust assets, Agreement at 4.2(i),

- "to enter into, perform, and exercise rights under contracts binding on the Creditors Trust . . . which are reasonably incident to the administration of the Creditors Trust" and which the Liquidating Trustee, "in the exercise of his best business judgment, reasonably believes to be in the best interests of the Creditors Trust", Agreement at 4.2(ii)

- "to deal with the Trust Assets", one of which is this Promissory Note, "as would be lawful for any person owning the same to deal therewith" with an eye to the liquidating purpose of the Creditor Trust, Agreement at 4.2(xiii).

- "to do any and all other things, not in violation of any other terms of the Plan, the Confirmation Order, and this Liquidating Trust, which, in the reasonable business judgment of the Liquidating Trustee, are necessary or appropriate for the proper liquidation, management, investment, and distribution of the assets of the Trust Estate," Agreement at 4.2(xiv).

12.     Thus, the Liquidating Trustee believes that he has the authority to enter into the forbearance agreement with Ms. Galardi. The Liquidating Trust recognizes, however, that agreeing to a forbearance of the Promissory Note is not expressly enumerated within the trustee's powers.

13.     Section 7.2 of the Trust Agreement provides:

**Discretionary Submission of Questions**.  Subject to the provisions of this Section 7, the Liquidating Trustee, in his sole discretion and reasonable business judgment, may, but shall not be required to, submit to the Bankruptcy Court, from time to time, any question or questions with respect to which the Liquidating Trustee may desire to have explicit approval of the Bankruptcy Court for the taking of any specific action proposed to be taken by the Liquidating Trustee with respect to the Trust Estate, or any part thereof, and the administration and distribution of the Trust Estate.  The written authorization of the Bankruptcy Court set forth in a Final Order shall constitute approval by the Bankruptcy Court of the proposed action to be taken by the Liquidating Trustee.  All costs and expenses incurred by the Creditors Trust in the exercise of any right, power, authority conferred by this Section 7.2 shall be costs and reasonable expenses of the Trust Estate.

14.     Because the Liquidating Trustee believes that he has the authority under the Liquidating Trust Agreement, but recognizes that the Liquidating Trust Agreement does not expressly provide that the Liquidating Trustee has the authority to enter into this forbearance agreement, the Liquidating Trustee requests that the Court confirm his authority to enter into the Forbearance Agreement.

## CONCLUSION

WHEREFORE, the Liquidating Trustee respectfully request that this Court enter an order: (a) authorizing the Liquidating Trustee to enter into the Forbearance Agreement, and (b) granting such other and further relief as this Court deems just and proper.

Respectfully submitted this 29th day of August, 2023.

**JONES & WALDEN LLC**

*/s/ Thomas T. McClendon*
Thomas T. McClendon
Georgia Bar No. 431452
699 Piedmont Ave. NE
Atlanta, Georgia 30308
(404) 564-9300
tmcclendon@joneswalden.com
Liquidating Trustee

**Exhibit "A"**

## PROMISSORY NOTE

$3,003,722.65                                                            BUTTS COUNTY, GEORGIA
                                                                        MAY *17* , 2023

     FOR VALUE RECEIVED, the undersigned, TERI G. GALARDI (each referred to as a "Maker" and collectively, the "Maker"), promise to pay to the order of the GALARDI CREDITORS TRUST ("Lender"), the principal sum of Three Million Three Thousand Seven Hundred Twenty Two and 65/100ths Dollars **($3,003,722.65)** in lawful money of the United States, payable at the principal office of Lender at 699 Piedmont Avenue, NE, Atlanta, Georgia, 30308 or such other place or to such other person as the holder hereof may from time to time designate in writing.

     The entire outstanding principal amount hereof shall be due and payable in full on **August 28, 2023** (the "Maturity Date").  If any payment of principal or default interest on this Note shall become due on a Saturday, Sunday, or legal holiday under the laws of the State of Georgia, such payment shall be made on the next succeeding business day, and such extension of time shall in such case be included in computing interest due in connection with such payment.

     The principal balance of this Note shall conclusively be deemed to be the unpaid principal balance appearing on the Lender's records unless such records are manifestly in error.

     The indebtedness evidenced by this Note may be prepaid in full or in part at any time and from time to time without prepayment charges or premium.

     Payments as made shall be applied first to the payment of any applicable default charges, then to any applicable accrued and unpaid default interest on the outstanding principal sum, and the balance of said payment shall be applied to principal.  Principal, default interest, and default charges shall be payable in lawful money of the United States of America.

     This Note is secured by three separate Deeds to Secure Debt and Security Agreement between the undersigned and Lender of even date (collectively the "Security Deeds") pursuant to which the undersigned has conveyed all of its interest in certain real properties located in Fulton County, Georgia and DeKalb County, Georgia and the improvements located or to be located thereon (collectively the "Properties"), as security for the indebtedness evidenced by this Note, together with certain other loan documents referred to in said Security Deeds (the "Loan Documents").  Should (i) any installment of principal or interest or any other sums as required by this Note or said Security Deeds not be paid in full when due, (ii) a failure to perform any obligation under this Note, or (iii) there occur a "Default" or an "Event of Default" under and as defined in the Security Deeds or the other Loan Documents (any such event being hereinafter referred to as an "Event of Default" for purposes of this Note), then and in any such event the entire unpaid principal sum evidenced by this Note, shall, at the option of the holder and without notice or demand to the undersigned, become due and may be collected forthwith.  Failure to

———

make an installment of principal hereunder shall be an immediate Event of Default. It is further agreed that the failure of the holder to exercise this right of accelerating the maturity of the debt, or any other indulgence granted from time to time, shall in no event be considered as a waiver of such right of acceleration or estop the holder from exercising such right during the pendency of any such Event of Default hereunder or under the Security Deeds or other Loan Documents or in the event of any subsequent Event of Default hereunder or thereunder.

Any and all notices, elections, demands, requests and responses thereto permitted or required to be given under this Note shall be in writing, signed by or on behalf of the party giving the same, and shall be delivered personally, by recognized overnight courier service, or, if mailed, sent by certified United States Mail, postage prepaid, to the other party at the address of such other party as set forth below or at such other address within the continental United States as such other party may designate by notice given in accordance herewith (provided, however, that no notice of change of address shall be effective until the date of receipt thereof).  The effective date of such notice shall be the date of actual receipt, regardless of the method of delivery.  The undersigned acknowledges and agrees that: (i) rejection or other refusal to accept or (ii) inability to deliver because of changed address of which no notice was given as prescribed herein shall not affect the effective date of such notice, demand, request or communication sent as aforesaid, and the attempted delivery date shall be the delivery and receipt date in such event. Delivery to a party or to any officer, partner, agent, or employee of such party at the designated address shall constitute effective delivery for purposes hereof. Any such notice, election, demand, request, or response shall be addressed as follows:

Maker:      Teri G. Galardi
            2146 Highway 42 South
            Flovilla, GA 30216

Lender:     Galardi Creditors Trust
            c/o Thoms T. McClendon, Trustee
            699 Piedmont Avenue, NE
            Atlanta, Georgia 30308

The undersigned agrees that if, and as often as, this Note is placed in the hands of an attorney for collection, or to defend or enforce any of the holder's rights under the Loan Documents, the undersigned shall pay to the holder hereof reasonable attorney's fees, together with all court costs and other expenses paid by such holder.

And each of us, whether maker, endorser, guarantor, or surety, hereby severally (i) waives and renounces, for herself and family, any and all homestead and exemption rights either of us, or the family of either of us, may have under or by virtue of the Constitution or laws of Georgia, or any other State, or the United States, as against this debt or any renewal thereof; and (ii) jointly and severally grants, conveys, transfers and assigns to the holder hereof all of the

undersigned's right, title and interest in and to said exemption rights and the proceeds thereof as further security for the payment of the indebtedness secured by said Security Deeds, and do hereby direct any trustee in bankruptcy having possession of such homestead or exemption to deliver to the holder hereof a sufficient amount of property or money set apart as exempt to pay the indebtedness evidenced hereby, or any renewal or modification thereof.

Except as otherwise provided herein, the undersigned and all endorsers, sureties and guarantors of this Note do severally waive presentment for payment, demand, protest and notice of non-payment, or dishonor and of protest, and of the exercise of any option hereunder or under the documents evidencing, securing or relating to the indebtedness evidenced by this Note, and agree that, without notice to any of them and without discharging any of them, this Note may be from time to time extended or renewed for any term or terms by agreement between the holder hereof and the undersigned. All parties consent to any extension of time (whether one or more) of payment hereof, or any release of all or any part of the security for the payment of this obligation. Any such extension or release may be made without discharging any such party's liability hereunder.

Whenever reference is made herein to the "the undersigned," "Maker," "Lender," or "holder," such reference shall be deemed to refer to and include the heirs, executors, legal representatives, successors and assigns thereof, the same as if in each case expressed, it being expressly agreed that the rights and obligations of all parties named herein or liable hereunder shall inure to the benefit of and be binding upon such parties and their respective heirs, executors, legal representatives, successors and assigns. Notwithstanding anything to the contrary herein or the Loan Documents, the undersigned agrees not to assign any of its rights, remedies or obligations described herein or the Loan Documents or flowing from the same without the prior written consent of Lender. Notwithstanding anything to the contrary herein or the Loan Documents, the undersigned agrees that Lender may assign some or all of its rights and remedies described in the Note or the Loan Documents or flowing from the same without notice or, or prior consent from, the undersigned.

This Note has been negotiated, executed, sealed and delivered in Georgia, and it is the intention of Maker and Lender that this Note be construed, governed and enforced in every respect in accordance with the substantive laws of the State of Georgia, and Maker hereby consents to the jurisdiction of the federal and state courts of Georgia for the resolution of any matters relating to this Note.

The remedies of the holder hereof as provided herein, or in the Security Deeds or the Loan Documents, or at law or in equity shall be cumulative and concurrent, and may be pursued singly, successively, or together at the sole discretion of the holder hereof, and may be exercised as often as occasion therefor shall occur; and the failure to exercise any such right or remedy shall in no event be construed as a waiver or release thereof. This Note may not be modified or terminated orally but only by agreement or discharge in writing and signed by the Maker and the

party who is the owner and holder of this Note at the time endorsement of any waiver, modification or discharge is sought.  All of the rights, privileges and obligations hereof shall inure to the benefit of and bind the respective successors and assigns of the parties hereto.

The obligation of the undersigned to make or cause to be made the payments required hereunder shall be absolute and unconditional. The undersigned shall pay or cause to be paid without abatement, diminution, postponement, or deduction (whether for taxes or otherwise) regardless of any cause or circumstance whatsoever, including, without limitation, any defense, set-off, recoupment or counterclaim which the undersigned may have or assert against the holder hereof.

Commencing on the date of any Event of Default under this Note, the Security Deeds, or any of the other Loan Documents, the undersigned further promises to pay, on each date that a payment on this Note is due and regardless of whether or not there has been an acceleration of the indebtedness evidenced hereby as set forth herein, interest on the outstanding principal balance of this Note at the default interest rate of ten percent (10%) per annum on the daily outstanding principal balance of this Note from the date of such Event of Default through the date of cure thereof, such default interest being due and payable; provided that any such interest which has accrued shall be paid at the time of and as a condition precedent to the curing of any Event of Default.

It is the intention of the undersigned and the holder to conform strictly to the usury laws now or hereafter in force, and any interest payable hereunder, under the Security Deeds, or under the other Loan Documents shall be subject to reduction to the amount not in excess of the maximum non-usurious amount allowed under the applicable usury laws as now or hereafter construed by the courts having jurisdiction over such matters.  In the event the maturity of this Note is accelerated by reason of any provision of this Note or by reason of an election by the holder hereof resulting from an Event of Default (or an event permitting acceleration) under the Security Deeds or other Loan Documents, voluntary prepayment by the undersigned, or otherwise, then earned interest may never include more than the maximum amount permitted by law, computed from the dates of each advance of loan proceeds hereunder until payment, and any interest in excess of the maximum amount permitted by law shall be canceled automatically and, if theretofore paid, shall at the option of the holder hereof either be rebated to the undersigned or credited on the principal amount of this Note or if all principal has been repaid, then the excess shall be rebated to the undersigned.

Time is of the essence with respect to this Note.

IN WITNESS WHEREOF, the undersigned has executed, sealed, and delivered this Note the day and year first above written.

**MAKER**:

By: _____ (SEAL)
Name: Teri G. Galardi

[SIGNATURE PAGE TO PROMISSORY NOTE]

**Exhibit "B"**

# FORBEARANCE AGREEMENT

This Forbearance Agreement ("Agreement") is made on this ___ day of August 2023, by and between Thomas T. McClendon as Liquidating Trustee of the Galardi Creditors Trust (the "Liquidating Trustee") and Teri Gale Galardi ("Galardi") (collectively, the "Parties"):

## RECITALS

WHEREAS, by virtue of the Trust Agreement for the Galardi Creditors Trust dated effective April 25, 2023, Thomas G. McClendon was appointed as Liquidating Trustee in that certain bankruptcy case styled "In re: Teri G. Galardi" pending in the United States Bankruptcy Court for the Middle District of Georgia (Case Number: 22-50035-JPS); and

WHEREAS, the Liquidating Trustee is the holder of that certain Promissory Note given by Galardi in the face amount of $3,003,722.65, dated May 18, 2023 (the "Indebtedness"); and

WHEREAS, *inter alia*, Galardi pledged certain collateral as security to the Liquidating Trustee for the payment of the Indebtedness including, that certain Limited Warranty Deed related to 4766 Frontage Road, located in Clayton County, Georgia; that certain Hypothecation Agreement given by Trinidad Creations, LLC; that certain Hypothecation Agreement given by Circle G Ranch Holdings, LLC; that certain Deed to Secure Debt and Security Agreement given by Trinidad Creations, LLC as recorded in the records of the Superior Court of Fulton County Georgia at Deed Book 66826, Page 446; that certain Deed to Secure Debt and Security Agreement given by Teri G. Galardi, as Trustee of the Teri G. Galardi Separate Property Trust as recorded in the records of the Superior Court of Dekalb County Georgia at Deed Book 30918, Page 291; and that certain Deed to Secure Debt and Security Agreement given by Circle G Ranch Holdings, LLC as recorded in the records of the Superior Court of Fulton County Georgia at Deed Book 66826, Page 436, all of even date on May 18, 2023 (the "Security Documents")(together with the Promissory Note, all collectively the "Loan Documents"); and

WHEREAS, the Indebtedness has a maturity date of August 28, 2023 (the "Maturity Date"); and

WHEREAS, Galardi has requested the Liquidating Trustee to forbear from collecting the Indebtedness on, and after the Maturity Date for a term of thirty-four (34) days through and including September 30, 2023 (the "Forbearance Period"); and

WHEREAS, in consideration of the inducements set forth below to be paid by Galardi to the Liquidating Trustee, the Liquidating Trustee has agreed to the extension of the Maturity Date during the Forbearance Period.

## AGREEMENT

NOW KNOW ALL MEN BY THESE PRESENTS, that for and inconsideration of the following terms, the adequacy and sufficiency of which is acknowledged by the Parties, it is agreed as follows:

PAYMENT:  Immediately upon the execution of this Agreement, Galardi shall cause the sum of $50,000.00 in good funds to be paid to the Liquidating Trustee by wire transfer as may be designated by the Liquidating Trustee (the "Forbearance Fee").  The Forbearance Fee shall be deemed fully earned upon receipt, shall not be deemed a penalty and is intended to compensate the Liquidating Trustee and the Galardi Creditors Trust for the delay in performance by Galardi in timely paying the Indebtedness as of the Maturity Date.  For the avoidance of doubt, the Forbearance Fee shall not be credited to either principal or interest accruing on the Indebtedness. Interest shall continue to accrue upon the Indebtedness during the Forbearance Period.

FORBEARANCE:  During the term of the Forbearance Period, without waiver of any rights under the Security Documents, the Liquidating Trustee shall forbear from taking any action to collect the Indebtedness, including advertising for a foreclosure sale or taking any action to initiate the liquidation of the collateral described in the Security Documents through and including September 30, 2023.

REAFFIRMATION:   Galardi, both on behalf of herself and the other related entities referenced herein, does reaffirm that the Indebtedness recited herein is fully due and payable without offset and do further reaffirm that each of the Promissory Note and Security Documents are valid, fully enforceable and without any defense by the maker or grantor of each such agreement.  Galardi further, both on behalf of herself and the other related entities referenced herein, does reaffirm that the Liquidating Trustee is the holder of both the Indebtedness and each of the Security Documents.

RECITALS:  Each of the recitals set forth above form a material part of this Agreement.

DEFAULT:  In the event that Galardi shall default with respect to any term of this Agreement, the Indebtedness and all other sums due under the Loan Documents shall be deemed fully accelerated, matured and immediately payable to the Liquidating Trustee.

MODIFICATION OF LOAN DOCUMENTS:  The Note and Security Documents are hereby deemed modified to the extent set out in this Agreement, provided however, that if Galardi shall default in the performance of this Agreement or any term of the Loan Documents, then said modification shall be deemed void and the original terms of the Loan Documents shall be reinstated and fully enforceable under their original terms.

NON-WAIVER OF DEFAULTS:  Nothing herein shall constitute (i) a waiver or release by Liquidating Trustee of any other default that may now or hereafter exist under any of the Loan Documents; (ii) a novation of the Loan Documents, as it is the intent of the parties to modify the Loan Documents only as expressly set out herein; or (iii) except as expressly provided in this Agreement, a waiver or release of, the Liquidating Trustee's rights at any time in the future to exercise any and all rights conferred upon Lender by the Loan Documents, or otherwise at law or in equity, including but not limited to the right to accelerate the Promissory Note, if not already accelerated, and to institute foreclosure proceedings against any collateral held by the Liquidating Trustee under the Loan Documents or any portion thereof and/or institute collection proceedings

against Galardi, the related entities referenced herein and/or to exercise any right against any other person or entity not a party to this Agreement.

FUTURE MODIFICATION:  Any future waiver, alteration, amendment or modification of any of the provisions of the Loan Documents or this Agreement shall not be valid or enforceable unless in writing and signed by all parties, it being expressly agreed that neither the Loan Documents, or this Agreement can be modified orally, by course of dealing or by implied Agreement.  Moreover, any delay by the Liquidating Trustee in enforcing his rights after an event of default shall not be a release or waiver of the event of default and shall not be relied upon by Galardi or the related entities referenced herein as a release or waiver of the default.

EXECUTION & AUTHORITY:   This Agreement may be executed in two or more counterparts, and each counterpart (including a pdf copy) shall be deemed an original.  Each of the Parties warrant and represent that: (a) all necessary corporate action connection with the execution, delivery and performance of this Agreement has been duly taken; and (b) the execution, delivery and performance by the obligors of this Agreement does not constitute a violation or breach of any organizational documents, if applicable, or any other agreement or law by which the Parties may be bound.

FINAL AGREEMENT:  This Agreement constitutes the entire and final agreement among the parties with respect to the subject matter hereof, and there are no agreements, understandings, warranties or representations among the parties except as set forth herein.  This Agreement will inure to the benefit of and bind the respective heirs, administrators, executors, representatives, successors and permitted assigns of the parties hereto.  Neither this Agreement nor any of the provisions hereof can be changed, waived, discharged or terminated, except by an instrument in writing signed by the Parties against whom enforcement of the change, waiver, discharge or termination is sought.

CHOICE OF LAW & FORUM SELECTION:  This Agreement will be interpreted and construed under the laws of Georgia, regardless of the domicile of any party, and will be considered to have been made, executed and performed in Georgia.  The United States Bankruptcy Court for the Middle District of Georgia shall have exclusive jurisdiction over the enforcement of this Agreement.

SEVERABILITY:   Should any one or more of the provisions of this Agreement be determined to be illegal or unenforceable, all other provisions, nevertheless, shall remain effective and binding on the parties hereto.

ASSISTANCE OF COUNSEL:  EACH PARTY WARRANTS AND ACKNOWLEDGES THAT THE EXECUTION OF THIS AGREEMENT IS KNOWING AND VOLUNTARY AND THAT EACH PARTY UNDERSTANDS THE TERMS AND CONDITIONS OF THIS AGREEMENT.   FURTHER, EACH PARTY ACKNOWLEDGES AND WARRANTS THAT THEY HAVE READ THIS AGREEMENT AND CONSULTED WITH COUNSEL (OR HAVE HAD THE OPPORTUNITY TO CONSULT WITH COUNSEL) BEFORE EXECUTING THIS AGREEMENT; THAT EACH PARTY HAS RELIED UPON THEIR OWN JUDGMENT AND THAT OF THEIR COUNSEL IN EXECUTING THIS AGREEMENT AND HAVE NOT RELIED

UPON OR BEEN INDUCED BY ANY REPRESENTATION, STATEMENT OR ACT BY ANY OTHER PARTY REFERENCED TO HEREIN WHICH IS NOT REFERRED TO IN THIS AGREEMENT.

TIME:  Time is of the essence in the performance of this Agreement.

IN WITNESS WHEREOF, the undersigned parties, acting through their duly authorized representatives, have hereunto set their hands and affix their seals as of the day and year first above written.

THOMAS T. MCCLENDON, TRUSTEE


By:_____

As Liquidating Trustee of the Galardi Creditors Trust

TERI G. GALARDI


By:_____
Teri G. Galardi, individually, and as authorized representative of Trinidad Creations, LLC, Circle G Ranch Holdings, LLC and as Trustee of the Teri G. Galardi Separate Property Trust