IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| IN RE:<br><br>TERI G. GALARDI,<br><br>Debtor. | CHAPTER 11<br><br>CASE NO. 22-50035-JPS |

**REPLY IN SUPPORT OF MOTION TO DISALLOW TRANSFER OF
CLAIM 98 FOR LIQUIDATING TRUST PURPOSES**

COMES NOW Thomas T. McClendon, as Liquidating Trustee of the Galardi Creditors Trust (the "Liquidating Trustee"), and hereby files this *Reply in Support of Motion to Disallow Transfer of Claim 98 for Liquidating Trust Purposes* (this "Reply"). By and through this Reply, Liquidating Trustee shows that its *Motion to Disallow Transfer of Claim 98 for Liquidating Trust Purposes* (Doc. No. 500) (the "Motion") should be granted.

On August 18, 2023, "Respondent Shakir Williams, by and through her assignee"[1] Chis Kosachuk ("Mr. Kosachuk"), filed a *Response in Opposition to Motion to Disallow Transfer of Claim 98 for Liquidating Trust Purposes [Doc. 500]* (Doc. No. 527) (the "Response"). In the Response, Mr. Kosachuk argues: (1) that the Liquidating Trustee lacks standing to object to the transfer of Claim 98, and (2) that Federal Rule of Bankruptcy Procedure ("Rule") 3001 prevents a confirmed Chapter 11 plan from restricting the transfer of a claim. Both of these arguments are wrong.

---

[1] To the extent Mr. Kosachuk purports to file the Response as legal representative of Shakir Williams, it is clear that Mr. Kosachuk—a non-attorney who has not been authorized to practice in the State of Georgia, nor been admitted to practice in this District—may not represent Shakir Williams. Liquidating Trustee observes that any attempt to represent Shakir Williams as a non-attorney may constitute the unauthorized practice of law. *Class v. United States Bank Nat'l Ass'n*, 734 Fed. Appx. 634, 636 (11th Cir. 2018) ("The right to appear pro se, however, is limited to parties conducting 'their own cases,' and does not extend to non-attorney parties representing the interests of others").

### A. Liquidating Trustee Can Enforce the Plan

In the Response, Mr. Kosachuk asserts that Liquidating Trustee lacks standing to object to the transfer of Claim 98. The basis for this argument is a misreading of the law and a misunderstanding of Rule 3001.

#### i. Rule 3001 is Purely Procedural

At various points in the Response Mr. Kosachuk conflates the Bankruptcy Code, Title 11 of the United States Code, on one hand, and the Federal Rule of Bankruptcy Procedure, on the other hand. Repeatedly throughout the Response, Mr. Kosachuk demonstrates his apparent belief that the Rules are a part of the United States Bankruptcy Code. As the Court knows, the Rules were not passed by Congress and are not part of Title 11 of the United States Code. Instead, they are promulgated by the United States Supreme Court. They are not statutory and are not party of the Bankruptcy Code.

This distinction is important. "Any claim or right to relief under Rule 3001 or deficiencies in forms does not arise under title 11 specifically, as the Federal Rules of Bankruptcy Procedure . . . are not title 11." *Steed v. Educ. Credit Mgmt. Corp. (In re Steed)*, 614 B.R. 395, 401 (Bankr. N.D. Ga. 2020). Rather, Rule 3001 "governs procedure, not substance," and cannot override the plain language of a confirmed Chapter 11 plan. *See In re Caesars Entm't Operating Co.*, 588 B.R. 32, 43 (Bankr. N.D. Ill. 2018). Rule 3001 does not allow or disallow transfers of claims. *Id*. Mr. Kosachuk cannot, therefore, use the Rules to attempt to bootstrap an argument "from purely procedural rules that create no substantive rights." *In re Steed*, 614 B.R. at 401 fn. 4.

Put more simply, the purely procedural Rules are not part of the Bankruptcy Code and cannot be used to create rights that Mr. Kosachuk's purported assignor does not have.

*ii.    The Terms of the Plan Govern*

Pursuant to 11 U.S.C. § 1141(a) "the provisions of a confirmed plan bind the debtor . . . and any creditor . . . whether or not the claim or interest of such creditor . . . is impaired under the plan and whether or not such creditor . . . has accepted the plan." An order confirming a plan is *res judicata* as to the rights of the parties. *Stoll v. Gottlieb*, 305 U.S. 165, 170 (1938). "A plan's provisions, including any obligations imposed under the plan on the reorganized debtor or successor to the debtor, fully substitute for all the debtor's and debtor in possession's preconfirmation obligations." 8 Collier on Bankruptcy ¶ 1141.02 (16th ed. 2021).

Section 6.7.3 of the Debtor's confirmed Chapter 11 plan (Docket No. 401) (the "Plan") vests Liquidating Trustee with the responsibility of litigating objections to Class 8 Unsecured Claims. This naturally includes litigating the legitimacy of purported transfers of claims and moving to disallow those transfers where appropriate.

As set out in the Motion, Section 3.1 of the Liquidating Trust Agreement (incorporated by the Plan) conclusively resolves this dispute and provides: "Unless the Liquidating Trustee determines otherwise [by setting forth a method of transfer], Beneficial Interests in the Creditors Trust shall not be transferable." Similarly, Section 4.3.2 of the Plan expressly states that "[i]nterests in the Galardi Creditors Trust shall be uncertificated and shall be non-transferable except upon death of the interest holder or by operation of law or with consent of the Liquidating Trustee upon such terms as the Liquidating Trustee, in his sole and absolute discretion, might require."

While Paragraph 6.13 of the Plan does govern the assignment of Allowed Claims, Section 6.4 expressly provides Section 6.13 does not apply to "claims to be reviewed by the Liquidating Trustee and paid through the Galardi Creditors Trust, all as provided in the Trust Agreement,

unless expressly provided herein . . . ." Claim 98 is an unsecured claim treated in Class 8 and paid by the Galardi Creditors Trust.

Claim 98, treated in Class 8 and paid by the Galardi Creditors Trust, is non-transferrable absent the approval of Liquidating Trustee. Liquidating Trustee did not and does not approve of the transfer of Claim 98. The clear language of the Plan renders the asserted transfer of Claim 98 illegitimate.

WHEREFORE, Liquidating Trustee prays that the Court grant the Motion and for other such relief as the Court deems just and proper.

Respectfully submitted this 30th day of August, 2023.

**JONES & WALDEN LLC**

*/s/ Thomas T. McClendon*
Thomas T. McClendon
Georgia Bar No. 431452
Liquidating Trustee
699 Piedmont Avenue, NE
Atlanta, Georgia 30308
tmcclendon@joneswalden.com
(404) 564-9300

**IN THE UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| IN RE:<br><br>**TERI G. GALARDI,**<br><br>Debtor. | **CHAPTER 11**<br><br>**CASE NO. 22-50035-JPS** |

**CERTIFICATE OF SERVICE**

This is to certify that on the date indicated below, the foregoing *Reply in Support of Motion to Disallow Transfer of Claim 98 for Liquidating Trust Purposes* (this "Reply") was electronically filed using the Bankruptcy Court's Electronic Case Filing Program which sends a notice of and an accompanying link to the Reply to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing Program:

- **Michael Akemon**     mutepe.akemon@richardslegal.com
- **Ainsworth G Dudley**     adudleylaw@gmail.com
- **Evan Owens Durkovic**     ecfgamb@aldridgepite.com, edurkovic@ecf.courtdrive.com
- **Robert G. Fenimore**     robert.g.fenimore@usdoj.gov, Ustp.region21.mc.ecf@usdoj.gov
- **Will Bussell Geer**     wgeer@rlkglaw.com, notices@nextchapterbk.com;willgeer@ecf.courtdrive.com;2836@notices.nextchapterbk.com;6717577420@filings.docketbird.com;geer.willb117921@notify.bestcase.com;emiller@rlkglaw.com
- **Whitney Warnke Groff**     whitney.groff@cobbcounty.org
- **Elizabeth A. Hardy**     elizabeth.a.hardy@usdoj.gov, Ustp.region21.mc.ecf@usdoj.gov; elizabeth.hardy.collins@usdoj.gov
- **Brian K. Jordan**     ecfgamb@aldridgepite.com, bjordan@ecf.courtdrive.com
- **Christina T. Lanier**     christina.t.lanier@usdoj.gov, southern.taxcivil@usdoj.gov
- **Jonathan Loegel**     jonathan@loegel.com
- **Roy E. Manoll**     kdd@fbglaw.com
- **Louis G. McBryan**     lmcbryan@mcbryanlaw.com, alepage@mcbryanlaw.com
- **Garrett A. Nail**     gnail@pgnlaw.com
- **Jason M. Orenstein**     jmopclaw@yahoo.com
- **James D. Silver**     jsilver@kklaw.com, raldama@kklaw.com
- **Christopher W. Terry**     chris@boyerterry.com, terrycr40028@notify.bestcase.com
- **U.S. Trustee - MAC**     Ustp.region21.mc.ecf@usdoj.gov

I further certify that on the date indicated below, I caused a copy of the Reply to be served upon the following parties listed below via U.S. First Class Mail, postage prepaid:

Christopher Kosachuk
854 Pheasant Run Rd
West Chester, PA 19382

Shakir Williams
c/o Astrid Evelyn Gabbe, Esq.
P.O. Box 4216
Hollywood, FL 33083

This 30th day of August, 2023.

                **JONES & WALDEN LLC**

                */s/ Thomas T. McClendon*
                Thomas T. McClendon
                Georgia Bar No. 431452
                699 Piedmont Ave. NE
                Atlanta, Georgia 30308
                (404) 564-9300
                tmcclendon@joneswalden.com
                Liquidating Trustee