**IN THE UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

|  |  |
|---|---|
| IN RE: | CHAPTER 11 |
| **TERI G. GALARDI,** | **CASE NO.  22-50035-JPS** |
| Debtor. | |

**RESPONSE IN OPPOSITION TO MOTION FOR RECONSIDERATION**

Thomas T. McClendon, as Liquidating Trustee of the Galardi Creditors Trust (the "Liquidating Trustee"), hereby responds in opposition to Jammie Parker's *Motion to Reconsider Order Disallowing Claim (Doc. 506)* (Dkt. 516[1]) and in support states as follows:

1.      On May 2, 2023, Liquidating Trustee filed an objection to Claim No. 95 filed by Ms. Parker (Dkt 418). In that objection, Liquidating Trustee cited *MF Global Holdings, Ltd.*, 2014 Bankr. LEXIS 3067 (Bankr. S.D.N.Y. July 17, 2014).

2.      On June 5, 2023, Ms. Parker filed a purported affidavit (but which contained legal argument) (Dkt. 445). Ms. Parker did not address the *MF Global* case.

3.      On June 21, 2023, the Court held a hearing on this claim objection.

4.      At the hearing, the Court indicated it would allow further briefing on this specific issue: whether the claim was barred by res judicata.

5.      Thus, on July 11, 2023, Ms. Parker, through her attorney, filed a Brief in Opposition to Objection (Dkt. 493). Ms. Parker, through her attorney, did not address the *MF Global* case's legal analysis or even mention the case by name. *See id.*

---

[1] Ms. Parker's Motion to Reconsider appears to have been filed twice (*See* Dkt. 516 & Dkt. 520).

6.      On July 18, 2023, the Liquidating Trustee filed a Reply Brief in Support of the Objection (Dkt. 499). The Liquidating Trustee used the same cases cited in the objection, including *MF Global.*

7.      The Court disallowed the claim on July 26, 2023 (Dkt. 506).

8.      Now, after filing an initial "Affidavit" in response to the objection, complete with legal arguments (Dkt. 445) and a Brief by her attorney on this precise issue (Dkt. 493), Ms. Parker seeks a third bite at the proverbial apple by filing a motion for reconsideration (Dkt. 516).[2]

9.      A motion for reconsideration "is not intended to provide the parties an opportunity to relitigate previously-decided maters or present the case under new theories. Rather, such motions are intended to allow for the correction of manifest errors of fact or law, or for the presentation of newly-discovered evidence." *In re Barber*, 318 B.R. 921, 924 (Bankr. M.D. Ga. 2004) (Laney, J.) (citation omitted). "A party may not use a [motion for reconsideration] to raise arguments available but not advanced at the hearing." *Id*. (citation and quotation marks omitted).

10.     Additionally, the motion for reconsideration fails on the merit. Ms. Parker asserts the portion of the opinion relied upon by the Liquidating Trustee is dicta. Dkt. 516 at 1-2. The concept of dicta is what is irrelevant. Dicta only applies to a binding decision by a higher court. *See, e.g.*, *MPSA Claim 1, LLC v. Tower Hill Prime Ins. Co*., 43 F.4th 1259, 1266, n. 2 (11th Cir.

---

[2] The procedural facts here are the same to those in *Loder v. Icemakers, Inc.*, No.2:17-cv-01696-LSC, 2018 U.S. Dist. LEXIS 58953 (N.D. Ala. April 6, 2018). In *Loder*, an appellant filed a notice of appeal after summary judgment was entered in the bankruptcy court. *Id*. at *1-2. On the same day, appellant filed a motion for reconsideration asking the bankruptcy court to reconsider the decision. *Id*. at 2. In the district court, appellee filed a motion to dismiss or remand "asking for either dismissal of [the] . . . appeal as equitably moot, or in the alternate remand of the action to the" bankruptcy court to consider the motion for reconsideration. *Id*. at *2. The district court found that "the subsequent filing of the Motion for Reconsideration rendered the Notice of Appeal non-effective until the Motion . . . had been disposed of" and ordered that the "case would be remanded . . . to the Bankruptcy Court for the limited purpose" of deciding the motion and that the notice of appeal "will become effective" upon the bankruptcy court's ruling. *Id*. at *4, 6. However, the Liquidating Trustee acknowledges that this Motion for Reconsideration is before the Court.

2022) (noting that courts are bound by a prior panel's holding, but not by its dictum, i.e. statements unnecessary to the court's holding). As a bankruptcy court in another circuit, the Liquidating Trustee acknowledged at the hearing the MF Global case is persuasive, not binding. But the Liquidating Trustee argued—and the Court agreed—that the same legal analysis should apply in this case.

11.     Further, Ms. Parker's claims that *MF Global* case only addressed the vacation claims and not the WARN act claims, and that the WARN act claims "was not in question" is simply incorrect.

The *MF Global* court stated:

> Here, the Court dismissed with prejudice the WARN Act claims against Holdings in *Thielmann II*. That decision is final, notwithstanding the Class Claimants' pending appeal. Indeed, the Class Claimants concede that *res judicata* bars the WARN Act portions of their claims. (*See* Resp. P 4.) Therefore the Court **SUSTAINS** the Objection to the WARN Act claims.

*Id.* at *12.

12.     Thus, the Court analyzed the effect of its final decision on the merits on the WARN act claims and found that res judicata applied, notwithstanding the appeal of that determination. The only difference between that case and this case is that the claimants in *MF Global* conceded that point, where here, claimant resists the conclusion that res judicata applies to bar their claims.

WHEREFORE, the Liquidating Trustee respectfully requests that the Court deny the motion for reconsideration and grant the Liquidating Trustee such other and further relief as the Court deems just and proper.

Respectfully submitted this 31st day of August, 2023.

**JONES & WALDEN LLC**

/s/ *Thomas T. McClendon*
Thomas T. McClendon
Georgia Bar No. 431452
699 Piedmont Ave. NE
Atlanta, Georgia 30308
(404) 564-9300
tmcclendon@joneswalden.com
Liquidating Trustee

**IN THE UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| IN RE: | **CHAPTER 11** |
| **TERI G. GALARDI,** | |
| **Debtor.** | **CASE NO.  22-50035-JPS** |

## CERTIFICATE OF SERVICE

This is to certify that on this day the foregoing *Response in Opposition to Motion for Reconsideration* (the "Response") was electronically filed using the Bankruptcy Court's Electronic Case Filing program which sends a notice of and an accompanying link to the Response to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing Program:

- **Michael Akemon**    mutepe.akemon@richardslegal.com
- **Ainsworth G Dudley**    adudleylaw@gmail.com
- **Evan Owens Durkovic**    ecfgamb@aldridgepite.com, edurkovic@ecf.courtdrive.com
- **Robert G. Fenimore**    robert.g.fenimore@usdoj.gov, Ustp.region21.mc.ecf@usdoj.gov
- **Will Bussell Geer**    wgeer@rlkglaw.com, notices@nextchapterbk.com;willgeer @ecf.courtdrive.com;2836@notices.nextchapterbk.com;6717577420@filings.docketbird. com;geer.willb117921@notify.bestcase.com;emiller@rlkglaw.com
- **Whitney Warnke Groff**    whitney.groff@cobbcounty.org
- **Elizabeth A. Hardy**    elizabeth.a.hardy@usdoj.gov, Ustp.region21.mc.ecf@usdoj.gov; elizabeth.hardy.collins@usdoj.gov
- **Brian K. Jordan**    ecfgamb@aldridgepite.com, bjordan@ecf.courtdrive.com
- **Christina T. Lanier**    christina.t.lanier@usdoj.gov, southern.taxcivil@usdoj.gov
- **Jonathan Loegel**    jonathan@loegel.com
- **Roy E. Manoll**    kdd@fbglaw.com
- **Louis G. McBryan**    lmcbryan@mcbryanlaw.com, alepage@mcbryanlaw.com
- **Garrett A. Nail**    gnail@pgnlaw.com
- **Jason M. Orenstein**    jmopclaw@yahoo.com
- **James D. Silver**    jsilver@kklaw.com, raldama@kklaw.com
- **Christopher W. Terry**    chris@boyerterry.com, terrycr40028@notify.bestcase.com
- **U.S. Trustee - MAC**    Ustp.region21.mc.ecf@usdoj.gov

I further certify that on the date indicated below, I caused a true and correct copy of the Response to be served upon the following parties listed below via U.S. First Class Mail, postage prepaid:

Jason M. Orenstein                    Jammie Parker
1922 Forsyth Street                   12 Wallace Street
Macon, GA 31201                      Greenville, SC 29605

This 31st day of August, 2023.

**JONES & WALDEN LLC**

*/s/ Thomas T. McClendon*
Thomas T. McClendon
Georgia Bar No. 431452
699 Piedmont Ave. NE
Atlanta, Georgia 30308
(404) 564-9300
tmcclendon@joneswalden.com
Liquidating Trustee