**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| In re: | Case No. 22-50035-JPS |
| **TERI GALARDI,** | Chapter 11 |
|     Debtor. | |
| _____ / | |
| **ASTRID E. GABBE, ESQ.** | Contested Matter |
|     Movant, | |
| v. | |
| **ALEXIS KING and JOSEPH ROBERT GUERNSEY d/b/a RED SHIELD FUNDING,** as assignee | |
|     Respondents. | |
| _____ / | |

**REPLY TO RED SHIELD FUNDING'S RESPONSE TO GABBE'S OBJECTION TO CLAIM NO. 110 OF ALEXIS KING [DOC. 536]**

Creditor and Interested Party in the above-captioned case ASTRID E. GABBE (herein "Gabbe") files this Reply to the Red Shield's Response to the Objection to Claim No. 110 [Doc. 536] as follows:

Gabbe filed Claim No. 57 for her 35% contingency fees based upon her charging lien, and objected to Respondents' Claim No. 110 because it did not take into account Gabbe's 35%. (A copy of the Charging Lien is attached to Gabbe's Objection.) Therefore, the validity of Gabbe's charging lien is at the core of Gabbe's objection and Respondent's opposition. For the reasons set forth below, the validity of Gabbe's charging lien cannot be contested at this time, or in this Court.

## RELEVANT FACTS

Gabbe began representing Ms. King at the end of 2019. On February 10, 2020, Gabbe filed a Complaint in United States District Court for the Southern District of Florida. After months of litigation, on September 20, 2021 Gabbe obtained a Final Judgment against Galardi in the amount of $468,446.62. Pursuant to Gabbe and King's contingency fee agreement, throughout the litigation, King did not pay Gabbe any attorney fees. All costs were advanced.

In accordance with Florida law, to protect her 35% contingency fee interest in the judgment, on March 17, 2022, Gabbe filed a Charging Lien in the Southern District of Florida. Said filing was and is reflected in the Southern District of Florida docket. Ms. King was served with a copy of the Charging Lien, and she has never contested, opposed or challenged the Charging Lien over the past 18 months.

## ARGUMENT – ISSUE PRECLUSION / ESTOPPEL

"In Florida, a charging lien is an attorney's equitable right to have costs and fees owed for legal services secured by the judgment or recovery in the lawsuit.'" In re Washington, 238 B.R. 852, 855 (M.D.Fla.1999) (citing Lochner v. Monaco, Cardillo & Keith, P.A., 551 So.2d 581, 583 (Fla. 2d DCA 1989)). The elements of a valid charging lien are: "1) an express or implied contract between attorney and client; 2) an express or implied understanding for payment of attorney's fees out of the recovery; 3) either an avoidance of payment or a dispute as to the amount of fees; and 4) timely notice." Law Offices of David H. Zoberg, P.A. v. Rosen, 684 So.2d 828, 829 (Fla. 3d DCA 1996) (citing Daniel Mones, P.A. v. Smith, 486 So.2d 559, 561 (Fla.1986)).

Under Florida law, "there are no requirements for perfecting a charging lien beyond timely notice." Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom, 428 So.2d 1383, 1385 (Fla.1983); In re Felizardo, 255 B.R. 85 (Bankr. S.D. Fla.

2000).

Collateral estoppel, or issue preclusion, "prohibits the relitigation of issues that have been adjudicated in a prior action." Bush v. Balfour Beatty Bahamas, Ltd. (In re Bush), 62 F.3d 1319, 1322 (11th Cir. 1995).  "If the prior judgment was rendered by a state court, then the collateral estoppel law of that state must be applied to determine the judgment's preclusive effect." St. Laurent v. Ambrose (In re St. Laurent), 991 F.2d 672, 675-76 (11th Cir. 1993);  Inman v. Hearn (In re Inman) (Bankr. S.D. Fla. 2012).

On March 13, 2023, Ms. King transferred her Claim No. 110 to Joseph Robert Guernsey d/b/a Red Shield Funding.  [*See* Doc. 325].  Because the transfer occurred after the recording of the charging lien, Mr. Guernsey d/b/a/Red Shield Funding took assignment of a proof of claim already encumbered by Gabbe's perfected charging lien.  As such, as a transferee, Mr. Guernsey d/b/a/Red Shield Funding cannot complain about a perfected lien on his claim when it was recorded on the docket for all to see, and perfected prior to causing the transfer.

The proper forum for adjudicating the validity, enforceability and amount of a charging lien is with the trial judge before whom the underlying action is pending. D'Anna v. Ackerman, 251 So. 3d 194 (Fla. 4th DCA 2018).  Any claims the Former Clients [like Ms. King] may have regarding the validity or enforceability of the charging lien can be presented (at the appropriate time) to the trial court judge [in this case the USDC for SDFL]". See State, Dep't of Envt'l Protection v. Garcia, 99 So. 3d 539 (Fla. 3d DCA 2011).

In the case sub judice, King hired Gabbe to recover money from Galardi.  Gabbe filed suit on King's behalf, and procured a sizeable judgment.  Gabbe has advanced costs and has yet to be compensated for her efforts.  To protect herself, Gabbe filed her Charging Lien pursuant to Florida law nearly 18 months ago, and provided notice to King.  If King had a genuine and

meritorious basis to object to Gabbe receiving what is fair compensation by all measures, she should had objected in the court where Gabbe filed the charging lien, and it should have been filed long ago. This is neither the time nor the Court to oppose the validity of Gabbe's charging lien.

WHEREFORE, Gabbe's Objection to Claim No. 110 [Doc. 536] should be sustained and Claim No. 110 should be disallowed.

This 12th day of September, 2023.

>  /s/ Jason M. Orenstein
> JASON M. ORENSTEIN
> State Bar # 554302
> Attorney for Astrid E. Gabbe

1922 Forsyth Street
Macon, GA 31201
(478) 743-6300
jason@jmolaw.com

## CERTIFICATE OF SERVICE

This is to certify that I have on this day electronically filed the foregoing Reply to Response to Objection to Proof of Claim No. 110 [Doc. 536] using the Bankruptcy Court's Electronic Case Filing program which serves the same upon all participants therein who have appeared in the case. In addition, the counsel for Plaintiff has mailed to a copy of the foregoing to Red Shield Funding at 1616 S. Ocean Drive #101, Vero Beach, FL 32963; Joseph Guernsey at 4681 Carvel Court, Myrtle Beach, SC 29588; Alexis King at 1361 Arlene Valley Lane, Lawrenceville, GA 30043.

This 12th day of September, 2023.

>  /s/ Jason M. Orenstein
> JASON M. ORENSTEIN
> State Bar # 554302
> Attorney for Astrid E. Gabbe

1922 Forsyth Street
Macon, GA 31201
(478) 743-6300
jason@jmolaw.com