IN THE UNITED STATES BANKRUPTCY
COURT MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

**FILED**
U.S. Bankruptcy Court
SEP 2 9 2023
Middle District of Georgia

IN RE:

TERI GALARDI,

              Debtor,

ASTRID E. GABBE,

              Movant,

V.

EBONY MAYFIELD,

              Respondent

CHAPTER 11

CASE NO. 22-50035-JPS
Contested Matter

## EBONY MAYFIELD'S RESPONSE

I, Ebony Mayfield, files this response in opposition to Astrid E. Gabbe's ("Gabbe") Objection to Allowance of Claim Number 40 filed by Astrid Gabbe in the United States Bankruptcy Court in the Middle District of Georgia and files this response in opposition to Astrid E. Gabbe's Notice of Charging Lien

filed in United States District Court in the Southern District of Georgia, Miami

Division. In support of my response, I state as follows:

1. On December 8, 2019, I retained Astrid Gabbe Law to file a lawsuit against
   Galardi South Enterprises for violating Florida Minimum  Wage Act and
   signed a contingency fee agreement with Astrid Gabbe Law. A copy of the
   signed contingency agreement is attached as **Exhibit "1."** I did not sign any
   other contingency agreement nor sign any subsequent contingency
   agreement with any other law firm.

2. Paragraph 6 of the contingency agreement explicitly states that "the fee to
   be charged for work performed will be a contingency agreement whereby
   the contingency amount to be  paid to this firm shall be 35% of the gross
   amount of any recovery." **See Exhibit "1" "There will be no other charge
   for representation notwithstanding any language contrary in this
   contract**." (emphasis added). Exhibit "1"

3. A lawsuit was commenced against Galardi South Enterprises in the United
   States District Court for the Southern District of Florida. The case is named
   *Milner et al v Galardi*, CV Action No. 20-CV-20592.

4. During the course of my representation, it appears Astrid Gabbe Law
   associated with Ainsworth Dudley, of Dudley Law, LLC to assist it with
   the pending litigation  in federal court in the Southern District of Florida.

9. In Paragraph 4 of her Objection to Proof of Claim No. 40, Astrid Gabbe stated as follows: "pursuant to the original contingency fee agreement between Gabbe and Ms. Mayfield, Gabbe was entitled to a 35% contingency fee interest in [my] claim against debtor." Astrid Gabbe further said: "[h]owever when Dudley became involved, *Gabbe and Dudley agreed to split the 35% contingency fee*." (emphasis added). **Exhibit "3"**

10. It appears Astrid Gabbe and Ainsworth Dudley agreed to split the 35% contingency fee. I was not there when they may have any such agreement or whether any such agreement was made between them. All I know is that I the only contingent fee agreement I signed was for a 35% contingent fee and it was with Astrid Gabbe Law, as shown in **Exhibit "1"**

11. In Paragraphs 6 and 7 of Astrid Gabbe's Objection to Claim No. 40, it states that I signed another contingent fee agreement to pay an additional 10% contingency payment to Jones and Walden. **I deny ever signing any other contingency agreement paying an additional 10% to any law firm, including Jones and Walden.**

12. The purported additional contingency fee agreement for an additional 10% contingency payment that was attached as Exhibit 1 to Astrid Gabbe's Objection is unsigned.

Based on the foregoing, I respectfully ask this Court to do the following:

1) That the Bankruptcy Court in Georgia issue an Order allowing me to get any share of any subsequent distribution due to me, less 35% attorney's fee based on the contingency fee agreement I signed with Astrid Gabbe law and to split the 35% contingency fee between Astrid Gabbe Law and Dudley Law equitably or based on their pro rata share or  based on whatever agreement made by them as determined by this Honorable Court;

2)   That the Bankruptcy Court in Georgia deny Astrid Gabbe's Objection to the extent it seeks an additional 10% in contingency fee over the 35% contingency I agreed to in **Exhibit "1"** of this response; and

3)   To the extent that Astrid Gabbe and Dudley Law cannot agree on how to share the 35% contingency fee between them, this Court issue an Order determining their equitable/pro rata share of the 35% contingency fee between them.

Dated 26th day of September, 2023

/s/ *Ebony Mayfield*

_____

Ebony Mayfield
*Pro se*

P.O. Box 7533
Houston, TX 77270
(678) 572-6555[cell phone]
redebony@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of foregoing was served
via CM/ECF, email and/or First Class U.S. Mail to the parties on the attached
service list as indicated on this

Astrid E. Gabbe
/s/ Astrid E. Gabbe
The Law Office of Astrid
E. Gabbe, P.A.
Florida Bar No. 635383
P.O. Box 4216
Hollywood, FL 33083
Tel. (954) 303-9882
Fax. (954) 983-1427
astridgabbe@gmail.com

Jason M. Orenstein
Attorney for Astrid Gabbe
1922 Forsyth Street
Macon, GA 31201
jason@jmolaw.com

Ainsworth Dudley
Dudley Law, LLC
4200 Northside Parkway
Building One, Suite 200

Atlanta, GA 30327
adudley@gmail.com

Dated 26th day of September, 2023

/s/ Ebony Mayfield

Ebony Mayfield
*Pro se*

# EXHIBIT
# 1

## CONTRACT FOR SERVICES

**Client: Ebony Mayfield**
513-551-9825
redebony@gmail.com
March 2009- December 2013
5 shifts a week 8pm – 6am
$250 a night tipouts.

Mailing Address:
P.O. Box 13905
Atlanta, GA  30324

**Attorneys:**    Astrid Gabbe Law - Astrid Gabbe and all other associates of the
firm ("the Law Firm").

You have retained the law firm above, attorneys at law, and the specific attorneys noted above to represent you in a civil action that consists of a proposed lawsuit to be filed in the State Court of Florida, Miami-Dade County, against your employers Galardi South Enterprises, Inc., Galardi South Enterprises Consulting, Inc., Terri Galardi & Fly Low, Inc. doing business as King of Diamonds for violating the Florida Minimum   Wage   Act by improperly classifying you as an  independent contractor instead of employee subject to minimum wage. The terms of this contract, inclusive of signatures, are set out below.

1.    You have retained Astrid Gabbe Law to represent you in this matter. They are authorized to negotiate any settlement on your behalf prior to the filing of any civil matter to pursue your administrative remedies and file any related state or federal claims as concerns violations of your rights under the Fair Labor Standards Act.

2.    At the end of your case you will be responsible for the payment of actual costs and expenses, including but not limited to, postage fees, court costs, witness fees, expert witness fees, medical record costs, deposition costs, computer research costs, investigative costs, long distance telephone and/or facsimile costs, filing costs, transportation and travel costs, out-of-town hotel expenses, and other like and similar costs. Any counsel of this firm is authorized to expend these costs as needed in your behalf by advancing such costs as is necessary. **There are no costs due at this time. All costs which are outstanding at the end of this representation shall be deducted from your net recovery at the time of the disbursement of any funds and shall not serve to reduce or lower any compensation due to counsel.**

Emery
12/08/19

**If there is no recovery of money in this matter there shall be no money due whatsoever by the client under this fee agreement.**

3.    Your assistance and cooperation is a material part of this Contract for Services. If at any time counsel make a determination that this cooperation is inadequate, or that a potential or actual conflict exists between you and counsel, or that the merits of the case or claim limit the right of recovery or prevent a recoverable likelihood of prevailing, then we have your consent to withdraw in a timely fashion, recognizing counsel's obligations under any rules of court and of the Florida Canons of Professional Conduct. Counsel may also choose to withdraw for any breaches of this contract for failure to timely pay any invoices or bills. Upon counsel's election to withdraw, you agree to cooperate in executing any necessary consent forms permitting voluntary withdrawal upon reasonable notice from counsel to you.

4.    Counsel are authorized to utilize the assistance of investigators, paralegal, law students, or associates licensed to practice law in Florida, in their sole discretion. Any costs incurred for such assistance will be billed as costs or fees, as is consistent with this contract.

5.    You understand that counsel cannot guarantee any particular outcome. Any discussion of the potential chances of a favorable negotiation or judgment is understood by you to be expressions of opinion by us and is not intended to guarantee or otherwise assert that you will or will not prevail in this matter. If at any time, counsel conclude that further prosecution of this matter is unwarranted, such that withdrawal is required or indicated, either by law or by fact, counsel may, in their sole discretion, withdraw from your further representation.

6.    **The parties agree to a contingent fee structure rather than a charge directly to the client of hourly rates for payment of services, unless counsel withdraws from your further representation, or you discharge counsel, in which case counsel has the option of seeking his fees pursuant to the provisions of paragraph 9 below.**

**The fee to be charged for work performed will be a contingency agreement whereby the contingency amount to be paid to this firm shall be 35% of the gross amount of any recovery.**

**THERE WILL BE NO OTHER CHARGE FOR REPRESENTION notwithstanding any language to the contrary in this contract.**

This contract does not obligate this firm to file or pursue a lawsuit, but, in the event this firm decides to do so, this contract will control this firm's compensation.

This contract also does not obligate the law firm to file and pursue any appeal of a verdict or judgment. Any such representation is subject to a separate contract and separate terms of compensation. Additional compensation is contemplated for any appeal of your matter, as the terms of compensation set out here are based upon work just at the trial court level.

7.    The contingency amount set out above will be calculated as the greater of the following two alternatives in the event that you prevail on certain claim wherein there is a right to recover attorneys' fees under applicable statutory provisions. By this engagement agreement you agree that in the event that there is a separate award of attorney's fees, this firm's contingency fee shall be the greater of 35% of the combination of the amount awarded to clients and the amount awarded as attorneys fees. In other words these two awards will be added together and attorneys fee will be 35% of the combined number. Alternatively, attorneys may elect to accept 100% of the amount awarded as attorney's fees.

Any attorney fee award against the Defendants (or their counsel) for our time and costs of this case shall be utilized to repay and offset this firm's bill for time and costs expended in your behalf. Such awards are not a recovery to your benefit under this engagement agreement unless you have been paying this firm based on bills generated by the firm, and upon that event, your interest in that attorney fee award is limited to reimbursement of the actual fees or costs you have paid for which an award is granted and recovered.

8.    In the event any recovery or settlement arises from any annuity or structured settlement, with any portion of the compensation to be paid or made available in the future, then the amounts due counsel under this contract shall be calculated by applying the contingency percentage(s) to the amounts or value of all current payments, less the allocation cash value of the annuity, by

Emil
12/08/19

establishing the cash value of such an annuity contract from a life insurance company having at least an A+ rating according to A.M. Best Company. Counsel shall have a right to current compensation based upon this formula and need not await receipt of any future annuity payments.

9.   In the event it becomes necessary for counsel to withdraw, or in the event you exercise any rights you may have to dismiss counsel, it is agreed that counsel retains an interest and the right to recover fees, which shall be calculated based upon a combined hourly and contingent fee structured, as described below, as well as to recover expenses. This right is notwithstanding the right to compensation under any attorneys' fees statute and further, counsel's interest in any contingency recovery which shall be deemed to have vested by the expenditure of time under this contract. Such interest shall be regulated by the Code of Professional Ethics.

Counsel's interest shall be defined as a right to a pro rata share of any future contingency recovery.   The interest shall be calculated as follows:

The "gross attorneys' fee" shall be determined according to the percentages of your recovery, as outlined in this agreement, plus any award or separate calculation of hourly attorneys' fees. The law firm shall be entitled to that percentage of the gross attorneys' fee which represents their pro rata share of the total attorneys' fees, calculated on a "lodestar" basis, then accrued by all counsel. Such right is not reduced or diminished by any actions taken by subsequent counsel or any other contract you may sign as to this claim or claims. To more fully explain this, if you replace the undersigned counsel and sign a new contingency contract, your obligations to the undersigned do not end but continue as a property interest in any award, including any verdict, judgment, or sums paid pursuant to a settlement agreement in the claim or case, or in any related matter which impairs the claim or case. In addition, you acknowledge that by this contract, the undersigned have independent interests in petitioning for attorneys' fees even if they have been replaced, and you agree and permit them to so petition the court, without any diminution in the contingency amounts available to them or, alternatively, to the fee amount entitled to them based upon an hourly fee structure, or as described below, and without any challenge to their petition made by you or by any subsequent counsel of yours.

*Enm*
*12/08/19*

If you determine it necessary to terminate the undersigned then, in lieu of their retention of rights as described above, the undersigned may elect in their sole discretion, that you fully compensate them for any interests they have and for their time and efforts, by the payment to them of all fees earned, computed on an hourly basis of $450.00 per hour for attorneys' time, and a reasonable rate for paralegal time, for all time they have expended plus full payment of all costs incurred to date in your behalf. These hourly rates are chosen as rates reasonably within an available range of rates to resolve this impasse and to protect your interests. They are not identified as of rate counsel would seek from you or any quantum meruit claim or as a fee award from the court.

10.  If you accept a settlement offer which is not recommended by counsel, then counsel, in their sole discretion, may elect to take as their fees payment for all hours expended by them under this contract at their full hourly rates, in lieu of any contingency amounts. If you reject a settlement offer recommended by counsel, then counsel, in their sole discretion, may elect to take as fees, in lieu of payment for hours expended, 35% of the amount offered as settlement. Counsel retains this right as to that amount as alternative payment even if you thereafter dismiss the law firm as counsel or counsel withdraws.

11.  In the review and acceptance of a settlement offer, the Defendants, or their insurers, may attempt to require that you settle and resolve both your damage claim and the attorneys' fee and costs claim at the same time in a lump-sum settlement. If such an offer is made, counsel shall identify for you their accrued costs and their time multiplied by their hourly rate, so that you may evaluate the fees owed counsel in making your decision concerning the settlement offer. In any settlement, counsel shall be entitled to their full compensation, that is, compensation as identified as to time/rate and contingency amounts.

12.  The terms of this contract are severable. Should any term of this contract be held or declared unenforceable or invalid for any reason, then such a holding does not alter or impair any other obligation under this contract.

13.  In the event your account carries any balance for more than sixty (60) days the law firm will charge interest at the rate of 1% per month, applied to principal only. This may or may not be reflected on your bills. Failure to charge interest to you is not a waiver of that right as to the then-due amounts,

Enn
12/08/19

or any future amounts which may be incurred.     This applies to all costs and to all vested fees or fees due and payable under this contract.

14.   This contract is made in Dade County, Florida and by the terms of this contract, you hereby expressly and voluntarily consent to venue in Fulton County in the event there is ever any dispute over the terms of the contract or collection of the amount owed.

I have read, understand, and agree to the foregoing terms of representation and the contractual relationship between the parties.

I have had the opportunity to review this contract. I have also been afforded the opportunity to have it reviewed by another attorney or adviser of my choice.

This contract amends and supersedes any other prior contract between client and counsel herein. I acknowledge and accept the terms of representation set forth herein.

This contract me be agreed to and accepted through email communication and such agreement and acceptance shall be considered and treated as if signed in person below.

_____   12/03/19
Ebony Mayfiled                         Date

# EXHIBIT

# 2

## JONES & WALDEN LLC

### ATTORNEYS AT LAW

699 PIEDMONT AVENUE NE
ATLANTA, GA 30308
TELEPHONE (404) 564-9300
FACSIMILE (404) 564-9301
INTERNET www.joneswalden.com

## July 4, 2023

*Via U.S. Priority Mail*

Ebony Mayfield
P.O. Box 7533
Houston, TX 77270

      Re:     Teri G. Galardi, 22-50035

            U.S. Bankruptcy Court, Middle District of Georgia

Dear Ms. Mayfield:

As you likely know, Teri G. Galardi ("Ms. Galardi") filed a bankruptcy case on January 12, 2022, in the Middle District of Georgia (Macon, Georgia). As part of the bankruptcy case, a Committee of Unsecured Creditors (the "Committee") was appointed to represent the interests of all unsecured creditors. After negotiations, the Committee and Ms. Galardi filed a *Joint Plan of Reorganization*, which proposed to make payments of cash and property into a liquidating trust (the "Liquidating Trust") for the benefit of unsecured creditors (the "Plan"). This Plan was approved by the Bankruptcy Court on April 14, 2023. The same order also approved me as the trustee of the Liquidating Trust. The Plan became effective and final on April 28, 2023.

You or Mr. Dudley acting on your behalf filed a proof of claim asserting that you were an unsecured creditor of Ms. Galardi in the amount of $727,542.00. Pursuant to the Plan, Ms. Galardi has agreed to fund the Liquidating Trust with approximately $10 million of cash and property. As the Liquidating Trustee, I am tasked with selling the property and, after payment of operating expenses, distributing the funds to unsecured creditors.

This letter details the proposed distributions I am making to you and your attorneys in the next few weeks. **Please know that this is not the only distribution I will be making. I will make additional distributions later.** In this round, I am distributing $5,000,000 to creditors pro-rata based on each creditor's percentage of claims out of the total of claims held. Because the total unsecured claims are $24,058,181.15, creditors are receiving a 20.78% distribution. Again, I will have at least one more distribution in a similar amount and, depending on future events, may have further distributions after that.

You were represented by Dudley Law LLC (Ainsworth Dudley, Esq.) to whom you agreed to pay a 35% contingency fee. A copy of your fee agreement with Mr. Dudley is attached.

The total amount to be paid on this claim in this distribution is $151,205.00.

The amounts which I propose to pay are as follows:

| Recipient | Reason | Amount |
|---|---|---|

| | Creditor | $90,285.00 |
|---|---|---|
| | Legal Fees (39%) | $52,922.00 |
| **Total** | | **$151,205.00** |

The method of distributions will be a check mailed to the above address. Permissible methods include a wire transfer, a check mailed to the above address, or a check to be picked up at my office. If you would prefer an alternative method of distribution, please let me know within 10 days of the date of this letter.

**In order to make this distribution, I ask that you and your attorney execute this letter agreeing to the above distributions.** Signature blocks are immediately following my signature.

Please let us know if you have any questions. I look forward to receiving the executed copies of this letter so that I can make the above distributions.

Sincerely,

Thomas T. McClendon, Esq.

Liquidating Trustee

TTM/tv
Enclosure

[Signatures follow]

Agreed to by:

Ebony Mayfield          07/06/23

Agreed to by:
DUDLEY LAW LLC

By: Ainsworth Dudley
Its: Managing Member

**DUDLEY LAW LLC**
ATTORNEYS AT LAW

### INTERIM SETTLEMENT STATEMENT – EBONY MAYFIELD

| | | |
|---|---|---|
| I. | ESTIMATED GROSS RECOVERY FORM BANKRUPTCY PLAN | |
| | (EST. 40% OF PROOF OF CLAIM) | $291,102 |
| II. | FIRST DISTRIBUTION UNDER THE BANKRUPTCY PLAN | |
| | (20.78% of POC) | $151,205 |
| III. | LESS ATTORNEYS' FEES (35%) | $ 52,922 |
| IV. | LESS COSTS | NO CHARGE |
| V. | NET RECOVERY TO CLIENT | $ 98,283 |

I UNDERSTAND THAT THE ABOVE DISBURSEMENT IS THE FIRST DISBURSEMENT
ANTICIPATED UNDER THE CHAPTER 11 PLAN. I AUTHORIZE DISBURSEMENT OF
THESE MONIES TO AINSWORTH G. DUDLEY, DUDLEY LAW, LLC, AND TO ME AS SET
FORTH ABOVE. I ACKNOWLEDGE THAT THE SETTLEMENT PROCEEDS HAVE BEEN
DISBURSED IN ACCORDANCE WITH MY INSTRUCTIONS. I ACKNOWEDGE THAT
THIS FEE IS THE AMOUNT THAT I AGREED TO PAY MY ATORNEY WHEN I RETAINED
HIS SERVICES. THIS FEE SHALL COVER ALL LEGAL FEES PERTAINING TO THIS
CASE.I ACKNOWLEDGE RECEIPT OF A COPY OF THIS SETTLEMENT STATEMENT.

THIS 06th DAY OF JULY, 2023.

_____     CLIENT: EBONY MAYFIELD

4200 Northside Parkway
Building One, Suite 200
Atlanta, GA 30327
Tel 404.687.8205 Ext 3326
Cell 404.680.8961 / Fax 404.237.2150
adudleylaw@gmail.com

EMPLOYMENT LAW & LITIGATION

# EXHIBIT
# 3

MIDDLE DISTRICT OF GEORGIA

**MACON DIVISION**

In re:

**TERI GALARDI,**                                                   Case No. 22-50035-JPS

      **Debtor.**                                           **Chapter 11**

_____/

**ASTRID E. GABBE**                                        **Contested Matter**

      **Movant.**

v.

**EBONY MAYFIELD**

      **Respondent.**

_____/

<u>**NOTICE OF OBJECTION TO ALLOWANCE OF CLAIM NUMBER 40**</u>

ASTRID E. GABBE HAS FILED AN OBJECTION TO YOUR CLAIM IN THIS CASE.

<u>Your claim may be reduced, modified, or eliminated.</u> You should read these documents carefully and discuss them with your attorney, if you have one in this bankruptcy case. <u>If you do not have an attorney, you may wish to consult one.</u> If not served with this notice in accordance with the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure, a copy of the objection may be obtained upon written request to counsel for the debtor or at the Clerk's office.

If you do not want the court to eliminate or change your claim, then you or your attorney shall file with the court a written response to the objection on or before **September 27, 2023.**

Clerk, U. S. Bankruptcy Court
Middle District of Georgia
P. O. Box 1957
Macon, Georgia 31202

**If a response is filed, a hearing on the objection to your claim shall be held on:
November 1, 2023 at 11:00 a.m. at the United States Bankruptcy Court
Courtroom A, 433 Cherry Street, Macon, Georgia 31201.**

If you mail your response to the court for filing, you shall send it early enough so the court will **receive** the response on or before the response date stated above.

Any response shall also be served on the objecting party.

**If you or your attorney does not take these steps, the court may decide that you do not oppose the objection to your claim.**

**Parties should consult the Court's website (www.gamb.uscourts.gov) concerning whether the hearing will be in-person, telephonic, or virtual. Please refer to Administrative Order #145 for more guidance.**

This notice is sent by the undersigned pursuant to L.B.R. 3007-1.

DATED: August 28, 2023.

Jason M. Orenstein
Attorney for Astrid Gabbe
1922 Forsyth Street
Macon, Georgia 31208-4086
(478) 743-6300
jmopclaw@yahoo.com

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

In re:

TERI GALARDI,

      Debtor.

_____/

ASTRID E. GABBE

      Movant.

v.

EBONY MAYFIELD

      Respondent.

_____/

Case No. 22-50035-JPS

Chapter 11

Contested Matter

## <u>OBJECTION TO PROOF OF CLAIM NO. 40</u>

Creditor and Interested Party in the above matter, ASTRID E. GABBE (herein "Gabbe"), hereby files this Objection to Proof of Claim No. 40 asserted by Ebony Mayfield, (herein "Respondent" or "Ms. Mayfield") respectfully shows this Court as follows:

1.     On January 12, 2022 debtor filed a voluntary petition for relief under Chapter 11. Gabbe and Respondents are creditors/interested parties holding claims against the debtor in the above bankruptcy case.

2.     In the years preceding the filing of the debtor's bankruptcy petition, Gabbe provided legal representation pursuant to a contingency fee agreement with several adult entertainers who worked for the debtor and suffered damages under the Florida Minimum Wage Act and other related statutes. Ms. Mayfield was one of the Plaintiffs in an action styled *Mayfield et al. v. Galardi*, Case No. 20-cv-20592-MGC, (the "Mayfield Litigation"), in the United States District Court for the Southern District of Florida (the "District Court").

3.     During the course of Gabbe's representation of the adult entertainers, Gabbe

regularly associated other attorneys to provide assistance.  One such attorney was Ainsworth G.

Dudley, Jr. (herein "Dudley")

4.      Pursuant to the original contingency fee agreement between Gabbe and Ms.

Mayfield, Gabbe was entitled to a 35% contingency fee interest in Respondent's claim against

debtor.  However, when Dudley became involved, Gabbe and Dudley agreed to evenly split the

35% contingency fee.

5.      In 2020, Gabbe and Dudley initiated the Mayfield Litigation described in

Paragraph 2 above as co-counsel.  While the Mayfield Litigation was pending, Galardi filed her

Chapter 11 bankruptcy petition.

6.      Georgia attorney Tom McClendon (herein "McClendon") represented several

adult entertainers to advocate their interests in collecting from the debtor on a 10% contingency

fee basis.   McClendon eventually became the counsel for the Committee for Unsecured

Creditors.

7.      While the Chapter 11 proceeding was underway Dudley and McClendon asked

that Ms. Mayfield execute a second contingency fee agreement whereby an additional 10%

contingency payment would be made to Jones & Walden.  On or about February 10, 2022,

Dudley and McClendon drafted the second contingency fee agreement, emailed it to Gabbe and

asked her to have Ms. Mayfield execute it which she did, and returned it directly to Mr. Dudley.

Attached hereto as Exhibit 1 is the second contingency fee agreement.

8.      On March 8, 2022, Dudley prepared and filed Proof of Claim No. 40 on

behalf of Ms. Mayfield as an unsecured claim.  On the Proof of Claim, Mr. Dudley directed that

notices should be sent to Gabbe's office, and that payment was to be sent to Dudley's office. [*See*

Claim #40 p. 1].

9.      Gabbe never authorized payments for Ms. Mayfield to go directly to Dudley.  On

or about July 19, 2023, Gabbe discovered that McClendon made an initial distribution to Ms.

Mayfield in an amount believed to be $174,256 to Mr. Dudley at which time Gabbe learned that

Dudley directed that he was to receive disbursements. This amount disbursed was calculated by

multiplying 20.78% (the initial distribution percentage) x $838,576 (Mayfield's proof of claim

amount). In effort to confirm, Gabbe requested McClendon and/or Dudley to provide a copy of

the Mayfield distribution letter, and both have not done so. Rather, McClendon suggested Gabbe

to seek payment from Dudley.

       10.     In accordance with Florida law, on August 28, 2023 Gabbe filed a charging lien to

enforce and perfect her 17.5% contingency attorney fee interest. Said filing is reflected in the

Mayfield docket and a copy is attached hereto as Exhibit 2.

       11.     Ms. Mayfield's proof of claim should be modified to protect Gabbe's contingency

fee interest in Ms. Mayfield's claim as set forth below.

       WHEREFORE, the Movant requests the following relief:

     (a)     That this Objection be sustained;
     (b)     That Gabbe's Charging Lien in the amount of $50,928 is to be paid as part
           of Mayfield's Claim 40;
     (c)     That Mr. Dudley is ordered to pay $50,928 to Gabbe immediately;
     (d)     That Claim No. 40 is reduced by $50,928;
     (e)     That the Court awards Movant such other and further relief as is just and
           proper.

     This 28th day of August, 2023.

                        */s/ Jason M. Orenstein*
                        JASON M. ORENSTEIN
                        State Bar # 554302
                        Attorney for Astrid E. Gabbe

1922 Forsyth Street
Macon, GA 31201
(478) 743-6300
jason@jmolaw.com

## CERTIFICATE OF SERVICE

This is to certify that I have on this day electronically filed the foregoing Objection to Proof of Claim No. 40 using the Bankruptcy Court's Electronic Case Filing program which serves the same upon all participants therein who have appeared in the case. In addition, the counsel for Plaintiff has emailed and/or mailed a copy of the foregoing Objection to Proof of Claim No. 40 to Ebony Mayfield, at 4200 Northside Parkway, Building 1, Suite 200, Atlanta, GA 30327, redebony@gmail.com and to Ainsworth Dudley at 4200 Northside Parkway, Building 1, Suite 200, Atlanta, GA 30327 and adudleylaw@gmail.com.

This 28th day of August, 2023.

/s/ Jason M. Orenstein
JASON M. ORENSTEIN
State Bar # 554302
Attorney for Astrid E. Gabbe

1922 Forsyth Street
Macon, GA 31201
(478) 743-6300
jason@jmolaw.com

## CONTRACT FOR LEGAL SERVICES

**Client: EBONY MAYFIELD**

**Telephone No.:**

**Email:**

**Address:**

**Emergency Contact:**

You have retained Astride E. Gabbe ("Gabbe"), Dudley Law, LLC ("Dudley Law") and Jones & Walden LLC ("Jones Walden"), attorneys at law, and the attorneys employed by those Firms to represent you regarding your claims under Article X of the Florida Constitution and the FMWA. (Such three law firms are referred to in this Agreement as the "Firms").

The terms of this contract, inclusive of signatures, are set out below.

1. You have retained Gabbe and Dudley Law to represent you in *Milner et al. v. Galardi*, Civil Action No. Civil Action File No. 20-23230-CIV-CANNON/Otazo-Reyes filed in the Southern District of Florida and for the minimum wage or other FLSA related claims in *In Re Galardi*, Bankruptcy Case No. 22-50035, filed in the Middle District of Georgia (the "Bankruptcy Case" and together with the Florida action, the "Litigation").

2. You have retained Jones Walden to file proof of claim and represent you as bankruptcy counsel in the Bankruptcy Case.

3. You will be responsible for actual costs and expenses, including but not limited to, postage fees, court costs, witness fees, expert witness fees, medical record costs, deposition costs, computer research costs, investigative costs, long distance telephone and/or facsimile costs, filing costs, transportation and travel costs, out-of-town hotel expenses, and other like and similar costs. Any counsel of any of the Firms is authorized to expend these costs as needed in your behalf by advancing such costs as is necessary. There are no costs due at this time. All costs which are outstanding at the end of this representation shall be deducted from your net recovery at the time of the disbursement of any funds and shall not serve to reduce or lower any compensation due to counsel. If there is no recovery of money in this matter there shall be no money due whatsoever by the client under this fee agreement.

4. Your assistance and cooperation is a material part of this Contract for Services. If at any time any of the Firms make a determination that this cooperation is inadequate, or that a potential or actual conflict exists between you and such Firm, or that the merits of the case or claim limit the right of recovery or prevent a recoverable likelihood of prevailing, then each of the Firms has your consent to withdraw in a timely fashion, recognizing counsel's obligations under any rules of court and of the Georgia Canons of Professional Conduct. A Firm may also choose to withdraw for any breaches of this contract for failure to timely pay any invoices or bills. Upon such Firm's election to

withdraw, you agree to cooperate in executing any necessary consent forms permitting voluntary withdrawal upon reasonable notice from counsel to you.

5.    The Firms are authorized to utilize the assistance of investigators, paralegals, law students, or associates licensed to practice law in Georgia, in their sole discretion. Any costs incurred for such assistance will be billed as costs or fees, as is consistent with this contract.

6.    You understand that the Firms cannot guarantee any particular outcome. Any discussion of the potential chances of a favorable negotiation or judgment is understood by you to be expressions of opinion by us and is not intended to guarantee or otherwise assert that you will or will not prevail in this matter. If at any time, any of the Firms conclude that further prosecution of this matter is unwarranted, such that withdrawal is required or indicated, either by law or by fact, a Firm may, in their sole discretion, withdraw from your further representation.

7.    The parties agree to a contingent fee structure rather than a charge directly to the client of hourly rates for payment of services, unless counsel withdraws from your further representation, or you discharge counsel, in which case each Firm has the option of seeking fees pursuant to the provisions of paragraph 9 below.

The fee to be charged for work performed will be a contingency agreement whereby the contingency amount to be paid to Gabbe and Dudley Law shall be 35% of the gross amount of any recovery, and the contingency paid to Jones Walden shall be 10% of the gross amount of any recovery.

This contract does not obligate any of the Firms to file and pursue any appeal of any order, verdict or judgment. Any such representation is subject to a separate contract and separate terms of compensation. Additional compensation is contemplated for any appeal of your matter, as the terms of compensation set out here are based upon work just at the trial court and bankruptcy court level.

8.    The contingency amounts set out above will be calculated as the greater of the following two alternatives in the event that you prevail on certain claim wherein there is a right to recover attorneys' fees under applicable statutory provisions. By this engagement agreement you agree that in the event that there is a separate award of attorney's fees, this firm's contingency fee shall be 35% for Gabbe/Dudley Law and 10% for Jones Walden of the combination of the amount awarded to clients and the amount awarded as attorneys' fees. In other words, these two awards will be added together and attorneys fee will be 35% of the combined number for Gabbe/Dudley Law and 10% for Jones Walden. Alternatively, each of the Firms may elect to accept 100% of the amount awarded in the litigation as their attorney's fees rather than the percentages set forth.

Any attorney fee award against the Defendants (or their counsel) for any of the Firms' time and costs of the Litigation shall be utilized to repay and offset the Firms' bills for time and costs expended on your behalf. Such awards are not a recovery to your benefit under this engagement agreement unless you have been paying this firm based on bills generated by the firm, and upon that event, your interest in that attorney fee award is

Page 2 of 6

limited to reimbursement of the actual fees or costs you have paid for which an award is granted and recovered.

9.  In the event any recovery or settlement arises from any annuity or structured settlement, with any portion of the compensation to be paid or made available in the future, then the amounts due the Firms under this contract shall be calculated by applying the contingency percentage(s) to the amounts or value of all current payments, less the allocation cash value of the annuity, by establishing the cash value of such an annuity contract from a life insurance company having at least an A+ rating according to A.M. Best Company. Counsel shall have a right to current compensation based upon this formula and need not await receipt of any future annuity payments.

10. In the event it becomes necessary for a Firm to withdraw, or in the event you exercise any rights you may have to dismiss counsel, it is agreed that each Firm retains an interest and the right to recover fees, which shall be calculated based upon a combined hourly and contingent fee structured, as described below, as well as to recover expenses. This right is notwithstanding the right to compensation under any attorneys' fees statute and further, the Firms' interest in any contingency recovery shall be deemed to have vested by the expenditure of time under this contract. Such interest shall be regulated by the Code of Professional Ethics.

The Firms' interest shall be defined as a right to a pro rata share of any future contingency recovery. The interest shall be calculated as follows:

The "gross attorneys' fee" shall be determined according to the percentages of your recovery, as outlined in this agreement, plus any award or separate calculation of hourly attorneys' fees. The Firms shall be entitled to that percentage of the gross attorneys' fee which represents their pro rata share of the total attorneys' fees, calculated on a "lodestar" basis, then accrued by all counsel. Such right is not reduced or diminished by any actions taken by subsequent counsel or any other contract you may sign as to this claim or claims. To more fully explain this, if you replace the undersigned counsel and sign a new contingency contract, your obligations to the undersigned do not end but continue as a property interest held by the Firms in any award, including any verdict, judgment, or sums paid pursuant to a settlement agreement in the claim or case, or in any related matter which impairs the claim or case. In addition, you acknowledge that by this contract, the Firms have independent interests in petitioning for attorneys' fees even if they have been replaced, and you agree and permit them to so petition the court, without any diminution in the contingency amounts available to the Firms or, alternatively, to the fee amount entitled to the Firms based upon an hourly fee structure, or as described herein, and without any challenge to their petition made by you or by any subsequent counsel of yours.

If you determine it necessary to terminate any of the Firms then, in lieu of their retention of rights as described above, the Firms may elect in their sole discretion, that you fully compensate them for any interests they have and for their time and efforts, by the payment to them of all fees earned, computed on an hourly basis of $500.00 for Ainsworth Dudley, $350.00 for Astrid Gabbe, $400.00 for Leon Jones, and $325.00 for Tom McClendon hour for attorneys' time, and a reasonable rate for paralegal and other

Page 3 of 6

attorney time, for all time they have expended plus full payment of all costs incurred to date in your behalf. These hourly rates are chosen as rates reasonably within an available range of rates to resolve this impasse and to protect your interests. They are not identified as of rate counsel would seek from you or any quantum meruit claim or as a fee award from the court.

11.     If you accept a settlement offer which is not recommended by the Firms, then the Firms, in each of their sole discretion, may elect to take as their fees payment for all hours expended by them under this contract at their full hourly rates, in lieu of any contingency amounts. If you reject a settlement offer recommended by the Firms, then each of the Firms, in their sole discretion, may elect to take as fees, in lieu of payment for hours expended, 35% for Gabbe/Dudley and 10% for Jones Walden of the amount offered as settlement. Counsel retains this right as to that amount as alternative payment even if you thereafter dismiss counsel or counsel withdraws.

12.     In the review and acceptance of a settlement offer, the Defendants, or their insurers, may attempt to require that you settle and resolve both your damage claim and the attorneys' fee and costs claim at the same time in a lump-sum settlement. If such an offer is made, the Firms shall identify for you their accrued costs and their time multiplied by their hourly rate, so that you may evaluate the fees owed to the Firms in making your decision concerning the settlement offer. In any settlement, counsel shall be entitled to their full compensation, that is, compensation as identified as to time/rate <u>and</u> contingency amounts as set forth in this Contract.

13.     The terms of this contract are severable. Should any term of this contract be held or declared unenforceable or invalid for any reason, then such a holding does not alter or impair any other obligation under this contract.

14.     In the event your account carries any balance for more than sixty (60) days, counsel may charge interest at the rate of 1% per month, applied to principal only. This may or may not be reflected on your bills. Failure to charge interest to you is not a waiver of that right as to the then-due amounts, or any future amounts which may be incurred. This applies to all costs and to all vested fees or fees due and payable under this Contract.

15.  This contract is made in Fulton County and by the terms of this contract, you hereby expressly and voluntarily consent to venue in Fulton County in the event there is ever any dispute over the terms of the contract or collection of the amount owed.

16.  In the event interest is awarded for fees and/or costs and/or on the contingency award amount, such interest shall be allocated and paid to the Firms on a pro rata basis, with counsel recovering interest on all items and amounts to which the Firm receives payment or reimbursement under this contract.

17.  In the event collection of a judgment extends over several events of collection, then as to each amount received, it shall be used first to pay all outstanding costs and expenses, and to be distributed between counsel and you on a pro rata basis.

18.  Unless otherwise agreed by the parties all monies recovered on behalf of client shall be deposited in the attorney trust account of Astrid E. Gabbe or Jones Walden, as applicable, and then distributed to the clients and attorneys as described hereunder unless the payments are separately made to the clients and attorneys.

19.  *Creditor's Committee.* Defendant Teri Galardi has filed the Bankruptcy Case set forth above. The Bankruptcy Court may authorize the formation of a committee for certain types of creditors. For example, the Bankruptcy Court may approve a committee for all unsecured creditors or a committee for all FLSA claimants (in any event, a "Committee"). If formed, a Committee serves the role of representing the entire class of represented creditors and not just you individually. Therefore the duties of any attorneys that represent the Committee include a duty to all the creditors (as a whole group) within the represented class. All parties agree that in the event that a Committee is formed, Jones Walden may be employed as attorneys for the Committee and that this will not change the terms of this Contract. However, if Jones Walden is employed by such a Committee, then Jones Walden will be entitled to seek recovery of its attorney fees and expenses incurred on behalf of the Committee. Further, Jones Walden may seek payment of such Committee-related fees and expenses as an administrative expense in the Bankruptcy Case in which case only Galardi's bankruptcy estate will be responsible for payment of the same. In this event, Jones Walden still will be entitled to recovery of all its fees and expenses under this Contract. But the hourly fees and costs related to the Committee representation will be charged to the Committee, and the hourly fees and costs related to representing you individually will be charged to your account. In other words, Jones Walden will not "double dip" on its hourly fees and costs. All parties to this Contract also agree that if a Committee is formed, then Ainsworth Dudley, Astride Gabbe, or both of them, may serve as a member of the Committee on your behalf and/or on behalf of other similarly situated clients, and therefore Mr. Dudley and/or Ms. Gabbe may make votes and take actions as Committee member(s).

20.  *Waiver of Conflict of Interest.* By executing this engagement letter, you confirm your understanding and agreement to waive any conflict of interest or potential conflict of interest in the Firms' representation of you together with other claimants against the Defendants. The material risks of such joint representation are that a conflict of interest

could arise if you have a dispute concerning your position and the positions of the other clients in the Litigation. The Client also understands that the Client will be seeking recovery (from funds or assets) just as the other clients of the Firms. So to the extent that funds or assets are not available to pay all claims in full, a conflict exists between the clients in that regard. The Client has the right and opportunity to consult with other counsel about this representation and this conflict waiver. If any additional conflict does arise concerning this matter or if the Client becomes concerned with the Firms' joint representation of all the clients in the Litigation, Client obviously retains the right to consult or hire other separate counsel.

21.    *Joint Defense Privilege.*  The Client agrees that all communications between the Firms' clients in the Litigation and each of the Firms, and between the Firms and any other attorneys for any of the other clients, shall be subject to the attorney-client privilege under the joint interests doctrine.

22.    *Electronic and Counterpart Signatures.*  This contract may be executed in separate counterparts, each of which shall constitute an original, but all of which together shall be deemed to be one and the same agreement.  The parties agree that, in accordance with the Electronic Signature in Global National Commerce Act (15 U.S.C. § 7000, *et seq.*) and the Georgia Uniform Electronic Transactions Act, (O.C.G.A. § 10-12-1- *et seq.*), emailed electronic pdf and/or fax transmissions of signatures of the parties delivered by and between them and/or their legal counsel shall be effective to the fullest extent allowed by law and shall be enforced as if such signatures were originals and physically delivered as between the parties, their attorneys or agents. Without limitation, this Contract may be executed by DocuSign, or some other such similar electronic signature platform.

I have read, understand, and agree to the foregoing terms of representation and the contractual relationship between the parties.

I have had the opportunity to review this contract. I have also been afforded the opportunity to have it reviewed by another attorney or adviser of my choice.

**This contract amends and supersedes any other prior contract between client and counsel herein. I acknowledge and accept the terms of representation set forth herein. This contract may be accepted and agreed to through electronic communication and such acceptance shall be treated as if signed below in ink.**

Client:_____

Date: _____

Dudley Law, LLC
By: _____

Jones & Walden LLC
By: _____

_____

Astride E. Gabbe

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 20-23230-CIV-CANNON-OTAZO-REYES

ANGELA MILNER, ET. AL,

      Plaintiffs

v.

TERI GALARDI,

      Defendant

_____/

## NOTICE OF FILING AND ASSERTING CHARGING LIEN
## BY THE LAW OFFICES OF ASTRID E. GABBE, P.A.
## FOR ATTORNEYS' FEES AND COSTS

**NOTICE IS GIVEN** that The Law Office of Astrid E. Gabbe, P.A. ("AG")
asserts an attorney's charging lien on any claim, judgment, settlement or award against
Defendant Teri Galardi in favor of Plaintiff Ebony Mayfield ("Mayfield") on all money due
from defendant on any such claim, judgment, settlement or award, and any and all assets,
property, money or proceeds retained, received or recovered by Mayfield, on her behalf or any
of her assigns in connection with this claim, judgment, settlement or award. This charging
lien claims attorneys' fees and costs due AG for legal services rendered to Mayfield with
respect to Teri Galardi. To date, nothing has been paid to the undersigned counsel and the
total amount due of $50,928.

Dated: August 28, 2023

| Attorneys for Plaintiff | Interested Party |
|---|---|
| **Ebony Mayfield** | |
| Astrid E. Gabbe | Astrid E. Gabbe |
| /s/ Astrid E. Gabbe | /s/ Astrid E. Gabbe |
| The Law Office of Astrid E. Gabbe, P.A. | The Law Office of Astrid E. Gabbe, P.A. |
| Florida Bar No. 635383 | Florida Bar No. 635383 |
| P.O. Box 4216 | P.O. Box 4216 |
| Hollywood, FL 33083 | Hollywood, FL 33083 |
| Tel. (954) 303-9882 | Tel. (954) 303-9882 |
| Fax. (954) 983-1427 | Fax. (954) 983-1427 |
| astridgabbe@gmail.com | astridgabbe@gmail.com |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of foregoing was served via CM/ECF, email and/or First Class U.S. Mail to the parties on the attached service list as indicated on this 28th day of August 2023.

Astrid E. Gabbe
/s/ Astrid E. Gabbe
The Law Office of Astrid E. Gabbe, P.A.
Florida Bar No. 635383
P.O. Box 4216
Hollywood, FL 33083
Tel. (954) 303-9882
Fax. (954) 983-1427
astridgabbe@gmail.com

## SERVICE LIST

*Served via CM/ECF*

All Parties of Record

*Served via Email*
Ebony Mayfield
redebony@gmail.com
4200 Northside Parkway, Building 1, Suite 200, Atlanta, GA 30327

This package is made from post-consumer waste. Please recycle - again.

# PRIORITY
## MAIL
# EXPRESS®

FLAT RATE
ENVELOPE

ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup,
scan the QR code.

USPS.COM/PICKUP

PS10001000006

**UNITED STATES POSTAL SERVICE** ®

PRIORITY
MAIL
EXPRESS®

## FOR DOMESTIC AND INTERNATIONAL USE
## PLACE MAILING LABEL HERE

EI 703 749 830 US

EP13F Ju
OD: 12 1/

■ For pickup or USPS Tracking™ visit USPS.com or call 800-222-1811.
■ $100.00 insurance included.

**CUSTOMER USE ONLY**

FROM: (PLEASE PRINT)    PHONE ( )

Ebony Mayfield
P.O. Box
Houston, TX 7533

**DELIVERY OPTIONS (Customer Use Only)**
☐ SIGNATURE REQUIRED (Note: The mailer must check the "Signature Required" box if the mailer: 1)
Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4)
Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's
mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.)

**Delivery Options**
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available)*
*Refer to USPS.com® or local Post Office™ for availability.

TO: (PLEASE PRINT)    PHONE (478) 752-3506

U.S. Bankruptcy Court
Middle District of Georgia
P.O. Box 1957
Macon, GA

ZIP + 4® (U.S. ADDRESSES ONLY)
3 1 2 0 2 -

**PAYMENT BY ACCOUNT (if applicable)**
USPS® Corporate Acct. No.    Federal Agency Acct. No. or Postal Service™ Acct. No.

RIVER OAKS STA
HOUSTON TX
SEP 26 2023
9

| PO ZIP Code | Day | Scheduled Delivery Date (MM/DD/YY) | Postage |
|---|---|---|---|
| 77019 | ☐ 2-Day | 9-27-23 | $ 28.75 |

| Date Accepted (MM/DD/YY) | Scheduled Delivery Time | Insurance Fee | COD Fee |
|---|---|---|---|
| 9-26-23 | ☐ 12 NOON ☐ 3 PM ☐ 6:00 PM | $ | $ |

| Time Accepted | | Return Receipt Fee | Live Animal Transportation Fee |
|---|---|---|---|
| 5:00 ☐ AM ☒ PM | Military ☐ | $ | $ |

| Special Handling/Fragile | Sunday/Holiday Premium Fee | Total Postage & Fees |
|---|---|---|
| $ | $ | $ 28.75 |

| Weight | Acceptance Employee Initials |
|---|---|
| ___ lbs. ___ ozs. ☒ Flat Rate | TR |

**DELIVERY (POSTAL SERVICE USE ONLY)**

| Delivery Attempt (MM/DD/YY) | Time | Employee Signature |
|---|---|---|
| | ☐ AM ☐ PM | |

| Delivery Attempt (MM/DD/YY) | Time | Employee Signature |
|---|---|---|
| | ☐ AM ☐ PM | |

