**IN THE UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

IN RE:

**TERI G. GALARDI,**

        **Debtor.**

**CHAPTER 11**

**CASE NO. 22-50035-JPS**

**STATUS REPORT ON**
**INTERIM ORDER ON THE LIQUIDATING TRUSTEE'S**
**OBJECTIONS TO CLAIMS NO. 57 AND 110**

COMES NOW Thomas T. McClendon, as Liquidating Trustee of the Galardi Creditor Trust (the "Liquidating Trustee") and respectfully files this Status Report on Interim Order on the Liquidating Trustee's Objections to Claims No. 57 and 110 (this "Report").

1. The Court held a hearing on September 27, 2023 at 11:00 am (the "Hearing") on *Liquidating Trustee's Objection to Claim No. 57 of Astrid E. Gabbe* (Doc. No. 428), the *Liquidating Trustee's Objection to Claim No. 110 of Alexis King as Transferred to Red Shield Funding* (Doc. No. 512) filed by Thomas T. McClendon, as Liquidating Trustee of the Galardi Creditors Trust (the "Liquidating Trustee") and the *Objection to Proof of Claim No. 110* filed by Astrid E. Gabbe ("Gabbe") (collectively the "Objections").

2. At that hearing, the Liquidating Trustee, Gabbe, and Red Shield Funding agreed the combined total of both claims should be $468,446.62, and that the dispute was over the proper recipient of 35% of the outstanding claim, $163,956.32, represented by one hundred percent of Claim No. 57 and thirty-five percent of Claim No. 110. Mr. Orenstein was given 28 days to brief the issue of whether Ms. Gabbe held a direct claim against Ms. Galardi's estate.

3. At the hearing, Red Shield Funding requested that the Liquidating Trustee disburse the 65% of Claim No. 110 (the "Claim No. 110 Undisputed Portion") that is not in

dispute. Both the Liquidating Trustee and Jason Orenstein, representing Astrid Gabbe, indicated they did not oppose this and the Liquidating Trustee was instructed by the Court to draft an order for Red Shield Funding and Mr. Orenstein's review.

4.      On September 29, 2023, the Liquidating Trustee circulated a proposed consent order authorizing the Liquidating Trustee to make the first distribution on the Claim No. 110 Undisputed Portion. A true and correct of the proposed order as circulated is attached as **Exhibit "A"**.

5.      Red Shield Funding has consented to the proposed order.

6.      Mr. Orenstein informed the Liquidating Trustee that he was going to discuss with the proposed order with his client, Ms. Gabbe on Monday, October 2.

7.      On Tuesday, October 3, the Liquidating Trustee received the attached email from Astrid Gabbe, asserting that Mr. Guernsey was a fraudster "who served 21 months in prison for bank fraud and now he wants to try his hand at bankruptcy fraud", that "Mr. Guernsey is very creative with his frauds", and that "neither I nor my clients will be victimized by Mr. Guernsey on my watch."

8.      Ms. Gabbe further stated "I do not consent to any distribution to Mr. Guernsey until the Florida Court makes its rulings on my soon to be filed motions. The information is a fraction of what we have discovered in the last few days." A true and correct copy of the email from Ms. Gabbe to the Liquidating Trustee is attached as **Exhibit "B".**

9.      Mr. Orenstein has verbally raised concerns about whether the claim transfer was in fact executed by Alexis King, the creditor who filed Claim No. 110.

10.     The Liquidating Trustee sent Mr. Orenstein an email that the Liquidating Trustee, as counsel for the Unsecured Committee, had sent Ms. King inquiring whether Ms. King had in

fact transferred her claim to Red Shield Funding and Ms. King's response. That email is attached as **Exhibit "C"**.

11.       As part of settling Adversary Proceeding No. 23-5013-JPS, Ms. King stated to Mr. Terry "Mr. Terry this is Alexis king an[d] I do consent to being reclassified as an unsecured creditor. As you know the claim has be[en] transferred to red shield funding." A true and correct copy of that email is attached as **Exhibit "D"**.

12.       The Liquidating Trustee attempted to contact Ms. King by phone. The phone number listed in the proof of claim has been discontinued. The Liquidating Trustee has requested Mr. Orenstein to provide Ms. King's phone number, but at the time of the filing of this Report, the Liquidating Trustee has not received such phone number.

13.       The Liquidating Trustee has uploaded a revised version of the interim order without Mr. Orenstein's signature and will leave to the Court's discretion as to whether to enter the order or hold a further hearing.

RESPECTFULLY SUBMITTED this 4th day of October, 2023.

**JONES & WALDEN LLC**

*/s/ Thomas T. McClendon*
Thomas T. McClendon
Georgia Bar No. 431452
699 Piedmont Avenue, NE
Atlanta, Georgia 30308
(404) 564-9300
tmcclendon@joneswalden.com
Liquidating Trustee of the Galardi Creditor Trust

Exhibit "A"

**IN THE UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **IN RE:** | **CHAPTER 11** |
| **TERI G. GALARDI,** | |
| | **CASE NO.  22-50035-JPS** |
| **Debtor.** | |

**INTERIM ORDER ON THE LIQUIDATING TRUSTEE'S**
**OBJECTIONS TO CLAIMS NO. 57 AND 110**

This matter is before the Court on the *Liquidating Trustee's Objection to Claim No. 57 of Astrid E. Gabbe* (Doc. No. 428), the *Liquidating Trustee's Objection to Claim No. 110 of Alexis King as Transferred to Red Shield Funding* (Doc. No. 512) filed by Thomas T. McClendon, as Liquidating Trustee of the Galardi Creditors Trust (the "Liquidating Trustee") and the *Objection to Proof of Claim No. 110* filed by Astrid E. Gabbe ("Gabbe") (collectively the "Objections"). A hearing was held on the Objections on September 27, 2023. At that hearing, the Liquidating Trustee, Gabbe, and Red Shield Funding agreed the combined total of both claims was $468,446.62, and that the dispute was over the proper recipient of 35% of the outstanding claim,

$163,956.32, represented by one hundred percent of Claim No. 57 and thirty-five percent of Claim No. 110. Because the remaining 65% of Claim No. 110, representing $304,490.30 (the "Claim No. 110 Undisputed Portion") is not in dispute and notwithstanding the provisions of the Plan of Reorganization (Doc. No. 401) and the Liquidating Trust Agreement executed by the Liquidating Trustee and Ms. Galardi regarding Disputed Claims (as such term is defined in the Plan and Liquidating Trust Agreement), the parties, as evidenced by their respective signatures below, have agreed that the Liquidating Trustee should be authorized to make distributions from the Liquidating Trust on the Claim No. 110 Undisputed Portion.   Based upon a review of the Motion and the representations contained therein, and for good cause shown, it is hereby

ORDERED that the Liquidating Trustee is authorized to make disbursements on the Claim No. 110 Undisputed Portion so long as Red Shield Funding otherwise complies with the requirements of the Liquidating Trust to provide (i) proof of identification, (ii) proof of a social security number for tax reporting requirements and (iii) confirmation of method of payment. It is further

ORDERED that the Court retains jurisdiction over the Objections and this Order shall not affect the parties' rights and obligations under the Objections except as expressly stated herein.

**[END OF ORDER]**

*Prepared and Presented by:*
**JONES & WALDEN LLC**
/s/ *Thomas T. McClendon*
Thomas T. McClendon
Georgia Bar No. 431452
699 Piedmont Ave. NE
Atlanta, Georgia 30308
(404) 564-9300
tmcclendon@joneswalden.com
Liquidating Trustee

*Consented to by:*

_____

Astrid E. Gabbe

*Consented to by:*

_____

Joseph R. Guernsey
Red Shield Funding

# Exhibit "B"

| From: | Astrid Gabbe |
|---|---|
| To: | Tom McClendon |
| Cc: | Jason Orenstein; Chris Kosachuk |
| Subject: | Joseph Robert Guernsey |
| Date: | Tuesday, October 3, 2023 9:06:49 AM |
| Attachments: | Doc.1-InReGuernseyVoluntaryPetition.pdf |
| | Doc1-InReGuernseyVoluntaryPetition.pdf |
| | Doc.127-InReGuernseyVoluntaryPetitionFInalReport.pdf |

Good Morning Tom,

Attached hereto please find Mr. Guernsey's Voluntary Petition filed on April 8, 2008 Case No.
08-02004-dd.

The petition discloses the last four of his social security number as 3504. Is this what he gave
you for your records and tax filings?

The petition lists the same address as on some of the filings he has made in the bankruptcy
court 4681 Carvel Ct. Myrtle Beach so this must be him because this is before he went to
prison for fraud.

Have you verified his social security number through the IRS website?

Attached hereto is a second voluntary petition filed by Mr. Guernsey however this
petition lists Joseph R. Guernsey and a different social security number of 2734. Is this the
social that he gave you? It would not be surprising if a convicted felon has two social security
numbers.

You correctly moved to strike all the transfers of proofs of claims to Mr. Guernsey except for
the one involving Alexis King. Instead of objecting to my proof of claim number 57, you
should have objected to Mr. Guernsey's transferred claim of Alexis King #110 because Alexis
King never signed the transfer form. Mr. Guernsey forged Alexis King's signature on the form
and there was no assignment of the underlying judgment to him. Mr. Guernsey is trying to
claim that Alexis King transferred her judgment from the southern district to him in order to
defraud you into making a distribution to the wrong person. There is no assignment of the
King Judgment for $468,000 recorded on the docket in Florida and there is no assignment
recorded in the public records of miami dade county. I will be addressing this issue with the
SDFL court today that entered the King Judgment. As soon as the Motion is filed, I will
circulate.

Mr. Guernsey is a convicted felon who almost defrauded everyone in this bankruptcy. Now I
think you understand why Mr. Guernsey was so aggressive about getting a consent order from
the Court at the last hearing to distribute funds and Judge Smith was correct about going
slowly to get it right. Fraud occurs more easily when people move fast. Had Mr. Guernsey
not been so greedy in trying to knock out my claim he may have gotten away with it. Chris
and I are working diligently with all my clients from the Milner and Darden cases where Mr.
Guernsey has reared his ugly head to make sure that they are not victimized in the distribution
process. As Chris and I warned you several months ago, Mr. Guernsey is trying to defraud
you into making distributions to him and then the real claimants will come after you me and
any other attorney that they think had anything to do with it. Mr. Guernsey is very creative
with his frauds.

Read page 11 of the final report from the first bankruptcy which explains how Mr. Guernsey was defrauding lenders with his used car lot.  The FBI was onto Guernsey from this scam before he was convicted of bank and mortgage fraud.  Mr. Guernsey is a sophisticated criminal and we must not allow him to succeed.

I will be making appropriate filings in the Southern District to assist you and Judge Smith with stopping Mr. Guernsey and Florida charging lien law.  Depending on what Mr. Guernsey tries to do next in Florida, I will bring in the United States Attorney or the Florida Department of Law Enforcement which is like the FBI but for the State of Florida to stop him. Neither I nor my clients will be victimized by Mr. Guernsey on my watch.

I do not consent to any distribution to Mr. Guernsey until the Florida Court makes its rulings on my soon to be filed motions.  This information is a fraction of what we have discovered in the last few days.

Mr. Guernsey served 21 months in prison for bank fraud and now he wants to try his hand at bankruptcy fraud.

If you have any questions or would like to discuss any of this please let me know.  Chris can assist you with any questions.  Just email them to us or let's schedule a time to talk.

We are working diligently with my clients from both interpleader actions to resolve this to everyone's satisfaction.

Final questions: has a gentleman named Michael DeCampo or Michael Bourff called or emailed you in relation to this bankruptcy?  And was 9452 given as the last four digits of a social security number for any claims involving Guernsey?

Sincerely

Astrid E. Gabbe, Esq.

The Law Office of Astrid E. Gabbe, P.A.
P.O. Box 4216
Hollywood, FL, 33083
954-303-9882
Email: astridgabbe@gmail.com

B1 (Official Form 1)(1/08)

| **United States Bankruptcy Court**<br>**District of South Carolina** | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Guernsey, Joseph Robert** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**xxx-xx-3504** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>**4681 Carvel Ct.**<br>**Myrtle Beach, SC**<br>ZIP Code **29588** | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP Code |
| County of Residence or of the Principal Place of Business:<br>**Horry** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br>ZIP Code |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

| **Type of Debtor**<br>(Form of Organization)<br>(Check one box) | **Nature of Business**<br>(Check one box) | **Chapter of Bankruptcy Code Under Which<br>the Petition is Filed** (Check one box) |
|---|---|---|
| ■ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities,<br>check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined<br>in 11 U.S.C. § 101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>■ Other | ■ Chapter 7<br>☐ Chapter 9<br>☐ Chapter 11<br>☐ Chapter 12<br>☐ Chapter 13 ☐ Chapter 15 Petition for Recognition<br>of a Foreign Main Proceeding<br>☐ Chapter 15 Petition for Recognition<br>of a Foreign Nonmain Proceeding |

**Tax-Exempt Entity**
(Check box, if applicable)
☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Nature of Debts**
(Check one box)
☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."   ■ Debts are primarily business debts.

| **Filing Fee** (Check one box) | **Chapter 11 Debtors** |
|---|---|
| ■ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.<br><br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| **Statistical/Administrative Information** | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☐<br>1-<br>49 | ■<br>50-<br>99 | ☐<br>100-<br>199 | ☐<br>200-<br>999 | ☐<br>1,000-<br>5,000 | ☐<br>5,001-<br>10,000 | ☐<br>10,001-<br>25,000 | ☐<br>25,001-<br>50,000 | ☐<br>50,001-<br>100,000 | ☐<br>OVER<br>100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets

| ■<br>$0 to<br>$50,000 | ☐<br>$50,001 to<br>$100,000 | ☐<br>$100,001 to<br>$500,000 | ☐<br>$500,001<br>to $1<br>million | ☐<br>$1,000,001<br>to $10<br>million | ☐<br>$10,000,001<br>to $50<br>million | ☐<br>$50,000,001<br>to $100<br>million | ☐<br>$100,000,001<br>to $500<br>million | ☐<br>$500,000,001<br>to $1 billion | ☐<br>More than<br>$1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities

| ☐<br>$0 to<br>$50,000 | ☐<br>$50,001 to<br>$100,000 | ☐<br>$100,001 to<br>$500,000 | ☐<br>$500,001<br>to $1<br>million | ■<br>$1,000,001<br>to $10<br>million | ☐<br>$10,000,001<br>to $50<br>million | ☐<br>$50,000,001<br>to $100<br>million | ☐<br>$100,000,001<br>to $500<br>million | ☐<br>$500,000,001<br>to $1 billion | ☐<br>More than<br>$1 billion |
|---|---|---|---|---|---|---|---|---|---|

B1 (Official Form 1)(1/08)                                                                                          Page 2

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Guernsey, Joseph Robert** |

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed:  **- None -** | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>**- None -** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b).<br><br>X _____<br> Signature of Attorney for Debtor(s)          (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☑ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1)(1/08)                                                                                                Page 3

# Voluntary Petition

*(This page must be completed and filed in every case)*

Name of Debtor(s):

**Guernsey, Joseph Robert**

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ Joseph Robert Guernsey**

Signature of Debtor   **Joseph Robert Guernsey**

X _____

Signature of Joint Debtor

Telephone Number (If not represented by attorney)

**April 4, 2008**

Date

### Signature of Attorney*

X **/s/ R. Michael Drose**

Signature of Attorney for Debtor(s)

**R. Michael Drose 609**

Printed Name of Attorney for Debtor(s)

**Drose Law Firm**

Firm Name

**3955 Faber Place Drive, Suite 103**
**Charleston, SC 29405**

_____

Address

**Email: drose@droselaw.com**
**843-767-8888  Fax: 843-767-3290**

Telephone Number

**April 4, 2008**

Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____

Signature of Authorized Individual

_____

Printed Name of Authorized Individual

_____

Title of Authorized Individual

_____

Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____

Signature of Foreign Representative

_____

Printed Name of Foreign Representative

_____

Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____

Printed Name and title, if any, of Bankruptcy Petition Preparer

_____

Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____

Address

X _____

_____

Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

Official Form 1, Exhibit D (10/06)

# United States Bankruptcy Court
## District of South Carolina

In re    **Joseph Robert Guernsey**                                        Case No. _____

                                        Debtor(s)        Chapter    **7**

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH
## CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Must be accompanied by a motion for determination by the court.][Summarize exigent circumstances here.]* ____

**If the court is satisfied with the reasons stated in your motion, it will send you an order approving your request. You must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy case and promptly file a certificate from the agency that provided the briefing, together with a copy of any debt management plan developed through the agency. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. A motion for extension must be filed within the 30-day period. Failure to fulfill these requirements may result in dismissal of your case. If the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing, your case may be dismissed.**

Official Form 1, Exh. D (10/06) - Cont.

□ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*
□ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
□ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);
□ Active military duty in a military combat zone.

□ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:  **/s/ Joseph Robert Guernsey**
 **Joseph Robert Guernsey**

Date:  **April  4, 2008**

Software Copyright (c) 1996-2006 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                                    Best Case Bankruptcy

B 201 (04/09/06)

UNITED STATES BANKRUPTCY COURT
**DISTRICT OF SOUTH CAROLINA**

**NOTICE TO INDIVIDUAL CONSUMER DEBTOR UNDER § 342(b)
OF THE BANKRUPTCY CODE**

In accordance with § 342(b) of the Bankruptcy Code, this notice: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case. You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7: Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total Fee $299)

1. Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

2. Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

3. The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

4. Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)

1. Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2. Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

3. After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

Software Copyright (c) 1996-2006 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037          Best Case Bankruptcy

**Chapter 11**: Reorganization ($1000 filing fee, $39 administrative fee: Total fee $1039)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

**Chapter 12**: Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

### Certificate of Attorney

I hereby certify that I delivered to the debtor this notice required by § 342(b) of the Bankruptcy Code.

| R. Michael Drose 609 | X /s/ R. Michael Drose | April 4, 2008 |
|---|---|---|
| Printed Name of Attorney | Signature of Attorney | Date |

Address:
**3955 Faber Place Drive, Suite 103
Charleston, SC 29405
843-767-8888**

### Certificate of Debtor

I (We), the debtor(s), affirm that I (we) have received and read this notice.

| Joseph Robert Guernsey | X /s/ Joseph Robert Guernsey | April 4, 2008 |
|---|---|---|
| Printed Name(s) of Debtor(s) | Signature of Debtor | Date |

| Case No. (if known) | X | |
|---|---|---|
| | Signature of Joint Debtor (if any) | Date |

ALLTEL COMMUNICATION
1 ALLIED DRIVE BLDG 5
LITTLE ROCK AR 72202


AMERICAN ACCEPTANCE CORP SC
1517 NORTH KINGS HWY
MYRTLE BEACH SC 29577


AMERICAN EXPRESS
PO BOX 297871
FORT LAUDERDALE FL 33329


ANTONIO RIBEIRO
436 W PERRY ROAD
MYRTLE BEACH SC 29579


ATTORNEY GENERAL OF THE US
CIVIL DIVISION BANKRUPTCY SECTION
US DEPARTMENT OF JUSTICE
WASHINGTON DC 20530


AUCTION INSURANCE CHARLESTON AUTO AUCTIO
2200 WOODCREST PLACE
BIRMINGHAM AL 35253


AUDIO MESSAGING SOLUTIONS LLC
720 BROOKER CREEK BLVD SUITE 215
OLDSMAR FL 34677


AURORA LOAN SERVICES
10350 PARK MEADOWS DRIVE
LITTLETON CO 80124


AUTOMOTIVE FINANCE CORPORATION
2824 POND BRANCH ROAD
LEESVILLE SC 29070


AUTOMOTIVE PARTS EXPRESS INC
PO BOX 17006
JACKSONVILLE FL 32245


BANK OF AMERICA
4161 PIEDMONT PARKWAY
GREENSBORO NC 27410

BEACH FORD
PO BOX 3609
MYRTLE BEACH SC 29578


BETTY HARRELSON
9409 PARK DRIVE
MYRTLE BEACH SC 29572


BILL BELLAMY
PO BOX 3491
NORTH MYRTLE BEACH SC 29582


BP
PO BOX 70887
CHARLOTTE NC 28272


BRUCE HELM
608 16TH AVENUE NORTH SUITE G
MYRTLE BEACH SC 29577


CAROLINA TRUST FEDERAL CREDIT UNION
1010 21ST AVE
MYRTLE BEACH SC 29577


CHASE
201 N WALNUT STREET
WILMINGTON DE 19801


CHASE MORTGAGE
3415 VISION DRIVE
COLUMBUS OH 43219


CHEVRON AND TEXACO CARD SERVICES
PO BOX 2001
CONCORD CA 94529


CITIFINANCIAL AUTO
PO BOX 3247
COPPELL TX 75019


COLORS ON PARADE MYRTLE BEACH
642 CENTURY CIRCLE
CONWAY SC 29526

COUNTRYWIDE ASSET RECOVERY
450 AMERICAN STREET MS SV3 70
SIMI VALLEY CA 93065

COX AUTO TRADER
DEPT 430 PO BOX 18019
CLEARWATER FL 33762

DAVID BELL AND GLEN SMALL
7392 SPRINGS SIDE DRIVE
MYRTLE BEACH SC 29588

EAGLE WARRANTY CORP
940 SCRANTON CARBONDALE HWY
EYNON PA 18403

EDWARD BRZEZINSKI
536 HAMMER BECK DRIVE
MYRTLE BEACH SC 29579

ELECTRONIC FEDERAL TAX PAYMENT SYSTEM
PO BOX 173788
DENVER CO 80217

EULER HERMES UMA
600 SOUTH 7TH STREET
LOUISVILLE KY 40201

FED EX
PO BOX 371461
PITTSBURGH PA 15250

FIRST CITIZENS BANK
PO BOX 29
COLUMBIA SC 29202

FIRST COLLECT INC
PO BOX 64488
BALTIMORE MD 21264-4488

FLEX FUND FINANCIAL SERVICES LLC
C/O ROBERT E CULVER ESQUIRE
171 CHURCH STREET SUITE 318
CHARLESTON SC 29401

GEORGETOWN HOSPITAL SYSTEM
PO BOX 421718
GEORGETOWN SC 29442


GEORGETOWN RADIOLOGY
PO BOX 2249
PAWLEYS ISLAND SC 29585


GMAC
PO BOX 33115
KNOXVILLE TN 37930


GRANNYS FLORIST
1225 16TH AVENUE
CONWAY SC 29526


HORRY COUNTY EMERGENCY MEDICAL SERVICE
PO BOX 296
CONWAY SC 29528


HORRY COUNTY STATE BANK
PO BOX 218
LORIS SC 29569


HORRY COUNTY TREASURER
PO BOX 1237
CONWAY SC 29528


HYATT BUICK GMC TRUCKS
922 FRONTAGE ROAD
MYRTLE BEACH SC 29577


INTERNAL REVENUE SERVICE
INSOLVENCY GROUP 4
1835 ASSEMBLY STREET MDP 39 RM 469
COLUMBIA SC 29201


INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 21126
PHILADELPHIA PA 19114


JOHN CHAZEN
1609 MAGNOLIA DRIVE
NORTH MYRTLE BEACH SC 29582

JOHNNY DAVIS
565 W PERRY ROAD
MYRTLE BEACH SC 29579


LINDA HOWARD
25 PLANTATION DRIVE
MYRTLE BEACH SC 29588


LISA C FOROUGHI
2206 HAYSTACK WAY
MYRTLE BEACH SC 29579


LOWES GE MONEY BANK
ATTN BANKRUPTCY DEPT
PO BOX 103104
ROSWELL GA 30076


LYNN BLEVINS
6312 B COLONIAL DRIVE
MYRTLE BEACH SC 29572


M B AUTO AND TRUCK PARTS INC
PO BOX 465
MYRTLE BEACH SC 29578


MANHEIM AUTOMOTIVE FINANCIAL SERVICES IN
C/O JEFFREY L SILVER ESQUIRE
PO BOX 11656
COLUMBIA SC 29211-1656


MARK REDMAN
8620 SAND MARCELLO DRIVE STE 202
MYRTLE BEACH SC 29579


MIKE RIDGEWAY
TNT AUTO SALES
2735 HWY 501
CONWAY SC 29526


MONTE GRANDON
14234 RICHMOND PARK AVENUE
CHARLOTTE NC 28277

MYRTLE BEACH CHEVROLET
PO BOX 425
MYRTLE BEACH SC 29578


NATIONAL PROCESSING COMPANY
710 QUAIL RIDGE DRIVE
WESTMONT IL 60559


NCO FINANCIAL SYSTEMS INC
PO BOX 15630 DEPT 23
WILMINGTON DE 19850


QANTUMES OF MYRTLE BEACH LLC
4841 HWY 17 BYPASS
MYRTLE BEACH SC 29577


RALPH JONES AND CHARLIE FLOYD
506 CALHOUN ROAD
MYRTLE BEACH SC 29577


RMS
4836 BRECKSVILLE ROAD
RICHFIELD OH 44286


ROBERT AND DELORES GUERNSEY
326 13TH AVENUE SOUTH
MYRTLE BEACH SC 29575


RSC EQUIPMENT RENTAL
PO BOX 840514
DALLAS TX 75284


SC DEPARTMENT OF REVENUE
PO BOX 12265
COLUMBIA SC 29211


SC DEPARTMENT OF TRANSPORTATION
955 PARK ST STE 343
COLUMBIA SC 29202


SC EMPLOYMENT SECURITY COMM
PO BOX 995
COLUMBIA SC 29202

SC STUDENT LOAN CORP
PO BOX 21337
COLUMBIA SC 29221


SHELL FLEET PLUS
PO BOX 183019
COLUMBUS OH 43218


STAN PARKER
2705 FOREST BROOK ROAD
MYRTLE BEACH SC 29588


STEVE AND SUZANNE MACKLEN
7705 MEMORY LANE
MYRTLE BEACH SC 29588


SUN TRUST BANK
25 PARK PLACE
ATLANTA GA 30302


THE SUN NEWS
PO BOX 406
MYRTLE BEACH SC 29578


THORNHILL WHOLESALE
839 SOUTH PARK DRIVE
MYRTLE BEACH SC 29577


UNIVERSAL UNDERWRITERS GROUP
1743 PAYSPHERE CIRCLE
CHICAGO IL 60674


US ATTORNEY FOR SOUTH CAROLINA
FOR THE INTERNAL REVENUE SERVICE
1441 MAIN STREET SUITE 500
COLUMBIA SC 29201


VALPAK OF EASTERN SOUTH CAROLINA
PO BOX 2078
MOUNT PLEASANT SC 29465-2078


VERIZON WIRELESS
PO BOX 660108
DALLAS TX 75266-0108

WACCAMAW BANK
PO BOX 2009
WHITEVILLE NC 28472


WASHINGTON MUTUAL BANK
9451 CORBIN AVENUE
NORTHRIDGE CA 91328


WASTE INDUSTRIES
3301 BENSON DRIVE
RALEIGH NC 27609


WILKINS FINANCIAL SERVICES
120 N OLD STATESVILLE ROAD
HUNTERSVILLE NC 28078


WILLI CLASEN
3812 PHEASANT CHASE DRIVE
RICHMOND VA 23231


WOLTERS KLUWER
8832 INNOVATION WAY
CHICAGO IL 60682


ZEP MANUFACTURING COMPANY
425 FRANKLIN ROAD SUITE 530
MARIETTA GA 30067

LOCAL OFFICIAL FORM 1007-1(b) TO SC LBR 1007-1

# United States Bankruptcy Court
### District of South Carolina

In re    **Joseph Robert Guernsey**                          Case No.

                                     Debtor(s)        Chapter    **7**

## CERTIFICATION VERIFYING CREDITOR MATRIX

      The above named debtor, or attorney for the debtor if applicable, hereby certifies pursuant to South Carolina Local Bankruptcy Rule 1007-1 that the master mailing list of creditors submitted either on computer diskette, electronically filed via CM/ECF, or conventionally filed in a typed hard copy scannable format which has been compared to, and contains identical information to, the debtor's schedules, statements and lists which are being filed at this time or as they currently exist in draft form.

      Master mailing list of creditors submitted via:

           (a)     _____ computer diskette

           (b)     _____ scannable hard copy
(number of sheets submitted _____)

           (c)    __**X**__ electronic version filed via CM/ECF

Date:    **April 4, 2008**                  **/s/ Joseph Robert Guernsey**

                                             **Joseph Robert Guernsey**
                                             Signature of Debtor

# United States Bankruptcy Court
### District of South Carolina

In re   **Joseph Robert Guernsey**      Case No. _____

                 Debtor(s)      Chapter   **7**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.   Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | **7,000.00** |
| Prior to the filing of this statement I have received | $ | **7,000.00** |
| Balance Due | $ | **0.00** |

2.   The source of the compensation paid to me was:

     ■ Debtor      ☐ Other (specify):

3.   The source of compensation to be paid to me is:

     ■ Debtor      ☐ Other (specify):

4.   ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

     ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5.   In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:
     a.   Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
     b.   Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
     c.   Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
     d.   [Other provisions as needed]

6.   By agreement with the debtor(s), the above-disclosed fee does not include the following service:
     **Unanticipated work or representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding.**

---

### CERTIFICATION

     I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:   **April 4, 2008** _____      **/s/ R. Michael Drose** _____
                                                  **R. Michael Drose 609**
                                                  **Drose Law Firm**
                                                  **3955 Faber Place Drive, Suite 103**
                                                  **Charleston, SC 29405**
                                                  **843-767-8888 Fax: 843-767-3290**
                                                  **drose@droselaw.com**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF   SOUTH CAROLINA

In re:                                  §
                                        §
GUERNSEY, JOSEPH ROBERT                  §       Case No. 08-02004 DRD
                                        §
            Debtor(s)                   §

## CHAPTER 7 TRUSTEE'S FINAL ACCOUNT AND DISTRIBUTION REPORT CERTIFICATION THAT THE ESTATE HAS BEEN FULLY ADMINISTERED AND APPLICATION TO BE DISCHARGED (TDR)

KEVIN CAMPBELL, chapter 7 trustee, submits this Final Account, Certification that the Estate has been Fully Administered and Application to be Discharged.

1) All funds on hand have been distributed in accordance with the Trustee's Final Report and, if applicable, any order of the Court modifying the Final Report. The case is fully administered and all assets and funds which have come under the trustee's control in this case have been properly accounted for as provided by law. The trustee hereby requests to be discharged from further duties as a trustee.

2) A summary of assets abandoned, assets exempt, total distributions to claimants, claims discharged without payment, and expenses of administration is provided below:

| | |
|---|---|
| Assets Abandoned: 2,300.00<br>*(Without deducting any secured claims)* | Assets Exempt: 3,250.00 |
| Total Distributions to Claimants:  7,393.22 | Claims Discharged<br>Without Payment:  1,921,716.41 |
| Total Expenses of Administration:  11,602.75 | |

3) Total gross receipts of $ 18,995.97  (see **Exhibit 1**), minus funds paid to the debtor and third parties of $ 0.00  (see **Exhibit 2**), yielded net receipts of $ 18,995.97  from the liquidation of the property of the estate, which was distributed as follows:

|                                                              | CLAIMS SCHEDULED | CLAIMS ASSERTED | CLAIMS ALLOWED | CLAIMS PAID |
|--------------------------------------------------------------|------------------|-----------------|----------------|-------------|
| SECURED CLAIMS (from **Exhibit 3**)                          | $ 531,359.00     | $ 255,957.65    | $ 255,957.65   | $ 0.00      |
| PRIORITY CLAIMS: CHAPTER 7 ADMIN. FEES AND CHARGES (from **Exhibit 4**) | NA   | 24,565.11       | 11,602.75      | 11,602.75   |
| PRIOR CHAPTER ADMIN. FEES AND CHARGES (from **Exhibit 5**)   | NA               | NA              | NA             | NA          |
| PRIORITY UNSECURED CLAIMS (from **Exhibit 6**)               | 69,986.00        | 13,626.48       | 13,626.48      | 7,393.22    |
| GENERAL UNSECURED CLAIMS (from **Exhibit 7**)                | 2,452,089.00     | 1,935,566.86    | 1,935,566.86   | 0.00        |
| **TOTAL DISBURSEMENTS**                                      | $ 3,053,434.00   | $ 2,229,716.10  | $ 2,216,753.74 | $ 18,995.97 |

4) This case was originally filed under chapter 7 on  04/04/2008 .  The case was pending for 50 months.

5) All estate bank statements, deposit slips, and canceled checks have been submitted to the United States Trustee.

6) An individual estate property record and report showing the final accounting of the assets of the estate is attached as **Exhibit 8**.  The cash receipts and disbursements records for each estate bank account, showing the final accounting of the receipts and disbursements of estate funds is attached as **Exhibit 9**.

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Dated:  05/07/2012                     By:/s/KEVIN CAMPBELL
                                                        Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

# EXHIBITS TO
# FINAL ACCOUNT

## EXHIBIT 1 – GROSS RECEIPTS

| DESCRIPTION | UNIFORM TRAN. CODE[1] | $ AMOUNT RECEIVED |
|---|---|---|
| 2007 INCOME TAX REFUND OF $4,421 SUBJECT TO AN | 1124-000 | 3,265.76 |
| WACCAMAW BANK SAVINGS ACCOUNT - ESTIMATED BALANCE | 1129-000 | 2,515.50 |
| YEAR 2005  FEDERAL INCOME TAX REFUND | 1224-000 | 6,057.48 |
| YEAR 2006 FEDERAL INCOME TAX REFUND | 1224-000 | 7,153.53 |
| Post-Petition Interest Deposits | 1270-000 | 3.70 |
| **TOTAL GROSS RECEIPTS** | | **$ 18,995.97** |

[1]The Uniform Transaction Code is an accounting code assigned by the trustee for statistical reporting purposes.

## EXHIBIT 2 – FUNDS PAID TO DEBTOR & THIRD PARTIES

| PAYEE | DESCRIPTION | UNIFORM TRAN. CODE | $ AMOUNT PAID |
|---|---|---|---|
| NA | | NA | NA |
| **TOTAL FUNDS PAID TO DEBTOR & THIRD PARTIES** | | | **$ 0.00** |

## EXHIBIT 3 – SECURED CLAIMS

| CLAIM NO. | CLAIMANT | UNIFORM TRAN. CODE | CLAIMS SCHEDULED (from Form 6D) | CLAIMS ASSERTED | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|---|
| 000007 | RALPH JONES AND CHARLIE FLOYD | 4110-000 | 250,000.00 | 213,640.00 | 213,640.00 | 0.00 |
| 000006 | RALPH JONES AND CHARLIE FLOYD | 4210-000 | 250,000.00 | 30,000.00 | 30,000.00 | 0.00 |
| 000017 | RODDY DICKINSON HORRY COUNTY TREASU | 4700-000 | 31,359.00 | 12,317.65 | 12,317.65 | 0.00 |
| TOTAL SECURED CLAIMS | | | $ 531,359.00 | $ 255,957.65 | $ 255,957.65 | $ 0.00 |

## EXHIBIT 4 – CHAPTER 7 ADMINISTRATIVE FEES and CHARGES

| PAYEE | UNIFORM TRAN. CODE | CLAIMS SCHEDULED | CLAIMS ASSERTED | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|
| KEVIN CAMPBELL, TRUSTEE | 2100-000 | NA | 2,649.57 | 2,649.57 | 2,649.57 |
| KEVIN CAMPBELL, TRUSTEE | 2200-000 | NA | 209.48 | 209.48 | 209.48 |
| CAMPBELL LAW FIRM, P.A. | 2300-000 | NA | 2.47 | 2.47 | 2.47 |
| CAMPBELL LAW FIRM, P.A. | 2300-000 | NA | 4.79 | 4.79 | 4.79 |
| CAMPBELL LAW FIRM, P.A. | 2300-000 | NA | 6.06 | 6.06 | 6.06 |
| CAMPBELL LAW FIRM, P.A. | 2700-000 | NA | 250.00 | 250.00 | 250.00 |
| CAMPBELL LAW FIRM, P.A. | 2700-000 | NA | 250.00 | 250.00 | 250.00 |
| CAMPBELL LAW FIRM, P.A. | 3110-000 | NA | 15,702.50 | 3,865.07 | 3,865.07 |
| CAMPBELL LAW FIRM, P.A. | 3120-000 | NA | 168.94 | 168.94 | 168.94 |

| PAYEE | UNIFORM TRAN. CODE | CLAIMS SCHEDULED | CLAIMS ASSERTED | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|
| DAVID R. FISCHBEIN | 3310-000 | NA | 4,990.00 | 3,865.07 | 3,865.07 |
| DAVID R. FISCHBEIN | 3420-000 | NA | 331.30 | 331.30 | 331.30 |
| TOTAL CHAPTER 7 ADMIN. FEES AND CHARGES | | $ NA | $ 24,565.11 | $ 11,602.75 | $ 11,602.75 |

## EXHIBIT 5 – PRIOR CHAPTER ADMINISTRATIVE FEES and CHARGES

| PAYEE | UNIFORM TRAN. CODE | CLAIMS SCHEDULED | CLAIMS ASSERTED | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|
| NA | NA | NA | NA | NA | NA |
| TOTAL PRIOR CHAPTER ADMIN. FEES AND CHARGES | | $ NA | $ NA | $ NA | $ NA |

## EXHIBIT 6 – PRIORITY UNSECURED CLAIMS

| CLAIM NO. | CLAIMANT | UNIFORM TRAN. CODE | CLAIMS SCHEDULED (from Form 6E) | CLAIMS ASSERTED (from Proofs of Claim) | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|---|
| 000027B | DEPARTMENT OF THE TREASURY | 5800-000 | 9,254.00 | 931.31 | 931.31 | 0.00 |
| 000027C | DEPARTMENT OF THE TREASURY | 5800-000 | 9,254.00 | 0.00 | 0.00 | 0.00 |
| 000015B | SC DEPARTMENT OF REVENUE | 5800-000 | 51,478.00 | 12,695.17 | 12,695.17 | 7,393.22 |
| TOTAL PRIORITY UNSECURED CLAIMS | | | $ 69,986.00 | $ 13,626.48 | $ 13,626.48 | $ 7,393.22 |

## EXHIBIT 7 – GENERAL UNSECURED CLAIMS

| CLAIM NO. | CLAIMANT | UNIFORM TRAN. CODE | CLAIMS SCHEDULED (from Form 6F) | CLAIMS ASSERTED (from Proofs of Claim) | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|---|
| 000012 | ALLTEL COMMUNICATIONS | 7100-000 | 561.00 | 561.93 | 561.93 | 0.00 |
| 000022 | AUTOMOTIVE FINANCE CORPORATION | 7100-000 | 75,000.00 | 67,494.71 | 67,494.71 | 0.00 |
| 000002 | CAPITAL RECOVERY II, TRANSFEREE | 7100-000 | 1,691.00 | 1,756.09 | 1,756.09 | 0.00 |
| 000004 | CAROLINA TRUST FEDERAL CREDIT UNION | 7100-000 | 5,422.00 | 5,504.37 | 5,504.37 | 0.00 |
| 000013 | FIRST CITIZENS BANK | 7100-000 | 5,501.00 | 5,274.21 | 5,274.21 | 0.00 |
| 000009 | FLEX FUND FINANCIAL SERVICES LLC | 7100-000 | 1,250,000.00 | 1,034,013.00 | 1,034,013.00 | 0.00 |
| 000021 | GEORGETOWN HOSPITAL SYSTEM | 7100-000 | 99,262.00 | 9,262.05 | 9,262.05 | 0.00 |
| 000008 | HANOVER INSURANCE COMPANY | 7100-000 | NA | 30,000.00 | 30,000.00 | 0.00 |
| 000010 | HORRY COUNTY EMERGENCY MEDICAL SERV | 7100-000 | 564.00 | 564.00 | 564.00 | 0.00 |

| CLAIM NO. | CLAIMANT | UNIFORM TRAN. CODE | CLAIMS SCHEDULED (from Form 6F) | CLAIMS ASSERTED (from Proofs of Claim) | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|---|
| 000016 | HORRY COUNTY STATE BANK | 7100-000 | 156,000.00 | 160,348.63 | 160,348.63 | 0.00 |
| 000011A | IMPERIAL AUTO AUCTION | 7100-000 | 250,000.00 | 12,230.51 | 12,230.51 | 0.00 |
| 000011B | IMPERIAL AUTO AUCTION | 7100-000 | 250,000.00 | 254,255.08 | 254,255.08 | 0.00 |
| 000018 | MONTE GRANDON | 7100-000 | 50,000.00 | 60,000.00 | 60,000.00 | 0.00 |
| 000003 | SC STUDENT LOAN CORPORATION | 7100-000 | 19,517.00 | 20,083.71 | 20,083.71 | 0.00 |
| 000023 | STANLEY E. PARKER | 7100-000 | 100,000.00 | 120,000.00 | 120,000.00 | 0.00 |
| 000020 | STEVE AND SUZANNE MACKLEN | 7100-000 | 100,000.00 | 115,000.00 | 115,000.00 | 0.00 |
| 000019 | THE SUN NEWS | 7100-000 | 2,328.00 | 2,326.20 | 2,326.20 | 0.00 |
| 000001 | WASTE INDUSTRIES | 7100-000 | 310.00 | 309.28 | 309.28 | 0.00 |
| 000005 | WILKINS FINANCIAL SERVICES | 7100-000 | 595.00 | 627.89 | 627.89 | 0.00 |
| 000014 | ZURICH | 7100-000 | NA | 7,981.42 | 7,981.42 | 0.00 |
| 000025 | BP | 7200-000 | 939.00 | 1,130.20 | 1,130.20 | 0.00 |
| 000026 | MYRTLE BEACH CHEVROLET | 7200-000 | 4,767.00 | 4,846.86 | 4,846.86 | 0.00 |

| CLAIM NO. | CLAIMANT | UNIFORM TRAN. CODE | CLAIMS SCHEDULED (from Form 6F) | CLAIMS ASSERTED (from Proofs of Claim) | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|---|
| 000024 | THORNHILL WHOLESALE | 7200-000 | 18,900.00 | 19,900.00 | 19,900.00 | 0.00 |
| 000027A | DEPARTMENT OF THE TREASURY | 7300-000 | 9,254.00 | 238.09 | 238.09 | 0.00 |
| 000015A | SC DEPARTMENT OF REVENUE | 7300-000 | 51,478.00 | 1,858.63 | 1,858.63 | 0.00 |
| TOTAL GENERAL UNSECURED CLAIMS | | | $ 2,452,089.00 | $ 1,935,566.86 | $ 1,935,566.86 | $ 0.00 |

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page: 1

Exhibit 8

| | | |
|---|---|---|
| Case No: | 08-02004  DRD  Judge: DAVID R. DUNCAN, JUDGE | Trustee Name:  KEVIN CAMPBELL |
| Case Name: | GUERNSEY, JOSEPH ROBERT | Date Filed (f) or Converted (c):  04/04/08 (f) |
| | | 341(a) Meeting Date:  05/28/08 |
| For Period Ending: 05/07/12 | | Claims Bar Date:  09/02/08 |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|
| Asset Description<br>(Scheduled and Unscheduled (u) Property) | Petition/<br>Unscheduled<br>Values | Estimated Net Value<br>(Value Determined<br>by Trustee, Less<br>Liens, Exemptions,<br>and Other Costs) | Property<br>Abandoned<br>OA=554(a)<br>DA=554(c) | Sale/Funds<br>Received by<br>the Estate | Asset Fully<br>Adm (FA)/<br>Gross Value of<br>Remain Assets | Lien<br>Amount | Exempt<br>Amount |
| 1. WACCAMAW BANK SAVINGS<br>ACCOUNT - ESTIMATED BALANCE<br>  AT THE TIME OF FILING. (RECEIVED<br>NON-EXEMPT FUNDS)  [WACHOVIA BANK<br>SAVINGS ACCOUNT WAS STATED ON THE<br>DEBTOR'S ORIGINAL FILED SCHEDULES]<br>Debtor Claimed Exemption | 3,500.00 | 2,500.00 | | 2,515.50 | FA | 0.00 | 1,000.00 |
| 2. FIRST CITIZENS BANK CHECKING<br>ACCOUNT - ESTIMATED<br>  BALANCE AT TIME OF FILING.  THERE WAS<br>INSUFFICIENT VALUE TO BENEFIT THE<br>ESTATE; THE TRUSTEE ABANDONS NOW. | 0.00 | 0.00 | DA | 0.00 | FA | 0.00 | 0.00 |
| 3. HOUSEHOLD GOODS AND<br>FURNISHINGS<br>  THERE WAS INSUFFICIENT VALUE TO<br>BENEFIT THE ESTATE; THE TRUSTEE<br>ABANDONS NOW.<br>Debtor Claimed Exemption | 2,000.00 | 0.00 | DA | 0.00 | FA | 0.00 | 2,000.00 |
| 4. WEARING APPAREL<br>  THERE WAS INSUFFICIENT VALUE TO<br>BENEFIT THE ESTATE; THE TRUSTEE<br>ABANDONS NOW.<br>Debtor Claimed Exemption | 200.00 | 0.00 | DA | 0.00 | FA | 0.00 | 200.00 |
| 5. WATCH<br>  THERE WAS INSUFFICIENT VALUE TO<br>BENEFIT THE ESTATE; THE TRUSTEE<br>ABANDONS NOW.<br>Debtor Claimed Exemption | 50.00 | 0.00 | DA | 0.00 | FA | 0.00 | 50.00 |
| 6. GOLF CLUBS<br>  THERE WAS INSUFFICIENT VALUE TO<br>BENEFIT THE ESTATE; THE TRUSTEE<br>ABANDONS NOW. | 50.00 | 0.00 | DA | 0.00 | FA | 0.00 | 0.00 |
| 7. 2007 INCOME TAX REFUND OF $4,421<br>SUBJECT TO AN<br>  OFFSET BY THE INTERNAL REVENUE<br>SERVICE. (AN APPLICATION FOR TENTATIVE<br>REFUND WAS FILED WITH THE IRS). | 4,421.00 | 3,265.76 | | 3,265.76 | FA | 0.00 | 0.00 |

FORM 1
Page: 2

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Exhibit 8

| Case No: | 08-02004 | DRD | Judge: DAVID R. DUNCAN, JUDGE |
| Case Name: | GUERNSEY, JOSEPH ROBERT | | |

Trustee Name:   KEVIN CAMPBELL
Date Filed (f) or Converted (c):   04/04/08 (f)
341(a) Meeting Date:   05/28/08
Claims Bar Date:   09/02/08

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=554(a) DA=554(c) | Sale/Funds Received by the Estate | Asset Fully Adm (FA)/ Gross Value of Remain Assets | Lien Amount | Exempt Amount |
| 8. 2007 INCOME TAX REFUND OF $1,657 SUBJECT TO AN OFFSET BY THE SC DEPARTMENT OF REVENUE. (AN APPLICATION FOR TENTATIVE REFUND WAS FILED WITH THE SCDOR). (THE RESPONSE FROM THE STATE WAS THAT THE ESTATE WAS NOT ENTITLED TO A REFUND) .THERE WAS INSUFFICIENT VALUE TO BENEFIT THE ESTATE; THE TRUSTEE ABANDONS NOW. | 0.00 | 0.00 | DA | 0.00 | FA | 0.00 | 0.00 |
| 9. VOID (u) | Unknown | 0.00 | | 0.00 | FA | 0.00 | 0.00 |
| 10. Post-Petition Interest Deposits (u) | Unknown | 3.70 | | 3.70 | FA | 0.00 | 0.00 |
| 11. POSSIBLE CLAIM AGAINST ROBERT JOLLY (u) THERE WAS INSUFFICIENT VALUE TO BENEFIT THE ESTATE; THE TRUSTEE ABANDONS NOW. | Unknown | Unknown | DA | 0.00 | FA | 0.00 | 0.00 |
| 12. YEAR 2005  FEDERAL INCOME TAX REFUND (u) | 6,057.48 | 6,057.48 | | 6,057.48 | FA | 0.00 | 0.00 |
| 13. YEAR 2006 FEDERAL INCOME TAX REFUND (u) | 7,153.53 | 7,153.53 | | 7,153.53 | FA | 0.00 | 0.00 |
| TOTALS (Excluding Unknown Values) | $23,432.01 | $18,980.47 | | $18,995.97 | $0.00 | $0.00 | $3,250.00 |

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

RE:JOSEPH ROBERT GUERNSEY
B/K CASE NO. 08-02004-DD
OUR FILE NO. 08-0841T

FINAL REPORT CASE HISTORY

    JOSEPH ROBERT GUERNSEY (HEREINAFTER REFERRED TO AS THE "DEBTOR"), FILED FOR CHAPTER 7 BANKRUPTCY PURSUANT TO TITLE 11 OF THE UNITED STATES CODE ON APRIL 4, 2008.  KEVIN CAMPBELL, (HEREINAFTER REFERRED TO AS THE "TRUSTEE"), WAS DULY APPOINTED AS THE INTERIM CHAPTER 7 TRUSTEE,  WHOSE APPOINTMENT BECAME PERMANENT AT THE MEETING OF CREDITORS HELD ON MAY 28, 2008, AND CONTINUED ON JULY 23, 2008.  THIS CASE WAS EVENTUALLY DECLARED TO BE AN ASSET CASE.

FOR PERIOD

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page:    3

Exhibit 8

| | | |
|---|---|---|
| Case No: | 08-02004    DRD    Judge: DAVID R. DUNCAN, JUDGE | |
| Case Name: | GUERNSEY, JOSEPH ROBERT | |

| | |
|---|---|
| Trustee Name:    KEVIN CAMPBELL | |
| Date Filed (f) or Converted (c): | 04/04/08 (f) |
| 341(a) Meeting Date: | 05/28/08 |
| Claims Bar Date: | 09/02/08 |

KEVIN CAMPBELL AND HIS STAFF WILL BE HEREINAFTER COLLECTIVELY REFERRED TO AS THE "TRUSTEE", ALTHOUGH ATTACHED TO THIS FINAL REPORT IS A STATEMENT WHICH PARTICULARLY SETS FORTH THE WORK DONE BY THE TRUSTEE AND HIS INDIVIDUAL STAFF MEMBERS.

THE TRUSTEE RETAINED THE CAMPBELL LAW FIRM, P.A., (HEREINAFTER REFERRED TO AS THE "FIRM"), AS ATTORNEY FOR THE TRUSTEE AND THE ESTATE.  THE APPOINTMENT OF THE FIRM WAS FILED WITH THE COURT ON MAY 23, 2008, AND FORMALLY APPROVED BY COURT ORDER ENTERED ON JUNE 3, 2008. THE FIRM, AS ATTORNEY FOR THE TRUSTEE AND THE ESTATE, SHALL COLLECTIVELY INCLUDE THE ATTORNEYS AND THE STAFF MEMBERS OF THE FIRM, ALTHOUGH ATTACHED TO THIS FINAL REPORT IS A STATEMENT WHICH MORE PARTICULARLY SETS FORTH THE WORK PERFORMED BY THE INDIVIDUAL ATTORNEYS AND STAFF OF THE FIRM.

GENERAL CASE ADMINISTRATION.

PRIOR TO THE MEETING OF CREDITORS, THE TRUSTEE REVIEWED THE DEBTOR'S  SCHEDULES, STATEMENTS AND OTHER DOCUMENTS FILED WITH THE COURT.  HE ALSO REVIEWED ADDITIONAL FINANCIAL  INFORMATION PRIOR TO THE MEETING OF CREDITORS.  AT THE MEETING OF CREDITORS,  THE DEBTOR TESTIFIED CONCERNING HIS BUSINESS AFFAIRS.  ALSO, AT THE MEETING, THE TRUSTEE REQUESTED ADDITIONAL BOOKS AND RECORDS.

THE FIRM REVIEWED THE DEBTORS' SCHEDULES, STATEMENTS AND OTHER DOCUMENTS FILED WITH THE COURT, RECORDS AT THE SOUTH CAROLINA SECRETARY OF STATE'S OFFICE, HORRY COUNTY CLERK OF COURT, AS WELL AS THE FINANCIAL RECORDS PROVIDED BY THE DEBTOR.  THE TRUSTEE HAD REVIEWED THE DEBTOR'S FINANCIAL ACCOUNTS AND DETERMINED THAT ADDITIONAL INFORMATION WAS NEEDED.  THE TRUSTEE DIRECTED THE FIRM TO CONTINUE THE INVESTIGATION INTO THIS MATTER.

EARLY IN THIS CASE THERE WERE CONCERNS OVER THE BUSINESS ACTIVITY OF SOUTHERN AUTO SALES.  WITH THAT BUSINESS, THE DEBTOR HAD PURPORTEDLY SOLD NUMEROUS VEHICLES OUT OF TRUST AND HAD FAILED TO SATISFY LIENS WHEN RE-SELLING TRADE-IN VEHICLES.  THE FIRM EVALUATED THE BOOKS AND RECORDS AND DETERMINED THAT THERE WERE NO FRAUDULENT CONVEYANCES TO THE DEBTOR OR OTHER THIRD PARTIES.  IT WAS JUST A BAD BUSINESS ENVIRONMENT THAT CAUSED THE FINANCIAL PROBLEMS FOR THE BUSINESS AND NOT IMPROPER PAYMENTS TO THE PRINCIPAL OR THIRD PARTIES.

IN REVIEWING THE COUNTY RECORDS, THE FIRM DETERMINED THAT PRIOR TO THE FILING OF THE BANKRUPTCY CASE THE DEBTOR, IN AN APPARENT ATTEMPT TO FRUSTRATE MORTGAGE CREDITORS, HAD CONVEYED NUMEROUS PARCELS OF REAL PROPERTY TO AN INDIVIDUAL BY THE NAME OF ROBERT JOLLY.  THROUGH PREVIOUS DEALINGS WITH MR. JOLLY, IT WAS APPARENT THAT THE DEBTOR, FOR THE SOLE PURPOSE OF DELAYING THE CREDITORS, HAD CONVEYED, FOR NO CONSIDERATION, THE PROPERTIES TO MR. JOLLY.  AS A RESULT, AT THE DIRECTION OF THE TRUSTEE, THE FIRM FILED AN ADVERSARY PROCEEDING SEEKING THE DENIAL OF THE DEBTOR'S DISCHARGE.  THROUGH A DEFAULT ORDER, THE DEBTOR WAS DENIED HIS DISCHARGE.

THE TRUSTEE, AS PART OF HIS NORMAL REVIEW PROCESS, EXAMINED THE DEBTOR'S PERSONAL AND BUSINESS TAX RETURNS AND DETERMINED THAT THERE MAY BE A LOSS CARRY-BACK AVAILABLE FOR THE BENEFIT OF THE ESTATE.  THE TRUSTEE DIRECTED HIS ACCOUNTANT TO CONDUCT A MORE THOROUGH REVIEW AND ANALYZE WHETHER AMENDED RETURNS WERE WARRANTED.

THE ACCOUNTANT DETERMINED THAT THERE WAS A SIGNIFICANT LOSS CARRY-BACK AVAILABLE AND PREPARED THE NECESSARY RETURNS.  ON NOVEMBER 14, 2008, AND ON SEPTEMBER 8,2009, THE TRUSTEE SUBMITTED THOSE RETURNS TO THE RESPECTIVE FEDERAL AND STATE TAXING AUTHORITIES FOR ACCEPTANCE.  AFTER SEVERAL MONTHS, AND SEVERAL ATTEMPTS BY THE TRUSTEE TO DETERMINE THE STATUS OF THE FEDERAL RETURNS, THE FIRM WAS REQUESTED TO CONTINUE THE COLLECTION EFFORTS OF THIS POTENTIAL REFUND.

FOR PAGE 12 OF 96

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page:   4

Exhibit 8

| | | | | | |
|---|---|---|---|---|---|
| Case No: | 08-02004 | DRD | Judge: DAVID R. DUNCAN, JUDGE | Trustee Name: | KEVIN CAMPBELL |
| Case Name: | GUERNSEY, JOSEPH ROBERT | | | Date Filed (f) or Converted (c): | 04/04/08 (f) |
| | | | | 341(a) Meeting Date: | 05/28/08 |
| | | | | Claims Bar Date: | 09/02/08 |

OVER APPROXIMATELY THE NEXT YEAR, THE FIRM WAS IN CONSTANT CONTACT WITH THE IRS TRYING TO DETERMINE THE STATUS OF THE REFUNDS.  INITIALLY, THE FIRM WAS ADVISED BY IRS OFFICIALS THAT THE RETURNS WERE BEING PROCESSED.  AFTER SEVERAL MONTHS, THE FIRM CONTACTED LOCAL COUNSEL FOR THE IRS TO SEEK THEIR ASSISTANCE IN THIS MATTER.  EVENTUALLY, IT WAS DETERMINED THAT, IN FACT, THE IRS HAD "LOST" THE RETURNS, BUT FAILED TO LET ANYONE KNOW THAT THEY WERE MISSING.  AS A RESULT, THE TRUSTEE'S ACCOUNTANT PREPARED A NEW SET OF TAX RETURNS, WHICH WERE FORWARDED TO A "PERSON IN CHARGE" AT THE IRS WHO WAS TO REVIEW THE RETURNS.  AGAIN, THERE WAS A CONSIDERABLE DELAY BY THE IRS IN THE RETURNS  BEING PROCESSED.  AFTER CONSIDERABLE MORE MONTHS, AGAIN WITH NO APPARENT SIGNIFICANT ACTION BY THE IRS, THE TRUSTEE REQUESTED THE FIRM TO FILE AN ADVERSARY PROCEEDING SEEKING A PROMPT DETERMINATION ON THE TAX RETURNS AND DEMANDING A TURNOVER OF THE REFUND.

THE FIRM DRAFTED AND FILED THE LAWSUIT ON DECEMBER 15, 2010.  WITHIN THE TIME TO FILE AN ANSWER, THE FIRM RECEIVED ADDITIONAL CONTACT FROM COUNSEL FOR THE IRS, WHO INSISTED THAT THE RETURNS HAS BEEN RECEIVED AND WERE BEING REVIEWED.  AS SUCH, THE FIRM AGREED TO GIVE THE IRS AN EXTENSION OF TIME TO FILE AN ANSWER.  SHORTLY THEREAFTER, THE IRS ACKNOWLEDGED THAT IT HAD AGAIN MISPLACED THE RETURNS AND REQUESTED THAT NEW RETURNS BE SUBMITTED, WHICH THE TRUSTEE PROMPTLY PROVIDED.  ADDITIONAL WEEKS WENT BY WITHOUT SIGNIFICANT MOVEMENT, DESPITE REPEATED INQUIRIES BY THE FIRM.  EVENTUALLY, ON A CONFERENCE CALL, REPRESENTATIVES FROM THE IRS INDICATED FOR THE FIRST TIME THAT THERE WAS A PREVIOUSLY UNDISCLOSED CREDIT WHICH CHANGED THE AMOUNTS ON THE TRUSTEE'S RETURN.  THE FIRM OBTAINED THE "CORRECT" INFORMATION AND THE TRUSTEE PROMPTLY RE-SUBMITTED THE RETURNS.  DURING THIS CONVERSATION, THE IRS INDICATED THAT IT WOULD PROMPTLY SEND BACK THE RETURNS WITH A COVER LETTER EXPLAINING THE DISCREPANCY.  AS OF THIS DATE, THE TRUSTEE HAS STILL NOT RECEIVED THE "REJECTED" RETURN OR THE COVER LETTER OF EXPLANATION.

THE TRUSTEE SUBSEQUENTLY RECEIVED NOTIFICATION FROM THE IRS THAT THE MOST RECENT RETURNS HAD BEEN ACCEPTED AND THAT THE REFUNDS WOULD BE QUICKLY PROCESSED.  THE FIRM CONTINUED TO FOLLOW-UP WITH THE IRS TO INSURE THAT THE REFUNDS WERE PROMPTLY SUBMITTED.  FINALLY, ON JUNE 27,  2011,  THE TRUSTEE FINALLY RECEIVED THE 2005 AND 2006 TAX REFUND CHECKS, TOTALING $13,211.01, WHICH WERE DEPOSITED INTO THE ESTATE'S ACCOUNT.

FOR REASONS UNKNOWN TO THE TRUSTEE, WHAT SHOULD HAVE BEEN A RELATIVELY SIMPLE FILING OF AN AMENDED TAX RETURN FOR A LOSS CARRY BACK BECAME EXTREMELY COMPLICATED AND REQUIRED LITIGATION TO EXPEDITE THE PROCESSING OF THE RETURN.

ACCOUNTANT.

THE TRUSTEE EMPLOYED DAVID R. FISCHBEIN AS ACCOUNTANT FOR THE ESTATE.  HIS APPOINTMENT WAS APPROVED BY COURT ORDER ENTERED AUGUST 14, 2008, PURSUANT TO APPLICATION FILED ON JULY 31, 2008.  HE REVIEWED THE DEBTOR'S BOOKS, RECORDS, AND TAX RETURNS FOR ADDITIONAL ASSETS, TAX REFUNDS, AND ANY TAX LIABILITY FOR WHICH THE ESTATE MIGHT BE RESPONSIBLE.  HE REVIEWED THE TRUSTEE'S FILE AND THE DEBTOR'S SCHEDULES.  THE ACCOUNTANT PREPARED ALL OF THE REQUIRED ESTATE INCOME TAX RETURNS THAT HAVE BEEN FILED WITH THE APPROPRIATE TAXING AUTHORITIES.

CONCLUSION.

THE TRUSTEE EXAMINED THE CLAIMS THAT WERE FILED IN THIS CASE AND MADE THE APPROPRIATE RECOMMENDATIONS.  THE TRUSTEE THEN PREPARED HIS FINAL REPORT.

THE TRUSTEE'S PROFESSIONALS WERE APPROVED BY THE COURT UPON PROPER APPLICATION.

03/31/11 - ON SEVERAL SEPARATE OCCASIONS, THE TRUSTEE SUBMITTED AMENDED TAX RETURNS IN AN ATTEMPT TO CARRY CERTAIN LOSSES BACK.  HAVING NOT RECEIVED ANY RESPONSE FROM THE IRS, THE TRUSTEE FILED AN

FORM 1

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page: 5

Exhibit 8

| | | |
|---|---|---|
| Case No: | 08-02004 DRD Judge: DAVID R. DUNCAN, JUDGE | Trustee Name: KEVIN CAMPBELL |
| Case Name: | GUERNSEY, JOSEPH ROBERT | Date Filed (f) or Converted (c): 04/04/08 (f) |
| | | 341(a) Meeting Date: 05/28/08 |
| | | Claims Bar Date: 09/02/08 |

ADVERSARY PROCEEDING SEEKING THE TURNOVER OF THE TAX REFUND. AT THAT TIME, THE IRS ASSERTED THAT THE RETURNS HAD BEEN REJECTED AND RETURNED TO THE TRUSTEE. THE TRUSTEE WAS NEVER ADVISED THAT THERE WERE ANY PROBLEMS WITH THE RETURNS. THE TRUSTEE PREPARED AND FILED NEW AMENDED RETURNS AS REQUESTED BY THE IRS. THE IRS ACKNOWLEDGED RECEIPT OF THE RETURNS AND THEY ARE BEING PROCESSED. IN THE INTERIM, THE TRUSTEE AND THE IRS HAVE ENTERED INTO A "REUBEN" ORDER ON THE ADVERSARY PROCEEDING. IT IS BELIEVED THAT THE IRS SHOULD PROCESS THE REFUND WITHIN THE NEXT SIX MONTHS, WHICH WILL ALLOW THE CASE TO BE CLOSED AT THAT TIME.


NOTE: ASSET #9 WAS VOIDED DUE TO AN ENTRY ERROR. THE PROGRAM DELETES THE COMPLETE ENTRY, STATES THAT THE ASSET WAS "UNSCHEDULED/UNKNOWN", THE TRUSTEE VALUE WAS "KNOWN", THE ASSET WAS NOT ABANDONED, AND CHECKS THE BOX (FA) "FULLY ADMINISTERED". ONCE THE "VOID" IS MADE, IT IS "GREYED OUT" AND CANNOT BE CHANGED.


Initial Projected Date of Final Report (TFR): 05/31/09          Current Projected Date of Final Report (TFR): 07/12/11

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit 9

| | |
|---|---|
| Case No: | 08-02004 -DRD |
| Case Name: | GUERNSEY, JOSEPH ROBERT |
| Taxpayer ID No: | *******2408 |
| For Period Ending: | 05/07/12 |

| | |
|---|---|
| Trustee Name: | KEVIN CAMPBELL |
| Bank Name: | BANK OF AMERICA |
| Account Number / CD #: | *******3649  Checking - Non Interest |
| Blanket Bond (per case limit): | $  2,000,000.00 |
| Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| | | | BALANCE FORWARD | | | | 0.00 |
| C  09/22/08 | 1 | DOLORES M. GUERNSEY ROBERT J. GUERNSET 326 - 13TH AVENUE SOUTH SURFSIDE BEACH, SC 29575 | LIQUID ASSETS - NON-EXEMPT | 1129-000 | 2,515.50 | | 2,515.50 |
| C  09/30/08 | 10 | BANK OF AMERICA | Interest Rate  0.150 | 1270-000 | 0.08 | | 2,515.58 |
| C  10/31/08 | 10 | BANK OF AMERICA | Interest Rate  0.100 | 1270-000 | 0.24 | | 2,515.82 |
| C  11/28/08 | 10 | BANK OF AMERICA | Interest Rate  0.100 | 1270-000 | 0.20 | | 2,516.02 |
| C  12/31/08 | 10 | BANK OF AMERICA | Interest Rate  0.010 | 1270-000 | 0.13 | | 2,516.15 |
| C  01/22/09 | 000101 | CAMPBELL LAW FIRM, P.A. 890 JOHNNIE DODDS BOULEVARD P.O. BOX 684 MOUNT PLEASANT, SC 29465-0684 | REIMBURSEMENT FOR ADVERSARY COMPLAINT FILING FEE - NO 08-80257. | 2700-000 | | 250.00 | 2,266.15 |
| C  01/30/09 | 10 | BANK OF AMERICA | Interest Rate  0.010 | 1270-000 | 0.02 | | 2,266.17 |
| C  02/27/09 | 10 | BANK OF AMERICA | Interest Rate  0.010 | 1270-000 | 0.02 | | 2,266.19 |
| *C  03/04/09 | 000102 | MRSC INSURANCE PARTNERS, LLC 31500 BAINBRIDGE ROAD, SUITE 5 SOLON, OH 44139 | TRUSTEE BLANKET BOND PREMIUM INVOICE NO. 74909; ACCOUNT NO. CAMPB-5-1001 POLICY NO. 8215-38-72; FEDERAL INSURANCE CO. BOND TERM:  3/01/09--03/01/2010 ITEM NO. 739836 - $788.00. | 2300-003 | | 2.47 | 2,263.72 |
| *C  03/04/09 | 000102 | MRSC INSURANCE PARTNERS, LLC 31500 BAINBRIDGE ROAD, SUITE 5 SOLON, OH 44139 | TRUSTEE BLANKET BOND PREMIUM WRONG PAYEE; CHECK NOT PRINTED. | 2300-003 | | -2.47 | 2,266.19 |
| C  03/04/09 | 000103 | CAMPBELL LAW FIRM, P.A. 890 JOHNNIE DODDS BOULEVARD P.O. BOX 684 MOUNT PLEASANT, SC 29465-0684 | TRUSTEE BLANKET BOND PREMIUM BOND TERM 3/01/2009-3/01/2010 | 2300-000 | | 2.47 | 2,263.72 |
| C  03/31/09 | 10 | BANK OF AMERICA | Interest Rate  0.010 | 1270-000 | 0.02 | | 2,263.74 |
| C  04/30/09 | 10 | BANK OF AMERICA | Interest Rate  0.030 | 1270-000 | 0.05 | | 2,263.79 |
| C  05/29/09 | 10 | BANK OF AMERICA | Interest Rate  0.030 | 1270-000 | 0.05 | | 2,263.84 |
| C  06/30/09 | 10 | BANK OF AMERICA | Interest Rate  0.030 | 1270-000 | 0.06 | | 2,263.90 |

### ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

**Exhibit 9**

| | |
|---|---|
| Case No: | 08-02004  -DRD |
| Case Name: | GUERNSEY, JOSEPH ROBERT |
| | |
| Taxpayer ID No: | *******2408 |
| For Period Ending: | 05/07/12 |

| | |
|---|---|
| Trustee Name: | KEVIN CAMPBELL |
| Bank Name: | BANK OF AMERICA |
| Account Number / CD #: | *******3649  Checking - Non Interest |
| | |
| Blanket Bond (per case limit): | $ 2,000,000.00 |
| Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| C  07/31/09 | 10 | BANK OF AMERICA | Interest Rate  0.030 | 1270-000 | 0.06 | | 2,263.96 |
| C  08/31/09 | 10 | BANK OF AMERICA | Interest Rate  0.030 | 1270-000 | 0.06 | | 2,264.02 |
| C  09/30/09 | 10 | BANK OF AMERICA | Interest Rate  0.030 | 1270-000 | 0.06 | | 2,264.08 |
| C  10/05/09 | 7 | UNITED STATES TREASURY AUSTIN, TEXAS | YEAR 2007 TAX REFUND | 1124-000 | 3,265.76 | | 5,529.84 |
| C  10/30/09 | 10 | BANK OF AMERICA | Interest Rate  0.030 | 1270-000 | 0.12 | | 5,529.96 |
| C  11/30/09 | 10 | BANK OF AMERICA | Interest Rate  0.030 | 1270-000 | 0.14 | | 5,530.10 |
| C  12/31/09 | 10 | BANK OF AMERICA | Interest Rate  0.030 | 1270-000 | 0.14 | | 5,530.24 |
| C  01/29/10 | 10 | BANK OF AMERICA | Interest Rate  0.030 | 1270-000 | 0.13 | | 5,530.37 |
| C  02/25/10 | 000104 | CAMPBELL LAW FIRM, P.A. 890 JOHNNIE DODDS BOULEVARD P.O. BOX 684 MOUNT PLEASANT, SC 29465-0684 | TRUSTEE BOND PREMIUM BOND #8215-38-72 BOND TERM:  03/01/10 TO 03/01/11 SURETY:  FEDERAL INSURANCE COMPANY. | 2300-000 | | 4.79 | 5,525.58 |
| C  02/26/10 | 10 | BANK OF AMERICA | Interest Rate  0.030 | 1270-000 | 0.13 | | 5,525.71 |
| C  03/31/10 | 10 | BANK OF AMERICA | Interest Rate  0.030 | 1270-000 | 0.15 | | 5,525.86 |
| C  04/30/10 | 10 | BANK OF AMERICA | Interest Rate  0.030 | 1270-000 | 0.14 | | 5,526.00 |
| C  05/28/10 | 10 | BANK OF AMERICA | Interest Rate  0.030 | 1270-000 | 0.14 | | 5,526.14 |
| C  06/30/10 | 10 | BANK OF AMERICA | Interest Rate  0.030 | 1270-000 | 0.14 | | 5,526.28 |
| C  07/30/10 | 10 | BANK OF AMERICA | Interest Rate  0.030 | 1270-000 | 0.14 | | 5,526.42 |
| C  08/31/10 | 10 | BANK OF AMERICA | Interest Rate  0.030 | 1270-000 | 0.15 | | 5,526.57 |
| C  09/30/10 | 10 | BANK OF AMERICA | Interest Rate  0.030 | 1270-000 | 0.14 | | 5,526.71 |
| C  10/29/10 | 10 | BANK OF AMERICA | Interest Rate  0.030 | 1270-000 | 0.13 | | 5,526.84 |
| C  11/30/10 | 10 | BANK OF AMERICA | Interest Rate  0.030 | 1270-000 | 0.15 | | 5,526.99 |
| C  12/31/10 | 10 | BANK OF AMERICA | Interest Rate  0.030 | 1270-000 | 0.14 | | 5,527.13 |
| C  01/31/11 | 10 | BANK OF AMERICA | Interest Rate  0.030 | 1270-000 | 0.14 | | 5,527.27 |

PFORM2T4

Ver: 16.06a

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit 9

| | | |
|---|---|---|
| Case No: | 08-02004 -DRD | |
| Case Name: | GUERNSEY, JOSEPH ROBERT | |

| | |
|---|---|
| Trustee Name: | KEVIN CAMPBELL |
| Bank Name: | BANK OF AMERICA |
| Account Number / CD #: | *******3649 Checking - Non Interest |

| | |
|---|---|
| Taxpayer ID No: | *******2408 |
| For Period Ending: | 05/07/12 |

| | |
|---|---|
| Blanket Bond (per case limit): | $ 2,000,000.00 |
| Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| *C 02/07/11 | 000105 | CLERK, U.S. BANKRUPTCY COURT J. BRATTON DAVIS U. S. BANKRUPTCY COURTHOUSE 1100 LAUREL STREET COLUMBIA, SC 29201 | AVERSARY PROCEEDING FILING FEE CASE NO. 10-80180 - CAMPBELL, TRUSTEE V. UNITED STATES OF AMERICA | 2700-003 | | 250.00 | 5,277.27 |
| *C 02/07/11 | 000105 | CLERK, U.S. BANKRUPTCY COURT J. BRATTON DAVIS U. S. BANKRUPTCY COURTHOUSE 1100 LAUREL STREET COLUMBIA, SC 29201 | AVERSARY PROCEEDING FILING FEE CHECK PAYABLE TO WRONG PAYEE | 2700-003 | | -250.00 | 5,527.27 |
| C 02/07/11 | 000106 | CAMPBELL LAW FIRM, P.A. 890 JOHNNIE DODDS BOULEVARD P.O. BOX 684 MOUNT PLEASANT, SC 29465-0684 | ADVERSARY PROCEEDING FILING FEE CASE NO. 10-80180 - CAMPBELL, TRUSTEE V. UNITED STATES OF AMERICA REPAYMENT. | 2700-000 | | 250.00 | 5,277.27 |
| C 02/28/11 | 10 | BANK OF AMERICA | Interest Rate 0.010 | 1270-000 | 0.04 | | 5,277.31 |
| C 03/10/11 | 000107 | CAMPBELL LAW FIRM, P.A. 890 JOHNNIE DODDS BOULEVARD P.O. BOX 684 MOUNT PLEASANT, SC 29465-0684 | TRUSTEE BOND PREMIUM POLICY #8215-38-72 CHUBB INSURANCE COMPANY FROM 03/01/2011 TO 03/01/2012 | 2300-000 | | 6.06 | 5,271.25 |
| C 03/31/11 | 10 | BANK OF AMERICA | Interest Rate 0.010 | 1270-000 | 0.04 | | 5,271.29 |
| C 04/29/11 | 10 | BANK OF AMERICA | Interest Rate 0.010 | 1270-000 | 0.04 | | 5,271.33 |
| C 05/31/11 | 10 | BANK OF AMERICA | Interest Rate 0.010 | 1270-000 | 0.05 | | 5,271.38 |
| C 06/27/11 | 12 | UNITED STATES TREASURY AUSTIN, TEXAS | YEAR 2005 FEDERAL TAX REFUND | 1224-000 | 6,057.48 | | 11,328.86 |
| C 06/27/11 | 13 | UNITED STATES TREASURY AUSTIN, TEXAS | YEAR 2006 FEDERAL TAX REFUND | 1224-000 | 7,153.53 | | 18,482.39 |
| C 06/30/11 | 10 | BANK OF AMERICA | Interest Rate 0.010 | 1270-000 | 0.05 | | 18,482.44 |
| C 07/29/11 | 10 | BANK OF AMERICA | Interest Rate 0.010 | 1270-000 | 0.16 | | 18,482.60 |
| C 08/11/11 | 10 | BANK OF AMERICA | | 1270-000 | 0.05 | | 18,482.65 |
| C 08/11/11 | 000108 | KEVIN CAMPBELL, TRUSTEE P. O. BOX 684 MOUNT PLEASANT, SC 29465-0684 | FINAL TRUSTEE COMPENSATION PURSUANT TO ORDER ENTERED AUGUST 11, 2011. FILE NO. 08-0841T | 2100-000 | | 2,649.57 | 15,833.08 |
| C 08/11/11 | 000109 | KEVIN CAMPBELL, TRUSTEE | FINAL TRUSTEE EXPENSES PURSUANT | 2200-000 | | 209.48 | 15,623.60 |

PFORM2T4

Ver: 16.06a

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit 9

| Case No: | 08-02004 -DRD | | Trustee Name: | KEVIN CAMPBELL |
| Case Name: | GUERNSEY, JOSEPH ROBERT | | Bank Name: | BANK OF AMERICA |
| | | | Account Number / CD #: | *******3649 Checking - Non Interest |
| Taxpayer ID No: | *******2408 | | | |
| For Period Ending: | 05/07/12 | | Blanket Bond (per case limit): | $ 2,000,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | P. O. BOX 684<br>MOUNT PLEASANT, SC 29465-0684 | TO<br>ORDER ENTERED AUGUST 11, 2011.<br>FILE NO. 08-0841T | | | | |
| C  08/11/11 | 000110 | CAMPBELL LAW FIRM, P.A.<br>890 JOHNNIE DODDS BOULEVARD<br>P.O. BOX 684<br>MOUNT PLEASANT, SC 29465-0684 | FINAL LEGAL COMPENSATION<br>PURSUANT<br>TO ORDER ENTERED AUGUST 11, 2011.<br>FILE NO. 08-0841T | 3110-000 | | 3,865.07 | 11,758.53 |
| C  08/11/11 | 000111 | CAMPBELL LAW FIRM, P.A.<br>890 JOHNNIE DODDS BOULEVARD<br>P.O. BOX 684<br>MOUNT PLEASANT, SC 29465-0684 | FINAL LEGAL EXPENSES PURSUANT TO<br>ORDER ENTERED AUGUST 11, 2011.<br>FILE NO. 08-0841T | 3120-000 | | 168.94 | 11,589.59 |
| C  08/11/11 | 000112 | DAVID R. FISCHBEIN<br>208 CANDI LANE, SUITE B<br>COLUMBIA, SC 29210 | FINAL TRUSTEE'S ACCOUNTANT<br>COMPENSATION PER ORDER ENTERED<br>AUGUST 11, 2011. | 3310-000 | | 3,865.07 | 7,724.52 |
| C  08/11/11 | 000113 | DAVID R. FISCHBEIN<br>208 CANDI LANE, SUITE B<br>COLUMBIA, SC 29210 | FINAL TRUSTEE'S ACCOUNTANT<br>EXPENSES PURSUANT TO ORDER<br>ENTERED AUGUST 11, 2011. | 3420-000 | | 331.30 | 7,393.22 |
| C  08/11/11 | 000114 | SC DEPARTMENT OF REVENUE<br>REVENUE LITIGATION<br>P.O. BOX 12265<br>COLUMBIA, SC 29211-2265 | Claim 000015B, Payment<br>58.23647891285%<br>FINAL DISTRIBUTION | 5800-000 | | 7,393.22 | 0.00 |
| *C  08/31/11 | 10 | BANK OF AMERICA | Interest Rate  0.010 | 1270-003 | 0.10 | | 0.10 |
| *C  09/07/11 | 10 | Reverses Interest on 08/31/11 | Interest Rate  0.010<br>REMOVAL OF INTEREST PAID BY THE<br>BANK  POST-FINAL DISTRIBUTION | 1270-003 | -0.10 | | 0.00 |

*  Reversed
t  Funds Transfer
C  Bank Cleared

| Account | | Balance Forward | 0.00 | | 16 | Checks | 18,995.97 |
|---|---|---|---|---|---|---|---|
| *******3649 | 4 | Deposits | 18,992.27 | | 0 | Adjustments Out | 0.00 |
| | 38 | Interest Postings | 3.70 | | 0 | Transfers Out | 0.00 |
| | | Subtotal | $  18,995.97 | | | Total | $  18,995.97 |
| | 0 | Adjustments In | 0.00 | | | | |
| | 0 | Transfers In | 0.00 | | | | |
| | | Total | $  18,995.97 | | | | |

B1 (Official Form 1)(1/08)

| **United States Bankruptcy Court**<br>**Western District of Kentucky** | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>Guernsey, Joseph R. | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>Guernsey, Cindy L. |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>xxx-xx-2734 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>xxx-xx-5254 |

| Street Address of Debtor (No. and Street, City, and State):<br>356 Blossom<br>Louisville, KY | Street Address of Joint Debtor (No. and Street, City, and State):<br>356 Blossom<br>Louisville, KY |
|---|---|
| ZIP Code<br>40229 | ZIP Code<br>40229 |
| County of Residence or of the Principal Place of Business:<br>Jefferson | County of Residence or of the Principal Place of Business:<br>Jefferson |
| Mailing Address of Debtor (if different from street address): | Mailing Address of Joint Debtor (if different from street address): |
| ZIP Code | ZIP Code |

| Location of Principal Assets of Business Debtor<br>(if different from street address above): |
|---|

| **Type of Debtor**<br>(Form of Organization)<br>(Check one box) | **Nature of Business**<br>(Check one box) | **Chapter of Bankruptcy Code Under Which<br>the Petition is Filed** (Check one box) |
|---|---|---|
| ■ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities,<br>check this box and state type of entity.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined<br>in 11 U.S.C. § 101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ☐ Chapter 7        ☐ Chapter 15 Petition for Recognition<br>☐ Chapter 9            of a Foreign Main Proceeding<br>☐ Chapter 11<br>☐ Chapter 12       ☐ Chapter 15 Petition for Recognition<br>■ Chapter 13            of a Foreign Nonmain Proceeding |

| **Tax-Exempt Entity**<br>(Check box, if applicable)<br>☐ Debtor is a tax-exempt organization<br>under Title 26 of the United States<br>Code (the Internal Revenue Code). | **Nature of Debts**<br>(Check one box)<br>■ Debts are primarily consumer debts,<br>defined in 11 U.S.C. § 101(8) as<br>"incurred by an individual primarily for<br>a personal, family, or household purpose."    ☐ Debts are primarily<br>business debts. |
|---|---|

| **Filing Fee** (Check one box)<br>■ Full Filing Fee attached<br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must<br>attach signed application for the court's consideration certifying that the debtor<br>is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must<br>attach signed application for the court's consideration. See Official Form 3B. | **Chapter 11 Debtors**<br>Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed<br>to insiders or affiliates) are less than $2,190,000.<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more<br>classes of creditors, in accordance with 11 U.S.C. § 1126(b). |
|---|---|

| **Statistical/Administrative Information**    *** Richard A. Schwartz ***<br>☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid,<br>there will be no funds available for distribution to unsecured creditors. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|

Estimated Number of Creditors

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-<br>49 | 50-<br>99 | 100-<br>199 | 200-<br>999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | OVER<br>100,000 |

Estimated Assets

| ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

Estimated Liabilities

| ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

B1 (Official Form 1)(1/08)                                                                                                    Page 2

| **Voluntary Petition** *(This page must be completed and filed in every case)* | Name of Debtor(s): Guernsey, Joseph R. Guernsey, Cindy L. |
|---|---|

### All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet)

| Location Where Filed:  - None - | Case Number: | Date Filed: |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

### Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor: - None - | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.) I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | X /s/ Richard A. Schwartz                              May 19, 2008 Signature of Attorney for Debtor(s)                    (Date) Richard A. Schwartz |

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

### Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

■ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

■ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
(Check any applicable box)

■ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1)(1/08)                                                                                           Page 3

## Voluntary Petition

*(This page must be completed and filed in every case)*

Name of Debtor(s):
Guernsey, Joseph R.
Guernsey, Cindy L.

**Signatures**

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X  /s/ Joseph R. Guernsey
Signature of Debtor  Joseph R. Guernsey

X  /s/ Cindy L. Guernsey
Signature of Joint Debtor Cindy L. Guernsey

Telephone Number (If not represented by attorney)

May 19, 2008
Date

### Signature of Attorney*

X  /s/ Richard A. Schwartz
Signature of Attorney for Debtor(s)

Richard A. Schwartz
Printed Name of Attorney for Debtor(s)

Kruger & Schwartz
Firm Name

6040 Dutchmans Lane
Suite 220
Louisville, KY 40205

Address

(502) 485-9200  Fax: (502) 485-9220
Telephone Number

May 19, 2008
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X
Signature of Authorized Individual

Printed Name of Authorized Individual

Title of Authorized Individual

Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X
Signature of Foreign Representative

Printed Name of Foreign Representative

Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

Printed Name and title, if any, of Bankruptcy Petition Preparer

Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

Address

X
Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

Official Form 1, Exhibit D (10/06)

# United States Bankruptcy Court
## Western District of Kentucky

In re    Joseph R. Guernsey
      Cindy L. Guernsey

Debtor(s)

Case No. _____

Chapter    13

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Must be accompanied by a motion for determination by the court.][Summarize exigent circumstances here.]* ____

**If the court is satisfied with the reasons stated in your motion, it will send you an order approving your request. You must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy case and promptly file a certificate from the agency that provided the briefing, together with a copy of any debt management plan developed through the agency. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. A motion for extension must be filed within the 30-day period. Failure to fulfill these requirements may result in dismissal of your case. If the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing, your case may be dismissed.**

Official Form 1, Exh. D (10/06) - Cont.

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:  ___/s/ Joseph R. Guernsey_____
                               Joseph R. Guernsey

Date:  ___May 19, 2008_____

Official Form 1, Exhibit D (10/06)

# United States Bankruptcy Court
## Western District of Kentucky

In re    Joseph R. Guernsey
Cindy L. Guernsey                                                    Case No.
                                    Debtor(s)                        Chapter    13

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Must be accompanied by a motion for determination by the court.][Summarize exigent circumstances here.]* ____

**If the court is satisfied with the reasons stated in your motion, it will send you an order approving your request. You must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy case and promptly file a certificate from the agency that provided the briefing, together with a copy of any debt management plan developed through the agency. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. A motion for extension must be filed within the 30-day period. Failure to fulfill these requirements may result in dismissal of your case. If the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing, your case may be dismissed.**

**Official Form 1, Exh. D (10/06) - Cont.**

    ☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*
        ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
        ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);
        ☐ Active military duty in a military combat zone.

    ☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

      **I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:    /s/ Cindy L. Guernsey
                          Cindy L. Guernsey

Date:   May 19, 2008

Software Copyright (c) 1996-2006 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037        Best Case Bankruptcy

B7 (Official Form 7) (12/07)

# United States Bankruptcy Court
## Western District of Kentucky

In re    Joseph R. Guernsey
      Cindy L. Guernsey                  Case No. _____

                                         Debtor(s)         Chapter     13 _____

# STATEMENT OF FINANCIAL AFFAIRS

      This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

      Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

      *"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

      *"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None    State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's
☐      business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $78,067.98 | 2007 - Income |
| $77,800.00 | 2006 - Income estimated |

2

**2. Income other than from employment or operation of business**

None
■

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

|  AMOUNT | SOURCE |
|---|---|

**3. Payments to creditors**

None
■

*Complete a. or b., as appropriate, and c.*

a.  *Individual or joint debtor(s) with primarily consumer debts.*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None
■

b.  *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,475.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None
■

c.  *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

**4.  Suits and administrative proceedings, executions, garnishments and attachments**

None
☐

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| 08-CI-00195 Civil Summons | Law Suit filed by Asset Acceptance | Bullitt Circuit Court | Pending |

None
■

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

3

### 5. Repossessions, foreclosures and returns

None    List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or
■       returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12
        or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the
        spouses are separated and a joint petition is not filed.)

|  | DATE OF REPOSSESSION, |  |
| NAME AND ADDRESS OF | FORECLOSURE SALE, | DESCRIPTION AND VALUE OF |
| CREDITOR OR SELLER | TRANSFER OR RETURN | PROPERTY |

### 6. Assignments and receiverships

None    a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of
■       this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a
        joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

|  | DATE OF |  |
| NAME AND ADDRESS OF ASSIGNEE | ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |

None    b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately
■       preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning
        property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not
        filed.)

|  | NAME AND LOCATION |  |  |
|  | OF COURT |  | DESCRIPTION AND VALUE OF |
| NAME AND ADDRESS | CASE TITLE & NUMBER | DATE OF | PROPERTY |
| OF CUSTODIAN |  | ORDER |  |

### 7. Gifts

None    List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary
■       and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions
        aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by
        either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

|  |  |  | DESCRIPTION AND |
| NAME AND ADDRESS OF | RELATIONSHIP TO |  |  |
| PERSON OR ORGANIZATION | DEBTOR, IF ANY | DATE OF GIFT | VALUE OF GIFT |

### 8. Losses

None    List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or
■       since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both
        spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

|  | DESCRIPTION OF CIRCUMSTANCES AND, IF |  |
| DESCRIPTION AND VALUE | LOSS WAS COVERED IN WHOLE OR IN PART |  |
| OF PROPERTY | BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |

### 9. Payments related to debt counseling or bankruptcy

None    List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation
■       concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately
        preceding the commencement of this case.

|  | DATE OF PAYMENT, | AMOUNT OF MONEY |
| NAME AND ADDRESS | NAME OF PAYOR IF OTHER | OR DESCRIPTION AND VALUE |
| OF PAYEE | THAN DEBTOR | OF PROPERTY |

4

### 10.  Other transfers

None
■
a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None
■
b.  List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

### 11.  Closed financial accounts

None
■
List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

### 12.  Safe deposit boxes

None
■
List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

### 13.  Setoffs

None
■
List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

### 14.  Property held for another person

None
■
List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

5

**15. Prior address of debtor**

None
■    If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor
occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate
address of either spouse.

ADDRESS                                    NAME USED                              DATES OF OCCUPANCY

**16. Spouses and Former Spouses**

None
■    If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho,
Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the
commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in
the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous
or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to,
statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly
owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material,
pollutant, or contaminant or similar term under an Environmental Law

None
■    a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable
or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known,
the Environmental Law:

|  | NAME AND ADDRESS OF | DATE OF | ENVIRONMENTAL |
| SITE NAME AND ADDRESS | GOVERNMENTAL UNIT | NOTICE | LAW |

None
■    b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous
Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

|  | NAME AND ADDRESS OF | DATE OF | ENVIRONMENTAL |
| SITE NAME AND ADDRESS | GOVERNMENTAL UNIT | NOTICE | LAW |

None
■    c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which
the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the
docket number.

| NAME AND ADDRESS OF | | |
| GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |

6

**18 . Nature, location and name of business**

None
■

a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|------|------|------|

None
■

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|------|---------|

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date   May 19, 2008           Signature    /s/ Joseph R. Guernsey

                                            Joseph R. Guernsey
                                            Debtor

Date   May 19, 2008           Signature    /s/ Cindy L. Guernsey

                                            Cindy L. Guernsey
                                            Joint Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

B6A (Official Form 6A) (12/07)

In re    Joseph R. Guernsey,                            Case No. _____
         Cindy L. Guernsey

                                         Debtors

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| Location: 356 Blossom, Louisville KY | Fee simple | J | 88,000.00 | 71,125.64 |

|  |  | Sub-Total > | 88,000.00 | (Total of this page) |
|---|---|---|---|---|
|  |  | Total > | 88,000.00 |  |

  0   continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                                        Best Case Bankruptcy

B6B (Official Form 6B) (12/07)

.

In re    Joseph R. Guernsey,                                        Case No. _____
         Cindy L. Guernsey
                                                          ,
                              Debtors

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Checking Account with BB&T | H | 2,000.00 |
| | | Checking Account with PNC Bank | W | 59.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | Misc. Household Goods; Appliances; Electronics; etc. | J | 3,500.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | Clothing` | J | 800.00 |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |

Sub-Total >          6,359.00
(Total of this page)

  3    continuation sheets attached to the Schedule of Personal Property

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037
                                                                          Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re    Joseph R. Guernsey,                                    Case No. _____
         Cindy L. Guernsey
_____ ,
                        Debtors

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|:---:|---|:---:|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

Sub-Total >                   0.00
(Total of this page)

Sheet   1   of   3   continuation sheets attached
to the Schedule of Personal Property

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                                                                Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re    Joseph R. Guernsey,                                    Case No. _____
        Cindy L. Guernsey

_____,
                           Debtors

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|:---:|---|:---:|---:|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 1997 Honda Shadow Motorcycle | J | 2,000.00 |
| | | 1988 GMC Van | J | 600.00 |
| | | 1991 Old Cutlass Calias | J | 1,200.00 |
| | | 1994 Ford Taurus | J | 900.00 |
| | | 1998 GMC Truck | H | 5,500.00 |
| | | 2000 Polaris Victory Motorcycle | H | 5,000.00 |
| | | 1965 Ford Mustang (does not run) | J | 500.00 |
| | | 1931 Ford Pickup (not assembled fully) | J | 3,500.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |

Sub-Total >      19,200.00
(Total of this page)

Sheet  __2__  of  __3__  continuation sheets attached
to the Schedule of Personal Property

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                                    Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re    Joseph R. Guernsey,                                                    Case No. _____
         Cindy L. Guernsey
                                                                    ,
                                          Debtors
## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

|  |  |
|---|---|
| Sub-Total > | 0.00 |
| (Total of this page) | |
| Total > | 25,559.00 |

Sheet __3__ of __3__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                                    Best Case Bankruptcy

B6C (Official Form 6C) (12/07)

In re     Joseph R. Guernsey,                   Case No. _____
             Cindy L. Guernsey
                                        Debtors

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:     ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                        $136,875.
�]  11 U.S.C. §522(b)(2)
☐  11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Real Property** | | | |
| Location: 356 Blossom, Louisville KY | 11 U.S.C. § 522(d)(1) | 16,874.36 | 88,000.00 |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| Checking Account with BB&T | 11 U.S.C. § 522(d)(5) | 2,000.00 | 2,000.00 |
| Checking Account with PNC Bank | 11 U.S.C. § 522(d)(5) | 59.00 | 59.00 |
| **Household Goods and Furnishings** | | | |
| Misc. Household Goods; Appliances; Electronics; etc. | 11 U.S.C. § 522(d)(3) | 3,500.00 | 3,500.00 |
| **Wearing Apparel** | | | |
| Clothing` | 11 U.S.C. § 522(d)(5) | 800.00 | 800.00 |
| **Automobiles, Trucks, Trailers, and Other Vehicles** | | | |
| 1997 Honda Shadow Motorcycle | 11 U.S.C. § 522(d)(2) | 2,000.00 | 2,000.00 |
| 1988 GMC Van | 11 U.S.C. § 522(d)(2) | 600.00 | 600.00 |
| 1991 Old Cutlass Calias | 11 U.S.C. § 522(d)(5) | 1,200.00 | 1,200.00 |
| 1994 Ford Taurus | 11 U.S.C. § 522(d)(1) | 900.00 | 900.00 |
| 1998 GMC Truck | 11 U.S.C. § 522(d)(1) | 5,500.00 | 5,500.00 |
| 2000 Polaris Victory Motorcycle | 11 U.S.C. § 522(d)(1) | 5,000.00 | 5,000.00 |
| 1965 Ford Mustang (does not run) | 11 U.S.C. § 522(d)(5) | 500.00 | 500.00 |
| 1931 Ford Pickup (not assembled fully) | 11 U.S.C. § 522(d)(2) | 3,500.00 | 3,500.00 |
| | Total: | 42,433.36 | 113,559.00 |

  0   continuation sheets attached to Schedule of Property Claimed as Exempt

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                            Best Case Bankruptcy

B6D (Official Form 6D) (12/07)

In re     Joseph R. Guernsey,                                  Case No. _____
          Cindy L. Guernsey

                                     Debtors

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

     State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

     List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

     If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

     If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

     Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐     Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H W | J | C | | | | | | |
| Account No.<br><br>Citimortgage, Inc.<br>P.O. Box 183040<br>Columbus, OH 43218-3040 | | | J | | first mortgage<br><br>Location: 356 Blossom, Louisville KY<br><br><br>Value $          88,000.00 | | | | 51,876.93 | 0.00 |
| Account No.<br><br>National City Mortgage Co.<br>P.O. Box 1820<br>Dayton, OH 45401-1820 | | | J | | second mortgage<br><br>Location: 356 Blossom, Louisville KY<br><br><br>Value $          88,000.00 | | | | 19,248.71 | 0.00 |
| Account No.<br><br><br><br> | | | | | <br><br><br>Value $ | | | | | |
| Account No.<br><br><br><br> | | | | | <br><br><br>Value $ | | | | | |

| | | |
|---|---|---|
|    0    continuation sheets attached | Subtotal<br>(Total of this page) | 71,125.64       0.00 |
| | Total<br>(Report on Summary of Schedules) | 71,125.64       0.00 |

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                                  Best Case Bankruptcy

B6E (Official Form 6E) (12/07)

In re    Joseph R. Guernsey,                                                                    Case No. _____
         Cindy L. Guernsey
_____,
                              Debtors

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

■ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

                    0     continuation sheets attached

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                                                Best Case Bankruptcy

B6F (Official Form 6F) (12/07)

In re    Joseph R. Guernsey,                                                    Case No. _____
         Cindy L. Guernsey
                                                              ,
                              Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐    Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | |
| Account No. 5491-1303-3320-4600<br><br>Asset Acceptance LLC<br>c/o Lloyd & McDaniel<br>P.O. Box 23306<br>Louisville, KY 40223-0306 | | | J | | credit card | | | | 12,000.00 |
| Account No. 7812602245599168<br><br>Capital One<br>PO Box 85617<br>Richmond, VA 23285-5617 | | | J | | credit card | | | | 10,552.75 |
| Account No.<br><br>Representing:<br>Capital One | | | | | Morgan & Pottinger<br>204 E. Market Street<br>Louisville, KY 40202 | | | | |
| Account No. 5291-4917-5979-2730<br><br>Capital One<br>PO Box 85617<br>Richmond, VA 23285-5617 | | | J | | credit card | | | | 31,151.85 |

_2_    continuation sheets attached

Subtotal
(Total of this page)            53,704.60

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                S/N:10737-080310    Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re    Joseph R. Guernsey,                              Case No. _____
             Cindy L. Guernsey

                                           Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No.<br><br>Representing:<br>Capital One | | | | Morgan & Pottinger<br>204 E. Market Street<br>Louisville, KY 40202 | | | | |
| Account No. 4417-1284-3127-5427<br><br>Chase<br>Cardmember Services<br>P.O. Box 15153<br>Wilmington, DE 19886-5153 | | W | | credit card | | | | 5,566.53 |
| Account No.<br><br>Representing:<br>Chase | | | | AIS Services<br>50 California Street<br>San Francisco, CA 94111 | | | | |
| Account No. 4266-8800-8630-0197<br><br>Chase Cardmember Service<br>P.O. Box 15298<br>Wilmington, DE 19850-5298 | | H | | credit card | | | | 35,000.00 |
| Account No.<br><br>Representing:<br>Chase Cardmember Service | | | | LTD Financial Services<br>7322 Southwest Freeway<br>Suite 1600<br>Houston, TX 77074 | | | | |

Sheet no. \_\_1\_\_ of \_\_2\_\_ sheets attached to Schedule of           Subtotal

Creditors Holding Unsecured Nonpriority Claims          (Total of this page)     40,566.53

B6F (Official Form 6F) (12/07) - Cont.

In re   Joseph R. Guernsey,                              Case No. _____
         Cindy L. Guernsey

_____,
                           Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
| | | H | W J | C | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Account No. 74973755165836 | | | | | credit card | | | | |
| MBNA P.O. Box 15102 Wilmington, DE 19886-5102 | | | J | | | | | | 20,529.36 |
| Account No. 5260-2100-0631-7621 | | | | | credit card | | | | |
| UNVL/CITI P.O. Box 6241 Sioux Falls, SD 57117 | | | J | | | | | | 13,737.61 |
| Account No. | | | | | | | | | |
| | | | | | | | | | |
| Account No. | | | | | | | | | |
| | | | | | | | | | |
| Account No. | | | | | | | | | |
| | | | | | | | | | |

Sheet no. __2__ of __2__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

                                     Subtotal
                    (Total of this page)    34,266.97

                                         Total
(Report on Summary of Schedules)    128,538.10

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                              Best Case Bankruptcy

B6G (Official Form 6G) (12/07)

In re    Joseph R. Guernsey,                                    Case No. _____
         Cindy L. Guernsey
_____,
                              Debtors

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| | |

0
_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037

B6H (Official Form 6H) (12/07)

In re    Joseph R. Guernsey,                                      Case No. _____
         Cindy L. Guernsey
_____,
                          Debtors

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
| --- | --- |

0
_____ continuation sheets attached to Schedule of Codebtors

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                                            Best Case Bankruptcy

B6I (Official Form 6I) (12/07)

In re    Joseph R. Guernsey
         Cindy L. Guernsey                                                    Case No. _____
                        Debtor(s)

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| Married | RELATIONSHIP(S):<br>None. | AGE(S): |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | | |
| Name of Employer | Toyota Motor Mfg. Kentucky Inc. | Lifeline Homecare, Inc. |
| How long employed | | |
| Address of Employer | 1001 Cherry Blossom Way<br>Georgetown, KY 40324-5700 | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | | DEBTOR | | SPOUSE |
|---|---|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ | 3,068.00 | $ | 705.60 |
| 2. Estimate monthly overtime | $ | 0.00 | $ | 0.00 |
| 3. SUBTOTAL | $ | 3,068.00 | $ | 705.60 |
| 4. LESS PAYROLL DEDUCTIONS | | | | |
| a. Payroll taxes and social security | $ | 0.00 | $ | 68.58 |
| b. Insurance | $ | 0.00 | $ | 0.00 |
| c. Union dues | $ | 0.00 | $ | 0.00 |
| d. Other (Specify): | $ | 0.00 | $ | 0.00 |
| | $ | 0.00 | $ | 0.00 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ | 0.00 | $ | 68.58 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ | 3,068.00 | $ | 637.02 |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ | 0.00 | $ | 0.00 |
| 8. Income from real property | $ | 0.00 | $ | 0.00 |
| 9. Interest and dividends | $ | 0.00 | $ | 0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | 0.00 | $ | 0.00 |
| 11. Social security or government assistance | | | | |
| (Specify): | $ | 0.00 | $ | 0.00 |
| | $ | 0.00 | $ | 0.00 |
| 12. Pension or retirement income | $ | 0.00 | $ | 0.00 |
| 13. Other monthly income | | | | |
| (Specify): | $ | 0.00 | $ | 0.00 |
| | $ | 0.00 | $ | 0.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ | 0.00 | $ | 0.00 |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ | 3,068.00 | $ | 637.02 |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ | | 3,705.02 | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
      Mr. Guernsey temporarily receiving short term disability.

B6J (Official Form 6J) (12/07)

In re  Joseph R. Guernsey
     Cindy L. Guernsey                                  Case No. _____
                          Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | | | |
|---|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | | $ | 469.56 |
|    a. Are real estate taxes included? | Yes ___ | No _X_ | |
|    b. Is property insurance included? | Yes ___ | No _X_ | |
| 2. Utilities:   a. Electricity and heating fuel | | $ | 200.00 |
|         b. Water and sewer | | $ | 50.00 |
|         c. Telephone | | $ | 100.00 |
|         d. Other | | $ | 0.00 |
| 3. Home maintenance (repairs and upkeep) | | $ | 50.00 |
| 4. Food | | $ | 400.00 |
| 5. Clothing | | $ | 50.00 |
| 6. Laundry and dry cleaning | | $ | 30.00 |
| 7. Medical and dental expenses | | $ | 75.00 |
| 8. Transportation (not including car payments) | | $ | 800.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | | $ | 100.00 |
| 10. Charitable contributions | | $ | 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | | |
|         a. Homeowner's or renter's | | $ | 0.00 |
|         b. Life | | $ | 0.00 |
|         c. Health | | $ | 0.00 |
|         d. Auto | | $ | 277.00 |
|         e. Other | | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | | |
|      (Specify) | | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | | |
|         a. Auto | | $ | 0.00 |
|         b. Other  second mortgage | | $ | 150.00 |
|         c. Other | | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | | $ | 0.00 |
| 17. Other  church tithing | | $ | 300.00 |
|     Other | | $ | 0.00 |

18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and,     $    3,051.56
if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:
   Debtor drives 80 miles each way to work

20. STATEMENT OF MONTHLY NET INCOME

| | | | |
|---|---|---|---:|
| a. | Average monthly income from Line 15 of Schedule I | $ | 3,705.02 |
| b. | Average monthly expenses from Line 18 above | $ | 3,051.56 |
| c. | Monthly net income (a. minus b.) | $ | 653.46 |

B6 Summary (Official Form 6 - Summary) (12/07)

.

# United States Bankruptcy Court
### Western District of Kentucky

In re    Joseph R. Guernsey,         Case No. _____
       Cindy L. Guernsey

                                    ,    Chapter _____13_____
                                   Debtors

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 88,000.00 | | |
| B - Personal Property | Yes | 4 | 25,559.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 71,125.64 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 3 | | 128,538.10 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | 3,705.02 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 1 | | | 3,051.56 |
| Total Number of Sheets of ALL Schedules | | 15 | | | |
| Total Assets | | | 113,559.00 | | |
| Total Liabilities | | | | 199,663.74 | |

Form 6 - Statistical Summary (12/07)

# United States Bankruptcy Court
### Western District of Kentucky

In re    Joseph R. Guernsey,          Case No. _____
         Cindy L. Guernsey

                                   Debtors    ,     Chapter _____ 13 _____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | 0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | 0.00 |
| Student Loan Obligations (from Schedule F) | 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | 0.00 |
| TOTAL | 0.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | 3,705.02 |
| Average Expenses (from Schedule J, Line 18) | 3,051.56 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | 7,092.00 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | 0.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | 0.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | 0.00 |
| 4. Total from Schedule F | | 128,538.10 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | 128,538.10 |

B6 Declaration (Official Form 6 - Declaration). (12/07)

# United States Bankruptcy Court
### Western District of Kentucky

In re    Joseph R. Guernsey
      Cindy L. Guernsey

                       Debtor(s)

Case No.

Chapter    13

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

       I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____17_____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date   May 19, 2008             Signature    /s/ Joseph R. Guernsey
                                                      Joseph R. Guernsey
                                                      Debtor

Date   May 19, 2008             Signature    /s/ Cindy L. Guernsey
                                                      Cindy L. Guernsey
                                                      Joint Debtor

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

# United States Bankruptcy Court
### Western District of Kentucky

In re    Joseph R. Guernsey
       Cindy L. Guernsey                                   Case No. _____
                                       Debtor(s)           Chapter     13

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.   Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | 2,500.00 |
| Prior to the filing of this statement I have received | $ | 0.00 |
| Balance Due | $ | 2,500.00 |

2.   The source of the compensation paid to me was:

     ■ Debtor      ☐ Other (specify):

3.   The source of compensation to be paid to me is:

     ■ Debtor      ☐ Other (specify):

4.   ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

     ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5.   In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:
   a.   Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b.   Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c.   Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d.   [Other provisions as needed]
       Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods.

6.   By agreement with the debtor(s), the above-disclosed fee does not include the following service:
       Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding.

---

### CERTIFICATION

     I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:    May 19, 2008                              /s/ Richard A. Schwartz
                                                    Richard A. Schwartz
                                                    Kruger & Schwartz
                                                    6040 Dutchmans Lane
                                                    Suite 220
                                                    Louisville, KY 40205
                                                    (502) 485-9200   Fax: (502) 485-9220

AIS Services
50 California Street
San Francisco, CA 94111


Asset Acceptance LLC
c/o Lloyd & McDaniel
P.O. Box 23306
Louisville, KY 40223-0306


Capital One
PO Box 85617
Richmond, VA 23285-5617


Chase
Cardmember Services
P.O. Box 15153
Wilmington, DE 19886-5153


Chase Cardmember Service
P.O. Box 15298
Wilmington, DE 19850-5298


Citimortgage, Inc.
P.O. Box 183040
Columbus, OH 43218-3040


LTD Financial Services
7322 Southwest Freeway
Suite 1600
Houston, TX 77074


MBNA
P.O. Box 15102
Wilmington, DE 19886-5102


Morgan & Pottinger
204 E. Market Street
Louisville, KY 40202


National City Mortgage Co.
P.O. Box 1820
Dayton, OH 45401-1820

UNVL/CITI
P.O. Box 6241
Sioux Falls, SD 57117

B22C (Official Form 22C) (Chapter 13) (01/08)

| | |
|---|---|
| In re    Joseph R. Guernsey<br>        Cindy L. Guernsey<br>            Debtor(s)<br>Case Number: _____<br>           (If known) | According to the calculations required by this statement:<br>☐ **The applicable commitment period is 3 years.**<br>■ **The applicable commitment period is 5 years.**<br>■ **Disposable income is determined under § 1325(b)(3).**<br>☐ **Disposable income is not determined under § 1325(b)(3).**<br>(Check the boxes as directed in Lines 17 and 23 of this statement.) |

## CHAPTER 13 STATEMENT OF CURRENT MONTHLY INCOME
## AND CALCULATION OF COMMITMENT PERIOD AND DISPOSABLE INCOME

In addition to Schedules I and J, this statement must be completed by every individual chapter 13 debtor, whether or not filing jointly. Joint debtors may complete one statement only.

| | **Part I. REPORT OF INCOME** | | |
|---|---|---|---|
| 1 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed.<br>a. ☐ Unmarried. **Complete only Column A ("Debtor's Income") for Lines 2-10.**<br>b. ■ Married. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 2-10.** | | |
| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | **Column A**<br>Debtor's Income | **Column B**<br>Spouse's Income |
| 2 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | $ 6,325.00 | $ 767.00 |
| 3 | **Income from the operation of a business, profession, or farm.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 3. If you operate more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero. **Do not include any part of the business expenses entered on Line b as a deduction in Part IV.**<br><br>                                     Debtor       Spouse<br>a. Gross receipts    $ 0.00 / $ 0.00<br>b. Ordinary and necessary business expenses    $ 0.00 / $ 0.00<br>c. Business income    Subtract Line b from Line a | $ 0.00 | $ 0.00 |
| 4 | **Rents and other real property income.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. Do not enter a number less than zero. **Do not include any part of the operating expenses entered on Line b as a deduction in Part IV.**<br><br>                                       Debtor       Spouse<br>a. Gross receipts    $ 0.00 / $ 0.00<br>b. Ordinary and necessary operating expenses    $ 0.00 / $ 0.00<br>c. Rent and other real property income    Subtract Line b from Line a | $ 0.00 | $ 0.00 |
| 5 | **Interest, dividends, and royalties.** | $ 0.00 | $ 0.00 |
| 6 | **Pension and retirement income.** | $ 0.00 | $ 0.00 |
| 7 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose.** Do not include alimony or separate maintenance payments or amounts paid by the debtor's spouse. | $ 0.00 | $ 0.00 |
| 8 | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 8. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below:<br><br>Unemployment compensation claimed to be a benefit under the Social Security Act    Debtor $ 0.00    Spouse $ 0.00 | $ 0.00 | $ 0.00 |

B22C (Official Form 22C) (Chapter 13) (01/08)                                                                                            2

| | | | Debtor | Spouse | | |
|---|---|---|---|---|---|---|
| 9 | **Income from all other sources.** Specify source and amount. If necessary, list additional sources on a separate page. Total and enter on Line 9. **Do not include alimony or separate maintenance payments paid by your spouse, but include all other payments of alimony or separate maintenance. Do not include** any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. | | | | | |
| | | a. | | $ | $ | |
| | | b. | | $ | $ | |
| | | | | | $ 0.00 | $ 0.00 |
| 10 | **Subtotal.** Add Lines 2 thru 9 in Column A, and, if Column B is completed, add Lines 2 through 9 in Column B. Enter the total(s). | | | | $ 6,325.00 | $ 767.00 |
| 11 | **Total.** If Column B has been completed, add Line 10, Column A to Line 10, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 10, Column A. | | | | | $ 7,092.00 |

### Part II. CALCULATION OF § 1325(b)(4) COMMITMENT PERIOD

| 12 | **Enter the amount from Line 11** | | | $ 7,092.00 |
|---|---|---|---|---|
| 13 | **Marital Adjustment.** If you are married, but are not filing jointly with your spouse, AND if you contend that calculation of the commitment period under § 1325(b)(4) does not require inclusion of the income of your spouse, enter on Line 13 the amount of the income listed in Line 10, Column B that was NOT paid on a regular basis for the household expenses of you or your dependents and specify, in the lines below, the basis for excluding this income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If the conditions for entering this adjustment do not apply, enter zero. | | | |
| | a. | | $ | |
| | b. | | $ | |
| | c. | | $ | |
| | Total and enter on Line 13 | | | $ 0.00 |
| 14 | **Subtract Line 13 from Line 12 and enter the result.** | | | $ 7,092.00 |
| 15 | **Annualized current monthly income for § 1325(b)(4).** Multiply the amount from Line 14 by the number 12 and enter the result. | | | $ 85,104.00 |
| 16 | **Applicable median family income.** Enter the median family income for applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | | | |
| | a. Enter debtor's state of residence:   KY     b. Enter debtor's household size:   2 | | $ | 43,482.00 |
| 17 | **Application of § 1325(b)(4).** Check the applicable box and proceed as directed. | | | |
| | ☐ **The amount on Line 15 is less than the amount on Line 16.** Check the box for "The applicable commitment period is 3 years" at the top of page 1 of this statement and continue with this statement. | | | |
| | ■ **The amount on Line 15 is not less than the amount on Line 16.** Check the box for "The applicable commitment period is 5 years" at the top of page 1 of this statement and continue with this statement. | | | |

### Part III. APPLICATION OF § 1325(b)(3) FOR DETERMINING DISPOSABLE INCOME

| 18 | **Enter the amount from Line 11.** | | | $ 7,092.00 |
|---|---|---|---|---|
| 19 | **Marital Adjustment.** If you are married, but are not filing jointly with your spouse, enter on Line 19 the total of any income listed in Line 10, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. Specify in the lines below the basis for excluding the Column B income(such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If the conditions for entering this adjustment do not apply, enter zero. | | | |
| | a. | | $ | |
| | b. | | $ | |
| | c. | | $ | |
| | Total and enter on Line 19. | | | $ 0.00 |
| 20 | **Current monthly income for § 1325(b)(3).** Subtract Line 19 from Line 18 and enter the result. | | | $ 7,092.00 |

B22C (Official Form 22C) (Chapter 13) (01/08) 3

| 21 | **Annualized current monthly income for § 1325(b)(3).** Multiply the amount from Line 20 by the number 12 and enter the result. | $ 85,104.00 |
|---|---|---|
| 22 | **Applicable median family income.** Enter the amount from Line 16. | $ 43,482.00 |
| 23 | **Application of § 1325(b)(3).** Check the applicable box and proceed as directed.<br><br>■ **The amount on Line 21 is more than the amount on Line 22.** Check the box for "Disposable income is determined under § 1325(b)(3)" at the top of page 1 of this statement and complete the remaining parts of this statement.<br><br>☐ **The amount on Line 21 is not more than the amount on Line 22.** Check the box for "Disposable income is not determined under § 1325(b)(3)" at the top of page 1 of this statement and complete Part VII of this statement. **Do not complete Parts IV, V, or VI.** | |

<table>
<tr><td colspan="2" align="center"><b>Part IV. CALCULATION OF DEDUCTIONS FROM INCOME</b></td></tr>
<tr><td colspan="2" align="center"><b>Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)</b></td></tr>
</table>

| 24A | **National Standards: food, apparel and services, housekeeping supplies, personal care, and miscellaneous.** Enter in Line 24A the "Total" amount from IRS National Standards for Allowable Living Expenses for the applicable household size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ 961.00 |
|---|---|---|

| 24B | **National Standards: health care.** Enter in Line a1 below the amount from IRS National Standards for Out-of-Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Out-of-Pocket Health Care for persons 65 years of age or older. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) Enter in Line b1 the number of members of your household who are under 65 years of age, and enter in Line b2 the number of members of your household who are 65 years of age or older. (The total number of household members must be the same as the number stated in Line 14b.) Multiply Line a1 by Line b1 to obtain a total amount for household members under 65, and enter the result in Line c1. Multiply Line a2 by Line b2 to obtain a total amount for household members 65 and older, and enter the result in Line c2. Add Lines c1 and c2 to obtain a total health care amount, and enter the result in Line 24B. | | |

| Household members under 65 years of age | | Household members 65 years of age or older | |
|---|---|---|---|
| a1. | Allowance per member | 57 | a2. | Allowance per member | 144 |
| b1. | Number of members | 2 | b2. | Number of members | 0 |
| c1. | Subtotal | 114.00 | c2. | Subtotal | 0.00 |

(Line 24B total) $ 114.00

| 25A | **Local Standards: housing and utilities; non-mortgage expenses.** Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and household size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ 394.00 |
|---|---|---|

| 25B | **Local Standards: housing and utilities; mortgage/rent expense.** Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and household size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 47; subtract Line b from Line a and enter the result in Line 25B. **Do not enter an amount less than zero.** | | |

| a. | IRS Housing and Utilities Standards; mortgage/rent Expense | $ 833.00 | |
|---|---|---|---|
| b. | Average Monthly Payment for any debts secured by your home, if any, as stated in Line 47 | $ 619.56 | |
| c. | Net mortgage/rental expense | Subtract Line b from Line a. | $ 213.44 |

| 26 | **Local Standards: housing and utilities; adjustment.** If you contend that the process set out in Lines 25A and 25B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: | $ 0.00 |
|---|---|---|

| | | | |
|---|---|---|---|
| 27A | **Local Standards: transportation; vehicle operation/public transportation expense.** You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation.<br><br>Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 7. ☐ 0   ☐ 1   ■ 2 or more.<br><br>If you checked 0, enter on Line 27A the "Public Transportation" amount from IRS Local Standards: Transportation.  If you checked 1 or 2 or more, enter on Line 27A the "Operating Costs" amount from IRS Local Standards: Transportation for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (These amounts are available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | | $            402.00 |

| | | | |
|---|---|---|---|
| 27B | **Local Standards: transportation; additional public transportation expense.**  If you pay the operating expenses for a vehicle and also use public transportation, and you contend that you are entitled to an additional deduction for your public transportation expenses, enter on Line 27B the "Public Transportation" amount from the IRS Local Standards: Transportation. (This amount is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | | $            0.00 |

| | | | |
|---|---|---|---|
| 28 | **Local Standards: transportation ownership/lease expense; Vehicle 1.**  Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.) ☐ 1   ■ 2 or more.<br><br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 47; subtract Line b from Line a and enter the result in Line 28.  **Do not enter an amount less than zero.** | | |
| | a. | IRS Transportation Standards, Ownership Costs | $            489.00 |
| | b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 47 | $            0.00 |
| | c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a. | $            489.00 |

| | | | |
|---|---|---|---|
| 29 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 28.<br><br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 47; subtract Line b from Line a and enter the result in Line 29.  **Do not enter an amount less than zero.** | | |
| | a. | IRS Transportation Standards, Ownership Costs | $            489.00 |
| | b. | Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 47 | $            0.00 |
| | c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a. | $            489.00 |

| | | | |
|---|---|---|---|
| 30 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state, and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social security taxes, and Medicare taxes.  **Do not include real estate or sales taxes.** | | $            1,773.00 |
| 31 | **Other Necessary Expenses: mandatory deductions for employment.**  Enter the total average monthly payroll deductions that are required for your employment, such as mandatory retirement contributions, union dues, and uniform costs.  **Do not include discretionary amounts, such as voluntary 401(k) contributions.** | | $            0.00 |
| 32 | **Other Necessary Expenses: life insurance.**  Enter total average monthly premiums that you actually pay for term life insurance for yourself.  **Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance.** | | $            12.24 |
| 33 | **Other Necessary Expenses: court-ordered payments.**  Enter the total monthly amount that you are required to pay pursuant to the order of a court or administrative agency, such as spousal or child support payments.  **Do not include payments on past due obligations included in line 49.** | | $            0.00 |
| 34 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.**  Enter the total average monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | | $            0.00 |
| 35 | **Other Necessary Expenses: childcare.**  Enter the total average monthly amount that you actually expend on childcare - such as baby-sitting, day care, nursery and preschool.  **Do not include other educational payments.** | | $            0.00 |

B22C (Official Form 22C) (Chapter 13) (01/08)                                                                                              5

| 36 | **Other Necessary Expenses: health care.**  Enter the average monthly amount that you actually expend on health care that is required for the health and welfare of yourself or your dependents, that is not reimbursed by insurance or paid by a health savings account, and that is in excess of the amount entered in Line 24B.  **Do not include payments for health insurance or health savings accounts listed in Line 39.** | $ | 0.00 |
|---|---|---|---|
| 37 | **Other Necessary Expenses: telecommunication services.**  Enter the total average monthly amount that you actually pay for telecommunication services other than your basic home telephone and cell phone service - such as pagers, call waiting, caller id, special long distance, or internet service-to the extent necessary for your health and welfare or that of your dependents.  **Do not include any amount previously deducted.** | $ | 0.00 |
| 38 | **Total Expenses Allowed under IRS Standards.**  Enter the total of Lines 24 through 37. | $ | 4,847.68 |

<table>
<tr><td colspan="4" align="center">

**Subpart B: Additional Living Expense Deductions**

**Note: Do not include any expenses that you have listed in Lines 24-37**
</td></tr>
</table>

| 39 | **Health Insurance, Disability Insurance, and Health Savings Account Expenses.**  List the monthly expenses in the categories set out in lines a-c below that are reasonably necessary for yourself, your spouse, or your dependents.. | | |
|---|---|---|---|
| | a. Health Insurance | $ 32.50 | |
| | b. Disability Insurance | $ 0.00 | |
| | c. Health Savings Account | $ 0.00 | |
| | Total and enter on Line 39 | | $ 32.50 |
| | **If you do not actually expend this total amount,** state your actual total average monthly expenditures in the space below:  $_____ | | |
| 40 | **Continued contributions to the care of household or family members.**  Enter the total average actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses.  **Do not include payments listed in Line 34.** | $ | 0.00 |
| 41 | **Protection against family violence.** Enter the total average reasonably necessary monthly expenses that you actually incur to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | $ | 0.00 |
| 42 | **Home energy costs.**  Enter the total average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities, that you actually expend for home energy costs.  **You must provide your case trustee with documentation of your actual expenses, and you must demonstrate that the additional amount claimed is reasonable and necessary.** | $ | 0.00 |
| 43 | **Education expenses for dependent children under 18.**  Enter the total average monthly expenses that you actually incur, not to exceed $137.50 per child, for attendance at a private or public elementary or secondary school by your dependent children less than 18 years of age. **You must provide your case trustee with documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.** | $ | 0.00 |
| 44 | **Additional food and clothing expense.** Enter the total average monthly amount by which your food and clothing expenses exceed the combined allowances for food and clothing (apparel and services) in the IRS National Standards, not to exceed 5% of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)  **You must demonstrate that the additional amount claimed is reasonable and necessary.** | $ | 0.00 |
| 45 | **Charitable contributions.** Enter the amount reasonably necessary for you to expend each month on charitable contributions in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). **Do not include any amount in excess of 15% of your gross monthly income.** | $ | 0.00 |
| 46 | **Total Additional Expense Deductions under § 707(b).**  Enter the total of Lines 39 through 45. | $ | 32.50 |

B22C (Official Form 22C) (Chapter 13) (01/08)                                                                     6

| Subpart C: Deductions for Debt Payment | | | |
|---|---|---|---|

| 47 | **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of creditor, identify the property securing the debt, state the Average Monthly Payment, and check whether the payment includes taxes or insurance. The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. If necessary, list additional entries on a separate page. Enter the total of the Average Monthly Payments on Line 47. | | |
|---|---|---|---|

| | Name of Creditor | Property Securing the Debt | Average Monthly Payment | Does payment include taxes or insurance | |
|---|---|---|---|---|---|
| a. | Citimortgage, Inc. | Location: 356 Blossom, Louisville KY | $        469.56 | ■yes □no | |
| b. | National City Mortgage Co. | Location: 356 Blossom, Louisville KY | $        150.00 | □yes ■no | |
| | | | Total: Add Lines | | $        619.56 |

| 48 | **Other payments on secured claims.** If any of debts listed in Line 47 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 47, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page. | | |
|---|---|---|---|

| | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount | |
|---|---|---|---|---|
| a. | -NONE- | | $ | |
| | | | Total: Add Lines | $        0.00 |

| 49 | **Payments on prepetition priority claims.** Enter the total amount, divided by 60, of all priority claims, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcy filing. **Do not include current obligations, such as those set out in Line 33.** | $        0.00 |
|---|---|---|

| 50 | **Chapter 13 administrative expenses.** Multiply the amount in Line a by the amount in Line b, and enter the resulting administrative expense. | | |
|---|---|---|---|

| a. | Projected average monthly Chapter 13 plan payment. | $        0.00 |
|---|---|---|
| b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | x        2.80 |
| c. | Average monthly administrative expense of Chapter 13 case | Total: Multiply Lines a and b |

| | | $        0.00 |
|---|---|---|

| 51 | **Total Deductions for Debt Payment.** Enter the total of Lines 47 through 50. | $        619.56 |
|---|---|---|

| Subpart D: Total Deductions from Income | |
|---|---|

| 52 | **Total of all deductions from income.** Enter the total of Lines 38, 46, and 51. | $        5,499.74 |
|---|---|---|

| Part V. DETERMINATION OF DISPOSABLE INCOME UNDER § 1325(b)(2) | |
|---|---|

| 53 | **Total current monthly income.** Enter the amount from Line 20. | $        7,092.00 |
|---|---|---|
| 54 | **Support income.** Enter the monthly average of any child support payments, foster care payments, or disability payments for a dependent child, reported in Part I, that you received in accordance with applicable nonbankruptcy law, to the extent reasonably necessary to be expended for such child. | $        0.00 |
| 55 | **Qualified retirement deductions.** Enter the monthly total of (a) all amounts withheld by your employer from wages as contributions for qualified retirement plans, as specified in § 541(b)(7) and (b) all required repayments of loans from retirement plans, as specified in § 362(b)(19). | $        1,116.00 |
| 56 | **Total of all deductions allowed under § 707(b)(2).** Enter the amount from Line 52. | $        5,499.74 |

B22C (Official Form 22C) (Chapter 13) (01/08)                                                                 7

| | | |
|---|---|---|
| 57 | **Deduction for special circumstances.** If there are special circumstances that justify additional expenses for which there is no reasonable alternative, describe the special circumstances and the resulting expenses in lines a-c below. If necessary, list additional entries on a separate page. Total the expenses and enter the total in Line 57. **You must provide your case trustee with documentation of these expenses and you must provide a detailed explanation of the special circumstances that make such expense necessary and reasonable.** | |

| Nature of special circumstances | Amount of Expense |
|---|---|
| a. | $ |
| b. | $ |
| c. | $ |
| Total: Add Lines | $ 0.00 |

| | | |
|---|---|---|
| 58 | **Total adjustments to determine disposable income.** Add the amounts on Lines 54, 55, 56, and 57 and enter the result. | $ 6,615.74 |
| 59 | **Monthly Disposable Income Under § 1325(b)(2).** Subtract Line 58 from Line 53 and enter the result. | $ 476.26 |

## Part VI. ADDITIONAL EXPENSE CLAIMS

| | |
|---|---|
| 60 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page. All figures should reflect your average monthly expense for each item. Total the expenses. |

| Expense Description | Monthly Amount |
|---|---|
| a. | $ |
| b. | $ |
| c. | $ |
| d. | $ |
| Total: Add Lines a, b, c and d | $ |

## Part VII. VERIFICATION

| | |
|---|---|
| 61 | I declare under penalty of perjury that the information provided in this statement is true and correct. *(If this is a joint case, both debtors must sign.)* |

Date: __May 19, 2008__          Signature: __/s/ Joseph R. Guernsey__
                                                          Joseph R. Guernsey
                                                          (Debtor)

Date: __May 19, 2008__          Signature __/s/ Cindy L. Guernsey__
                                                          Cindy L. Guernsey
                                                          (Joint Debtor, if any)

# Exhibit "C"

| | |
|---|---|
| **From:** | Alexis King |
| **To:** | Tom McClendon |
| **Subject:** | Re: In re: Galardi, Chapter 11 Bankruptcy Case No. 22-50035 - Alex King Claim No. 110 |
| **Date:** | Tuesday, March 14, 2023 4:24:38 PM |

Yes I am

Sent from my iPhone

> On Mar 14, 2023, at 2:51 PM, Tom McClendon <tmcclendon@joneswalden.com> wrote:

> Ms. King,

> I represent the Committee of Unsecured Creditors. This transfer was filed on the docket yesterday. Please let me know if you sold/transferred your claim as this is stating.

> Thank you in advance.

> Best,
> Tom

> Thomas T. McClendon, Esq.
> Partner
> Jones & Walden, LLC
> 699 Piedmont Ave, NE | Atlanta, GA 30308
> (P) 404-564-9300 | (F) 404-564-9301 | tmcclendon@joneswalden.com
> NOTICE: THE INFORMATION CONTAINED IN THIS ELECTRONIC COMMUNICATION AND ANY DOCUMENTS ATTACHED HERETO MAY CONTAIN CONFIDENTIAL INFORMATION WHICH IS LEGALLY PRIVILEGED AND IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL TO WHOM THE TRANSMISSION IS ADDRESSED. IF YOU ARE NOT THE INTENDED RECIPIENT, OR THE PERSON RESPONSIBLE FOR CONVEYING THE INFORMATION TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, COPYING, DISTRIBUTION OR USE OF ANY INFORMATION CONTAINED IN THIS TRANSMISSION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE IMMEDIATELY NOTIFY THE SENDER BY TELEPHONE OR REPLY BY E-MAIL AND DESTROY THIS TRANSMISSION. THANK YOU.

> **From:** Christopher Terry <chris@boyerterry.com>
> **Sent:** Monday, March 13, 2023 8:50 AM
> **To:** Alexis King <alexisking717@icloud.com>
> **Cc:** Tom McClendon <tmcclendon@joneswalden.com>
> **Subject:** In re: Galardi, Chapter 11 Bankruptcy Case No. 22-50035 - Alex King Claim No. 110

> Alexis,

> Again, I apologize for the delay in getting back to you.  As for your claim, you

filed the claim as a secured claim for $468,446.62 based on a judgment received against Fly-Low and Teri Galardi . Unfortunately, the judgment was recorded on October 26, 2021 which is within the 90 day preference period under the bankruptcy code. Perfection of a judgment during the 90 days prior to the bankruptcy filing is subject to being avoided. Basically, this means your claim is treated as an unsecured claim in the bankruptcy case. The bankruptcy code prevents creditors from receiving preferential treatment for claims perfected within the 90 days prior to bankruptcy. The bankruptcy code tries to treat similarly situated creditors equally to prevent a race to the court house to file claims. We can handle your claim in one of two ways, (1) the debtor can file an avoidance action to avoid perfection of your lien and have a hearing to determine its secured status, or (2) we can enter a consent order with you agreeing to treat the claim as an unsecured claim. As an unsecured claim, the plan provides to pay approximately 40% of your total claim through the liquidating trust. This provides the quickest and most efficient payout for your claim. Holders of unsecured claims should receive their disbursements this year. This is the same amount all other FLSA claimants are receiving for their claims. If you have any questions or concerns, please feel free to reach out to Tom McClendon (tmcclendon@joneswalden.com). Mr. McClendon represents the unsecured creditors committee in the case.

If you would like to discuss in detail, please give me a call at your convenience**. If you disagree with treatment of your claim under the bankruptcy plan, then yes, you need to hire an attorney to advise you and file an objection to the plan.** Thanks. Chris

**BOYER | TERRY** LLC

**Christopher W. Terry**
Attorney
**BOYER | TERRY** LLC
348 Cotton Avenue, Suite 200
Macon, Georgia 31201

Office: (478) 742-6481, ext. 3
Mobile: (478) 390-8029
chris@boyerterry.com

---

**From:** Alexis King <alexisking717@icloud.com>
**Sent:** Saturday, March 11, 2023 3:44 PM
**To:** Christopher Terry <chris@boyerterry.com>
**Subject:** Re: Secured credit claim #110-1

Hope everything is okay an yes whenever Yu get free time thank Yu again for replying

Sent from my iPhone

On Mar 11, 2023, at 1:23 PM, Christopher Terry <chris@boyerterry.com>

wrote:

Alexis,

Sorry for the delay in getting back to you.  I was dealing with a family
matter last week.  I will touch base with you next week to discuss.  Thanks.
Chris

**Christopher W. Terry**
Attorney
**BOYER || TERRY LLC**
348 Cotton Avenue, Suite 200
Macon, Georgia 31201

Office: (478) 742-6481, ext. 3
Mobile: (478) 390-8029
chris@boyerterry.com

On Mar 11, 2023, at 7:20 AM, Alexis King
<alexisking717@icloud.com> wrote:

Good morning this is my second attempt reaching out to you
still haven't received a response yet.

Sent from my iPhone

> On Mar 1, 2023, at 4:45 PM, Alexis King
<alexisking717@icloud.com> wrote:
>
>
> Hello Mr. Terry:
>
> The conditiaonl order said to direct this email to  you, I
reviewed the payout attached as Exhibit "A" and I note that I
am classified as an unsecured creditor.
>
> I filed the claim as a secured creditor.  Please see the
attahced Judgment Lien Certificate and advise if I need to file
an objection.
>
> thank you,
>
>
>

>
>
>
> Alexis King
>
>
> Sent from my iPhone
<JudgementLienCertificate.pdf>

<(DN 325) Transfer of Alexis King Claim to Red Shield Funding.pdf>

# Exhibit "D"

| From: | Alexis King |
|---|---|
| To: | Christopher Terry |
| Cc: | lmcbryan@mcbryanlaw.com; Astrid Gabbe; Red Shield Funding; Tom McClendon |
| Subject: | Re: Galardi v. Alexis King et al., AP No. 23-05013-JPS - Summons and Complaint |
| Date: | Wednesday, June 7, 2023 2:37:19 PM |

Mr. Terry this is Alexis king an I do consent to being reclassified as an unsecured creditor. As you know the claim has be transferred to red shield funding. Thank you again Alexis king.

Sent from my iPhone

> On Jun 7, 2023, at 2:19 PM, Christopher Terry <chris@boyerterry.com> wrote:

All,

Does this apply to everyone or just Mr. Guernsey dba Red Shield Funding? Ms. Gabbe and Ms. King do you consent as well?  If so, I will forward a Consent Order for review.

Ms. Gabbe and Ms. King are named as additional interested parties in the adversary proceedings, so I need their consent and/or no opposition to the entry of an order reclassifying the claim to resolve this matter.

If you have any questions or concerns, please do not hesitate to contact me. Thanks.  Chris

**BOYER | TERRY** LLC

**Christopher W. Terry**
Attorney
**BOYER | TERRY** LLC
348 Cotton Avenue, Suite 200
Macon, Georgia 31201

Office: (478) 742-6481, ext. 3
Mobile: (478) 390-8029
chris@boyerterry.com

**From:** Red Shield Funding <redshieldfunding@gmail.com>
**Sent:** Wednesday, June 7, 2023 8:40 AM
**To:** Christopher Terry <chris@boyerterry.com>
**Subject:** Re: Galardi v. Alexis King et al., AP No. 23-05013-JPS - Summons and Complaint

Good Morning Mr. Terry:

We agree to be classified as an unsecured creditor (Class 8 in the Ch.11 plan) and paid accordingly.  No need to serve the complaint unless you mailed it already.

On a side note we were never served Doc 401, this caused some confusion until we discovered it on the docket.

Have a nice day,

J. Guernsey
Red Shield Funding

On Thu, Jun 1, 2023 at 5:47 PM Christopher Terry <chris@boyerterry.com> wrote:

> Mr. Guernsey,
>
>     Attached is a copy of the Summons and Complaint initiating Adversary Proceeding No. 23-05013-JPS.  The Complaint seeks to avoid the lien securing the judgment as a preferential transfer.  If the Court finds the transfer is an avoidable preference, then Claim No. 110 ($468,446.62) currently held by Joseph Guernsey dba Red Shield Funding, as Transferee from Alexis King, will be reclassified and treated as an unsecured claim in accordance with Class 8 of the Plan.  Chris
>
> **BOYER ‖ TERRY** LLC
>
> **Christopher W. Terry**
> Attorney
> **BOYER ‖ TERRY** LLC
> 348 Cotton Avenue, Suite 200
> Macon, Georgia 31201
>
> Office: (478) 742-6481, ext. 3
> Mobile: (478) 390-8029
> chris@boyerterry.com
>
> **NOTICE:** This email and all attachments are CONFIDENTIAL and intended SOLELY for the recipients as identified in the "To", "Cc" and "Bcc" lines of this email. If you are not an intended recipient, your receipt of this email and its attachments is the result of an inadvertent disclosure or unauthorized transmittal. Sender reserves and asserts all rights to confidentiality, including all privileges that may apply. Pursuant to those rights and privileges, immediately DELETE and DESTROY all copies of the email and its attachments, in whatever form, and immediately NOTIFY the sender of your receipt of this email. DO NOT review, copy, forward or rely on the email and its attachments in any way. NO DUTIES ARE INTENDED OR CREATED BY THIS COMMUNICATION. If you have not executed a fee contract or an engagement letter, this firm does NOT represent you as your attorney. You are encouraged to retain counsel of your choice if you desire to do so. All rights of the sender for violations of the confidentiality and privileges applicable to this email and any attachments are expressly reserved.

# IN THE UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

IN RE:

**TERI G. GALARDI,**

   **Debtor.**

**CHAPTER 11**

**CASE NO.  22-50035-JPS**

## CERTIFICATE OF SERVICE

   I HEREBY CERTIFY that on the date indicated below, the foregoing *Status Report* (the "Notice") was filed using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of and accompanying link to the Notice to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing Program:

- **Michael Akemon** mutepe.akemon@richardslegal.com
- **Ainsworth G Dudley** adudleylaw@gmail.com
- **Evan Owens Durkovic** ecfgamb@aldridgepite.com, edurkovic@ecf.courtdrive.com
- **Robert G. Fenimore** robert.g.fenimore@usdoj.gov, Ustp.region21.mc.ecf@usdoj.gov
- **Will Bussell Geer** wgeer@rlkglaw.com, notices@nextchapterbk.com;willgeer@ecf.courtdrive.com;2836@notices.nextchapterbk.com;6717577420@filings.docketbird.com;geer.willb117921@notify.bestcase.com;emiller@rlkglaw.com
- **Whitney Warnke Groff** whitney.groff@cobbcounty.org
- **Elizabeth A. Hardy** elizabeth.a.hardy@usdoj.gov, Ustp.region21.mc.ecf@usdoj.gov;elizabeth.hardy.collins@usdoj.gov
- **Leon Strickland Jones** ljones@joneswalden.com, ewooden@joneswalden.com,cparker@joneswalden.com,jwdistribution@joneswalden.com
- **Brian K. Jordan** ecfgamb@aldridgepite.com, bjordan@ecf.courtdrive.com
- **Christina T. Lanier** christina.t.lanier@usdoj.gov, southern.taxcivil@usdoj.gov
- **Jonathan Loegel** jonathan@loegel.com
- **Roy E. Manoll** kdd@fbglaw.com
- **Louis G. McBryan** lmcbryan@mcbryanlaw.com, alepage@mcbryanlaw.com
- **Thomas McClendon** tmcclendon@joneswalden.com, jwdistribution@joneswalden.com
- **Garrett A. Nail** gnail@pgnlaw.com
- **Jason M. Orenstein** jmopclaw@yahoo.com
- **James D. Silver** jsilver@kklaw.com, raldama@kklaw.com
- **Christopher W. Terry** chris@boyerterry.com, terrycr40028@notify.bestcase.com
- **U.S. Trustee - MAC** Ustp.region21.mc.ecf@usdoj.gov

I further certify that I have sent a copy of the Report via email to the following parties:

Red Shield Funding
redshieldfunding@gmail.com

Alexis King
Alexisking717@icloud.com

    This 4th day of October, 2023.

                  **JONES & WALDEN, LLC**
                  */s/ Thomas T. McClendon*
                  Thomas T. McClendon,
                  Georgia Bar No. 431452
                  699 Piedmont Avenue, NE,
                  Atlanta, Georgia 30308
                  (404) 564-9300
                  tmcclendon@joneswalden.com
                  Liquidating Trustee for the Galardi Creditor Trust