## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

In re:

**TERI GALARDI,**

    **Debtor.**

_____/

**Case No. 22-50035-JPS**

**Chapter 11**

**Joseph Guernsey d/b/a Red Shield Funding,**

    **Movant,**

**v.**

**Ms. Astrid Gabbe, Esq. Mr. Jason Orenstein, Esq.   &
Mr. Christopher Kosachuk, Esq.**

    **Respondents.**

_____/

## UNSWORN DECLARATION OF ALEXIS KING
## UNDER PENALTY OF PERJURY PURSUANT TO 28 U.S.C. SEC. 1746

### 1.

My name is Alexis King.

### 2.

I am the former owner of claim number 110.

### 3.

I assigned my claim to Red Shield Funding.

-1-

4.

On October 5, 2023 Ms. Gabbe filed the UNOPPOSED MOTION TO

APPROVE CONSENT JUDGMENT and filed a CONSENT JUDGMENT.

The COS say I was served by email, that's a lie.    Attachment 1

5.

The Court signed it the same day.  Attachment 2

6.

The judgment was fraudulently obtained by Ms. Gabbe without my knowledge

or consent.

7.

I have not spoken to Ms. Gabbe in over a year.  I fired her in March 2022.

8.

She filed an affidavit in this case admitting that I was her former client.

Attachment 3, paragraph 4

9.

I filed a bar complaint against her because she filed a charging lien against me

claiming I owe her 35% contingency fee (Alexis King vs. Astrid E. Gabbe Bar

File No. 2022-50,677 (17J).  This was a lie.

10.

The Florida Bar told us both to not communicate directly with each other

anymore, it must be done through the Bar.

11.

Ms. Gabbe told the Florida Bar that there isn't a contingency fee agreement signed by me but she still says there is one in this Court and the Darden Court.

12.

Since I have never spoken to Ms. Gabbe in over a year I did not consent to have a consent judgment entered in the case against me.

13.

I have asked Ms. Gabbe over 10 times to withdraw from the Darden case since March of last year but she refused to do so.  See my motion for the court to order substitution (attachment 4) and her motion to strike attached (attachment 5).

14.

I have tried to file other pleading telling the Darden Court she does not present me but they were rejected by the clerk of the court with a note saying the pleading has to be filed by the attorney of record, Ms. Astrid Gabbe.

15.

I asked Ms. Gabbe why she filed the documents without my consent and her response was that she will not withdraw the consent motion and consent order because it was already granted by the court and that she will continue to represent me in this bankruptcy case in addition to being my lawyer in the Darden case.

16.

She said I had to appear in court on November 1, 2023 to collect money that I am

owed.      Attachment 6

17.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED ON October 7, 2023.

/s/ / Alexis King
Alexis King

Case 22-50035-JPS    Doc 596-1    Filed 10/08/23    Entered 10/08/23 08:51:23    Desc
Affidavit Declaration of Alexis King    Page 5 of 49
Case 1:20-cv-20592-AHS    Document 110    Entered on FLSD Docket 10/05/2023    Page 1 of 4

# 1

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
### Case No. 20-20592-CIV-SINGHAL-DAMIAN

PORSCHE DARDEN,
ALEXIS KING *et. al*,

      Plaintiffs

v.

FLY LOW, INC. AND TERI GALARDI,

      Defendants

_____/

## UNOPPOSED MOTION TO APPROVE CONSENT JUDGMENT

COMES NOW, Plaintiff Alexis King, ("King"), and Interested Party Astrid E. Gabbe, Esq., ("Ms. Gabbe"), (jointly "Movants") hereby move to approve a consent judgment on the uncontested attorney charging lien of Astrid E. Gabbe, Esq. [Doc. 95] and seek entry of a consent judgment with the following relief:

1.    The uncontested attorney charging lien of Astrid E. Gabbe, Esq. in the amount of $163,956.32 [Doc. 95] is valid and enforceable with an effective and perfected date of February 10, 2020, the date on which Ms. Gabbe began representing Ms. King in this case.  By operation of law, the uncontested attorney charging lien immediately attached to the Final Judgment entered in  this case on September 20, 2021 and created a superior lien on the Final Judgment such that the attorney charging lien is paid in full before any payment is made on the recovery of the Final Judgment.  To be clear, the first $163,956.32 of this Final Judgment recovery must be paid to satisfy the attorney charging lien first before any recovery may be had by the Final Judgment owner, Plaintiff Alexis King. In a full recovery, $304,490.30 then goes to Alexis King the owner of the Final Judgment which equals the total judgment amount of $468,446.62.

Case 22-50035-JPS   Doc 596-1   Filed 10/08/23   Entered 10/08/23 08:51:23   Desc
Affidavit Declaration of Alexis King   Page 6 of 49
Case 1:20-cv-20592-AHS   Document 110   Entered on FLSD Docket 10/05/2023   Page 2 of 4

2.      In effect, the interest created by a valid attorney's charging lien arises by operation of law when all of the requirements of such a lien are satisfied [which is the case here of the uncontested charging lien [Doc. 95]] and is effective from the commencement of the attorney's services in advance of any judicial action recognizing it. *See Weed v. Washington*, 242 F.3d 1320 (11th Cir. 2001) and *Miles v. Katz*, 405 So. 2d 750, 752 (Fla. 4th DCA 1981).

3.      However, to prevent a perverse outcome in a lesser recovery, Movants seek entry of this Consent Judgment to participate in recovery pari-passu from the first dollar of recovery at 35% to Astid Gabbe and 65% to Alexis King from dollar one.

4.      Movants seek the immediate entry of the attached Consent Judgment authorizing Ms. Gabbe to receive up to $163,956.32 and Ms. King to receive up to $304,490.30, pari-passu from the first dollar of recovery.

5.      Upon entry of the Consent Judgment, undersigned counsel will file it with counsel of record for the Liquidating Trustee of the Galardi Creditor Trust in the case of *In Re Galardi,* Case No. 22-50035-JPS, so that Movants will both be paid directly from the Galardi Creditor Trust pari-passu.

6.      Counsel of record for the defendants, Dean Fuchs, has reviewed the Motion and does not oppose the Motion.  Neither Ms. Galardi nor her counsel have any interest in the Galardi Creditor Trust referenced in the Motion.

WHEREFORE, Movants respectfully requests that the Court enter a Consent Final Judgment granting the above relief.  Movants consent to the entry of the Consent Judgment by the Magistrate Judge.


Dated October 5, 2023                              Respectfully submitted,

Case 22-50035-JPS    Doc 596-1    Filed 10/08/23    Entered 10/08/23 08:51:23    Desc
Affidavit Declaration of Alexis King    Page 7 of 49
Case 1:20-cv-20592-AHS    Document 110    Entered on FLSD Docket 10/05/2023    Page 3 of 4

**Attorney for Plaintiff Alexis King**

*/s/ Astrid E. Gabbe*
Astrid E. Gabbe
The Law Office of Astrid E. Gabbe, P.A.
Florida Bar No. 635383
P.O. Box 4216
Hollywood, FL 33083
Tel. (954) 303-9882
Fax. (954) 983-1427
astridgabbe@gmail.com

**Attorney for Interested Party Astrid E. Gabbe, Esq.**

*/s/ Astrid E. Gabbe*
Astrid E. Gabbe
The Law Office of Astrid E. Gabbe, P.A.
Florida Bar No. 635383
P.O. Box 4216
Hollywood, FL 33083
Tel. (954) 303-9882
Fax. (954) 983-1427
astridgabbe@gmail.com

Case 22-50035-JPS   Doc 596-1   Filed 10/08/23   Entered 10/08/23 08:51:23   Desc
Affidavit Declaration of Alexis King   Page 8 of 49
Case 1:20-cv-20592-AHS   Document 110   Entered on FLSD Docket 10/05/2023   Page 4 of 4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of foregoing was filed with the Court's CM/ECF system which will automatically serve the foregoing document on all parties of record as indicated on the attached service list on this 5th day of October, 2023.

**Attorney for Plaintiff Alexis King**
*/s/ Astrid E. Gabbe*
Astrid E. Gabbe
The Law Office of Astrid E. Gabbe, P.A.
Florida Bar No. 635383
P.O. Box 4216
Hollywood, FL 33083
Tel. (954) 303-9882
Fax. (954) 983-1427
astridgabbe@gmail.com

## SERVICE LIST

***Served via CM/ECF***

All parties of record

***Served Via First-Class Mail and Email***
Alexis King, 1361 Arlene Valley Lane, Lawrenceville, GA 30043
Alexis King, 3328 Fall Branch Ln Buford, GA 30519-1949
alexisking717@icloud.com

Case 22-50035-JPS    Doc 596-1    Filed 10/08/23    Entered 10/08/23 08:51:23    Desc
Affidavit Declaration of Alexis King    Page 9 of 49
Case 1:20-cv-20592-AHS    Document 110-1    Entered on FLSD Docket 10/05/2023    Page 1 of 2

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION
#### Case No. 20-20592-CIV-SINGHAL-DAMIAN

ASTRID E. GABBE

     Plaintiff

v.

ALEXIS KING

     Defendant

_____/

## <u>CONSENT JUDGMENT</u>

Pursuant to the Unopposed Motion to Approve Consent Judgment filed on October 5, 2023, the Court now enters a consent judgment on the uncontested attorney charging lien [Doc. 95] in favor of Astrid E. Gabbe against Alexis King.

IT IS HEREBY ORDERED and ADJUDGED that a Consent Judgment is entered in favor of Astrid E. Gabbe against Alexis King in the amount of $163,956.32.

The uncontested attorney charging lien of Astrid E. Gabbe, Esq. in the amount of $163,956.32 [Doc. 95] is valid and enforceable with an effective and perfected date of February 10, 2020, the date on which Ms. Gabbe began representing Ms. King in this case. By operation of law, the uncontested attorney charging lien immediately attached to the Final Judgment this Court entered on September 20, 2021 and created a superior lien in the Final Judgment such that the attorney charging lien is paid in full before any payment is made on the recovery of the Final Judgment. To be clear, the first $163,956.32 of this Final Judgment recovery must be paid to satisfy the attorney charging lien first before any recovery may be had by the Final Judgment owner, Plaintiff Alexis King. The next $304,490.30 goes to Alexis King the owner of the Final Judgment which equals the total amount due of $468,446.62. In the event of a lesser recovery

Case 22-50035-JPS   Doc 596-1   Filed 10/08/23   Entered 10/08/23 08:51:23   Desc
Affidavit Declaration of Alexis King   Page 10 of 49
Case 1:20-cv-20592-AHS   Document 110-1   Entered on FLSD Docket 10/05/2023   Page 2 of 2

Movants seek entry of this Consent Judgment to participate in recovery pari-passu at a rate of 35% to Ms. Gabbe and 65% to her client Ms. King to avoid a perverse outcome under Florida Lien law whereby Ms. Gabbe would receive the majority of the recovery or more than her client Ms. King.

DONE and ORDERED in chambers, Miami, Florida this_____ day of October 2023.

_____
The Honorable Melissa Damian, United States Magistrate Judge

Case 22-50035-JPS    Doc 596-1    Filed 10/08/23    Entered 10/08/23 08:51:23    Desc
Affidavit Declaration of Alexis King    Page 11 of 49

Case 1:20-cv-20592-AHS    Document 112    Entered on FLSD Docket 10/05/2023    Page 1 of 2

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-20592-CIV-SINGHAL-DAMIAN

ASTRID E. GABBE,

       Plaintiff

v.

ALEXIS KING,

       Defendant.

_____/

## CONSENT JUDGMENT

**THIS CAUSE** has come before the court on the Unopposed Motion to Approve Consent Judgment (DE [110]) on the uncontested attorney charging lien (DE [95]) in favor of Astrid E. Gabbe and against Alexis King. The Court having considered the motion and being otherwise advised, it is hereby

**ORDERED AND ADJUDGED** that the Unopposed Motion to Approve Consent Judgment (DE [110]) is **GRANTED.**[1] A Consent Judgment is **ENTERED** in favor of Astrid E. Gabbe against Alexis King in the amount of $163,956.32. It is further

**ORDERED AND ADJUDGED** that the uncontested attorney charging lien of Astrid E. Gabbe, Esq. in the amount of $163,956.32 (DE [95]) is valid and enforceable with an effective and perfected date of February 10, 2020, the date on which Ms. Gabbe began representing Ms. King in this case. By operation of law, the uncontested attorney charging lien immediately attached to the Final Judgment this Court entered on September 20, 2021 (DE [37]) and created a superior lien in the Final Judgment such that the attorney

---

[1] This Order adopts the language and terms submitted by the parties' proposed consent judgment except for certain stylistic and editorial changes.

Case 22-50035-JPS    Doc 596-1    Filed 10/08/23    Entered 10/08/23 08:51:23    Desc
Affidavit Declaration of Alexis King    Page 12 of 49
Case 1:20-cv-20592-AHS    Document 112    Entered on FLSB Docket 10/05/2023    Page 2 of 2

charging lien is paid in full before any payment is made on the recovery of the Final Judgment.

To be clear, the first $163,956.32 of this Final Judgment recovery must be paid to satisfy the attorney charging lien first before any recovery may be had by the Final Judgment owner, Plaintiff Alexis King. The next $304,490.30 goes to Alexis King the owner of the Final Judgment which equals the total amount due of  $468,446.62.   In the event of a lesser recovery Movants seek entry of this Consent Judgment to participate in recovery pari-passu at a rate of 35% to Ms. Gabbe and 65% to her client Ms. King to avoid a perverse outcome under Florida Lien law whereby Ms. Gabbe would receive the majority of the recovery or more than her client Ms. King.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida this 5th day of October 2023.

_____

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF

3

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF GEORGIA

In re:                                          Case No. 22-50035-JPS

Teri Galardi,                                   Chapter 11

      Debtor,

_____/

THOMAS T. MCCLENDON,
AS LIQUIDATING TRUSTEE
OF THE GALARDI CREDITORS TRUST,              Contested Matter

      Movant,

v.

ASTRID E. GABBE,

      Respondent.

_____/


## AFFFIDVIT IN OPPOSITION TO LIQUIDATING TRUSTEE'S
## OBJECTION TO CLAIM NO. 57 OF ASTRID E. GABBE [ECF 428]

STATE OF FLORIDA        )
COUNTY OF BROWARD   )


    I, Astrid E. Gabbe, Esq. state:

1.    That I am over the age of 18.

2.    That I have personal knowledge of the facts contained in this affidavit and the

Objection to Claim No. 57 [ECF 428].

3.    That I am a duly licensed Florida attorney in continuous good standing since April

18, 2003.

4.      That I did file a proof of claim [Claim No. 57] to memorialize my duly recorded attorney charging lien of $163,956.32, attached hereto as Exhibit 1, against my former client, Alexis King, for whom I obtained a Final Judgment in the amount of $468,446.62 against Debtor Teri Galardi on September 20, 2021.[1] The charging lien was filed on March 17, 2022 and is uncontested.

5.      That I filed a charging lien because I had not been paid by my former client and under Florida law, a former attorney's charging lien is enforceable against a defendant. *Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom*, 428 So. 2d 1383, 1385 (Fla. 1983). Thus, in order to collect from Defendant Galardi, now Debtor Galardi, I was required to file a proof of claim in Debtor Galardi's bankruptcy which I did.

6.      That Ms. King also filed a proof of claim in the amount of $468,446.62 [Claim No. 110] instead of the correct amount of $304,490.30 in a transparent attempt to intercept my fees.

7.      That the Court should overrule the objection and reduce Claim 110 to $304,490.30 and then the total for the two proofs of claim is the correct amount of $468,446.62 and not duplicative.

8.      That I do not want my money being paid to Ms. King/Red Shield Funding and must be paid directly by the Liquidating Trustee, if determined to be a Class 8 claim or by Teri Galardi if my claim is ruled a Class 10 secured claim which it should be.

**FURTHER AFFIANT SAYETH NAUGHT**

**Pursuant to Fla. Stat. 92.525, 28 U.S. Code § 1746 and under penalty of perjury, I declare that I have read the foregoing Affidavit and the Objection [ECF 428] and that the facts are true, correct and based on my personal knowledge.**

                              */s/ Astrid E. Gabbe, Esq.*
                              Astrid E. Gabbe, Esq.

---

[1] Ms. King assigned the Final Judgment and proof of claim no. 110 to Red Shield Funding.

Case 1:20-cv-20592-MGC   Document 99   Entered on FLSD Docket 03/17/2022   Page 1 of 2
Case 22-50073-JAM   Doc 4596   Filed 06/05/23   Entered 06/05/23 08:51:28   Desc Main
Affidavit Declaration of Alex Gabbe   Page 15 of 49

# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
## Case No. 20-20592-CIV-COOKE-DAMIAN

PORSCHE DARDEN *et. al*,

      Plaintiffs

v.

FLY LOW, INC. AND TERI GALARDI,

      Defendants

_____/

## CORRECTED NOTICE OF FILING AND ASSERTING CHARGING LIEN
## BY THE LAW OFFICES OF ASTRID E. GABBE, P.A.
## FOR ATTORNEYS' FEES AND COSTS

**NOTICE IS GIVEN** that The Law Office of Astrid E. Gabbe, P.A. ("AG") asserts an attorney's charging lien on the Final Judgment entered in the above-captioned proceeding, to Plaintiff Alexis King ("King") [Doc. 37] and on all money due from defendants on such judgment, and any and all assets, property, money or proceeds retained, received or recovered by King, or any of her assigns in connection with this Final Judgment. This charging lien claims attorney's fees and costs due AG for legal services rendered to King in this proceeding. To date, nothing has been paid to the undersigned and $163,956.32 is due to AG.

| Former Attorneys for Alexis King | Interested Party |
|---|---|
| Astrid E. Gabbe | Astrid E. Gabbe |
| The Law Office of Astrid E. Gabbe, P.A. | The Law Office of Astrid E. Gabbe, P.A. |
| Florida Bar No. 635383 | Florida Bar No. 635383 |
| P.O. Box 4216 | P.O. Box 4216 |
| Hollywood, FL 33083 | Hollywood, FL 33083 |
| Tel. (954) 303-9882 | Tel. (954) 303-9882 |
| Fax. (954) 983-1427 | Fax. (954) 983-1427 |
| astridgabbe@gmail.com | astridgabbe@gmail.com |

# EXHIBIT1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of foregoing was served via CM/ECF, email and/or First Class U.S. Mail to the parties on the attached service list as indicated on this 17th day of March, 2022.

**Former Attorneys for Alexis King**

Astrid E. Gabbe
The Law Office of Astrid E. Gabbe, P.A.
Florida Bar No. 635383
P.O. Box 4216
Hollywood, FL 33083
Tel. (954) 303-9882
Fax. (954) 983-1427
astridgabbe@gmail.com

**Interested Party**

Astrid E. Gabbe
The Law Office of Astrid E. Gabbe, P.A.
Florida Bar No. 635383
P.O. Box 4216
Hollywood, FL 33083
Tel. (954) 303-9882
Fax. (954) 983-1427
astridgabbe@gmail.com

## SERVICE LIST

### *Served via CM/ECF*

All parties of record

### *Served via Email*

Alexis King Alexisking717@icloud.com

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF GEORGIA

In re:                                         Case No. 22-50035-JPS

Teri Galardi,                                  Chapter 11

     Debtor,

_____/

THOMAS T. MCCLENDON,
AS LIQUIDATING TRUSTEE
OF THE GALARDI CREDITORS TRUST,             Contested Matter

     Movant,

v.

ASTRID E. GABBE,

     Respondent.

_____/

### CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 1st day of June 2023 a true and correct copy of the foregoing was mailed to the Clerk of Court for electronic filing, which will electronically serve a copy of the foregoing document on all parties of record and was emailed directly to parties of record by the undersigned.

                        Respectfully submitted,

                        /s/ Astrid E. Gabbe
                        The Law Office of Astrid E. Gabbe, P.A.
                        Florida Bar No. 635383
                        P.O. Box 4216
                        Hollywood, FL 33083
                        Tel. (954) 303-9882
                        Fax. (954) 983-1427
                        astridgabbe@gmail.com

### SERVICE LIST

### Via CM/ECF/EMAIL

All parties of record

UNITED STATES
POSTAL SERVICE.

PRESS

Retail

**P**

PRIORITY MAIL®

US POSTAGE PAID
**$9.65**

Origin: 19366
06/02/23
41669207660-05

PRESS FIRMLY TO SEAL

EXPECTED DELIVERY DAY: 06/05/23

0 Lb 5.30 Oz

RDC 04

B020

SHIP
TO:
PO BOX 1957
MACON GA 31202-1957

USPS TRACKING® #

9505 5145 6811 3153 1141 81

PS00001000014

TRACKED • INSURED

FLA
ONE RA

*Insurance
Domestic M
** See Inter

■ When u

■ Limited

■ USPS T

■ Domes

■ Expect

apply).*

ernational destinations.

quired.

ns see the

ations of coverage.

IORITY
MAIL

dule free Package Pickup,
scan the QR code.

USPS.COM/PICKUP

RECEIVED
U.S. Bankruptcy Court

JUN 0 5 2023

Middle District of Georgia

EP14F July 2022
OD: 12 1/2 x 9 1/2

PRIORITY
★ MAIL ★

FROM:
ASTRID E. GABBE
P.O. BOX 4216
HOLLYWOOD FL 33 08

TO: P.O. BOX 19
CLERK OF COUR
U.S. BANKRUPTCY
MIDDLE DISTRICT OF G
MACON, GA 3120

Label 228, March 2016

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED

VISIT US AT U
ORDER FREE SUP

UNITED
POSTAL

FOR DOMESTIC AND INTERNAT

Case 22-50035-JPS    Doc 596-1    Filed 10/08/23    Entered 10/08/23 08:51:23    Desc
Affidavit Declaration of Alexis King    Page 19 of 49
Case 1:20-cv-20592-MGC    Document 101    Entered on FLSD Docket 08/15/2023    Page 1 of 18

**4**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No. 20-cv-20592-MGC/O'Sullivan



FILED BY ___*PCS*___ D.C.

AUG 14 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

PORSCHE DARDEN, *et al.,*

    Plaintiffs,

v.

FLY LOW, INC., *et al.*

    Defendants.

**EXPEDITED MOTION**
Ruling Requested by August 17, 2023

## PLAINTIFF ALEXIS KING'S
## EXPEDITED MOTION TO REOPEN AND FOR SUBSTITUTION

**COMES NOW** ALEXIS KING ("KING") and files this **EXPEDITED MOTION**
requesting the Court to reopen the presently administratively closed case for purpose of
substituting Attorney Astrid Gabbe for Plaintiff ALEXIS KING so that the Court can then resolve
an ongoing fee dispute presently being litigated in the Middle District of Georgia Bankruptcy
Court (In re: TERI GALARDI, Case No. 22-50035-JPS) ("Macon Court").[1]

**Background**

On September 20, 2021 the Court entered a final judgment in favor of the Plaintiff, KING.
On March 17, 2022 counsel for KING, Attorney Astrid Gabbe filed a Notice of Charging Lien against

---

[1] KING files this expedited motion because (i) Attorney Gabbe has abandoned her client and this case
(ii) taken a position that is directly adverse to KING (See Doc 95 Notice of Charging Lien) (iii)
refused KING's repeated demands that she withdraw from this case (iv) committed perjury in the
Macon Case by averring she did in fact withdraw from this case when it was to her legal advantage
to mislead the Court (Exhibit 1) and (v) on August 7, 2023 Attorney Gabbe, through counsel, filed a
pleading in the Macon Case requesting the Court to assume jurisdiction over the attorney fee issue
and hold KING responsible for a 35% contingency fee based on a the Notice of Charging Lien
(Exhibit 2).

her own client (DOC 95). Due to the bankruptcy of Defendant Galardi the Court entered an Order staying the entire case on April 12, 2022 (Doc 96). The judgment has never been satisfied and is still outstanding. Nothing of value has ever been recovered in this proceeding.

In the meantime Attorney Gabbe filed a false proof claim form <u>as counsel for KING</u> and also an affidavit in the Macon Case <u>swearing under oath</u> KING is indebted to her in the amount of $163,596.32 (35% contingency fee based on a written contract) for attorney fees from this case. Based upon the filings of attorney Gabbe in the Macon Case the Ch. 11 Trustee stated he did not know who to pay and asked the Court for direction in this situation. Because attorney Gabbe's claim relies solely on the Notice of Charging Lien that in turn is based upon a contingency fee agreement this Court should allow King to challenge it.

### ARGUMENT I.  Motion to Reopen

The Court retained jurisdiction in the Final Order to determine this issue (Doc 37). As the Court of Appeals for the Eleventh Circuit has explained, "[d]esignating a case 'closed' does not prevent the court from reactivating a case either of its own accord or at the request of the parties." *Fla. Ass'n for Retarded Citizens, Inc. v. Bush*, 246 F.3d 1296, 1298 (11th Cir. 2001) (citing *Lehman v. Revolution Portfolio LLC*, 166 F.3d 389, 392 (1st Cir. 1999)). KING requests the Court instruct the clerk to reopen the administratively closed case for the single purpose of resolving the Notice of Charging Lien (Doc 95).

### ARGUMENT II.  Justice Demands Immediate Substitution

Immediate substitution is warranted in the matter because attorney Gabbe has abandoned the client, the case and taken an adverse position in this matter and in the Macon Case. In fact, according to attorney Gabbe she no longer represents KING (See Exhibit 1, para. 2 & 4). <u>Gabbe swore under the penalty of perjury KING was her former client</u>, this statement alone is enough to grant this motion

but there is more.  In para. 4 Gabbe avers that <u>she filed a charging lien against her former client KING</u> <u>and the charging lien uncontested</u>.  Gabbe misled the bankruptcy court into believing that her "former client" did not dispute the "duly filed" charging lien so it presumably must be valid.  First, attorney Gabbe failed to inform the bankruptcy court it is not possible for KING to challenge the Notice of Charging lien in court because it has to be done through attorney Gabbe as the attorney of record.  Second, King challenged it by filing a complaint with the Florida Bar where attorney Gabbe was forced to admit in her rebuttal there was no contingency fee agreement (but see Exhibit 2, page 3 para. 2 – alleging the existence of a contingency fee agreement).

Attorney Gabbe will never challenge her own Notice of Charging Lien and is using the fact KING cannot presently file documents in this matter to her legal advantage in Macon Case.   The Court should grant this expedited motion for substitution and allow KING to assert proper legal objections to the Notice of Charging Lien.

**Finally, based on the sordid facts explained above KING requests the Court Order attorney Gabbe to file the Contingency Fee Agreement on the docket.**

**WHEREFORE** KING prays this Court award the following relief:

a. Grant the motion to reopen;

b. Substitute Attorney Gabbe for KING;

c. Order Attorney Gabbe to file the Contingency Fee Agreement;

d. For such other and further relief as the Courts deems fair and equitable.

Dated: August 10, 2023

Respectfully submitted,

/s/ Alexis King
1361 Arlene Valley Lane
Lawrenceville, GA 30043
alexisking717@icloud.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was filed by U.S. Mail and will serve

all parties by CM/ECF when filed by the Clerk.

Date:  August 10, 2023

/s/ Alexis King
Alexis KING

EXHBIT "1"

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| In re: | Case No. 22-50035-JPS |
| Teri Galardi, | Chapter 11 |
|     Debtor, | |
| _____/ | |
| THOMAS T. MCCLENDON,<br>AS LIQUIDATING TRUSTEE<br>OF THE GALARDI CREDITORS TRUST, | Contested Matter |
|     Movant, | |
| v. | |
| ASTRID E. GABBE, | |
|     Respondent. | |
| _____/ | |

### AFFFIDVIT IN OPPOSITION TO LIQUIDATING TRUSTEE'S
### OBJECTION TO CLAIM NO. 57 OF ASTRID E. GABBE [ECF 428]

STATE OF FLORIDA      )
COUNTY OF BROWARD  )

      I, Astrid E. Gabbe, Esq. state:

    1.     That I am over the age of 18.

    2.     That I have personal knowledge of the facts contained in this affidavit and the

Objection to Claim No. 57 [ECF 428].

    3.     That I am a duly licensed Florida attorney in continuous good standing since April

18, 2003.

Case 22-50852-LRC Doc 444 Filed 06/05/23 Entered 06/05/23 12:41:10 Desc Main
Document Page 2 of 6

Case 22-50852-LRC Doc 434 Filed 05/26/23 Entered 05/26/23 04:51:23 Page 24 of 18
Affidavit Declaration of Alexis King Page 24 of 49

4.      That I did file a proof of claim [Claim No. 57] to memorialize my duly recorded attorney charging lien of $163,956.32, attached hereto as Exhibit 1, against my former client, Alexis King, for whom I obtained a Final Judgment in the amount of $468,446.62 against Debtor Teri Galardi on September 20, 2021.[1] The charging lien was filed on March 17, 2022 and is uncontested.

5.      That I filed a charging lien because I had not been paid by my former client and under Florida law, a former attorney's charging lien is enforceable against a defendant. *Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom*, 428 So. 2d 1383, 1385 (Fla. 1983). Thus, in order to collect from Defendant Galardi, now Debtor Galardi, I was required to file a proof of claim in Debtor Galardi's bankruptcy which I did.

6.      That Ms. King also filed a proof of claim in the amount of $468,446.62 [Claim No. 110] instead of the correct amount of $304,490.30 in a transparent attempt to intercept my fees.

7.      That the Court should overrule the objection and reduce Claim 110 to $304,490.30 and then the total for the two proofs of claim is the correct amount of $468,446.62 and not duplicative.

8.      That I do not want my money being paid to Ms. King/Red Shield Funding and must be paid directly by the Liquidating Trustee, if determined to be a Class 8 claim or by Teri Galardi if my claim is ruled a Class 10 secured claim which it should be.

**FURTHER AFFIANT SAYETH NAUGHT**

Pursuant to Fla. Stat. 92.525, 28 U.S. Code § 1746 and under penalty of perjury, I declare that I have read the foregoing Affidavit and the Objection [ECF 428] and that the facts are true, correct and based on my personal knowledge.

*/s/ Astrid E. Gabbe, Esq.*
Astrid E. Gabbe, Esq.

---

[1] Ms. King assigned the Final Judgment and proof of claim no. 110 to Red Shield Funding.

Case 9:25-00851-PS Doc 4446 Filed 09/05/23 Entered 09/05/23 47:44:49 Desc Main
Case 1:20-cv-20592-MGC Document 39 Entered on FLSD Docket 08/10/2022 Page 1 of 2
Affidavit Declaration of Alexis King Page 25 of 49

# EXHIBIT 1

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION
### Case No. 20-20592-CIV-COOKE-DAMIAN

PORSCHE DARDEN *et. al*,

      **Plaintiffs**

v.

FLY LOW, INC. AND TERI GALARDI,

      **Defendants**

_____/

### CORRECTED NOTICE OF FILING AND ASSERTING CHARGING LIEN
### BY THE LAW OFFICES OF ASTRID E. GABBE, P.A.
### FOR ATTORNEYS' FEES AND COSTS

      **NOTICE IS GIVEN** that The Law Office of Astrid E. Gabbe, P.A. ("AG")

asserts an attorney's charging lien on the Final Judgment entered in the above-captioned

proceeding, to Plaintiff Alexis King ("King") [Doc. 37] and on all money due from defendants

on such judgment, and any and all assets, property, money or proceeds retained, received or

recovered by King, or any of her assigns in connection with this Final Judgment. This

charging lien claims attorney's fees and costs due AG for legal services rendered to King in

this proceeding. To date, nothing has been paid to the undersigned and $163,956.32 is due

to AG.

<div style="display:flex; justify-content:space-between;">

<div>

**Former Attorneys for Alexis King**

Astrid E. Gabbe
The Law Office of Astrid E. Gabbe, P.A.
Florida Bar No. 635383
P.O. Box 4216
Hollywood, FL 33083
Tel. (954) 303-9882
Fax. (954) 983-1427
astridgabbe@gmail.com

</div>

<div>

**Interested Party**

Astrid E. Gabbe
The Law Office of Astrid E. Gabbe, P.A.
Florida Bar No. 635383
P.O. Box 4216
Hollywood, FL 33083
Tel. (954) 303-9882
Fax. (954) 983-1427
astridgabbe@gmail.com

</div>

</div>

# EXHIBIT 1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of foregoing was served via CM/ECF, email and/or First Class U.S. Mail to the parties on the attached service list as indicated on this 17th day of March, 2022.

**Former Attorneys for Alexis King**

Astrid E. Gabbe
The Law Office of Astrid E. Gabbe, P.A.
Florida Bar No. 635383
P.O. Box 4216
Hollywood, FL 33083
Tel. (954) 303-9882
Fax. (954) 983-1427
astridgabbe@gmail.com

**Interested Party**

Astrid E. Gabbe
The Law Office of Astrid E. Gabbe, P.A.
Florida Bar No. 635383
P.O. Box 4216
Hollywood, FL 33083
Tel. (954) 303-9882
Fax. (954) 983-1427
astridgabbe@gmail.com

## SERVICE LIST

*Served via CM/ECF*

All parties of record

*Served via Email*

Alexis King Alexisking717@icloud.com

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF GEORGIA

In re:                                          Case No. 22-50035-JPS

Teri Galardi,                                   Chapter 11

      Debtor,

_____/

THOMAS T. MCCLENDON,
AS LIQUIDATING TRUSTEE
OF THE GALARDI CREDITORS TRUST,               Contested Matter

      Movant,

v.

ASTRID E. GABBE,

      Respondent.

_____/

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 1st day of June 2023 a true and correct copy of the foregoing was mailed to the Clerk of Court for electronic filing, which will electronically serve a copy of the foregoing document on all parties of record and was emailed directly to parties of record by the undersigned.

                Respectfully submitted,

                /s/ Astrid E. Gabbe
                The Law Office of Astrid E. Gabbe, P.A.
                Florida Bar No. 635383
                P.O. Box 4216
                Hollywood, FL 33083
                Tel. (954) 303-9882
                Fax. (954) 983-1427
                astridgabbe@gmail.com

## SERVICE LIST

### Via CM/ECF/EMAIL

All parties of record

**UNITED STATES POSTAL SERVICE**

**Retail**

**P**

## US POSTAGE PAID

## $9.65

Origin: 19366
06/02/23
4166920766-05

PRESS

RESS FIRMLY TO SEAL

### PRIORITY MAIL®

**PRIORITY®
MAIL**

0 Lb 5.30 Oz

**RDC 04**

EXPECTED DELIVERY DAY:  06/05/23

apply).*

**B020**

ernational destinations.

SHIP
TO:



PO BOX 1957
MACON GA 31202-1957

- Expected
- Domest
- USPS T
- Limited
- When u

*Insurance
Domestic M
** See Inter

quired.

ns see the

lations of coverage.

### USPS TRACKING® #



9505 5145 6811 3153 1141 81

**RECEIVED**
U.S. Bankruptcy Court

JUN 0 5 2023

Middle District of Georgia.

**PRIO
★ MA**

FROM:

ASTRI
P.O.
HOLL

TO
CLE
U.S
MID
MAC

# FLAT

ONE RA

# TRACKED ▪ INSURED



PS00001000014

EP14F July 2022

Label 228, March 2

ule free Package Pickup,
scan the QR code.

USPS.COM/PICKUP

# EXHIBIT "2"

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**

In re:                                                    Case No. 22-50035-JPS

**TERI GALARDI,**
                                                          Chapter 11
      Debtor.

_____/

**ASTRID E. GABBE**                                       Contested Matter

      Movant.

v.

**ALEXIS KING and JOSEPH ROBERT**
**GUERNSEY d/b/a RED SHIELD**
**FUNDING, as assignee**

      Respondents.

_____/

## NOTICE OF OBJECTION TO CLAIM NO. 110

      ASTRID E. GABBE, ESQ., CREDITOR AND INTERESTED PARTY, HAS FILED AN OBJECTION TO YOUR CLAIM IN THIS BANKRUPTCY CASE.

      <u>**Your claim may be reduced, modified, or eliminated.**</u> **You should read these documents carefully and discuss them with your attorney, if you have one in this bankruptcy case.** <u>**If you do not have an attorney, you may wish to consult one.**</u>

      If you do not want the court to eliminate or change your claim, then you or your attorney shall file with the court a written response to the objection on or before **September 6, 2023.** If you are receiving this notice by mail, you may add 3 days to the response date, in accordance with FRBP 9006(f). The objection or response should be sent to:

Clerk, U.S. Bankruptcy Court
Middle District of Georgia
P.O. Box 1957
Macon, GA 31202
478-752-3506

      **If a response is filed, a hearing on the objection to your claim shall be held on: September 27, 2023 at 11:00 a.m. in Courtroom A at the U.S. Courthouse, 433 Cherry Street, Macon, Georgia 31201.**

      If you mail your response to the Court for filing, you shall send it early enough so that the court will **receive** the response on or before the response date stated above.

Any response shall also be served on the Movant.

If you or your attorneys do not take these steps, the court may decide you do not oppose the objection to your claim.

This notice is sent by the undersigned pursuant to LBR 9004-1.

**Parties should consult the Court's website (www.gamb.uscourts.gov) concerning whether the hearing will be in-person, telephonic, or virtual. Please refer to Administrative Order #145 for more guidance.**

This 7th day of August, 2023.

*/s/ Jason M. Orenstein*
JASON M. ORENSTEIN
State Bar # 554302
Attorney for Astrid E. Gabbe

1922 Forsyth Street
Macon, GA 31201
(478) 743-6300
jason@jmolaw.com

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF GEORGIA

In re:                                            **Case No. 22-50035-JPS**

**TERI GALARDI,**
                                                  **Chapter 11**
        Debtor.

_____/

**ASTRID E. GABBE**                               **Contested Matter**

        Movant.

v.

**ALEXIS KING and JOSEPH ROBERT
GUERNSEY d/b/a RED SHIELD
FUNDING, as assignee**

        Respondents.

_____/

### OBJECTION TO PROOF OF CLAIM NO. 110

Creditor and Interested Party in the above matter, ASTRID E. GABBE (herein "Gabbe"),

hereby files this Objection to Proof of Claim No. 110 asserted by Alexis King, and assigned to

Joseph Robert Guernsey d/b/a Red Shield Funding (herein "Respondents"), and respectfully

shows this Court as follows:

1.      On January 12, 2022 debtor filed a voluntary petition for relief under Chapter 11.

Gabbe and Respondents are creditors/interested parties holding claims against the debtor in the

above bankruptcy case.

2.      In the years preceding the filing of the debtor's bankruptcy petition, Gabbe

provided legal representation pursuant to a contingency fee agreement with Alexis King in a

claim for damages under the Florida Minimum Wage Act resulting a judgment entered on

September 20, 2021 in the amount of $468,446.62 in favor of Alexis King (the "King Judgment")

from a lawsuit styled *Darden* et al. *v. Fly Low, Inc. and Galardi*, Case No. 20-cv-20592-MGC,

in the United States District Court for the Southern District of Florida (the "District Court").

3.    In accordance with Florida law, on March 17, 2022, Gabbe filed a charging lien to enforce and perfect her 35% contingency attorney fee interest in the King Judgment. Said filing is reflected in the Darden docket and a copy is attached hereto as Exhibit 1.

4.    On March 17, 2022, Gabbe filed Proof of Claim No. 57, asserting a claim for $163,956.32 as an unsecured claim arising from her representation of Alexis King. As detailed above, said amount represents contingency fees of 35% earned from the King Judgment.

5.    On March 21, 2022, Gabbe filed Proof of Claim No. 101 on behalf of Alexis King in the amount of $304,490.30 as an unsecured claim. Said amount represents Alexis King's 65% after deducting the 35% attorney fees set forth above.

6.    On March 22, 2022, Ms. King filed Proof of Claim No. 110 in the amount of $468,446.62. Said claim reflects the full amount of the King Judgment against the Debtor, which does not take into account contingency fees due to Gabbe.

7.    On February 28, 2023, Ms. King filed a Notice of Withdrawal of Claim No. 101 (Doc. 306).

8.    On March 13, 2023, Ms. King transferred her proof of claim #110 to Joseph Robert Guernsey d/b/a Red Shield Funding. (Doc. 325)

9.    As it stands now, Claim No. 57 and Claim No. 110 are redundant. Said claims need to be bifurcated such that the Liquidating Trustee shall make disbursements to Gabbe and Alexis King as separate payees.

10.    Claim No. 110 filed by Alexis King should be reduced to $304,490.30 to take into account Claim No. 57 and the attorney fees set forth therein.

WHEREFORE, the Movant requests the following relief:

(a)    That this Objection be sustained;

(b)    That the Liquidating Trustee pay Claim No. 57 in the amount of $163,965.32 to Gabbe;

(c) That Claim No. 110 is modified down to $304,490.30 and paid to King or her assignee;

(d) That the Court awards Movant such other and further relief as is just and proper.

This 7th day of August, 2023.

/s/ Jason M. Orenstein
JASON M. ORENSTEIN
State Bar # 554302
Attorney for Astrid E. Gabbe

1922 Forsyth Street
Macon, GA 31201
(478) 743-6300
jason@jmolaw.com

## CERTIFICATE OF SERVICE

This is to certify that I have on this day electronically filed the foregoing Objection to Proof of Claim No. 110 using the Bankruptcy Court's Electronic Case Filing program which serves the same upon all participants therein who have appeared in the case. In addition, the counsel for Plaintiff has mailed to a copy of the foregoing Objection to Proof of Claim No. 110 to Red Shield Funding at 1616 S. Ocean Drive #101, Vero Beach, FL 32963; Joseph Guernsey at 4681 Carvel Court, Myrtle Beach, SC 29588; Alexis King at 1361 Arlene Valley Lane, Lawrenceville, GA 30043.

This 7th day of August, 2023.

/s/ Jason M. Orenstein
JASON M. ORENSTEIN
State Bar # 554302
Attorney for Astrid E. Gabbe

1922 Forsyth Street
Macon, GA 31201
(478) 743-6300
jason@jmolaw.com

# EXHIBIT 1

Case 22-50073 Case 1:20-cv-20592-RES Document 6 Filed 05/04/22 Entered 05/04/22 20:50:22 Page Main
Affidavit Declaration of Alex Hu Page 17 of Page 35 of 49
Case 1:20-cv-20592-RSC Claim Part 2 Entered 03/07/25 Docket Document 11 Page 1 of 1

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 20-cv-20592-COOKE/O'SULLIVAN

PORSCHE DARDEN, *et al.*,

     Plaintiffs,

vs.

FLY LOW, INC., and TERI GALARDI,

     Defendants.

_____/

### FINAL JUDGMENT

Following an arbitration hearing, an Arbitrator issued an award in favor of Plaintiff Alexis King in the amount of $468,446.62. The Court confirmed the award without modification. *See* ECF 35. The Court now enters final judgment in favor of Plaintiff Alexi King and against Defendant Teri G. Galardi.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that a Final Judgment is entered for Plaintiff Alexis King and against Defendant Teri G. Galardi in the amount of $468,446.62, for which sum let execution issue.

The Court retains jurisdiction of this matter for the purpose of enforcing the final judgment pursuant to Federal Rules of Civil Procedure 69 and for a determination of fees and costs.

**DONE** and **ORDERED** in chambers, at Miami, Florida, this 20th day of September 2021.

 

*Marcia G. Cooke*
_____
MARCIA G. COOKE
United States District Judge

1



Case 22-50035-JPS    Doc 596-1    Filed 10/08/23    Entered 10/08/23 08:51:23    Desc
Affidavit Declaration of Alexis King    Page 37 of 49
Case 1:20-cv-20592-AHS    Document 105    Entered on FLSB Docket 08/28/2023    Page 1 of 4

5

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 20-20592-CIV-SINGHAL**

PORSCHE DARDEN *et. al*,

      Plaintiffs

v.

FLY LOW, INC. AND TERI GALARDI,

      Defendants

_____/

**ASTRID E. GABBE, ESQ.'S CROSS MOTION TO STRIKE PLAINTIFF ALEXIS
KING'S EXPEDITED MOTION TO REOPEN AND FOR SUBSTITION [DOC. 101]**

Astrid E. Gabbe, Esq. ("Gabbe" or "Cross Movant"), *pro se,* hereby files this Cross

Motion to Strike Plaintiff Alexis King's Expedited Motion to Reopen and For Substitution.

[Doc. 101]. In support, Cross Movant states:

1.      On February 10, 2020, undersigned counsel filed this action to compel Defendant

Teri Galardi to arbitrate the Florida Minimum Wage Act ("FMWA") claims that Ms. Alexis King

had against Defendant Teri Galardi.

2.      Gabbe undertook the representation of Ms. King pursuant to a contingency fee

agreement based solely upon a successful outcome against Defendant Teri Galardi.

3.      On May 21, 2020, the Court granted the Motion and ordered arbitration of the

FMWA claims.  [Doc. 23].

4.      On August 5, 2021, the arbitrator awarded Ms. King $468,446.62 including

$47,970 in attorneys' fees to Astrid E. Gabbe and co-counsel Ainsworth Dudley.  [*See* Doc. 28 p.

29].

Case 22-50035-JPS    Doc 596-1    Filed 10/08/23    Entered 10/08/23 08:51:23    Desc
Affidavit Declaration of Alexis King    Page 38 of 49
Case 1:20-cv-20592-AHS    Document 105    Entered on FLSD Docket 08/28/2023    Page 2 of 4

5.      On August 7, 2021, undersigned counsel filed a Motion to Confirm Arbitration Award and Enter Final Judgment.  [Doc. 28].

6.      On September 20, 2021,  this Court confirmed the arbitration award and entered a Final Judgment in favor of Alexis King against Defendant Teri Galardi for $468,446.62 [Doc. 37].

7.      On January 12, 2022, Defendant Galardi filed a voluntary chapter 11 bankruptcy petition in the Middle District of Georgia, Macon Division.  [*See In Re Galardi,* Case No. 22-bk-50035-JPS].

8.      On January 16, 2022, Defendant Galardi noticed this Court of the bankruptcy [Doc. 89] and on January 19, 2022, this Court stayed the case and ordered a status report of Galardi's bankruptcy to be filed every 30 days.  [Doc. 91].  While a status report has not been filed in a number of months, the Galardi bankruptcy is still pending and the $468,446.62 Final Judgment from this case will be paid and satisfied through the proof of claims process in the Galardi bankruptcy.

9.      On March 17, 2022, Gabbe recorded a charging lien in this case to memorialize her contingency fee interest in the Final Judgment [*see* Doc. 95], which charging lien has never been contested or disputed by Ms. King.

10.     On March 22, 2022, Ms. King filed a proof of claim in the Galardi bankruptcy for $468,446.62.  Attached hereto as Exhibit 1, is a true and correct copy of the King proof of claim.

11.     As the Court can see, Ms. King attached the Final Judgment from this court to her proof of claim form.  [*See* pp. 4-5].

12.     On or about March 13, 2023, Ms. King assigned her proof of claim including the Final Judgment from this action to Red Shield Funding/Robert Joseph Guernsey.  Attached hereto

Case 22-50035-JPS    Doc 596-1    Filed 10/08/23    Entered 10/08/23 08:51:23    Desc
Affidavit Declaration of Alexis King    Page 39 of 49
Case 1:20-cv-20592-AHS    Document 105    Entered on FLSD Docket 08/28/2023    Page 3 of 4

as Exhibit 2 is a true and correct copy of the transfer of the King proof of claim to Red Shield

Funding recorded in the Galardi bankruptcy.

13.    Because Ms. King assigned her proof of claim including the Final Judgment to Red

Shield Funding, Ms. King no longer has standing in this case to seek any relief.

14.    As such the Court must strike the Expedited Motion to Reopen and For Substitution

because Ms. King.

15.    Red Shield Funding and Mr. Robert Joseph Guernsey have never appeared in this

case and are not seeking any relief herein.

16.    Undersigned consents to the disposition of this Motion by magistrate judge Melissa

Damian.

**WHEREFORE**, for the foregoing reasons this Court must strike Plaintiff Alexis King's

Expedited Motion to Reopen and For Substitution [Doc. 101] and grant such other and further

relief as necessary.

Respectfully submitted,

**Interested Party &**
**Former Attorney Alexis King**
*/s/ Astrid E. Gabbe*
Astrid E. Gabbe
The Law Office of Astrid E. Gabbe, P.A.
Florida Bar No. 635383
P.O. Box 4216
Hollywood, FL 33083
Tel. (954) 303-9882
Fax. (954) 983-1427
astridgabbe@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of foregoing was served via CM/ECF,

email and/or First Class U.S. Mail to the parties on the attached service list as indicated on this

Case 22-50035-JPS    Doc 596-1    Filed 10/08/23    Entered 10/08/23 08:51:23    Desc
Affidavit Declaration of Alexis King    Page 40 of 49
Case 1:20-cv-20592-AHS    Document 105    Entered on FLSD Docket 08/28/2023    Page 4 of 4

28th day of August, 2023.

**Interested Party &**
**Former Attorney Alexis King**
*/s/ Astrid E. Gabbe*
Astrid E. Gabbe
The Law Office of Astrid E. Gabbe, P.A.
Florida Bar No. 635383
P.O. Box 4216
Hollywood, FL 33083
Tel. (954) 303-9882
Fax. (954) 983-1427
astridgabbe@gmail.com

## SERVICE LIST

***Served via CM/ECF***

All parties of record

***Served via Email and First-Class Mail***
Alexis King
1361 Arlene Valley Lane
Lawrenceville, GA 30043
Alexisking717@icloud.com

FILED

**U.S. Bankruptcy Court**
**Middle District of Georgia**

3/22/2022

**Kyle George, Clerk**

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | Teri Galardi |
| Debtor 2 | |
| (Spouse, if filing) | |
| United States Bankruptcy Court | **Middle District of Georgia** |
| Case number: | **22–50035** |

Official Form 410

# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

| | |
|---|---|
| 1. **Who is the current creditor?** | Alexis King<br><br>Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor |
| 2. **Has this claim been acquired from someone else?** | ☒ No<br>☐ Yes. From whom? |

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Alexis King | |
| Name | Name |
| 1361 Arlene Valley Lane<br>Lawrenceville, GA 30043 | |
| Contact phone    678–681–4397 | Contact phone |
| Contact email    alexisking717@icloud.com | Contact email |
| Uniform claim identifier for electronic payments in chapter 13 (if you use one): | |

| | |
|---|---|
| 4. **Does this claim amend one already filed?** | ☒ No<br>☐ Yes. Claim number on court claims registry (if known) _____ Filed on _____<br>MM / DD / YYYY |
| 5. **Do you know if anyone else has filed a proof of claim for this claim?** | ☒ No<br>☐ Yes. Who made the earlier filing? |

**6. Do you have any number you use to identify the debtor?**

Give Information About the Claim as of the Date the Case Was Filed

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____

**7. How much is the claim?**

$ 468446.62

**Does this amount include interest or other charges?**
☑ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as healthcare information.

Court judgment

**9. Is all or part of the claim secured?**

☐ No
☑ Yes. The claim is secured by a lien on property.
**Nature of property:**
☐ Real estate.   If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410–A) with this *Proof of Claim.*
☐ Motor vehicle
☑ Other. Describe:

personal property

**Basis for perfection:**

Lien Certificate

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**   $ _____

**Amount of the claim that is secured:**   $ 468446.62

**Amount of the claim that is unsecured:**   $ 0.00   (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**   $ _____

**Annual Interest Rate** (when case was filed)   0.08   %

☐ Fixed
☑ Variable

**10. Is this claim based on a lease?**

☑ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____

**11. Is this claim subject to a right of setoff?**

☑ No
☐ Yes. Identify the property: _____

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No  ☐ Yes. *Check all that apply:* | **Amount entitled to priority** |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies | $ _____ |
| | * Amounts are subject to adjustment on 4/1/22 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.**

Check the appropriate box:

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date       3/22/2022

                       MM / DD / YYYY

/s/  Alexis King

Signature

Print the name of the person who is completing and signing this claim:

| Name | Alexis King | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | | | |
| Company | | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer | | |
| Address | | | |
| | Number   Street | | |
| | , | | |
| | City   State   ZIP Code | | |
| Contact phone | | Email | |

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 20-cv-20592-COOKE/O'SULLIVAN

PORSCHE DARDEN, *et al.*,

     Plaintiffs,

vs.

FLY LOW, INC., and TERI GALARDI,

     Defendants.

_____/

### FINAL JUDGMENT

Following an arbitration hearing, an Arbitrator issued an award in favor of Plaintiff Alexis King in the amount of $468,446.62. The Court confirmed the award without modification. *See* ECF 35. The Court now enters final judgment in favor of Plaintiff Alexi King and against Defendant Teri G. Galardi.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that a Final Judgment is entered for Plaintiff Alexis King and against Defendant Teri G. Galardi in the amount of $468,446.62, for which sum let execution issue.

The Court retains jurisdiction of this matter for the purpose of enforcing the final judgment pursuant to Federal Rules of Civil Procedure 69 and for a determination of fees and costs.

**DONE** and **ORDERED** in chambers, at Miami, Florida, this 20th day of September 2021.

_____

MARCIA G. COOKE
United States District Judge

FOR PURPOSES OF FILING A JUDGMENT LIEN, THE FOLLOWING INFORMATION IS SUBMITTED IN ACCORDANCE WITH s. 55.203, F.S..

**JUDGMENT DEBTOR (DEFENDANT) NAME(S) AS SHOWN ON JUDGMENT LIEN:**

GALARDI,  TERI G
2146 HIGHWAY 42
FLOVILLA, GA. 30216

**J21000543052**
**FILED**
**Oct 26, 2021 01:43 P.M.**
**Secretary of State**
SLWILSON

**JUDGMENT CREDITOR (PLAINTIFF) NAME AS SHOWN ON JUDGMENT LIEN OR CURRENT OWNER OF JUDGMENT IF ASSIGNED:**

ALEXIS KING
P.O. BOX 4216
HOLLYWOOD, FL 33083
DOS DOCUMENT#: N/A

**NAME AND ADDRESS TO WHOM ACKNOWLEDGMENT/CERTIFICATION IS TO BE MAILED:**

ASTRID E. GABBE, ESQ.
ATTORNEYGABBE@PROTONMAIL.COM

AMOUNT DUE ON MONEY JUDGMENT: 468,446.62
APPLICABLE INTEREST RATE: 0.08%
NAME OF COURT: SOUTHERN DISTRICT OF FLORIDA
CASE NUMBER: CASE NO. 20-CV-20592
DATE OF ENTRY: 09/20/21
WAS A WRIT OF EXECUTION DOCKETED ON THIS JUDGMENT LIEN WITH ANY SHERIFF PRIOR TO OCTOBER 1, 2001?
   ( ) YES   (IF YES, A "CREDITOR AFFIDAVIT CERTIFICATION" FORM MUST BE ATTACHED TO THIS CERTIFICATE.)
   (X) NO

UNDER PENALTY OF PERJURY, I hereby certify that: (1)  The judgment above described has become final and there is no stay of the judgment or its enforcement in effect; (2)  All of the information set forth above is true, correct, current and complete; (3)  I have not previously filed a Judgment Lien Certificate regarding the above judgment with the Department of State; and, (4)  I have complied with all applicable laws in submitting this Electronic Judgment Lien Certificate for filing.

Electronic Signature of Creditor or Authorized Representative: ASTRID E. GABBE - ATTORNEY FOR PLAINTIFF

B 2100A (Form 2100A) (12/15)

# UNITED STATES BANKRUPTCY COURT

Middle District of Georgia

In re Galardi _____,    Case No.  Case 22-50035-JPS

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| RED SHIELD FUNDING | ALEXIS KING |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:
  Red Shield Funding
  1616 S. Ocean Drive #101
  Vero Beach, FL 32963

Phone:  redshieldfunding@gmail.com
Last Four Digits of Acct #: _____

Court Claim # (if known): ____110-1____
Amount of Claim:  $468,446.62
Date Claim Filed:  03/22/2022

Phone: 470-519-7637
Last Four Digits of Acct. #: _____

Name and Address where transferee payments should be sent (if different from above):

  same as above

Phone: _____
Last Four Digits of Acct #: _____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:/s/ R Guernsey _____    Date: 03/13/2023
        Transferee/Transferee's Agent

By: _/s/ Alexis King _____    Date: __3-13-2023__
        Alexis King/Transferor

*Penalty for making a false statement*  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 & 3571.

Case 22-50035-JPS   Doc 596-1   Filed 10/08/23   Entered 10/08/23 08:51:23   Desc
Case 22-50035-JPS   Affidavit Declaration of Alex King   Page 47 of 49 10:12:59   Desc trc Case
1:20-cv-20592-AHS   Document 105-2   Entered on FLSD Docket 08/28/2023   Page 2 of 2

**This form is intentionally blank.**

**The notice is scheduled to be processed by the Bankruptcy Noticing Center (BNC).**

**Refer to the BNC Certificate of Notice entry to view the actual form.**

# M Gmail

## Your a lier !!!!!!

Thu, Oct 5, 2023 at 4:02 PM

# 6

**From:** Astrid Gabbe <astridgabbe@gmail.com>
**Date:** October 5, 2023 at 3:38:52 PM EDT
**To:** Alexis King <alexisking717@icloud.com>
**Cc:** Sheri Miles <smiles@floridabar.org>, Tom McClendon <tmcclendon@joneswalden.com>
**Subject: Re: Your a lier !!!!!!**


Ms. King,

The Court already entered the consent judgment.  Attached hereto is your copy.

Now you are fully protected by the United States District Court in the Southern District of Florida from the convicted felon Joseph Robert Guernsey.  Attached hereto is the Judgment In A Criminal Case in the case of the United States of America vs. Joseph Robert Guernsey.
Mr. Guernsey was convicted of bank and mortgage fraud.  He served 21 months in prison.

I will continue to do my job as your lawyer because I refuse to see my client being victimized by a convicted felon.

I will take appropriate actions to make sure that you are protected in the Middle District of Georgia Bankruptcy Court with Mr. McClendon who is holding the money to pay you.  Based on my calculations, Mr. McClendon is holding $121,796 for you from the Final Judgment that I obtained on your behalf from the SDFL Court.  As soon as I know the hearing date at the bankruptcy court in Macon, Georgia, I will forward you the information because you will have to appear in person at the bankruptcy court as will Joseph Robert Guernsey if he believes that he is entitled to any of your money.

I am your advocate and I will not stop until justice is served.

Sincerely,

Sincerely,
Astrid E. Gabbe, Esq.
The Law Office of Astrid E. Gabbe, P.A.
P.O. Box 4216
Hollywood, FL, 33083
954-303-9882
Email: astridgabbe@gmail.com

> On Thu, Oct 5, 2023 at 3:00 PM Alexis King <alexisking717@icloud.com> wrote:
>
> there isnt a contigency fee agreement so what are you trying to do?  I DO NOT CONSENT TO WHAT YOU ARE DOING IN COURT, WITHDRAW THE ATTACHED MOTION NOW!  YOU NEVER ASKED FOR MY CONSENT YOU LIAR!

Sent from my iPhone

---

**2 attachments**

 **Doc.112-DardenVGalardiConsentJudgmentECF110-10-5-23.pdf**
152K

**Doc.177-USAvGuernseyJudgmentAgainstGuernsey.pdf**
419K