# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

In re:

TERI GALARDI,

    Debtor.

_____/

ASTRID E. GABBE, ESQ.

    Movant.

v.

TERI GALARDI,
THE GALARDI CREDITORS TRUST,
ALEXIS KING &
JOSEPH ROBERT GUERNSEY D/B/A
RED SHIELD FUNDING

    Respondents.
_____

Case No. 22-50035-JPS

Chapter 11

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

COMES NOW Creditor and Interested Party Astrid E. Gabbe, Esq., (hereinafter "Gabbe"), by and through undersigned counsel, pursuant to 11 U.S.C. § 362 of the United States Bankruptcy Code, and moves for *Nunc Pro Tunc* Relief from the Automatic Stay as follows:

1. This Court has jurisdiction over this matter pursuant to 11 U.S.C. § 362, FRBP 4001(a), and the various other applicable provisions of the United States Bankruptcy Code.

2. Gabbe is a creditor and party in interest who filed a Proof of Claim No. 57 (Claim #57) with respect her representation of Claimant Alexis King ("King") (Claim #101 and #110). King was one of six plaintiffs in the case of *Darden v. Galardi*, Case No. 20-cv-20592-Singhal (the "Darden Case") brought in the United States District Court for the Southern District of

Florida alleging violations of the Florida Minimum Wage Act against Debtor Galardi. The other five plaintiffs, including by not limited to Porsche Darden, are all claimants in this bankruptcy and whose claims are being paid through the Liquidating Trustee without issue.

3. Gabbe is a creditor and party in interest based upon her interest that she has asserted related to Rasheeda Mays' Proof of Claim No. 106 and Tiffany Thompson's Proof of Claim 114, which are the subject of an interpleader action pending in the United States District Court for the Southern District of Florida Case No. 23-CV-22893 initiated by the Liquidating Trustee.

4. Gabbe is a creditor and party in interest based upon her interest that she has asserted related to Jenisee Long's Proof of Claim No. 115, which is the subject of Adversary Proceeding No. 23-5017 pending in this Court initiated by the Liquidating Trustee.

5. Gabbe contends that under Florida law, she has in interest in the judgments underlying the above claims. To make this clear, Gabbe has endeavored, and wants to continue to endeavor, to seek clarification from Florida courts as to her interest in the above claims and judgment to facilitate the above described interpleader proceedings and the claims objection process. In doing so, Gabbe is not seeking to impose any additional liability upon Debtor Teri Galardi or the Galardi Liquidating Trust.

6. On October 5, 2023, the United States District Court entered a Consent Judgment. [*See* Exh. 1. *Darden & King et. al. v. Galardi,* Case no. 20-20589-AHS Doc. 112] in order resolve Gabbe's February 10, 2020 charging lien and convert same to judgment.

7. The Honorable Raag Singhal concluded that under Florida Law, Gabbe's charging lien became effective of the day representation and work began for the client, which is February 10, 2020. "Although an attorney's charging lien attaches to a judgment for the client,

this equitable lien relates back to the commencement of the services rendered by the attorney on behalf of the client and takes effect from that time. *Miles v. Katz*, 405 So. 2d 750, 752 (Fla. 4th DCA 1981). An attorney's charging lien has priority over any judgment lien obtained after commencement of an attorney's services." [*See Weed v. Washington,* 242 F.3d 1320 (11th Cir. 2001). In this case, Ms. Gabbe filed the *Darden Case* in District Court on February 10, 2020, which is the pre-petition effective date of Ms. Gabbe's charging lien, almost two years before the debtor filed bankruptcy. The Consent Judgment confirms this caselaw as applied to the case facts of the King Judgment. [*See* Exh. 1].

8. On October 10, 2023, the Honorable Aileen Cannon entered an interpleader granting the interpleader in Miami and ordering the Liquidating Trust to deposit $219,336 into the United States District Court for the Southern District of Florida's Court Registry. [*See* Exh. 2], with respect to Creditors Rasheedah Mays (Claim 106) and Tiffany Thompson (Claim 114).

9. Ms. Gabbe has two duly recorded, perfected and uncontested charging liens on these interplead funds as of August 4, 2020 on Mays' Claim 106 and September 29, 2020 on Thompson's Claim 114. Ms. Gabbe intends motion the SDFL Court to enforce her charging lien against these funds.

10. The confirmed Chapter 11 Plan (Docket No. 401) (the "Plan") expressly retains jurisdiction in this Court as to disputes pertaining to the Galardi Creditor's Trust. The Plan also sets forth a period of time for claim objection to be brought before it. Gabbe and the Liquidating Trustee have properly brought claim objections before this court to determine the proper recipients of trust funds for the 3 claims referenced above. As such, there is no dispute as to the amount to be disbursed by the Liquidating Trust, only the proper recipients. Most importantly

no money has been distributed to any party with respect to these claims. As correctly recognized by this Court, this question is governed by Florida lien law.

11. In an abundance of caution, Gabbe seeks *nunc pro tunc* stay relief with respect to Claims 57 (Gabbe), Claim 101 (King), Claim 106 (Mays), Claim 110 (King), Claim 114 (Thompson) and Claim 115 (Long).

12. Pursuant to 11 U.S.C. § 362(e), Gabbe hereby requests that in the event a hearing becomes necessary, one be held within thirty (30) days.

WHEREFORE, Gabbe respectfully requests that the Court enter an order granting *nunc pro tunc* relief from the automatic stay under 11 U.S.C. § 362(d) so that she may proceed in the Southern District of Florida with her efforts to assist this Court and the Liquidating Trust to determine who has in interest in the claims set forth herein; allow for fees and costs incurred in filing this Motion and fees and costs in the Southern District of Florida to be recoverable; that in the event a hearing is necessary, that one be scheduled and held within thirty (30) days of the filing of the motion; and that this Court grant any such other and further relief this Court may deem just and proper.

This 11th day of October, 2023.

*/s/ Jason M. Orenstein*
JASON M. ORENSTEIN
State Bar # 554302
Attorney for Astrid E. Gabbe

1922 Forsyth Street
Macon, GA 31201
(478) 743-6300
jason@jmolaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-20592-CIV-SINGHAL-DAMIAN

ASTRID E. GABBE,

    Plaintiff

v.

ALEXIS KING,

    Defendant.

_____/

## CONSENT JUDGMENT

**THIS CAUSE** has come before the court on the Unopposed Motion to Approve Consent Judgment (DE [110]) on the uncontested attorney charging lien (DE [95]) in favor of Astrid E. Gabbe and against Alexis King. The Court having considered the motion and being otherwise advised, it is hereby

**ORDERED AND ADJUDGED** that the Unopposed Motion to Approve Consent Judgment (DE [110]) is **GRANTED**.[1] A Consent Judgment is **ENTERED** in favor of Astrid E. Gabbe against Alexis King in the amount of $163,956.32. It is further

**ORDERED AND ADJUDGED** that the uncontested attorney charging lien of Astrid E. Gabbe, Esq. in the amount of $163,956.32 (DE (95]) is valid and enforceable with an effective and perfected date of February 10, 2020, the date on which Ms. Gabbe began representing Ms. King in this case. By operation of law, the uncontested attorney charging lien immediately attached to the Final Judgment this Court entered on September 20, 2021 (DE [37]) and created a superior lien in the Final Judgment such that the attorney

---

[1] This Order adopts the language and terms submitted by the parties' proposed consent judgment except for certain stylistic and editorial changes.

charging lien is paid in full before any payment is made on the recovery of the Final Judgment.

To be clear, the first $163,956.32 of this Final Judgment recovery must be paid to satisfy the attorney charging lien first before any recovery may be had by the Final Judgment owner, Plaintiff Alexis King. The next $304,490.30 goes to Alexis King the owner of the Final Judgment which equals the total amount due of $468,446.62. In the event of a lesser recovery Movants seek entry of this Consent Judgment to participate in recovery pari-passu at a rate of 35% to Ms. Gabbe and 65% to her client Ms. King to avoid a perverse outcome under Florida Lien law whereby Ms. Gabbe would receive the majority of the recovery or more than her client Ms. King.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida this 5th day of October 2023.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 23-22893-CIV-CANNON

**THOMAS T. MCCLENDON**, *as Liquidating*
*Trustee of Galardi Creditor Trust*

 Interpleader Plaintiff,

v.

**RASHEEDAH MAYS *et. al.*,**

 Interpleader Defendants.
_____/

## ORDER GRANTING MOTION TO
## DEPOSIT FUNDS INTO THE COURT REGISTRY

 **THIS CAUSE** comes before the Court upon Interpleader Plaintiff's Motion to Deposit Funds into the Court Registry (the "Motion"), filed on August 15, 2023 [ECF No. 7]. Interpleader Plaintiff requests permission to deposit the sum of $219,336—the amount at issue in this interpleader action—in the Court's Registry [ECF No. 7]. On September 5, 2023, *pro se* Defendant Tiffany Thompson filed a Response in Opposition, making various arguments about her entitlement to the funds at issue [ECF No. 26].

 Rule 67 of the Federal Rules of Civil Procedure allows parties to deposit funds with the Court upon "notice to every other party, and by leave of court." Fed. R. Civ. P. 67(a). The Court finds that the arguments raised in Defendant Thompson's Motion [ECF No. 26] are more properly raised at the second stage of this interpleader action. *See Ohio Nat. Life Assur. Corp. v. Langkau ex rel. Est. of Langkau*, 353 F. App'x 244, 248 (11th Cir. 2009) ("Interpleader action proceeds in two stages. At the first stage, the court determines whether interpleader is proper and whether to discharge the stakeholder from further liability to the claimants. At the second stage, the court

evaluates the respective rights of the claimants to the interpleaded funds") (internal citations omitted). Interpleader Plaintiff may deposit the subject funds in the Court's Registry upon notice to all parties. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Interpleader Plaintiff's Motion to Deposit Funds into the Court Registry [ECF No. 7] is **GRANTED**.

2. On or before **November 6, 2023**, Interpleader Plaintiff shall deposit $219,336 with the Clerk of Court and file on CM/ECF a corresponding notice.

3. The Clerk of Court shall keep the funds in the Court Registry until further Court order.

4. **The Clerk is directed to mail a copy of this Order to Defendant Thompson and Defendant Mays at all of the addresses listed below**.

 **DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 6th day of October 2023.

_____
AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc: Tiffany Thompson
20 Rockdale Street #329
Braintree, MA 02184
PRO SE

Tiffany Thompson
6531 South Sepulveda Blvd #216
Los Angeles, CA 90045
PRO SE

Rasheedah Mays
480 Dasheill Lane
Atlanta, Georgia 30327
PRO SE

2