## IN THE UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

IN RE:

TERI G. GALARDI,

        **Debtor.**

**CHAPTER 11**

**CASE NO. 22-50035-JPS**

### MOTION TO HOLD ASTRID E. GABBE IN CONTEMPT FOR VIOLATION OF THE CONFIRMED PLAN AND THE AUTOMATIC STAY AND ENJOIN FURTHER CONDUCT, AND FOR RELATED RELIEF

COMES NOW Thomas T. McClendon, as Liquidating Trustee of the Galardi Creditor Trust (the "Liquidating Trustee") and respectfully files this Motion to Hold Astrid E. Gabbe in Contempt for Violation of The Confirmed Plan and the Automatic Stay, and Enjoin Further Conduct, and for Related Relief. In support, the Liquidating Trustee shows as follows:

### FACTS

1.      Astrid E. Gabbe ("Ms. Gabbe") previously (and purportedly still does) represent certain creditors in this Bankruptcy Case.

2.      Ms. Gabbe filed proofs of claim in this case, asserting a 35% contingency fee directly against the estate. *See* Claims No. 57 and 105. As to each of these, the creditors also filed claims asserting 100% of the damages. *See* Claims No. 110 and 115. The result is that Ms. Gabbe's claims and each creditor's claim are duplicative to the amount of 35% of each creditor's claim.

3.      The Liquidating Trustee filed claim objections as to Ms. Gabbe's claims. Ms. Gabbe did not oppose disallowance of Claim No. 105. Dkt. 464.

4.      Ms. Gabbe refused to consent to disallowance of Claim No. 57. Claim No. 57 asserted a contingency fee on behalf of Alexis King who filed Claim No. 110.

5. The Trustee objected to Claim No. 57. (Dkt. 428). A hearing was held on the objection on June 21, 2023. At that hearing, Jason Orenstein appeared on behalf of Ms. Gabbe. Mr. Orenstein argued that the Court should reduce 35% of Claim No. 110, rather than disallow Claim 57. The hearing was continued to September 27, 2023. The Trustee filed an Objection to Claim No. 110 and set it for hearing on September 27, 2023 (Dkt. 512).

6. The Court held a hearing on September 27, 2023 at 11:00 am (the "Hearing") on *Liquidating Trustee's Objection to Claim No. 57 of Astrid E. Gabbe* (Doc. No. 428), the *Liquidating Trustee's Objection to Claim No. 110 of Alexis King as Transferred to Red Shield Funding* (Doc. No. 512) and the *Objection to Proof of Claim No. 110* filed by Astrid E. Gabbe ("Gabbe") (collectively the "Objections").

7. At that hearing, the Liquidating Trustee, Gabbe, and Red Shield Funding agreed that the combined total of both claims should be $468,446.62, and that the dispute was over the proper recipient of 35% of the outstanding claim, i.e., $163,956.32. This $163,956.32 amount represents one hundred percent of Claim No. 57 and thirty-five percent of Claim No. 110.

8. At the September 27 Hearing, Mr. Orenstein was given 28 days to brief the issue of whether Ms. Gabbe held a direct claim against Ms. Galardi's estate. The Court expressed significant doubt as to whether Ms. Gabbe held a claim against Ms. Galardi, Ms. Galardi's estate, or the Galardi Creditor Trust.

9. The Court cited *Sinclair v. Balcom*, 428 So 2d. 1383 (Fla. 1983) ("An attorney has a right to be remunerated out of the results of his industry, and his lien on these fruits is founded in equity and justice."); *In re Warner*, 35 So. 2d 296 (Fla. 1948) ("an attorney's lien in a case like this be enforced in the proceeding where it arose"); and *Thaddeus Freeman, PLLC v. Summit View, LLC (In re Summit View, LLC)* 2011 WL3268367, 2011 U.S. Dist. LEXIS 84054 (M.D.

Fla. August 1, 2011) ("Charging liens apply to the proceeds of a lawsuit, or that amount which the attorney has actually recovered on behalf of the client" and "[t]he charging lien never attached to the plan payments. As previously noted, a charging lien attaches only to actual proceeds obtained by the attorney on behalf of his client."), *aff'd* 472 Fed. App'x. 900 (11th Cir. July 13, 2012). The Court emphasized the fact that Ms. Gabbe, as the attorney, and her efforts did not create the Liquidating Trust fund.

10.     Nonetheless, the Court allowed Mr. Orenstein to brief the issue rather than ruling on the issue at the hearing.

*Proposed Consent Order on Claims 57 and 110*

11.     At the hearing, Red Shield Funding requested that the Liquidating Trustee disburse the 65% of Claim No. 110 (the "Claim No. 110 Undisputed Portion") that is not in dispute. The amount (65% of Claim No. 110) equals $304,490.30, (the "Undisputed Portion"). Both the Liquidating Trustee and Jason Orenstein, representing Astrid Gabbe, indicated they did not oppose this result. The Court instructed the Liquidating Trustee to draft an order for Red Shield Funding and Mr. Orenstein's review.

12.     On September 29, 2023, the Liquidating Trustee circulated a proposed consent order authorizing the Liquidating Trustee to make the first distribution on the Claim No. 110 Undisputed Portion. A true and correct copy of the proposed order as circulated is attached as **Exhibit "1"**.

13.     Red Shield Funding has consented to the proposed order.

14.     On Tuesday, October 3, the Liquidating Trustee received the attached email from Astrid Gabbe. *See* Exhibit "B". A true and correct copy of the email from Ms. Gabbe to the

Liquidating Trustee is attached as **Exhibit "2".**[1]  This email asserts that Mr. Guernsey is a fraudster "who served 21 months in prison for bank fraud and now he wants to try his hand at bankruptcy fraud", that "Mr. Guernsey is very creative with his frauds", and that "neither I nor my clients will be victimized by Mr. Guernsey on my watch."

15.    Ms. Gabbe further stated "I do not consent to any distribution to Mr. Guernsey until the Florida Court makes its rulings on my soon to be filed motions. The information is a fraction of what we have discovered in the last few days."

*Ms. Gabbe's Actions Outside This Court*

16.    The Chapter 11 Plan (Docket No. 401) (the "Plan") was confirmed by this Court on April 14, 2023 (Docket No. 410). The confirmed Plan contained an express "Retention of Jurisdiction" Article IX, whereby the Plan—in Section 9.1—listed the matters for which this Court retained "the maximum jurisdiction as is legally permissible." Section 9.1(m) clearly reserved all disputes pertaining to the Galardi Creditor's Trust for this Court to exclusively resolve.

17.    Instead of permitting Mr. Orenstein to brief the issue with this Court on whether Ms. Gabbe holds a claim against the Galardi Creditors Estate, Ms. Gabbe has sought to obtain a determination by another court and asserted that determination as binding against the Trust, in

---

[1] Mr. Orenstein has verbally raised concerns about whether the claim transfer was in fact executed by Alexis King, the creditor who filed Claim No. 110. The Liquidating Trustee sent Mr. Orenstein an email that the Liquidating Trustee, as counsel for the Unsecured Committee, had sent Ms. King inquiring whether Ms. King had in fact transferred her claim to Red Shield Funding and Ms. King's response. That email is attached as **Exhibit "3"**. Further, as part of settling Adversary Proceeding No. 23-5013-JPS, Ms. King stated to Mr. Terry "Mr. Terry this is Alexis king an[d] I do consent to being reclassified as an unsecured creditor. As you know the claim has be[en] transferred to red shield funding." A true and correct copy of that email is attached as **Exhibit "4"**.

violation of the automatic stay and the confirmed Plan.

18.     Alexis King was a plaintiff in *Darden v. Fly Low, Inc. and Teri G. Galardi*, 1:20-cv-20592 ("Darden"). As of the date of this filing, Ms. Gabbe is listed as attorney of record for Ms. King in the Darden case.

19.     On October 5, 2023, Ms. Gabbe filed an "Unopposed Motion to Approve Consent Judgement on Uncontested Attorney Charging Lien." Such filing was docketed in the Darden Case at Dkt. 110 and attached as **Exhibit "5"** to this Motion (the "Darden Motion").

20.     The Motion states that it was filed by "Plaintiff Alexis King ("King"), and Interested Party Astrid E. Gabbe ("Ms. Gabbe"), (jointly "Movants") and requests a "consent judgment on the uncontested attorney charging lien of Astrid E. Gabbe, Esq."

21.     The Gabbe motion in the Darden Action sought a finding by the Darden Court that:

The uncontested attorney charging lien of Astrid E. Gabbe, Esq. in the amount of $153,956.32 [Doc. 95] is valid and enforceable with an effective and perfected date of February 10, 2020, the date on which Ms. Gabe began representing Ms. King in this case. By operation of law, the uncontested attorney charging lien immediately attached to the Final Judgement entered in this case on September 20, 2021 and created a superior linen on the Final Judgment such that the attorney charging lien is paid in full before any payment is made on the recovery of the Final Judgment. To be clear, the first $163,956.32 of this Final Judgment recovery must be paid to satisfy the attorney charging lien first before any recovery may be had by the Final Judgment owner, Plaintiff Alexis King."

Darden, Dkt. 110 at ¶ 1.

22.     The motion further provided that "Movants seek the immediate entry of the attached Consent Judgment authorizing Ms. Gabbe to receive up to $163,956.32 and Ms. King to receive up to $304,490.30, pari-passu from the first dollar of recovery.

Darden, Dkt. 110, at ¶ 3.

23.     The motion further provides, "Upon entry of the Consent Judgment, undersigned

counsel will file it with counsel of record for the Liquidating Trustee of the Galardi Creditor Trust in the case of *In Re Galardi*, Case No. 22-50035-JPS, so that Movants will be paid directly from the Galardi Creditor Trust pari-passu."

24.     An order was entered the same day, October 5, 2023. Such order is docketed in the Darden case at Dkt. 112 and attached to this Motion as "**Exhibit 6**." (the "Darden Order")

25.     The Darden Order provided:

ORDEED AND ADJUDGED that the Unopposed Motion to Approve Consent Judgment (DE [110]) is GRANTED. A Consent Judgment is ENTERED in favor of Astrid E. Gabbe against Alexis King in the amount of $163,956.32. It is further

ORDERED AND ADJUDGED The uncontested attorney charging lien of Astrid E. Gabbe, Esq. in the amount of $163,956.32 (DE [95]) is valid and enforceable with an effective and perfected date of February 10, 202, the date on which Ms. Gabbe began representing Ms. King in this case. By operation of law, the uncontested attorney charging lien immediately attached to the Final Judgment this Court entered on September 20, 2021 (DE [37]) and created a superior lien in the Final Judgment such that the attorney charging lien is paid in full before any payment is made on the recovery of the Final Judgment.

To be clear, the first $163,956.32 of this Final Judgment recovery must be paid to satisfy the attorney charging lien first before any recovery may be had by the Final Judgement owner, Plaintiff Alexis King. The next $304,490.30 goes to Alexis King the owner of the Final Judgment which equals the total amount due of $468,446.62. In the event of a lesser recovery, Movant seeks entry of this Consent Judgment to participate in recovery pari-passu at a rate of 35% to Ms. Gabe and 65% to her client Ms. King to avoid a perverse outcome under Florida Lien law whereby Ms. Gabbe would receive the majority of the recovery or more than her client Ms. King.

26.     The Order is signed by Raag Singhal, United States District Judge.

27.     On October 5, 2023 at 3:00 pm, the Liquidating Trustee and, upon information and belief, an employee of the Florida Bar were copied on an email sent to Astrid Gabbe. The email was sent from the email address listed on Alexis King's proof of claim.[2] The email title

---

[2] Emails sent by Chris Kosachuk to the Liquidating Trustee assert that these emails are fraudulent and that this email address is controlled by Red Shield Funding. However, Claim No. 110 was filed on March 22, 2022, nearly a full year before the transfer of claim was filed on March 13, 2023. (Dkt. 325). That claim includes the alexisking717@icloud.net email used in the emails.

read: "Your a lier !!!!!!!"

28.     The email stated:

There isn't a contingency fee agreement so what are you trying to do? I DO NOT CONSENT TO WHAT YOU ARE DOING IN COURT, WITHDRAW THE ATTACHED MOTION NOW! YOU NEVER ASKED FOR MY CONSENT YOU LIAR!

A true and correct copy of the email received by the Liquidating Trustee is attached as

**Exhibit "7"**.

29.     Ms. Gabbe responded to such email at 3:39 pm on the same day. Ms. Gabbe did

not dispute Ms. King's assertion that she filed the motion with Ms. King's consent. Nor did she

dispute that the email address was that of Ms. King.

30.     Rather, Ms. Gabbe told Ms. King:

The Court already entered the consent judgment.  Attached hereto is your copy.

Now you are fully protected by the United States District Court in the Southern District of Florida from the convicted felon Joseph Robert Guernsey.  Attached hereto is the Judgment In A Criminal Case in the case of the United States of America vs. Joseph Robert Guernsey. Mr. Guernsey was convicted of bank and mortgage fraud.  He served 21 months in prison.

I will continue to do my job as your lawyer because I refuse to see my client being victimized by a convicted felon.

I will take appropriate actions to make sure that you are protected in the Middle District of Georgia Bankruptcy Court with Mr. McClendon who is holding the money to pay you.  Based on my calculations,  Mr. McClendon is holding $121,796 for you from the Final Judgment that I obtained on your behalf from the SDFL Court.  As soon as I know the hearing date at the bankruptcy court in Macon, Georgia, I will forward you the information because you will have to appear in person at the bankruptcy court as will Joseph Robert Guernsey if he believes that he is entitled to any of your money.

I am your advocate and I will not stop until justice is served.

A true and correct copy of such email is attached as **Exhibit "8."**

31.     Approximately two hours later, at 5:17 pm, Astrid Gabbe emailed the Liquidating

Trustee, copying Jason Orenstein. Such email stated as follows:

Are you going to file an updated status report incorporating the attached Consent Judgment entered today in order to protect my client which clearly shows that Alexis King is the owner of her judgment and that I have a 35% contingency fee in the recovery and she has a 65% interest in the recovery?   What you should have told the judge is that we need to go slowly and get this right.

Please explain to me why you sent the consent order to the judge in the face of the mountain of evidence that I emailed you that my client Alexis King has been victimized by a convicted fraudster? I am having a hard time understanding any of your actions especially in the face of the attached judgment and that I told you that I have one this week.  You need to read it carefully and understand that my attorney charging lien has an effective date of February 10, 2020 and does not violate the automatic stay.  I have a District Court order that lays all this out in painstaking detail as to what you are supposed to do.

You need to understand that Robert Joseph Guernsey is in the process of stealing my client's money.

**I demand that you withdraw the objection to my proof of claim 57 and wire transfer me my overdue first distribution of 20.78% or some $34,070.  I expect a wire transfer tomorrow.** (emphasis added).

A true and correct copy of such email is attached as **Exhibit "9".**

32.     Ms. Gabbe has filed a similar motion in Darden, affixing Jenisee Long's name to a proposed consent judgment in favor of Astrid E. Gabbe and against Ms. Long. Darden, Dkt. 113 and 113-1, a true and correct copy of which is attached as **Exhibit "10"**.

33.     Ms. Long's claim is the subject of the Interpleader Action filed by the Liquidating Trustee in this Court. *See* Adv. Proc. No. 23-5017-JPS.

34.     Ms. Long responded to the Liquidating Trustee's inquiries to her Ms. Long has advised the Liquidating Trustee that she had not authorized these filings. A true and correct copy of the emails between the Liquidating Trustee and Ms. Long is attached is as **Exhibit "11".**

35.     On Saturday, October 7, 2023, Chris Kosachuk[3] emailed the Liquidating Trustee,

---

[3] At the hearing on June 21, 2023, in response to the Liquidating Trustee's question: "Mr. Kosachuk are you affiliated with Ms. Gabbe? Are you her paralegal?", Mr. Kosachuk responded, "I am not affiliated with Ms. Gabbe. No", although he later admitted that he was on phone calls with Ms. Gabbe and the Liquidating Trustee on claims in this case. A transcript prepared by the

telling him "You need to wake up. We will be taking appropriate action to enforce Judge Signhal's

Judgment. . .  Be very careful about accusing Astrid or challenging me Astrid, or Jason. You are

treading on very thin ice. Govern yourself accordingly. More to come…" A true and correct copy

of such email is attached as **Exhibit 13**.

*Trustee's Attempts to Resolve This Motion*

36.     Trustee reached out to Jason Orenstein in an attempt to resolve this issue on

Monday, October 9, 2023. Trustee requested that Ms. Gabbe withdraw the demand for payment

and vacate the Darden Order.

37.     Trustee followed up with Mr. Orenstein on Tuesday, October 10, 2023 by emails

at 10:47 and 12:24 pm, including sending the draft motion to Mr. Orenstein. Instead of attempting

to resolve the issue, on October 11, 2023 (after receipt of the Trustee's draft motion), Mr. Orenstein

filed a motion for relief from stay *nunc pro tunc* to authorize the Darden Order and file other

similar motions.

38.     Such request for *nunc pro tunc* relief from the stay is an admission that Ms. Gabbe

has violated the automatic stay in obtaining the Darden Order and demanding for payment from

the Liquidating Trust.

39.     In light of the substantial factual issues raised above, the Liquidating Trustee

requests that the Court require Astrid Gabbe, Chris Kosachuk, Joseph Gurnsey dba Red Shield

Funding, Michael Bourff de Campo,[4] and Alexis King appear in person at such hearing.

---

undersigned's staff is attached as **Exhibit "12"**. The audio of the hearing is available on the Court's
docket on such date and begins at 32:34 of that recording.

[4] Upon information and belief, Michael Bourff de Campo has been drafting pleadings on behalf of
Red Shield Funding, among others. His affidavit stated "I work with Mr. Guernsey in the purchase
of bankruptcy claims including no. 110 in this case." Dkt. 599-1 at ¶ 2.

## <u>REQUEST FOR RELIEF</u>

40.     In light of these filings, it appears that Ms. Gabbe is attempting to make an "end

run" to avoid this Court's rulings on the Liquidating Trustee' objections to claims 57 and 110. Ms.

Gabbe has obtained a "consent judgment" from another Court, on information and belief, by

falsely representing that Ms. King had consented to such judgment. Upon information and belief,

Ms. Gabbe seeks the same result as to Ms. Long without her consent.

41.     Now, Ms. Gabbe asserts that such order binds the Galardi Creditor Trust and the

Liquidating Trustee.

42.     The Liquidating Trustee requests an order: (a) setting an emergency, in-person

hearing on the Liquidating Trustee's Objections to Claims No. 57 and 110, and (b) requiring Astid

E. Gabbe, Chris Kosachuk, Joseph Gurnsey dba Red Shield Funding, and Alexis King to appear

in person and show cause why relief should not be granted to the Liquidating Trustee. In light of

Ms. Gabbe's continued filings, the Liquidating Trustee requests such hearing be held at the earliest

possible opportunity.

43.     It is a hornbook law that a Bankruptcy Court can enforce its own orders. This

applies as much to a Chapter 11 plan as it does to any other order this Court may issue. *See*

*Alderwoods Group, Inc. v. Garcia*, 682 F.3d 958, 969 (11th Cir. 2012) ("When, in a Chapter 11

case, a bankruptcy court issues an order confirming a reorganization plan, that court retains

postconfirmation jurisdiction to complete any action pertinent to the plan.") (internal quotations

omitted).

44.     Where a Bankruptcy Court retains jurisdiction to resolve certain disputes, that

retention is appropriate when it is expressly stated in a confirmed Chapter 11 plan. *Id*. ("[t]he

retention of jurisdiction by the bankruptcy court after confirmation is particularly appropriate

where . . . the bankruptcy court expressly retains jurisdiction under the plan.") (*quoting LTV Corp.*

*v. Back (In re Chateaugay Corp.)*, 201 B.R. 48, 66 (Bankr. S.D.N.Y. 1996)).

45.     Despite the Plan's clear retention of jurisdiction for disputes affecting the Galardi

Creditors' Trust, Ms. Gabbe nonetheless asserts that the "consent judgment" against King is

binding on the Liquidating Trustee. Ms. Gabbe demands that the Liquidating Trustee withdraw his

objection to her Claim No. 57 and pay her 35% distribution under claim no. 57 based on the Darden

Order, notwithstanding that this Court has set a briefing schedule on this exact point of law.

46.     The Plan provides for "a liquidating trust for the benefit of the Holders of Class 8

Unsecured Claims (the 'Galardi Creditor Trust.'). The Debtor shall execute the Trust Agreement

("Trust Agreement") and it shall become effective on the Effective Date." Dkt. 401 at ¶ 4.3.

47.     The Order Confirming Joint Plan of Reorganization (Dkt. 410) provided "that

notwithstanding Bankruptcy Code § 1141(b), Debtor's assets to be contributed to the Liquidating

Trust, as described in the Plan, including Section 3.2.8. and 4.3 of the Plan, shall vest in the

Liquidating Trust, under the exclusive control of the Liquidating Trustee **free and clear of any**

**lien**, except for the lien of Power Financial Credit Union on 18511 Royal Hammock Boulevard

shall be treated as provided for under the Plan." (emphasis added)

48.     Proofs of Claims represent claims held against the Debtor as of the petition date.

11 U.S.C. § 502(b) ("as of the date of the filing of the petition"). The claims held in Class 8 were

exchanged for Beneficial Interests in the Galardi Creditor Trust. Liquidating Trust Agreement, p.

3. "Unless the Liquidating Trustee determines otherwise, Beneficial Interests in the Creditors Trust

shall not be transferable."  Liquidating Trust Agreement ¶ 3.1.

49.     The Liquidating Trust provides for a continuation of the Automatic Stay as to the

Liquidating Trust:

**Continuation of the Automatic Stay**. In furtherance of the implementation of the Plan, except as otherwise provided in the Plan, all injunctions or stays provided for in the Bankruptcy Case, pursuant to Sections 105, 362, or 1141 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect and apply to all creditors and Beneficiaries holding claims against the Debtor, the Debtor's Estates, the Trust Assets, the Liquidating Trustee, and the Creditors Trust until the Final Distribution Date.

Liquidating Trust Agreement ¶ 2.8.

50.     By filing a post-petition "consent" judgment in another Court and asserting that such judgment binds the Creditor Trust and the Liquidating Trustee such that Ms. Gabbe is entitled to payment, the Liquidating Trustee believes Ms. Gabbe violated the automatic stay. *See, e.g.*, 11 U.S.C. § 362(a)(4) (barring "any act to create, perfect, or enforce any lien against property of the estate") and (a)(6) (barring "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title").

51.     If the Court finds that Ms. Gabbe violated the automatic stay and the plan injunction, the Liquidating Trustee requests an order from the Court confirming that the Liquidating Trustee may make distributions without regard to any other such post-confirmation filings.

52.     If the Court finds that Ms. Gabbe violated the automatic stay and the plan injunction, the Liquidating Trustee further requests that the Court enter an order enjoining Ms. Gabbe from further filings in any other Court seeking to bind the Galardi Creditor Trustee without first obtaining relief from this Court.

53.     If the Court finds that Ms. Gabbe violated the automatic stay and plan injunction, the Liquidating Trustee requests the Court either (i) require Ms. Gabbe and Mr. Kosachuk to pay the Liquidating Trustee's fees in bringing this motion and/or (ii) strike Ms. Gabbe's Proof of Claim 57 as sanctions for violation of the confirmed Plan and violation of the automatic stay. *See In re*

*Adams*, 516 B.R. 361, 376 (Bankr. S.D. Miss 2014) (collecting cases that disallowed claims or

security interests as damages for violations of the automatic stay).

WHEREFOR, the Liquidating Trustee requests an order:

(a) Setting an emergency hearing on Liquidating Trustee's objections to Claims 57 and 110 and this Motion for the earliest hearing date available;

(b) Requiring that (i) Astrid E. Gabbe, (ii) Chris Kosachuk, (iii) Joseph Gurnsey dba Red Shield Funding, (iv) Michael Bourff de Campo, and (v) Alexis King appear at such hearing;

(c) Confirming that the Darden Order and any other order that Ms. Gabbe may obtain after Plan Confirmation does not affect the Liquidating Trustee's distributions from the Galardi Creditor Trust;

(d) Requiring Astrid E. Gabbe to show cause at such hearing why she should not be found in violation of the automatic stay and sanctioned for attempting to bind the Galardi Liquidating Trust, including payment of the Liquidating Trustee's fees in bringing this Motion

(e) Striking Astrid E. Gabbe's Proof of Claim No. 57 as a sanction for her violation of the automatic stay; and

(f) Providing such other relief as is just and proper.

RESPECTFULLY SUBMITTED this 11th day of October, 2023.

**JONES & WALDEN LLC**

*/s/ Thomas T. McClendon*
Thomas T. McClendon
Georgia Bar No. 431452
699 Piedmont Avenue, NE
Atlanta, Georgia 30308
(404) 564-9300
tmcclendon@joneswalden.com
Liquidating Trustee of the Galardi Creditor Trust

# Exhibit 1

**IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

**IN RE:**

**TERI G. GALARDI,**

     **Debtor.**

**CHAPTER 11**

**CASE NO.  22-50035-JPS**

**INTERIM ORDER ON THE LIQUIDATING TRUSTEE'S
OBJECTIONS TO CLAIMS NO. 57 AND 110**

This matter is before the Court on the *Liquidating Trustee's Objection to Claim No. 57 of Astrid E. Gabbe* (Doc. No. 428), the *Liquidating Trustee's Objection to Claim No. 110 of Alexis King as Transferred to Red Shield Funding* (Doc. No. 512) filed by Thomas T. McClendon, as Liquidating Trustee of the Galardi Creditors Trust (the "Liquidating Trustee") and the *Objection to Proof of Claim No. 110* filed by Astrid E. Gabbe ("Gabbe") (collectively the "Objections"). A hearing was held on the Objections on September 27, 2023. At that hearing, the Liquidating Trustee, Gabbe, and Red Shield Funding agreed the combined total of both claims was $468,446.62, and that the dispute was over the proper recipient of 35% of the outstanding claim,

$163,956.32, represented by one hundred percent of Claim No. 57 and thirty-five percent of Claim No. 110. Because the remaining 65% of Claim No. 110, representing $304,490.30 (the "Claim No. 110 Undisputed Portion") is not in dispute and notwithstanding the provisions of the Plan of Reorganization (Doc. No. 401) and the Liquidating Trust Agreement executed by the Liquidating Trustee and Ms. Galardi regarding Disputed Claims (as such term is defined in the Plan and Liquidating Trust Agreement), the parties, as evidenced by their respective signatures below, have agreed that the Liquidating Trustee should be authorized to make distributions from the Liquidating Trust on the Claim No. 110 Undisputed Portion.   Based upon a review of the Motion and the representations contained therein, and for good cause shown, it is hereby

ORDERED that the Liquidating Trustee is authorized to make disbursements on the Claim No. 110 Undisputed Portion so long as Red Shield Funding otherwise complies with the requirements of the Liquidating Trust to provide (i) proof of identification, (ii) proof of a social security number for tax reporting requirements and (iii) confirmation of method of payment. It is further

ORDERED that the Court retains jurisdiction over the Objections and this Order shall not affect the parties' rights and obligations under the Objections except as expressly stated herein.

**[END OF ORDER]**

*Prepared and Presented by:*
**JONES & WALDEN LLC**
/s/ *Thomas T. McClendon*
Thomas T. McClendon
Georgia Bar No. 431452
699 Piedmont Ave. NE
Atlanta, Georgia 30308
(404) 564-9300
tmcclendon@joneswalden.com
Liquidating Trustee

*Consented to by:*

_____

Astrid E. Gabbe


*Consented to by:*

_____

Joseph R. Guernsey
Red Shield Funding

# Exhibit 2

| | |
|---|---|
| **From:** | Astrid Gabbe |
| **To:** | Tom McClendon |
| **Cc:** | Jason Orenstein; Chris Kosachuk |
| **Subject:** | Joseph Robert Guernsey |
| **Date:** | Tuesday, October 3, 2023 9:06:49 AM |
| **Attachments:** | Doc.1-InReGuernseyVoluntaryPetition.pdf |
| | Doc1-InReGuernseyVoluntaryPetition.pdf |
| | Doc.127-InReGuernseyVoluntaryPetitionFInalReport.pdf |

Good Morning Tom,

Attached hereto please find Mr. Guernsey's Voluntary Petition filed on April 8, 2008 Case No.
08-02004-dd.

The petition discloses the last four of his social security number as 3504.  Is this what he gave
you for your records and tax filings?

The petition lists the same address as on some of the filings he has made in the bankruptcy
court 4681 Carvel Ct. Myrtle Beach so this must be him because this is before he went to
prison for fraud.

Have you verified his social security number through the IRS website?

Attached hereto is a second voluntary petition filed by Mr. Guernsey however this
petition lists Joseph R. Guernsey and a different social security number of 2734.  Is this the
social that he gave you?  It would not be surprising if a convicted felon has two social security
numbers.

You correctly moved to strike all the transfers of proofs of claims to Mr. Guernsey except for
the one involving Alexis King.  Instead of objecting to my proof of claim number 57, you
should have objected to Mr. Guernsey's transferred claim of Alexis King #110 because Alexis
King never signed the transfer form.  Mr. Guernsey forged Alexis King's signature on the form
and there was no assignment of the underlying judgment to him.  Mr. Guernsey is trying to
claim that Alexis King transferred her judgment from the southern district to him in order to
defraud you into making a distribution to the wrong person.  There is no assignment of the
King Judgment for $468,000 recorded on the docket in Florida and there is no assignment
recorded in the public records of miami dade county.  I will be addressing this issue with the
SDFL court today that entered the King Judgment.  As soon as the Motion is filed, I will
circulate.

Mr. Guernsey is a convicted felon who almost defrauded everyone in this bankruptcy.  Now I
think you understand why Mr. Guernsey was so aggressive about getting a consent order from
the Court at the last hearing to distribute funds and Judge Smith was correct about going
slowly to get it right.  Fraud occurs more easily when people move fast.  Had Mr. Guernsey
not been so greedy in trying to knock out my claim he may have gotten away with it.   Chris
and I are working diligently with all my clients from the Milner and Darden cases where Mr.
Guernsey  has reared his ugly head to make sure that they are not victimized in the distribution
process.  As Chris and I warned you several months ago, Mr. Guernsey is trying to defraud
you into making distributions to him and then the real claimants will come after you me and
any other attorney that they think had anything to do with it.  Mr. Guernsey is very creative
with his frauds.

Read page 11 of the final report from the first bankruptcy which explains how Mr. Guernsey was defrauding lenders with his used car lot.  The FBI was onto Guernsey from this scam before he was convicted of bank and mortgage fraud.  Mr. Guernsey is a sophisticated criminal and we must not allow him to succeed.

I will be making appropriate filings in the Southern District to assist you and Judge Smith with stopping Mr. Guernsey and Florida charging lien law.  Depending on what Mr. Guernsey tries to do next in Florida, I will bring in the United States Attorney or the Florida Department of Law Enforcement which is like the FBI but for the State of Florida to stop him. Neither I nor my clients will be victimized by Mr. Guernsey on my watch.

I do not consent to any distribution to Mr. Guernsey until the Florida Court makes its rulings on my soon to be filed motions.  This information is a fraction of what we have discovered in the last few days.

Mr. Guernsey served 21 months in prison for bank fraud and now he wants to try his hand at bankruptcy fraud.

If you have any questions or would like to discuss any of this please let me know.  Chris can assist you with any questions.  Just email them to us or let's schedule a time to talk.

We are working diligently with my clients from both interpleader actions to resolve this to everyone's satisfaction.

Final questions: has a gentleman named Michael DeCampo or Michael Bourff called or emailed you in relation to this bankruptcy?  And was 9452 given as the last four digits of a social security number for any claims involving Guernsey?

Sincerely

Astrid E. Gabbe, Esq.

The Law Office of Astrid E. Gabbe, P.A.
P.O. Box 4216
Hollywood, FL, 33083
954-303-9882
Email: astridgabbe@gmail.com

B1 (Official Form 1)(1/08)

| United States Bankruptcy Court<br>District of South Carolina | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Guernsey, Joseph Robert** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**xxx-xx-3504** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>**4681 Carvel Ct.**<br>**Myrtle Beach, SC**<br>ZIP Code **29588** | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP Code |
| County of Residence or of the Principal Place of Business:<br>**Horry** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br>ZIP Code |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

| **Type of Debtor**<br>(Form of Organization)<br>(Check one box) | **Nature of Business**<br>(Check one box) | **Chapter of Bankruptcy Code Under Which<br>the Petition is Filed** (Check one box) |
|---|---|---|
| ■ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>■ Other | ■ Chapter 7<br>☐ Chapter 9<br>☐ Chapter 11<br>☐ Chapter 12<br>☐ Chapter 13    ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding |
| | **Tax-Exempt Entity**<br>(Check box, if applicable)<br>☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | **Nature of Debts**<br>(Check one box)<br>☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."    ■ Debts are primarily business debts. |

| **Filing Fee** (Check one box) | **Chapter 11 Debtors** |
|---|---|
| ■ Full Filing Fee attached<br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| **Statistical/Administrative Information** | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☐<br>1-49 | ■<br>50-99 | ☐<br>100-199 | ☐<br>200-999 | ☐<br>1,000-5,000 | ☐<br>5,001-10,000 | ☐<br>10,001-25,000 | ☐<br>25,001-50,000 | ☐<br>50,001-100,000 | ☐<br>OVER 100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets

| ■<br>$0 to $50,000 | ☐<br>$50,001 to $100,000 | ☐<br>$100,001 to $500,000 | ☐<br>$500,001 to $1 million | ☐<br>$1,000,001 to $10 million | ☐<br>$10,000,001 to $50 million | ☐<br>$50,000,001 to $100 million | ☐<br>$100,000,001 to $500 million | ☐<br>$500,000,001 to $1 billion | ☐<br>More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities

| ☐<br>$0 to $50,000 | ☐<br>$50,001 to $100,000 | ☐<br>$100,001 to $500,000 | ☐<br>$500,001 to $1 million | ■<br>$1,000,001 to $10 million | ☐<br>$10,000,001 to $50 million | ☐<br>$50,000,001 to $100 million | ☐<br>$100,000,001 to $500 million | ☐<br>$500,000,001 to $1 billion | ☐<br>More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

Page 2

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Guernsey, Joseph Robert** |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed: **- None -** | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>**- None -** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b).<br><br>X _____<br>Signature of Attorney for Debtor(s)          (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

■ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

■ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Guernsey, Joseph Robert** |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ Joseph Robert Guernsey**
Signature of Debtor  **Joseph Robert Guernsey**

X _____
Signature of Joint Debtor

Telephone Number (If not represented by attorney)

**April 4, 2008**
Date

### Signature of Attorney*

X **/s/ R. Michael Drose**
Signature of Attorney for Debtor(s)

**R. Michael Drose 609**
Printed Name of Attorney for Debtor(s)

**Drose Law Firm**
Firm Name

**3955 Faber Place Drive, Suite 103**
**Charleston, SC 29405**

_____
Address

**Email: drose@droselaw.com**
**843-767-8888  Fax: 843-767-3290**
Telephone Number

**April 4, 2008**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

Official Form 1, Exhibit D (10/06)

# United States Bankruptcy Court
### District of South Carolina

In re    **Joseph Robert Guernsey** _____    Case No. _____

                                                       Debtor(s)         Chapter    **7** _____

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Must be accompanied by a motion for determination by the court.][Summarize exigent circumstances here.]* ____

**If the court is satisfied with the reasons stated in your motion, it will send you an order approving your request. You must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy case and promptly file a certificate from the agency that provided the briefing, together with a copy of any debt management plan developed through the agency. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. A motion for extension must be filed within the 30-day period. Failure to fulfill these requirements may result in dismissal of your case. If the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing, your case may be dismissed.**

Official Form 1, Exh. D (10/06) - Cont.

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*
    ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
    ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);
    ☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:    **/s/ Joseph Robert Guernsey**
                    **Joseph Robert Guernsey**

Date:  **April 4, 2008**

B 201 (04/09/06)

UNITED STATES BANKRUPTCY COURT
**DISTRICT OF SOUTH CAROLINA**

## NOTICE TO INDIVIDUAL CONSUMER DEBTOR UNDER § 342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case. You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7: Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total Fee $299)

1.  Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

2.  Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

3.  The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

4.  Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)

1.  Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2.  Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

3.  After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

**Chapter 11**: Reorganization ($1000 filing fee, $39 administrative fee: Total fee $1039)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

**Chapter 12**: Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

**Certificate of Attorney**

I hereby certify that I delivered to the debtor this notice required by § 342(b) of the Bankruptcy Code.

| R. Michael Drose 609 | X /s/ R. Michael Drose | April 4, 2008 |
|---|---|---|
| Printed Name of Attorney | Signature of Attorney | Date |

Address:
**3955 Faber Place Drive, Suite 103**
**Charleston, SC 29405**
**843-767-8888**

**Certificate of Debtor**

I (We), the debtor(s), affirm that I (we) have received and read this notice.

| Joseph Robert Guernsey | X /s/ Joseph Robert Guernsey | April 4, 2008 |
|---|---|---|
| Printed Name(s) of Debtor(s) | Signature of Debtor | Date |

| Case No. (if known) | X | |
|---|---|---|
| | Signature of Joint Debtor (if any) | Date |

ALLTEL COMMUNICATION
1 ALLIED DRIVE BLDG 5
LITTLE ROCK AR 72202


AMERICAN ACCEPTANCE CORP SC
1517 NORTH KINGS HWY
MYRTLE BEACH SC 29577


AMERICAN EXPRESS
PO BOX 297871
FORT LAUDERDALE FL 33329


ANTONIO RIBEIRO
436 W PERRY ROAD
MYRTLE BEACH SC 29579


ATTORNEY GENERAL OF THE US
CIVIL DIVISION BANKRUPTCY SECTION
US DEPARTMENT OF JUSTICE
WASHINGTON DC 20530


AUCTION INSURANCE CHARLESTON AUTO AUCTIO
2200 WOODCREST PLACE
BIRMINGHAM AL 35253


AUDIO MESSAGING SOLUTIONS LLC
720 BROOKER CREEK BLVD SUITE 215
OLDSMAR FL 34677


AURORA LOAN SERVICES
10350 PARK MEADOWS DRIVE
LITTLETON CO 80124


AUTOMOTIVE FINANCE CORPORATION
2824 POND BRANCH ROAD
LEESVILLE SC 29070


AUTOMOTIVE PARTS EXPRESS INC
PO BOX 17006
JACKSONVILLE FL 32245


BANK OF AMERICA
4161 PIEDMONT PARKWAY
GREENSBORO NC 27410

BEACH FORD
PO BOX 3609
MYRTLE BEACH SC 29578


BETTY HARRELSON
9409 PARK DRIVE
MYRTLE BEACH SC 29572


BILL BELLAMY
PO BOX 3491
NORTH MYRTLE BEACH SC 29582


BP
PO BOX 70887
CHARLOTTE NC 28272


BRUCE HELM
608 16TH AVENUE NORTH SUITE G
MYRTLE BEACH SC 29577


CAROLINA TRUST FEDERAL CREDIT UNION
1010 21ST AVE
MYRTLE BEACH SC 29577


CHASE
201 N WALNUT STREET
WILMINGTON DE 19801


CHASE MORTGAGE
3415 VISION DRIVE
COLUMBUS OH 43219


CHEVRON AND TEXACO CARD SERVICES
PO BOX 2001
CONCORD CA 94529


CITIFINANCIAL AUTO
PO BOX 3247
COPPELL TX 75019


COLORS ON PARADE MYRTLE BEACH
642 CENTURY CIRCLE
CONWAY SC 29526

COUNTRYWIDE ASSET RECOVERY
450 AMERICAN STREET MS SV3 70
SIMI VALLEY CA 93065


COX AUTO TRADER
DEPT 430 PO BOX 18019
CLEARWATER FL 33762


DAVID BELL AND GLEN SMALL
7392 SPRINGS SIDE DRIVE
MYRTLE BEACH SC 29588


EAGLE WARRANTY CORP
940 SCRANTON CARBONDALE HWY
EYNON PA 18403


EDWARD BRZEZINSKI
536 HAMMER BECK DRIVE
MYRTLE BEACH SC 29579


ELECTRONIC FEDERAL TAX PAYMENT SYSTEM
PO BOX 173788
DENVER CO 80217


EULER HERMES UMA
600 SOUTH 7TH STREET
LOUISVILLE KY 40201


FED EX
PO BOX 371461
PITTSBURGH PA 15250


FIRST CITIZENS BANK
PO BOX 29
COLUMBIA SC 29202


FIRST COLLECT INC
PO BOX 64488
BALTIMORE MD 21264-4488


FLEX FUND FINANCIAL SERVICES LLC
C/O ROBERT E CULVER ESQUIRE
171 CHURCH STREET SUITE 318
CHARLESTON SC 29401

GEORGETOWN HOSPITAL SYSTEM
PO BOX 421718
GEORGETOWN SC 29442


GEORGETOWN RADIOLOGY
PO BOX 2249
PAWLEYS ISLAND SC 29585


GMAC
PO BOX 33115
KNOXVILLE TN 37930


GRANNYS FLORIST
1225 16TH AVENUE
CONWAY SC 29526


HORRY COUNTY EMERGENCY MEDICAL SERVICE
PO BOX 296
CONWAY SC 29528


HORRY COUNTY STATE BANK
PO BOX 218
LORIS SC 29569


HORRY COUNTY TREASURER
PO BOX 1237
CONWAY SC 29528


HYATT BUICK GMC TRUCKS
922 FRONTAGE ROAD
MYRTLE BEACH SC 29577


INTERNAL REVENUE SERVICE
INSOLVENCY GROUP 4
1835 ASSEMBLY STREET MDP 39 RM 469
COLUMBIA SC 29201


INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 21126
PHILADELPHIA PA 19114


JOHN CHAZEN
1609 MAGNOLIA DRIVE
NORTH MYRTLE BEACH SC 29582

```
JOHNNY DAVIS
565 W PERRY ROAD
MYRTLE BEACH SC 29579


LINDA HOWARD
25 PLANTATION DRIVE
MYRTLE BEACH SC 29588


LISA C FOROUGHI
2206 HAYSTACK WAY
MYRTLE BEACH SC 29579


LOWES GE MONEY BANK
ATTN BANKRUPTCY DEPT
PO BOX 103104
ROSWELL GA 30076


LYNN BLEVINS
6312 B COLONIAL DRIVE
MYRTLE BEACH SC 29572


M B AUTO AND TRUCK PARTS INC
PO BOX 465
MYRTLE BEACH SC 29578


MANHEIM AUTOMOTIVE FINANCIAL SERVICES IN
C/O JEFFREY L SILVER ESQUIRE
PO BOX 11656
COLUMBIA SC 29211-1656


MARK REDMAN
8620 SAND MARCELLO DRIVE STE 202
MYRTLE BEACH SC 29579


MIKE RIDGEWAY
TNT AUTO SALES
2735 HWY 501
CONWAY SC 29526


MONTE GRANDON
14234 RICHMOND PARK AVENUE
CHARLOTTE NC 28277
```

MYRTLE BEACH CHEVROLET
PO BOX 425
MYRTLE BEACH SC 29578


NATIONAL PROCESSING COMPANY
710 QUAIL RIDGE DRIVE
WESTMONT IL 60559


NCO FINANCIAL SYSTEMS INC
PO BOX 15630 DEPT 23
WILMINGTON DE 19850


QANTUMES OF MYRTLE BEACH LLC
4841 HWY 17 BYPASS
MYRTLE BEACH SC 29577


RALPH JONES AND CHARLIE FLOYD
506 CALHOUN ROAD
MYRTLE BEACH SC 29577


RMS
4836 BRECKSVILLE ROAD
RICHFIELD OH 44286


ROBERT AND DELORES GUERNSEY
326 13TH AVENUE SOUTH
MYRTLE BEACH SC 29575


RSC EQUIPMENT RENTAL
PO BOX 840514
DALLAS TX 75284


SC DEPARTMENT OF REVENUE
PO BOX 12265
COLUMBIA SC 29211


SC DEPARTMENT OF TRANSPORTATION
955 PARK ST STE 343
COLUMBIA SC 29202


SC EMPLOYMENT SECURITY COMM
PO BOX 995
COLUMBIA SC 29202

SC STUDENT LOAN CORP
PO BOX 21337
COLUMBIA SC 29221


SHELL FLEET PLUS
PO BOX 183019
COLUMBUS OH 43218


STAN PARKER
2705 FOREST BROOK ROAD
MYRTLE BEACH SC 29588


STEVE AND SUZANNE MACKLEN
7705 MEMORY LANE
MYRTLE BEACH SC 29588


SUN TRUST BANK
25 PARK PLACE
ATLANTA GA 30302


THE SUN NEWS
PO BOX 406
MYRTLE BEACH SC 29578


THORNHILL WHOLESALE
839 SOUTH PARK DRIVE
MYRTLE BEACH SC 29577


UNIVERSAL UNDERWRITERS GROUP
1743 PAYSPHERE CIRCLE
CHICAGO IL 60674


US ATTORNEY FOR SOUTH CAROLINA
FOR THE INTERNAL REVENUE SERVICE
1441 MAIN STREET SUITE 500
COLUMBIA SC 29201


VALPAK OF EASTERN SOUTH CAROLINA
PO BOX 2078
MOUNT PLEASANT SC 29465-2078


VERIZON WIRELESS
PO BOX 660108
DALLAS TX 75266-0108

WACCAMAW BANK
PO BOX 2009
WHITEVILLE NC 28472


WASHINGTON MUTUAL BANK
9451 CORBIN AVENUE
NORTHRIDGE CA 91328


WASTE INDUSTRIES
3301 BENSON DRIVE
RALEIGH NC 27609


WILKINS FINANCIAL SERVICES
120 N OLD STATESVILLE ROAD
HUNTERSVILLE NC 28078


WILLI CLASEN
3812 PHEASANT CHASE DRIVE
RICHMOND VA 23231


WOLTERS KLUWER
8832 INNOVATION WAY
CHICAGO IL 60682


ZEP MANUFACTURING COMPANY
425 FRANKLIN ROAD SUITE 530
MARIETTA GA 30067

LOCAL OFFICIAL FORM 1007-1(b) TO SC LBR 1007-1

# United States Bankruptcy Court
## District of South Carolina

In re   __Joseph Robert Guernsey_____     Case No. _____
                                                          Debtor(s)          Chapter    __7_____

## CERTIFICATION VERIFYING CREDITOR MATRIX

The above named debtor, or attorney for the debtor if applicable, hereby certifies pursuant to South Carolina Local Bankruptcy Rule 1007-1 that the master mailing list of creditors submitted either on computer diskette, electronically filed via CM/ECF, or conventionally filed in a typed hard copy scannable format which has been compared to, and contains identical information to, the debtor's schedules, statements and lists which are being filed at this time or as they currently exist in draft form.

Master mailing list of creditors submitted via:

      (a)    _____ computer diskette

      (b)    _____ scannable hard copy
(number of sheets submitted _____)

      (c)    __X__ electronic version filed via CM/ECF

Date:  __April 4, 2008_____          __/s/ Joseph Robert Guernsey_____
                                           __Joseph Robert Guernsey__
                                           Signature of Debtor

# United States Bankruptcy Court
## District of South Carolina

In re  **Joseph Robert Guernsey**

Debtor(s)

Case No. _____

Chapter  **7**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.  Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

For legal services, I have agreed to accept.............................................................. $ _____ **7,000.00**

Prior to the filing of this statement I have received .............................................. $ _____ **7,000.00**

Balance Due............................................................................................................. $ _____ **0.00**

2.  The source of the compensation paid to me was:

☒ Debtor    ☐ Other (specify):

3.  The source of compensation to be paid to me is:

☒ Debtor    ☐ Other (specify):

4.  ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:
    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d.  [Other provisions as needed]

6.  By agreement with the debtor(s), the above-disclosed fee does not include the following service:
    **Unanticipated work or representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding.**

| CERTIFICATION |
|---|
| I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.<br><br>Dated:  **April 4, 2008**             **/s/ R. Michael Drose**<br>                                                   **R. Michael Drose 609**<br>                                                   **Drose Law Firm**<br>                                                   **3955 Faber Place Drive, Suite 103**<br>                                                   **Charleston, SC 29405**<br>                                                   **843-767-8888  Fax: 843-767-3290**<br>                                                   **drose@droselaw.com** |

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF   SOUTH CAROLINA

In re:                                    §
                                          §
GUERNSEY, JOSEPH ROBERT                    §        Case No. 08-02004 DRD
                                          §
            Debtor(s)                      §

## CHAPTER 7 TRUSTEE'S FINAL ACCOUNT AND DISTRIBUTION REPORT CERTIFICATION THAT THE ESTATE HAS BEEN FULLY ADMINISTERED AND APPLICATION TO BE DISCHARGED (TDR)

KEVIN CAMPBELL, chapter 7 trustee, submits this Final Account, Certification that the Estate has been Fully Administered and Application to be Discharged.

1) All funds on hand have been distributed in accordance with the Trustee's Final Report and, if applicable, any order of the Court modifying the Final Report. The case is fully administered and all assets and funds which have come under the trustee's control in this case have been properly accounted for as provided by law. The trustee hereby requests to be discharged from further duties as a trustee.

2) A summary of assets abandoned, assets exempt, total distributions to claimants, claims discharged without payment, and expenses of administration is provided below:

---

Assets Abandoned: 2,300.00             Assets Exempt: 3,250.00
*(Without deducting any secured claims)*

Total Distributions to Claimants: 7,393.22        Claims Discharged
                                                  Without Payment:  1,921,716.41

Total Expenses of Administration:  11,602.75

---

3) Total gross receipts of $ 18,995.97  (see **Exhibit 1**), minus funds paid to the debtor and third parties of $ 0.00  (see **Exhibit 2**), yielded net receipts of $ 18,995.97  from the liquidation of the property of the estate, which was distributed as follows:

|  | CLAIMS SCHEDULED | CLAIMS ASSERTED | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|
| SECURED CLAIMS (from **Exhibit 3**) | $ 531,359.00 | $ 255,957.65 | $ 255,957.65 | $ 0.00 |
| PRIORITY CLAIMS: CHAPTER 7 ADMIN. FEES AND CHARGES (from **Exhibit 4**) | NA | 24,565.11 | 11,602.75 | 11,602.75 |
| PRIOR CHAPTER ADMIN. FEES AND CHARGES (from **Exhibit 5**) | NA | NA | NA | NA |
| PRIORITY UNSECURED CLAIMS (from **Exhibit 6**) | 69,986.00 | 13,626.48 | 13,626.48 | 7,393.22 |
| GENERAL UNSECURED CLAIMS (from **Exhibit 7**) | 2,452,089.00 | 1,935,566.86 | 1,935,566.86 | 0.00 |
| **TOTAL DISBURSEMENTS** | $ 3,053,434.00 | $ 2,229,716.10 | $ 2,216,753.74 | $ 18,995.97 |

4)  This case was originally filed under chapter 7 on  04/04/2008 .  The case was pending for 50 months.

5)  All estate bank statements, deposit slips, and canceled checks have been submitted to the United States Trustee.

6) An individual estate property record and report showing the final accounting of the assets of the estate is attached as **Exhibit 8**.  The cash receipts and disbursements records for each estate bank account, showing the final accounting of the receipts and disbursements of estate funds is attached as **Exhibit 9**.

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Dated:  05/07/2012                      By:/s/KEVIN CAMPBELL
                                                             Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

# EXHIBITS TO
# FINAL ACCOUNT

## EXHIBIT 1 – GROSS RECEIPTS

| DESCRIPTION | UNIFORM TRAN. CODE[1] | $ AMOUNT RECEIVED |
|---|---|---|
| 2007 INCOME TAX REFUND OF $4,421 SUBJECT TO AN | 1124-000 | 3,265.76 |
| WACCAMAW BANK SAVINGS ACCOUNT - ESTIMATED BALANCE | 1129-000 | 2,515.50 |
| YEAR 2005 FEDERAL INCOME TAX REFUND | 1224-000 | 6,057.48 |
| YEAR 2006 FEDERAL INCOME TAX REFUND | 1224-000 | 7,153.53 |
| Post-Petition Interest Deposits | 1270-000 | 3.70 |
| **TOTAL GROSS RECEIPTS** | | **$ 18,995.97** |

[1]The Uniform Transaction Code is an accounting code assigned by the trustee for statistical reporting purposes.

## EXHIBIT 2 – FUNDS PAID TO DEBTOR & THIRD PARTIES

| PAYEE | DESCRIPTION | UNIFORM TRAN. CODE | $ AMOUNT PAID |
|---|---|---|---|
| NA | | NA | NA |
| **TOTAL FUNDS PAID TO DEBTOR & THIRD PARTIES** | | | **$ 0.00** |

## EXHIBIT 3 – SECURED CLAIMS

| CLAIM NO. | CLAIMANT | UNIFORM TRAN. CODE | CLAIMS SCHEDULED (from Form 6D) | CLAIMS ASSERTED | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|---|
| 000007 | RALPH JONES AND CHARLIE FLOYD | 4110-000 | 250,000.00 | 213,640.00 | 213,640.00 | 0.00 |
| 000006 | RALPH JONES AND CHARLIE FLOYD | 4210-000 | 250,000.00 | 30,000.00 | 30,000.00 | 0.00 |
| 000017 | RODDY DICKINSON HORRY COUNTY TREASU | 4700-000 | 31,359.00 | 12,317.65 | 12,317.65 | 0.00 |
| TOTAL SECURED CLAIMS | | | $ 531,359.00 | $ 255,957.65 | $ 255,957.65 | $ 0.00 |

## EXHIBIT 4 – CHAPTER 7 ADMINISTRATIVE FEES and CHARGES

| PAYEE | UNIFORM TRAN. CODE | CLAIMS SCHEDULED | CLAIMS ASSERTED | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|
| KEVIN CAMPBELL, TRUSTEE | 2100-000 | NA | 2,649.57 | 2,649.57 | 2,649.57 |
| KEVIN CAMPBELL, TRUSTEE | 2200-000 | NA | 209.48 | 209.48 | 209.48 |
| CAMPBELL LAW FIRM, P.A. | 2300-000 | NA | 2.47 | 2.47 | 2.47 |
| CAMPBELL LAW FIRM, P.A. | 2300-000 | NA | 4.79 | 4.79 | 4.79 |
| CAMPBELL LAW FIRM, P.A. | 2300-000 | NA | 6.06 | 6.06 | 6.06 |
| CAMPBELL LAW FIRM, P.A. | 2700-000 | NA | 250.00 | 250.00 | 250.00 |
| CAMPBELL LAW FIRM, P.A. | 2700-000 | NA | 250.00 | 250.00 | 250.00 |
| CAMPBELL LAW FIRM, P.A. | 3110-000 | NA | 15,702.50 | 3,865.07 | 3,865.07 |
| CAMPBELL LAW FIRM, P.A. | 3120-000 | NA | 168.94 | 168.94 | 168.94 |

| PAYEE | UNIFORM TRAN. CODE | CLAIMS SCHEDULED | CLAIMS ASSERTED | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|
| DAVID R. FISCHBEIN | 3310-000 | NA | 4,990.00 | 3,865.07 | 3,865.07 |
| DAVID R. FISCHBEIN | 3420-000 | NA | 331.30 | 331.30 | 331.30 |
| TOTAL CHAPTER 7 ADMIN. FEES AND CHARGES | | $ NA | $ 24,565.11 | $ 11,602.75 | $ 11,602.75 |

## EXHIBIT 5 – PRIOR CHAPTER ADMINISTRATIVE FEES and CHARGES

| PAYEE | UNIFORM TRAN. CODE | CLAIMS SCHEDULED | CLAIMS ASSERTED | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|
| NA | NA | NA | NA | NA | NA |
| TOTAL PRIOR CHAPTER ADMIN. FEES AND CHARGES | | $ NA | $ NA | $ NA | $ NA |

## EXHIBIT 6 – PRIORITY UNSECURED CLAIMS

| CLAIM NO. | CLAIMANT | UNIFORM TRAN. CODE | CLAIMS SCHEDULED (from Form 6E) | CLAIMS ASSERTED (from Proofs of Claim) | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|---|
| 000027B | DEPARTMENT OF THE TREASURY | 5800-000 | 9,254.00 | 931.31 | 931.31 | 0.00 |
| 000027C | DEPARTMENT OF THE TREASURY | 5800-000 | 9,254.00 | 0.00 | 0.00 | 0.00 |
| 000015B | SC DEPARTMENT OF REVENUE | 5800-000 | 51,478.00 | 12,695.17 | 12,695.17 | 7,393.22 |
| TOTAL PRIORITY UNSECURED CLAIMS | | | $ 69,986.00 | $ 13,626.48 | $ 13,626.48 | $ 7,393.22 |

## EXHIBIT 7 – GENERAL UNSECURED CLAIMS

| CLAIM NO. | CLAIMANT | UNIFORM TRAN. CODE | CLAIMS SCHEDULED (from Form 6F) | CLAIMS ASSERTED (from Proofs of Claim) | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|---|
| 000012 | ALLTEL COMMUNICATIONS | 7100-000 | 561.00 | 561.93 | 561.93 | 0.00 |
| 000022 | AUTOMOTIVE FINANCE CORPORATION | 7100-000 | 75,000.00 | 67,494.71 | 67,494.71 | 0.00 |
| 000002 | CAPITAL RECOVERY II, TRANSFEREE | 7100-000 | 1,691.00 | 1,756.09 | 1,756.09 | 0.00 |
| 000004 | CAROLINA TRUST FEDERAL CREDIT UNION | 7100-000 | 5,422.00 | 5,504.37 | 5,504.37 | 0.00 |
| 000013 | FIRST CITIZENS BANK | 7100-000 | 5,501.00 | 5,274.21 | 5,274.21 | 0.00 |
| 000009 | FLEX FUND FINANCIAL SERVICES LLC | 7100-000 | 1,250,000.00 | 1,034,013.00 | 1,034,013.00 | 0.00 |
| 000021 | GEORGETOWN HOSPITAL SYSTEM | 7100-000 | 99,262.00 | 9,262.05 | 9,262.05 | 0.00 |
| 000008 | HANOVER INSURANCE COMPANY | 7100-000 | NA | 30,000.00 | 30,000.00 | 0.00 |
| 000010 | HORRY COUNTY EMERGENCY MEDICAL SERV | 7100-000 | 564.00 | 564.00 | 564.00 | 0.00 |

| CLAIM NO. | CLAIMANT | UNIFORM TRAN. CODE | CLAIMS SCHEDULED (from Form 6F) | CLAIMS ASSERTED (from Proofs of Claim) | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|---|
| 000016 | HORRY COUNTY STATE BANK | 7100-000 | 156,000.00 | 160,348.63 | 160,348.63 | 0.00 |
| 000011A | IMPERIAL AUTO AUCTION | 7100-000 | 250,000.00 | 12,230.51 | 12,230.51 | 0.00 |
| 000011B | IMPERIAL AUTO AUCTION | 7100-000 | 250,000.00 | 254,255.08 | 254,255.08 | 0.00 |
| 000018 | MONTE GRANDON | 7100-000 | 50,000.00 | 60,000.00 | 60,000.00 | 0.00 |
| 000003 | SC STUDENT LOAN CORPORATION | 7100-000 | 19,517.00 | 20,083.71 | 20,083.71 | 0.00 |
| 000023 | STANLEY E. PARKER | 7100-000 | 100,000.00 | 120,000.00 | 120,000.00 | 0.00 |
| 000020 | STEVE AND SUZANNE MACKLEN | 7100-000 | 100,000.00 | 115,000.00 | 115,000.00 | 0.00 |
| 000019 | THE SUN NEWS | 7100-000 | 2,328.00 | 2,326.20 | 2,326.20 | 0.00 |
| 000001 | WASTE INDUSTRIES | 7100-000 | 310.00 | 309.28 | 309.28 | 0.00 |
| 000005 | WILKINS FINANCIAL SERVICES | 7100-000 | 595.00 | 627.89 | 627.89 | 0.00 |
| 000014 | ZURICH | 7100-000 | NA | 7,981.42 | 7,981.42 | 0.00 |
| 000025 | BP | 7200-000 | 939.00 | 1,130.20 | 1,130.20 | 0.00 |
| 000026 | MYRTLE BEACH CHEVROLET | 7200-000 | 4,767.00 | 4,846.86 | 4,846.86 | 0.00 |

| CLAIM NO. | CLAIMANT | UNIFORM TRAN. CODE | CLAIMS SCHEDULED (from Form 6F) | CLAIMS ASSERTED (from Proofs of Claim) | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|---|
| 000024 | THORNHILL WHOLESALE | 7200-000 | 18,900.00 | 19,900.00 | 19,900.00 | 0.00 |
| 000027A | DEPARTMENT OF THE TREASURY | 7300-000 | 9,254.00 | 238.09 | 238.09 | 0.00 |
| 000015A | SC DEPARTMENT OF REVENUE | 7300-000 | 51,478.00 | 1,858.63 | 1,858.63 | 0.00 |
| **TOTAL GENERAL UNSECURED CLAIMS** | | | **$ 2,452,089.00** | **$ 1,935,566.86** | **$ 1,935,566.86** | **$ 0.00** |

Page: 1

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Exhibit 8

| | |
|---|---|
| Case No: 08-02004 DRD Judge: DAVID R. DUNCAN, JUDGE | Trustee Name: KEVIN CAMPBELL |
| Case Name: GUERNSEY, JOSEPH ROBERT | Date Filed (f) or Converted (c): 04/04/08 (f) |
| | 341(a) Meeting Date: 05/28/08 |
| For Period Ending: 05/07/12 | Claims Bar Date: 09/02/08 |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=554(a) DA=554(c) | Sale/Funds Received by the Estate | Asset Fully Adm (FA)/ Gross Value of Remain Assets | Lien Amount | Exempt Amount |
| 1. WACCAMAW BANK SAVINGS ACCOUNT - ESTIMATED BALANCE AT THE TIME OF FILING. (RECEIVED NON-EXEMPT FUNDS) [WACHOVIA BANK SAVINGS ACCOUNT WAS STATED ON THE DEBTOR'S ORIGINAL FILED SCHEDULES] Debtor Claimed Exemption | 3,500.00 | 2,500.00 | | 2,515.50 | FA | 0.00 | 1,000.00 |
| 2. FIRST CITIZENS BANK CHECKING ACCOUNT - ESTIMATED BALANCE AT TIME OF FILING. THERE WAS INSUFFICIENT VALUE TO BENEFIT THE ESTATE; THE TRUSTEE ABANDONS NOW. | 0.00 | 0.00 | DA | 0.00 | FA | 0.00 | 0.00 |
| 3. HOUSEHOLD GOODS AND FURNISHINGS THERE WAS INSUFFICIENT VALUE TO BENEFIT THE ESTATE; THE TRUSTEE ABANDONS NOW. Debtor Claimed Exemption | 2,000.00 | 0.00 | DA | 0.00 | FA | 0.00 | 2,000.00 |
| 4. WEARING APPAREL THERE WAS INSUFFICIENT VALUE TO BENEFIT THE ESTATE; THE TRUSTEE ABANDONS NOW. Debtor Claimed Exemption | 200.00 | 0.00 | DA | 0.00 | FA | 0.00 | 200.00 |
| 5. WATCH THERE WAS INSUFFICIENT VALUE TO BENEFIT THE ESTATE; THE TRUSTEE ABANDONS NOW. Debtor Claimed Exemption | 50.00 | 0.00 | DA | 0.00 | FA | 0.00 | 50.00 |
| 6. GOLF CLUBS THERE WAS INSUFFICIENT VALUE TO BENEFIT THE ESTATE; THE TRUSTEE ABANDONS NOW. | 50.00 | 0.00 | DA | 0.00 | FA | 0.00 | 0.00 |
| 7. 2007 INCOME TAX REFUND OF $4,421 SUBJECT TO AN OFFSET BY THE INTERNAL REVENUE SERVICE. (AN APPLICATION FOR TENTATIVE REFUND WAS FILED WITH THE IRS). | 4,421.00 | 3,265.76 | | 3,265.76 | FA | 0.00 | 0.00 |

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Exhibit 8

| Case No: | 08-02004 | DRD | Judge: DAVID R. DUNCAN, JUDGE |
| Case Name: | GUERNSEY, JOSEPH ROBERT | | |

| Trustee Name: | KEVIN CAMPBELL |
| Date Filed (f) or Converted (c): | 04/04/08 (f) |
| 341(a) Meeting Date: | 05/28/08 |
| Claims Bar Date: | 09/02/08 |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=554(a) DA=554(c) | Sale/Funds Received by the Estate | Asset Fully Adm (FA)/ Gross Value of Remain Assets | Lien Amount | Exempt Amount |
| 8. 2007 INCOME TAX REFUND OF $1,657 SUBJECT TO AN OFFSET BY THE SC DEPARTMENT OF REVENUE. (AN APPLICATION FOR TENTATIVE REFUND WAS FILED WITH THE SCDOR). (THE RESPONSE FROM THE STATE WAS THAT THE ESTATE WAS NOT ENTITLED TO A REFUND) .THERE WAS INSUFFICIENT VALUE TO BENEFIT THE ESTATE; THE TRUSTEE ABANDONS NOW. | 0.00 | 0.00 | DA | 0.00 | FA | 0.00 | 0.00 |
| 9. VOID (u) | Unknown | 0.00 | | 0.00 | FA | 0.00 | 0.00 |
| 10. Post-Petition Interest Deposits (u) | Unknown | 3.70 | | 3.70 | FA | 0.00 | 0.00 |
| 11. POSSIBLE CLAIM AGAINST ROBERT JOLLY (u) THERE WAS INSUFFICIENT VALUE TO BENEFIT THE ESTATE; THE TRUSTEE ABANDONS NOW. | Unknown | Unknown | DA | 0.00 | FA | 0.00 | 0.00 |
| 12. YEAR 2005  FEDERAL INCOME TAX REFUND (u) | 6,057.48 | 6,057.48 | | 6,057.48 | FA | 0.00 | 0.00 |
| 13. YEAR 2006 FEDERAL INCOME TAX REFUND (u) | 7,153.53 | 7,153.53 | | 7,153.53 | FA | 0.00 | 0.00 |
| TOTALS (Excluding Unknown Values) | $23,432.01 | $18,980.47 | | $18,995.97 | $0.00 | $0.00 | $3,250.00 |

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

RE:JOSEPH ROBERT GUERNSEY
B/K CASE NO. 08-02004-DD
OUR FILE NO. 08-0841T

FINAL REPORT CASE HISTORY

JOSEPH ROBERT GUERNSEY (HEREINAFTER REFERRED TO AS THE "DEBTOR"), FILED FOR CHAPTER 7 BANKRUPTCY PURSUANT TO TITLE 11 OF THE UNITED STATES CODE ON APRIL 4, 2008.  KEVIN CAMPBELL, (HEREINAFTER REFERRED TO AS THE "TRUSTEE"), WAS DULY APPOINTED AS THE INTERIM CHAPTER 7 TRUSTEE,  WHOSE APPOINTMENT BECAME PERMANENT AT THE MEETING OF CREDITORS HELD ON MAY 28, 2008, AND CONTINUED ON JULY 23, 2008.  THIS CASE WAS EVENTUALLY DECLARED TO BE AN ASSET CASE.

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Exhibit 8

| | | |
|---|---|---|
| Case No: | 08-02004    DRD    Judge: DAVID R. DUNCAN, JUDGE | |
| Case Name: | GUERNSEY, JOSEPH ROBERT | |

Trustee Name:   KEVIN CAMPBELL

Date Filed (f) or Converted (c):   04/04/08 (f)

341(a) Meeting Date:    05/28/08

Claims Bar Date:    09/02/08

KEVIN CAMPBELL AND HIS STAFF WILL BE HEREINAFTER COLLECTIVELY REFERRED TO AS THE "TRUSTEE", ALTHOUGH ATTACHED TO THIS FINAL REPORT IS A STATEMENT WHICH PARTICULARLY SETS FORTH THE WORK DONE BY THE TRUSTEE AND HIS INDIVIDUAL STAFF MEMBERS.

THE TRUSTEE RETAINED THE CAMPBELL LAW FIRM, P.A., (HEREINAFTER REFERRED TO AS THE "FIRM"), AS ATTORNEY FOR THE TRUSTEE AND THE ESTATE.  THE APPOINTMENT OF THE FIRM WAS FILED WITH THE COURT ON MAY 23, 2008, AND FORMALLY APPROVED BY COURT ORDER ENTERED ON JUNE 3, 2008. THE FIRM, AS ATTORNEY FOR THE TRUSTEE AND THE ESTATE, SHALL COLLECTIVELY INCLUDE THE ATTORNEYS AND THE STAFF MEMBERS OF THE FIRM, ALTHOUGH ATTACHED TO THIS FINAL REPORT IS A STATEMENT WHICH MORE PARTICULARLY SETS FORTH THE WORK PERFORMED BY THE INDIVIDUAL ATTORNEYS AND STAFF OF THE FIRM.

GENERAL CASE ADMINISTRATION.

PRIOR TO THE MEETING OF CREDITORS, THE TRUSTEE REVIEWED THE DEBTOR'S  SCHEDULES, STATEMENTS AND OTHER DOCUMENTS FILED WITH THE COURT.  HE ALSO REVIEWED ADDITIONAL FINANCIAL  INFORMATION PRIOR TO THE MEETING OF CREDITORS.  AT THE MEETING OF CREDITORS,  THE DEBTOR TESTIFIED CONCERNING HIS BUSINESS AFFAIRS.  ALSO, AT THE MEETING, THE TRUSTEE REQUESTED ADDITIONAL BOOKS AND RECORDS.

THE FIRM REVIEWED THE DEBTORS' SCHEDULES, STATEMENTS AND OTHER DOCUMENTS FILED WITH THE COURT, RECORDS AT THE SOUTH CAROLINA SECRETARY OF STATE'S OFFICE, HORRY COUNTY CLERK OF COURT, AS WELL AS THE FINANCIAL RECORDS PROVIDED BY THE DEBTOR.  THE TRUSTEE HAD REVIEWED THE DEBTOR'S FINANCIAL ACCOUNTS AND DETERMINED THAT ADDITIONAL INFORMATION WAS NEEDED.  THE TRUSTEE DIRECTED THE FIRM TO CONTINUE THE INVESTIGATION INTO THIS MATTER.

EARLY IN THIS CASE THERE WERE CONCERNS OVER THE BUSINESS ACTIVITY OF SOUTHERN AUTO SALES.  WITH THAT BUSINESS, THE DEBTOR HAD PURPORTEDLY SOLD NUMEROUS VEHICLES OUT OF TRUST AND HAD FAILED TO SATISFY LIENS WHEN RE-SELLING TRADE-IN VEHICLES.  THE FIRM EVALUATED THE BOOKS AND RECORDS AND DETERMINED THAT THERE WERE NO FRAUDULENT CONVEYANCES TO THE DEBTOR OR OTHER THIRD PARTIES.  IT WAS JUST A BAD BUSINESS ENVIRONMENT THAT CAUSED THE FINANCIAL PROBLEMS FOR THE BUSINESS AND NOT IMPROPER PAYMENTS TO THE PRINCIPAL OR THIRD PARTIES.

IN REVIEWING THE COUNTY RECORDS, THE FIRM DETERMINED THAT PRIOR TO THE FILING OF THE BANKRUPTCY CASE THE DEBTOR, IN AN APPARENT ATTEMPT TO FRUSTRATE MORTGAGE CREDITORS, HAD CONVEYED NUMEROUS PARCELS OF REAL PROPERTY TO AN INDIVIDUAL BY THE NAME OF ROBERT JOLLY.  THROUGH PREVIOUS DEALINGS WITH MR. JOLLY, IT WAS APPARENT THAT THE DEBTOR, FOR THE SOLE PURPOSE OF DELAYING THE CREDITORS, HAD CONVEYED, FOR NO CONSIDERATION, THE PROPERTIES TO MR. JOLLY.  AS A RESULT, AT THE DIRECTION OF THE TRUSTEE, THE FIRM FILED AN ADVERSARY PROCEEDING SEEKING THE DENIAL OF THE DEBTOR'S DISCHARGE.  THROUGH A DEFAULT ORDER, THE DEBTOR WAS DENIED HIS DISCHARGE.

THE TRUSTEE, AS PART OF HIS NORMAL REVIEW PROCESS, EXAMINED THE DEBTOR'S PERSONAL AND BUSINESS TAX RETURNS AND DETERMINED THAT THERE MAY BE A LOSS CARRY-BACK AVAILABLE FOR THE BENEFIT OF THE ESTATE. THE TRUSTEE DIRECTED HIS ACCOUNTANT TO CONDUCT A MORE THOROUGH REVIEW AND ANALYZE WHETHER AMENDED RETURNS WERE WARRANTED.

THE ACCOUNTANT DETERMINED THAT THERE WAS A SIGNIFICANT LOSS CARRY-BACK AVAILABLE AND PREPARED THE NECESSARY RETURNS.  ON NOVEMBER 14, 2008, AND ON SEPTEMBER 8,2009, THE TRUSTEE SUBMITTED THOSE RETURNS TO THE RESPECTIVE FEDERAL AND STATE TAXING AUTHORITIES FOR ACCEPTANCE.  AFTER SEVERAL MONTHS, AND SEVERAL ATTEMPTS BY THE TRUSTEE TO DETERMINE THE STATUS OF THE FEDERAL RETURNS, THE FIRM WAS REQUESTED TO CONTINUE THE COLLECTION EFFORTS OF THIS POTENTIAL REFUND.

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Exhibit 8

| | | |
|---|---|---|
| Case No: | 08-02004 DRD Judge: DAVID R. DUNCAN, JUDGE | |
| Case Name: | GUERNSEY, JOSEPH ROBERT | |

Trustee Name: KEVIN CAMPBELL
Date Filed (f) or Converted (c): 04/04/08 (f)
341(a) Meeting Date: 05/28/08
Claims Bar Date: 09/02/08

OVER APPROXIMATELY THE NEXT YEAR, THE FIRM WAS IN CONSTANT CONTACT WITH THE IRS TRYING TO DETERMINE THE STATUS OF THE REFUNDS. INITIALLY, THE FIRM WAS ADVISED BY IRS OFFICIALS THAT THE RETURNS WERE BEING PROCESSED. AFTER SEVERAL MONTHS, THE FIRM CONTACTED LOCAL COUNSEL FOR THE IRS TO SEEK THEIR ASSISTANCE IN THIS MATTER. EVENTUALLY, IT WAS DETERMINED THAT, IN FACT, THE IRS HAD "LOST" THE RETURNS, BUT FAILED TO LET ANYONE KNOW THAT THEY WERE MISSING. AS A RESULT, THE TRUSTEE'S ACCOUNTANT PREPARED A NEW SET OF TAX RETURNS, WHICH WERE FORWARDED TO A "PERSON IN CHARGE" AT THE IRS WHO WAS TO REVIEW THE RETURNS. AGAIN, THERE WAS A CONSIDERABLE DELAY BY THE IRS IN THE RETURNS BEING PROCESSED. AFTER CONSIDERABLE MORE MONTHS, AGAIN WITH NO APPARENT SIGNIFICANT ACTION BY THE IRS, THE TRUSTEE REQUESTED THE FIRM TO FILE AN ADVERSARY PROCEEDING SEEKING A PROMPT DETERMINATION ON THE TAX RETURNS AND DEMANDING A TURNOVER OF THE REFUND.

THE FIRM DRAFTED AND FILED THE LAWSUIT ON DECEMBER 15, 2010. WITHIN THE TIME TO FILE AN ANSWER, THE FIRM RECEIVED ADDITIONAL CONTACT FROM COUNSEL FOR THE IRS, WHO INSISTED THAT THE RETURNS HAS BEEN RECEIVED AND WERE BEING REVIEWED. AS SUCH, THE FIRM AGREED TO GIVE THE IRS AN EXTENSION OF TIME TO FILE AN ANSWER. SHORTLY THEREAFTER, THE IRS ACKNOWLEDGED THAT IT HAD AGAIN MISPLACED THE RETURNS AND REQUESTED THAT NEW RETURNS BE SUBMITTED, WHICH THE TRUSTEE PROMPTLY PROVIDED. ADDITIONAL WEEKS WENT BY WITHOUT SIGNIFICANT MOVEMENT, DESPITE REPEATED INQUIRIES BY THE FIRM. EVENTUALLY, ON A CONFERENCE CALL, REPRESENTATIVES FROM THE IRS INDICATED FOR THE FIRST TIME THAT THERE WAS A PREVIOUSLY UNDISCLOSED CREDIT WHICH CHANGED THE AMOUNTS ON THE TRUSTEE'S RETURN. THE FIRM OBTAINED THE "CORRECT" INFORMATION AND THE TRUSTEE PROMPTLY RE-SUBMITTED THE RETURNS. DURING THIS CONVERSATION, THE IRS INDICATED THAT IT WOULD PROMPTLY SEND BACK THE RETURNS WITH A COVER LETTER EXPLAINING THE DISCREPANCY. AS OF THIS DATE, THE TRUSTEE HAS STILL NOT RECEIVED THE "REJECTED" RETURN OR THE COVER LETTER OF EXPLANATION.

THE TRUSTEE SUBSEQUENTLY RECEIVED NOTIFICATION FROM THE IRS THAT THE MOST RECENT RETURNS HAD BEEN ACCEPTED AND THAT THE REFUNDS WOULD BE QUICKLY PROCESSED. THE FIRM CONTINUED TO FOLLOW-UP WITH THE IRS TO INSURE THAT THE REFUNDS WERE PROMPTLY SUBMITTED. FINALLY, ON JUNE 27, 2011, THE TRUSTEE FINALLY RECEIVED THE 2005 AND 2006 TAX REFUND CHECKS, TOTALING $13,211.01, WHICH WERE DEPOSITED INTO THE ESTATE'S ACCOUNT.

FOR REASONS UNKNOWN TO THE TRUSTEE, WHAT SHOULD HAVE BEEN A RELATIVELY SIMPLE FILING OF AN AMENDED TAX RETURN FOR A LOSS CARRY BACK BECAME EXTREMELY COMPLICATED AND REQUIRED LITIGATION TO EXPEDITE THE PROCESSING OF THE RETURN.

ACCOUNTANT.
THE TRUSTEE EMPLOYED DAVID R. FISCHBEIN AS ACCOUNTANT FOR THE ESTATE. HIS APPOINTMENT WAS APPROVED BY COURT ORDER ENTERED AUGUST 14, 2008, PURSUANT TO APPLICATION FILED ON JULY 31, 2008. HE REVIEWED THE DEBTOR'S BOOKS, RECORDS, AND TAX RETURNS FOR ADDITIONAL ASSETS, TAX REFUNDS, AND ANY TAX LIABILITY FOR WHICH THE ESTATE MIGHT BE RESPONSIBLE. HE REVIEWED THE TRUSTEE'S FILE AND THE DEBTOR'S SCHEDULES. THE ACCOUNTANT PREPARED ALL OF THE REQUIRED ESTATE INCOME TAX RETURNS THAT HAVE BEEN FILED WITH THE APPROPRIATE TAXING AUTHORITIES.

CONCLUSION.
THE TRUSTEE EXAMINED THE CLAIMS THAT WERE FILED IN THIS CASE AND MADE THE APPROPRIATE RECOMMENDATIONS. THE TRUSTEE THEN PREPARED HIS FINAL REPORT.

THE TRUSTEE'S PROFESSIONALS WERE APPROVED BY THE COURT UPON PROPER APPLICATION.

03/31/11 - ON SEVERAL SEPARATE OCCASIONS, THE TRUSTEE SUBMITTED AMENDED TAX RETURNS IN AN ATTEMPT TO CARRY CERTAIN LOSSES BACK. HAVING NOT RECEIVED ANY RESPONSE FROM THE IRS, THE TRUSTEE FILED AN

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page: 5

Exhibit 8

| | | | | |
|---|---|---|---|---|
| Case No: | 08-02004 | DRD | Judge: DAVID R. DUNCAN, JUDGE | |
| Case Name: | GUERNSEY, JOSEPH ROBERT | | | |

| | |
|---|---|
| Trustee Name: | KEVIN CAMPBELL |
| Date Filed (f) or Converted (c): | 04/04/08 (f) |
| 341(a) Meeting Date: | 05/28/08 |
| Claims Bar Date: | 09/02/08 |

ADVERSARY PROCEEDING SEEKING THE TURNOVER OF THE TAX REFUND. AT THAT TIME, THE IRS ASSERTED THAT THE RETURNS HAD BEEN REJECTED AND RETURNED TO THE TRUSTEE. THE TRUSTEE WAS NEVER ADVISED THAT THERE WERE ANY PROBLEMS WITH THE RETURNS. THE TRUSTEE PREPARED AND FILED NEW AMENDED RETURNS AS REQUESTED BY THE IRS. THE IRS ACKNOWLEDGED RECEIPT OF THE RETURNS AND THEY ARE BEING PROCESSED. IN THE INTERIM, THE TRUSTEE AND THE IRS HAVE ENTERED INTO A "REUBEN" ORDER ON THE ADVERSARY PROCEEDING. IT IS BELIEVED THAT THE IRS SHOULD PROCESS THE REFUND WITHIN THE NEXT SIX MONTHS, WHICH WILL ALLOW THE CASE TO BE CLOSED AT THAT TIME.

NOTE: ASSET #9 WAS VOIDED DUE TO AN ENTRY ERROR. THE PROGRAM DELETES THE COMPLETE ENTRY, STATES THAT THE ASSET WAS "UNSCHEDULED/UNKNOWN", THE TRUSTEE VALUE WAS "KNOWN" , THE ASSET WAS NOT ABANDONED, AND CHECKS THE BOX (FA) "FULLY ADMINISTERED". ONCE THE "VOID" IS MADE, IT IS "GREYED OUT" AND CANNOT BE CHANGED.

Initial Projected Date of Final Report (TFR): 05/31/09      Current Projected Date of Final Report (TFR): 07/12/11

### ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

**Exhibit 9**

| | |
|---|---|
| Case No: | 08-02004 -DRD |
| Case Name: | GUERNSEY, JOSEPH ROBERT |
| Taxpayer ID No: | *******2408 |
| For Period Ending: | 05/07/12 |

| | |
|---|---|
| Trustee Name: | KEVIN CAMPBELL |
| Bank Name: | BANK OF AMERICA |
| Account Number / CD #: | *******3649  Checking - Non Interest |
| Blanket Bond (per case limit): | $  2,000,000.00 |
| Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| C  09/22/08 | 1 | DOLORES M. GUERNSEY ROBERT J. GUERNSET 326 - 13TH AVENUE SOUTH SURFSIDE BEACH, SC 29575 | LIQUID ASSETS - NON-EXEMPT | 1129-000 | 2,515.50 | | 2,515.50 |
| C  09/30/08 | 10 | BANK OF AMERICA | Interest Rate  0.150 | 1270-000 | 0.08 | | 2,515.58 |
| C  10/31/08 | 10 | BANK OF AMERICA | Interest Rate  0.100 | 1270-000 | 0.24 | | 2,515.82 |
| C  11/28/08 | 10 | BANK OF AMERICA | Interest Rate  0.100 | 1270-000 | 0.20 | | 2,516.02 |
| C  12/31/08 | 10 | BANK OF AMERICA | Interest Rate  0.010 | 1270-000 | 0.13 | | 2,516.15 |
| C  01/22/09 | 000101 | CAMPBELL LAW FIRM, P.A. 890 JOHNNIE DODDS BOULEVARD P.O. BOX 684 MOUNT PLEASANT, SC 29465-0684 | REIMBURSEMENT FOR ADVERSARY COMPLAINT FILING FEE - NO 08-80257. | 2700-000 | | 250.00 | 2,266.15 |
| C  01/30/09 | 10 | BANK OF AMERICA | Interest Rate  0.010 | 1270-000 | 0.02 | | 2,266.17 |
| C  02/27/09 | 10 | BANK OF AMERICA | Interest Rate  0.010 | 1270-000 | 0.02 | | 2,266.19 |
| *C  03/04/09 | 000102 | MRSC INSURANCE PARTNERS, LLC 31500 BAINBRIDGE ROAD, SUITE 5 SOLON, OH 44139 | TRUSTEE BLANKET BOND PREMIUM INVOICE NO. 74909; ACCOUNT NO. CAMPB-5-1001 POLICY NO. 8215-38-72; FEDERAL INSURANCE CO. BOND TERM:  3/01/09--03/01/2010 ITEM NO. 739836 - $788.00. | 2300-003 | | 2.47 | 2,263.72 |
| *C  03/04/09 | 000102 | MRSC INSURANCE PARTNERS, LLC 31500 BAINBRIDGE ROAD, SUITE 5 SOLON, OH 44139 | TRUSTEE BLANKET BOND PREMIUM WRONG PAYEE; CHECK NOT PRINTED. | 2300-003 | | -2.47 | 2,266.19 |
| C  03/04/09 | 000103 | CAMPBELL LAW FIRM, P.A. 890 JOHNNIE DODDS BOULEVARD P.O. BOX 684 MOUNT PLEASANT, SC 29465-0684 | TRUSTEE BLANKET BOND PREMIUM BOND TERM 3/01/2009-3/01/2010 | 2300-000 | | 2.47 | 2,263.72 |
| C  03/31/09 | 10 | BANK OF AMERICA | Interest Rate  0.010 | 1270-000 | 0.02 | | 2,263.74 |
| C  04/30/09 | 10 | BANK OF AMERICA | Interest Rate  0.030 | 1270-000 | 0.05 | | 2,263.79 |
| C  05/29/09 | 10 | BANK OF AMERICA | Interest Rate  0.030 | 1270-000 | 0.05 | | 2,263.84 |
| C  06/30/09 | 10 | BANK OF AMERICA | Interest Rate  0.030 | 1270-000 | 0.06 | | 2,263.90 |

## ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit 9

| | | |
|---|---|---|
| Case No: | 08-02004 -DRD | |
| Case Name: | GUERNSEY, JOSEPH ROBERT | |

| | |
|---|---|
| Trustee Name: | KEVIN CAMPBELL |
| Bank Name: | BANK OF AMERICA |
| Account Number / CD #: | *******3649 Checking - Non Interest |

| | |
|---|---|
| Taxpayer ID No: | *******2408 |
| For Period Ending: | 05/07/12 |

| | |
|---|---|
| Blanket Bond (per case limit): | $ 2,000,000.00 |
| Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| C  07/31/09 | 10 | BANK OF AMERICA | Interest Rate  0.030 | 1270-000 | 0.06 | | 2,263.96 |
| C  08/31/09 | 10 | BANK OF AMERICA | Interest Rate  0.030 | 1270-000 | 0.06 | | 2,264.02 |
| C  09/30/09 | 10 | BANK OF AMERICA | Interest Rate  0.030 | 1270-000 | 0.06 | | 2,264.08 |
| C  10/05/09 | 7 | UNITED STATES TREASURY AUSTIN, TEXAS | YEAR 2007 TAX REFUND | 1124-000 | 3,265.76 | | 5,529.84 |
| C  10/30/09 | 10 | BANK OF AMERICA | Interest Rate  0.030 | 1270-000 | 0.12 | | 5,529.96 |
| C  11/30/09 | 10 | BANK OF AMERICA | Interest Rate  0.030 | 1270-000 | 0.14 | | 5,530.10 |
| C  12/31/09 | 10 | BANK OF AMERICA | Interest Rate  0.030 | 1270-000 | 0.14 | | 5,530.24 |
| C  01/29/10 | 10 | BANK OF AMERICA | Interest Rate  0.030 | 1270-000 | 0.13 | | 5,530.37 |
| C  02/25/10 | 000104 | CAMPBELL LAW FIRM, P.A. 890 JOHNNIE DODDS BOULEVARD P.O. BOX 684 MOUNT PLEASANT, SC 29465-0684 | TRUSTEE BOND PREMIUM BOND #8215-38-72 BOND TERM:  03/01/10 TO 03/01/11 SURETY:  FEDERAL INSURANCE COMPANY. | 2300-000 | | 4.79 | 5,525.58 |
| C  02/26/10 | 10 | BANK OF AMERICA | Interest Rate  0.030 | 1270-000 | 0.13 | | 5,525.71 |
| C  03/31/10 | 10 | BANK OF AMERICA | Interest Rate  0.030 | 1270-000 | 0.15 | | 5,525.86 |
| C  04/30/10 | 10 | BANK OF AMERICA | Interest Rate  0.030 | 1270-000 | 0.14 | | 5,526.00 |
| C  05/28/10 | 10 | BANK OF AMERICA | Interest Rate  0.030 | 1270-000 | 0.14 | | 5,526.14 |
| C  06/30/10 | 10 | BANK OF AMERICA | Interest Rate  0.030 | 1270-000 | 0.14 | | 5,526.28 |
| C  07/30/10 | 10 | BANK OF AMERICA | Interest Rate  0.030 | 1270-000 | 0.14 | | 5,526.42 |
| C  08/31/10 | 10 | BANK OF AMERICA | Interest Rate  0.030 | 1270-000 | 0.15 | | 5,526.57 |
| C  09/30/10 | 10 | BANK OF AMERICA | Interest Rate  0.030 | 1270-000 | 0.14 | | 5,526.71 |
| C  10/29/10 | 10 | BANK OF AMERICA | Interest Rate  0.030 | 1270-000 | 0.13 | | 5,526.84 |
| C  11/30/10 | 10 | BANK OF AMERICA | Interest Rate  0.030 | 1270-000 | 0.15 | | 5,526.99 |
| C  12/31/10 | 10 | BANK OF AMERICA | Interest Rate  0.030 | 1270-000 | 0.14 | | 5,527.13 |
| C  01/31/11 | 10 | BANK OF AMERICA | Interest Rate  0.030 | 1270-000 | 0.14 | | 5,527.27 |

**UST Form 101-7-TDR (5/1/2011)** *(Page: 15)*

## ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

**Exhibit 9**

| | | |
|---|---|---|
| Case No: | 08-02004 -DRD | |
| Case Name: | GUERNSEY, JOSEPH ROBERT | |
| Taxpayer ID No: | *******2408 | |
| For Period Ending: | 05/07/12 | |

| | |
|---|---|
| Trustee Name: | KEVIN CAMPBELL |
| Bank Name: | BANK OF AMERICA |
| Account Number / CD #: | *******3649 Checking - Non Interest |
| Blanket Bond (per case limit): | $ 2,000,000.00 |
| Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| *C  02/07/11 | 000105 | CLERK, U.S. BANKRUPTCY COURT J. BRATTON DAVIS U. S. BANKRUPTCY COURTHOUSE 1100 LAUREL STREET COLUMBIA, SC 29201 | AVERSARY PROCEEDING FILING FEE CASE NO. 10-80180 - CAMPBELL, TRUSTEE V. UNITED STATES OF AMERICA | 2700-003 | | 250.00 | 5,277.27 |
| *C  02/07/11 | 000105 | CLERK, U.S. BANKRUPTCY COURT J. BRATTON DAVIS U. S. BANKRUPTCY COURTHOUSE 1100 LAUREL STREET COLUMBIA, SC 29201 | AVERSARY PROCEEDING FILING FEE CHECK PAYABLE TO WRONG PAYEE | 2700-003 | | -250.00 | 5,527.27 |
| C  02/07/11 | 000106 | CAMPBELL LAW FIRM, P.A. 890 JOHNNIE DODDS BOULEVARD P.O. BOX 684 MOUNT PLEASANT, SC 29465-0684 | ADVERSARY PROCEEDING FILING FEE CASE NO. 10-80180 - CAMPBELL, TRUSTEE V. UNITED STATES OF AMERICA REPAYMENT. | 2700-000 | | 250.00 | 5,277.27 |
| C  02/28/11 | 10 | BANK OF AMERICA | Interest Rate  0.010 | 1270-000 | 0.04 | | 5,277.31 |
| C  03/10/11 | 000107 | CAMPBELL LAW FIRM, P.A. 890 JOHNNIE DODDS BOULEVARD P.O. BOX 684 MOUNT PLEASANT, SC 29465-0684 | TRUSTEE BOND PREMIUM POLICY #8215-38-72 CHUBB INSURANCE COMPANY FROM 03/01/2011 TO 03/01/2012 | 2300-000 | | 6.06 | 5,271.25 |
| C  03/31/11 | 10 | BANK OF AMERICA | Interest Rate  0.010 | 1270-000 | 0.04 | | 5,271.29 |
| C  04/29/11 | 10 | BANK OF AMERICA | Interest Rate  0.010 | 1270-000 | 0.04 | | 5,271.33 |
| C  05/31/11 | 10 | BANK OF AMERICA | Interest Rate  0.010 | 1270-000 | 0.05 | | 5,271.38 |
| C  06/27/11 | 12 | UNITED STATES TREASURY AUSTIN, TEXAS | YEAR 2005 FEDERAL TAX REFUND | 1224-000 | 6,057.48 | | 11,328.86 |
| C  06/27/11 | 13 | UNITED STATES TREASURY AUSTIN, TEXAS | YEAR 2006 FEDERAL TAX REFUND | 1224-000 | 7,153.53 | | 18,482.39 |
| C  06/30/11 | 10 | BANK OF AMERICA | Interest Rate  0.010 | 1270-000 | 0.05 | | 18,482.44 |
| C  07/29/11 | 10 | BANK OF AMERICA | Interest Rate  0.010 | 1270-000 | 0.16 | | 18,482.60 |
| C  08/11/11 | 10 | BANK OF AMERICA | | 1270-000 | 0.05 | | 18,482.65 |
| C  08/11/11 | 000108 | KEVIN CAMPBELL, TRUSTEE P. O. BOX 684 MOUNT PLEASANT, SC 29465-0684 | FINAL TRUSTEE COMPENSATION PURSUANT TO ORDER ENTERED AUGUST 11, 2011. FILE NO. 08-0841T | 2100-000 | | 2,649.57 | 15,833.08 |
| C  08/11/11 | 000109 | KEVIN CAMPBELL, TRUSTEE | FINAL TRUSTEE EXPENSES PURSUANT | 2200-000 | | 209.48 | 15,623.60 |

PFORM2T4

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit 9

| | |
|---|---|
| Case No: | 08-02004 -DRD |
| Case Name: | GUERNSEY, JOSEPH ROBERT |
| Taxpayer ID No: | *******2408 |
| For Period Ending: | 05/07/12 |

| | |
|---|---|
| Trustee Name: | KEVIN CAMPBELL |
| Bank Name: | BANK OF AMERICA |
| Account Number / CD #: | *******3649 Checking - Non Interest |
| Blanket Bond (per case limit): | $ 2,000,000.00 |
| Separate Bond (if applicable): | |

| 1<br>Transaction<br>Date | 2<br>Check or<br>Reference | 3<br>Paid To / Received From | 4<br>Description Of Transaction | Uniform<br>Trans. Code | 5<br>Deposits ($) | 6<br>Disbursements<br>($) | 7<br>Account / CD<br>Balance ($) |
|---|---|---|---|---|---|---|---|
| | | P. O. BOX 684<br>MOUNT PLEASANT, SC 29465-0684 | TO<br>ORDER ENTERED AUGUST 11, 2011.<br>FILE NO. 08-0841T | | | | |
| C  08/11/11 | 000110 | CAMPBELL LAW FIRM, P.A.<br>890 JOHNNIE DODDS BOULEVARD<br>P.O. BOX 684<br>MOUNT PLEASANT, SC 29465-0684 | FINAL LEGAL COMPENSATION<br>PURSUANT<br>TO ORDER ENTERED AUGUST 11, 2011.<br>FILE NO. 08-0841T | 3110-000 | | 3,865.07 | 11,758.53 |
| C  08/11/11 | 000111 | CAMPBELL LAW FIRM, P.A.<br>890 JOHNNIE DODDS BOULEVARD<br>P.O. BOX 684<br>MOUNT PLEASANT, SC 29465-0684 | FINAL LEGAL EXPENSES PURSUANT TO<br>ORDER ENTERED AUGUST 11, 2011.<br>FILE NO.  08-0841T | 3120-000 | | 168.94 | 11,589.59 |
| C  08/11/11 | 000112 | DAVID R. FISCHBEIN<br>208 CANDI LANE, SUITE B<br>COLUMBIA, SC 29210 | FINAL TRUSTEE'S ACCOUNTANT<br>COMPENSATION PER ORDER ENTERED<br>AUGUST 11, 2011. | 3310-000 | | 3,865.07 | 7,724.52 |
| C  08/11/11 | 000113 | DAVID R. FISCHBEIN<br>208 CANDI LANE, SUITE B<br>COLUMBIA, SC 29210 | FINAL TRUSTEE'S ACCOUNTANT<br>EXPENSES PURSUANT TO ORDER<br>ENTERED AUGUST 11, 2011. | 3420-000 | | 331.30 | 7,393.22 |
| C  08/11/11 | 000114 | SC DEPARTMENT OF REVENUE<br>REVENUE LITIGATION<br>P.O. BOX 12265<br>COLUMBIA, SC 29211-2265 | Claim 000015B, Payment<br>58.23647891285%<br>FINAL DISTRIBUTION | 5800-000 | | 7,393.22 | 0.00 |
| *C  08/31/11 | 10 | BANK OF AMERICA | Interest Rate  0.010 | 1270-003 | 0.10 | | 0.10 |
| *C  09/07/11 | 10 | Reverses Interest on 08/31/11 | Interest Rate  0.010<br>REMOVAL OF INTEREST PAID BY THE<br>BANK  POST-FINAL DISTRIBUTION | 1270-003 | -0.10 | | 0.00 |

|   |   |
|---|---|
| *  **Reversed** | |
| t  **Funds Transfer** | |
| C  **Bank Cleared** | |

| Account<br>*******3649 | | Balance Forward | 0.00 | | | 16 | Checks | 18,995.97 |
|---|---|---|---|---|---|---|---|---|
| | 4 | Deposits | 18,992.27 | | | 0 | Adjustments Out | 0.00 |
| | 38 | Interest Postings | 3.70 | | | 0 | Transfers Out | 0.00 |
| | | Subtotal | $ 18,995.97 | | | | Total | $ 18,995.97 |
| | 0 | Adjustments In | 0.00 | | | | | |
| | 0 | Transfers In | 0.00 | | | | | |
| | | Total | $ 18,995.97 | | | | | |

B1 (Official Form 1)(1/08)

| United States Bankruptcy Court<br>**Western District of Kentucky** | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>Guernsey, Joseph R. | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>Guernsey, Cindy L. |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>xxx-xx-2734 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>xxx-xx-5254 |
| Street Address of Debtor (No. and Street, City, and State):<br>356 Blossom<br>Louisville, KY      ZIP Code 40229 | Street Address of Joint Debtor (No. and Street, City, and State):<br>356 Blossom<br>Louisville, KY      ZIP Code 40229 |
| County of Residence or of the Principal Place of Business:<br>Jefferson | County of Residence or of the Principal Place of Business:<br>Jefferson |
| Mailing Address of Debtor (if different from street address):<br>     ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br>     ZIP Code |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

| **Type of Debtor**<br>(Form of Organization)<br>(Check one box) | **Nature of Business**<br>(Check one box) | **Chapter of Bankruptcy Code Under Which**<br>**the Petition is Filed** (Check one box) |
|---|---|---|
| ■ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities,<br>check this box and state type of entity.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined<br>in 11 U.S.C. § 101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ☐ Chapter 7<br>☐ Chapter 9<br>☐ Chapter 11<br>☐ Chapter 12<br>■ Chapter 13    ☐ Chapter 15 Petition for Recognition<br>of a Foreign Main Proceeding<br>☐ Chapter 15 Petition for Recognition<br>of a Foreign Nonmain Proceeding |
| | **Tax-Exempt Entity**<br>(Check box, if applicable)<br>☐ Debtor is a tax-exempt organization<br>under Title 26 of the United States<br>Code (the Internal Revenue Code). | **Nature of Debts**<br>(Check one box)<br>■ Debts are primarily consumer debts,   ☐ Debts are primarily<br>defined in 11 U.S.C. § 101(8) as     business debts.<br>"incurred by an individual primarily for<br>a personal, family, or household purpose." |

| **Filing Fee** (Check one box) | **Chapter 11 Debtors** |
|---|---|
| ■ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must<br>attach signed application for the court's consideration certifying that the debtor<br>is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must<br>attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed<br>to insiders or affiliates) are less than $2,190,000.<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more<br>classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| **Statistical/Administrative Information**    *** Richard A. Schwartz *** | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid,<br>there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-<br>49 | 50-<br>99 | 100-<br>199 | 200-<br>999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | OVER<br>100,000 |

Estimated Assets

| ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

Estimated Liabilities

| ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

B1 (Official Form 1)(1/08)                                                                                                    Page 2

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | Guernsey, Joseph R. <br> Guernsey, Cindy L. |

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) |||
|---|---|---|
| Location <br> Where Filed:  - None - | Case Number: | Date Filed: |
| Location <br> Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) |||
|---|---|---|
| Name of Debtor: <br> - None - | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

<table>
<tr>
<td><b>Exhibit A</b><br><br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition.</td>
<td><b>Exhibit B</b><br>(To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b).<br><br>X  /s/ Richard A. Schwartz    May 19, 2008<br> Signature of Attorney for Debtor(s)   (Date)<br> Richard A. Schwartz</td>
</tr>
</table>

| **Exhibit C** |
|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety? <br><br> ☐ Yes, and Exhibit C is attached and made a part of this petition. <br> ☑ No. |

| **Exhibit D** |
|---|
| (To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.) <br> ☑ Exhibit D completed and signed by the debtor is attached and made a part of this petition. <br><br> If this is a joint petition: <br> ☑ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition. |

| **Information Regarding the Debtor - Venue** <br> (Check any applicable box) |
|---|
| ☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District. <br><br> ☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District. <br><br> ☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |

| **Certification by a Debtor Who Resides as a Tenant of Residential Property** <br> (Check all applicable boxes) |
|---|
| ☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.) <br><br>   _____ <br>   (Name of landlord that obtained judgment) <br><br><br><br>   _____ <br>   (Address of landlord) <br><br> ☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and <br><br> ☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition. <br><br> ☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)). |

B1 (Official Form 1)(1/08)                                                                    Page 3

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | Guernsey, Joseph R.<br>Guernsey, Cindy L. |

**Signatures**

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X  /s/ Joseph R. Guernsey
_____
Signature of Debtor  Joseph R. Guernsey

X  /s/ Cindy L. Guernsey
_____
Signature of Joint Debtor Cindy L. Guernsey

_____
Telephone Number (If not represented by attorney)

May 19, 2008
_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X
_____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

### Signature of Attorney*

X  /s/ Richard A. Schwartz
_____
Signature of Attorney for Debtor(s)

 Richard A. Schwartz
_____
Printed Name of Attorney for Debtor(s)

 Kruger & Schwartz
_____
Firm Name

 6040 Dutchmans Lane
 Suite 220
 Louisville, KY 40205
_____
Address

 (502) 485-9200  Fax: (502) 485-9220
_____
Telephone Number

May 19, 2008
_____
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X
_____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X
_____
Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

Official Form 1, Exhibit D (10/06)

# United States Bankruptcy Court
## Western District of Kentucky

In re  Joseph R. Guernsey
Cindy L. Guernsey

Debtor(s)

Case No.
Chapter  13

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Must be accompanied by a motion for determination by the court.][Summarize exigent circumstances here.]* ____

**If the court is satisfied with the reasons stated in your motion, it will send you an order approving your request. You must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy case and promptly file a certificate from the agency that provided the briefing, together with a copy of any debt management plan developed through the agency. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. A motion for extension must be filed within the 30-day period. Failure to fulfill these requirements may result in dismissal of your case. If the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing, your case may be dismissed.**

Official Form 1, Exh. D (10/06) - Cont.

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*
☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);
☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:    /s/ Joseph R. Guernsey
                        Joseph R. Guernsey

Date:    May 19, 2008

Software Copyright (c) 1996-2006 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

Official Form 1, Exhibit D (10/06)

# United States Bankruptcy Court
## Western District of Kentucky

In re    Joseph R. Guernsey                             Case No. _____
        Cindy L. Guernsey

                                      Debtor(s)               Chapter    13

# EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH
# CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Must be accompanied by a motion for determination by the court.][Summarize exigent circumstances here.]* ____

**If the court is satisfied with the reasons stated in your motion, it will send you an order approving your request. You must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy case and promptly file a certificate from the agency that provided the briefing, together with a copy of any debt management plan developed through the agency. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. A motion for extension must be filed within the 30-day period. Failure to fulfill these requirements may result in dismissal of your case. If the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing, your case may be dismissed.**

Official Form 1, Exh. D (10/06) - Cont.

&#9633; 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*
&#9633; Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
&#9633; Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);
&#9633; Active military duty in a military combat zone.

&#9633; 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:     /s/ Cindy L. Guernsey
                         Cindy L. Guernsey

Date:   May 19, 2008

B7 (Official Form 7) (12/07)

# United States Bankruptcy Court
### Western District of Kentucky

In re    Joseph R. Guernsey
      Cindy L. Guernsey                           Case No. _____
                               Debtor(s)            Chapter     13  _____

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

--------

**1. Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $78,067.98 | 2007 - Income |
| $77,800.00 | 2006 - Income estimated |

2

**2. Income other than from employment or operation of business**

None
■

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

|  AMOUNT | SOURCE |
|---|---|

**3. Payments to creditors**

None
■

*Complete a. or b., as appropriate, and c.*

a.    *Individual or joint debtor(s) with primarily consumer debts.*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None
■

b.    *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,475.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None
■

c.    *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

**4.  Suits and administrative proceedings, executions, garnishments and attachments**

None
□

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| 08-CI-00195 Civil Summons | Law Suit filed by Asset Acceptance | Bullitt Circuit Court | Pending |

None
■

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

3

**5. Repossessions, foreclosures and returns**

None
■  List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**6. Assignments and receiverships**

None
■  a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None
■  b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

**7. Gifts**

None
■  List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

**8. Losses**

None
■  List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

**9. Payments related to debt counseling or bankruptcy**

None
■  List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

### 10. Other transfers

None
■
  a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
| --- | --- | --- |

None
■
  b.  List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
| --- | --- | --- |

### 11. Closed financial accounts

None
■
List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |

### 12. Safe deposit boxes

None
■
List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

### 13. Setoffs

None
■
List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

### 14. Property held for another person

None
  List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |

**15.  Prior address of debtor**

None
■

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

ADDRESS                                NAME USED                                DATES OF OCCUPANCY

**16. Spouses and Former Spouses**

None
■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
■

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |

None
■

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |

None
■

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
| --- | --- | --- |

**18 . Nature, location and name of business**

None
■

a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|------|------|------|

None
■

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|------|---------|

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date   May 19, 2008                          Signature    /s/ Joseph R. Guernsey
                                                          Joseph R. Guernsey
                                                          Debtor


Date   May 19, 2008                          Signature    /s/ Cindy L. Guernsey
                                                          Cindy L. Guernsey
                                                          Joint Debtor


*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

B6A (Official Form 6A) (12/07)

.

In re    Joseph R. Guernsey,                      Case No. _____
         Cindy L. Guernsey
                                   ,
                                 Debtors

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| Location: 356 Blossom, Louisville KY | Fee simple | J | 88,000.00 | 71,125.64 |

| | | | Sub-Total > | 88,000.00 | (Total of this page) |
|---|---|---|---|---|---|
| | | | Total > | 88,000.00 | |

   0    continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                                  Best Case Bankruptcy

B6B (Official Form 6B) (12/07)

In re  Joseph R. Guernsey,                                        Case No. _____
       Cindy L. Guernsey

                                                    ,
                          Debtors

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Checking Account with BB&T | H | 2,000.00 |
| | | Checking Account with PNC Bank | W | 59.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | Misc. Household Goods; Appliances; Electronics; etc. | J | 3,500.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | Clothing` | J | 800.00 |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |

Sub-Total >      6,359.00
(Total of this page)

___3___ continuation sheets attached to the Schedule of Personal Property

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                                        Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re    Joseph R. Guernsey,                                    Case No. _____
         Cindy L. Guernsey
_____ ,
                              Debtors

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

Sub-Total >                    0.00
(Total of this page)

Sheet __1__ of __3__ continuation sheets attached
to the Schedule of Personal Property

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                                    Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re      Joseph R. Guernsey,                                         Case No. _____
           Cindy L. Guernsey

_____,
                          **Debtors**

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 1997 Honda Shadow Motorcycle | J | 2,000.00 |
| | | 1988 GMC Van | J | 600.00 |
| | | 1991 Old Cutlass Calias | J | 1,200.00 |
| | | 1994 Ford Taurus | J | 900.00 |
| | | 1998 GMC Truck | H | 5,500.00 |
| | | 2000 Polaris Victory Motorcycle | H | 5,000.00 |
| | | 1965 Ford Mustang (does not run) | J | 500.00 |
| | | 1931 Ford Pickup (not assembled fully) | J | 3,500.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |

Sub-Total >          19,200.00
(Total of this page)

Sheet __2__ of __3__ continuation sheets attached
to the Schedule of Personal Property

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                                    Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re    Joseph R. Guernsey,                                                    Case No. _____
         Cindy L. Guernsey
_____,
                                    Debtors
## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 33.  Farming equipment and implements. | X | | | |
| 34.  Farm supplies, chemicals, and feed. | X | | | |
| 35.  Other personal property of any kind not already listed. Itemize. | X | | | |

|  | Sub-Total > | 0.00 |
|---|---|---|
|  | (Total of this page) | |
|  | Total > | 25,559.00 |

Sheet   3   of   3   continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                                    Best Case Bankruptcy

B6C (Official Form 6C) (12/07)

In re     Joseph R. Guernsey,                       Case No. _____
           Cindy L. Guernsey
                                          ,
                                  Debtors

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:     ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                              $136,875.
■ 11 U.S.C. §522(b)(2)
☐ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Real Property** | | | |
| Location: 356 Blossom, Louisville KY | 11 U.S.C. § 522(d)(1) | 16,874.36 | 88,000.00 |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| Checking Account with BB&T | 11 U.S.C. § 522(d)(5) | 2,000.00 | 2,000.00 |
| Checking Account with PNC Bank | 11 U.S.C. § 522(d)(5) | 59.00 | 59.00 |
| **Household Goods and Furnishings** | | | |
| Misc. Household Goods; Appliances; Electronics; etc. | 11 U.S.C. § 522(d)(3) | 3,500.00 | 3,500.00 |
| **Wearing Apparel** | | | |
| Clothing` | 11 U.S.C. § 522(d)(5) | 800.00 | 800.00 |
| **Automobiles, Trucks, Trailers, and Other Vehicles** | | | |
| 1997 Honda Shadow Motorcycle | 11 U.S.C. § 522(d)(2) | 2,000.00 | 2,000.00 |
| 1988 GMC Van | 11 U.S.C. § 522(d)(2) | 600.00 | 600.00 |
| 1991 Old Cutlass Calias | 11 U.S.C. § 522(d)(5) | 1,200.00 | 1,200.00 |
| 1994 Ford Taurus | 11 U.S.C. § 522(d)(1) | 900.00 | 900.00 |
| 1998 GMC Truck | 11 U.S.C. § 522(d)(1) | 5,500.00 | 5,500.00 |
| 2000 Polaris Victory Motorcycle | 11 U.S.C. § 522(d)(1) | 5,000.00 | 5,000.00 |
| 1965 Ford Mustang (does not run) | 11 U.S.C. § 522(d)(5) | 500.00 | 500.00 |
| 1931 Ford Pickup (not assembled fully) | 11 U.S.C. § 522(d)(2) | 3,500.00 | 3,500.00 |

                                           Total:        42,433.36        113,559.00

  0   continuation sheets attached to Schedule of Property Claimed as Exempt

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                        Best Case Bankruptcy

B6D (Official Form 6D) (12/07)

In re    Joseph R. Guernsey,                      Case No. _____

        Cindy L. Guernsey

                                                            Debtors

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

      State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

      List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

      If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

      If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

      Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐    Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | | | |
| Account No. <br><br> Citimortgage, Inc. <br> P.O. Box 183040 <br> Columbus, OH 43218-3040 | | | J | | first mortgage <br><br> Location: 356 Blossom, Louisville KY <br><br><br> Value $        88,000.00 | | | | 51,876.93 | 0.00 |
| Account No. <br><br> National City Mortgage Co. <br> P.O. Box 1820 <br> Dayton, OH 45401-1820 | | | J | | second mortgage <br><br> Location: 356 Blossom, Louisville KY <br><br><br> Value $        88,000.00 | | | | 19,248.71 | 0.00 |
| Account No. <br><br><br><br><br> | | | | | <br><br><br><br> Value $ | | | | | |
| Account No. <br><br><br><br><br> | | | | | <br><br><br><br> Value $ | | | | | |

| | | |
|---|---|---|
|   0   continuation sheets attached | Subtotal <br> (Total of this page) | 71,125.64      0.00 |
| | Total <br> (Report on Summary of Schedules) | 71,125.64      0.00 |

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                                  Best Case Bankruptcy

B6E (Official Form 6E) (12/07)

In re   Joseph R. Guernsey,                                          Case No. _____
        Cindy L. Guernsey
_____ ,
                         Debtors

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

   A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

   The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

   If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

   Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

   Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

   Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

■  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**  (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

   Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

   Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

   Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

   Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

   Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

   Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and certain other debts owed to governmental units**

   Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

   Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

   Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

                                    ____0____   continuation sheets attached

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                                    Best Case Bankruptcy

B6F (Official Form 6F) (12/07)

In re  Joseph R. Guernsey,                                    Case No. _____
         Cindy L. Guernsey
                                                          ,
                              Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | |
| Account No. 5491-1303-3320-4600  Asset Acceptance LLC c/o Lloyd & McDaniel P.O. Box 23306 Louisville, KY 40223-0306 | | | J | | credit card | | | | 12,000.00 |
| Account No. 7812602245599168  Capital One PO Box 85617 Richmond, VA 23285-5617 | | | J | | credit card | | | | 10,552.75 |
| Account No.  Representing: Capital One | | | | | Morgan & Pottinger 204 E. Market Street Louisville, KY 40202 | | | | |
| Account No. 5291-4917-5979-2730  Capital One PO Box 85617 Richmond, VA 23285-5617 | | | J | | credit card | | | | 31,151.85 |
| _2_   continuation sheets attached | | | | | Subtotal (Total of this page) | | | | 53,704.60 |

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                                            S/N:10737-080310   Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re    Joseph R. Guernsey,                                      Case No. _____
         Cindy L. Guernsey

_____,
                            Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W | J C | | | | | |
| **Account No.** <br><br> Representing: <br> Capital One | | | | | Morgan & Pottinger <br> 204 E. Market Street <br> Louisville, KY 40202 | | | | |
| **Account No.** 4417-1284-3127-5427 <br><br> Chase <br> Cardmember Services <br> P.O. Box 15153 <br> Wilmington, DE 19886-5153 | W | | | | credit card | | | | 5,566.53 |
| **Account No.** <br><br> Representing: <br> Chase | | | | | AIS Services <br> 50 California Street <br> San Francisco, CA 94111 | | | | |
| **Account No.** 4266-8800-8630-0197 <br><br> Chase Cardmember Service <br> P.O. Box 15298 <br> Wilmington, DE 19850-5298 | H | | | | credit card | | | | 35,000.00 |
| **Account No.** <br><br> Representing: <br> Chase Cardmember Service | | | | | LTD Financial Services <br> 7322 Southwest Freeway <br> Suite 1600 <br> Houston, TX 77074 | | | | |

Sheet no. __1__ of __2__ sheets attached to Schedule of               Subtotal               40,566.53
Creditors Holding Unsecured Nonpriority Claims               (Total of this page)

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                                    Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re   Joseph R. Guernsey,                                            Case No. _____
        Cindy L. Guernsey
                                                                   ,
                                    Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. 74973755165836 | | | | credit card | | | | |
| MBNA P.O. Box 15102 Wilmington, DE 19886-5102 | | | J | | | | | 20,529.36 |
| Account No. 5260-2100-0631-7621 | | | | credit card | | | | |
| UNVL/CITI P.O. Box 6241 Sioux Falls, SD 57117 | | | J | | | | | 13,737.61 |
| Account No. | | | | | | | | |
| | | | | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |

Sheet no.  2  of  2  sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

|  | Subtotal (Total of this page) | 34,266.97 |
|---|---|---|
|  | Total (Report on Summary of Schedules) | 128,538.10 |

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037

B6G (Official Form 6G) (12/07)

In re     Joseph R. Guernsey,                               Case No. _____
              Cindy L. Guernsey

                                              Debtors

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code,<br>of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest.<br>State whether lease is for nonresidential real property.<br>State contract number of any government contract. |
| --- | --- |
| | |

0
_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                                 Best Case Bankruptcy

B6H (Official Form 6H) (12/07)

In re    Joseph R. Guernsey,                                           Case No. _____
         Cindy L. Guernsey
_____,
                        Debtors

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■   Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|

0
_____ continuation sheets attached to Schedule of Codebtors

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                                                      Best Case Bankruptcy

B6I (Official Form 6I) (12/07)

In re   Joseph R. Guernsey
Cindy L. Guernsey                                    Case No.
                                Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| Married | RELATIONSHIP(S):<br>None. | AGE(S): |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | | |
| Name of Employer | Toyota Motor Mfg. Kentucky Inc. | Lifeline Homecare, Inc. |
| How long employed | | |
| Address of Employer | 1001 Cherry Blossom Way<br>Georgetown, KY 40324-5700 | |

INCOME: (Estimate of average or projected monthly income at time case filed)

| | | DEBTOR | | SPOUSE |
|---|---|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ | 3,068.00 | $ | 705.60 |
| 2. Estimate monthly overtime | $ | 0.00 | $ | 0.00 |
| 3. SUBTOTAL | $ | 3,068.00 | $ | 705.60 |
| 4. LESS PAYROLL DEDUCTIONS | | | | |
|    a. Payroll taxes and social security | $ | 0.00 | $ | 68.58 |
|    b. Insurance | $ | 0.00 | $ | 0.00 |
|    c. Union dues | $ | 0.00 | $ | 0.00 |
|    d. Other (Specify): | $ | 0.00 | $ | 0.00 |
| | $ | 0.00 | $ | 0.00 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ | 0.00 | $ | 68.58 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ | 3,068.00 | $ | 637.02 |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ | 0.00 | $ | 0.00 |
| 8. Income from real property | $ | 0.00 | $ | 0.00 |
| 9. Interest and dividends | $ | 0.00 | $ | 0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | 0.00 | $ | 0.00 |
| 11. Social security or government assistance<br>(Specify): | $ | 0.00 | $ | 0.00 |
| | $ | 0.00 | $ | 0.00 |
| 12. Pension or retirement income | $ | 0.00 | $ | 0.00 |
| 13. Other monthly income<br>(Specify): | $ | 0.00 | $ | 0.00 |
| | $ | 0.00 | $ | 0.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ | 0.00 | $ | 0.00 |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ | 3,068.00 | $ | 637.02 |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ | 3,705.02 | | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
      Mr. Guernsey temporarily receiving short term disability.

B6J (Official Form 6J) (12/07)

In re   Joseph R. Guernsey
        Cindy L. Guernsey                                              Case No.  _____
                          Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

    Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐  Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | | | |
|---|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | | $ | 469.56 |
|   a. Are real estate taxes included? | Yes ___  No _X_ | | |
|   b. Is property insurance included? | Yes ___  No _X_ | | |
| 2. Utilities:   a. Electricity and heating fuel | | $ | 200.00 |
|     b. Water and sewer | | $ | 50.00 |
|     c. Telephone | | $ | 100.00 |
|     d. Other | | $ | 0.00 |
| 3. Home maintenance (repairs and upkeep) | | $ | 50.00 |
| 4. Food | | $ | 400.00 |
| 5. Clothing | | $ | 50.00 |
| 6. Laundry and dry cleaning | | $ | 30.00 |
| 7. Medical and dental expenses | | $ | 75.00 |
| 8. Transportation (not including car payments) | | $ | 800.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | | $ | 100.00 |
| 10. Charitable contributions | | $ | 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | | |
|     a. Homeowner's or renter's | | $ | 0.00 |
|     b. Life | | $ | 0.00 |
|     c. Health | | $ | 0.00 |
|     d. Auto | | $ | 277.00 |
|     e. Other | | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | | |
|     (Specify) | | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | | |
|     a. Auto | | $ | 0.00 |
|     b. Other   second mortgage | | $ | 150.00 |
|     c. Other | | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | | $ | 0.00 |
| 17. Other   church tithing | | $ | 300.00 |
|     Other | | $ | 0.00 |

| | | |
|---|---|---:|
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ | 3,051.56 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

    Debtor drives 80 miles each way to work

20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|---:|
| a.   Average monthly income from Line 15 of Schedule I | $ | 3,705.02 |
| b.   Average monthly expenses from Line 18 above | $ | 3,051.56 |
| c.   Monthly net income (a. minus b.) | $ | 653.46 |

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court
## Western District of Kentucky

In re    Joseph R. Guernsey,
         Cindy L. Guernsey

Case No. _____

_____,
                                    Debtors

Chapter _____ 13 _____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 88,000.00 | | |
| B - Personal Property | Yes | 4 | 25,559.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 71,125.64 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 3 | | 128,538.10 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | 3,705.02 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 1 | | | 3,051.56 |
| Total Number of Sheets of ALL Schedules | | 15 | | | |
| Total Assets | | | 113,559.00 | | |
| Total Liabilities | | | | 199,663.74 | |

Form 6 - Statistical Summary (12/07)

# United States Bankruptcy Court
### Western District of Kentucky

In re    Joseph R. Guernsey,                     Case No. _____
           Cindy L. Guernsey,

                                      Debtors       Chapter _____ 13 _____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐  Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | 0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | 0.00 |
| Student Loan Obligations (from Schedule F) | 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | 0.00 |
| TOTAL | 0.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | 3,705.02 |
| Average Expenses (from Schedule J, Line 18) | 3,051.56 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | 7,092.00 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | 0.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | 0.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | 0.00 |
| 4. Total from Schedule F | | 128,538.10 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | 128,538.10 |

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                  Best Case Bankruptcy

B6 Declaration (Official Form 6 - Declaration). (12/07)

# United States Bankruptcy Court
## Western District of Kentucky

In re    Joseph R. Guernsey
         Cindy L. Guernsey
                                                          Case No.
                              Debtor(s)                   Chapter      13

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___17___ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date   May 19, 2008                    Signature    /s/ Joseph R. Guernsey
                                                    Joseph R. Guernsey
                                                    Debtor

Date   May 19, 2008                    Signature    /s/ Cindy L. Guernsey
                                                    Cindy L. Guernsey
                                                    Joint Debtor

*Penalty for making a false statement or concealing property:*  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

# United States Bankruptcy Court
## Western District of Kentucky

In re   Joseph R. Guernsey
        Cindy L. Guernsey                                            Case No.
                              Debtor(s)                             Chapter    13

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.   Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that
     compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to
     be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

     For legal services, I have agreed to accept ......................................................    $           2,500.00

     Prior to the filing of this statement I have received ...............................................    $               0.00

     Balance Due ...........................................................................................    $           2,500.00

2.   The source of the compensation paid to me was:

     ■ Debtor       ☐ Other (specify):

3.   The source of compensation to be paid to me is:

     ■ Debtor       ☐ Other (specify):

4.   ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

     ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A
       copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5.   In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:
     a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
     b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
     c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
     d.  [Other provisions as needed]
         Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of reaffirmation
         agreements and applications as needed; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance
         of liens on household goods.

6.   By agreement with the debtor(s), the above-disclosed fee does not include the following service:
         Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any
         other adversary proceeding.

---

### CERTIFICATION

     I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in
this bankruptcy proceeding.

Dated:   May 19, 2008                              /s/ Richard A. Schwartz
                                                   Richard A. Schwartz
                                                   Kruger & Schwartz
                                                   6040 Dutchmans Lane
                                                   Suite 220
                                                   Louisville, KY 40205
                                                   (502) 485-9200   Fax: (502) 485-9220

---

AIS Services
50 California Street
San Francisco, CA 94111


Asset Acceptance LLC
c/o Lloyd & McDaniel
P.O. Box 23306
Louisville, KY 40223-0306


Capital One
PO Box 85617
Richmond, VA 23285-5617


Chase
Cardmember Services
P.O. Box 15153
Wilmington, DE 19886-5153


Chase Cardmember Service
P.O. Box 15298
Wilmington, DE 19850-5298


Citimortgage, Inc.
P.O. Box 183040
Columbus, OH 43218-3040


LTD Financial Services
7322 Southwest Freeway
Suite 1600
Houston, TX 77074


MBNA
P.O. Box 15102
Wilmington, DE 19886-5102


Morgan & Pottinger
204 E. Market Street
Louisville, KY 40202


National City Mortgage Co.
P.O. Box 1820
Dayton, OH 45401-1820

UNVL/CITI
P.O. Box 6241
Sioux Falls, SD 57117

B22C (Official Form 22C) (Chapter 13) (01/08)

| | |
|---|---|
| In re Joseph R. Guernsey<br>Cindy L. Guernsey<br>Debtor(s)<br><br>Case Number: _____<br>(If known) | According to the calculations required by this statement:<br>☐ **The applicable commitment period is 3 years.**<br>■ **The applicable commitment period is 5 years.**<br>■ **Disposable income is determined under § 1325(b)(3).**<br>☐ **Disposable income is not determined under § 1325(b)(3).**<br>(Check the boxes as directed in Lines 17 and 23 of this statement.) |

# CHAPTER 13 STATEMENT OF CURRENT MONTHLY INCOME
# AND CALCULATION OF COMMITMENT PERIOD AND DISPOSABLE INCOME

In addition to Schedules I and J, this statement must be completed by every individual chapter 13 debtor, whether or not filing jointly. Joint debtors may complete one statement only.

| | Part I. REPORT OF INCOME | | |
|---|---|---|---|
| 1 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed.<br>a. ☐ Unmarried. **Complete only Column A ("Debtor's Income") for Lines 2-10.**<br>b. ■ Married. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 2-10.** | | |
| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | **Column A**<br>Debtor's Income | **Column B**<br>Spouse's Income |
| 2 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | $ 6,325.00 | $ 767.00 |
| 3 | **Income from the operation of a business, profession, or farm.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 3. If you operate more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero. **Do not include any part of the business expenses entered on Line b as a deduction in Part IV.**<br><br>a. Gross receipts — Debtor $ 0.00 / Spouse $ 0.00<br>b. Ordinary and necessary business expenses — Debtor $ 0.00 / Spouse $ 0.00<br>c. Business income — Subtract Line b from Line a | $ 0.00 | $ 0.00 |
| 4 | **Rents and other real property income.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. Do not enter a number less than zero. **Do not include any part of the operating expenses entered on Line b as a deduction in Part IV.**<br><br>a. Gross receipts — Debtor $ 0.00 / Spouse $ 0.00<br>b. Ordinary and necessary operating expenses — Debtor $ 0.00 / Spouse $ 0.00<br>c. Rent and other real property income — Subtract Line b from Line a | $ 0.00 | $ 0.00 |
| 5 | **Interest, dividends, and royalties.** | $ 0.00 | $ 0.00 |
| 6 | **Pension and retirement income.** | $ 0.00 | $ 0.00 |
| 7 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose.** Do not include alimony or separate maintenance payments or amounts paid by the debtor's spouse. | $ 0.00 | $ 0.00 |
| 8 | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 8. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below:<br><br>Unemployment compensation claimed to be a benefit under the Social Security Act — Debtor $ 0.00 / Spouse $ 0.00 | $ 0.00 | $ 0.00 |

| | | | Debtor | Spouse | | | |
|---|---|---|---|---|---|---|---|
| 9 | **Income from all other sources.** Specify source and amount. If necessary, list additional sources on a separate page. Total and enter on Line 9. **Do not include alimony or separate maintenance payments paid by your spouse, but include all other payments of alimony or separate maintenance. Do not include** any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. | | | | | | |
| | a. | | $ | $ | | | |
| | b. | | $ | $ | $ | 0.00 | $ | 0.00 |

| | | | | |
|---|---|---|---|---|
| 10 | **Subtotal.** Add Lines 2 thru 9 in Column A, and, if Column B is completed, add Lines 2 through 9 in Column B. Enter the total(s). | $ | 6,325.00 | $ | 767.00 |
| 11 | **Total.** If Column B has been completed, add Line 10, Column A to Line 10, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 10, Column A. | $ | | | 7,092.00 |

## Part II. CALCULATION OF § 1325(b)(4) COMMITMENT PERIOD

| | | | |
|---|---|---|---|
| 12 | **Enter the amount from Line 11** | $ | 7,092.00 |
| 13 | **Marital Adjustment.** If you are married, but are not filing jointly with your spouse, AND if you contend that calculation of the commitment period under § 1325(b)(4) does not require inclusion of the income of your spouse, enter on Line 13 the amount of the income listed in Line 10, Column B that was NOT paid on a regular basis for the household expenses of you or your dependents and specify, in the lines below, the basis for excluding this income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If the conditions for entering this adjustment do not apply, enter zero. | | |
| | a. | $ | |
| | b. | $ | |
| | c. | $ | |
| | Total and enter on Line 13 | $ | 0.00 |
| 14 | **Subtract Line 13 from Line 12 and enter the result.** | $ | 7,092.00 |
| 15 | **Annualized current monthly income for § 1325(b)(4).** Multiply the amount from Line 14 by the number 12 and enter the result. | $ | 85,104.00 |
| 16 | **Applicable median family income.** Enter the median family income for applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | | |
| | a. Enter debtor's state of residence:   KY   b. Enter debtor's household size:   2 | $ | 43,482.00 |
| 17 | **Application of § 1325(b)(4).** Check the applicable box and proceed as directed.<br><br>☐ **The amount on Line 15 is less than the amount on Line 16.** Check the box for "The applicable commitment period is 3 years" at the top of page 1 of this statement and continue with this statement.<br><br>■ **The amount on Line 15 is not less than the amount on Line 16.** Check the box for "The applicable commitment period is 5 years" at the top of page 1 of this statement and continue with this statement. | | |

## Part III. APPLICATION OF § 1325(b)(3) FOR DETERMINING DISPOSABLE INCOME

| | | | |
|---|---|---|---|
| 18 | **Enter the amount from Line 11.** | $ | 7,092.00 |
| 19 | **Marital Adjustment.** If you are married, but are not filing jointly with your spouse, enter on Line 19 the total of any income listed in Line 10, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. Specify in the lines below the basis for excluding the Column B income(such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If the conditions for entering this adjustment do not apply, enter zero. | | |
| | a. | $ | |
| | b. | $ | |
| | c. | $ | |
| | Total and enter on Line 19. | $ | 0.00 |
| 20 | **Current monthly income for § 1325(b)(3).** Subtract Line 19 from Line 18 and enter the result. | $ | 7,092.00 |

B22C (Official Form 22C) (Chapter 13) (01/08)                                                                    3

| 21 | **Annualized current monthly income for § 1325(b)(3).** Multiply the amount from Line 20 by the number 12 and enter the result. | $ | 85,104.00 |
|---|---|---|---|
| 22 | **Applicable median family income.** Enter the amount from Line 16. | $ | 43,482.00 |
| 23 | **Application of § 1325(b)(3).** Check the applicable box and proceed as directed.<br><br>■ **The amount on Line 21 is more than the amount on Line 22.** Check the box for "Disposable income is determined under § 1325(b)(3)" at the top of page 1 of this statement and complete the remaining parts of this statement.<br><br>☐ **The amount on Line 21 is not more than the amount on Line 22.** Check the box for "Disposable income is not determined under § 1325(b)(3)" at the top of page 1 of this statement and complete Part VII of this statement.  **Do not complete Parts IV, V, or VI.** | | |

### Part IV. CALCULATION OF DEDUCTIONS FROM INCOME

#### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| 24A | **National Standards: food, apparel and services, housekeeping supplies, personal care, and miscellaneous.** Enter in Line 24A the "Total" amount from IRS National Standards for Allowable Living Expenses for the applicable household size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ | 961.00 |
|---|---|---|---|

| 24B | **National Standards: health care.** Enter in Line a1 below the amount from IRS National Standards for Out-of-Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Out-of-Pocket Health Care for persons 65 years of age or older. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) Enter in Line b1 the number of members of your household who are under 65 years of age, and enter in Line b2 the number of members of your household who are 65 years of age or older. (The total number of household members must be the same as the number stated in Line 14b.) Multiply Line a1 by Line b1 to obtain a total amount for household members under 65, and enter the result in Line c1. Multiply Line a2 by Line b2 to obtain a total amount for household members 65 and older, and enter the result in Line c2. Add Lines c1 and c2 to obtain a total health care amount, and enter the result in Line 24B. |

| | Household members under 65 years of age | | Household members 65 years of age or older | |
|---|---|---|---|---|
| a1. | Allowance per member | 57 | a2. | Allowance per member | 144 |
| b1. | Number of members | 2 | b2. | Number of members | 0 |
| c1. | Subtotal | 114.00 | c2. | Subtotal | 0.00 |

with $ 114.00 on the right side of Line 24B.

| 25A | **Local Standards: housing and utilities; non-mortgage expenses.** Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and household size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ | 394.00 |
|---|---|---|---|

| 25B | **Local Standards: housing and utilities; mortgage/rent expense.** Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and household size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 47; subtract Line b from Line a and enter the result in Line 25B.  **Do not enter an amount less than zero.** |

| a. | IRS Housing and Utilities Standards; mortgage/rent Expense | $ | 833.00 |
|---|---|---|---|
| b. | Average Monthly Payment for any debts secured by your home, if any, as stated in Line 47 | $ | 619.56 |
| c. | Net mortgage/rental expense | Subtract Line b from Line a. | $ | 213.44 |

| 26 | **Local Standards: housing and utilities; adjustment.** If you contend that the process set out in Lines 25A and 25B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: | $ | 0.00 |
|---|---|---|---|

B22C (Official Form 22C) (Chapter 13) (01/08)                                                                                4

| 27A | **Local Standards: transportation; vehicle operation/public transportation expense.** You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation. <br><br> Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 7. ☐ 0   ☐ 1   ■ 2 or more. <br><br> If you checked 0, enter on Line 27A the "Public Transportation" amount from IRS Local Standards: Transportation.  If you checked 1 or 2 or more, enter on Line 27A the "Operating Costs" amount from IRS Local Standards: Transportation for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (These amounts are available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ 402.00 |
|---|---|---|
| 27B | **Local Standards: transportation; additional public transportation expense.**  If you pay the operating expenses for a vehicle and also use public transportation, and you contend that you are entitled to an additional deduction for your public transportation expenses, enter on Line 27B the "Public Transportation" amount from the IRS Local Standards: Transportation. (This amount is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ 0.00 |

| 28 | **Local Standards: transportation ownership/lease expense; Vehicle 1.**  Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.) ☐ 1   ■ 2 or more. <br><br> Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 47; subtract Line b from Line a and enter the result in Line 28.  **Do not enter an amount less than zero.** | | |
|---|---|---|---|
| | a. | IRS Transportation Standards, Ownership Costs | $ 489.00 | |
| | b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 47 | $ 0.00 | |
| | c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a. | $ 489.00 |

| 29 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 28. <br><br> Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 47; subtract Line b from Line a and enter the result in Line 29.  **Do not enter an amount less than zero.** | | |
|---|---|---|---|
| | a. | IRS Transportation Standards, Ownership Costs | $ 489.00 | |
| | b. | Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 47 | $ 0.00 | |
| | c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a. | $ 489.00 |

| 30 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state, and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social security taxes, and Medicare taxes. **Do not include real estate or sales taxes.** | $ 1,773.00 |
|---|---|---|
| 31 | **Other Necessary Expenses: mandatory deductions for employment.**  Enter the total average monthly payroll deductions that are required for your employment, such as mandatory retirement contributions, union dues, and uniform costs.  **Do not include discretionary amounts, such as voluntary 401(k) contributions.** | $ 0.00 |
| 32 | **Other Necessary Expenses: life insurance.**  Enter total average monthly premiums that you actually pay for term life insurance for yourself.  **Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance.** | $ 12.24 |
| 33 | **Other Necessary Expenses: court-ordered payments.**  Enter the total monthly amount that you are required to pay pursuant to the order of a court or administrative agency, such as spousal or child support payments.  **Do not include payments on past due obligations included in line 49.** | $ 0.00 |
| 34 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.**  Enter the total average monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | $ 0.00 |
| 35 | **Other Necessary Expenses: childcare.**  Enter the total average monthly amount that you actually expend on childcare - such as baby-sitting, day care, nursery and preschool.  **Do not include other educational payments.** | $ 0.00 |

| 36 | **Other Necessary Expenses: health care.** Enter the average monthly amount that you actually expend on health care that is required for the health and welfare of yourself or your dependents, that is not reimbursed by insurance or paid by a health savings account, and that is in excess of the amount entered in Line 24B. **Do not include payments for health insurance or health savings accounts listed in Line 39.** | $ | 0.00 |
|---|---|---|---|
| 37 | **Other Necessary Expenses: telecommunication services.** Enter the total average monthly amount that you actually pay for telecommunication services other than your basic home telephone and cell phone service - such as pagers, call waiting, caller id, special long distance, or internet service-to the extent necessary for your health and welfare or that of your dependents. **Do not include any amount previously deducted.** | $ | 0.00 |
| 38 | **Total Expenses Allowed under IRS Standards.** Enter the total of Lines 24 through 37. | $ | 4,847.68 |

### Subpart B: Additional Living Expense Deductions
### Note: Do not include any expenses that you have listed in Lines 24-37

| 39 | **Health Insurance, Disability Insurance, and Health Savings Account Expenses.** List the monthly expenses in the categories set out in lines a-c below that are reasonably necessary for yourself, your spouse, or your dependents.. | | | |
|---|---|---|---|---|
| | a. | Health Insurance | $ | 32.50 |
| | b. | Disability Insurance | $ | 0.00 |
| | c. | Health Savings Account | $ | 0.00 |
| | Total and enter on Line 39 | | $ | 32.50 |
| | **If you do not actually expend this total amount,** state your actual total average monthly expenditures in the space below: <br> $_____ | | | |
| 40 | **Continued contributions to the care of household or family members.** Enter the total average actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. **Do not include payments listed in Line 34.** | $ | 0.00 |
| 41 | **Protection against family violence.** Enter the total average reasonably necessary monthly expenses that you actually incur to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | $ | 0.00 |
| 42 | **Home energy costs.** Enter the total average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities, that you actually expend for home energy costs. **You must provide your case trustee with documentation of your actual expenses, and you must demonstrate that the additional amount claimed is reasonable and necessary.** | $ | 0.00 |
| 43 | **Education expenses for dependent children under 18.** Enter the total average monthly expenses that you actually incur, not to exceed $137.50 per child, for attendance at a private or public elementary or secondary school by your dependent children less than 18 years of age. **You must provide your case trustee with documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.** | $ | 0.00 |
| 44 | **Additional food and clothing expense.** Enter the total average monthly amount by which your food and clothing expenses exceed the combined allowances for food and clothing (apparel and services) in the IRS National Standards, not to exceed 5% of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) **You must demonstrate that the additional amount claimed is reasonable and necessary.** | $ | 0.00 |
| 45 | **Charitable contributions.** Enter the amount reasonably necessary for you to expend each month on charitable contributions in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). **Do not include any amount in excess of 15% of your gross monthly income.** | $ | 0.00 |
| 46 | **Total Additional Expense Deductions under § 707(b).** Enter the total of Lines 39 through 45. | $ | 32.50 |

| | Subpart C: Deductions for Debt Payment | | | |
|---|---|---|---|---|
| 47 | **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of creditor, identify the property securing the debt, state the Average Monthly Payment, and check whether the payment includes taxes or insurance. The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. If necessary, list additional entries on a separate page. Enter the total of the Average Monthly Payments on Line 47. | | | |

| | Name of Creditor | Property Securing the Debt | Average Monthly Payment | Does payment include taxes or insurance | |
|---|---|---|---|---|---|
| a. | Citimortgage, Inc. | Location: 356 Blossom, Louisville KY | $ 469.56 | ■yes □no | |
| b. | National City Mortgage Co. | Location: 356 Blossom, Louisville KY | $ 150.00 | □yes ■no | |
| | | | Total: Add Lines | | $ 619.56 |

| 48 | **Other payments on secured claims.** If any of debts listed in Line 47 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 47, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page. | | |
|---|---|---|---|

| | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount | |
|---|---|---|---|---|
| a. | -NONE- | | $ | |
| | | | Total: Add Lines | $ 0.00 |

| 49 | **Payments on prepetition priority claims.** Enter the total amount, divided by 60, of all priority claims, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcy filing. **Do not include current obligations, such as those set out in Line 33.** | | $ 0.00 |
|---|---|---|---|

| 50 | **Chapter 13 administrative expenses.** Multiply the amount in Line a by the amount in Line b, and enter the resulting administrative expense. | | |
|---|---|---|---|

| 50 | a. | Projected average monthly Chapter 13 plan payment. | $ 0.00 | |
|---|---|---|---|---|
| | b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | x 2.80 | |
| | c. | Average monthly administrative expense of Chapter 13 case | Total: Multiply Lines a and b | $ 0.00 |

| 51 | **Total Deductions for Debt Payment.** Enter the total of Lines 47 through 50. | $ 619.56 |
|---|---|---|

| | Subpart D: Total Deductions from Income | |
|---|---|---|
| 52 | **Total of all deductions from income.** Enter the total of Lines 38, 46, and 51. | $ 5,499.74 |

| | Part V. DETERMINATION OF DISPOSABLE INCOME UNDER § 1325(b)(2) | |
|---|---|---|
| 53 | **Total current monthly income.** Enter the amount from Line 20. | $ 7,092.00 |
| 54 | **Support income.** Enter the monthly average of any child support payments, foster care payments, or disability payments for a dependent child, reported in Part I, that you received in accordance with applicable nonbankruptcy law, to the extent reasonably necessary to be expended for such child. | $ 0.00 |
| 55 | **Qualified retirement deductions.** Enter the monthly total of (a) all amounts withheld by your employer from wages as contributions for qualified retirement plans, as specified in § 541(b)(7) and (b) all required repayments of loans from retirement plans, as specified in § 362(b)(19). | $ 1,116.00 |
| 56 | **Total of all deductions allowed under § 707(b)(2).** Enter the amount from Line 52. | $ 5,499.74 |

B22C (Official Form 22C) (Chapter 13) (01/08)                                                                7

| | | |
|---|---|---|
| 57 | **Deduction for special circumstances.** If there are special circumstances that justify additional expenses for which there is no reasonable alternative, describe the special circumstances and the resulting expenses in lines a-c below. If necessary, list additional entries on a separate page. Total the expenses and enter the total in Line 57. **You must provide your case trustee with documentation of these expenses and you must provide a detailed explanation of the special circumstances that make such expense necessary and reasonable.** | |

| | Nature of special circumstances | Amount of Expense |
|---|---|---|
| a. | | $ |
| b. | | $ |
| c. | | $ |
| | Total: Add Lines | $        0.00 |

| | | |
|---|---|---|
| 58 | **Total adjustments to determine disposable income.** Add the amounts on Lines 54, 55, 56, and 57 and enter the result. | $   6,615.74 |
| 59 | **Monthly Disposable Income Under § 1325(b)(2).** Subtract Line 58 from Line 53 and enter the result. | $    476.26 |

## Part VI. ADDITIONAL EXPENSE CLAIMS

| | | |
|---|---|---|
| 60 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page. All figures should reflect your average monthly expense for each item. Total the expenses. | |

| | Expense Description | Monthly Amount |
|---|---|---|
| a. | | $ |
| b. | | $ |
| c. | | $ |
| d. | | $ |
| | Total: Add Lines a, b, c and d | $ |

## Part VII. VERIFICATION

| | |
|---|---|
| 61 | I declare under penalty of perjury that the information provided in this statement is true and correct. *(If this is a joint case, both debtors must sign.)* |

Date: ___May 19, 2008___          Signature: ___/s/ Joseph R. Guernsey___
                                                                    Joseph R. Guernsey
                                                                    (Debtor)

Date: ___May 19, 2008___          Signature  ___/s/ Cindy L. Guernsey___
                                                                    Cindy L. Guernsey
                                                                    (Joint Debtor, if any)

# Exhibit 3

| | |
|---|---|
| **From:** | Alexis King |
| **To:** | Tom McClendon |
| **Subject:** | Re: In re: Galardi, Chapter 11 Bankruptcy Case No. 22-50035 - Alex King Claim No. 110 |
| **Date:** | Tuesday, March 14, 2023 4:24:38 PM |

Yes I am

Sent from my iPhone


> On Mar 14, 2023, at 2:51 PM, Tom McClendon
> <tmcclendon@joneswalden.com> wrote:
>
>
> Ms. King,
>
> I represent the Committee of Unsecured Creditors. This transfer was filed on the
> docket yesterday. Please let me know if you sold/transferred your claim as this is
> stating.
>
> Thank you in advance.
>
> Best,
> Tom
>
> Thomas T. McClendon, Esq.
> Partner
> Jones & Walden, LLC
> 699 Piedmont Ave, NE | Atlanta, GA 30308
> (P) 404-564-9300 | (F) 404-564-9301 | tmcclendon@joneswalden.com
> NOTICE: THE INFORMATION CONTAINED IN THIS ELECTRONIC COMMUNICATION AND ANY DOCUMENTS
> ATTACHED HERETO MAY CONTAIN CONFIDENTIAL INFORMATION WHICH IS LEGALLY PRIVILEGED AND IS
> INTENDED ONLY FOR THE USE OF THE INDIVIDUAL TO WHOM THE TRANSMISSION IS ADDRESSED. IF YOU ARE
> NOT THE INTENDED RECIPIENT, OR THE PERSON RESPONSIBLE FOR CONVEYING THE INFORMATION TO THE
> INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, COPYING, DISTRIBUTION OR USE
> OF ANY INFORMATION CONTAINED IN THIS TRANSMISSION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED
> THIS TRANSMISSION IN ERROR, PLEASE IMMEDIATELY NOTIFY THE SENDER BY TELEPHONE OR REPLY BY E-
> MAIL AND DESTROY THIS TRANSMISSION. THANK YOU.
>
> ---
>
> **From:** Christopher Terry <chris@boyerterry.com>
> **Sent:** Monday, March 13, 2023 8:50 AM
> **To:** Alexis King <alexisking717@icloud.com>
> **Cc:** Tom McClendon <tmcclendon@joneswalden.com>
> **Subject:** In re: Galardi, Chapter 11 Bankruptcy Case No. 22-50035 - Alex King Claim No.
> 110
>
> Alexis,
>
> Again, I apologize for the delay in getting back to you.  As for your claim, you

filed the claim as a secured claim for $468,446.62 based on a judgment received against Fly-Low and Teri Galardi . Unfortunately, the judgment was recorded on October 26, 2021 which is within the 90 day preference period under the bankruptcy code. Perfection of a judgment during the 90 days prior to the bankruptcy filing is subject to being avoided. Basically, this means your claim is treated as an unsecured claim in the bankruptcy case. The bankruptcy code prevents creditors from receiving preferential treatment for claims perfected within the 90 days prior to bankruptcy. The bankruptcy code tries to treat similarly situated creditors equally to prevent a race to the court house to file claims. We can handle your claim in one of two ways, (1) the debtor can file an avoidance action to avoid perfection of your lien and have a hearing to determine its secured status, or (2) we can enter a consent order with you agreeing to treat the claim as an unsecured claim. As an unsecured claim, the plan provides to pay approximately 40% of your total claim through the liquidating trust. This provides the quickest and most efficient payout for your claim. Holders of unsecured claims should receive their disbursements this year. This is the same amount all other FLSA claimants are receiving for their claims. If you have any questions or concerns, please feel free to reach out to Tom McClendon (tmcclendon@joneswalden.com). Mr. McClendon represents the unsecured creditors committee in the case.

   If you would like to discuss in detail, please give me a call at your convenience**. If you disagree with treatment of your claim under the bankruptcy plan, then yes, you need to hire an attorney to advise you and file an objection to the plan.** Thanks. Chris

**BOYER | TERRY** LLC

**Christopher W. Terry**
Attorney
**BOYER | TERRY** LLC
348 Cotton Avenue, Suite 200
Macon, Georgia 31201

Office: (478) 742-6481, ext. 3
Mobile: (478) 390-8029
chris@boyerterry.com

---

**From:** Alexis King <alexisking717@icloud.com>
**Sent:** Saturday, March 11, 2023 3:44 PM
**To:** Christopher Terry <chris@boyerterry.com>
**Subject:** Re: Secured credit claim #110-1

Hope everything is okay an yes whenever Yu get free time thank Yu again for replying

Sent from my iPhone

   On Mar 11, 2023, at 1:23 PM, Christopher Terry <chris@boyerterry.com>

wrote:

Alexis,

Sorry for the delay in getting back to you.  I was dealing with a family matter last week.  I will touch base with you next week to discuss.  Thanks. Chris

**Christopher W. Terry**
Attorney
**BOYER || TERRY LLC**
348 Cotton Avenue, Suite 200
Macon, Georgia 31201

Office: (478) 742-6481, ext. 3
Mobile: (478) 390-8029
chris@boyerterry.com

> On Mar 11, 2023, at 7:20 AM, Alexis King
> <alexisking717@icloud.com> wrote:

> Good morning this is my second attempt reaching out to you
> still haven't received a response yet.

> Sent from my iPhone

> On Mar 1, 2023, at 4:45 PM, Alexis King
> <alexisking717@icloud.com> wrote:
> >
> >
> > Hello Mr. Terry:
> >
> > The conditiaonl order said to direct this email to  you, I reviewed the payout attached as Exhibit "A" and I note that I am classified as an unsecured creditor.
> >
> > I filed the claim as a secured creditor.  Please see the attahced Judgment Lien Certificate and advise if I need to file an objection.
> >
> > thank you,
> >
> >
> >

>
>
>
> Alexis King
>
>
> Sent from my iPhone
<JudgementLienCertificate.pdf>

<(DN 325) Transfer of Alexis King Claim to Red Shield Funding.pdf>

# Exhibit 4

| | |
|---|---|
| **From:** | Alexis King |
| **To:** | Christopher Terry |
| **Cc:** | lmcbryan@mcbryanlaw.com; Astrid Gabbe; Red Shield Funding; Tom McClendon |
| **Subject:** | Re: Galardi v. Alexis King et al., AP No. 23-05013-JPS - Summons and Complaint |
| **Date:** | Wednesday, June 7, 2023 2:37:19 PM |

Mr. Terry this is Alexis king an I do consent to being reclassified as an unsecured creditor. As you know the claim has be transferred to red shield funding. Thank you again Alexis king.

Sent from my iPhone

On Jun 7, 2023, at 2:19 PM, Christopher Terry <chris@boyerterry.com> wrote:

All,

Does this apply to everyone or just Mr. Guernsey dba Red Shield Funding? Ms. Gabbe and Ms. King do you consent as well?  If so, I will forward a Consent Order for review.

Ms. Gabbe and Ms. King are named as additional interested parties in the adversary proceedings, so I need their consent and/or no opposition to the entry of an order reclassifying the claim to resolve this matter.

If you have any questions or concerns, please do not hesitate to contact me. Thanks.  Chris

**BOYER | TERRY** LLC

**Christopher W. Terry**
Attorney
**BOYER | TERRY** LLC
348 Cotton Avenue, Suite 200
Macon, Georgia 31201

Office: (478) 742-6481, ext. 3
Mobile: (478) 390-8029
chris@boyerterry.com

**From:** Red Shield Funding <redshieldfunding@gmail.com>
**Sent:** Wednesday, June 7, 2023 8:40 AM
**To:** Christopher Terry <chris@boyerterry.com>
**Subject:** Re: Galardi v. Alexis King et al., AP No. 23-05013-JPS - Summons and Complaint

Good Morning Mr. Terry:

We agree to be classified as an unsecured creditor (Class 8 in the Ch.11 plan) and paid accordingly.  No need to serve the complaint unless you mailed it already.

On a side note we were never served Doc 401, this caused some confusion until we discovered it on the docket.

Have a nice day,

J. Guernsey
Red Shield Funding

On Thu, Jun 1, 2023 at 5:47 PM Christopher Terry <chris@boyerterry.com> wrote:

> Mr. Guernsey,
>
>        Attached is a copy of the Summons and Complaint initiating Adversary Proceeding No. 23-05013-JPS.  The Complaint seeks to avoid the lien securing the judgment as a preferential transfer.  If the Court finds the transfer is an avoidable preference, then Claim No. 110 ($468,446.62) currently held by Joseph Guernsey dba Red Shield Funding, as Transferee from Alexis King, will be reclassified and treated as an unsecured claim in accordance with Class 8 of the Plan.  Chris
>
> **BOYER ‖ TERRY** LLC
>
> **Christopher W. Terry**
> Attorney
> **BOYER ‖ TERRY** LLC
> 348 Cotton Avenue, Suite 200
> Macon, Georgia 31201
>
> Office: (478) 742-6481, ext. 3
> Mobile: (478) 390-8029
> chris@boyerterry.com
>
> **NOTICE:** This email and all attachments are CONFIDENTIAL and intended SOLELY for the recipients as identified in the "To", "Cc" and "Bcc" lines of this email. If you are not an intended recipient, your receipt of this email and its attachments is the result of an inadvertent disclosure or unauthorized transmittal. Sender reserves and asserts all rights to confidentiality, including all privileges that may apply. Pursuant to those rights and privileges, immediately DELETE and DESTROY all copies of the email and its attachments, in whatever form, and immediately NOTIFY the sender of your receipt of this email. DO NOT review, copy, forward or rely on the email and its attachments in any way. NO DUTIES ARE INTENDED OR CREATED BY THIS COMMUNICATION. If you have not executed a fee contract or an engagement letter, this firm does NOT represent you as your attorney. You are encouraged to retain counsel of your choice if you desire to do so. All rights of the sender for violations of the confidentiality and privileges applicable to this email and any attachments are expressly reserved.

**IN THE UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| IN RE:<br><br>**TERI G. GALARDI,**<br><br>Debtor. | **CHAPTER 11**<br><br>**CASE NO.  22-50035-JPS** |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the date indicated below, the foregoing *Status Report* (the "Notice") was filed using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of and accompanying link to the Notice to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing Program:

- **Michael Akemon**    mutepe.akemon@richardslegal.com
- **Ainsworth G Dudley**    adudleylaw@gmail.com
- **Evan Owens Durkovic**    ecfgamb@aldridgepite.com, edurkovic@ecf.courtdrive.com
- **Robert G. Fenimore**    robert.g.fenimore@usdoj.gov, Ustp.region21.mc.ecf@usdoj.gov
- **Will Bussell Geer**    wgeer@rlkglaw.com, notices@nextchapterbk.com;willgeer@ecf.courtdrive.com;2836@notices.nextchapterbk.com;6717577420@filings.docketbird.com;geer.willb117921@notify.bestcase.com;emiller@rlkglaw.com
- **Whitney Warnke Groff**    whitney.groff@cobbcounty.org
- **Elizabeth A. Hardy**    elizabeth.a.hardy@usdoj.gov, Ustp.region21.mc.ecf@usdoj.gov;elizabeth.hardy.collins@usdoj.gov
- **Leon Strickland Jones**    ljones@joneswalden.com, ewooden@joneswalden.com,cparker@joneswalden.com,jwdistribution@joneswalden.com
- **Brian K. Jordan**    ecfgamb@aldridgepite.com, bjordan@ecf.courtdrive.com
- **Christina T. Lanier**    christina.t.lanier@usdoj.gov, southern.taxcivil@usdoj.gov
- **Jonathan Loegel**    jonathan@loegel.com
- **Roy E. Manoll**    kdd@fbglaw.com
- **Louis G. McBryan**    lmcbryan@mcbryanlaw.com, alepage@mcbryanlaw.com
- **Thomas McClendon**    tmcclendon@joneswalden.com, jwdistribution@joneswalden.com
- **Garrett A. Nail**    gnail@pgnlaw.com
- **Jason M. Orenstein**    jmopclaw@yahoo.com
- **James D. Silver**    jsilver@kklaw.com, raldama@kklaw.com
- **Christopher W. Terry**    chris@boyerterry.com, terrycr40028@notify.bestcase.com
- **U.S. Trustee - MAC**    Ustp.region21.mc.ecf@usdoj.gov

I further certify that I have sent a copy of the Report via email to the following parties:

Red Shield Funding
redshieldfunding@gmail.com

Alexis King
Alexisking717@icloud.com

This 4th day of October, 2023.

**JONES & WALDEN, LLC**
*/s/ Thomas T. McClendon*
Thomas T. McClendon,
Georgia Bar No. 431452
699 Piedmont Avenue, NE,
Atlanta, Georgia 30308
(404) 564-9300
tmcclendon@joneswalden.com
Liquidating Trustee for the Galardi Creditor Trust

# Exhibit 5

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**Case No. 20-20592-CIV-SINGHAL-DAMIAN**

PORSCHE DARDEN,
ALEXIS KING *et. al*,

      Plaintiffs

v.

FLY LOW, INC. AND TERI GALARDI,

      Defendants

_____/

### UNOPPOSED MOTION TO APPROVE CONSENT JUDGMENT

COMES NOW, Plaintiff Alexis King, ("King"), and Interested Party Astrid E. Gabbe, Esq., ("Ms. Gabbe"), (jointly "Movants") hereby move to approve a consent judgment on the uncontested attorney charging lien of Astrid E. Gabbe, Esq. [Doc. 95] and seek entry of a consent judgment with the following relief:

1.     The uncontested attorney charging lien of Astrid E. Gabbe, Esq. in the amount of $163,956.32 [Doc. 95] is valid and enforceable with an effective and perfected date of February 10, 2020, the date on which Ms. Gabbe began representing Ms. King in this case.  By operation of law, the uncontested attorney charging lien immediately attached to the Final Judgment entered in  this case on September 20, 2021 and created a superior lien on the Final Judgment such that the attorney charging lien is paid in full before any payment is made on the recovery of the Final Judgment.  To be clear, the first $163,956.32 of this Final Judgment recovery must be paid to satisfy the attorney charging lien first before any recovery may be had by the Final Judgment owner, Plaintiff Alexis King. In a full recovery, $304,490.30 then goes to Alexis King the owner of the Final Judgment which equals the total judgment amount of $468,446.62.

2.     In effect, the interest created by a valid attorney's charging lien arises by operation of law when all of the requirements of such a lien are satisfied [which is the case here of the uncontested charging lien [Doc. 95]] and is effective from the commencement of the attorney's services in advance of any judicial action recognizing it. *See Weed v. Washington*, 242 F.3d 1320 (11th Cir. 2001) and *Miles v. Katz*, 405 So. 2d 750, 752 (Fla. 4th DCA 1981).

3.     However, to prevent a perverse outcome in a lesser recovery, Movants seek entry of this Consent Judgment to participate in recovery pari-passu from the first dollar of recovery at 35% to Astid Gabbe and 65% to Alexis King from dollar one.

4.     Movants seek the immediate entry of the attached Consent Judgment authorizing Ms. Gabbe to receive up to $163,956.32 and Ms. King to receive up to $304,490.30, pari-passu from the first dollar of recovery.

5.     Upon entry of the Consent Judgment, undersigned counsel will file it with counsel of record for the Liquidating Trustee of the Galardi Creditor Trust in the case of *In Re Galardi,* Case No. 22-50035-JPS, so that Movants will both be paid directly from the Galardi Creditor Trust pari-passu.

6.     Counsel of record for the defendants, Dean Fuchs, has reviewed the Motion and does not oppose the Motion.  Neither Ms. Galardi nor her counsel have any interest in the Galardi Creditor Trust referenced in the Motion.

WHEREFORE, Movants respectfully requests that the Court enter a Consent Final Judgment granting the above relief.  Movants consent to the entry of the Consent Judgment by the Magistrate Judge.

Dated October 5, 2023                              Respectfully submitted,

**Attorney for Plaintiff Alexis King**

*/s/ Astrid E. Gabbe*
Astrid E. Gabbe
The Law Office of Astrid E. Gabbe, P.A.
Florida Bar No. 635383
P.O. Box 4216
Hollywood, FL 33083
Tel. (954) 303-9882
Fax. (954) 983-1427
astridgabbe@gmail.com

**Attorney for Interested Party Astrid E. Gabbe, Esq.**

*/s/ Astrid E. Gabbe*
Astrid E. Gabbe
The Law Office of Astrid E. Gabbe, P.A.
Florida Bar No. 635383
P.O. Box 4216
Hollywood, FL 33083
Tel. (954) 303-9882
Fax. (954) 983-1427
astridgabbe@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of foregoing was filed with the Court's CM/ECF system which will automatically serve the foregoing document on all parties of record as indicated on the attached service list on this 5th day of October, 2023.

**Attorney for Plaintiff Alexis King**
*/s/ Astrid E. Gabbe*
Astrid E. Gabbe
The Law Office of Astrid E. Gabbe, P.A.
Florida Bar No. 635383
P.O. Box 4216
Hollywood, FL 33083
Tel. (954) 303-9882
Fax. (954) 983-1427
astridgabbe@gmail.com

## SERVICE LIST

***Served via CM/ECF***

All parties of record

***Served Via First-Class Mail and Email***
Alexis King, 1361 Arlene Valley Lane, Lawrenceville, GA 30043
Alexis King, 3328 Fall Branch Ln Buford, GA 30519-1949
alexisking717@icloud.com

# Exhibit 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-20592-CIV-SINGHAL-DAMIAN

ASTRID E. GABBE,

     Plaintiff

v.

ALEXIS KING,

     Defendant.

_____/

## CONSENT JUDGMENT

**THIS CAUSE** has come before the court on the Unopposed Motion to Approve Consent Judgment (DE [110]) on the uncontested attorney charging lien (DE [95]) in favor of Astrid E. Gabbe and against Alexis King. The Court having considered the motion and being otherwise advised, it is hereby

**ORDERED AND ADJUDGED** that the Unopposed Motion to Approve Consent Judgment (DE [110]) is **GRANTED.**[1] A Consent Judgment is **ENTERED** in favor of Astrid E. Gabbe against Alexis King in the amount of $163,956.32. It is further

**ORDERED AND ADJUDGED** that the uncontested attorney charging lien of Astrid E. Gabbe, Esq. in the amount of $163,956.32 (DE [95]) is valid and enforceable with an effective and perfected date of February 10, 2020, the date on which Ms. Gabbe began representing Ms. King in this case. By operation of law, the uncontested attorney charging lien immediately attached to the Final Judgment this Court entered on September 20, 2021 (DE [37]) and created a superior lien in the Final Judgment such that the attorney

_____

[1] This Order adopts the language and terms submitted by the parties' proposed consent judgment except for certain stylistic and editorial changes.

charging lien is paid in full before any payment is made on the recovery of the Final
Judgment.

To be clear, the first $163,956.32 of this Final Judgment recovery must be paid to
satisfy the attorney charging lien first before any recovery may be had by the Final
Judgment owner, Plaintiff Alexis King. The next $304,490.30 goes to Alexis King the
owner of the Final Judgment which equals the total amount due of $468,446.62.   In the
event of a lesser recovery Movants seek entry of this Consent Judgment to participate in
recovery pari-passu at a rate of 35% to Ms. Gabbe and 65% to her client Ms. King to
avoid a perverse outcome under Florida Lien law whereby Ms. Gabbe would receive the
majority of the recovery or more than her client Ms. King.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida this 5th day of
October 2023.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE


Copies furnished counsel via CM/ECF

# Exhibit 7

| | |
|---|---|
| **From:** | Alexis King |
| **To:** | Astrid Gabbe |
| **Cc:** | Sheri Miles; Tom McClendon |
| **Subject:** | Your a lier !!!!!! |
| **Date:** | Thursday, October 5, 2023 3:00:43 PM |
| **Attachments:** | 110-1.pdf |
| | Untitled attachment 00449.txt |
| | Gabbe_Consent_Judgment_Motion.pdf |
| | Untitled attachment 00452.txt |

there isnt a contigency fee agreement so what are you trying to do?  I DO NOT CONSENT TO WHAT YOU ARE
DOING IN COURT, WITHDRAW THE ATTACHED MOTION NOW!  YOU NEVER ASKED FOR MY
CONSENT YOU LIAR!

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**Case No. 20-20592-CIV-SINGHAL-DAMIAN**

ASTRID E. GABBE

     Plaintiff

v.

ALEXIS KING

     Defendant

_____/

## CONSENT JUDGMENT

Pursuant to the Unopposed Motion to Approve Consent Judgment filed on October 5, 2023, the Court now enters a consent judgment on the uncontested attorney charging lien [Doc. 95] in favor of Astrid E. Gabbe against Alexis King.

IT IS HEREBY ORDERED and ADJUDGED that a Consent Judgment is entered in favor of Astrid E. Gabbe against Alexis King in the amount of $163,956.32.

The uncontested attorney charging lien of Astrid E. Gabbe, Esq. in the amount of $163,956.32 [Doc. 95] is valid and enforceable with an effective and perfected date of February 10, 2020, the date on which Ms. Gabbe began representing Ms. King in this case. By operation of law, the uncontested attorney charging lien immediately attached to the Final Judgment this Court entered on September 20, 2021 and created a superior lien in the Final Judgment such that the attorney charging lien is paid in full before any payment is made on the recovery of the Final Judgment. To be clear, the first $163,956.32 of this Final Judgment recovery must be paid to satisfy the attorney charging lien first before any recovery may be had by the Final Judgment owner, Plaintiff Alexis King. The next $304,490.30 goes to Alexis King the owner of the Final Judgment which equals the total amount due of $468,446.62. In the event of a lesser recovery

Movants seek entry of this Consent Judgment to participate in recovery pari-passu at a rate of 35% to Ms. Gabbe and 65% to her client Ms. King to avoid a perverse outcome under Florida Lien law whereby Ms. Gabbe would receive the majority of the recovery or more than her client Ms. King.

DONE and ORDERED in chambers, Miami, Florida this____ day of October 2023.

_____
The Honorable Melissa Damian, United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
### Case No. 20-20592-CIV-SINGHAL-DAMIAN

PORSCHE DARDEN,
ALEXIS KING *et. al*,

      Plaintiffs

v.

FLY LOW, INC. AND TERI GALARDI,

      Defendants

_____/

## UNOPPOSED MOTION TO APPROVE CONSENT JUDGMENT

COMES NOW, Plaintiff Alexis King, ("King"), and Interested Party Astrid E. Gabbe, Esq., ("Ms. Gabbe"), (jointly "Movants") hereby move to approve a consent judgment on the uncontested attorney charging lien of Astrid E. Gabbe, Esq. [Doc. 95] and seek entry of a consent judgment with the following relief:

1.      The uncontested attorney charging lien of Astrid E. Gabbe, Esq. in the amount of $163,956.32 [Doc. 95] is valid and enforceable with an effective and perfected date of February 10, 2020, the date on which Ms. Gabbe began representing Ms. King in this case. By operation of law, the uncontested attorney charging lien immediately attached to the Final Judgment entered in this case on September 20, 2021 and created a superior lien on the Final Judgment such that the attorney charging lien is paid in full before any payment is made on the recovery of the Final Judgment. To be clear, the first $163,956.32 of this Final Judgment recovery must be paid to satisfy the attorney charging lien first before any recovery may be had by the Final Judgment owner, Plaintiff Alexis King. In a full recovery, $304,490.30 then goes to Alexis King the owner of the Final Judgment which equals the total judgment amount of $468,446.62.

2.     In effect, the interest created by a valid attorney's charging lien arises by operation of law when all of the requirements of such a lien are satisfied [which is the case here of the uncontested charging lien [Doc. 95]] and is effective from the commencement of the attorney's services in advance of any judicial action recognizing it. *See Weed v. Washington*, 242 F.3d 1320 (11th Cir. 2001) and *Miles v. Katz*, 405 So. 2d 750, 752 (Fla. 4th DCA 1981).

3.     However, to prevent a perverse outcome in a lesser recovery, Movants seek entry of this Consent Judgment to participate in recovery pari-passu from the first dollar of recovery at 35% to Astid Gabbe and 65% to Alexis King from dollar one.

4.     Movants seek the immediate entry of the attached Consent Judgment authorizing Ms. Gabbe to receive up to $163,956.32 and Ms. King to receive up to $304,490.30, pari-passu from the first dollar of recovery.

5.     Upon entry of the Consent Judgment, undersigned counsel will file it with counsel of record for the Liquidating Trustee of the Galardi Creditor Trust in the case of *In Re Galardi*, Case No. 22-50035-JPS, so that Movants will both be paid directly from the Galardi Creditor Trust pari-passu.

6.     Counsel of record for the defendants, Dean Fuchs, has reviewed the Motion and does not oppose the Motion.  Neither Ms. Galardi nor her counsel have any interest in the Galardi Creditor Trust referenced in the Motion.

WHEREFORE, Movants respectfully requests that the Court enter a Consent Final Judgment granting the above relief.  Movants consent to the entry of the Consent Judgment by the Magistrate Judge.


Dated October 5, 2023                    Respectfully submitted,

**Attorney for Plaintiff Alexis King**

*/s/ Astrid E. Gabbe*
Astrid E. Gabbe
The Law Office of Astrid E. Gabbe, P.A.
Florida Bar No. 635383
P.O. Box 4216
Hollywood, FL 33083
Tel. (954) 303-9882
Fax. (954) 983-1427
astridgabbe@gmail.com

**Attorney for Interested Party Astrid E. Gabbe, Esq.**

*/s/ Astrid E. Gabbe*
Astrid E. Gabbe
The Law Office of Astrid E. Gabbe, P.A.
Florida Bar No. 635383
P.O. Box 4216
Hollywood, FL 33083
Tel. (954) 303-9882
Fax. (954) 983-1427
astridgabbe@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of foregoing was filed with the
Court's CM/ECF system which will automatically serve the foregoing document on all parties of
record as indicated on the attached service list on this 5th day of October, 2023.

**Attorney for Plaintiff Alexis King**
*/s/ Astrid E. Gabbe*
Astrid E. Gabbe
The Law Office of Astrid E. Gabbe, P.A.
Florida Bar No. 635383
P.O. Box 4216
Hollywood, FL 33083
Tel. (954) 303-9882
Fax. (954) 983-1427
astridgabbe@gmail.com

## SERVICE LIST

***Served via CM/ECF***

All parties of record

***Served Via First-Class Mail and Email***
Alexis King, 1361 Arlene Valley Lane, Lawrenceville, GA 30043
Alexis King, 3328 Fall Branch Ln Buford, GA 30519-1949
alexisking717@icloud.com

# Exhibit 8

| | |
|---|---|
| **From:** | Astrid Gabbe |
| **To:** | Alexis King |
| **Cc:** | Sheri Miles; Tom McClendon |
| **Subject:** | Re: Your a lier !!!!!! |
| **Date:** | Thursday, October 5, 2023 3:38:48 PM |
| **Attachments:** | Doc.112-DardenVGalardiConsentJudgmentECF110-10-5-23.pdf |
| | Doc.177-USAvGuernseyJudgmentAgainstGuernsey.pdf |

Ms. King,

The Court already entered the consent judgment.  Attached hereto is your copy.

Now you are fully protected by the United States District Court in the Southern District of Florida from the convicted felon Joseph Robert Guernsey.  Attached hereto is the Judgment In A Criminal Case in the case of the United States of America vs. Joseph Robert Guernsey. Mr. Guernsey was convicted of bank and mortgage fraud.  He served 21 months in prison.

I will continue to do my job as your lawyer because I refuse to see my client being victimized by a convicted felon.

I will take appropriate actions to make sure that you are protected in the Middle District of Georgia Bankruptcy Court with Mr. McClendon who is holding the money to pay you.  Based on my calculations,  Mr. McClendon is holding $121,796 for you from the Final Judgment that I obtained on your behalf from the SDFL Court.  As soon as I know the hearing date at the bankruptcy court in Macon, Georgia, I will forward you the information because you will have to appear in person at the bankruptcy court as will Joseph Robert Guernsey if he believes that he is entitled to any of your money.

I am your advocate and I will not stop until justice is served.

Sincerely,

Sincerely,
Astrid E. Gabbe, Esq.
The Law Office of Astrid E. Gabbe, P.A.
P.O. Box 4216
Hollywood, FL, 33083
954-303-9882
Email: astridgabbe@gmail.com


On Thu, Oct 5, 2023 at 3:00 PM Alexis King <alexisking717@icloud.com> wrote:
> there isnt a contigency fee agreement so what are you trying to do?  I DO NOT CONSENT
> TO WHAT YOU ARE DOING IN COURT, WITHDRAW THE ATTACHED MOTION
> NOW!  YOU NEVER ASKED FOR MY CONSENT YOU LIAR!

Sent from my iPhone

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-20592-CIV-SINGHAL-DAMIAN

ASTRID E. GABBE,

     Plaintiff

v.

ALEXIS KING,

     Defendant.

_____/

## CONSENT JUDGMENT

**THIS CAUSE** has come before the court on the Unopposed Motion to Approve Consent Judgment (DE [110]) on the uncontested attorney charging lien (DE [95]) in favor of Astrid E. Gabbe and against Alexis King. The Court having considered the motion and being otherwise advised, it is hereby

**ORDERED AND ADJUDGED** that the Unopposed Motion to Approve Consent Judgment (DE [110]) is **GRANTED.**[1] A Consent Judgment is **ENTERED** in favor of Astrid E. Gabbe against Alexis King in the amount of $163,956.32. It is further

**ORDERED AND ADJUDGED** that the uncontested attorney charging lien of Astrid E. Gabbe, Esq. in the amount of $163,956.32 (DE [95]) is valid and enforceable with an effective and perfected date of February 10, 2020, the date on which Ms. Gabbe began representing Ms. King in this case. By operation of law, the uncontested attorney charging lien immediately attached to the Final Judgment this Court entered on September 20, 2021 (DE [37]) and created a superior lien in the Final Judgment such that the attorney

---

[1] This Order adopts the language and terms submitted by the parties' proposed consent judgment except for certain stylistic and editorial changes.

charging lien is paid in full before any payment is made on the recovery of the Final
Judgment.

To be clear, the first $163,956.32 of this Final Judgment recovery must be paid to
satisfy the attorney charging lien first before any recovery may be had by the Final
Judgment owner, Plaintiff Alexis King. The next $304,490.30 goes to Alexis King the
owner of the Final Judgment which equals the total amount due of $468,446.62.   In the
event of a lesser recovery Movants seek entry of this Consent Judgment to participate in
recovery pari-passu at a rate of 35% to Ms. Gabbe and 65% to her client Ms. King to
avoid a perverse outcome under Florida Lien law whereby Ms. Gabbe would receive the
majority of the recovery or more than her client Ms. King.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida this 5th day of
October 2023.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE


Copies furnished counsel via CM/ECF

AO 245B (SCDC Rev.09/11) Judgment in a Criminal Case Sheet 1

# UNITED STATES DISTRICT COURT
## District of South Carolina

UNITED STATES OF AMERICA

vs.

**JOSEPH ROBERT GUERNSEY**

**JUDGMENT IN A CRIMINAL CASE**

Case Number: **4:11CR00413-RBH (1)**

USM Number: 22580-171
L. Morgan Martin , Mary Martin
and Rose Mary Parham, Retained
Defendant's Attorney

**THE DEFENDANT:**

- ■ pleaded guilty to count <u>three (3) on October 28, 2011</u> .
- ☐ pleaded nolo contendere to count(s) _____which was accepted by the court.
- ☐ was found guilty on count(s) __after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:1344 & 18:2 | Please see indictment | June 2009 | 3 |

The defendant is sentenced as provided in pages 2 through <u>5</u> of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

- ☐ The defendant has been found not guilty on count(s)_____ .
- ■ Counts <u>one (1) and two (2)</u> ☐ is ■ are    dismissed on the motion of the United States.
- ☐ Forfeiture provision is hereby dismissed on motion of the United States Attorney.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

April 25, 2013 _____
Date of Imposition of Judgment

s/ R. Bryan Harwell _____
Signature of Judge

Hon. R. Bryan Harwell, U.S. District Judge
Name and Title of Judge

April 30, 2013 _____
Date

AO 245B (SCDC Rev. 09/11) Judgment in a Criminal Case
Sheet 2 - Imprisonment

Page 2

DEFENDANT: JOSEPH ROBERT GUERNSEY
CASE NUMBER: 4:11CR00413-RBH (1)

## IMPRISONMENT

  The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **twenty-one (21) months**.

■  The court makes the following recommendations to the Bureau of Prisons: defendant serve his sentence at FCI Edgefield, S.C., alternatively, Williamsburg, S.C., facility.

☐  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:
   ☐ at _____ ☐ a.m. ☐ p.m. on _____.
   ☐ as notified by the United States Marshal.

■  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☐ before 2 p.m. on _____.
   ■ as notified by the United States Marshal.
   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this Judgment as follows:


Defendant delivered on _____ to _____

at_____, with a certified copy of this judgment.

            _____
             UNITED STATES MARSHAL

      By _____
         DEPUTY UNITED STATES MARSHAL

AO 245B (SCDC Rev. 09/11) Judgment in a Criminal Case
Sheet 3 - Supervised Release

Page 3

DEFENDANT: JOSEPH ROBERT GUERNSEY
CASE NUMBER: 4:11CR00413-RBH (1)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **five (5) years**.

While on supervised release, the defendant shall comply with the mandatory and standard conditions of supervision outlined in 18 U.S.C. § 3583(d) and the following special condition:

The defendant shall not open additional lines of credit without the approval of the U.S. Probation Office.

The Court reserves the right to increase or decrease restitution payments based upon the defendant's income.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (SCDC Rev. 09/11) Judgment in a Criminal Case
Sheet 4 - Criminal Monetary Penalties

Page 4

DEFENDANT: JOSEPH ROBERT GUERNSEY
CASE NUMBER: 4:11CR00413-RBH (1)

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the total criminal monetary penalties under the schedule of payments on Sheet 5.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | **$ 100.00** |  | **$ 755,360.76** |

☐  The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case(AO245C)* will be entered after such determination.

☑  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| **CHL Mortgage Pass-Through Trust 2007-4** | $521,391.87 | $521,391.87 |  |
| **Countrywide Home Loans, Inc.** | $ 92,762.50 | $ 92,762.50 |  |
| **Sun Trust Bank** | $141,206.39 | $141,206.39 |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| **TOTALS** | **$755,360.76** | **$755,360.76** |  |

☐  Restitution amount ordered pursuant to plea agreement   $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f).  All of the payment options on Sheet 5 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

☑  The court determined that the defendant does not have the ability to pay interest and it is ordered that:
    ☑    The interest requirement is waived for the ☐ fine ☑ restitution.
    ☐    The interest requirement for the ☐ fine ☐ restitution is modified as follows:

**Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (SCDC Rev. 9/11) Judgment in a Criminal Case
Sheet 5 - Schedule of Payments

Page 5

DEFENDANT: JOSEPH ROBERT GUERNSEY
CASE NUMBER: 4:11CR00413-RBH (1)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A    ■    Lump sum payment of $100.00(special assessment) and $755, 360.76 (restitution) due immediately, balance due

☐ not later than _____, or

☐ in accordance with ☐ C, ■ D, or ☐ E, or ☐ F below: or

B    ☐    Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C    ☐    Payment in equal _____(weekly, monthly, quarterly) installments of $_____over a period of _____(e.g.,

months or years), to commence _____ *(30 or 60 days)* after the date of this judgment; or

D    ■    Any unpaid restitution payments in monthly installments of not less than $500.00 ; or

E    ☐    Payment during the term of supervised release will commence within (e.g., 30 or 60 days) after release from imprisonment. The
court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    ☐    Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due
during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate
Financial Responsibility Program, are made to the clerk of court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

■    **Joint and Several**
Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount,
and corresponding payee, if appropriate.
Joseph Robert Guernsey  4:11CR00413-RBH (1)  defendant            $614,154.37
( CHL Mortgage Pass-Through  Trust 2007-4  $521,391.87 Countrywide Home Loans, Inc. - $92,762.50)
Benedict Guthrie Olberding 4:11CR00413-RBH (2)  Co-defendant       $614,154.37
( CHL Mortgage Pass-Through  Trust 2007-4  $521,391.87 Countrywide Home Loans, Inc. - $92,762.50)

☐    The defendant shall pay the cost of prosecution.

☐    The defendant shall pay the following court cost(s):

■    The defendant shall forfeit the defendant's interest in the following property to the United States:

As directed in the Preliminary Order of Forfeiture, filed **4/23/13** and the said order is incorporated herein as part of this judgment.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

UNITED STATES OF AMERICA    )CRIMINAL NO.: 4:11CR00413-RBH (1)
                            )
            vs.             )
                            )
JOSEPH ROBERT GUERNSEY      )

## JUDGMENT AND ORDER OF FORFEITURE

1.    On March 22, 2011, a federal grand jury in this district returned an Indictment charging Defendant Joseph Robert Guernsey ("Guernsey", "Defendant") and his co-defendant, Benedict Guthrie Olberding ("Olberding"), with three counts of bank fraud, in violation of 18 U.S.C. § 1344. The Indictment alleges a continuing fraud scheme which ran between March 2007 and June 2009. Pursuant to Fed. R. Crim. P. 32.2(a), the Indictment contains a forfeiture allegation notifying Defendant that upon his conviction, certain property enumerated therein, or equivalent substitute assets, would be subject to forfeiture to the United States pursuant to, *inter alia*, 18 U.S.C. § 982(a)(2) (providing for forfeiture of criminally-derived proceeds), and 28 U.S.C. § 853(p) (providing for forfeiture of substitute assets). Pursuant to Fed. R. Crim. P 32.2(b)(1)(A), the forfeiture allegation also notified Defendant that the United States would seek a money judgment against Guernsey and Olberding, based upon the amount of criminally-derived proceeds of the scheme.

2.    On October 28, 2011, Guernsey pled guilty to Count 3 of the Indictment, pursuant to a plea agreement which included forfeiture cooperation provisions. Based upon Defendant's guilty plea and other matters of record, the court has determined that the fraud scheme to which he pled guilty was a continuing fraud scheme, which generated gross

Order, p. 1 of 3

criminal proceeds of $1,000,000, and that such proceeds are subject to forfeiture pursuant to 18 U.S.C. § 982(a)(2). The court further finds that the United States is entitled to a money judgment against Guernsey in the amount of $145,000, representing the value of criminally-derived proceeds of the $145,000 home equity line of credit loan from Sun Trust Mortgage company. PSR., ¶ 8.

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED:

1.     Pursuant to 18 U.S.C. § 982(a)(2), the Defendant shall forfeit to the United States all of his right, title and interest in and to any property, real or personal, tangible or intangible, constituting or derived from any proceeds Defendant obtained, directly or indirectly, as a result of his violation of 18 U.S.C. § 1344, up to the amount of $145,000.

2.     JUDGMENT IS ENTERED against Defendant, and in favor of the United States in the amount of $145,000, together with appropriate costs provided for in 28 U.S.C. § 1961 as of the date of entry of judgment until paid in full, and the United States may satisfy such money judgment from any property of the Defendant.

3.     Upon entry, this Order becomes final as to Defendant, and shall be made part of his sentence and included in the criminal Judgment.

4.     Upon entry of this Order, the United States Attorney is authorized to conduct proper discovery in identifying, locating, or disposing of the described property, or other substitute assets, in accordance with Fed. R. Crim. P. 32.2(b)(3); and to commence proceedings that comply with statutes governing third party rights, if applicable.

5.     The United States may sell or otherwise dispose of any proceeds of the fraud scheme, or substitute assets, as required to satisfy the above-imposed money judgment.

6.    Pursuant to Rule 32.2(6)(A), because this order does not direct the forfeiture of specific property, the government is not required to publish notice of the order. However, the judgment shall be recorded in the records of the County Clerk's Office in the county of the debtor's residence, place of business, and any and all other counties in which the debtor has either real or personal property, as a lien thereon.

7.    Pursuant to Rule 32.2(e), the court shall retain jurisdiction to enforce this Order and to amend it as necessary.

8.    The Clerk, U.S. District Court, shall provide one (1) certified copy of this Order to the United States Attorney's Office.

**AND IT IS SO ORDERED**.

s/ R. Bryan Harwell
R. BRYAN HARWELL
UNITED STATES DISTRICT JUDGE

Florence, South Carolina

April 23, 2013

Order, p. 3 of 3

# Exhibit 9

| | |
|---|---|
| **From:** | Astrid Gabbe |
| **To:** | Tom McClendon |
| **Cc:** | Jason Orenstein |
| **Subject:** | In Re Galardi Status Report [Doc. 589] |
| **Date:** | Thursday, October 5, 2023 5:17:35 PM |
| **Attachments:** | Doc.112-DardenVGalardiConsentJudgmentECF110-10-5-23.pdf |

Tom,

Are you going to file an updated status report incorporating the attached Consent Judgment entered today in order to protect my client which clearly shows that Alexis King is the owner of her judgment and that I have a 35% contingency fee in the recovery and she has a 65% interest in the recovery?   What you should have told the judge is that we need to go slowly and get this right.

Please explain to me why you sent the consent order to the judge in the face of the mountain of evidence that I emailed you that my client Alexis King has been victimized by a convicted fraudster? I am having a hard time understanding any of your actions especially in the face of the attached judgment and that I told you that I have one this week.  You need to read it carefully and understand that my attorney charging lien has an effective date of February 10, 2020 and does not violate the automatic stay.  I have a District Court order that lays all this out in painstaking detail as to what you are supposed to do.

You need to understand that Robert Joseph Guernsey is in the process of stealing my client's money.

I demand that you withdraw the objection to my proof of claim 57 and wire transfer me my overdue first distribution of 20.78% or some $34,070.  I expect a wire transfer tomorrow.

Sincerely,

Astrid E. Gabbe, Esq.

The Law Office of Astrid E. Gabbe, P.A.
P.O. Box 4216
Hollywood, FL, 33083
954-303-9882
Email: astridgabbe@gmail.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-20592-CIV-SINGHAL-DAMIAN

ASTRID E. GABBE,

     Plaintiff

v.

ALEXIS KING,

     Defendant.

_____/

## CONSENT JUDGMENT

**THIS CAUSE** has come before the court on the Unopposed Motion to Approve Consent Judgment (DE [110]) on the uncontested attorney charging lien (DE [95]) in favor of Astrid E. Gabbe and against Alexis King. The Court having considered the motion and being otherwise advised, it is hereby

**ORDERED AND ADJUDGED** that the Unopposed Motion to Approve Consent Judgment (DE [110]) is **GRANTED.**[1] A Consent Judgment is **ENTERED** in favor of Astrid E. Gabbe against Alexis King in the amount of $163,956.32. It is further

**ORDERED AND ADJUDGED** that the uncontested attorney charging lien of Astrid E. Gabbe, Esq. in the amount of $163,956.32 (DE [95]) is valid and enforceable with an effective and perfected date of February 10, 2020, the date on which Ms. Gabbe began representing Ms. King in this case. By operation of law, the uncontested attorney charging lien immediately attached to the Final Judgment this Court entered on September 20, 2021 (DE [37]) and created a superior lien in the Final Judgment such that the attorney

_____

[1] This Order adopts the language and terms submitted by the parties' proposed consent judgment except for certain stylistic and editorial changes.

charging lien is paid in full before any payment is made on the recovery of the Final Judgment.

To be clear, the first $163,956.32 of this Final Judgment recovery must be paid to satisfy the attorney charging lien first before any recovery may be had by the Final Judgment owner, Plaintiff Alexis King. The next $304,490.30 goes to Alexis King the owner of the Final Judgment which equals the total amount due of $468,446.62.   In the event of a lesser recovery Movants seek entry of this Consent Judgment to participate in recovery pari-passu at a rate of 35% to Ms. Gabbe and 65% to her client Ms. King to avoid a perverse outcome under Florida Lien law whereby Ms. Gabbe would receive the majority of the recovery or more than her client Ms. King.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida this 5th day of October 2023.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF

# Exhibit 10

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**Case No. 20-20592-CIV-SINGHAL-DAMIAN**

PORSCHE DARDEN,
LONG *et. al*,

      Plaintiffs

v.

FLY LOW, INC. AND TERI GALARDI,

      Defendants

_____/

**UNOPPOSED MOTION TO APPROVE CONSENT JUDGMENT**

COMES NOW, Plaintiff Jenisse Long, ("Long"), and Interested Party Astrid E. Gabbe,

Esq., ("Ms. Gabbe"), (jointly "Movants") hereby move to approve a consent judgment on the

uncontested attorney charging lien of Astrid E. Gabbe, Esq. (DE. [104]) and seek entry of a

consent judgment with the following relief:

1.      The uncontested attorney charging lien of Astrid E. Gabbe, Esq. in the amount of

$134,341.54 (DE. [104]) is valid and enforceable with an effective and perfected date of

February 10, 2020, the date on which Ms. Gabbe began representing Ms. Long in this case. Ms.

Gabbe on behalf of Ms. Long claimed $383,832.96 were due and owing for violations of the

Florida Minimum Wage Act.  By operation of law, the uncontested attorney charging lien

immediately attached to the $383,832.96 claim and created a superior lien in the recovery of

such claim such that the attorney charging lien is paid in full before any payment is made on the

recovery to Ms. Long.

2.      In effect, the interest created by a valid attorney's charging lien arises by

operation of law when all of the requirements of such a lien are satisfied [which is the case here

of the uncontested charging lien (DE (104]) and is effective from the commencement of the

attorney's services in advance of any judicial action recognizing it. *See Weed v. Washington*, 242

F.3d 1320 (11th Cir. 2001) and *Miles v. Katz*, 405 So. 2d 750, 752 (Fla. 4th DCA 1981).

3.      However, to prevent a perverse outcome in a lesser recovery, Movants seek entry

of this Consent Judgment to participate in recovery pari-passu from the first dollar of recovery at

35% to Astid Gabbe up to $134,341.32 and 65% to Jenisse Long up to $249,491.64 from dollar

one.

4.      Movants seek the immediate entry of the attached Consent Judgment authorizing

Ms. Gabbe to receive up to $134,341.32 and Ms. Long to receive up to $249,491.64, pari-passu

from the first dollar of recovery.

5.      Upon entry of the Consent Judgment, undersigned counsel will file it with counsel

of record for the Liquidating Trustee of the Galardi Creditor Trust in the case of *In Re Galardi,*

Case No. 22-50035-JPS, so that Movants will both be paid directly from the Galardi Creditor

Trust pari-passu.

6.      The Liquidating Trustee is also hereby authorized to distribute the entire claim to

Ms. Gabbe's trust account to be held in trust for Ms. Long only to be disbursed upon further

Motion to Approve Consent Judgment for Disbursement and corresponding Consent Judgment

on Disbursement.

7.      Ms. Gabbe is also authorized to engage local or other counsel on behalf of Ms.

Long to protect her rights in this claim and further authorizes Ms. Gabbe to collect on this claim

and hold the 65% interest in her attorney trust account only to be disbursed upon further Motion

to Approve Consent Judgment and corresponding Consent Judgment on Disbursemnet from this

Court.   This Consent Judgment authorizes Ms. Gabbe to enter into a further contingency fee

agreement with any attorney necessary and to agree to pay said attorney 10% of the aggregate

recovery, the cost of which to be taxed 5% to Ms. Gabbe and 5% to Ms. Long only to be

disbursed by further order of this Court.

8.    Counsel of record for the defendants, Dean Fuchs, has reviewed the Motion and

does not oppose the Motion.   Neither Ms. Galardi nor her counsel have any interest in the

Galardi Creditor Trust referenced in the Motion.

WHEREFORE, Movants respectfully requests that the Court enter a Consent Final

Judgment granting the above relief.  Movants consent to the entry of the Consent Judgment by

the Magistrate Judge.

Dated October 6, 2023                              Respectfully submitted,

**Attorney for Plaintiff Jenisse Long**            **Attorney for Interested Party Astrid E. Gabbe, Esq.**

*/s/ Astrid E. Gabbe*                              */s/ Astrid E. Gabbe*
Astrid E. Gabbe                                    Astrid E. Gabbe
The Law Office of Astrid E. Gabbe, P.A.            The Law Office of Astrid E. Gabbe, P.A.
Florida Bar No. 635383                             Florida Bar No. 635383
P.O. Box 4216                                      P.O. Box 4216
Hollywood, FL 33083                                Hollywood, FL 33083
Tel. (954) 303-9882                                Tel. (954) 303-9882
Fax. (954) 983-1427                                Fax. (954) 983-1427
astridgabbe@gmail.com                              astridgabbe@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of foregoing was filed with the Court's CM/ECF system which will automatically serve the foregoing document on all parties of record as indicated on the attached service list on this 6th day of October, 2023.

**Attorney for Plaintiff Alexis King**
*/s/ Astrid E. Gabbe*
Astrid E. Gabbe
The Law Office of Astrid E. Gabbe, P.A.
Florida Bar No. 635383
P.O. Box 4216
Hollywood, FL 33083
Tel. (954) 303-9882
Fax. (954) 983-1427
astridgabbe@gmail.com

## SERVICE LIST

**Served via CM/ECF**

All parties of record

**Served Via First-Class Mail**
Jenisse Long, 2107 Center Street, Covington, KY 41014

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 20-20592-CIV-SINGHAL-DAMIAN

ASTRID E. GABBE

     Plaintiff

v.

JENISSE LONG

     Defendant

_____/

## CONSENT JUDGMENT

THIS CAUSE has come before the court on the Unopposed Motion to Approve Consent Judgment (DE[113]), on the uncontested attorney charging lien (DE [104]) in favor of Astrid E. Gabbe and against Jenisse Long.  The Court having considered the motion and being otherwise advised, it is here by

**ORDERED and ADJUDGED** that the Unopposed Motion to Approve Consent Judgment (DE [113]) is **GRANTED.**[1]  A Consent Judgment is entered in favor of Astrid E. Gabbe against Jenisse Long in the amount of $134,341.54.  It is further

**ORDERED and ADJUDGED**  that the uncontested attorney charging lien of Astrid E. Gabbe, Esq. in the amount of $134,341.32 (DE [104]) is valid and enforceable with an effective and perfected date of February 10, 2020, the date on which Ms. Gabbe began representing Ms. Long in this case.   By operation of law, the uncontested attorney charging lien immediately attached to the $383,832.96 claim and created a superior lien in the recovery of such claim such

---

[1] This Order adopts the language and terms submitted by the parties' proposed consent judgment except for certain stylistic and editorial changes.

that the attorney charging lien is paid in full before any payment is made on the recovery to Ms.

Long.

To be clear, the first $134,341.32 of this claim recovery must be paid to satisfy the attorney

charging lien first before any recovery may be had by Ms. Long. The next $249,491.64 goes to

Jenisse Long the owner of the claim which equals the total amount due of $383,832.96.   In the

event of a lesser recovery Movants seek entry of this Consent Judgment to participate in recovery

pari-passu at a rate of 35% to Ms. Gabbe and 65% to her client Ms. Long to avoid a perverse

outcome under Florida Lien law whereby Ms. Gabbe would receive the majority of the recovery

or more than her client Ms. Long.

This Consent Judgment also authorizes Ms. Gabbe to engage local or other counsel on

behalf of Ms. Long to protect her rights in this claim and further authorizes Ms. Gabbe to collect

on this claim and hold the 65% interest in her attorney trust account only to be disbursed upon

further Motion to Approve Consent Judgment and corresponding Consent Judgment on

Disbursemnet from this Court.  This Consent Judgment authorizes Ms. Gabbe to enter into a further

contingency fee agreement with any attorney necessary and agree  to pay said attorney 10% of the

aggregate recovery, the cost of which to be taxed 5% to Ms. Gabbe and 5% to Ms. Long only to

be disbursed by further order of this Court.

DONE and ORDERED in Chambers, Fort Lauderdale, Florida this __th day of October

2023.

_____
RAAG SINGHAL
United States Magistrate Judge

Copies furnished counsel via CM/ECF

# Exhibit 11

| | |
|---|---|
| **From:** | jenisee long |
| **To:** | Tom McClendon |
| **Subject:** | Re: Galardi Creditor Trust - Filing in Darden |
| **Date:** | Friday, October 6, 2023 11:45:42 AM |

I haven't spoken to Gabbe . I haven't spoken to a Chris .I haven't gave them consent to file anything in my name

On Fri, Oct 6, 2023 at 11:09 AM Tom McClendon <tmcclendon@joneswalden.com> wrote:

> Ms. Long,
>
> Did you authorize either Astrid Gabbe or Chris Kosachuk to file this on your behalf?
>
> Please let me know as soon as possible.
>
> Best,
>
> Tom
>
> Thomas T. McClendon, Esq.
>
> Partner
>
> Jones & Walden, LLC
>
> 699 Piedmont Ave, NE | Atlanta, GA 30308
>
> (P) 404-564-9300 | (F) 404-564-9301 | tmcclendon@joneswalden.com
>
> NOTICE: THE INFORMATION CONTAINED IN THIS ELECTRONIC COMMUNICATION AND ANY DOCUMENTS ATTACHED HERETO MAY CONTAIN CONFIDENTIAL INFORMATION WHICH IS LEGALLY PRIVILEGED AND IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL TO WHOM THE TRANSMISSION IS ADDRESSED. IF YOU ARE NOT THE INTENDED RECIPIENT, OR THE PERSON RESPONSIBLE FOR CONVEYING THE INFORMATION TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, COPYING, DISTRIBUTION OR USE OF ANY INFORMATION CONTAINED IN THIS TRANSMISSION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE IMMEDIATELY NOTIFY THE SENDER BY TELEPHONE OR REPLY BY E-MAIL AND DESTROY THIS TRANSMISSION. THANK YOU.

# Exhibit 12

**Transcript**

**Hearing for Teri G. Galardi**

**United States Bankruptcy Court**

**Middle District of Georgia**

**Case. No. 22-50035-JPS**

**Judge James P. Smith**

**06.21.2023 at 11:11 a.m.**

**Present**:

Judge James P. Smith (Judge Smith)

Tom McClendon as Liquidating Trustee of Unsecured Creditors (McClendon)

Chris Kosachuk (Kosachuk)

Jason Orenstein (Orenstein)

Chris Terry (Terry)

**[32:20]**

**Judge Smith**: I'm sorry, is there someone else on the phone?

**Kosachuk**: Yes, your Honor. Chris Kosachuk as assignee of respondent claimants Johnson and Williams.

**Judge Smith**: Will you spell your last name, please?

**Kosachuk**: Yes sir. K – O – S – A – C – H – U – K.

**Judge Smith**: K – O – S – A – C – H – U – K?

**Kosachuk**: U – K. Correct.

**Judge Smith**: And pronounce that ag`ain for me.

**Kosachuk**: Kosa-chuk.

**Judge Smith**: Kosachuk. Okay.

**McClendon**: Your Honor, may I ask a question? Mr. Kosachuk are you affiliated with Ms. Gabbe? Are you, her paralegal?

**Kosachuk**: I am not affiliated with Ms. Gabbe. No.

**McClendon**: Have you and I ever talked before?

**Kosachuk**: Yes, we have.

**McClendon**: Have we talked about this particular case?

**Kosachuk**: Yes, we have.

[33:30]

**McClendon**: You, Ms. Gabbe, and I talked about this case and when I referenced you as Ms. Gabbe's paralegal you did not correct me. Is that correct?

**Kosachuk**: I don't recall that.

**McClendon**: You and Ms. Gabbe called me to discuss these cases in resolving these cases, right?

**Kosachuk**: Yes, in relation to the claims of Johnson, Williams, and Parker. Because I have the assignments on Johnson and Williams.

**McClendon**: Your Honor, I am going to state for the record my understanding is this is Ms. Gabbe's paralegal. He has told me he is not authorized to practice law. I will state for the record.

[34:12]

**Judge Smith**: In what capacity are you appearing Mr. Kosachuk.

**Kosachuk**: I am appearing on behalf of myself, pro se. I am not an attorney, that is correct. I have not had a chance to retain local counsel. But I believe the issue that is before the court is relatively simple. I hope your Honor can decide this right now.

**Judge Smith**: Wait wait wait wait wait… wait. What is your relationship?

**Kosachuk**: I am the assignee of the claimants Johnson and Williams.

**Judge Smith**: Well, I don't have any evidence of that, sir. There is a procedure for assigning a claim. There is a rule that says you need to file a notice with the Clerk's office and to my knowledge that has not been done.

[35:00]

**Kosachuk**: You are correct your Honor. I haven't had the chance to do that because I don't have access to the electronic filing system and therefore haven't been able to file the notice. I haven't been able to file the assignment, all of this just happened very recently and therefore I haven't been able to retain any local counsel, so I am here now, it's just as a placeholder and if the court wants to have all of that filed, I will have all that filed. If the court prefers for me to have local counsel, I will hire local counsel.

**Judge Smith**: Okay. Mr. Ornstein.

**Orenstein**: Yes, your Honor.

**Judge Smith**: You represent Ms. Parker.

**Orenstein**: I represent Ms. Parker, yes.

**Judge Smith**: Do you know anything about this assignment?

**Orenstein**: Umm.. I just, I spoke to Mr. Kosachuk this morning and he related to me the very same thing I just heard him tell the court. Um… Up until this morning I didn't think… um I didn't think there was anyone… I didn't know what was going to happen Ms. Johnson or Ms. Williams.

**Judge Smith**: But you represent… Have you talked to Ms. Parker about the alleged assignment?

**Orenstein**: No.

**Judge Smith**: Okay.

**[FURTHER DISCUSSION ABOUT OTHER CLAIMS]**

# Exhibit 13

| | |
|---|---|
| **From:** | Chris Kosachuk |
| **To:** | "Tom McClendon"; "Red Shield Funding"; "Jason Orenstein"; "Astrid Gabbe" |
| **Cc:** | "Leon Jones" |
| **Subject:** | RE: King Consent Judgment obtained yesterday |
| **Date:** | Saturday, October 7, 2023 5:52:57 PM |
| **Attachments:** | Doc.112-DardenVGalardiConsentJudgmentECF110-10-5-23.pdf |

Hi Tom,

Astrid is the attorney of record for Ms. King and Dean Fuchs is the attorney of record for Ms. Galardi in the case of Darden v. Galardi in the SDFL.   Attached is the Consent Judgment.

Please explain how and why you are concerned about what Judge Singhal did and the order's "efficacy"?

To put it bluntly you are being duped by a con man named Michael J. Bourff who is sending emails pretending to be Joeseph Robert Guernsey and pretending to be Alexis King.

Astrid and I were duped by both email addresses at first.

redshieldfunding@gmail.com is a fake email for Joe being used by Michael J. Bourff to defraud Joe, Ms. Gabbe and her client Ms. King.

Alexisking717@icloud.com is also a fake email for Alexis King being used by Michael J. Bourff to dupe you.  You need to wake up.  We will be taking appropriate action to enforce Judge Singhal's Judgment.

Astrid warned you about Mr. Bourff

Be very careful about accusing Astrid or challenging me Astrid, or Jason.  You are treading on very thin ice.

Govern yourself accordingly.  More to come…

P.S.  Hi Michael J. Bourff.  We are on to you.

Chris Kosachuk
Tel. +1.305.490.5700
Email: chriskosachuk@gmail.com

**From:** Tom McClendon <tmcclendon@joneswalden.com>
**Sent:** Friday, October 6, 2023 8:30 AM
**To:** Red Shield Funding <redshieldfunding@gmail.com>; Jason Orenstein <jason@jmolaw.com>; Chris Kosachuk <chriskosachuk@gmail.com>; Astrid Gabbe <astridgabbe@gmail.com>
**Cc:** Leon Jones <ljones@joneswalden.com>
**Subject:** RE: King Consent Judgment obtained yesterday

Red Shield Funding,

I am concerned that Ms. King did not agree to the consent judgment and that Ms. Gabbe filed the consent judgment without Ms. King's permission. See attached email. I also have concerns about the order's efficacy. So I'm going to take some time to look at this before doing anything or agreeing to anything.

Copying Ms. Gabbe, the attorney.

Thomas T. McClendon, Esq.
Partner
Jones & Walden, LLC
699 Piedmont Ave, NE | Atlanta, GA 30308
(P) 404-564-9300 | (F) 404-564-9301 | tmcclendon@joneswalden.com

NOTICE: THE INFORMATION CONTAINED IN THIS ELECTRONIC COMMUNICATION AND ANY DOCUMENTS ATTACHED HERETO MAY CONTAIN CONFIDENTIAL INFORMATION WHICH IS LEGALLY PRIVILEGED AND IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL TO WHOM THE TRANSMISSION IS ADDRESSED. IF YOU ARE NOT THE INTENDED RECIPIENT, OR THE PERSON RESPONSIBLE FOR CONVEYING THE INFORMATION TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, COPYING, DISTRIBUTION OR USE OF ANY INFORMATION CONTAINED IN THIS TRANSMISSION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE IMMEDIATELY NOTIFY THE SENDER BY TELEPHONE OR REPLY BY E-MAIL AND DESTROY THIS TRANSMISSION. THANK YOU.

**From:** Red Shield Funding <redshieldfunding@gmail.com>
**Sent:** Friday, October 6, 2023 8:19 AM
**To:** Jason Orenstein <jason@jmolaw.com>; Tom McClendon <tmcclendon@joneswalden.com>; Chris Kosachuk <chriskosachuk@gmail.com>
**Subject:** King Consent Judgment obtained yesterday

Good Morning Mr Orenstein and Mr. Kosachuk:

We did not know that Ms. King would agree to a consent judgment.

In light of her agreeing to have the judgment entered we have decided to pay the attached consent judgment out of the disputed claim reserve as long as the Trustee is agreeable to the transfer of our beneficial interest and the Plan documents allow a transfer.

If he is then great, we can settle now.


Mr. Guernsey
Red Shield Funding

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-20592-CIV-SINGHAL-DAMIAN

ASTRID E. GABBE,

     Plaintiff

v.

ALEXIS KING,

     Defendant.

_____/

## CONSENT JUDGMENT

**THIS CAUSE** has come before the court on the Unopposed Motion to Approve Consent Judgment (DE [110]) on the uncontested attorney charging lien (DE [95]) in favor of Astrid E. Gabbe and against Alexis King. The Court having considered the motion and being otherwise advised, it is hereby

**ORDERED AND ADJUDGED** that the Unopposed Motion to Approve Consent Judgment (DE [110]) is **GRANTED.**[1] A Consent Judgment is **ENTERED** in favor of Astrid E. Gabbe against Alexis King in the amount of $163,956.32. It is further

**ORDERED AND ADJUDGED** that the uncontested attorney charging lien of Astrid E. Gabbe, Esq. in the amount of $163,956.32 (DE [95]) is valid and enforceable with an effective and perfected date of February 10, 2020, the date on which Ms. Gabbe began representing Ms. King in this case. By operation of law, the uncontested attorney charging lien immediately attached to the Final Judgment this Court entered on September 20, 2021 (DE [37]) and created a superior lien in the Final Judgment such that the attorney

_____

[1] This Order adopts the language and terms submitted by the parties' proposed consent judgment except for certain stylistic and editorial changes.

charging lien is paid in full before any payment is made on the recovery of the Final Judgment.

To be clear, the first $163,956.32 of this Final Judgment recovery must be paid to satisfy the attorney charging lien first before any recovery may be had by the Final Judgment owner, Plaintiff Alexis King. The next $304,490.30 goes to Alexis King the owner of the Final Judgment which equals the total amount due of $468,446.62.   In the event of a lesser recovery Movants seek entry of this Consent Judgment to participate in recovery pari-passu at a rate of 35% to Ms. Gabbe and 65% to her client Ms. King to avoid a perverse outcome under Florida Lien law whereby Ms. Gabbe would receive the majority of the recovery or more than her client Ms. King.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida this 5th day of October 2023.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF

## IN THE UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

IN RE:

**TERI G. GALARDI,**

**Debtor.**

**CHAPTER 11**

**CASE NO.  22-50035-JPS**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the date indicated below, the foregoing *Motion* was filed using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of and accompanying link to the Notice to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing Program:

- **Michael Akemon**    mutepe.akemon@richardslegal.com
- **Ainsworth G Dudley**    adudleylaw@gmail.com
- **Evan Owens Durkovic**    ecfgamb@aldridgepite.com, edurkovic@ecf.courtdrive.com
- **Robert G. Fenimore**    robert.g.fenimore@usdoj.gov, Ustp.region21.mc.ecf@usdoj.gov
- **Will Bussell Geer**    wgeer@rlkglaw.com, notices@nextchapterbk.com;willgeer@ecf.courtdrive.com;2836@notices.nextchapterbk.com;6717577420@filings.docketbird.com;geer.willb117921@notify.bestcase.com;emiller@rlkglaw.com
- **Whitney Warnke Groff**    whitney.groff@cobbcounty.org
- **Elizabeth A. Hardy**    elizabeth.a.hardy@usdoj.gov, Ustp.region21.mc.ecf@usdoj.gov;elizabeth.hardy.collins@usdoj.gov
- **Brian K. Jordan**    ecfgamb@aldridgepite.com, bjordan@ecf.courtdrive.com
- **Christina T. Lanier**    christina.t.lanier@usdoj.gov, southern.taxcivil@usdoj.gov
- **Jonathan Loegel**    jonathan@loegel.com
- **Roy E. Manoll**    kdd@fbglaw.com
- **Louis G. McBryan**    lmcbryan@mcbryanlaw.com, alepage@mcbryanlaw.com
- **Garrett A. Nail**    gnail@pgnlaw.com
- **Jason M. Orenstein**    jmopclaw@yahoo.com
- **James D. Silver**    jsilver@kklaw.com, raldama@kklaw.com
- **Christopher W. Terry**    chris@boyerterry.com, terrycr40028@notify.bestcase.com
- **U.S. Trustee - MAC**    Ustp.region21.mc.ecf@usdoj.gov

I further certify that I have sent a copy of the Motion via email to the following parties:

Red Shield Funding
redshieldfunding@gmail.com

Joseph Gurnsey
jrguerns24@gmail.com

Alexis King
Alexisking717@icloud.com

Jenisee Long
longjenisee@gmail.com

This 11th day of October, 2023.

JONES & WALDEN, LLC
*/s/ Thomas T. McClendon*
Thomas T. McClendon,
Georgia Bar No. 431452
699 Piedmont Avenue, NE,
Atlanta, Georgia 30308
(404) 564-9300
tmcclendon@joneswalden.com
Liquidating Trustee for the Galardi Creditor Trust