**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

IN RE:

**TERI GALARDI,**

    **Debtor.**
_____/

**ASTRID E. GABBE,**

                                   **CHAPTER 11**
                                   **CASE NO. 22-50035-JPS**
                                   **Contested Matter**

    **Movant,**

v.

**KRYSTAL WRIGHT,**

    **Respondent.**
_____/

**CREDITOR KRYSTAL WRIGHT'S RESPONSE TO ASTRID GABBE'S OBJECTION TO PROOF OF CLAIM NO. 116**

Creditor Krystal Wright ("Wright") responds to Movant Astride Gabbe's Objection to Proof of Claim No. 116 [Doc. 546] ("Objection") as follows:

1. In her Proof of Claim No. 116 ("Wright POC"), Wright alleges that Debtor willfully violated the Florida Minimum Wage Act, Fl. Stat. § 448.110 ("FMWA") and Article X, Section 24 of the Florida Constitution ("Article X"), and she is owed unpaid wages, unlawful "kick-backs", unlawfully retained tips, liquidated damages and attorneys' fees.

2. Wright is a Class 8 Creditor under the terms of the Chapter 11 Plan. Wright and the other Class 8 Creditors all assert claims under the FMWA and Article X against the Debtor

1

arising out of their employment with Debtor occurring before July, 2014 when Debtor sold the nightclub where Wright and the other Class 8 Creditors worked.

3. Wright and the other Class 8 Creditors were members of a Fed. R. Civ. P. 23 class action, captioned as *Jaszmann Espinoza v. Galardi South Enterprises, Inc.*, Civil Action No. 14-cv-21244-GOODMAN, alleging violations of the FMWA and Article X filed in the U.S. District Court for the Southern District of Florida ("Florida Class Action"). Debtor Galardi was one of the Defendants in the Florida Class Action.

4. The Florida Class Action was filed on April 8, 2014. The Court certified the class on January 11, 2016, but dismissed the class action claims without prejudice on April 10, 2018, when the Court determined that it would not exercise supplemental federal jurisdiction over the claims under Florida law. Wright and the other Class 8 Creditors were members of the Florida Class Action from April 8, 2014 (the commencement date) until May 10, 2018 (30 days after the dismissal date). Wright' FMWA and Article X claims were tolled during the pendency of the Florida Class Action. See Exhibit 1, Order, at pp. 27 - 28.See Exhibit 1, Order on Defendants' Partial Summary Judgment Motion on Certain Claims Arising Under the FLSA and Florida Law, at pp. 27 - 28.

5. After dismissal of the Florida Class Action, Gabbe represented numerous Class 8 Creditors who were members of the Florida Class Action, including the Plaintiffs in *Milner v. Galardi*, Civil Action No. 20:cv-23220-AMC, U.S. District Court for Southern District of Florida ("Milner Litigation"); *Bain v. Galardi*, Case No. 77324242, Circuit Court 11th Judicial District, Miami Dade County, Florida ("Bain Litigation"); and *King v. Galardi*, AAA Case No. 01-20-005-4236 (King Litigation");

6. In the *Milner*, *Bain* and *King* Litigation, Gabbe took the legal position that the Plaintiffs and Class 8 Creditors in this case were members of the Florida Class Action and their claims were tolled during the pendency of the Florida Class Action. See Ex. 2, Milner Complaint, at paras. 14 – 16; Ex. 3, Bain Complaint, at paras. 3, 4; King Arbitration Demand, paras. 4 - 6. Gabbe has reversed her legal position in the Gabbe Objection. Gabbe now claims that the Florida Class Action does not toll Wright' claims and her claims are barred by the statutes of limitation.

7. On April 14, 2023, the Court confirmed the Debtor's Chapter 11 Plan. Under the terms of the Plan a Trust was created to pay creditors. Tom McClendon, was appointed as liquidating Trustee ("Liquidating Trustee") to distribute assets to Creditors under the terms of the Plan, including the Class 8 Creditors.

8. In July, 2023, the Liquidating Trustee approved a distribution of 20.78% of each Class 8 Creditors' claim. The Liquidating Trustee made a distribution of 20.78% of Wright' POC ("Initial Distribution"). The Liquidating Trustee distributed 65% of the Initial Distribution to Wright and 35% of the Initial Distribution to Dudley and Jones & Walden ("Jones Walden") as their fee pursuant to the contingency fee agreement they had with Wright.

**I.  Gabbe Is Not An Interested Party and Lacks Standing to Object to Wright' POC.**

9. 11 U.S.C. § 1109 confers the right to be heard in a Chapter 11 case on any party in interest. Party in interest status is a prerequisite to bankruptcy standing. *In Re Thorpe Insulation Co.*, 677 F.3d 869, 884 (9th Cir. 2012); *Kaiser Aerospace & Elec. Corp.. v. Teledyne Indus. (In Re Piper Aircraft)*, 244 F.3d 1289, 1304 n.11 (11th Cir. 2001).

10. Gabbe has no valid claim against the Debtor, Trust or Trust assets, and is not a legitimate creditor or interested party within the meaning of 11 U.S.C. § 1109. Gabbe is not a

3

creditor of the Debtor. See 11 U.S.C. § 101(10(A)(defining "creditor" as "an entity that has a claim against the debtor."); § 105(5)(A)(defining "claim" as a "right to payment").

11. Gabbe has no direct claim against the Debtor. Although Gabbe filed proof of claim Nos. 57 and 105. The Liquidating Trustee objected to both claims. The Court disallowed proof of claim 105. A hearing was held with respect to proof of claim No. 57 on September 27, 2023, The Liquidating Trustee's objection to proof of claim 57 is pending. At the hearing on the objection to proof of claims 57, the Liquidating Trustee noted "[t]he Court expressed significant doubt [at the hearing] as to whether Ms. Gabbe held a claim against Ms. Galardi, Ms. Galaradi's estate, or the Galardi Creditor Trust." See Doc. 604, Liquidating Trustee's Motion to Hold Astrid E. Gabbe in Contempt for Violation of the Confirmed Plan and the Automatic Stay and Enjoin Further Conduct, and for Related Relief, at para. 8. Wright submits that Gabbe is not a creditor or interested party for the same reasons articulated by the Court at the hearing on the objection to Gabbe's proof of claim 57.

12. At most, Gabbe is a creditor of King who is a creditor of the Debtor. Gabbe has no direct claim in the bankruptcy case and any interest she has in attorneys' fees incurred in Florida is too remote to make her a party in interest in this bankruptcy case. See *Wright v. Town Park Properties, LLC*, 803 F.3d 450, 452 (9th Cir. 2015); *Campbell v. Country Wide Homes, Inc.*, 545 F.3d 348 (5th Cir. 2008);

13. No true party in interest has objected to the Wright POC. The Debtor, Trustee, Liquidating Trustee, Secured Committee and Class 8 Creditors have not objected to Wright' claims or any other Class 8 claims based on the statute of limitations. Gabbe is not a party in interest, and lacks standing to object to the Wright' POC. Gabbe has suffered no injury caused by the Debtor.

## II. The Confirmation Order Precludes the Gabbe Objection.

14. Under the plain language of the Confirmation Order, the Court reserved the right to file objections only to the Liquidating Trustee post-confirmation. Confirmation Order, at p. 7. ("[A]ny objection to a proof of claim classified in Class 8, shall be filed by the **Liquidating Trustee** on or before the one hundred and twentieth day (120th) after the Effective Date . . . ."). (emphasis added).

15. The Confirmation Order did not authorize Gabbe or any other party, other than the Liquidating Trustee, to object to claims. The Liquidating Trustee asserted no objections to the Wright POC and in fact paid the Initial Distribution to Wright. Gabbe's Objection is not authorized by the Confirmation Order, and, should be overruled.

## III. Gabbe Is Judically Estopped From Objecting to Wright' POC.

16. Judicial estoppel is an equitable doctrine intended to protect courts against parties who seek to manipulate the judicial process by changing their legal position as Gabbe has done in this bankruptcy case. The doctrine applies "to the calculated assertion of divergent sworn positions." *American National Bank of Jacksonville v. Federal Deposit Ins., Corp*., 710 F.2d 1528, 1536 (11th Cir. 1983).

17. The Eleventh Circuit considers two factors in applying the doctrine: (1) "it must be shown that the allegedly inconsistent position [was] made under oath in a prior proceeding;" and "(2) such inconsistencies [were] calculated to make a mockery of the judicial system." See *Burns v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1285 (11th Cir. 2002).

18. Gabbe has engaged in the "calculated assertion of divergent sworn positions" in legal proceedings in Florida and this Court. These divergent positions were calculated to make a mockery of the judicial system.

19. In *Milner*, Gabbe contended that the plaintiffs "were previously class members in a certified Rule 23 class action [Espinoza]" and "[t]he limitations period applicable to the . . . claims [were] therefore tolled on April 8, 2014, and remained tolled until May 10, 2018." Ex. 2, Milner Complaint, para. 14 – 16.

20. Likewise, in *Bain*, Gabbe swore that "[a]ll of the named plaintiffs . . . were previously class members in a certified Rule 23 class action suit . . . which also alleged violations of Article X . . . and Fl. Stat. 448.110 against the same Defendants herein," and [t]he limitations period applicable to the state law claims of the Espinoza class members was therefore tolled on April 8, 2014, and remained tolled until May 10, 2018." Ex. 3, Bain Complaint, at paras. 3, 4.

21. Similarly, in *King*, Gabbe averred under oath that "King was previously an unnamed class member in a certified Rule 23 class action suit, *Espinoza* . . . which also alleged violations of Article X . . . and Fl. Stat. 448.110 against . . . Galardi," and "[t]he limitations period applicable to . . . the *Espinoza* class members was therefore tolled on April 8, 2014, and remained tolled until May 10, 2018." Ex. 4, King Demand, at paras. 4 – 6.

22. Gabbe's legal and factual positions in the *Milner, Bain* and *King* lawsuits and this Objection are inconsistent. She has asserted the statute of limitations defense when it benefits her and argued against tolling of the statute when it acts to her financial detriment. Gabbe's inconsistent positions are calculated to make a mockery of the judicial system, and should not be rewarded.

23. Gabbe is judicially estopped from asserting that the statute of limitations bars Wright Claim. See *Burns*, 291 F.3d at 1285.

**IV.    The Pre-Suit Notice Attached to the Wright POC Does Not Violate the Automatic Stay.**

6

24. Gabbe contends the pre-suit notice under the FMWA attached to the Wright POC violates the automatic stay and, thus, is a nullity. See Gabbe Objection, at para. 8 ("The pre-suit notice prepared by Dudley and attached to the Proof of Claim was prepared post-petition and is therefore a nullity and invalid in that it was either not delivered, or in violation of the automatic stay.").[1]

25. The Bankruptcy Code entitles each creditor to file a proof of claim. See *Travelers Cos. Sur. Co. of Am. v. Pac. Gas Elec. Co.*, 549 U.S. 443 (2007). Any assertions made in the proof of claim do not violate the automatic stay. *Campbell v. Countrywide Homes, Inc.*, 545 F.3d 348 (5th Cir. 2008).

> [T]he automatic stay serves to protect the bankruptcy estate from actions taken by creditors outside the bankruptcy court forum, not legal actions taken within the bankruptcy court. The filing of a proof of claim before a bankruptcy court . . . is the logical equivalent of a request for the relief from the automatic stay, which cannot itself constitute a violation of the stay . . . .

*In Re Sammons*, 253 B.R. 672, 681 (Bankr. D.S.C. 2000); *Rogers v. B-Real LLC (In Re Rogers)*, 391 B.R. 317, 324 (Bankr. M.D. La. 2008).

26. The pre-suit notice was attached to the Wright POC and filed as part of her proof of claim against Debtor. The pre-suit notice does not violate the stay and is not a nullity.

### V. Claims Under Article X Require No Pre-Suit Notice.

27. Unlike the FMWA claims asserted by Wright, the Article X claims do not require a pre-suit notice as a prerequisite to asserting the claim. see *Throw v. Republic Enterprise System, Inc.*, Case no. 8:06-cv-724-T-30TBM (M.D. Fla. June 30, 2006)("Section 24 creates a constitutional right directly enforceable in a court of law by an aggrieved party with no requirement that notice [under Sec. 448.10] be given."); *Souser v. Strayer Surveying Mapping,*

---

[1] Gabbe provides no authority that a pre-suit notice is a requirement before filing a bankruptcy proof of claim alleging a violation of the FMWA.

*Inc.*, Case No. 8:10-cv-2627-T-26TGW (M.D. Fla. Dec. 15, 2010)("The Court specifically concludes . . . that it is unnecessary for a plaintiff to fulfill the notice requirements found in Sec. 448.10 in order to allege a violation of Sec. 24, Art. X of the Florida Constitution."); but *see Espinoza* Order [Doc. 292], at 19 ("There is disagreement among Florida federal district courts about whether there is an independent cause of action under Article X for unpaid wages, and, if so, whether that action is subject to the FMWA's pre-suit notice.").

28. Wright POC includes claims under Section 24 of the Florida Constitution. The Article X claims and damages are identical to the claims under the FMWA, except the Article X claims require no pre-suit notice. Accordingly, even if the pre-suit notice is void ab initio as to the FMWA claims, as Gabbe argues, Gabbe has not proven that Wright claims under Article X are similarly barred for lack of notice.

### VI. The Statutes of Limitation Were Tolled/Suspended and Wright' Claims Are Not Barred.

29. The statute of limitation is an affirmative defense which may be waived if not timely asserted. Fed. R. Civ. P. 8(c)(1); *In Re Rawson Food Service, Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988). The Eleventh Circuit has explained that the statute of limitations is an "affirmative defense" that plaintiffs are "not required to negate" in their complaint. *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845-46 (11th Cir. 2004).

30. The Wright POC contains the information required by Bankruptcy Rule 3001, and, thus, "constitute[s] prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). Gabbe has not met her burden of producing evidence to overcome Wright's prima facie case or prove the affirmative defense. *Walston v. PYOD, LLC* (In Re Walston), 606 F.App'x 543, 546 (11th Cir. 2015).

8

31.     No party in interest, including the Debtor, Trustee, Liquidating Trustee, unsecured committee member and/or creditor asserted the affirmative defense against Wright or any other Class 8 Creditor who would be subject to the same defense. In fact Wright POC and all the other Class 8 Creditors' similar claims have been paid and the statute of limitations has been waived.

32.     The statute of limitations for a "willful" violation of the FMWA and Article X is five years. See Fl. Stat. § 448.10(8) and Fl. Stat. § 95.11(2)(d) ("Actions other that for recovery of real property shall be commenced as follows: (2) WITHIN FIVE YEARS.- (d) An action alleging a willful violation of s. 448.110").

33.     The statutes of limitation under the FMWA and Article X were extended, suspended and/or tolled by 11 U.S.C. Sec. 108(c) from January 12, 2022 through the present based on the commencement of Debtor's bankruptcy case. See *Morgan v. U.S. (In Re Morgan)*, 182 F.3d 775, 778 (11th Cir. 1999).

34.     Like the other Class 8 Creditors, Wright was a member of the Florida Class Action and the statute of limitations for Article X and the FMWA claims were tolled from April 8, 2014 until May 10, 2018 during the pendency of the Florida Class Action. See 28 U.S.C. § 1367(d); Exhibit 1, *Espinoza* Order at pp. 27 - 28. ("Section 1367(d) tolls the statute of limitations for [class members' FMWA and Article X claims] . . . during the period in which they have been pending in federal court and for 30 days after the order of dismissal.");

35.     Galardi is and always has been a resident of Georgia. Galardi was a non-resident of Florida and absent from the State of Florida during the accrual of Wright's claims. see Fl. Stat. § 95.051(1)(a) ("(1) The running of the time under any statute of limitations . . . is tolled by: (a) Absence from the state of the person to be sued."); see *First Federal Sav. Loan Ass'n of Wisconsin v. Dade Federal Sav. Loan A'ssn*, 403 So.2d 1097 (Fla 5th DCA 1981)(Section 95.051

9

tolls the statute of limitations until the circumstances which caused the tolling to occur have passed); *Levy v. Kirk*, 187 So.2d 401 (Fla. 3d DCA 1966).

36. No interested party has raised the statute of limitations defense or objected to the Wright POC or any other Class 8 Creditor's claims. Wright and the other Class 8 Creditors FMWA and Article X claims were suspended by the filing of the bankruptcy petition, and tolled by the Florida Class Action and the Florida tolling statute.

WHEREFORE, the Gabbe Objection should be overruled because (1) Gabbe lacks standing to object to the Wright' claim; (2) the confirmation order reserves the exclusive right to object to claims in the Liquidating Trustee; (3) Gabbe is judicially estopped from objecting to the Wright POC; (4) the pre-suit notice is not a pre-requisite to filing a proof of claim, does not violate the automatic stay and is not a nullity; (5) Article X does not require pre-suit notice; (6) the statutes of limitation were tolled and (7) of any reason deemed appropriate by this Court.

Dated this 24th day of October 24, 2023.

> Respectfully submitted,
> DUDLEY LAW LLC
>
> */s/ Ainsworth G. Dudley*
> Ainsworth G. Dudley
> 2400 Northside Parkway, 1 – 200
> Atlanta, GA 30327
> (404) 687-8205
> adudleylaw@gmail.com
>
> *Attorney for Creditor Wright*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 24th day of October, 2023, a true and correct copy of the foregoing was electronically filed and all parties have been served via email and U.S mail to each party and/or their counsel.

    Respectfully submitted,
    DUDLEY LAW LLC

    */s/ Ainsworth G. Dudley*
    Ainsworth G. Dudley
    2400 Northside Parkway, 1 – 200
    Atlanta, GA 30327
    (404) 687-8205
    adudleylaw@gmail.com

    *Attorney for Creditor Wright*