**IN THE UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| IN RE:<br><br>**TERI G. GALARDI,**<br><br>                    **Debtor.** | **CHAPTER 11**<br><br>**CASE NO.  22-50035-JPS** |

**SECOND MOTION TO DISALLOW TRANSFER OF CLAIM 98**
**FOR LIQUIDATING TRUST PURPOSES**

Thomas T. McClendon, as Liquidating Trustee of the Galardi Creditors Trust (the "Liquidating Trustee"), hereby moves the Court for an order disallowing the purported transfer to Christopher Kosachuk of Proof of Claim Number 98, and in support states as follows:

1.      The Court has jurisdiction over this motion pursuant to Article 9.1(a) of the Plan (retention of jurisdiction over disputes with respect to Claims), (e) (retention of jurisdiction over the making of distributions under the Plan), and (m) (retention of jurisdiction over all matters regarding or related to the administration of the Galardi Creditors Trust).

2.      On January 12, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in this Court (Doc. No. 1).

3.      On April 14, 2023, the Court entered an *Order Confirming Joint Plan of Reorganization* (Doc. No. 410) (the "Confirmation Order"). Pursuant to the Confirmation Order, the Liquidating Trustee was appointed to oversee the Galardi Creditors Trust for the benefit of unsecured creditors under Class 8 of the plan.

4.      On May 2, 2023, the Liquidating Trustee filed his *Objection to Claim No. 98 of Shakir Williams* (Doc. No. 417) (the "Claim Objection").

5. On June 5, 2023, Shakir Williams, through Astrid E. Gabbe as counsel, filed her *Affidavit in Opposition to Liquidating Trustee's Objection to Claim No. 98 of Shakir Williams (ECF 417]* (Doc. No. 447) (the "Williams Response").

6. The Claim Objection remains pending before this Court as of the date of this Motion and is currently set for December 13, 2023 (Dkt. 601).

7. On July 14, 2023, Christopher Kosachuk filed a *Transfer of Claim Other Than For Security* of Claim 98 held by Shakir Williams in the amount of $458,275.20 (Doc. No. 496) (the "Transfer") and a *Memorandum of Law* (Doc. No. 497) (the "Memorandum") in further response to the Liquidating Trustee's Claim Objection.

8. The Liquidating Trustee objected to the Transfer and sought to set it aside. (Dkt. 500).

9. Mr. Kosachuk filed a response on August 18, 2023 (Dkt. 527).

10. The Liquidating Trustee filed a reply on August 30, 2023 (Dkt. 554).

11. The Court held a hearing on September 6, 2023 at 11:00 am. The Liquidating Trustee appeared on behalf of himself. Chris Kosachuk appeared on behalf of himself. No other party appeared at the hearing.

12. On September 11, 2023, the Court granted the Liquidating Trustee's motion to disallow and struck the transfer from Shakir Williams to Chris Kosachuk. (Dkt. 570). Such order directed the Clerk "to strike the notice of transfer of Claim No. 98, and Shakir Williams shall be the holder of the claim."

13. On October 11, 2023, Chris Kosachuk filed a second Transfer of Claim Other Than for Security, purporting to again transfer the claim of Shakir Williams to himself. (Dkt. 607).

14.     At a hearing on October 16, 2023, Mr. Kosachuk acknowledged that he received a

copy of the Liquidating Trustee's objection to his first transfer of Claim No. 98. He further

acknowledged that the Court entered an Order disallowing his Transfer of Claim No. 98 for

Liquidating Trust Purposes (Dkt. 570). A true and correct copy of the transcript excerpt from the

October 16, 2023 hearing is attached as **Exhibit "B".**

15.     The purported date of transfer was "10/10/2023 *nunc pro tunc to 3/22/22*."[1] A true

and correct of such purported transfer is attached as **Exhibit "A"**.

16.     As the Supreme Court has recently stated:

> Federal courts may issue nunc pro tunc orders, or "now for then" orders, Black's Law
> Dictionary, at 1287, to "reflect[ ] the reality" of what has already occurred, *Missouri v.
> Jenkins*, 495 U. S. 33, 49, 110 S. Ct. 1651, 109 L. Ed. 2d 31 (1990). "Such a decree
> presupposes a decree allowed, or ordered, but not entered, through inadvertence of the
> court." *Cuebas y Arredondo v. Cuebas y Arredondo*, 223 U. S. 376, 390, 32 S. Ct. 277, 56
> L. Ed. 476 (1912).
>
> Put colorfully, "[n]unc pro tunc orders are not some Orwellian vehicle for revisionist
> history—creating 'facts' that never occurred in fact." *United States* v. *Gillespie*, 666 F.
> Supp. 1137, 1139 (ND Ill. 1987). Put plainly, the court "cannot make the record what it is
> not." *Jenkins*, 495 U. S., at 49.

*Roman Catholic Archdiocese of San Juan v. Feliciano*, 140 S. Ct. 696, 701 (2020).

17.     Mr. Kosachuk's attempt to "nunc pro tunc" the transfer to the day after the claim

was filed is nothing more than another attempt at an "end run" around this Court's prior rulings

that claims cannot be transferred post-confirmation.

18.     First, federal courts may issue *nunc pro tunc* orders. There is no authority for a

purported party to "*nunc pro tunc*" anything.

---

[1] Shakir William's proof of claim was filed on March 21, 2022, so the transfer of claim purports
to be effective the date after the claim was filed.

19.     Second, even if there were any authority for a party to use the doctrine of *nunc pro tunc*, "nunc pro tunc orders are not some Orwellian vehicle for revisionist history—creating 'facts' that never occurred in fact." *Id.*

20.     Even ignoring the fact that a party cannot utilize the doctrine of "nunc pro tunc", there is nothing in the record to indicating that Ms. Williams actually signed a transfer of claim to Ms. Kosachuk on March 22, 2022 when this case was in its infancy. If there was such a fact, Mr. Kosachuk would have filed such a transfer of claim the first time.

21.     Section 3.1 of the Liquidating Trust Agreement provides: "Unless the Liquidating Trustee determines otherwise, Beneficial Interests in the Creditors Trust shall not be transferable."

22.     Paragraph 6.13 of the Plan does provide for assignment of Allowed Claims. However, Paragraphs 6.4 expressly provides Paragraph 6.13 does not apply to "claims to be reviewed by the Liquidating Trustee and paid through the Galardi Creditors Trust, all as provided in the Trust Agreement, unless expressly provided herein…." The claim at issue in this motion is a Class 8 unsecured claim.

23.     The Liquidating Trustee brings this Motion to disallow the transfer of Claim 98 as unauthorized by the Plan and Liquidating Trust Agreement.

WHEREFORE, the Liquidating Trustee respectfully requests that the Court:

(i)      grant this Motion,

(ii)     enter an Order again disallowing the Transfer of Claim No. 98,

(iii)    direct the Clerk to again strike the notice of transfer of Claim No. 98, and

(iv)    direct the Clerk to again reflect that Shakir Williams shall be the sole holder of Claim No. 98; and

(v)      for further relief to the Liquidating Trustee as is just and proper.

Respectfully submitted this 24th day of October, 2023.

                                        **JONES & WALDEN LLC**

                                        /s/ *Thomas T. McClendon*
                                        Thomas T. McClendon
                                        Georgia Bar No. 431452
                                        699 Piedmont Ave. NE
                                        Atlanta, Georgia 30308
                                        (404) 564-9300
                                        tmcclendon@joneswalden.com
                                        Liquidating Trustee

# Exhibit "A"

B 2100A (Form 2100A) (12/15)

# UNITED STATES BANKRUPTCY COURT

Middle District of Georgia

In re Teri Galardi                                    ,          Case No. 22-50035-JPS

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Christopher Kosachuk | Shakir Williams |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

854 Pheasant Run Rd
West Chester, PA 19382-8144

Court Claim # (if known): 98,-1 & -2
Amount of Claim: $458,275.20
Date Claim Filed: 03/21/2022

Phone: 305-490-5700
Last Four Digits of Acct #: _____

Phone: _____
Last Four Digits of Acct. #: _____

Name and Address where transferee payments should be sent (if different from above):

Phone: _____
Last Four Digits of Acct #: _____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____
Transferee/Transferee's Agent

Date: 10/10/2023 *nunc pro tunc to 03/22/22*

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA

In re:                                                          Case No. 22-50035-JPS

Teri Galardi,                                                   Chapter 11

      Debtor,

_____/

## **ASSIGNMENT AND TRANSFER OF PROOF OF CLAIM NUMBERS 98, 98-1 AND 98-2**

      Shakir Williams, creditor/claimant in the above referenced bankruptcy, wherein proofs of claims were filed on March 21, 2022, Claim 98 and 98-1 and amended on May 23, 2023, Claim 98-2, does hereby transfer and assign any and all rights, entitlements, interests, and remedies thereof and hereby consents that the same shall be transferred and assigned to Christopher Kosachuk who shall be solely responsible for filing and paying of any fees due to the bankruptcy court for this transfer and assignment.

      Shakir Williams represents and warrants that this proof of claim is unsatisfied and has not been assigned, transferred or hypothecated in whole or in part to any other party outside of this transfer and assignment.

      This assignment is effective *nunc pro tunc,* to March 22, 2022.

      Dated: 10th day of October 2023

By: _____
        Shakir Williams

# Exhibit "B"

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**(MACON DIVISION)**

| | | |
|---|---|---|
| IN RE: | ) | CASE NO: 22-50035-JPS |
| | ) | Chapter  11 |
| | ) | |
| TERI G. GALARDI, | ) | Macon, Georgia |
| | ) | |
| | ) | Monday, October 16, 2023 |
| Debtor. | ) | 1:15 p.m. to 2:33 p.m. |
| | ) | 2:45 p.m. to 3:38 p.m. |
| | | 3:51 p.m. to 4:14 p.m. |

**HEARING RE:**

**MOTION FOR CONTEMPT [DKT.NO.604];**

**RESPONSE WITH OPPOSITION [DKT.NO.613];**

**OBJECTION TO CLAIM #57 [DKT.NO.428];**

**OBJECTION TO CLAIM #110 [DKT.NO.512]**

**BEFORE THE HONORABLE JAMES P. SMITH,**
**UNITED STATES BANKRUPTCY JUDGE**

**APPEARANCES:**          SEE PAGE 2

**Court Recorder [ECRO]:**   Denise L. Harris

**Transcribed by:**          Exceptional Reporting Services, Inc.
P.O. Box 8365
Corpus Christi, TX 78468
361 949-2988

**Proceedings recorded by electronic sound recording;**
**transcript produced by transcription service.**

EXCEPTIONAL REPORTING SERVICES, INC

2

**APPEARANCES:**


For Debtor:                CHRISTOPHER W. TERRY, ESQ.
                           Boyer Terry
                           348 Cotton Ave., Suite 200
                           Macon, GA 31201
                           478-742-6481


For Astrid Gabbe:          JASON M. ORENSTEIN, ESQ.
                           Jason M. Orenstein, PC
                           P.O. Box 4086
                           Macon, GA 31208
                           478-743-6300


For Liquidating Trustee:   LEON S. JONES, ESQ.
                           THOMAS MCCLENDON, ESQ.
                           Jones & Walden
                           699 Piedmont Ave. NE
                           Atlanta, GA 30308
                           404-564-9300


Also present:              CHRISTOPHER KOSACHUK
                           Pro Se Creditor and/or Interested Pty.

                           ALEXIS KING
                           Pro Se Creditor and/or Interested Pty.

                           JOSEPH GUERNEY
                           D/B/A RED SHIELD FUNDING
                           Pro Se Creditor and/or Interested Pty.

47

1   what I was talking about and what I was trying to explain of

2   what the issue is with this transfer.

3          Look at this form.  This is the form that I was

4   talking about, B2100A.  It's the Transfer of Interest.  This is

5   the one allegedly signed by Ms. King and if you look at this

6   form, it's got two signatures blanks at the bottom.  If you

7   look at this, you probably think this is the form that came off

8   the website.  It's not.  It's been modified.  Go to Exhibit 25

9   and look at my transfer form.  That's the official one

10  downloaded from the website unmodified.  It has one signature

11  blank, not two.

12         Then you flip the page and you will find on the back

13  side, they copied -- they saved paper.  You'll see the

14  evidence, the assignment.  That's how a transfer of a proof of

15  claim is supposed to occur.  I shouldn't have to explain this

16  to Mr. McClendon.

17         If we go back to his Exhibit 2, this is what he

18  accepted as a proof of claim transfer with two little "S's" for

19  signatures when neither party signed it.  And there's no

20  assignment whatsoever in the record.  Thank you.

21         **THE COURT:**  Were you served with the objection to

22  your proof of claim?

23         **MR. KOSACHUK:**  I have not been served with an

24  objection to the transfer of the proof of claim that was done

25  last week on the 10th, no.

1          **THE COURT:**  Okay.  Well, we're not here on that on.

2    Okay?  We -- you're claiming -- were you served with the

3    objection to Proof of -- to the assignment to the Proof of

4    Claim Number 98?

5          **MR. KOSACHUK:**  The original objection?

6          **THE COURT:**  Yes.

7          **MR. KOSACHUK:**  Yes.

8          **THE COURT:**  I entered an order.

9          **MR. KOSACHUK:**  You did.

10         **THE COURT:**  Okay.  You did not appeal that order.

11   That's a final order.  That assignment is gone.  Now, if you

12   think you can do a nunc pro tunc and you've got some law to the

13   effect that that's effective, I'll hear you -- not today.

14         **MR. KOSACHUK:**  I understand Your Honor and I do.

15         **THE COURT:**  We're not on -- we're not here on an

16   objection to the proof of claim you filed last week.

17         **MR. KOSACHUK:**  I understand.

18         **THE COURT:**  Okay.

19         **MR. KOSACHUK:**  But I do have an interest in this and

20   to the extent that the Court's going to start questioning

21   witnesses, I have a right to be heard.  I want to be heard.

22   And I'm going to object to this hearing of me being sequestered

23   and I'm not going to participate in something while I'm

24   getting --

25         **THE COURT:**  What is your interest?

## CERTIFICATION


I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_____                    October 22, 2023


TONI HUDSON, TRANSCRIBER

**IN THE UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

IN RE:

TERI G. GALARDI,

        **Debtor.**

CHAPTER 11

CASE NO.  22-50035-JPS

<u>**CERTIFICATE OF SERVICE**</u>

       This is to certify that on this day the foregoing *Second Motion to Disallow Transfer of Claim 98 for Liquidating Trust Purposes* (the "Motion") was electronically filed using the Bankruptcy Court's Electronic Case Filing program which sends a notice of and an accompanying link to the Motion to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing Program:

- **Michael Akemon**   mutepe.akemon@richardslegal.com
- **Ainsworth G Dudley**   adudleylaw@gmail.com
- **Evan Owens Durkovic**   ecfgamb@aldridgepite.com, edurkovic@ecf.courtdrive.com
- **Robert G. Fenimore**   robert.g.fenimore@usdoj.gov, Ustp.region21.mc.ecf@usdoj.gov
- **Will Bussell Geer**   wgeer@rlkglaw.com, notices@nextchapterbk.com; willgeer@ecf.courtdrive.com;2836@notices.nextchapterbk.com;6717577420@filings.docket bird.com;geer.willb117921@notify.bestcase.com;emiller@rlkglaw.com
- **Whitney Warnke Groff**   wgroff@law.ga.gov
- **Elizabeth A. Hardy**   elizabeth.a.hardy@usdoj.gov, Ustp.region21.mc.ecf@usdoj.gov; elizabeth.hardy.collins@usdoj.gov
- **Christina T. Lanier**   christina.t.lanier@usdoj.gov, southern.taxcivil@usdoj.gov
- **Jonathan Loegel**   jonathan@loegel.com
- **Roy E. Manoll**   kdd@fbglaw.com
- **Louis G. McBryan**   lmcbryan@mcbryanlaw.com, alepage@mcbryanlaw.com
- **Garrett A. Nail**   gnail@pgnlaw.com
- **James D. Silver**   jsilver@kklaw.com, raldama@kklaw.com
- **Ward Stone**   wstone@stoneandbaxter.com, lford@stoneandbaxter.com; mcathey@stoneandbaxter.com;dbury@stoneandbaxter.com;lchapman@stoneandbaxter.com; amoses@stoneandbaxter.com
- **Christopher W. Terry**   chris@boyerterry.com, terrycr40028@notify.bestcase.com
- **U.S. Trustee - MAC**   Ustp.region21.mc.ecf@usdoj.gov

       I further certify that on the date indicated below, I caused a true and correct copy of the Motion to be served upon the following parties listed below via first class mail, postage prepaid and (as to Mr. Kosachuk) by email:

Christopher Kosachuk
854 Pheasant Run Rd
West Chester, PA 19382
chriskosachuk@gmail.com

Shakir Williams
c/o Astrid Evelyn Gabbe, Esq.
P.O. Box 4216
Hollywood, FL 33083

This 24ᵗʰ day of October, 2023.

**JONES & WALDEN LLC**

/s/ *Thomas T. McClendon*
Thomas T. McClendon
Georgia Bar No. 431452
699 Piedmont Ave. NE
Atlanta, Georgia 30308
(404) 564-9300
tmcclendon@joneswalden.com
Liquidating Trustee