**IN THE UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **IN RE:**<br><br>**TERI G. GALARDI,**<br><br>　　　　　**Debtor.** | **CHAPTER 11**<br><br>**CASE NO.  22-50035-JPS** |

**MOTION TO DISALLOW TRANSFER OF CLAIM 57**
**FOR LIQUIDATING TRUST PURPOSES**

Thomas T. McClendon, as Liquidating Trustee of the Galardi Creditors Trust (the "Liquidating Trustee"), hereby moves the Court for an order disallowing the purported transfer to Christopher Kosachuk of Proof of Claim Number 57, and in support states as follows:

1.　　　The Court has jurisdiction over this motion pursuant to Article 9.1(a) of the Plan (retention of jurisdiction over disputes with respect to Claims), (e) (retention of jurisdiction over the making of distributions under the Plan), and (m) (retention of jurisdiction over all matters regarding or related to the administration of the Galardi Creditors Trust).

2.　　　On January 12, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in this Court (Doc. No. 1).

3.　　　On April 14, 2023, the Court entered an *Order Confirming Joint Plan of Reorganization* (Doc. No. 410) (the "Confirmation Order"). Pursuant to the Confirmation Order, the Liquidating Trustee was appointed to oversee the Galardi Creditors Trust for the benefit of unsecured creditors under Class 8 of the plan.

4.　　　On May 10, 2023, the Liquidating Trustee filed his *Objection to Claim No. 98 of Astrid E. Gabbe* (Doc. No. 428) (the "Claim Objection").

5.      On June 5, 2023, Astrid E. Gabbe filed her *Affidavit in Opposition to Liquidating Trustee's Objection to Claim No. 57 of Astrid E. Gabbe (ECF 428]* (Doc. No. 444) (the "Gabbe Response").

6.      The Claim Objection remains pending before this Court as of the date of this Motion. The Court has currently set a briefing schedule on the question of whether Ms. Gabbe holds a claim against the estate or the Liquidating Trust.

7.      The Liquidating Trustee has previously objected to four transfers of claims, including one where Mr. Kosachuk was the transferee. *See* Dkt. 495, 570 (Claim No. 98 against Mr. Kosachuk). The Court sustained each objection.

8.      On October 16, 2023, during the hearing on the Liquidating Trustee's *Motion to Hold Astrid E. Gabbe in Contempt for Violation of The Confirmed Plan and the Automatic Stay, and Enjoin Further Conduct, and for Related Relief* (Dkt. 604), Christopher Kosachuk filed a *Transfer of Claim Other Than For Security* of Claim 57 (Dkt. 614). The Transfer is attached as **Exhibit "A."**

9.      At that hearing, Mr. Kosachuk acknowledged that he received a copy of the Liquidating Trustee's objection to his first transfer of Claim No. 98. He further acknowledged that the Court entered an Order disallowing his Transfer of Claim No. 98 for Liquidating Trust Purposes (Dkt. 570). A true and correct copy of the transcript excerpt from the October 16, 2023 hearing is attached as **Exhibit "B".**

10.     The purported date of transfer was "nunc pro tunc to March 18, 2022."[1] The assignment purported to transfer a "50% interest in Proof of Claim No. 57."

---

[1] Astrid Gabbe's proof of claim was filed on March 17, 2022, so the transfer of claim purports to be effective the date after the claim was filed.

11.     As the Supreme Court has recently stated:

Federal courts may issue nunc pro tunc orders, or "now for then" orders, Black's Law Dictionary, at 1287, to "reflect[ ] the reality" of what has already occurred, *Missouri v. Jenkins*, 495 U. S. 33, 49, 110 S. Ct. 1651, 109 L. Ed. 2d 31 (1990). "Such a decree presupposes a decree allowed, or ordered, but not entered, through inadvertence of the court." *Cuebas y Arredondo v. Cuebas y Arredondo*, 223 U. S. 376, 390, 32 S. Ct. 277, 56 L. Ed. 476 (1912).

Put colorfully, "[n]unc pro tunc orders are not some Orwellian vehicle for revisionist history—creating 'facts' that never occurred in fact." *United States* v. *Gillespie*, 666 F. Supp. 1137, 1139 (ND Ill. 1987). Put plainly, the court "cannot make the record what it is not." *Jenkins*, 495 U. S., at 49.

*Roman Catholic Archdiocese of San Juan v. Feliciano*, 140 S. Ct. 696, 701 (2020).

12.     Mr. Kosachuk's attempt to "nunc pro tunc" the transfer to the day after the claim was filed is nothing more than another attempt at an "end run" around this Court's prior rulings that the claims cannot be transferred post-confirmation.

13.     First, federal courts may issue *nunc pro tunc* orders. There is no authority for a purported party to "*nunc pro tunc*" anything.

14.     Second, even if there were any authority for a party to use the doctrine of *nunc pro tunc*, "nunc pro tunc orders are not some Orwellian vehicle for revisionist history—creating 'facts' that never occurred in fact." *Id.*

15.     There is nothing in the record to indicating that Ms. Gabbe actually signed a transfer of claim to Mr. Kosachuk on March 22, 2022, when this case was in its infancy.

16.     Section 3.1 of the Liquidating Trust Agreement provides: "Unless the Liquidating Trustee determines otherwise, Beneficial Interests in the Creditors Trust shall not be transferable."

17.     Paragraph 6.13 of the Plan does provide for assignment of Allowed Claims. However, Paragraphs 6.4 expressly provides Paragraph 6.13 does not apply to "claims to be reviewed by the Liquidating Trustee and paid through the Galardi Creditors Trust, all as provided

in the Trust Agreement, unless expressly provided herein…." The claim at issue in this motion is a Class 8 unsecured claim.

18.     The Liquidating Trustee brings this Motion to disallow the transfer of Claim 57 as unauthorized by the Plan and Liquidating Trust Agreement.

WHEREFORE, the Liquidating Trustee respectfully requests that the Court:

(i)      grant this Motion,

(ii)     enter an Order disallowing the Transfer of Claim No. 57,

(iii)    direct the Clerk to strike the notice of transfer of Claim No. 57, and

(iv)     direct the Clerk to reflect that Astrid E. Gabbe shall be the sole holder of Claim No. 57; and

(v)      for further relief to the Liquidating Trustee as is just and proper.

Respectfully submitted this 24th day of October, 2023.

**JONES & WALDEN LLC**

/s/ *Thomas T. McClendon*
Thomas T. McClendon
Georgia Bar No. 431452
699 Piedmont Ave. NE
Atlanta, Georgia 30308
(404) 564-9300
tmcclendon@joneswalden.com
Liquidating Trustee

# Exhibit "A"

B 2100A (Form 2100A) (12/15)

# UNITED STATES BANKRUPTCY COURT

Middle District of Georgia

In re Galardi _____ ,                    Case No. 22-50035-JPS _____

### TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Christopher Kosachuk _____              Astrid E. Gabbe _____
        Name of Transferee                                             Name of Transferor

Name and Address where notices to transferee          Court Claim # (if known): _____
should be sent:                                       Amount of Claim: _____ $57.00 _____
                                                      Date Claim Filed: _____ 10/16/2023 _____
854 Pheasant Run Rd
West Chester, PA 19382

Phone: 305-490-5700 _____               Phone: _____
Last Four Digits of Acct #: _____              Last Four Digits of Acct. #: _____

Name and Address where transferee payments
should be sent (if different from above):

Phone: _____
Last Four Digits of Acct #: _____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____               Date: _____
        Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 & 3571.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA

In re:                                          Case No. 22-50035-JPS

Teri Galardi,                                   Chapter 11

          Debtor.
_____/

**ASSIGNMENT AND TRANSFER OF A 50% INTEREST IN PROOF OF CLAIM
NUMBER 57 AND ALL ITS AMENDMENTS TO CHRISTOPHER KOSACHUK**

Astrid E. Gabbe, creditor/claimant in the above referenced bankruptcy, wherein proof of claim number 57 was filed on March 17, 2022 and subsequently amended most recently on October 7, 2023, does hereby transfer and assign a 50% interest to Christopher Kosachuk, along with 50% of any and all rights, entitlements, interests, and remedies thereof and hereby consents that the same shall be transferred and assigned to Christopher Kosachuk who shall be solely responsible for filing and paying of any fees due to the bankruptcy court for this transfer and assignment.

Astrid E. Gabbe represents and warrants that this proof of claim is unsatisfied and has not been assigned, transferred or hypothecated in whole or in part to any other party outside of this transfer and assignment.

This assignment is effective *nunc pro tunc*, to March 18, 2022.

Dated: 16th day of October 2023

By: _____
Astrid E. Gabbe, Esq.
The Law Office of Astrid E. Gabbe, P.A.
Florida Bar No. 635383
P.O. Box 4216
Hollywood, FL 33083
Tel. (954) 303-9882
Fax. (954) 983-1427
astridgabbe@gmail.com

# Exhibit "B"

**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
(MACON DIVISION)**

| | | |
|---|---|---|
| IN RE: | ) | CASE NO: 22-50035-JPS |
| | ) | Chapter 11 |
| | ) | |
| TERI G. GALARDI, | ) | Macon, Georgia |
| | ) | |
| | ) | Monday, October 16, 2023 |
| Debtor. | ) | 1:15 p.m. to 2:33 p.m. |
| | ) | 2:45 p.m. to 3:38 p.m. |
| | | 3:51 p.m. to 4:14 p.m. |

**HEARING RE:**

**MOTION FOR CONTEMPT [DKT.NO.604];**

**RESPONSE WITH OPPOSITION [DKT.NO.613];**

**OBJECTION TO CLAIM #57 [DKT.NO.428];**

**OBJECTION TO CLAIM #110 [DKT.NO.512]**

**BEFORE THE HONORABLE JAMES P. SMITH,
UNITED STATES BANKRUPTCY JUDGE**

**APPEARANCES:**              **SEE PAGE 2**

**Court Recorder [ECRO]:**   Denise L. Harris

**Transcribed by:**          Exceptional Reporting Services, Inc.
P.O. Box 8365
Corpus Christi, TX 78468
361 949-2988

**Proceedings recorded by electronic sound recording;
transcript produced by transcription service.**

EXCEPTIONAL REPORTING SERVICES, INC

2

<u>APPEARANCES</u>:


For Debtor:                CHRISTOPHER W. TERRY, ESQ.
                           Boyer Terry
                           348 Cotton Ave., Suite 200
                           Macon, GA 31201
                           478-742-6481


For Astrid Gabbe:          JASON M. ORENSTEIN, ESQ.
                           Jason M. Orenstein, PC
                           P.O. Box 4086
                           Macon, GA 31208
                           478-743-6300


For Liquidating Trustee:   LEON S. JONES, ESQ.
                           THOMAS MCCLENDON, ESQ.
                           Jones & Walden
                           699 Piedmont Ave. NE
                           Atlanta, GA 30308
                           404-564-9300


Also present:              CHRISTOPHER KOSACHUK
                           Pro Se Creditor and/or Interested Pty.

                           ALEXIS KING
                           Pro Se Creditor and/or Interested Pty.

                           JOSEPH GUERNEY
                           D/B/A RED SHIELD FUNDING
                           Pro Se Creditor and/or Interested Pty.

47

1   what I was talking about and what I was trying to explain of

2   what the issue is with this transfer.

3         Look at this form.  This is the form that I was

4   talking about, B2100A.  It's the Transfer of Interest.  This is

5   the one allegedly signed by Ms. King and if you look at this

6   form, it's got two signatures blanks at the bottom.  If you

7   look at this, you probably think this is the form that came off

8   the website.  It's not.  It's been modified.  Go to Exhibit 25

9   and look at my transfer form.  That's the official one

10  downloaded from the website unmodified.  It has one signature

11  blank, not two.

12        Then you flip the page and you will find on the back

13  side, they copied -- they saved paper.  You'll see the

14  evidence, the assignment.  That's how a transfer of a proof of

15  claim is supposed to occur.  I shouldn't have to explain this

16  to Mr. McClendon.

17        If we go back to his Exhibit 2, this is what he

18  accepted as a proof of claim transfer with two little "S's" for

19  signatures when neither party signed it.  And there's no

20  assignment whatsoever in the record.  Thank you.

21        **THE COURT:**  Were you served with the objection to

22  your proof of claim?

23        **MR. KOSACHUK:**  I have not been served with an

24  objection to the transfer of the proof of claim that was done

25  last week on the 10th, no.

48

1          **THE COURT:**  Okay.  Well, we're not here on that on.

2   Okay?  We -- you're claiming -- were you served with the

3   objection to Proof of -- to the assignment to the Proof of

4   Claim Number 98?

5          **MR. KOSACHUK:**  The original objection?

6          **THE COURT:**  Yes.

7          **MR. KOSACHUK:**  Yes.

8          **THE COURT:**  I entered an order.

9          **MR. KOSACHUK:**  You did.

10         **THE COURT:**  Okay.  You did not appeal that order.

11  That's a final order.  That assignment is gone.  Now, if you

12  think you can do a nunc pro tunc and you've got some law to the

13  effect that that's effective, I'll hear you -- not today.

14         **MR. KOSACHUK:**  I understand Your Honor and I do.

15         **THE COURT:**  We're not on -- we're not here on an

16  objection to the proof of claim you filed last week.

17         **MR. KOSACHUK:**  I understand.

18         **THE COURT:**  Okay.

19         **MR. KOSACHUK:**  But I do have an interest in this and

20  to the extent that the Court's going to start questioning

21  witnesses, I have a right to be heard.  I want to be heard.

22  And I'm going to object to this hearing of me being sequestered

23  and I'm not going to participate in something while I'm

24  getting --

25         **THE COURT:**  What is your interest?

# CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_____          October 22, 2023

TONI HUDSON, TRANSCRIBER

EXCEPTIONAL REPORTING SERVICES, INC

**IN THE UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

IN RE:

TERI G. GALARDI,

        Debtor.

**CHAPTER 11**

**CASE NO.  22-50035-JPS**

**CERTIFICATE OF SERVICE**

        This is to certify that on this day the foregoing *Motion to Disallow Transfer of Claim 57 for Liquidating Trust Purposes* (the "Motion") was electronically filed using the Bankruptcy Court's Electronic Case Filing program which sends a notice of and an accompanying link to the Motion to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing Program:

- **Michael Akemon**    mutepe.akemon@richardslegal.com
- **Ainsworth G Dudley**    adudleylaw@gmail.com
- **Evan Owens Durkovic**    ecfgamb@aldridgepite.com, edurkovic@ecf.courtdrive.com
- **Robert G. Fenimore**    robert.g.fenimore@usdoj.gov, Ustp.region21.mc.ecf@usdoj.gov
- **Will Bussell Geer**    wgeer@rlkglaw.com, notices@nextchapterbk.com;
  willgeer@ecf.courtdrive.com;2836@notices.nextchapterbk.com;6717577420@filings.docket
  bird.com;geer.willb117921@notify.bestcase.com;emiller@rlkglaw.com
- **Whitney Warnke Groff**    wgroff@law.ga.gov
- **Elizabeth A. Hardy**    elizabeth.a.hardy@usdoj.gov, Ustp.region21.mc.ecf@usdoj.gov;
  elizabeth.hardy.collins@usdoj.gov
- **Christina T. Lanier**    christina.t.lanier@usdoj.gov, southern.taxcivil@usdoj.gov
- **Jonathan Loegel**    jonathan@loegel.com
- **Roy E. Manoll**    kdd@fbglaw.com
- **Louis G. McBryan**    lmcbryan@mcbryanlaw.com, alepage@mcbryanlaw.com
- **Garrett A. Nail**    gnail@pgnlaw.com
- **James D. Silver**    jsilver@kklaw.com, raldama@kklaw.com
- **Ward Stone**    wstone@stoneandbaxter.com, lford@stoneandbaxter.com;
  mcathey@stoneandbaxter.com;dbury@stoneandbaxter.com;lchapman@stoneandbaxter.com;
  amoses@stoneandbaxter.com
- **Christopher W. Terry**    chris@boyerterry.com, terrycr40028@notify.bestcase.com
- **U.S. Trustee - MAC**    Ustp.region21.mc.ecf@usdoj.gov

        I further certify that on the date indicated below, I caused a true and correct copy of the Motion to be served upon the following parties listed below via first class mail, postage prepaid and (as to Mr. Kosachuk) by email:

Christopher Kosachuk
854 Pheasant Run Rd
West Chester, PA 19382
chriskosachuk@gmail.com

Astrid Evelyn Gabbe, Esq.
P.O. Box 4216
Hollywood, FL 33083

This 24th day of October, 2023.

**JONES & WALDEN LLC**

/s/ *Thomas T. McClendon*
Thomas T. McClendon
Georgia Bar No. 431452
699 Piedmont Ave. NE
Atlanta, Georgia 30308
(404) 564-9300
tmcclendon@joneswalden.com
Liquidating Trustee