**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**

In re:                                                                Case No. 22-50035-JPS

Teri Galardi,                                                         Chapter 11

    Debtor,
_____/

ASTRID E. GABBE, ESQ. JAMMIE PARKER,
SHAKIR WILLIAMS AND
CHRISTOPHER KOSACHUK,                                                 Adversary Complaint

    Plaintiffs,

v.

THOMAS T. MCCLENDON, ESQ. INDIVIDUALLY
AND AS LIQUIDATING TRUSTEE OF THE
THE GALARDI CREDITORS TRUST,
THE GALARDI CREDITORS TRUST,
LEON JONES, ESQ., INDIVIDUALLY AND
AS ATTORNEY OF RECORD FOR MR. MCCLENDON
JONES & WALDEN, LLC, AINSWORTH DUDLEY, ESQ.,
THE UNSECURED CREDITORS COMMITTEE &
JOSEPH ROBERT GUERNSEY D/B/A RED SHIELD FUNDING

    Defendants.
_____/

**COMPLAINT TO REVOKE CONFIRMATION ORDER**
**FOR FRAUD AND OTHER RELIEF**

Plaintiffs Astrid E. Gabbe, Esq., ("Ms. Gabbe"), Jammie Parker, ("Ms. Parker"), Shakir Williams ("Ms. Williams") and Christopher Kosachuk ("Mr. Kosachuk"), hereby sue Thomas T. McClendon, individually and as Liquidating Trustee of the Galardi Creditors Trust, the Galardi Creditor Trust, Leon Jones, Esq. individually and as attorney of record for Mr. McClendon, his firm Jones & Walden, the Unsecured Creditor Committee, and Ainsworth Dudley, Esq. to revoke the Confirmation Order for fraud solely as it relates to Class 8 Unsecured Creditors, to remove

Thomas T. McClendon as Liquidating Trustee, to provide an accounting of all Galardi Creditor Trust assets and disbursements to date and to appoint a new Liquidating Trustee and to recover embezzled Galardi Creditors Trust funds. Plaintiffs allege as follows:

1. This is an action against the defendants to revoke the Confirmation Order [BK ECF No. 410 for fraud pursuant to 11 U.S.C. § 1144, Fed. R. Bankr. P. 9024 and Fed. R. Civ. P. 60(d)(3), for a current accounting of Galardi Creditor Trust Assets and distributions made to date, to remove Thomas T. McClendon as Liquidating Trustee and to modify the Confirmed Plan with respect to the Class 8 claimants and to recover embezzled funds.

## Parties, Jurisdiction and Venue

2. Plaintiffs are class 8 unsecured claimants and Galardi Creditors Trust beneficiaries.

3. Defendant Thomas T. McClendon is the Liquidating Trustee of the Galardi Creditor Trust and beneficiary of the fraud.

4. Defendant The Galardi Creditors Trust is the $10 million Trust set up to pay the Class 8 Unsecured Claimants like Plaintiffs who hold pre-petition Florida Minimum Wage Act claims against Debtor Galardi and has been defrauded.

5. Defendant Leon Jones, Esq. is the attorney of record for Thomas T. McClendon and beneficiary of the fraud.

6. Defendant Jones & Walden, LLC is the law firm of Mssrs. Jones and McClendon and beneficiary and architect of the fraud.

7. Defendant Ainsworth Dudley, Esq. is a Class 8 unsecured claimant and beneficiary and architect of the fraud.

8. Defendant the Unsecured Creditors Committee appointed Thomas T. McClendon and beneficiary and architect of the fraud.

9. Defendant Joseph Robert Guernsey is a convicted felon who submitted a sham proof of claim in the name of Alexis King (Claim 110), which claim should be stricken from the Claim Registry as a fraud on this Court.

10. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§§ 157(b), 1334(b) and 2201(a) because this action is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (L). The statutory predicate for the relief requested is 11 U.S.C. § 1144, Fed. R. Bankr. P. 9024 and Fed. R. Civ. P. 60(d)(3). The Bankruptcy Rules provide that "a proceeding to revoke an order of confirmation of a chapter 11 … plan" is an adversary proceeding. Fed. R. Bankr. P. 7001(5).

11. Venue is proper in this Court under 28 U.S.C. § 1409 because this action arises in or relates to the Bankruptcy Case.

12. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (L).

**Factual Allegations**

**A. The Fraudulent Confirmation Order**

13. The Debtor filed the Bankruptcy Case on January 12, 2022.

14. In order to proceed to confirmation and obtain the Confirmation Order, the Thomas T. McClendon solicited the vote of Plaintiff Jammie Parker for the plan.

15. Ms. Parker voted for the plan because Mr. McClendon told her that her proof of claim number 95 would be paid by the Galardi Creditor Trust without objection.

16. After confirmation, Mr. McClendon objected to Ms. Parker's claim [*see* Doc. 418] and this Court sustained the objection [*see* Doc. 506], which has a pending appeal to the District Court [Doc. 515] and a pending Motion for Reconsideration [Doc. 516].

17. The Confirmation Order was procured by fraud as it relates to Plaintiff Parker.

18. Ms. Parker's Claim number 95 should be paid in full by the Galardi Creditors Trust.

## B. The Sham Proofs of Claims of Krystal Wright (Claim 116), Latoya Hughes (Claim 117) and Addie Brooks (Claim 118)

19. The original claims bar date was March 23, 2022 as set by the original 341 Notice [*See* Doc. 8] and Ms. Wright, Ms. Hughes and Ms. Brooks failed to file timely proofs of claims. At this point, their claims should have been barred.

20. Thereafter, Mr. Dudley, Mr. Jones and Mr. McClendon conspired and caused an amended 341 Notice to be filed on April 4, 2022 [Doc. 71] which reset the proof of claim deadline to May 17, 2022.

21. On April 11, 2022, Mr. Dudley filed bloated claims for Ms. Wright's Claim 116 ($328,108), Ms. Hughes' Claim 117 ($727,560) and Ms. Brooks Claim 118 ($727,560). The amounts demanded were two times the amount demanded in the pre-suit notice.[1]

22. Attached to each proof of claim was a pre-suit demand notice dated April 11, 2022, April 6, 2022 and April 9, 2022, respectively, drafted by Mr. Dudley and sent to Debtor Galardi and her attorney of record Louis McBryan.

23. The pre-suit notices demanded that Debtor Galardi pay each of these claimants within 15 days. The pre-suit notices are void *ab initio* because they violated the automatic stay.

24. On June 1, 2022, Mr. Jones and Mr. McClendon filed a Bankruptcy Rule 2019 and disclosed to this Court that: "On or about April 5, 2022, the Firm [Jones & Walden] was retained to represent Krystall Wright in connection with this Case"; "On or about April 8, 2022, the Firm [Jones & Walden] was retained to represent Addie Brooks in connection with this Case"; "On or

---

[1] Alexis King demanded $803,814.00 in her arbitration but was only awarded $468,446.62. [*See* King Judgment].

about April 13, 2022, the Firm [Jones & Walden] was retained to represent Angela Milner in connection with this Case".

25. As Liquidating Trustee, Mr. McClendon had a perverse financial incentive to allow these stale claims to be revived and paid without objection even though they are time-barred and void for lack of a valid pre-suit notice.

26. Mr. Dudley, Mr. Jones, Mr. McClendon and Jones & Walden all benefitted financially by failing to object to these claims because the first distribution from the Galardi Creditors Trust was already made back in July 2023.

27. Ms. Gabbe and Mr. Kosachuk repeatedly demanded copies of the distribution letters with respect to these clients and others from Defendants Dudley, Jones and McClendon who refused to produce them. Ms. Gabbe even subpoenaed Mr. Dudley and Mr. McClendon both of whom have defied the subpoenas.

28. Based on a 20.78% first distribution, Ms. Wright's distribution was $68,181 and Attorneys Dudley, McClendon, Jones and Jones & Walden received, upon information and belief, $30,681 as contingency fees.

29. Based on a 20.78% first distribution, Ms. Hughes's distribution was $151,187 and Attorneys Dudley, McClendon, Jones and Jones & Walden received, upon information and belief, $68,034 as contingency fees.

30. Based on a 20.78% first distribution, Ms. Brooks' distribution was $151,187 and Attorneys Dudley, McClendon, Jones and Jones & Walden received, upon information and belief, $68,034 as contingency fees.

31. In total $370,555 was misappropriated and embezzled from the Galardi Creditors Trust with respect to just these three claimants and should be returned immediately.

### C. The Assignment of Shakir Williams (Claim 98) to Mr. Kosachuk

32. The Defendant attorneys' scheme was quite ingenious because it delegated to the Liquidating Trustee, Mr. McClendon, the sole power to object to claims as well as to accept or reject an assignment of a beneficial interest in the Galardi Creditor Trust.

33. Mr. McClendon has wielded this power like a sword to attack the legitimate Williams Claim (98) and contest its transfer and assignment to Mr. Kosachuk while ignoring a blatantly fraudulent transfer.

34. The transfer of claim 98 to Mr. Kosachuk should be recognized with an effective date of March 22, 2022 and paid directly to Mr. Kosachuk by the Galardi Creditors Trust. [*See* Doc. 614].

35. The pending objection [Doc. 417] should be stricken and Claim 98 should be paid in its entirety by the Galardi Creditor Trust.

### D. The Assignment of Alexis King (Claim 110) to Convict Guernsey

36. Mr. McClendon allowed a convicted felon, Joseph Robert Guernsey, to run wild in this bankruptcy and falsely transfer to himself four different claims, three of which Mr. McClendon successfully challenged but the fourth was allowed to stand and is the most offensive.

37. Ms. Gabbe obtained a $468,446.62 Final Judgment (the "King Judgment") against Ms. Galardi on September 20, 2021 in the United States District Court for the Southern District of Florida. [*See Darden, King v. Galardi,* Case No. 20-20592-Cannon-Otazo-Reyes Doc. 37]. The King Judgment was attached to three separate claims in this bankruptcy, Claim 57 of Ms. Gabbe, Claim 101 of Ms. King and Claim 110 of Mr. Guernsey's Red Shield Funding.

38. Ms. Gabbe owns a 35% contingency fee interest in the King Judgment and as such filed proof of claim 57 to represent her $163,956 interest.

39. Ms. Gabbe on behalf of Ms. King filed proof of claim 101 to represent Ms. King's $304,490 interest.

40. Mr. Guernsey then decided to file a third proof of claim 110, in the name of Alexis King, representing the entire King Judgment amount of $468,446.

41. Ms. Guernsey sat silently on the sidelines until February 28, 2023, when forged Ms. King's signature and withdrew Ms. King's Claim 101. [*See* Doc. 306]. Ms. King testified at the September 27, 2023 hearing that she did not file the withdrawal of this proof of claim.

42. Thereafter, Mr. Guernsey submitted a sham assignment of Ms. King's Claim 110 to his Red Shield Funding. [*See* Doc. 325]. Mr. Guernsey failed to attach any evidence of the assignment and modified the official bankruptcy form to transfer a claim, form B2100A, by adding a signature block for Ms. King to sign. Both signatures are /s/ signatures, not original wet signatures. Additionally, no evidence of an assignment of the King Judgment was attached to the form. A review of the Darden docket from the SDFL confirms that there is no assignment of the King Judgment to Mr. Guernsey or Red Shield Funding.

43. Given all these red flags, Mr. McClendon still failed to object to the transfer and has thus far allowed the assignment to Mr. Guernsey. This abject failure of Mr. McClendon constitutes cause for his removal as Liquidating Trustee.

44. Mr. Guernsey probably would have succeeded in his scam had he not gotten so greedy and tried to steal Ms. Gabbe's $163,956 interest in the King Judgment because at the September 25, 2023 hearing Mr. Guernsey pushed for a Consent Order, to which this Court initially acquiesced.

45. Smelling a rat, Ms. Gabbe properly refused to agree to any consent order distributing Galardi Trust Assets to Mr. Guernsey.

46. Thereafter, Ms. Gabbe moved to protect her client Ms. King and her attorney charging lien by obtaining the Consent Judgment, which is of record in this Court. [*See Gabbe v. King,* Case No. 23-0508-JPS].

47. Instead of working with Ms. Gabbe to rid the Galardi Bankruptcy of convicted felon Guernsey, Mr. McClendon and Mr. Jones decided to attack Ms. Gabbe, Mr. Kosachuk and the Honorable Raag Singhal.

48. Mr. McClendon needs to be immediately removed as the Liquidating Trustee before any more harm occurs and replaced by a competent Liquidating Trustee such as Mr. Kosachuk.

## COUNT I

### Revocation of the Confirmation Order for Fraud
### (11 USC §1144)

49. To the extent applicable, Plaintiffs incorporate by reference paragraphs 1 to 45 as if fully rewritten herein.

50. This adversary complaint is to revoke the confirmation order for fraud pursuant to 11 U.S.C. § 1144, Fed. R. Bankr. P. 9024 and Fed. R. Civ. P. 60(d)(3).

## COUNT II

### False Oaths
### (Violation of 18 USC §152)

51. To the extent applicable, Plaintiffs incorporate by reference paragraphs 1 to 47 as if fully rewritten herein.

52. Defendants made false oaths in the Galardi bankruptcy in order to obtain the Confirmation Order and Mr. McClendon's appointment as Liquidating Trustee and Mr. Jones and the Jones & Walden firm as his attorney.

53. Mr. Guernsey filed sham documents in the Galardi Bankruptcy with respect to proof of claim 101 and 110.

### COUNT III

**The Ainsworth G. Dudley's Sham Proofs of Claims**
**(Violation of 18 USC §152)**

54. To the extent applicable, Plaintiffs incorporate by reference paragraphs 1 to 50 as if fully rewritten herein.

55. Mr. Dudley filed knowingly time-barred and fraudulent proofs of claims because of his covert deal with Mr. McClendon and Mr. Jones to pay these claims without objections, which in fact has occurred with respect to Claims 116, 117 and 118, so that Mssrs. Dudley, Jones and McClendon would profit from their contingency fees on these sham claims.

56. The first distribution of 20.78% with respect to these claims must be returned to the Galardi Creditor Trust for redistribution to the legitimate class 8 creditors and Claims 116, 117 and 118 are stricken from the claims registry and the money is returned to the Galardi Creditors Trust for redistribution to legitimate Class 8 Claimants.

### COUNT IV

**Embezzlement from the Galardi Creditors Trust –**
**Proof of Claims and Attorneys' Fees Paid Which Are Fraudulent**
**(Violation of 18 USC §153)**

57. To the extent applicable, Plaintiffs incorporate by reference paragraphs 1 to 53 as if fully rewritten herein.

58. The first distribution of 20.78% with respect to claims 116, 117 and 118 must be returned to the Galardi Creditor Trust for redistribution to the legitimate class 8 creditors.

59. In total $370,555 was misappropriated and embezzled from the Galardi Creditors Trust with respect to Wright's Claim 116 ($68,181), Hughes' Claim 117 ($151,187) and Brooks' Claim 118 ($151,187).

60. The Court should also award Plaintiffs punitive damages in an amount of at least 10 times these actual damages of at least $3,705,550.

## COUNT V

### The Defendants' Bankruptcy Fraud
### (Violation of 18 USC §157)

61. To the extent applicable, Plaintiffs incorporate by reference paragraphs 1 to 57 as if fully rewritten herein.

62. As detailed above, the Defendants committed bankruptcy fraud and the revocation of the Confirmation Order is justified.

## COUNT VI

### Removal and Replacement of Thomas T. McClendon as Liquidating Trustee

63. To the extent applicable, Plaintiffs incorporate by reference paragraphs 1 to 59 as if fully rewritten herein.

64. Based on the allegations herein, Mr. McClendon must be removed as Liquidating Trustee immediately and replaced by a Liquidating Trustee capable of the job such as Mr. Kosachuk.

## COUNT VII

### Accounting of Trust Assets and Disbursements and Disgorgement of All Fees Paid to Jones and Walden, LLC and Dudley Law, LLC

65. To the extent applicable, Plaintiffs incorporate by reference paragraphs 1 to 61 as if fully rewritten herein.

66. Based on the allegations herein, Mr. McClendon must be removed as Liquidating Trustee immediately and replaced by a Liquidating Trustee capable of the job such as Mr. Kosachuk.

67. The Jones & Walden Law Firm needs to provide an immediate accounting of Galardi Creditor Trust assets and all distributions.

68. The Jones & Walden Law Firm needs to disgorge all of its ill-gotten gains from the Galardi Creditors Trust.

## COUNT VIII

### The Sham Proof of Claim 110
### (Violation of 18 USC §152)

69. To the extent applicable, Plaintiffs incorporate by reference paragraphs 1 to 65 as if fully rewritten herein.

70. Mr. Guernsey and his Red Shield Funding submitted a knowing false proof of claim 110 representing 100% of the King Judgment or $468,446.61 on behalf of Ms. King and then assign said claim to himself with no scrutiny from the Liquidating Trustee.

71. The Court should also award Plaintiffs punitive damages in an amount of at least 10 times these actual damages of at least $4,684,446 with joint and several liability on all defendants.

**WHEREFORE**, Plaintiffs respectfully request that the Court enter judgment as follows:

Count I - Revoking the Confirmation Order for Fraud with respect to Class 8 Unsecured Claimants pursuant to 11 U.S.C. § 1144, Fed. R. Bankr. P. 9024 and Fed. R. Civ. P. 60(d)(3) (b).

Count II – Finding that all Defendants submitted False Oaths in the Galardi Bankruptcy in violation of 18 USC §152.

Count III - Finding that all Defendants submitted False Proofs of Claims in the Galardi Bankruptcy in violation of 18 USC §152.

Count IV - Finding that all Defendant Dudley, Jones and McClendon submitted sham claims in order to embezzle $370,555 from the Galardi Bankruptcy in violation of 18 USC §153 and ordering that $370,555 should be immediately returned to the Galardi Creditor Trust for redistribution.

Count V - Finding that all Defendants committed bankruptcy fraud in the Galardi Bankruptcy in violation of 18 USC §157 and referred to the United States Attorneys Office and the Department of Justice for criminal prosecution.

Count VI - Finding that Mssrs. Dudley, Jones and McClendon operating in bad faith to appoint Mr. McClendon as Liquidating Trustee to aid and abet the embezzlement of funds from the Galardi Creditors Trust; removing Mr. McClendon as Liquidating Trust immediately, appointing a new Liquidating Trustee with the requisite skills to perform as Liquidating Trustee such as Mr. Kosachuk

Count VII – Ordering an accounting of the Galardi Creditor Trust assets and distributions and disgorgement of any fees paid to Jones & Walden during the entirety of the Galardi Bankruptcy.

Count VIII – Finding that Joseph Robert Guernsey submitted a sham proof of claim 110 in the name of Alexis King, which he transferred to himself, striking said proof of claim in its entirety and awarding punitive damages in amount of at least 10 times the proof of claim amount or $4,684,447 with joint and several liability to all Defendants.

Awarding Plaintiffs their reasonable attorney's fees and costs incurred against the Defendants and their attorneys and granting such other and further relief as the Court deems appropriate.

Dated: October 24, 2023					Respectfully submitted,

**Astrid E. Gabbe, Esq.**					**Pro Se Plaintiff**

_____				*/s/ Jammie Parker*
Astrid E. Gabbe, Esq.					Jammie Parker
The Law Office of Astrid E. Gabbe, P.A.		P.O. Box 4216
Florida Bar No. 635383					Hollywood, FL 33083
P.O. Box 4216						andreasexoticbooking@gmail.com
Hollywood, FL 33083
Tel. (954) 303-9882
Fax. (954) 983-1427
astridgabbe@gmail.com

**Pro Se Plaintiff**					**Pro Se Plaintiff**

_____				Shakir Williams
Chris Kosachuk						P.O. Box 4216
854 Pheasant Run Rd.					Hollywood, FL 33083
West Chester, PA 19382-8144
(305) 490-5700
chriskosachuk@gmail.com