UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

FILED
U.S. Bankruptcy Court
JUL 2 2 2024
Middle District of Georgia

In re:                                                                    Case No. 22-50035-AEC

TERI G. GALARDI,                                                Chapter 11

                                                                                  JUDGE AUSTIN E. CARTER

_____/

## NOTICE OF COMPLIANCE WITH COURT ORDER [DOC. 946]

Chris Kosachuk, ("Kosachuk"), *pro se*, files this Notice of Compliance with Court Order [Doc. 946] by attaching hereto the Original Affidavit with wet signatures with respect to [Doc. 924].

Respectfully submitted,

Chris Kosachuk
*Pro Se Interested Party*
854 Pheasant Run Rd.
West Chester, PA 19382-8144
(305) 490-5700
chriskosachuk@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of ~~June~~ July 2024 a true and correct copy of foregoing was mailed to the Clerk of Court who will electronically file with the Court's CM/ECF system, which will electronically serve a copy of the foregoing document on all parties of record and served on the parties via email and/or regular mail by the undersigned.

 

*[signature]*

Chris Kosachuk
*Pro Se Interested*
854 Pheasant Run Rd.
West Chester, PA 19382-8144
(305) 490-5700
chriskosachuk@gmail.com

## SERVICE LIST

**Via CM/ECF/EMAIL/FIRST-CLASS MAIL**

All parties of record

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF GEORGIA

In re:                                                    Case No. 22-50035-JPS

Teri Galardi,                                             Chapter 11

    Debtor,
_____/

### AFFFIDVIT OF CHRISTOPHER KOSACHUK
### IN SUPPORT OF MOTION TO SET ASIDE

I, Christopher Kosachuk, under the penalty of perjury, state:

1. That I have personal knowledge of the facts contained in this affidavit and have had some time but not ample time to review the hearing audio from the June 21 and June 28, 2024 hearings.

2. That based on what I said at the June 28th, 2024 hearing, Mr. Akemon wasted no time to start undermining undersigned's rights in the Mays Interpleader because at 9:46pm on Sunday June 30, 2024, he filed a Stipulation of Dismissal of the May Interpleader in Miami, attached hereto as Exhibit 1, with /s/ consent signatures and no signatures at all from Ainsworth Dudley or Dudley Law, LLC, whose signatures are required for such a stipulation of dismissal because they have appeared in the case. I smelled a rat immediately especially when Mr. Dudley's signature was not affixed.

3. That I now understand that Mr. Dudley and Mr. Akemon are in a dispute over the Mays Interpleader fees and that is why Mr. Dudley's signature was not affixed to the stipulation of dismissal.

4. That Mr. Akemon and Mr. Dudley have a history of dishonest dealings because I had to served a Florida Civil Theft Demand Letter for $52,922.00 on them on September 30, 2023,

which is attached hereto as Exhibit 2. when I discovered that Mr. Dudley had stolen Ms. Gabbe's fees from the Galardi Creditors Trust with respect to Ebony Mayfield.

5. That on October 13, 2023, Mr. Dudley wire transferred the stolen funds back to the Galardi Creditors Trust not to Ms. Gabbe. [*See* Doc. 845 p. 29]. Doc. 845 is the Declaration of Mr. McClendon attaching the Trust Bank statements which confirm receipt of this wire transfer.

6. What's more troubling is that Mssrs. Jones and McClendon then refused to wire transfers these funds to Ms. Gabbe, thereby necessitating another Florida Civil Theft Demand Letter which is attached hereto as Exhibit 3. They obviously did this to assist Mr. Dudley and hinder Ms. Gabbe's right. These actions alone prove that Mr. McClendon is not fit to be the Liquidating Trustee and should *sua sponte* be removed by this Court before any more thefts occur or any distributions are made.

7. That in addition to being a thief who should have been disbarred long ago, Mr. Dudley is also a professional at letting other people fight and then swooping in for the spoils as he did by failing to assign his quantum meruit fee award from the King Judgment to Gabbe/undersigned as he agreed to do when the November 1, 2023 Settlement was read into the record as well as the fee splits with respect to Ebony Mayfield, Angela Milner and Marleka Williams.

8. That on July 1, 2024 undersigned filed, a Motion to Strike the Stipulation of Dismissal, attached hereto as Exhibit 4, which already has a briefing schedule set by the Court.

9. That my Motion to Intervene is still pending contrary to the statements of Mr. Akemon to this Court.

10. That at the hearing on June 28, 2024, Mr. McClendon and Mr. Jones sat silently as their partner Mr. Akemon made many misrepresentations to the Court. Mr. McClendon failed to mention that he had agreed to my intervention in the Mays Interpleader.

11. That on March 11, 2024, Patricia Redmond, attorney of record for Mr. McClendon, emailed me to consent to my intervention in the Mays Interpleader, attached hereto as Exhibit 5 is the consent email. Then on March 26, 2024, Ms. Redmond, filed "Interpleader Plaintiff's Notice of Clarification and Revocation of Prior Consent to Christopher Kosachuk's Intervention", attached hereto as Exhibit 6. The gamesmanship is evident as is the flimflamming.

12. Mssrs. Akemon, Jones and McClendon are almost exclusively at fault for the backwards progress of the case because as the Court can plainly see Mr. McClendon agreed to my intervention in the Mays Interpleader and then reversed course to appease Mr. Akemon. There could be no other reason because Mr. Dudley and Ms. Gabbe have disclaimed any interest in the interpleaded funds.

13. That, as for Ms. Johnson, I had arranged a lunch with Ms. Johnson in order for her to speak with a competent and independent bankruptcy lawyer who could represent her in the matters before this Court. As I have said multiple times, Ms. Johnson needs independent counsel especially in this pit of snakes. And as the Court stated correctly, all parties do better when represented by counsel.

14. That I explained to her via telephone and text that she can meet with the lawyer while we are having lunch and if she feels comfortable we can continue. And that if she is uncomfortable in any way, she can leave.

15. That Ms. Johnson was supposed to meet us in front of 73 W. Flagler St. which is the Miami-Dade County State Court House across from the United States District Court Buildings and the United States Attorneys' Office. There is not a safer public place to meet in Miami.

16. That Mr. Akemon has repeatedly contacted Ms. Johnson and Ms. Parker, who are both still Ms. Gabbe's clients, in clear violation of both Georgia and Florida Bar rules. Ms. Parker saw right through Mr. Akemon unfortunately Ms. Johnson did not. This is precisely why this bar rule exists because of what happened to Ms. Johnson before this Court. This Court should order Mr. Akemon not to contact Ms. Johnson, Ms. Parker or any other lawyers' clients because he has a history of this unethical conduct for his own gains.

17. That on June 28, 2024, after the hearing, when the Court said that it would enter an order uploaded by Mr. McClendon, he had the temerity to upload an order still including signature blocks, when it was clear that the Court was going to enter the order and it would not be a consent order. [*See* Doc. 912].

18. That on July 1, 2024, at 3:38pm, Mr. McClendon amended the proposed order and still had the signature blocks on it.

19. That on July 3, 2024, *after* the Court entered the Order Approving Third and Final Distributions and Other Relief, I received another default letter from Mr. Jones which is attached hereto as Exhibit 7.

20. That the default letter proves that the Court should set-aside the Consent Order and November 22, 2024 Settlement Agreement because Mr. Jones and his cronies will continue to attack and harass me with uncurable defaults in a concerted effort to cover-up their own malfeasance including civil theft and bankruptcy fraud.

Dated:    July 5, 2024

FURTHER AFFIANT SAYETH NAUGHT.

_____
Christopher Kosachuk

STATE OF FLORIDA )

COUNTY OF MIAMI-DADE )

    BEFORE ME, the undersigned authority, personally appeared Christopher Kosachuk, who, being first duly sworn, acknowledges that he has read the foregoing and that the same is true and correct.

SWORN TO AND SUBSCRIBED before me this 5th day of July, 2024.

_____
NOTARY PUBLIC, STATE OF FLORIDA
NAME OF NOTARY PUBLIC
(PRINT, STAMP OR TYPE AS COMMISSIONED)
My Commission Expires: 3/13/28

[Notary stamp: NICHOLAS MCINTYRE, Notary Public - State of Florida, Commission # HH 503931, My Comm. Expires Mar 13, 2028]