IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| IN RE:<br><br>TERI G. GALARDI,<br><br>Debtor. | CHAPTER 11<br><br>CASE NO.  22-50035-AEC |

## NOTICE OF HEARING

Thomas T. McClendon, as Liquidating Trustee of the Galardi Creditors Trust (the "Trustee") filed a Motion for Contempt and to Enforce Settlement Agreement Against Jammie Parker (the "Motion") with the Court on September 9, 2024.

**YOUR RIGHTS MAY BE AFFECTED. You should read these documents carefully and discuss them with your attorney, if you have one in this bankruptcy case. <u>If you do not have an attorney, you may wish to consult one</u>**. If not served with this notice in accordance with the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure, a copy of the motion may be obtained upon written request to counsel for the Movant (identified below) or at the Clerk's office.

If you do not want the court to grant the relief sought in the Motion or if you want the court to consider your views on the Motion, then you or your attorney shall attend the hearing on the Motion on **October 1, 2024, at 10:00 am. at the U.S. Bankruptcy Court, Macon Courthouse, Courtroom A, 433 Cherry Street, GA 31201.**

Parties should consult the Court's website (www.gamb.uscourts.gov) concerning whether the hearing will be in-person, telephonic, or virtual. Please refer to Administrative Order 145 for more guidance.

**If you or your attorney does not take these steps, the court may decide that you do not oppose the relief sought in the Motion and may enter an order granting relief.**

This notice is sent by the undersigned pursuant to LBR 9004-1(c).

This 9th day of September, 2024.

                                                       **JONES & WALDEN LLC**
                                                     <u>/s/ *Thomas T. McClendon*</u>
                                                      Thomas T. McClendon
                                                     Georgia Bar No. 431452
                                                   699 Piedmont Ave. NE, Atlanta, Georgia 30308
                                                   (404) 564-9300
                                                   tmcclendon@joneswalden.com
                                                   Liquidating Trustee of the Galardi Creditors Trust

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| IN RE:<br><br>TERI GALARDI,<br><br>Debtor. | CHAPTER 11<br><br>CASE NO. 22-50035-AEC |

**MOTION FOR CONTEMPT AND TO ENFORCE SETTLEMENT AGREEMENT
AGAINST JAMMIE PARKER**

COMES NOW Thomas T. McClendon, as Liquidating Trustee of the Galardi Creditors Trust (the "**Liquidating Trustee**"), and respectfully files this "Motion for Contempt and to Enforce Settlement Agreement" (the "**Motion**") against Jammie Parker ("**Parker**" or "**Defaulting Party**") and shows the Court as follows:

I.   **INTRODUCTION AND STATEMENT OF FACTS**

1. On January 12, 2022 (the "**Petition Date**"), Teri Galardi ("**Debtor**") filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**") in this Court.

2. The Court entered an *Order Confirming Joint Plan of Reorganization* on April 14, 2023 ("**Confirmation Order**").

3. Pursuant to the Confirmation Order, the Court appointed Thomas T. McClendon ("**Liquidating Trustee**") as Liquidating Trustee to administer the Galardi Creditors Trust ("**Trust**") for the benefit of unsecured creditors under Class 8 of the Plan.

4. On November 1, 2023, the Liquidating Trustee, The Law Office of Astrid E. Gabbe, P.A. ("**Gabbe Law**"), Astrid E. Gabbe ("**Gabbe**"), Christopher Kosachuk (Gabbe Law, Gabbe, and Kosachuk being collectively referred to as the "**Gabbe Parties**"), Parker, Shakir Williams, Dudley Law, LLC ("**Dudley Law**"), and Ainsworth Dudley ("**Dudley**" and together with Dudley

Law, the "**Dudley Parties**") announced a settlement of all matters which had or could have arisen between them, subject to the Court's approval of a written settlement agreement. The Liquidating Trustee, the Gabbe Parties, Parker, Shakir Williams, and the Dudley Parties are collectively referred to as the "**Settlement Parties**".

5. On November 22, 2023, the Liquidating Trustee filed a Motion to Approve Settlement Agreement between the Settlement Parties (Dkt. 661). A true and correct copy of the fully-executed Settlement Agreement was attached to the Settlement Motion and is adopted herein by this reference. The Court held a hearing on December 18, 2023. At such hearing, Joseph R. Guernsey d/b/a Red Shield Funding ("**Guernsey**") consented to and joined the Settlement Agreement and became another Settlement Party.

6. On December 19, 2023, this Court entered an *Order Authorizing Liquidating Trustee's Entry into a Settlement Agreement with The Law Office of Astrid E. Gabbe, P.A., Astrid E. Gabbe, Christopher Kosachuk, Jammie Parker, Shakir Williams, Dudley Law, LLC and Ainsworth Dudley* (Dkt. 683) (the "**Settlement Order**").

7. The Settlement Order amended the Settlement Agreement as to Paragraph 3 (regarding Rasheedah Mays) and Paragraph 7 (as to Red Shield Funding). Also, the Settlement Order made Guernsey a party to the Settlement Agreement.

8. The Settlement Order made the Settlement Agreement effective on December 19, 2023 (the "**Effective Date**").

9. On April 25, 2024, the Liquidating Trustee filed a *Motion to (A) Approve Third and Final Distributions to Beneficiaries of the Galardi Creditor Trust, (B) Authorize Liquidating Trustee to Pay Remaining Liabilities, (C) Authorize Winding Down of Liquidating Trust and (D) Release Liquidating Trust Parties and Granting of Injunctive Relief* (the "**Distribution Motion**")

(Dkt. 846).

10. On July 3, 2024, the Court entered an Order granting the Liquidating Trustee's Distribution Motion (Dkt. 921) (the "**Distribution Order**"). The Distribution Order *inter alia* authorized the Liquidating Trustee to make disbursements as set forth in the Distribution Motion in satisfaction of general unsecured claims against the Debtor in this case and against the Galardi Creditor Trust.

### A. VIOLATIONS UNDER PARAGRAPH 18 OF THE SETTLEMENT AGREEMENT.

11. Pursuant to Paragraph 18 of the Settlement Agreement, Parker:

> agree[d] not to take any action or make any further filings in the Bankruptcy Court or any other court, including without limitation the U.S. District Court for the Southern District of Florida, which (a) may affect in any way the Liquidating Trustee's disbursements from or management of the Galardi Creditor Trust or (b) against any claimant in this case or party to this agreement.

Settlement Agreement at ¶ 18.

12. Since the entry of the Court's Settlement Order, Parker has filed multiple pleadings which directly affect the Liquidating Trustee's disbursements from and management of the Galardi Creditor Trust. Without limitation, Parker as the Defaulting Party has filed the following pleadings in affirmative violation of the Settlement Agreement:

    i. *Objection to Motion for Compensation [Doc. 843]* (Dkt. 852);

    ii. *Objection to Motions for Compensation [Doc. 841]* (Dkt. 853);

    iii. *Objection to the Motion to Approve Third Distribution, a Final Distribution and Other Relief [Doc. 846]* (Dkt. 854); and

    iv. Joint Amended Motion to Set Aside (Dkt. 923, Dkt. 933, & Dkt. 964).

### B.     NOTIFICATION OF DEFAULT

13. On May 28, 2024, the Liquidating Trustee issued a letter notifying Parker of her defaults under the Settlement Agreement (the "**Parker Default Letter**"). A true and correct copy of the Parker Default Letter is attached hereto as **Exhibit "A"**.

14. Parker has failed to cure her defaults under the Settlement Agreement since her receipt of the Parker Default Letter.

15. As set forth above, the Settlement Agreement prohibited Parker from filing additional pleadings in this Court or in any other court which "(a) may affect in any way the Liquidating Trustee's disbursements from or management of the Galardi Creditor Trust or (b) against any claimant in this case or party to this agreement." Parker's filing of the pleadings described above and failure to withdraw such pleadings in order to cure her defaults is: (a) a breach of the Settlement Agreement, and (b) a violation of the Settlement Order.

16. The Liquidating Trustee moves this Court to require Parker as the Defaulting Party to show cause why she should not be held in contempt for her failure to abide by the Settlement Order. The Liquidating Trustee seeks sanctions and reasonable attorney's fees incurred by him in responding to or otherwise addressing the breaches of the Settlement Agreement and Settlement Order by Parker as the Defaulting Party.

### II.    ARGUMENT AND CITATION TO AUTHORITY

17. The Settlement Agreement provides that the Court "shall have the exclusive jurisdiction over any disputes arising from this Agreement. All Parties consent to such jurisdiction."

18. The Settlement Agreement further provides that:

[i]f any litigation is commenced to enforce the terms of this Settlement Agreement, the prevailing party or parties shall be entitled to recover their attorneys' fees and litigation

expenses incurred in connection with such litigation.

Settlement Agreement at ¶ 24. As set forth above, Parker as the Defaulting Party has violated the Settlement Agreement. By this Motion, the Liquidating Trustee has been required to defend and commence litigation to enforce the Settlement Agreement. Therefore, the Liquidating Trustee is entitled to an award of attorney fees under the terms of the Settlement Agreement.

19. In addition, this Court has inherent power to enforce compliance with its lawful orders. *Alderwoods Grp., Inc. v. Garcia*, 682 F.3d 958, 967 n. 18 (11th Cir. 2012) ("Civil contempt power is inherent in bankruptcy courts since all courts have authority to enforce compliance with their lawful orders."); *Chambers v. NASCO, Inc.* 501 U.S. 32, 44 (1991) (noting that the power to punish for contempt is inherent in all courts); *Shillitani v. United States*, 384 U.S. 364, 370 (1966) ("There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt."); *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991) ("Courts have inherent power to enforce compliance with their lawful orders through civil contempt").

20. The Settlement Order expressly provides that "all parties to the Agreement and this Order shall comply with the terms thereof." Settlement Order at ¶ 3.

21. Distinct from the Bankruptcy Courts' inherent contempt powers, 11 U.S.C. § 105 creates the bankruptcy courts' statutory civil contempt power. See 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this Title.").

22. If a party refuses to act in accordance with a court order, such as here, the other party may request the Court to order the offending party to show cause why the offending party should not be held in contempt. *Mercer v. Mitchell*, 908 F.2d 763, 768 (11th Cir. 1990). *See also*

Fed. R. Bankr. P. 9020.

23. The party seeking civil contempt must show by clear and convincing evidence that the alleged contemnor violated the Court's prior orders. *U.S. v. Roberts*, 858 F.2d 698, 700 (11th Cir. 1988) (citations omitted); *Chairs v. Burgess*, 143 F.3d 1432, 1436 (11th Cir. 1998).

24. As detailed above, Parker as the Defaulting Party unquestionably violated the Settlement Order by failing to comply with her obligations under the Settlement Agreement and Settlement Order by making further filings in this case in an effort to contest the Liquidating Trustee's distributions to beneficiaries of the Galardi Creditors Trust pursuant to this Court's Distribution Order.

25. The Liquidating Trustee submits that Parker's filings as outlined above were: (a) made in violation of the Settlement Agreement and the Settlement Order, and (b) constitute bad faith.

26. Having shown that Parker violated the Settlement Order, the burden now shifts to Parker (as the party charged with contempt) to make a categorical and detailed showing that compliance is impossible. *U.S. v. Rylander*, 460 U.S. 756, 757 (1983); *U.S. v. Conces*, 507 F.3d 1028, 1043 (6th Cir. 2007).

27. Civil contempt provides courts with a sanction to enforce compliance with an order of the court or to compensate a complainant for losses or damages sustained by reason of noncompliance. *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949) (citations omitted); *Mercer*, 908 F.2d at 768.

28. Once a Court determines that a party has not complied with the Court's order, the Court may impose both coercive and compensatory sanctions. *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991).

29. In determining the appropriate sanction, the Court should consider "the character and magnitude of the harm threatened by continued contumacy and the probable effectiveness of any suggested sanction in bringing about the result desired." *Id*. *See also In Re Evergreen Sec., Ltd.*, 570 F.3d 1257, 1280 (11th Cir. 2009) ("Civil penalties must either be compensatory or designed to coerce compliance.").

30. Appropriate sanctions for contempt may include a coercive daily fine, a compensatory fine, and attorney's fees and costs. *Id*. Here, the Liquidating Trustee requests that the Court award compensatory damages which includes but is not limited to the attorney fees of the Liquidating Trustee. The Liquidating Trustee also requests that the Court award a coercive daily file of $100.00 per day.

31. The Liquidating Trustee will provide evidence of the Liquidating Trustee's fees and costs not later than the hearing on this Motion, as fees and costs continue to accrue.

### III. CONCLUSION

Parker has willfully refused to comply with the Court's Settlement Order. Accordingly, the Liquidating Trustee requests that:

(a) Jammie Parker be required to show cause why she should not be held in contempt.

(b) If Jammie Parker cannot adequately show the Court she should not be held in contempt, the Liquidating Trustee requests that the Court award compensatory damages which includes but is not limited to the attorney fees of the Liquidating Trustee. The Liquidating Trustee also requests that the Court award a coercive daily file of $100.00 per day.

(c) The Court find that Jammie Parker is in violation of the Settlement Agreement and the Court's Settlement Order and award the Liquidating Trustee reasonable attorney's fees

and costs required to be incurred responding to Jammie Parker's breach of the Settlement Agreement and the Court's Settlement Order pursuant to: (i) Paragraph 24 of the Settlement Agreement, and (ii) the Settlement Order and this Court's contempt powers.

(d) The Liquidating Trustee further requests that the Court issue coercive sanctions against Jammie Parker, and without limitation, issue civil penalties which shall accrue at the rate of $100.00 per day until such time as Parker has purged her contempt.

(e) The Court award any other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 9th day of September, 2024.

**JONES & WALDEN LLC**

*/s/ Thomas T. McClendon*
Thomas T. McClendon
Georgia Bar No. 431452
699 Piedmont Avenue, NE
Atlanta, Georgia 30308
(404) 564-9300
tmcclendon@joneswalden.com
Liquidating Trustee of the Galardi Creditors Trust

# Exhibit "A"

May 28, 2024

*Via Federal Express*
*Via Email*
Jammie Parker
12 Wallace St.
Greenville, SC 29605
andreasexoticbooking@gmail.com
jamker33@gmail.com

    **Re: Notice of Default under the Settlement Agreement dated November 22, 2023, and approved by the Bankruptcy Court by order dated December 19, 2023 (Dkt. 683).**

Ms. Parker:

    This letter shall constitute notice that you are in violation of the Settlement Agreement dated November 22, 2023, which you personally signed, and which was approved by the Bankruptcy Court by order dated December 19, 2023 (Doc. No. 683) (the "**Order**") (as amended by such Order, the "**Settlement Agreement**").

    Paragraph 18 of the Settlement Agreement provided:

> <u>No Further Action by Gabbe PA, Gabbe, Kosachuk, Parker, and Williams.</u> Gabbe PA, Gabbe, Kosachuk, **Parker**, Williams, and their attorneys, agents, heirs, successors and assigns *agree not to take any action or make any further filings in the Bankruptcy Court or any other court, including without limitation the U.S. District Court for the Southern District of Florida, which (a) may affect in any way the Liquidating Trustee's disbursements from or management of the Galardi Creditor Trust or (b) against any claimant in this case or party to this agreement*, including, without limitation, any filings against Ebony Mayfield.

    On May 20, 2024, in direct violation of the Settlement Agreement and in contempt of the Court's Order approving the Settlement Agreement, you filed objections to various requests by the Liquidating Trustee regarding disbursements at Dkt. 852, 853, and 854. These filings are a direct violation of the Settlement Agreement's prohibition on "any further filings… which (a) may affect in any way the Liquidating Trustee's disbursements from or management of the Galardi Creditor

Parker
May 28, 2024
Page 2 of 2

Trust" as well as filing against both the Liquidating Trustee and Jones & Walden, LLC, both of which are parties to the Settlement Agreement.

    This letter constitutes notice pursuant to Paragraph 22 of the Settlement Agreement of a default under the Settlement by Jammie Parker for filing the above documents in contradiction of your obligations under the Settlement Agreement. You may remedy your default by withdrawing with prejudice Docket Numbers 852, 853, and 854 within fifteen (15) days of this letter. If you do not, I will seek an award of my attorney's fees against you for a violation of the Settlement Agreement.

    If you have any questions about this letter, please give me a call at 404-564-9300. I expressly reserve all rights and remedies available to me under the Settlement Agreement and under the law. This letter is written with a full reservation of all rights.

Sincerely,

Thomas T. McClendon
Liquidating Trustee of the
Galardi Creditors Trust

**IN THE UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| IN RE:<br><br>**TERI GALARDI,**<br><br>Debtor. | CHAPTER 11<br><br>CASE NO. 22-50035-AEC |

**CERTIFICATE OF SERVICE**

This is to certify that on this day the foregoing *Motion for Contempt and to Enforce Settlement Against Jammie Parker* (the "Motion") was electronically filed using the Bankruptcy Court's ECF program which sends a notice of and an accompanying link to the Motion to all parties who have appeared in this case under the Bankruptcy Court's ECF program.

- **Michael Akemon**    mutepe.akemon@richardslegal.com
- **Mitchell D Benjamin**    benjamin@dcbflegal.com, jessicasorrenti@dcbflegal.com; calendar@dcbflegal.com
- **Charles Bridgers**    charlesbridgers@dcbflegal.com, jessicasorrenti@dcbflegal.com; calendar@dcbflegal.com
- **Ainsworth G Dudley**    adudleylaw@gmail.com
- **Evan Owens Durkovic**    ecfgamb@aldridgepite.com, edurkovic@ecf.courtdrive.com
- **Robert G. Fenimore**    robert.g.fenimore@usdoj.gov, Ustp.region21.mc.ecf@usdoj.gov
- **Astrid E. Gabbe**    astridgabbeesq@gmail.com, 1109385420@filings.docketbird.com
- **Will Bussell Geer**    wgeer@rlkglaw.com, notices@nextchapterbk.com; willgeer@ecf.courtdrive.com;2836@notices.nextchapterbk.com;6717577420@filings.docketbird.com;geer.willb117921@notify.bestcase.com;emiller@rlkglaw.com;jdowardclay@rlkglaw.com
- **Whitney Warnke Groff**    whitney.groff@cobbcounty.org
- **Elizabeth A. Hardy**    elizabeth.a.hardy@usdoj.gov, Ustp.region21.mc.ecf@usdoj.gov; elizabeth.hardy.collins@usdoj.gov
- **Brian K. Jordan**    bkecfinbox@aldridgepite.com, bjordan@ecf.courtdrive.com
- **Christina T. Lanier**    christina.t.lanier@usdoj.gov, southern.taxcivil@usdoj.gov
- **Jonathan Loegel**    jonathan@loegel.com
- **Roy E. Manoll**    kdd@fbglaw.com
- **Louis G. McBryan**    lmcbryan@mcbryanlaw.com, alepage@mcbryanlaw.com
- **Garrett A. Nail**    gnail@pgnlaw.com
- **Jason M. Orenstein**    jmopclaw@yahoo.com
- **James D. Silver**    jsilver@kklaw.com, raldama@kklaw.com
- **Christopher W. Terry**    chris@boyerterry.com, terrycr40028@notify.bestcase.com
- **U.S. Trustee - MAC**    Ustp.region21.mc.ecf@usdoj.gov

I further certify that on the date indicated below, I caused a copy of the foregoing Motion to be served upon the following parties listed below via U.S. First Class Mail, postage prepaid and email:

Jammie Parker
12 Wallace St
Greenville, SC 29605
andreasexoticbooking@gmail.com

This 9th day of September, 2024.

**JONES & WALDEN LLC**

*/s/ Thomas T. McClendon*
Thomas T. McClendon
Georgia Bar No. 431452
699 Piedmont Avenue, NE
Atlanta, Georgia 30308
(404) 564-9300
tmcclendon@joneswalden.com
Liquidating Trustee of the Galardi Creditors Trust