**IN THE UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **IN RE:**<br><br>**TERI GALARDI,**<br><br>    **Debtor.** | **CHAPTER 11**<br><br>**CASE NO. 22-50035-AEC** |

**MOTION FOR CONTEMPT AND TO ENFORCE SETTLEMENT AGREEMENT**
**AGAINST ASTRID E. GABBE AND THE LAW OFFICE OF ASTRID E. GABBE, P.A.**

COMES NOW, Thomas T. McClendon, as Liquidating Trustee of the Galardi Creditors

Trust (the "**Liquidating Trustee**"), and respectfully files this "Motion for Contempt and to

Enforce Settlement Agreement" (the "**Motion**") against Astrid E. Gabbe ("**Gabbe**") and The Law

Office of Astrid E. Gabbe, P.A. ("**Gabbe Law**") (together with Gabbe, the "**Defaulting Parties**")

and shows the Court as follows:

**I.      INTRODUCTION AND STATEMENT OF FACTS**

1.      On January 12, 2022 (the "**Petition Date**"), Teri Galardi ("**Debtor**") filed a

voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the

"**Bankruptcy Code**") in this Court.

2.      The Court entered an *Order Confirming Joint Plan of Reorganization* on April 14,

2023 ("**Confirmation Order**").

3.      Pursuant to the Confirmation Order, the Court appointed Thomas T. McClendon

("**Liquidating Trustee**") as Liquidating Trustee to administer the Galardi Creditors Trust

("**Trust**") for the benefit of unsecured creditors under Class 8 of the Plan.

4.      On November 1, 2023, the Liquidating Trustee, Gabbe Law, Gabbe, Christopher

Kosachuk ("**Kosachuk**"), Jammie Parker, Shakir Williams, Dudley Law, LLC, and Ainsworth

Dudley announced a settlement of all matters which had or could have arisen between them,

subject to the Court's approval of a written settlement agreement.

5.      On November 22, 2023, the Liquidating Trustee filed a Motion to Approve Settlement Agreement between the Parties (Dkt. 661). A true and correct copy of the Settlement Agreement was attached to the Settlement Motion and is adopted herein by this reference. The Court held a hearing on December 18, 2023. At such hearing, Joseph R. Guernsey d/b/a Red Shield Funding ("**Guernsey**") consented to and joined the Settlement Agreement and became another Settlement Party.

6.      On December 19, 2023, this Court entered an *Order Authorizing Liquidating Trustee's Entry into a Settlement Agreement with The Law Office of Astrid E. Gabbe, P.A., Astrid E. Gabbe, Christopher Kosachuk, Jammie Parker, Shakir Williams, Dudley Law, LLC and Ainsworth Dudley* (Dkt. 683) (the "**Settlement Order**").

7.      The Settlement Order amended the Settlement Agreement as to Paragraph 3 (regarding Rasheedah Mays) and Paragraph 7 (as to Red Shield Funding). Also, the Settlement Order made Guernsey a party to the Settlement Agreement.

8.      The Settlement Order made the Settlement Agreement effective on December 19, 2023 (the "**Effective Date**").

9.      On April 25, 2024, the Liquidating Trustee filed a *Motion to (A) Approve Third and Final Distributions to Beneficiaries of the Galardi Creditor Trust, (B) Authorize Liquidating Trustee to Pay Remaining Liabilities, (C) Authorize Winding Down of Liquidating Trust and (D) Release Liquidating Trust Parties and Granting of Injunctive Relief* (the "**Distribution Motion**") (Dkt. 846).

10.      On July 3, 2024, the Court entered an Order granting the Liquidating Trustee's Distribution Motion (Dkt. 921) (the "**Distribution Order**"). The Distribution Order *inter alia*

authorized the Liquidating Trustee to make disbursements as set forth in the Distribution Motion in satisfaction of general unsecured claims against the Debtor in this case and against the Galardi Creditor Trust.

11.     On July 15, 2024, Gabbe filed a notice of appeal of the Distribution Order (Dkt. 934).

### A.     VIOLATIONS UNDER PARAGRAPH 18 OF THE SETTLEMENT AGREEMENT.

12.     Pursuant to Paragraph 18 of the Settlement Agreement, the Defaulting Party:

> agree[d] not to take any action or make any further filings in the Bankruptcy Court or any other court, including without limitation the U.S. District Court for the Southern District of Florida, which (a) may affect in any way the Liquidating Trustee's disbursements from or management of the Galardi Creditor Trust or (b) against any claimant in this case or party to this agreement.

Settlement Agreement at ¶ 18.

13.     Since the entry of the Court's Settlement Order, the Defaulting Parties filed a *Notice of Appeal to the U.S. District Court* (Dkt. No. 934) (the "**Appeal**") regarding the Distribution Order which directly affects the Liquidating Trustee's disbursements from and management of the Galardi Creditor Trust. The Appeal is currently pending before the U.S. District Court for the Middle District of Georgia and has been assigned civil action file no. 5:24-cv-00233-MTT.

### B.     NOTIFICATION OF DEFAULT

14.     The Liquidating Trustee issued a letter notifying the Defaulting Parties of their default under the Settlement Agreement on July 19, 2024 (the "**Gabbe Default Letter**"). A true and correct copy of the Gabbe Default Letter is attached hereto as **Exhibit A**.

15.     The Defaulting Parties failed to cure their default under the Settlement Agreement upon receipt of the Gabbe Default Letter and have continued violations of the Settlement Agreement.

16.     Indeed, it can be fairly stated that the Defaulting Parties have knowingly and willfully violated their obligations under the Settlement Agreement since nearly the approval of that Settlement Agreement.

17.     As set forth above, the Settlement Agreement prohibited the Defaulting Parties from filing additional pleadings in this Court or in any other court which "(a) may affect in any way the Liquidating Trustee's disbursements from or management of the Galardi Creditor Trust or (b) against any claimant in this case or party to this agreement." The Defaulting Parties' filing of the Appeal described above and failure to withdraw/dismiss such filing in order to cure their defaults and continued prosecution of such Appeal is: (a) a breach of the Settlement Agreement, and (b) a violation of the Settlement Order.

18.     The Liquidating Trustee moves this Court to require the Defaulting Parties to show cause why they should not be held in contempt for their failure to abide by the Settlement Order. The Liquidating Trustee seeks sanctions and reasonable attorney's fees incurred by him in responding to or otherwise addressing the breaches of the Settlement Agreement and Settlement Order by Gabbe and Gabbe Law as the Defaulting Parties.

## II.      ARGUMENT AND CITATION TO AUTHORITY

19.     The Settlement Agreement provides that the Court "shall have the exclusive jurisdiction over any disputes arising from this Agreement. All Parties consent to such jurisdiction."

20.     The Settlement Agreement further provides that:

"[i]f any litigation is commenced to enforce the terms of this Settlement Agreement, the prevailing party or parties shall be entitled to recover their attorneys' fees and litigation expenses incurred in connection with such litigation."

Settlement Agreement at ¶ 24. As set forth above, Gabbe and Gabbe Law as the Defaulting Parties have violated the Settlement Agreement. By this Motion, the Liquidating Trustee has been required to defend and commence litigation to enforce the Settlement Agreement. Therefore, the Liquidating Trustee is entitled to an award of attorney fees under the terms of the Settlement Agreement.

21.     In addition, this Court has inherent power to enforce compliance with its lawful orders. *Alderwoods Grp., Inc. v. Garcia*, 682 F.3d 958, 967 n. 18 (11th Cir. 2012) ("Civil contempt power is inherent in bankruptcy courts since all courts have authority to enforce compliance with their lawful orders."); *Chambers v. NASCO, Inc.* 501 U.S. 32, 44 (1991) (noting that the power to punish for contempt is inherent in all courts); *Shillitani v. United States*, 384 U.S. 364, 370 (1966) ("There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt."); *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991) ("Courts have inherent power to enforce compliance with their lawful orders through civil contempt").

22.     The Settlement Order expressly provides that "all parties to the Agreement and this Order shall comply with the terms thereof." Settlement Order at ¶ 3.

23.     Distinct from the Bankruptcy Courts' inherent contempt powers, 11 U.S.C. § 105 creates the bankruptcy courts' statutory civil contempt power. See 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this Title.").

24.     If a party refuses to act in accordance with a court order, such as here, the other

party may request the Court to order the offending party to show cause why the offending party should not be held in contempt. *Mercer v. Mitchell*, 908 F.2d 763, 768 (11th Cir. 1990). *See also* Fed. R. Bankr. P. 9020.

25.     The party seeking civil contempt must show by clear and convincing evidence that the alleged contemnor violated the Court's prior orders. *U.S. v. Roberts*, 858 F.2d 698, 700 (11th Cir. 1988) (citations omitted); *Chairs v. Burgess*, 143 F.3d 1432, 1436 (11th Cir. 1998).

26.     As detailed above, Gabbe and Gabbe Law as the Defaulting Parties unquestionably violated the Settlement Order by failing to comply with their obligations under the Settlement Agreement and Settlement Order by filing an Appeal of the Distribution Order in this case in an effort to contest the Liquidating Trustee's distributions to beneficiaries of the Galardi Creditors Trust pursuant to this Court's Distribution Order.

27.     The Liquidating Trustee submits that the Defaulting Parties' filing of the Appeal: (a) was made in violation of the Settlement Agreement and the Settlement Order, and (b) constitutes bad faith.

28.     Having shown that the Defaulting Parties violated the Settlement Order, the burden now shifts to the Defaulting Parties (as the party charged with contempt) to make a categorical and detailed showing that compliance is impossible. *U.S. v. Rylander*, 460 U.S. 756, 757 (1983); *U.S. v. Conces*, 507 F.3d 1028, 1043 (6th Cir. 2007).

29.     Civil contempt provides courts with a sanction to enforce compliance with an order of the court or to compensate a complainant for losses or damages sustained by reason of noncompliance. *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949) (citations omitted); *Mercer*, 908 F.2d at 768.

30.     Once a Court determines that a party has not complied with the Court's order, the

Court may impose both coercive and compensatory sanctions. *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991).

31.     In determining the appropriate sanction, the Court should consider "the character and magnitude of the harm threatened by continued contumacy and the probable effectiveness of any suggested sanction in bringing about the result desired." *Id. See also In Re Evergreen Sec., Ltd.*, 570 F.3d 1257, 1280 (11th Cir. 2009) ("Civil penalties must either be compensatory or designed to coerce compliance.").

32.     Appropriate sanctions for contempt may include a coercive daily fine, a compensatory fine, coercive incarceration, and attorney's fees and costs. *Id*. Here, the Liquidating Trustee requests that the Court award compensatory damages which includes but is not limited to the attorney fees of the Liquidating Trustee. The Liquidating Trustee also requests that the Court award a coercive daily fine of $500.00 per day.

33.     The Liquidating Trustee will provide evidence of the Liquidating Trustee's fees and costs not later than the hearing on this Motion, as fees and costs continue to accrue.

### III.     CONCLUSION

The Defaulting Parties have willfully refused to comply with the Court's Settlement Order. Accordingly, the Liquidating Trustee requests that:

(a) The Defaulting Parties be required to show cause why they should not be held in contempt.

(b) If the Defaulting Parties cannot adequately show the Court why they should not be held in contempt, the Liquidating Trustee requests that the Court award compensatory damages which includes but is not limited to the attorney fees of the Liquidating

Trustee. (The Liquidating Trustee also requests that the Court award a coercive daily file of $500.00 per day).

(c) The Court find that the Defaulting Parties are in violation of the Settlement Agreement and the Court's Settlement Order and award the Liquidating Trustee reasonable attorney's fees and costs required to be incurred responding to the Defaulting Parties' breach of the Settlement Agreement and the Court's Settlement Order pursuant to: (i) Paragraph 24 of the Settlement Agreement, and (ii) the Settlement Order and this Court's contempt powers.

(d) The Liquidating Trustee further requests that the Court issue coercive sanctions against the Defaulting Parties, and without limitation, issue civil penalties which shall accrue at the rate of $500.00 per day until such time as the Defaulting Parties have purged their contempt.

(e) The Court award any other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 21st day of October, 2024.

**JONES & WALDEN LLC**

*/s/ Thomas T. McClendon*
Thomas T. McClendon
Georgia Bar No. 431452
699 Piedmont Avenue, NE
Atlanta, Georgia 30308
(404) 564-9300
tmcclendon@joneswalden.com
Liquidating Trustee of the Galardi Creditors Trust

# Exhibit "A"

# JONES & WALDEN LLC
### ATTORNEYS AT LAW

699 PIEDMONT AVENUE NE
ATLANTA, GEORGIA 30308
TELEPHONE (404) 564-9300
FACSIMILE (404) 564-9301
WWW.JONESWALDEN.COM

July 19, 2024

*Via Federal Express*
*Via Email*
Astrid E. Gabbe, Esq.
The Law Office of Astrid E. Gabbe, P.A.
6531 Grant Court
Hollywood, FL 33024
astridgabbe@gmail.com

> Re: **Notice of Default under the Settlement Agreement dated November 22, 2023, and approved by the Bankruptcy Court by order dated December 19, 2023 (Dkt. 683).**

Ms. Gabbe:

This letter shall constitute notice that you and The Law Office of Astrid E. Gabbe, P.A. ("**Gabbe PA**") are in violation of the Settlement Agreement dated November 22, 2023, which you signed personally and on behalf of Gabbe PA, and which was approved by the Bankruptcy Court by order dated December 19, 2023 (Dkt. 683) (the "**Consent Order**") (as amended by such Consent Order, the "**Settlement Agreement**").

Paragraph 18 of the Settlement Agreement provided as follows:

> No Further Action by Gabbe PA, Gabbe, Kosachuk, Parker, and Williams. Gabbe PA, Gabbe, Kosachuk, Parker, Williams, and their attorneys, agents, heirs, successors and assigns *agree not to take any action or make any further filings in the Bankruptcy Court or any other court, including without limitation the U.S. District Court for the Southern District of Florida, which (a) may affect in any way the Liquidating Trustee's disbursements from or management of the Galardi Creditor Trust or (b) against any claimant in this case or party to this agreement,* including, without limitation, any filings against Ebony Mayfield.

On July 15, 2024, in direct violation of the Settlement Agreement and in contempt of the Court's Consent Order approving the Settlement Agreement, you filed a Notice of Appeal (Dkt. 934) of the Court's *Order (I) Approving Third and Final Distributions to Beneficiaries of the Galardi Creditor Trust, (B) Authorizing Liquidating Trustee to Pay Remaining Liabilities, (C) Authorize Winding Down of Liquidating Trust and (D) Release Liquidating Trust Parties and*

Gabbe and Gabbe PA
July 19, 2024
Page 2 of 2

*Granting of Injunctive Relief* (Dkt. 921) (the "**Third Distribution Order**") regarding disbursements to be made by the Liquidating Trustee.

This filing is a direct violation of the Settlement Agreement's prohibition on "any further filings… which (a) may affect in any way the Liquidating Trustee's disbursements from or management of the Galardi Creditor Trust". These pleadings also violate the prohibition on filing against the Liquidating Trustee and Jones & Walden LLC (both of which are parties to the Settlement Agreement).

This letter constitutes notice pursuant to Paragraph 22 of the Settlement Agreement of defaults under the Settlement by Astrid E. Gabbe and The Law Office of Astrid E. Gabbe, P.A. for your actions in contradiction of your obligations under the Settlement Agreement. You and Gabbe PA have fifteen (15) days from the date of this letter of this letter to remedy this default.

In the event, you do not cure this default, the Trustee will seek sanctions including attorney fees.

The Trustee expressly reserves all rights and remedies available under the Settlement Agreement and under other applicable law. This letter is written with a full reservation of all rights.

Sincerely,

Thomas T. McClendon
Liquidating Trustee of the Galardi Creditors Trust

**IN THE UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

IN RE:

TERI GALARDI,

      **Debtor.**

CHAPTER 11

CASE NO. 22-50035-AEC

**CERTIFICATE OF SERVICE**

This is to certify that on this day the foregoing *Motion for Contempt and to Enforce Settlement Against Astrid E. Gabbe and The Law Office of Astrid E. Gabbe, P.A.* (the "Motion") was electronically filed using the Bankruptcy Court's ECF program which sends a notice of and an accompanying link to the Motion to all parties who have appeared in this case under the Bankruptcy Court's ECF program.

- **Michael Akemon**   mutepe.akemon@richardslegal.com
- **Mitchell D Benjamin**   benjamin@dcbflegal.com, jessicasorrenti@dcbflegal.com; calendar@dcbflegal.com
- **Charles Bridgers**   charlesbridgers@dcbflegal.com, jessicasorrenti@dcbflegal.com; calendar@dcbflegal.com
- **Ainsworth G Dudley**   adudleylaw@gmail.com
- **Evan Owens Durkovic**   ecfgamb@aldridgepite.com, edurkovic@ecf.courtdrive.com
- **Robert G. Fenimore**   robert.g.fenimore@usdoj.gov, Ustp.region21.mc.ecf@usdoj.gov
- **Astrid E. Gabbe**   astridgabbeesq@gmail.com, 1109385420@filings.docketbird.com
- **Will Bussell Geer**   wgeer@rlkglaw.com, notices@nextchapterbk.com; willgeer@ecf.courtdrive.com;2836@notices.nextchapterbk.com;6717577420@filings.docketbird.com;geer.willb117921@notify.bestcase.com;emiller@rlkglaw.com;jdowardclay@rlkglaw.com
- **Whitney Warnke Groff**   whitney.groff@cobbcounty.org
- **Elizabeth A. Hardy**   elizabeth.a.hardy@usdoj.gov, Ustp.region21.mc.ecf@usdoj.gov; elizabeth.hardy.collins@usdoj.gov
- **Brian K. Jordan**   bkecfinbox@aldridgepite.com, bjordan@ecf.courtdrive.com
- **Christina T. Lanier**   christina.t.lanier@usdoj.gov, southern.taxcivil@usdoj.gov
- **Jonathan Loegel**   jonathan@loegel.com
- **Roy E. Manoll**   kdd@fbglaw.com
- **Louis G. McBryan**   lmcbryan@mcbryanlaw.com, alepage@mcbryanlaw.com
- **Garrett A. Nail**   gnail@pgnlaw.com
- **Jason M. Orenstein**   jmopclaw@yahoo.com
- **James D. Silver**   jsilver@kklaw.com, raldama@kklaw.com
- **Christopher W. Terry**   chris@boyerterry.com, terrycr40028@notify.bestcase.com
- **U.S. Trustee - MAC**   Ustp.region21.mc.ecf@usdoj.gov

I further certify that on the date indicated below, I caused a copy of the foregoing Motion to be served upon the following parties listed below via U.S. First Class Mail, postage prepaid:

Astrid Gabbe
The Law Office of Astrid E. Gabbe, P.A.
P.O. Box 4216
Hollywood, FL 33083

      This 21st day of October, 2024.

                        **JONES & WALDEN LLC**

                        */s/ Thomas T. McClendon*
                        Thomas T. McClendon,
                        Georgia Bar No. 431452
                        699 Piedmont Avenue, NE
                        Atlanta, Georgia 30308
                        (404) 564-9300
                        tmcclendon@joneswalden.com
                        Liquidating Trustee of the Galardi Creditors Trust