**IN THE UNITED STATES BANKRUPTCY
COURT MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| IN RE:<br><br>**TERI GALARDI,**<br><br>Debtor. | **CHAPTER 11**<br><br>**CASE NO. 22-50035-AEC** |

**ASTRID E. GABBE'S RESPONSE TO MOTION FOR SANCTIONS DE 1026**

COMES NOW, Astrid Gabbe, esq., and Class 8 unsecured creditor[1] and liquating trust beneficiary, files her response to the Motion for Sanctions.

**a. Trustee served Gabbe with the Third Motion to Disburse and Proposed Order (DE 846)**

Gabbe is a "creditor" as defined in the bankruptcy code because she held claims against the Debtor on the commencement date.[2] Gabbe is also a trust beneficiary because she received payments from the Trustee pursuant to a proof of claim and the hotly contested Settlement Agreement. Trustee served Gabbe with the Third Motion to Disburse funds (DE 846). The Motion is signed by the Trustee pursuant to Rule 9011. In the motion Trustee informed Gabbe and all other interested

---

[1] Pursuant to the confirmed plan, all Class 8 unsecured creditors exchanged their allowed proof of claims for a pro-rata interest in the Galardi Liquidating Trust.

[2] "Creditor" is an entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor. § 101(10). The Ch.11 plan defines creditor as 1.31 "Creditor" means any Person that is the holder of a Claim against any of the Debtor (Sic).

-1-

parties that:

¶ 227. **The Liquidating Trustee further requests that Bankruptcy Court enjoin all persons who may assert claims** against the Galardi Creditor Trust, against the Liquidating Trustee, or against any other Released Party or **against any creditor or recipient of any payment from the Galardi Creditor Trust**:

a. commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind against the Released Parties, or the respective assets or property of the Released Parties, including the assets of the Liquidating Trustee or the Galardi Creditor Trust, or regarding the validity of or asserting any interest in any payment from the Galardi Creditor Trust;

b. enforcing, levying, attaching, collecting or otherwise recovering by any manner or means, directly or indirectly, any judgment, award, decree or order against Released Parties, or the respective assets or property of the Released Parties, including the assets of the Galardi Creditor Trust;

c. creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any lien or claim against a Released Party, or the respective assets or property a Released Party, including the assets of the Galardi Creditor Trust;

d. asserting any setoff, right of subrogation or recoupment of any kind, directly or indirectly, against any obligation due a Released Party, or there respective assets or property of a Released Party, including the assets of the Galardi Creditor Trust;

e. proceeding in any manner in any place whatsoever that does not conform to or comply with the provisions of the Plan, the Confirmation Order, the Liquidating Trust Agreement, the prior orders of this Court, or the Settlement Agreement approved by this Court on December 19, 2024 (Dkt. 683).

The Proposed Order (DE 846, pg. 63, Ex. C) sent for the Court to sign stated:

10. **ORDERED** that all persons who may assert claims in connection with this case, against the Galardi Creditor Trust, against the Liquidating Trustee, or against any **creditor or recipient of any payment from the Galardi Creditor Trust**, shall be and hereby are:

a. enjoined from commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind against the Released Parties, or the respective assets or property of the Released Parties, including the assets of the Liquidating Trustee or the Galardi Creditor Trust, or regarding the validity of or asserting any interest in any payment from the Galardi Creditor Trust;

But the Order signed by the Court was changed on the ex-parte oral motion of the Trustee to the following:

4. The Liquidating Trustee agreed that the release and injunction provisions would expressly exclude from their application Kosachuk's and Parker's asserted claims against Astrid Gabbe and Astrid E. Gabbe, P.A.

12. **ORDERED** that notwithstanding anything to the contrary in this order, this order does not (a) release Astrid E. Gabbe or Astrid E. Gabbe, P.A. from any liability or enjoin any claims which may be held or brought by Kosachuk or Parker against Astrid E. Gabbe or Astrid E. Gabbe, P.A. which such claims are reserved by Kosachuk and Parker… .

Trustee was without authority to carve out only Gabbe and her law firm from the protection of the permanent injunction. As a consequence Trustee has failed to state or even show how Gabbe challenging the actions done to her by the Trustee interferes with payments to creditors.

### b. Trustee's Oral motion to Modify the Motion to Disburse was done without the Knowledge or Consent of Gabbe who was Not at the Hearing.

Trustee moved the Court to alter the Motion that Gabbe already consented to. This was done ex-parte and is the only issue being challenged on appeal. Court's generally disfavor oral motion in bankruptcy court when the other party is not present. One Court that was presented with a similar oral motion opined the following:

> Bistrian's argument founders on the meaning of "hearing" in Rule 9013. Because of the paucity of case law analyzing Rule 9013, we look for guidance in Federal Rule of Civil Procedure 7(b)(1), which mirrors Rule 9013.8 In *Taragan v. Eli Lilly and Co.,* 838 F.2d 1337, 1340–41 (D.C.Cir.1988), the Court of Appeals for the District of Columbia Circuit noted that Rule 7(b)(1) serves two functions. First, the rule "permit[s] the court and the parties to determine what transpire[s]" regarding the motion. *Id.* at 1340. This is a record-making function. Rule 7(b)(1) operates to create a clear history of a litigation for the parties, later litigants, and reviewing courts.
>
> Second, the rule "permit[s] the court and the party opposing the application to prepare adequately." *Id.* This is a notice function. Rule 7(b)(1) gives adverse parties notice that a party has asked a court for a ruling. By channeling litigants into a written, rather than oral, discourse with each other and the court, Rule 7(b)(1) assures that parties will know of contentions and requests in a litigation and will have the opportunity to oppose—or at least address—such views and demands. Both Rule 7(b)(1) and Rule 9013 create an exception for oral motions made during a hearing or trial. If read broadly to allow *any* oral motion during *any* hearing, regardless of the nexus between them, the exception would hobble the writing requirement and the policies underlying it. Not surprisingly, then, courts and commentators have preserved the record-making and notice functions of the rules by developing principles that limit the scope of oral motions made during a hearing.
>
> In *Taragan,* for example, the D.C. Circuit held that the notice function "is satisfied when the oral motion has *some connection* to the trial or

the matter set for hearing." *Id.* at 1341 (emphasis added) (citing sources). Thus, at a trial, almost every oral motion will have "some connection" to the proceeding, and it will be error not to consider them. *See International Business Machines v. Edelstein,* 526 F.2d 37, 46–47 (2d Cir.1975). At a hearing, however, parties generally gather to argue over discrete elements of a litigation. Many oral motions will have little or no connection to the reason for a particular hearing, and a court should refuse to consider them. *See* ⚑*Rauch v. United Instruments, Inc.,* 405 F.Supp. 435, 437 n. 2 (E.D.Pa.1975) (citations omitted), *rev'd on other grounds,* 548 F.2d 452 (3d Cir.1976). In *Rauch,* Judge Bechtle noted that "an oral argument *on a motion previously made* is not the Rule 7(b) 'hearing' at which the necessity for reducing motions to writing may be obviated."9 *Id.* (emphasis added). A leading treatise concurs. 5 Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1193, at 49 (2d ed. 1990) ("The provision in Rule 7(b) for oral motions does not mean that on a hearing of a written motion a party may interpose a different motion for unrelated relief orally and without notice, and thereby circumvent the writing and particularity requirements of Rule 7(b)(1).").

The wisdom of *Taragan* and *Rauch* is doubly apparent in bankruptcy practice. Hearings are more common in that specialized field. *See* 11 U.S.C. § 102(1). Moreover, the number of interested parties in even the most mundane bankruptcy can exponentially exceed the number of litigants in a common civil action. If we disregarded the teaching of *Taragan* and *Rauch,* it would be a relatively simple matter for a party to use the fortuity of a hearing, and of a party's absence, to advance an unrelated motion orally, a tactic that speakers of standard English could fairly describe with the word *ambush.*

In Re Bistrian, 184 B.R. 678 (E.D. Pa. 1995)

   **c. Trustee has Ample Authority to Pay Creditors.**

**11 U.S. Code § 1142 - Implementation of plan**

**(a)** Notwithstanding any otherwise applicable nonbankruptcy law, rule, or regulation relating to financial condition, the debtor and **any entity organized or to be organized for the purpose of carrying out the plan shall carry out the plan and shall comply with any orders of the court.**

   **Ch. 11 Plan - 8.4 Terms Binding.**

Upon the entry of the Confirmation Order, all provisions of this Plan, including all agreements, instruments, and other documents filed in connection with this Plan and executed by the Debtor or the Reorganized Debtor in connection with this Plan, shall be binding upon the Reorganized Debtor, all Claim holders, and all other Persons that are affected in any manner by this Plan. All agreements, instruments, and other documents filed in connection with this Plan shall have full force and effect and shall bind all parties thereto as of the entry of the Confirmation Order, whether or not such exhibits actually shall be executed by parties other than the Debtor or the Reorganized Debtor, or shall be issued, delivered, or recorded on the Effective Date or thereafter.

   **SECTION V.** *PAYMENTS AND DISTRIBUTIONS.*

  5.1    Distributions to Beneficiaries.

**As often as in the reasonable discretion and judgment of the Liquidating Trustee there shall be available cash in an amount sufficient to render feasible a distribution of Cash to the Beneficiaries, the Liquidating Trustee shall transfer and pay, or cause to be transferred and paid, to the Beneficiaries** (subject to the provisions of Section 3 hereof) such aggregate amount of Available Cash, if any, as shall then be held in the Creditors Trust, excluding reasonable amounts of Cash needed to pay the expenses, debts, charges, liabilities and obligations of the Creditors Trust (the "<u>Distribution Amount</u>")... .

**7.3  Liability of the Liquidating Trustee.**

c.  **Discretion of Liquidating Trustee**. The Liquidating Trustee, within the limitations and restrictions expressed and imposed by this Trust Agreement, may act freely under all or any of the rights, powers and authority conferred hereby, in all matters concerning the Trust Estate, after forming his best reasonable business judgment based upon the circumstances of any particular question or situation as to the best course to pursue, without the necessity of obtaining the consent or permission or authorization of the Beneficiaries, the Bankruptcy Court, or of any official or officer; and the rights, powers and authority conferred on the Liquidating Trustee by this Trust Agreement are conferred in contemplation of such freedom of reasonable business judgment and action within the limitations and restrictions so expressed and imposed; *provided, however,* that the Liquidating Trustee shall not be liable for any error or exercise of judgment, unless it shall be proved that such Liquidating Trustee was grossly negligent or acted in a manner which constituted willful misconduct.

**Ch. 11 Plan, 4.3.1 (pg. 25) Duties and Powers of the Liquidating Trustee**

Except as explicitly provided in the Plan, the Debtor nor the Reorganized Debtor shall have any liability for any cost or expense of the Galardi Creditors Trust following the Effective Date. **The Liquidating Trustee shall distribute the Trust Proceeds in accordance with the Trust Agreement and the terms of the Plan.**

**DE 921 – Court Order Authorizes the Trustee to Pay Creditors.**

3. **ORDERED** that the Motion, as modified by the Oral Modifications, is **GRANTED**, and the authority to make the distributions as set forth in the Motion is **GRANTED**. The Liquidating Trustee is authorized to make the disbursements as set forth in the Motion **in full and final satisfaction of such general unsecured claims against Teri G. Galardi, Ms. Galardi's bankruptcy estate in Case No. 22-50035, and against the Galardi Creditor Trust**.

**d.  Gabbe Did Not Seek a Stay Pending Appeal and the Order Granting Trustee's Motion to Disburse has Always Been Enforceable.**

**Rule 8007. Stay Pending Appeal; Bonds; Suspension of Proceedings**

(a) Initial motion in the Bankruptcy Court
(1) In general
Ordinarily, a party must move first in the bankruptcy court for the following relief:
(A) a stay of a judgment, order, or decree of the bankruptcy court pending appeal;
(B) the approval of a bond or other security provided to obtain a stay of judgment;
(C) an order suspending, modifying, restoring, or granting an injunction while an appeal is pending; or
(D) the suspension or continuation of proceedings in a case or other relief permitted by subdivision (e).

Parties are not entitled to stays pending appeal as a matter of right. *Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012); *Nken v. Holder*, 556 U.S. 418, 433 (2009); *In re Borjesson*, 2019 WL 1327324, at *1. In bankruptcy appeals, motions to stay pending appeal must include "the reasons for granting the relief requested and the facts relied upon," "affidavits or other sworn statements supporting facts subject to dispute," and "relevant parts of the record." *In re Borjesson*, 2019 WL 1327324, at *1 (quoting Fed. R. Bankr. P. 8007(b)(3)) (denying emergency motion for TRO or stay pending bankruptcy appeal).

Trustee's subjective belief Gabbe challenging a discrete part of the Order on appeal that was caused by Trustee orally modifying the motion outside the presence

of Gabbe, and without any notice to her, somehow stays enforcement of the Order is not grounded in bankruptcy law.

### e. Trustee Waived all Claims in the Settlement Agreement including the claim to Carve Gabbe and her Law Firm out from the Permanent Injunction.

The Settlement Agreement states:

16. Releases by the Liquidating Trustee. On the Effective Date of this Agreement, **the Liquidating Trustee and the Galardi Creditor Trust hereby releases, acquits and forever discharges, in both their individual and representative capacities, Gabbe PA, Gabbe,** Kosachuk, Parker, Dudley, and Dudley Law and their respective attorneys, agents, heirs, successors and assigns **from any and all claims, causes of action, suits, debts, liens, obligations, liabilities, demands, losses, costs and expenses (including attorneys' fees) of any kind, character or nature whatsoever, known, unknown or suspected, direct or indirect, fixed or contingent, liquidated or continuing,** except only those obligations as expressly stated in this Agreement.

Trustee brought an ex-parte motion in open court to assert a claim against Gabbe and her law firm that he waived in the Settlement Agreement. According to the release, Trustee waived his demand Gabbe and her law firm be excluded from the permanent injunction.

## Conclusion

A court may hold a creditor in civil contempt for violating an order where there is not a "fair ground of doubt" as to whether the creditor's conduct might be lawful. In The standard of review standard strikes the "careful balance between the interests of creditors and debtors" that the Bankruptcy Code often seeks to achieve. *Clark v.*

*Rameker*, 573 U.S. 122, 129, 134 S.Ct. 2242, 189 L.Ed.2d 157 (2014).

Trustee has failed to show by clear and convincing evidence Gabbe and her law firm violated the Court Order Settlement Agreement and are interfering with payments to trust beneficiaries. On the other hand, Gabbe has shown Trustee violated the Settlement Agreement by raising claims, in an ex-parte fashion, that he knowingly and intentionally waived as part of settlement negotiations that merged into the release.

WHEREFORE, for the foregoing reasons, Gabbe requests the Motion be denied.

/s/ Astrid E. Gabbe
Astrid Gabbe
The Law Office of Astrid E. Gabbe, P.A.
P.O. Box 4216
Hollywood, FL 33083
astridgabbe@gmail.com
954-303-9882

**IN THE UNITED STATES BANKRUPTCY
COURT MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| IN RE:<br><br>**TERI GALARDI,**<br><br>Debtor. | **CHAPTER 11**<br><br>**CASE NO. 22-50035-AEC** |

**CERTIFICATE OF SERVICE**

This is to certify that on this day the foregoing **ASTRID E. GABBE'S RESPONSE TO MOTION FOR SANCTIONS DE 1026** (the "Motion") was electronically filed using the Bankruptcy Court's ECF program which sends a notice of and an accompanying link to the Motion to all parties who have appeared in this case under the Bankruptcy Court's ECF program.

- **Michael Akemon**    mutepe.akemon@richardslegal.com
- **Mitchell D Benjamin**    benjamin@dcbflegal.com, jessicasorrenti@dcbflegal.com; calendar@dcbflegal.com
- **Charles Bridgers**    charlesbridgers@dcbflegal.com, jessicasorrenti@dcbflegal.com; calendar@dcbflegal.com
- **Ainsworth G Dudley**    adudleylaw@gmail.com
- **Evan Owens Durkovic**    ecfgamb@aldridgepite.com, edurkovic@ecf.courtdrive.com
- **Robert G. Fenimore**    robert.g.fenimore@usdoj.gov, Ustp.region21.mc.ecf@usdoj.gov
- **Astrid E. Gabbe**    astridgabbeesq@gmail.com,    1109385420@filings.docketbird.com
- **Will Bussell Geer**    wgeer@rlkglaw.com,    notices@nextchapterbk.com; willgeer@ecf.courtdrive.com;2836@notices.nextchapterbk.com;6717577420@filings.docketbird.com;geer.willb117921@notify.bestcase.com;emiller@rlkglaw.com;jdowardclay@rlkglaw.com
- **Whitney Warnke Groff**    whitney.groff@cobbcounty.org
- **Elizabeth A. Hardy**    elizabeth.a.hardy@usdoj.gov, Ustp.region21.mc.ecf@usdoj.gov; elizabeth.hardy.collins@usdoj.gov
- **Brian K. Jordan**    bkecfinbox@aldridgepite.com,    bjordan@ecf.courtdrive.com
- **Christina T. Lanier**    christina.t.lanier@usdoj.gov, southern.taxcivil@usdoj.gov
- **Jonathan Loegel**    jonathan@loegel.com
- **Roy E. Manoll**    kdd@fbglaw.com
- **Louis G. McBryan**    lmcbryan@mcbryanlaw.com,    alepage@mcbryanlaw.com
- **Garrett A. Nail**    gnail@pgnlaw.com
- **Jason M. Orenstein**    jmopclaw@yahoo.com
- **James D. Silver**    jsilver@kklaw.com, raldama@kklaw.com
- **Christopher W. Terry**    chris@boyerterry.com, terrycr40028@notify.bestcase.com
- **U.S. Trustee - MAC**    Ustp.region21.mc.ecf@usdoj.gov

-11-

-12-

This 2nd day of December, 2024.

/s/ Astrid E. Gabbe
Astrid Gabbe
The Law Office of Astrid E. Gabbe, P.A.
P.O. Box 4216
Hollywood, FL 33083
astridgabbe@gmail.com
954-303-9882