# IN THE UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| IN RE:<br><br>TERI G. GALARDI,<br><br>Debtor. | CHAPTER 11<br><br>CASE NO. 22-50035-AEC |

### RESPONSE IN OPPOSITION TO MOTION FOR CONTEMPT
### AND TO ENFORCE SETTLEMENT AGREEMENT

Thomas T. McClendon, as Liquidating Trustee of the Galardi Creditors Trust (the "**Trustee**"), files this *Response in Opposition to Motion for Contempt and to Enforce Settlement Agreement* ("**Response**") in opposition to the Motion for Contempt and to Enforce Settlement Agreement (Dkt. 1054) ("**Motion**") filed by Christopher Kosachuk ("**Kosachuk**"), and respectfully shows this Court as follows:

**A. The Motion Violates this Court's Injunction (Dkt. 921).**

First, the Motion is in violation of this Court's order dated July 3, 2024 (Dkt. 921). Specifically, the Motion violates the injunction in ¶ 11, which reads as follows:

> **ORDERED** that all persons who may assert claims in connection with this case, against the Galardi Creditor Trust, against the Liquidating Trustee, or against any creditor or recipient of any payment from the Galardi Creditor Trust, shall be and hereby are enjoined from:
> a. commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind against the Released Parties, or the respective assets or property of the Released Parties, including the assets of the Liquidating Trustee or the Galardi Creditor Trust, or regarding the validity of or asserting any interest in any payment from the Galardi Creditor Trust;

Dkt. 921 at ¶ 11 (the Injunction Order).

There can be no doubt that Kosachuk's Motion violates this Court's injunction. The Motion seeks an "order that $163,120 be paid to [Kosachuk]" and names the Liquidating Trustee and his

law firm, Jones & Walden LLC. Motion at 6. Kosachuk is aware of the injunction, having appeared at both hearings held prior to entry of Dkt. 921. Further, Kosachuk cross-appealed the Injunction Order to the District Court for the Middle District of Georgia in Case 24-cv-00221-MTT, which was voluntarily dismissed on September 30, 2024 by Kosachuk.

While the Injunction Order is still on appeal by The Law Office of Astrid E. Gabbe, the Injunction Order remains in full force and effect and is binding on Kosachuk. *See Jaffree v. Wallace*, 837 F.2d 1461, 1467 (11th Cir. 1988) ("The established rule in the federal courts is that a final judgment retains all of its res judicata consequences pending decision of the appeal.").

A motion filed in violation of an injunction is due to be denied with prejudice. *See Martin-Trigona v. Shaw*, 986 F.2d 1384, 1388 (11th Cir. 1993) ("Dismissal of a complaint with prejudice is an appropriate means to enforce violations of such injunctions" [i.e., an anti-lawsuit injunction]). Thus, the Court should deny the Motion on the grounds that the filing violates the Injunction Order.

**B. Kosachuk's Recycled Arguments Have Been Repeatedly Denied.**

Second, the allegations in the Motion have been brought numerous times before and repeatedly denied by this Court, only some of which are addressed below. As shown, all of the allegations made by Kosachuk have been previously denied by a prior final order. Thus, these allegations are barred by the doctrine of res judicata.

"Res judicata is a judicially crafted doctrine, created to provide finality and conserve resources." *Maldonado v. U.S. Att'y Gen.*, 664 F.3d 1369, 1375 (11th Cir. 2011). "Res judicata bars the filing of claims which were raised or could have been raised in an earlier proceeding." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999). Prior litigation bars claims when four elements are present: "(1) there is a final judgment on the merits; (2) the decision was

rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Id.*

The Eleventh Circuit holds that orders of the Bankruptcy Court serve as res judicata. "Citing the Supreme Court precedent, we have held that bankruptcy orders serve as a final judgment on the merits for purposes of res judicata." *Otah v. Fannie Mae*, 2023 U.S. App. LEXIS 18341 at *5 (11th Cir. July 19, 2023).

Orders resolving contested matters are final decisions on the merits for the purposes of the application of res judicata. "[T]he Supreme Court confirmed that res judicata applied to disputes actually resolved in a contested matter." *Strong v. Cochran*, 639 B.R. 625, 633 (D. Utah 2020) (citing *Katchen v. Landy*, 382 U.S. 323, 334-35, 86 S. Ct. 467, 475-76 (1966)); *see also In re Friends of Citrus & The Nature Coast, Inc.*, 2024 Bankr. LEXIS 485, at *15-16 (Bankr. M.D. Fla. Feb. 28, 2024) ("[T]he Court finds that Final Bankruptcy Fee Order was a decision on the merits."); *In re Fundamental Long Term Care, Inc.*, 628 B.R. 344, 352 (Bankr. M.D. Fla. 2021) ("An order approving a settlement under Rule 9019 has res judicata effect as a final order.").

As to Proof of Claim 57, allegations regarding Claim 57 were included in the initial adversary proceeding Kosachuk brought against the Liquidating Trustee. Adv. Proc. 23-5024, Dkt. 1 at ¶¶ 36-48. That complaint was dismissed by Kosachuk with prejudice. *Id.* at Dkt. 10 (stipulation), Dkt. 11 (order approving stipulation and dismissing complaint with prejudice). Thus, that dismissal order is res judicata regarding Claim 57.

Proof of Claim 57 was expressly addressed by the Second Distribution Motion, Dkt. 702 at ¶ 223-225, as approved by the Second Distribution Order. After Gabbe settled with the Liquidating Trustee regarding her remaining claims, *see* Dkt. 790, Exhibit A, the Liquidating Trustee moved to make certain distributions to Guernsey based on that settlement. Dkt. 790. Over

Kosachuk's motion to intervene (Dkt. 802), Judge Smith granted the motion and ordered the Liquidating Trustee to make this distribution on March 13, 2024. Dkt. 811.

Kosachuk did not appeal Docket 811, and it is a final order of this Court. That order is also res judicata on these distributions. Thus, Kosachuk's complaints regarding Claim 57 is barred by res judicata.

As to the Mays Interpleader, the District Court for the Southern District of Florida has already adjudicated the interpleader action. *McClendon v. Mays et al.*, Case No. 23-cv-22893-JB. The parties have stipulated to a dismissal (Dkt. 225)[1] and the Court has dismissed the case with prejudice (Dkt. 241) over Kosachuk's motions to strike the stipulation (Dkt. 216 and & 227) and attempted charging liens (Dkt. 249; order denying Dkt. 260). The dismissal with prejudice over Kosachuk's objection is res judicata.

WHEREFORE, the Liquidating Trustee respectfully requests that (a) the Court deny the Motion, and (b) grant the Liquidating Trustee such other and further relief as is just and proper.

Respectfully submitted this 1st day of April, 2025.

JONES &WALDEN LLC

*/s/Thomas T. McClendon*
Thomas T. McClendon
Georgia Bar No. 431452
699 Piedmont Avenue, NE
Atlanta, Georgia 30308
(404) 564-9300
tmcclendon@joneswalden.com
*Liquidating Trustee*

---

[1] That court noted Kosachuk's assertion of assignment from Gabbe, but noted "To the extent that Mr. Kosachuk believes the Gabbe Parties improperly settled or dismissed their claim, he is not left without recourse as he may proceed against them in a separate action for breach of the alleged assignment, provided of course that there is legal and factual support for such a cause of action." Mays Interpleader, Dkt. 241 at n. 1.

**IN THE UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| IN RE:<br><br>TERI G. GALARDI,<br><br>    Debtor. | CHAPTER 11<br><br>CASE NO.  22-50035-AEC |

**CERTIFICATE OF SERVICE**

This is to certify that on the date indicated below, the foregoing *Response in Opposition to Motion for Contempt and to Enforce Settlement Agreement* (the "Response") was electronically filed using the Bankruptcy Court's Electronic Case Filing program which sends a notice of and an accompanying link to the Response to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing Program:

- **Michael Akemon**    mutepe.akemon@richardslegal.com
- **Mitchell D Benjamin**    benjamin@dcbflegal.com, jessicasorrenti@dcbflegal.com; calendar@dcbflegal.com
- **Charles Bridgers**    charlesbridgers@dcbflegal.com, jessicasorrenti@dcbflegal.com; calendar@dcbflegal.com
- **Charles M Dalziel,**    chuck@dalziellawfirm.com
- **Ainsworth G Dudley**    adudleylaw@gmail.com
- **Evan Owens Durkovic**    ecfgamb@aldridgepite.com, edurkovic@ecf.courtdrive.com
- **Robert G. Fenimore**    robert.g.fenimore@usdoj.gov, Ustp.region21.mc.ecf@usdoj.gov
- **Astrid E. Gabbe**    astridgabbe@gmail.com, 1109385420@filings.docketbird.com
- **Will Bussell Geer**    wgeer@rlkglaw.com, notices@nextchapterbk.com;willgeer@ecf.courtdrive.com;2836@notices.nextchapterbk.com;6717577420@filings.docketbird.com;geer.willb117921@notify.bestcase.com;emiller@rlkglaw.com;jdowardclay@rlkglaw.com
- **Whitney Warnke Groff**    whitney.groff@cobbcounty.org
- **Elizabeth A. Hardy**    elizabeth.a.hardy@usdoj.gov, Ustp.region21.mc.ecf@usdoj.gov; elizabeth.hardy.collins@usdoj.gov
- **Brian K. Jordan**    bkecfinbox@aldridgepite.com, bjordan@ecf.courtdrive.com
- **Christina T. Lanier**    christina.t.lanier@usdoj.gov, southern.taxcivil@usdoj.gov
- **Jonathan Loegel**    jonathan@loegel.com
- **Roy E. Manoll**    kdd@fbglaw.com
- **Louis G. McBryan**    lmcbryan@mcbryanlaw.com, alepage@mcbryanlaw.com
- **Garrett A. Nail**    gnail@pgnlaw.com
- **Jason M. Orenstein**    jmopclaw@yahoo.com
- **James D. Silver**    jsilver@nasonyeager.com, raldama@nasonyeager.com; HWebb@nasonyeager.com
- **Christopher W. Terry**    chris@boyerterry.com, terrycr40028@notify.bestcase.com
- **U.S. Trustee - MAC**    Ustp.region21.mc.ecf@usdoj.gov

  I further certify that on the date indicated below, I caused a copy of the Response to be served on the following party listed below via U.S. First Class mail, postage prepaid:

Christopher Kosachuk
854 Pheasant Run Rd
West Chester, PA 19382

  This 1st day of April, 2025.

                **JONES & WALDEN LLC**

                */s/ Thomas T. McClendon*
                Thomas T. McClendon
                Georgia Bar No. 431452
                699 Piedmont Avenue, NE
                Atlanta, GA 30308
                (404) 564-9300
                tmcclendon@joneswalden.com
                *Liquidating Trustee*