IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| IN RE: <br><br> TERI G. GALARDI, <br><br> Reorganized Debtor. | CHAPTER 11 <br><br> CASE NO.  22-50035-AEC |

**MOTION TO AMEND ORDER
(A) APPROVING THIRD AND FINAL DISTRIBUTIONS TO BENEFICIARIES OF THE GALARDI CREDITOR TRUST, (B) AUTHORIZING LIQUIDATING TRUSTEE TO PAY REMAINING LIABILITIES, (C) AUTHORIZE WINDING DOWN OF LIQUIDATING TRUST AND (D) RELEASING LIQUIDATING TRUST PARTIES AND GRANTING OF INJUNCTIVE RELIEF**

COMES NOW Thomas T. McClendon, as Liquidating Trustee of the Galardi Creditor Trust ("**Liquidating Trustee**") and files this *Motion to Amend Order (A) Approving Third and Final Distributions to Beneficiaries of the Galardi Creditor Trust, (B) Authorizing Liquidating Trustee to Pay Remaining Liabilities, (C) Authorize Winding Down of Liquidating Trust and (D) Releasing Liquidating Trust Parties and Granting of Injunctive Relief* (the "**Motion to Amend**"), respectfully showing the Court as follows:

I.     **STATEMENT OF FACTS**

a.  ***The Bankruptcy Case and the Galardi Creditor Trust***

1.     On January 12, 2022 (the "**Petition Date**"), Teri Galardi ("**Debtor**") filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**") in this Court.

2.     The Court entered an *Order Confirming Joint Plan of Reorganization* on April 14, 2023 ("**Confirmation Order**").

3.     Pursuant to the Confirmation Order, the Court appointed Thomas T. McClendon

1

("**Liquidating Trustee**") as Liquidating Trustee to administer the Galardi Creditors Trust ("**Trust**") for the benefit of unsecured creditors under Class 8 of the Plan.

4. On November 1, 2023, the Liquidating Trustee, The Law Office of Astrid E. Gabbe, P.A. ("**Gabbe Law**"), Astrid E. Gabbe ("**Gabbe**"), Chris Kosachuk ("**Kosachuk**"), Jammie Parker, Shakir Williams, Dudley Law, LLC, and Ainsworth Dudley (collectively the "**Settlement Parties**") announced a settlement of all matters which had or could have arisen between them, subject to the Court's approval of a written settlement agreement.

5. On November 22, 2023, the Liquidating Trustee filed a Motion to Approve Settlement Agreement between the Parties ("**Settlement Motion**") (Dkt. 661). A true and correct copy of the fully-executed Settlement Agreement was attached to the Settlement Motion and is adopted herein by this reference. The Court held a hearing on December 18, 2023. At such hearing, Joseph R. Guernsey d/b/a Red Shield Funding ("**Guernsey**") consented to and joined the Settlement Agreement and became another Settlement Party.

6. On December 19, 2023, this Court entered an *Order Authorizing Liquidating Trustee's Entry into a Settlement Agreement with The Law Office of Astrid E. Gabbe, P.A., Astrid E. Gabbe, Christopher Kosachuk, Jammie Parker, Shakir Williams, Dudley Law, LLC and Ainsworth Dudley* (Dkt. 683) (the "**Settlement Order**").

7. The Settlement Order amended the Settlement Agreement as to Paragraph 3 (regarding Rasheedah Mays) and Paragraph 7 (as to Red Shield Funding). Also, the Settlement Order made Guernsey a party to the Settlement Agreement.

### b. The Distribution Motion and Distribution Order

8. On April 25, 2024, the Liquidating Trustee filed a *Motion to (A) Approve Third and Final Distributions to Beneficiaries of the Galardi Creditor Trust, (B) Authorize Liquidating*

*Trustee to Pay Remaining Liabilities, (C) Authorize Winding Down of Liquidating Trust and (D) Release Liquidating Trust Parties and Granting of Injunctive Relief* (the "**Distribution Motion**") (Dkt. 846).

9. As part of the Distribution Motion, the Liquidating Trustee sought approval from the Court of a $100,000.00 budget for professionals in winding down the Galardi Creditor Trust. Distribution Motion at ¶ 220. Professionals included (i) the Liquidating Trustee, (ii) Jones & Walden LLC, as attorneys for the Liquidating Trustee, and (iii) McNair, McLemore, Middlebrooks & Co., the Trust's CPA.

10. The Court held a hearing on the Distribution Motion on June 21, 2024.

11. At that hearing Kosachuk, Parker, and Guernsey appeared in opposition.

12. The Court held a further hearing on June 28, 2024, where the Court overruled Kosachuk's objections to injunction language proposed by the Liquidating Trustee.

13. On July 3, 2024, the Court entered an Order granting the Liquidating Trustee's Distribution Motion (Dkt. 921) (the "**Distribution Order**").

14. The Distribution Order approved the $100,000.00 budget for professionals, including the Liquidating Trustee, J&W and the Trust's CPA.

15. The Distribution Order also enjoined all persons from asserting claims against the Liquidating Trustee, the Galardi Creditor Trust, professionals, and creditors. Specifically (and without limitation) the Distribution Order provided:

> **ORDERED** that all persons who may assert claims in connection with this case, against the Galardi Creditor Trust, against the Liquidating Trustee, or against any creditor or recipient of any payment from the Galardi Creditor Trust, shall be and hereby are enjoined from:
> 1. commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind against the Released Parties, or the respective assets or property of the Released Parties, including the assets of the Liquidating Trustee or the Galardi Creditor Trust, or regarding

3

      the validity of or asserting any interest in any payment from the Galardi Creditor Trust;

Dkt. 921 at ¶ 11 (the "**Injunction**").

16. On July 10, 2024, Robert Guernsey dba Red Shield Funding filed a notice of appeal on the Distribution Order (Dkt. 927).

17. On July 15, 2024, Kosachuk filed a notice of appeal of the Distribution Order (Dkt. 939). The appeals filed by Guernsey and Kosachuk were assigned Case No. 24-cv-221-mtt in the U.S. District Court for the Middle District of Georgia.

18. On July 15, 2024, Astrid Gabbe filed a notice of appeal of the Distribution Order (Dkt. 934). The appeal filed by Gabbe was assigned Case No. 24-cv-233-mtt in the U.S. District Court for the Middle District of Georgia.

      **c. Post-Distribution Motion Filings**

19. Since the filing of the Distribution Motion slightly less than a year ago, there has been another 216 docket entries in this case. These relate almost exclusively by Gabbe and Kosachuk, who continued to ignore this Court's orders.

20. The Distribution Order found that Kosachuk lacked standing to object to the Third Distribution Motion because he was not a creditor (with the limited exception of an objection to the scope of the injunctive relief. The issue regarding the scope of the injunction was resolved by language consented to by Kosachuk in the Distribution Order). Dkt. 921.

21. Undeterred by his lack of standing, Kosachuk appealed the Third Distribution Order. Dkt. 939. Kosachuk further moved to stay the effectiveness of the Third Distribution Order pending appeal. Dkt. 936. The Court denied the motion, citing, among other reasons, Kosachuk's lack of standing and the lack of merit to Kosachuk's assertions of error. Dkt. 980. Kosachuk ultimately voluntarily dismissed his appeal (Dkt. 1020), but only after multiple motions for

4

contempt had been filed against him for violations of the Settlement Order. *See* Dkt. 958, 1011, and 1012.

22. In further violation of the Court's Settlement Order, Kosachuk again moved to stay the effectiveness of the Third Distribution Order pending resolution of motions for contempt brought by Joseph Guernsey d/b/a Red Shield Funding. Dkt. 942. The Court denied the motion, noting that "the Court has determined on multiple occasions that Kosachuk is not a creditor in this case and therefore has no standing. (See Docs. 810, 899, 901, and 921.)" Dkt. 981.

23. On July 22, 2024, in further complete disregard for both his promises under the Settlement Agreement and the injunction in the Third Distribution Order[1], Kosachuk filed an adversary proceeding, Adv. Proc. 24-5015, against the Liquidating Trustee, Leon Jones, Esq., Jones & Walden, LLC, the Galardi Creditor Truste, Michael "Mutepe" Akemon, Esq., The Richard Law Group, LLC, Ainsworth Dudley, Esq., Dudley Law, LLC, Astrid E. Gabbe, Esq., The Law Office of Astrid E. Gabbe, P.A., Jenisee Long, and Alexis King. When the Liquidating Trustee informed Kosachuk that this was a violation of the Settlement Order and the Third Distribution Order, Kosachuk dismissed the Liquidating Trustee, the Galardi Creditor Trust and others from Adversary Proceeding 24-5015 without prejudice. A.P. 24-5015, Dkt. 48.

24. On October 24, 2024, Kosachuk sent an email to the Liquidating Trustee threatening him with a refiling of the adversary proceeding and treble damages if the Liquidating Trustee did not pay Kosachuk any payments due to Claim No. 57:

> Mr. McClendon,
>
> I hereby demand that you make all future distributions from the Galardi Creditors Trust with respect to proof of claim 57 to me.
>
> Should either or both of you fail to do so, I will either seek leave to amend my current adversary proceeding to include both of you, Mr. Jones, the Galardi Creditors Trust,

---

[1] The Third Distribution order remains in effect notwithstanding the appeal.

5

> Michael James Bourff a/k/a Michael de Campo and Red Shield as defendants or simply file a new adversary.
>
> Your wrongful retention of my money constitutes civil theft for which trebles damages will be awarded if I am forced to file a complaint. I am writing this email as a courtesy before I serve the civil theft demand letters as I am hopeful that we can resolve without the need for further litigation.
>
> If I do not hear back from you by 5pm on Friday October 25, 2024, I will proceed accordingly.

25. Subsequently, on December 6, 2024, Kosachuk did in fact file a Motion for Leave to Amend Adversary Complaint requesting to add the Liquidating Trustee, among others, back into Adversary Proceeding 24-5015. A.P. 24-5015, Dkt. 67.

26. On December 13, 2024, the Liquidating Trustee sent notice to Kosachuk that the Motion for Leave to Amend was a violation of both the Settlement Order and the Third Distribution Order. The Liquidating Trustee further notified Kosachuk that if Kosachuk failed to withdraw such motion within 21 days, the Liquidating Trustee would file a motion for sanctions. Kosachuk did not withdraw the Motion for Leave to Amend. As such, on January 13,2025, the Liquidating Trustee filed its Motions for Contempt and for Sanctions against Kosachuk. A.P. 24-5015, Dkt. 74 and 75.

27. After the Liquidating Trustee's Motions for Contempt and Sanctions was filed, Kosachuk filed his Amended Motion to Amend Complaint which removed the Liquidating Trustee as a proposed defendant. A.P. 24-5015, Dkt. 75.

28. A hearing on the Liquidating Trustee's Motions for Contempt and Sanctions was held on February 21, 2024. Kosachuk and the Liquidating Trustee filed briefs (Dkt. 112, 113). The Court took the matter under advisement. The Court has not yet ruled on the Liquidating Trustee's Motions for Contempt and Sanctions.

6

29. On March 26, 2025, Kosachuk filed a *Motion for Contempt and to Enforce Settlement Agreement* against "Thomas T. McClendon and his law firm, Jones & Walden, LLC", among others. Dkt. 1054.

30. Kosachuk's contempt motion does not assert that the Liquidating Trustee violated any provision of the Settlement Agreement. Rather, Kosachuk asserts that a settlement agreement should be set aside and demands (without any intelligible reason) payment of $163,120.00 from unspecified parties. Dkt. 1054.

31. The Court denied Kosachuk's contempt motion after a hearing. Dkt. 1061.

### d. Guernsey and Kosachuk Appeal

32. On July 10, 2024, Guernsey filed a Notice of Appeal (Dkt. 926) of the Distribution Order.

33. On July 15, 2024, Kosachuk filed a Notice of Cross Appeal (Dkt. 939).

34. On July 25, 2024, Guernsey filed a Designation of Items to be Included in the Record on Appeal and Statement of Issue to Be Presented.

35. On August 7, 2024, Kosachuk filed a Designation of Items to be Included in the Record on Appeal and Statement of Issues to Be Presented.

36. On August 12, 2024, the Liquidating Trustee filed a Designation of Items to be included in the Record on Appeal and Statement of Issues to Be Presented.

37. On October 4, 2024, Kosachuk filed a Notice of Voluntary Dismissal of Cross Appeal (Case No. 24-221, Dkt. 9).

38. On October 9, 2024, Guernsey and the Liquidating Trustee filed a Motion to Dismissal Appeal (Case No. 24-221, Dkt. 10).

39. The District Court entered an order dismissing the appeal on October 15, 2024.

7

(Case No. 24-221, Dkt. 11).

### e. Gabbe's Appeal of Confirmation Order

40. On July 14, 2042, Gabbe appealed the Distribution Order.

41. Gabbe filed her appellant's principal brief out of time on October 2, 2024. Further, Gabbe's brief did not include an appendix as required by Federal Rule of Bankruptcy Procedure 8018(b).

42. On November 5, 2024, the Liquidating Trustee received a call from Mr. Daziel, Ms. Gabbe's new attorney. On that call, Mr. Dalziel told the Liquidating Trustee that he was "not competent to practice law right now."

43. The Liquidating Trustee filed the appellee principal brief on October 21, 2024. With the brief, the Liquidating Trustee also filed a Motion for Sanctions for Frivolous Appeal Pursuant to Federal Rule of Bankruptcy Procedure 8020 (24-233, Dkt. 10).

44. Gabbe did not file a reply brief. She did however, filed a belated response to the motion for sanctions on December 12, 2024 (24-233, Dkt. 11). The Trustee filed a reply on December 23, 2024 (24-233, Dkt. 12).

45. The District Court held a hearing on the Liquidating Trustee's motion to dismiss the appeal as frivolous and for sanctions on June 3, 2025. The Liquidating Trustee appeared at the hearing. Neither Gabbe nor her attorney Charles Dalziel appeared at the hearing.

46. The Liquidating Trustee filed a declaration of attorneys' fees in support of the motion for sanctions showing that the Liquidating Trustee and J&W have incurred $22,662.00 in defending the Gabbe Appeal (24-233, Dkt. 15).

47. The District Court has not yet ruled on the motion or ruled on the appeal.

8

### f. Current Legal Fees

48. Unfortunately, the Distribution Order remains on appeal to the United States District Court for the Middle District of Georgia. Not only does the Distribution Order remain on appeal, the Liquidating Trustee has been forced to defend against numerous filings in this case and related adversary proceedings.

49. The Court previously approved fee applications for the Liquidating Trustee, Jones & Walden LLC and McNair McLemore Middlebrooks & Co., LLC for time through May 24, 2024. *See* Dkts. 841, 842, and 843 (applications for compensation) and 899, 900, and 901 (orders granting such applications).

50. Since that time, the Liquidating Trustee and his professionals have incurred fees and expenses from April 25, 2024 to the present in excess of the $100,000 reserve. The Liquidating Trustee will supplement this Motion with current figures in advance of any hearing.

51. Further, the Liquidating Trustee reasonably anticipates that further attorneys' fees will be incurred prior to the final resolution of the Gabbe Appeal of the Distribution Order.

52. Additionally, MMM will need to prepare a 2025 tax return for the Galardi Creditor Trust.[2]

## II. RELIEF REQUESTED

The Liquidating Trustee requests that the Court amend the Distribution Order to allow the Liquidating Trustee, J&W, and MMM to recover all of their professional fees after appropriate fee application with this Court, notwithstanding the $100,000.00 professional fee reserve. This results because of the fees the Liquidating Trustee has been forced to incur after entry of the Distribution Order due to (i) the repeated frivolous filings made this case and related adversary proceedings,

---

[2] Depending on the resolution of the Gabbe Appeal (and timing thereof), a 2026 tax return may also be required.

and (ii) the Liquidating Trustee's defense of the Galardi Creditor Trust and its professionals.

### III. LEGAL ANALYSIS

Federal Rule of Bankruptcy Procedure 9024, which incorporates Federal Rule of Civil Procedure 60, permits the Liquidating Trustee to seek relief from the Distribution Order. Specifically, Federal Rule of Civil Procedure 60(b) provides:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> **(1)** mistake, inadvertence, surprise, or excusable neglect;
> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> **(4)** the judgment is void;
> **(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> **(6)** any other reason that justifies relief.

"The decision to alter or amend a judgment is highly discretionary." *In re Gibbs*, 2022 Bankr. LEXIS 766, 2022 WL 850061, at *3 (Bankr. N.D. Ga. Mar. 22, 2022) (citing *Am. Home Assurance Co. v. Glenn Estess & Assocs.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985)). The Court should "apply the correct legal standard and offer substantial justification" for its conclusion. *See BLOM Bank SAL v. Honickman*, 221 L.Ed. 2d 850 (June 5, 2025).

A motion under Rule 60(b)(1) must be made "no more than a year after entry of the judgment or order or the date of the proceeding." FRCP 60(c)(1). This one-year limitation is not tolled by filing an appeal. *Pierce v. Kyle*, 535 F. App'x 783, 784 (11th Cir. 2013) (citing *Transit Cas. Co. v. Security Trust Co.*, 441 F.2d 788, 791 (5th Cir. 1971)).

Thus, the Liquidating Trustee brings this Motion to Amend the Distribution Order, notwithstanding the still-pending Gabbe Appeal. The Liquidating Trustee acknowledges that the

10

Distribution Order is currently on appeal. *See* 24-cv-233 (M.D. Ga.). As such, this Court may not currently have jurisdiction over this motion. Federal Rule of Bankruptcy Procedure 8008 governs this situation and provides that the Court may "defer considering the motion" or "state it would grant the motion if the court where the appeal is pending remands for that purpose." F.R.B.P. 8008.

The Liquidating Trustee moves for relief under F.R.C.P. 60(b)(1) which permits the Court to grant relief from a judgment or order for "mistake, inadvertence, surprise, or excusable neglect."

The Liquidating Trustee respectfully submits that relief under F.R.C.P. 60(B)(1) is appropriate here given the repeated frivolous filings that have been made in this Court and the District Court. These filings were made by two parties that have previously waived their rights, without limitation, by signing off on the Settlement Agreement. These filings have required responses and attendance at hearings by the Liquidating Trustee and his counsel. These events satisfy both the "mistake" or "excusable neglect" standards.

Subsequent to the Distribution Motion being filed on April 25, 2024 and prior to the filing of this motion, another 216 docket entries have been filed in the bankruptcy case. *See* Doc. Nos. 846-1062. These include:

> 1. The Guernsey/Kosachuk appeal (discussed above) and the Gabbe appeal (likewise discussed above) which necessitated the Liquidating Trustee to incur fees to defend the Distribution Order.
> 2. motions for contempt and request for forensic accounting against various parties, including the Liquidating Trustee by Joseph Guernsey dba Red Shield Funding (Dkts 872, 873, 875); which was joined by Kosachuk (Dkt. 943). The Liquidating Trustee responded (Dkt. 960 and 961)
> 3. a motion to set aside the Settlement Agreement by Kosachuk, Jamie Parker and Shakir Williams (none of which had standing) (Dkt. 890, 923, 924, 933, 946, 963) which was responded to by the Liquidating Trustee at Dkt. 957.
> 4. Motion to stay order pending appeal by Kosachuk (Dkt. 936, 942,)
> 5. Motion for Contempt by the Liquidating Trustee for breaching the Settlement Agreement against Kosachuk (Dkt. 958), Shakir Williams (Dkt 959) and Jammie Parker (Dkt. 1014).

11

    6.    Motion for Contempt by the Liquidating Trustee against Astrid Gabbe and the Law Office of Astrid E. Gabbe PA for breaching the Settlement Agreement (Dkt. 1026).

    7.    Kosachuk's repeated motion for contempt against Liquidating Trustee, J&W and others (Dkt. 1054), which was responded to by the Liquidating Trustee (Dkt. 1055).

Kosachuk filed another adversary proceeding against the Liquidating Trustee and others (Adv. Proc. 24-5015). Pleadings that affected the Liquidating Trustee and the Galardi Creditor Trust included:

    1.    Complaint against Michael "Mutepe" Akemon, Esq., The Richards Law Group, LLC, Thomas T. McClendon, Esq., as Liquidating Trustee of the Galardi Creditor Trust, the Galardi Creditor Trust, Leon Jones Esq., Jones & Walden, LLC, Ainsworth Dudley, Esq., Dudley Law, LLC, Astrid E. Gabbe Esq., The Law Office of Astrid E. Gabbe, P.A., Jenisee Long, and Alexis King (24-5015, Dkt. 1)

    2.    Amended Complaint (which did not include claims against the Liquidating Trustee, the Galardi Creditor Trust, Leon Jones Esq., or Jones & Walden, LLC (Dkt. 48)

    3.    The Liquidating Trustee's Motions for Contempt and Sanctions against Kosachuk (Dkt. 74, 75, 82, 83).

    4.    Motion for Leave to Amend to Complaint to re-add the Liquidating Trustee (Dkt. 70).

    5.    Motion to Withdraw Reference (Dkt. 86), responded to by the Liquidating Trustee (Dkt. 110).

    6.    Motion to Strike Liquidating Trustee's Response (Dkt. 117) which the Liquidating Trustee responded to (Dkt. 121).

Hearings in the bankruptcy case since the filing of the Distribution Motion have included:

    7.    June 21, 2024 (Distribution Motion and Applications for Compensation)
    8.    June 28, 2024 (Further Hearing on Distribution Motion)
    9.    December 2, 2024 (Hearing on Contempt Motion against Gabbe)
    10.    December 9, 2024 (Hearing on Show Cause Order on Kosachuk, Williams and Parker Motion to Set Aside)
    11.    February 21, 2025 (Hearing on Contempt Motion against Gabbe)
    12.    May 1, 2025 (Hearing on Kosachuk's Motion for Contempt against Liquidating Trustee and others)

Hearings in Adversary Proceeding 24-5015[3] have included:

---

[3] This Adversary Proceeding was filed after the Distribution Motion and initially named the Liquidating Trustee, J&W and Leon Jones as parties. Kosachuk repeatedly threatened to seek to add those parties back to the Adversary Proceeding. Thus, the Liquidating Trustee was required to attend all of these hearings to protect his rights and that of the Galardi Creditor Trust.

1. September 10, 2024
2. December 5, 2024
3. February 21, 2025
4. April 2, 2025
5. May 22, 2025
6. June 24, 2025

A "mistake" under Rule 60 includes both factual and legal errors by the parties and the Court. *See Kemp v. United States*, 596 U.S. 528, 142 S. Ct. 1856 (2022). The Liquidating Trustee submits that the $100,000 professional reserve was a reasonable, good-faith estimate of the costs to administer the trust through the final distribution. Yet in the nearly a year since the entry of that order, the Liquidating Trustee and his professionals have been sued again (notwithstanding this Court's injunction in the Distribution Order and the prior dismissal with prejudice of the same claims) and been forced to litigate against repeated, duplicative filings. This mistake by the Liquidating Trustee in estimating professional fees constitutes grounds under F.R.C.P. 60(b)(1) to amend the Distribution Order.

"[T]he determination of what constitutes excusable neglect is an equitable one, taking into account the totality of the circumstances surrounding a party's omission." *Safari Programs, Inc. v. Collect A Int'l Ltd.*, 686 Fed. Appx. 737, 743 (11th Cir. 2017). "In evaluating the totality of the circumstances, courts look to four factors: 'the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Mims v. Hampton (In re Mims)*, 2023 WL 4111473, 2023 Bankr. LEXIS 1604, *9 (Bankr. N.D. Ga. June 21, 2023) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993)).

The Liquidating Trustee has made this motion timely and without any undue delay. Indeed, except for the deadline imposed in F.R.C.P. 60(c)(1), this motion would be early. The result in granting this motion would be a reduction in distributions to beneficiaries of the Galardi Creditor Trust. It is unfortunate that the frivolous litigation of Gabbe and Kosachuk have driven up the cost of administering the Galardi Creditor Trust. Nonetheless, the Liquidating Trustee respectfully submits that paying actually incurred professional fees in administering the trust is not prejudice to any party. The reason for any delay in filing this motion is that the Gabbe Appeal has not be yet resolved such that the Liquidating Trustee can make final distributions and winddown the Galardi Creditor Trust. Thus, the Liquidating Trustee submits that the cause for this delay is not within his control.

Alternatively, the Liquidating Trustee moves for relief under FRCP 60(b)(6), which permits the Court to grant relief from a judgment or order for "any other reason that justifies relief." Such relief "is available only when Rules 60(b)(1) through (b)(5) are inapplicable." *BLOM Bank SAL v. Honickman*, 221 L.Ed.2d 850, 859 (U.S. 2025). To utilize Rule 60(b)(6), a movant must show "an extraordinary situation which cannot fairly or logically be classified as mere 'neglect' on his part, such that Rule 60(b)(6), rather than Rule 60(b)(1), would apply. *Mims,* 2023 Bankr. LEXIS 1604, *9, n. 2 (Bankr. N.D. Ga. June 21, 2023) (*citing Klapprott v. United States*, 335 U.S. 601, 613, 69 S. Ct. 384, 389, 93 L. Ed. 266 (1949)).

This case has been an extraordinary case. This is the only case that the Liquidating Trustee is aware of where the docket entries after confirmation are significantly more than the docket entries before confirmation. This is the only case that Liquidating Trsutee has been involved in where an appeal was taken by a party who waived her rights in this case shortly before filing an appeal. In addition, Gabbe made a prior agreement not to file anything that affects the Liquidating

Trustee's distribution. Further, this case should not have had much activity while the appeal of the Distribution Order was pending. Instead, the Liquidating Trustee has been forced to attend at least ten hearings in this case after the Distribution Order was entered. The Trustee has needed to respond to numerous duplicative and frivolous filings by parties who do not have claims in this case.

The Liquidating Trustee made a good faith estimate as to the remaining legal fees in the Distribution Motion. However, due to the still-pending appeal by Astrid Gabbe, the Liquidating Trustee has been unable to make a final distribution and close the Galardi Creditor Trust. During the year since the Distribution Order was entered, the Liquidating Trustee has been subject to repeated lawsuits and motions by parties who have no standing. Yet the Liquidating Trustee must defend against these actions. The Liquidating Trustee and his professionals should not be forced to bear these costs.

## IV.  CONCLUSION

The Liquidating Trustee respectfully requests that the Court amend the Distribution Order to allow the Liquidating Trustee and his professionals to recover their fees in an amount to be approved by the Court prior to making a final distribution and close the Galardi Creditor Trust.

Respectfully submitted this 1st day of July, 2025.

**JONES & WALDEN LLC**

*/s/ Thomas T. McClendon*
Thomas T. McClendon
Georgia Bar No. 431452
699 Piedmont Avenue, NE
Atlanta, Georgia 30308
(404) 564-9300
tmcclendon@joneswalden.com
Liquidating Trustee

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| IN RE:<br><br>TERI G. GALARDI,<br><br>Debtor. | CHAPTER 11<br><br>CASE NO. 22-50035-AEC |

## CERTIFICATE OF SERVICE

This is to certify that I have on this day electronically filed the foregoing *Motion to Amend Order (A) Approving Third and Final Distributions to Beneficiaries of the Galardi Creditor Trust, (B) Authorizing Liquidating Trustee to Pay Remaining Liabilities, (C) Authorize Winding Down of Liquidating Trust and (D) Releasing Liquidating Trust Parties and Granting of Injunctive Relief* (the "Motion") using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of and an accompanying link to the Motion to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing Program:

- **Michael Akemon**   mutepe.akemon@richardslegal.com
- **Mitchell D Benjamin**   benjamin@dcbflegal.com, jessicasorrenti@dcbflegal.com; calendar@dcbflegal.com
- **Charles Bridgers**   charlesbridgers@dcbflegal.com, jessicasorrenti@dcbflegal.com; calendar@dcbflegal.com
- **Charles M Dalziel**   chuck@dalziellawfirm.com
- **Ainsworth G Dudley**   adudleylaw@gmail.com
- **Evan Owens Durkovic**   ecfgamb@aldridgepite.com, edurkovic@ecf.courtdrive.com
- **Robert G. Fenimore**   robert.g.fenimore@usdoj.gov, Ustp.region21.mc.ecf@usdoj.gov
- **Astrid E. Gabbe**   astridgabbe@gmail.com, 1109385420@filings.docketbird.com
- **Will Bussell Geer**   wgeer@rlkglaw.com, willgeer@ecf.courtdrive.com; 2836@notices.nextchapterbk.com;6717577420@filings.docketbird.com;emiller@rlkglaw.com;lmassey@rlkglaw.com;dsideris@rlkglaw.com
- **Whitney Warnke Groff**   whitney.groff@cobbcounty.org
- **Brian K. Jordan**   bkecfinbox@aldridgepite.com, bjordan@ecf.courtdrive.com
- **Christina T. Lanier**   christina.t.lanier@usdoj.gov, southern.taxcivil@usdoj.gov
- **Jonathan Loegel**   jonathan@loegel.com
- **Roy E. Manoll**   kdd@fbglaw.com
- **Louis G. McBryan**   lmcbryan@mcbryanlaw.com, alepage@mcbryanlaw.com
- **Garrett A. Nail**   gnail@pgnlaw.com
- **Jason M. Orenstein**   jmopclaw@yahoo.com
- **James D. Silver**   jsilver@nasonyeager.com, raldama@nasonyeager.com; HWebb@nasonyeager.com
- **Christopher W. Terry**   chris@boyerterry.com, terrycr40028@notify.bestcase.com
- **U.S. Trustee - MAC**   Ustp.region21.mc.ecf@usdoj.gov

16

This 1st day of July, 2025.

                                                **JONES & WALDEN LLC**

/s/ *Thomas T. McClendon*
Thomas T. McClendon
Georgia Bar No. 431452
699 Piedmont Ave. NE
Atlanta, Georgia 30308
(404) 564-9300
tmcclendon@joneswalden.com
*Liquidating Trustee*