**SO ORDERED.**

**SIGNED this 14 day of August, 2025.**



_____
**Austin E. Carter**
**Chief United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Teri G. Galardi, | ) | Case No. 22-50035-AEC |
| | ) | |
| Debtor. | ) | Chapter 11 |
| | ) | |
| Thomas T. McClendon, as | ) | |
| Liquidating Trustee of the Galardi | ) | |
| Creditors Trust, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Contested Matter |
| | ) | |
| Astrid E. Gabbe, Esq. and | ) | |
| The Law Office of Astrid | ) | |
| E. Gabbe, P.A., | ) | |
| | ) | |
| Respondents. | ) | |

### ORDER REGARDING COURT'S INTENT TO
### TAKE JUDICIAL NOTICE OF INFORMATION
### <u>AVAILABLE ON THE FLORIDA BAR WEBSITE</u>

The Court has determined that The Florida Bar website is reporting that

Respondent to this contested matter (Doc. 1026), Astrid E. Gabbe, is deceased. This

information is located at: https://www.floridabar.org/directories/find-mbr/profile/?num=635383 (last accessed August 14, 2025).

Federal Rule of Evidence 201 permits a court to take judicial notice of facts that are not subject to reasonable dispute, including facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.  A court may take judicial notice on its own and at any stage of the proceeding.  A party has the right to be heard on the propriety of taking judicial notice and the nature of the fact(s) to be noticed.  "If the court takes judicial notice before notifying a party, the party, on request, is still entitled to be heard." Fed. R. Evid. 201(e). Accordingly, the Court hereby indicates its intent to take judicial notice of the information available on The Florida Bar website.

The Court believes that the information maintained by The Florida Bar on its website falls within the type of information that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *see Glass v. City of Glencoe,* No. 4:17-CV-0026-JEO, 2017 U.S. Dist. LEXIS 60281, at *26, n. 14 (N.D. Ala. Apr. 20, 2017) (taking judicial notice of attorney information based on Alabama State Bar website); *Collins-Williams v. Contour Eastwyck LLC*, No. 1:20-CV-3129-CAP, 2022 U.S. Dist. LEXIS 231275, at *21-22 (N.D. Ga. Dec. 15, 2022) (taking judicial notice of attorney information based on Georgia State Bar website); *see also Gordon v. Henry Cnty. Sch. Bd. of Educ.*, No. 1:22-CV-1517-CAP-CCB, 2023 U.S. Dist. LEXIS 228528, at *10 (N.D. Ga. Dec. 22, 2023) (using Georgia State Bar website to confirm counsel information).

Should a party in this contested matter wish to challenge the propriety of the Court taking judicial notice of any of the website information described above, the party must make a request in writing by **September 5, 2025**.  If (and only if) a timely written request is filed, the Court will hear further argument on **September 23, 2025** in the United States Bankruptcy Court, Courtroom B, 433 Cherry Street,

Macon, Georgia. Otherwise, the Court expects that the parties will move as is appropriate under Federal Rule of Civil Procedure 25(a), incorporated into this contested matter via Federal Rules of Bankruptcy Procedure 9014(c)(1) and 7025.

[END OF DOCUMENT]