**SO ORDERED.**

**SIGNED this 26 day of September, 2025.**



_____
**Austin E. Carter
Chief United States Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| IN RE:<br><br>TERI G. GALARDI,<br><br>Reorganized Debtor. | CHAPTER 11<br><br>CASE NO. 22-50035-AEC |
|---|---|

**ORDER AMENDING ORDER (A) APPROVING THIRD AND FINAL DISTRIBUTIONS TO BENEFICIARIES OF THE GALARDI CREDITOR TRUST, (B) AUTHORIZING LIQUIDATING TRUSTEE TO PAY REMAINING LIABILITIES, (C) AUTHORIZING WINDING DOWN OF LIQUIDATING TRUST AND (D) RELEASING LIQUIDATING TRUST PARTIES AND GRANTING OF INJUNCTIVE RELIEF**

On July 1, 2025, Thomas T. McClendon, as Liquidating Trustee of the Galardi Creditor Trust ("**Liquidating Trustee**")[1] filed his *Motion to Amend Order (A) Approving Third and Final Distributions to Beneficiaries of the Galardi Creditor Trust, (B) Authorizing Liquidating Trustee*

---

[1] Any defined terms not defined in this Order shall have the meaning ascribed to them in the Motion.

*to Pay Remaining Liabilities, (C) Authorizing Winding Down of Liquidating Trust and (D) Releasing Liquidating Trust Parties and Granting of Injunctive Relief* (Dkt. 1063) (the "**Motion to Amend**"). On August 27, 2025, the Trustee filed the *Supplement to the Motion to Amend Order (A) Approving Third and Final Distributions to Beneficiaries of the Galardi Creditor Trust, (B) Authorizing Liquidating Trustee to Pay Remaining Liabilities, (C) Authorizing Winding Down of Liquidating Trust and (D) Releasing Liquidating Trust Parties and Granting of Injunctive Relief* (Dkt. 1076) (the "**Supplement**" and collectively with the Motion to Amend, the "**Motion**"). A hearing on the Motion was scheduled for October 3, 2025, at 10:00 a.m. Pursuant to LBR 9007-1, (1) the Motion was served on all parties-in-interest and notice of the opportunity to object and for hearing was provided pursuant to the procedures in Local Rule 9007-1; (2) no objection to the Motion was filed prior to the objection deadline; (3) the Court has considered the Motion and all other matters of record, including the lack of objection thereto, and (4) based on the forgoing, no further notice or hearing is required. The Court finds that good cause exists to grant the relief requested in the Motion. Accordingly, it is hereby:

1. **ORDERED** that the *Order (A) Approving Third and Final Distributions to Beneficiaries of the Galardi Creditor Trust, (B) Authorizing Liquidating Trustee to Pay Remaining Liabilities, (C) Authorizing Winding Down of Liquidating Trust and (D) Releasing Liquidating Trust Parties and Granting of Injunctive Relief* (Dkt. 921) ("**Distribution Order**") should be amended.

2. It is further **ORDERED** that Paragraph 3 of the Distribution Order as originally stated shall be deleted and Paragraph 3 is now restated as follows:

> 3. **ORDERED** that the Motion, as modified by the Oral Modifications and in the Motion to Amend (Dkt. 1063) and the *Supplement to Motion to Amend Order (A) Approving Third and Final Distributions to Beneficiaries of the Galardi Creditor Trust, (B) Authorizing Liquidating Trustee to Pay*

*Remaining Liabilities, (C) Authorize Winding Down of Liquidating Trust and (D) Releasing Liquidating Trust Parties and Granting of Injunctive Relief* ("**Supplement**") (Dkt. 1076) is **GRANTED**, and the authority to make the distributions as set forth in the Supplement is **GRANTED**. The Liquidating Trustee is authorized to make the disbursements as set forth in the Supplement in **full and final satisfaction of such general unsecured claims against Teri G. Galardi, Ms. Galardi's bankruptcy estate in Case No. 22-50035, the Trustee and against the Galardi Creditor Trust.**

3. It is further **ORDERED** that Paragraph 7 of the Distribution Order as originally stated shall be deleted and Paragraph 7 is now restated as follows:

> 7. **ORDERED** that the Liquidating Trustee shall be authorized to pay to himself and his professionals all documented fees and expenses up to the amounts provided in the Supplement without further order of the Court.

4. It is further **ORDERED** that Paragraph 8 of the Distribution Order as originally stated shall be deleted and Paragraph 8 is now restated as follows:

> 8. **ORDERED** that the Court finds all expenses incurred and payments made by the Liquidating Trustee, including all transactions reflected in Exhibits A & B to the Motion (Dkt. 846) and Dkt. 845 (Notice of Bank Statements) and the transactions proposed and reflected in the Supplement (Dkt. 1076), are reasonable and necessary and appropriate based on the circumstances of this case.

5. It is further **ORDERED** that the Distribution Order, except as modified by this Order, shall remain in full force and effect.

6. It is further **ORDERED** that this is a final order within the meaning of Federal Rule of Bankruptcy Procedure 9002(5).

**[END OF ORDER]**

*Prepared and Presented by:*
**JONES & WALDEN LLC**
*/s/ Thomas T. McClendon*
Thomas T. McClendon
Georgia Bar No. 431452
Liquidating Trustee
699 Piedmont Avenue, NE
Atlanta, Georgia 30308
(404) 564-9300
tmcclendon@joneswalden.com

**Distribution List:**

Thomas T. McClendon, Jones & Walden LLC, 699 Piedmont Ave NE, Atlanta, Georgia 30308