FILED
U.S. Bankruptcy Court
OCT 14 2025
Middle District of Georgia

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

In re:

TERI GALARDI,         Case No. 22-50035-JPS

Chapter 11

Debtor.

_____/

### CREDITOR LONG'S RULE 9023 MOTION TO VACATE ORDER ENTERED ON SEPTEMBER 26, 2025 AS VOID UNDER FED. R. BANKR. P. 9023, 9024 AND FED. R. CIV. P. 60(b)(4) FOR LACK OF SERVICE AND DUE PROCESS VIOLATION

COMES NOW Jenisee Long, pro se, and pursuant to Federal Rule of Bankruptcy Procedure 9024 and Federal Rule of Civil Procedure 60(b)(4), respectfully moves this Honorable Court to vacate its Order entered on September 26, 2025, on the grounds that the motion (Dkt. 1063) leading to the Order was never served on Movant. On August 27, 2025 a supplement to the motion was filed and also not served on the Movant (Dkt. 1076). On August 27, 2025 an application for compensation was filed (Dkt. 1072, 1074, 1076) and not served on Movant. The Notice of Hearing (Dkt. 1075, 1077) was not served on Movant. The errors are a violation of Fed. R. Bankr. P. 7005, 9014(b), and the Due Process Clause of the Fifth Amendment.

-1-

## I. Background

In support of this motion, Movant shows the following:

The motion and supplements were never served upon Movant, See Exhibit "A". At the time the email was sent Movant was not aware Dkt. 1063 was filed otherwise would have included it in the request for documents. No response was received to the email.

Movant first learned of the Order on or about October 5, 2025 after the time to respond to the motions had passed.

## II. LEGAL STANDARD

A. Rule 9024 Incorporates Civil Rule 60(b). Fed. R. Bankr. P. 9024 provides that Fed. R. Civ. P. 60 applies in bankruptcy cases.. Under Rule 60(b)(4), relief must be granted when "the judgment is void." A judgment or order is void if entered in a manner inconsistent with due process of law. United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271 (2010).

### B. Due Process and Notice

Due process requires notice and an opportunity to be heard. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). The Eleventh Circuit consistently holds that lack of proper notice deprives a party of due process, rendering any resulting judgment or order void under Rule 60(b)(4). See: In re Worldwide Web Systems, Inc., 328 F.3d 1291, 1299 (11th Cir. 2003). An order entered without notice or opportunity to be heard violates due process and is void. In re Optical Technologies, Inc., 425 F.3d 1294, 1307 (11th Cir. 2005) – Due process requires notice "reasonably calculated" to apprise parties of proceedings; lack thereof invalidates the judgment. S.E.C. v. Elliott, 953 F.2d 1560, 1566–67 (11th Cir. 1992) – Rule 60(b)(4) relief is mandatory when a judgment is void due to lack of notice. Vega v. McKay, 351 F.3d 1334, 1337 (11th Cir. 2003) – An order entered without notice to a party is void and must be set aside.

### III. ARGUMENT

1. The Motion Was Never Served as Required by the Bankruptcy Rules

Fed. R. Bankr. P. 9014(b) requires that "the motion shall be served in the manner provided for service of a summons and complaint by Rule 7004." Because Movant was not served under Rule 7004 or Rule 7005, Movant had no notice or opportunity to respond.

### 2. The Lack of Notice Violated Due Process

Entry of an order without proper notice and service constitutes a denial of due process under the Fifth Amendment and controlling Eleventh Circuit precedent. See Worldwide Web Systems, 328 F.3d at 1299.

### 3. The Order Is Void Under Rule 60(b)(4)

Because the order was entered without notice or service, it is void ab initio. A void order is a legal nullity and must be vacated. Elliott, 953 F.2d at 1566. Unlike other grounds under Rule 60(b), there is no time limitation for challenging a void judgment. Worldwide Web Systems, 328 F.3d at 1299.

### IV. CONCLUSION

For the foregoing reasons, the Order entered on September 26, 2025 must be vacated as void for lack of service and violation of due process.

WHEREFORE, Movant respectfully requests that this Court:
   a. Modify the Order to Allow Movant and any other creditor not served time to file a response; or
   b. Vacate the Order entered September 26, 2025;
   c. Restore the matter to the docket for proper notice and hearing; and
   d. Grant such other relief as is just and proper.

Respectfully submitted,

Dated: 10-10-2025

*Jenisee Long*
Jenisee Long
2107 Center Street,
Covington, KY 41014
Longjenisee26@gmail.com

## CERTIFICATE OF SERVICE

I certify that on October 10, 2025 I mailed the forgoing motion to the clerk of court that will efile the paper and give notice to all parties that have appeared in the case.

Date: 10-10-2025

*Jenisee Long*
Jenisee Long
Jenisee Long

 Gmail                              EXIHIBIT A

Fri, Oct 10, 2025 at 11:42 AM

---------- Forwarded message ---------
From: **jenisee long** <longjenisee26@gmail.com>
Date: Thu, Sep 18, 2025 at 11:38 AM
Subject:
To: Blake Dernus <bdernus@joneswalden.com>

Hi Blake I did not receive the following documents ecf 1072-1082 can you please send them because the Trustee called and said I was due another payment and so I want to see what he is asking the court to do, thank you

*[signature: Jenisee Long]*

