**IN THE UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| IN RE:<br><br>TERI G. GALARDI,<br><br>Debtor. | CHAPTER 11<br><br>CASE NO.  22-50035-AEC |

**RESPONSE IN OPPOSITION TO "CREDITOR LONG'S RULE 9023 MOTION TO VACATE ORDER ENTERED ON SEPTEMBER 26, 2025 AS VOID UNDER FED. R. BANKR. P. 9023, 9024, AND FED R. CIV. P. 60(b)(4) FOR LACK OF SERVICE AND DUE PROCESS VIOLATION"**

Thomas T. McClendon, as Liquidating Trustee of the Galardi Creditors Trust (the "**Liquidating Trustee**"), files this Response in Opposition to *Creditor Long's Rule 9023 Motion to Vacate Order Entered on September 26, 2025 as Void under Fed. R. Bankr. P. 9023, 9024, and Fed R. Civ. P. 60(b)(4) for Lack of Service and Due Process Violation* (Dkt. 1092) (the "**Motion**"). The Liquidating Trustee shows as follows:

1. On July 1, 2025, the Liquidating Trustee filed a *Motion to Amend Order (A) Approving Third and Final Distributions to Beneficiaries of the Galardi Creditor Trust (B) Authorizing Liquidating Trustee to Pay Remaining Liabilities, (C) Authorize Winding Down of Liquidating Trust, and (D) Releasing Liquidating Trust Parties and Granting of Injunctive Relief* (Dkt. 1063) (the "**Motion to Amend**").

2. On August 27, 2025, the Liquidating Trustee filed the following pleadings:

   i. *Third & Final Application for Compensation of the Liquidating Trustee of the Galardi Creditors Trust* (**Dkt. 1072**);
   ii. *Notice of Third & Final Application for Compensation of the Liquidating Trustee of the Galardi Creditors Trust, Deadline to Object, and for Hearing* (**Dkt. 1073**);
   iii. *Third & Final Application for Compensation of the Attorneys Representing the Liquidating Trustee of the Galardi Creditors Trust* (**Dkt. 1074**); and

    iv.    *Notice of Third & Final Application for Compensation of the Attorneys Representing the Liquidating Trustee of the Galardi Creditors Trust, Deadline to Object, and for Hearing* (**Dkt. 1075**);

    v.    *Supplement to Motion to Amend Order (A) Approving Third and Final Distributions to Beneficiaries of the Galardi Creditor Trust, (B) Authorizing Liquidating Trustee to Pay Remaining Liabilities, (C) Authorize Winding Down of Liquidating Trust and (D) Releasing Liquidating Trust Parties and Granting of Injunctive Relief* (**Dkt. 1076**); and

    vi.    *Notice of Motion to Amend Order, Deadline to Object, and for Hearing* (**Dkt. 1077**) (collectively with the Motion to Amend, the "**Pleadings**").

3. Also on August 27, 2025, the Liquidating Trustee filed a Certificate of Service indicating service of the Pleadings. Found at page 5 of that Certificate is the following:

> *Via U.S. First Class Mail:*
> Jenisee Long
> 2107 A Center St.
> Covington, KY 41014

Dkt. 1078 at 5.

4. That same day, the Liquidating Trustee filed an Amended Exhibit B to the Supplement (Dkt. 1079).

5. The same day, the Liquidating Trustee filed another Certificate of Service of the Amended Exhibit B. Found at page 5 of that Certificate is the following:

> *Via U.S. First Class Mail:*
> Jenisee Long
> 2107 A Center St.
> Covington, KY 41014

6. This address is the same as the one listed on Ms. Long's W-9 previously submitted to the Liquidating Trustee. A redacted version of that W-9 is attached hereto as **Exhibit "A"**.

7. This address is also almost identical to the one listed on Ms. Long's proof of claim 115 filed in this case: 2107 Center St. Covington, KY 41014. The only difference is the "A" after the number. That proof of claim is attached hereto as **Exhibit "B"**.

2

8. Pursuant to the Notice, the deadline to file an objection if served by mail was September 22, 2025 (the following business day after three days following September 17, 2025).

9. The Motion was filed after the Order approving the amended distributions was final. On October 14, 2025, when the Motion was filed, the Liquidating Trustee was in the middle of signing checks and sending out letters regarding the approved distributions.

*Citations of Law and Argument*

10. Due process requires notice 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" and "does not require actual notice." *United Students Aid Fund, Inc. v. Espinosa*, 556 U.S. 260, 272 (2010) (quoting in part *Jones v Flowers*, 547 U.S. 220, 225 (2006)).[1]

11. Ms. Long complains that the pleadings were not served on her in a manner compliant with Fed. R. Bankr. P. 7004 and 7005. That is simply incorrect. Fed. R. Bankr. P. 7004(b)(1) permits service by mailing by first-class mail, postage prepaid, "to the individual's dwelling or usual place of abode or where the individual regularly conducts a business or profession." Fed. R. Bankr. P. 7005(b) provides for service of a pleading by "mailing it to the person's last known address—in which event service is complete upon mailing." Fed. R. Bankr. P. 7005(b)(2)(C). "Pursuant to Rule 7004, service is complete upon deposit in the U.S. mail with proper postage affixed thereto." *In re Glover*, 2014 WL 688095, 2014 Bankr. LEXIS 657 at *15-16 (Bankr. S.D. Ga. Feb. 19, 2024).

12. The Liquidating Trustee mailed the motion to amend to the address listed by Ms.

---

[1] Although Ms. Long asserts that the Order approving the Motion to Amend should be vacated in its entirety, Rule 60(b) only allows the relief of a party or its representative from an order, not, vacating the order entirely. Fed. R. Civ. P. 60(b) ("the court may relieve a party or its legal representative from a final judgment, order, or proceeding").

3

Long in her proof of claim filed in this case. Further, this is the same address that Ms. Long listed in her W-9 submitted to the Liquidating Trustee. The Liquidating Trustee properly filed a certificate of service to that effect. *See* Dkt. 1078. This satisfied Fed. R. Bankr. P. 7004. The Liquidating Trustee also served Ms. Long with the other pleadings by first class mail. This satisfied Fed. R. Bankr. P. 7005.

13. "Mailing a notice by first class mail to a party's last known address is sufficient to satisfy due process." *In re DeVore*, 223 B.R. 193 (BAP 9th Cir. 1998). "The common law has long recognized a rebuttable presumption that an item properly mailed as received by the addressee. The 'presumption of receipt' arises upon proof that the item was properly addressed, had sufficient postage, and was deposited in the mail." *In re Farris*, 365 Fed. App. 198, 200 (11th Cir. 2010).

14. "The presumption of receipt may be rebutted by producing evidence which would support a finding of the non-existence of the presumed fact." *Id.* However, "[m]ere denial of receipt is insufficient to rebut the presumption of receipt." *In re Prescott*, 285 B.R. 763 (Bankr. S.D. Ga. 2001).

15. Rather, "[t]he presumption may only be overcome by evidence that the mailing was not, in fact, accomplished. To determine if a mailing was accomplished the courts may consider whether the notice was correctly addressed, whether proper postage was affixed, whether it was properly mailed, and whether a proper certificate of service is filed." *Eagle Bus. Mfg. v. Rogers*, 62 F.3d 730, 735-736 (5th Cir. 1995).

16. The certificate of service filed including the correct address for Ms. Long based on the Court's records and the information available to the Liquidating Trustee. It affirmed that first-class mail, postage pre-paid was mailed to Ms. Long on August 27, 2025.

17. To the extent Ms. Long claims that that Covington, Kentucky address is no longer

4

her address, her claims would still fail. Ms. Long has never submitted a change of address to this Court. "The creditor is responsible for notifying the debtor, trustee, or the court of any changes in her mailing address to guarantee that she be given reasonable notice." *Eagle Bus Mfg. v. Rogers*, 62 F.3d 730, 736 (5th Cir. 1995). If the creditor fails to provide a current address, the creditor cannot later argue that her due process rights were violated. *Id.* at 736.

18.    Finally, Ms. Long does not identify any actual objection to the Motion to Amend. This is further grounds for denial of the motion. *See Bagwell v. Bank of Am., N.A.*, 741 Fed. App. 755, 760 (11th Cir. 2018) (affirming the bankruptcy court's denial of a similar motion to vacate order by a pro se debtor based on a asserted failure to serve pleadings when "even if Debtor had not properly been served, he has not presented a meritorious defense to the motion for relief.").

WHEREFORE, the Liquidating Trustee respectfully requests that this Court deny the Motion with prejudice, and grant such other relief as may be just and proper.

Respectfully submitted this 15th day of October, 2025.

**JONES & WALDEN LLC**

*/s/ Thomas T. McClendon*
Thomas T. McClendon,
Georgia Bar No. 431452
699 Piedmont Avenue, NE,
Atlanta, Georgia 30308
(404) 564-9300
tmcclendon@joneswalden.com
Liquidating Trustee for the Galardi Creditor Trust

# Exhibit "A"



Form **W-9** (Rev. October 2018)
Department of the Treasury
Internal Revenue Service

**Request for Taxpayer Identification Number and Certification**

▶ Go to *www.irs.gov/FormW9* for instructions and the latest information.

Give Form to the requester. Do not send to the IRS.

1 Name (as shown on your income tax return). Name is required on this line; do not leave this line blank.
Jenisee Long

2 Business name/disregarded entity name, if different from above

3 Check appropriate box for federal tax classification of the person whose name is entered on line 1. Check only **one** of the following seven boxes.
☐ Individual/sole proprietor or single-member LLC   ☐ C Corporation   ☐ S Corporation   ☐ Partnership   ☐ Trust/estate
☐ Limited liability company. …
☐ Other (see instructions) ▶

4 Exemptions (codes apply only to certain entities, not individuals; see instructions on page 3):
Exempt payee code (if any) _____
Exemption from FATCA reporting code (if any) _____
(Applies to accounts maintained outside the U.S.)

5 Address (number, street, and apt. or suite no.) See instructions.
2107A Center Street

6 City, state, and ZIP code
Covington, KY 41014

7 List account number(s) here (optional)

Requester's name and address (optional)

**Part I  Taxpayer Identification Number (TIN)**

Social security number _____ – __ – _____
or
Employer identification number _____ – _____

**Part II  Certification**

Under penalties of perjury, I certify that:
1. The number shown on this form is my correct taxpayer identification number …
2. I am not subject to backup withholding …
3. I am a U.S. citizen or other U.S. person …
4. The FATCA code(s) …

**Sign Here**
Signature of U.S. person ▶ Jenisee Long
Date ▶ July 19, 2023

**General Instructions**

Section references are to the Internal Revenue Code unless otherwise noted.

**Future developments.** For the latest information about developments related to Form W-9 and its instructions, such as legislation enacted after they were published, go to *www.irs.gov/FormW9*.

**Purpose of Form**

An individual or entity (Form W-9 requester) who is required to file an information return with the IRS must obtain your correct taxpayer identification number (TIN) …
• Form 1099-INT (interest earned or paid)
• Form 1099-DIV (dividends, including those from stocks or mutual funds)
• Form 1099-MISC (various types of income, prizes, awards, or gross proceeds)
• Form 1099-B (stock or mutual fund sales and certain other transactions by brokers)
• Form 1099-S (proceeds from real estate transactions)
• Form 1099-K (merchant card and third party network transactions)
• Form 1098 (home mortgage interest), 1098-E (student loan interest), 1098-T (tuition)
• Form 1099-C (canceled debt)
• Form 1099-A (acquisition or abandonment of secured property)

Use Form W-9 only if you are a U.S. person (including a resident alien), to provide your correct TIN.

*If you do not return Form W-9 to the requester with a TIN, you might be subject to backup withholding. See What is backup withholding, later.*

Cat. No. 10231X

Form **W-9** (Rev. 10-2018)

# Exhibit "B"

**Fill in this information to identify the case:**

Debtor 1  Teri Galardi

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court  **Middle District of Georgia**

Case number:  **22–50035**

**FILED**
**U.S. Bankruptcy Court**
**Middle District of Georgia**
3/23/2022
**Kyle George, Clerk**

Official Form 410
# Proof of Claim

04/19

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

### Part 1: Identify the Claim

1. **Who is the current creditor?**
   Jenisee Long
   Name of the current creditor (the person or entity to be paid for this claim)
   Other names the creditor used with the debtor _____

2. **Has this claim been acquired from someone else?**
   ☒ No
   ☐ Yes. From whom? _____

3. **Where should notices and payments to the creditor be sent?**
   Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

   **Where should notices to the creditor be sent?**
   Jenisee Long
   Name
   2107 Center Street
   Covington, KY 41014

   Contact phone  513–551–9825
   Contact email  longjenisee@gmail.com

   **Where should payments to the creditor be sent?** (if different)
   _____
   Name
   Contact phone _____
   Contact email _____

   Uniform claim identifier for electronic payments in chapter 13 (if you use one):
   _____

4. **Does this claim amend one already filed?**
   ☒ No
   ☐ Yes. Claim number on court claims registry (if known) _____  Filed on _____
   MM / DD / YYYY

5. **Do you know if anyone else has filed a proof of claim for this claim?**
   ☐ No
   ☒ Yes. Who made the earlier filing?  Astrid Gabbe claim #104 I fired her and she still filed the claim when she said she wouldn't

Official Form 410                                           Proof of Claim                                                  page 1

**Part 2:** Give Information About the Claim as of the Date the Case Was Filed

| | | |
|---|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ | |
| 7. **How much is the claim?** | $ 383832.96 | **Does this amount include interest or other charges?**<br>☐ No<br>☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as healthcare information.<br><br>did not pay minimum wages at KOD and liquidated damages– former attorney would not give me my documents | |
| 9. **Is all or part of the claim secured?** | ☑ No<br>☐ Yes. The claim is secured by a lien on property.<br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410–A) with this *Proof of Claim*.<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:** $ _____<br>**Amount of the claim that is secured:** $ _____<br>**Amount of the claim that is unsecured:** $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $ _____<br><br>**Annual Interest Rate** (when case was filed) _____ %<br>☐ Fixed<br>☐ Variable | |
| 10. **Is this claim based on a lease?** | ☑ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____ | |
| 11. **Is this claim subject to a right of setoff?** | ☑ No<br>☐ Yes. Identify the property: _____ | |

Official Form 410          Proof of Claim          page 2

Case 23-50035-JPS Claim 105 Filed 03/13/25 Entered 03/13/25 12:56:17 Desc Main Document Page 10 of 11

| 12. | Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☒ No<br>☐ Yes. *Check all that apply:* | **Amount entitled to priority** |
|---|---|---|---|
| | A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ |
| | | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ |
| | | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ |
| | | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ |
| | | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ |
| | | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies | $ |
| | | * Amounts are subject to adjustment on 4/1/22 and every 3 years after that for cases begun on or after the date of adjustment. | |

### Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.**

Check the appropriate box:

☒ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date 3/23/2022
MM / DD / YYYY

/s/ Jenisee Long
Signature

Print the name of the person who is completing and signing this claim:

Name: Jenisee Long
    First name   Middle name   Last name

Title:

Company:
Identify the corporate servicer as the company if the authorized agent is a servicer

Address:
Number  Street
,
City  State  ZIP Code

Contact phone                    Email

Official Form 410    Proof of Claim    page 3