**SO ORDERED.**

**SIGNED this 3 day of November, 2025.**



_____
**Austin E. Carter**
**Chief United States Bankruptcy Judge**

## IN THE UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| **IN RE:** | **CHAPTER 11** |
| **TERI G. GALARDI,** | **CASE NO.  22-50035-AEC** |
| **Reorganized Debtor.** | |

### AMENDED ORDER DENYING MOTION TO VACATE ORDER

This matter is before the Court on *Creditor Long's Rule 9023 Motion to Vacate Order Entered on September 26, 2025 as Void Under Fed. R. Bankr. P. 9023, 9024 and Fed. R. Civ. P. 60(b)(4) for Lack of Service and Due Process Violation* (Dkt. 1092) (the "**Motion**") filed by Jenisee Long ("**Long**") on October 14, 2025. On October 15, 2025, Thomas T. McClendon, as Liquidating Trustee of the Galardi Creditor Trust ("**Liquidating Trustee**") filed a *Response in Opposition to "Creditor Long's Rule 9023 Motion to Vacate Order Entered on September 26, 2025 as Void Under Fed. R. Bankr. P. 9023, 9024, and Fed R. Civ. P. 60(b)(4) for Lack of Service*

*and Due Process Violation"* (Dkt. 1093) (the "**Response**") and a *Motion for Expedited Hearing and to Shorten Notice on Motion to Vacate Order Entered on September 26, 2025 as Void Under Fed. R. Bankr. P. 9023, 9024, and Fed R. Civ. P. 60(B)(4) for Lack of Service and Due Process Violation* (Dkt. 1094) (the "**Motion for Expedited Hearing**"). On October 16, 2025, the Court entered its *Order and Notice of Hearing* (Dkt. 1095) scheduling an in-person hearing on October 30, 2025 and denying the Liquidating Trustee's Motion for Expedited Hearing.

The Court held a hearing on the Motion and Response on October 30, 2025 at 10:00 a.m. (the "**Hearing**"), at which the Liquidating Trustee appeared. Long did not appear at the Hearing. Upon consideration of the Motion, the Response, the pleadings and other matters in the record, and the arguments made and evidence given by the Liquidating Trustee at the Hearing and for the following reasons, the Court denies the Motion.

**I.     Jurisdiction**

1. This Court has jurisdiction to determine the Motion under 28 U.S.C. §§ 157 and 1334. This is a core matter. *See* 28 U.S.C. § 157(b). On October 29, 2025, the day before the hearing, Long filed a *Notice of Appeal* (Dkt. 1101) and *Motion for Leave to Appeal Interlocutory Order* (Dkt. 1102), seeking leave to appeal Docket Number 1095, the order setting the October 30, 2025 hearing. This Court is not divested of jurisdiction by the filing of a motion for leave to file an interlocutory appeal.[1] *See In re Heritage Hotel Assocs., LLC*, 2021 Bankr. LEXIS 1730, *12, fn. 60 (Bankr. M.D. Fla June 28, 2021); *United States Abatement Corp. v. Mobil Exploration & Producing U.S. (In re United States Abatement Corp.)*, 39 F.3d 563, 568 (5th Cir. 1994).

---

[1] Additionally, Long failed to file any motion to request a continuance of the Hearing. By filing a motion for leave to file an interlocutory appeal of the order setting the hearing dated October 28, 2025, Long acknowledges notice of such order prior to the October 30, 2025 hearing.

**II.     Findings of Fact**

2. On March 23, 2022, Long filed Proof of Claim 115, listing an address of 2107 Center Street, Covington, KY 41014 as the address to which notice should be sent. No change of address has been filed on the docket in this case for such proof of claim.

3. Based on the testimony by the Liquidating Trustee at the Hearing, Long submitted to the Liquidating Trustee a W-9 which listed almost exactly the same address as in her proof of claim.[2]

4. On July 1, 2025, the Liquidating Trustee filed a *Motion to Amend Order (A) Approving Third and Final Distributions to Beneficiaries of the Galardi Creditor Trust (B) Authorizing Liquidating Trustee to Pay Remaining Liabilities, (C) Authorize Winding Down of Liquidating Trust, and (D) Releasing Liquidating Trust Parties and Granting of Injunctive Relief* (Dkt. 1063) (the "**Motion to Amend**").

5. On August 27, 2025, the Liquidating Trustee filed the *Supplement to Motion to Amend Order (A) Approving Third and Final Distributions to Beneficiaries of the Galardi Creditor Trust, (B) Authorizing Liquidating Trustee to Pay Remaining Liabilities, (C) Authorize Winding Down of Liquidating Trust and (D) Releasing Liquidating Trust Parties and Granting of Injunctive Relief* (**Dkt. 1076**); and *Notice of Motion to Amend Order, Deadline to Object, and for Hearing* (**Dkt. 1077**) (collectively with the Motion to Amend, the "**Pleadings**").

6. Based on the testimony by the Liquidating Trustee at the Hearing, on August 27, 2025, the Liquidating Trustee caused the Pleadings to be served by first class mail postage prepaid

---

[2] The address in the W-9 was 2107A Center Street, Covington, KY 41014, while the address listed in the proof of claim was 2107 Center Street, Covington, KY 41014.

to the address listed in a W-9 provided by Long to the Liquidating Trustee in this case and filed a certificate of service evidencing the same (Dkt. 1078).

7.     Based on the testimony by the Liquidating Trustee at the Hearing, on August 27, 2025, the Liquidating Trustee caused an Amended Exhibit B to the Supplement (Dkt. 1079) to be served by first class mail postage prepaid to the address listed in the W-9 provided to Long by the Liquidating Trustee in this case and filed a certificate of service evidencing the same (Dkt. 1080).

8.     The envelope containing the Motion itself (*see* Dkt. 1092) evidences that it was mailed by Federal Express from the address listed in the Liquidating Trustee's certificates of service: 2107A Center Street, Covington, KY 41014.

9.     The Court finds the service evidenced by the certificates of service found at Docket Numbers 1078 and 1080 is appropriate service reasonably calculated to reach Long. The Court further finds such service is sufficient to raise the presumption that the Pleadings were received by Long. Long did not appear at the Hearing and did not provide any evidence to rebut such presumption. Additionally, based on the facts above and the Liquidating Trustee's testimony, the Court finds that Long has actually received the Pleadings sent to that address.

**III.   Legal Analysis.**

Long asserts in the Motion that the Liquidating Trustee failed to serve her with the pleading and such failure constitutes a denial of due process. "Due process requires notice 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections'" and "does not require actual notice." *United Students Aid Fund, Inc. v. Espinosa*, 556 U.S. 260, 272 (2010) (quoting in part *Jones v Flowers*, 547 U.S. 220, 225 (2006)).

The Liquidating Trustee's service of the Pleadings on Ms. Long complies with Federal Rules of Bankruptcy Procedure 7004 and 7005. Federal Rule of Bankruptcy Procedure 7004(b)(1) permits service by mailing by first-class mail, postage prepaid, "to the individual's dwelling or usual place of abode or where the individual regularly conducts a business or profession." Fed. R. Bankr. P. 7005(b) provides for service of a pleading by "mailing it to the person's last known address—in which event service is complete upon mailing." Fed. R. Bankr. P. 7005(b)(2)(C). "Pursuant to Rule 7004, service is complete upon deposit in the U.S. mail with proper postage affixed thereto." *In re Glover*, 2014 WL 688095, 2014 Bankr. LEXIS 657 at *15-16 (Bankr. S.D. Ga. Feb. 19, 2024). Because the Liquidating Trustee's service of the Pleadings complies with the applicable rules, Long's allegations are without merit. *See Bagwell v. Bank of Am., N.A.*, 741 Fed. App'x 755, 759 (11th Cir. 2018).

Further, Long does not identify any actual objection to the Motion to Amend. This is further grounds for denial of the motion. *See Bagwell v. Bank of Am., N.A.*, 741 Fed. App'x 755, 760 (11th Cir. 2018) (affirming the bankruptcy court's denial of a similar motion to vacate order by a pro se debtor based on an asserted failure to serve pleadings when "even if Debtor had not properly been served, he has not presented a meritorious defense to the motion for relief.").

For the foregoing reasons, the Motion is DENIED.

**[END OF ORDER]**

*Prepared and Presented by:*
**JONES & WALDEN LLC**
*/s/ Thomas T. McClendon*
Thomas T. McClendon
Georgia Bar No. 431452
Liquidating Trustee
699 Piedmont Avenue, NE
Atlanta, Georgia 30308
(404) 564-9300
tmcclendon@joneswalden.com

**Distribution List:**

Thomas T. McClendon, Jones & Walden LLC, 699 Piedmont Ave NE, Atlanta, Georgia 30308

Jenisee Long, 2107A Center St., Covington, KY 41014